IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| 2K GAMES, INC., a Delaware corporation, | ) | |
| and | ) | |
| TAKE-TWO INTERACTIVE SOFTWARE, | ) | |
| INC., a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## <u>COMPLAINT</u>

JAMES HAYDEN ("HAYDEN"), by and through undersigned counsel, for his Complaint against Defendants, 2K GAMES, INC, ("2K"), and TAKE-TWO INTERACTIVE SOFTWARE, INC, ("TAKE-TWO"), states as follows:

### <u>NATURE OF ACTION, JURISDICTION, AND VENUE</u>

1.       This is a civil action for copyright infringement pursuant to 17 U.S.C. § 501 *et seq*., violation of the Visual Artists Rights Act pursuant to 17 U.S.C. § 106A *et seq*., and unjust enrichment under the Ohio common law.

2.       This case is about the unauthorized use of HAYDEN's copyrighted tattoos in Defendants' highly successful video games, known as NBA 2K16, NBA 2K17, and newly released NBA 2K18 (herein the "Infringing Games"), and Defendants' resulting ongoing willful violation of HAYDEN's rights and unjust enrichment.

3.     HAYDEN seeks preliminary and permanent injunctive relief and appropriate damages from the Court.

4.     This Action is proper under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act").

5.     The Court has original subject matter jurisdiction over HAYDEN's Copyright and Visual Artists Rights Act claims pursuant to 17 U.S.C. §§ 101 *et seq.* and 28 U.S.C. §§ 1331 and 1338.

6.     The Court has supplemental subject matter jurisdiction over the pendent state law claim under 28 U.S.C. § 1367, because this claim is so related to HAYDEN's claims under federal law that it forms a part of the same case or controversy and derives from a common nucleus of operative facts.

7.     The Court has personal jurisdiction over Defendants under O.R.C. § 2307.382.

8.     Upon information belief, each of the Defendants has transacted business in this state.

9.     Further, each of Defendants have acted in concert to develop, promote, distribute and market the Infringing Games, and to contract to supply the Infringing Games in this State.

10.    Each of the Infringing Games has been sold in this State.

11.    By infringing HAYDEN's copyrights and/or inducing others to infringe HAYDEN's copyrights, each of the Defendants has caused injury in this state.

12.    By unjustly receiving the benefits of HAYDEN's copyrights at the expense of HAYDEN, Defendants have caused injury in this state.

13.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2), as a substantial part of the events that gave rise to this Complaint occurred in this District.

14.     For example, HAYDEN created the tattoos in issue in Cleveland, Ohio.

15.     In the alternative, venue is also proper under 28 U.S.C. § 1391(b)(1) and 1391(c).

## PARTIES

16.     HAYDEN is the co-owner of FOCUSED TATTOOS, having an address at 12745 Cedar Road, Cleveland Heights, Ohio, 44118.

17.     Upon information and belief, Defendant, 2K is a Delaware corporation with a principal address at 10 Hamilton Landing, Novato, CA 94949. According to public records, the registered office address is 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

18.     Upon information and belief, Defendant, TAKE-TWO is a Delaware corporation with a principal address at 622 Broadway, New York, NY 10012. According to public records, the registered office address is 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

19.     Upon information and belief, TAKE-TWO is a major developer, publisher and marketer of interactive entertainment and video games around the globe, including the Infringing Games.

20.     Upon information and belief, 2K sells and ships video games around the globe, including the Infringing Games.

21.     Upon information and belief, each of the named Defendants has a direct financial interest in the creation and sale of the Infringing Games.

22.     Upon information and belief, each of the named Defendants is connected with the matters alleged herein and is liable to HAYDEN.

23.     Upon information and belief, each Defendant was the agent, servant, employee, partner and/or joint venturer of each of the other Defendants; the acts of each Defendant were within the scope of such agency, service, employment, partnership or joint venture; in committing

the acts and omissions alleged herein, each Defendant acted with knowledge, permission and/or consent of every other Defendant; and each Defendant aided, abetted, and/or conspired with the other Defendants in the acts and omissions alleged herein.

## FACTUAL ALLEGATIONS

24.     HAYDEN is an established visual artist and lifelong resident living in this District.

25.     Among HAYDEN's artistic creations are original tattoos for the most recognized basketball players in the world.  HAYDEN'S clients include superstars such as LeBron James, Shaquille O'Neal, Kyrie Irving, Danny Green, Dion Waiters, Mo Williams and Tristan Thompson.

26.     HAYDEN'S tattoos are original and expressive.

27.     HAYDEN'S tattoos are reduced to a tangible medium.

28.      HAYDEN is recognized as one of the world's most talented tattoo artists.

29.     For example, among tattoo artists spanning all areas of the globe, the publication "Complex" named HAYDEN as one of "50 Tattoo Artists You Need to Know." *See* **Exhibit A**, 1/05/15 Article.

30.     In addition, HAYDEN has been commissioned to create art by some of the most successful companies in the world.  For example, Nike, Inc. commission HAYDEN to create the limited edition Artist Series Nike Air Max LeBron VII sneakers, and since then, has repeatedly recognized and sought out HAYDEN's artistic talent.  *See* **Exhibit B**, 8/22/09 Article.

### HAYDEN's Original Designs

31.     LeBron James is a star player for the Cleveland Cavaliers and one of the most popular NBA players of all time.

32.      Mr. James has several tattoos.

33.     Over approximately the past decade, HAYDEN has created many tattoos for LeBron James.

34.     Danny Green is a player for the San Antonio Spurs and a former player for the Cleveland Cavaliers.

35.     Mr. Green also has several tattoos.

36.     Over approximately the past decade, HAYDEN has created various tattoos for Mr. Green.

37.     Tristan Thompson is a player for the Cleveland Cavaliers.

38.     Mr. Thompson also has several tattoos.

39.     Over approximately the past decade, HAYDEN has created various tattoos for Mr. Thompson.

40.     Kyrie Irving is a player for the Boston Celtics and a former player for the Cleveland Cavaliers.

41.     Mr. Irving also has several tattoos.

42.     Over approximately the past decade, HAYDEN has created various tattoos for Mr. Irving.

<u>Gloria</u>

43.     For example, in 2007, HAYDEN created the design below (herein the "Gloria Design") which appears on Mr. James' right shoulder:



44.     HAYDEN is the author of the Gloria Design.

45.     The Gloria Design is an original work of authorship by HAYDEN.

46.     The Gloria Design is expressive.

47.     The copyright in the Gloria Design is registered, having the Registration Number

VAu 1-263-888.

48.     HAYDEN has not transferred the copyright to the Gloria Design.

49.     HAYDEN owns a valid and enforceable copyright in the Gloria Design.

<u>Lion</u>

50.     In addition, HAYDEN created the following design that appears on Mr. James'

chest (herein the "Lion Design"):



51.    HAYDEN is the author of the Lion Design.

52.    The Lion Design is an original work of authorship by HAYDEN.

53.    The Lion Design is expressive.

54.    The copyright in the Lion Design is registered, having the Registration Number

VAu 1-271-044.

55.    HAYDEN has not transferred the copyright to the Lion Design.

56.    HAYDEN owns a valid and enforceable copyright in the Lion Design.

<u>Shoulder Stars</u>

57.    In addition, HAYDEN created the following design on the shoulder of Mr. James

(herein the "Shoulder Stars Design"):



58.    HAYDEN is the author of the Shoulder Stars Design.

59.    The Shoulder Stars Design is an original work of authorship by HAYDEN.

60.    The Shoulder Stars Design is expressive.

61. The copyright in the Shoulder Stars Design is registered, having the Registration Number VAu 1-270-802.

62. HAYDEN has not transferred the copyright to the Shoulder Stars Design.

63. HAYDEN owns a valid and enforceable copyright in the Shoulder Stars Design.

<u>Fire</u>

64. In addition, HAYDEN created the following design on Mr. Green (herein the "Fire Design"):



65. HAYDEN is the author of the Fire Design.

66. The Fire Design is an original work of authorship by HAYDEN.

67. The Fire Design is expressive.

68. The copyright in the Fire Design is registered, having the Registration Number VAu 1-287-552.

69. HAYDEN has not transferred the copyright to the Fire Design.

70. HAYDEN owns a valid and enforceable copyright in the Fire Design.

<u>Scroll</u>

71. In addition, HAYDEN created the following design on Mr. Green (herein the "Scroll Design"):



72.    HAYDEN is the author of the Scroll Design.

73.    The Scroll Design is an original work of authorship by HAYDEN.

74.    The Scroll Design is expressive.

75.    The copyright in the Scroll Design is registered, having the Registration Number

VAu 1-287-545.

76.    HAYDEN has not transferred the copyright to the Scroll Design.

77.    HAYDEN owns a valid and enforceable copyright in the Scroll Design.

Brother's Keeper

78.    In addition, HAYDEN created the following design on Mr. Thompson (herein the

"Brother's Keeper Design"):



79.    HAYDEN is the author of the Brother's Keeper Design.

80.     The Brother's Keeper Design is an original work of authorship by HAYDEN.

81.     The Brother's Keeper Design is expressive.

82.     The copyright in the Brother's Keeper Design is registered, having the Registration Number VAu 1-292-453.

83.     HAYDEN has not transferred the copyright to the Brother's Keeper Design.

84.     HAYDEN owns a valid and enforceable copyright in the Brother's Keeper Design.

## HAYDEN's Copyright Registrations

85.     HAYDEN has secured Registration No. VAu 1-263-888 for the Gloria Design, (herein the "'888 Registration").

86.     The '888 Registration has an Effective Date of Registration of September 6, 2016.

87.     The '888 registration certificate is attached hereto as **Exhibit C.**

88.     The '888 Registration is a valid registration.

89.     HAYDEN has secured Registration No. VAu 1-271-044 for the Lion Design, (herein the "'044 Registration").

90.     The '044 Registration has an Effective Date of Registration of September 6, 2016.

91.     The '044 registration certificate is attached hereto as **Exhibit D.**

92.     The '044 Registration is a valid registration.

93.     HAYDEN has secured Registration No. VAu 1-270-802 for the Shoulder Stars Design, (herein the "'802 Registration").

94.     The '802 Registration has an Effective Date of Registration of September 6, 2016.

95.     The '802 registration certificate is attached hereto as **Exhibit E.**

96.     The '802 Registration is a valid registration.

97.      HAYDEN has secured Registration No. VAu 1-287-552 for the Fire Design, (herein the "'552 Registration").

98.     The '552 Registration has an Effective Date of Registration of August 11, 2017.

99.      The '552 registration certificate is attached hereto as **Exhibit F.**

100.    The '552 Registration is a valid registration.

101.    HAYDEN has secured Registration No. VAu 1-287-545 for the Scroll Design, (herein the "'545 Registration").

102.    The '545 Registration has an Effective Date of Registration of August 11, 2017.

103.     The '545 registration certificate is attached hereto as **Exhibit G.**

104.    The '545 Registration is a valid registration.

105.    HAYDEN has secured Registration No. VAu 1-292-453 for the Brother's Keeper Design, (herein the "'453 Registration").

106.    The '453 Registration certificate is attached hereto as **Exhibit H**.

107.    The '453 Registration is a valid registration.

108.    The works discussed in paragraphs 43 through 107 are herein collectively referred to as the "Copyrighted Works:"

**Defendants Had Access To the Copyright Works and Knew HAYDEN Was the Author**

109.    Prior to the launch of the Infringing Games, Defendants had access to each of the Copyrighted Works.

110.    Prior to the launch of the Infringing Games, Defendants knew or should have known that the Copyrighted Works were original works of authorship.

111.    Prior to the launch of the Infringing Games, Defendants knew or should have known that, as original works of authorship, the Copyright Works were entitled to copyright protection.

112.    Prior to the launch of the Infringing Games, Defendants knew or should have known that HAYDEN owned the Copyrighted Works.

113.    Prior to the launch of the Infringing Games, Defendants did not seek or obtain permission from HAYDEN to use any of the Copyrighted Works in the Infringing Games.

## The Infringing Games

114.    On or around September 29, 2015, 2K released a basketball video game titled "NBA 2K16."

115.    Since September 29, 2015, NBA 2K16 has been available for sale throughout the United States, including throughout this District.

116.    LeBron James, Kyrie Irving, Danny Green, and Tristan Thompson are prominently featured in NBA 2K16.

117.    Upon information and belief, all or nearly all players of NBA 2K16 choose LeBron James to be on their team.

118.    The tattoos on LeBron James, Kyrie Irving, Danny Green, and Tristan Thompson that appear in NBA 2K16 are the same or substantially similar to the Copyrighted Works.

119.    Indeed, many of the tattoos featured in NBA 2K16 appear to be the result of a painstaking effort by Defendants to precisely copy HAYDEN's Copyrighted Work.

120.    On September 20, 2016, 2K released an edition of its basketball video game titled "NBA 2K17."

121.    Since September 20, 2016, NBA 2K17 has been available for sale throughout the United States, including throughout this District.

122.    Like the previous version, NBA 2K17 also prominently features LeBron James, Kyrie Irving, Danny Green, and Tristan Thompson.

123.    Like NBA 2K16, NBA 2K17 also includes painstaking reproductions of HAYDEN's Copyrighted Works.

124.    In addition, NBA 2K17 includes a customizable "MyPlayer" feature that includes over 3,000 customizable tattoos that can be moved, scaled, rotated, and placed on a MyPlayer player.

125.    On social media, 2K promoted the improved tattoo customization in NBA 2K16 as a major feature in the game.

126.    On September 19, 2017, 2K released its latest edition of its basketball video game titled "NBA 2K18."

127.    Since September 19, 2017, NBA 2K18 has been available for sale throughout the United States, including throughout this District.

128.    Like the previous versions, NBA 2K18 also prominently features LeBron James, Kyrie Irving, Danny Green, and Tristan Thompson.

129.    Like the previous versions, NBA 2K18 also includes clear, detailed, and unauthorized reproductions of HAYDEN's Copyrighted Works.

130.    Although Defendants knew or should have known that HAYDEN was the author and owner of each of the Copyrighted Works, Defendants never asked or obtained permission to use, reproduce, or create derivative works based on his Copyrighted Works in the Infringing Games.  Nor has HAYDEN ever been asked or agreed to the distribution of the Copyrighted Works

in the Infringing Games, or to the use of any of his other exclusive rights in the Copyrighted Works under the Copyright Act.

## Defendants' Widespread Copying

131. Defendants distribute the Infringing Games throughout the United States including in this District through several channels, including video games stores, and online retailers, such as Amazon.com.

132. When a customer purchases an Infringing Game, they receive a plastic case containing a plastic disc.

133. Each disc contains a copy of one or more computer programs containing the instructions for the video game console (e.g., an Xbox) to operate the game.

134. One or more of the computer programs within the Infringing Games reproduce the Copyrighted Work on the user's screen.

135. The tattoos that appear on the players in the Infringing Games are the same, or substantially similar to, the Copyrighted Works.

136. As such, each copy of the Infringing Games contains a copy of HAYDEN's Copyright Works and/or one or more unauthorized derivative works.

137. Further, each time a customer plays an Infringing Game, the computer programs on the disc are loaded in the random access memory (RAM) of the customer's video game console, resulting in yet another copy and/or unauthorized derivative work of HAYDEN's Copyrighted Works being made each and every time an Infringing Game is played.

138. As the user plays the Infringing Games, the NBA players move on the screen. As the NBA players move, the display of tattoos is constantly adapted on the screen. The foregoing adaptation results in the creation of derivative works of the Copyrighted Works.

139.    The foregoing copying, distribution, and creation of derivative works of the Copyrighted Works is not authorized.

140.    Defendants' unauthorized copying, distribution, and creation of derivative works of the Copyrighted Works violates HAYDEN's rights and harms HAYDEN.

141.    Defendants are unjustly enriched by their copying, distribution, and creation of derivative works of the Copyrighted Works.

**Defendants' Sales**

142.    Upon information and belief, each of the Defendants has received significant revenues in connection with the Infringing Games.

143.    On October 2, 2015, 2K announced that it had shipped more than four million copies of NBA 2K16 within its first week of sales.

144.    2K also announced that the sales of digital downloads had more than doubled from the prior year's iteration of the basketball video game.

145.    Upon information and belief, for the second financial quarter in 2015, the quarter in which 2K released NBA 2K16, TAKE-TWO's revenue rose to $364.9 million, a 169 percent increase over the same quarter of the previous year.

146.    Upon information and belief, as of November 3, 2016, 4.5 million copies of NBA 2K17 were sold.

147.    Upon information and belief, TAKE-TWO's net revenue grew 21 percent after the release of NBA 2K17 to $420 million.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT**
**17 U.S.C. §§ 106(5) AND 501**

148.    HAYDEN incorporates by reference and restates each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

149. HAYDEN owns valid and enforceable copyrights in the Copyrighted Works.

150. Defendants infringed HAYDEN's copyrights by reproducing the Copyrighted Works, in whole or in part, without authorization from HAYDEN, in violation of 17 U.S.C. §106.

151. Defendants infringed HAYDEN's copyrights by distributing copies of the Copyrighted Works, in whole or in part, without authorization from HAYDEN, in violation of 17 U.S.C. § 106.

152. Defendants infringed HAYDEN's copyrights by creating derivative works from the Copyrighted Works without authorization from HAYDEN, in violation of 17 U.S.C. § 106.

153. Through their conduct averred in the previous paragraphs, Defendants have knowingly and willfully infringed HAYDEN's copyrights in their works by publicly displaying HAYDEN's Copyrighted Works without authorization and in violation of 17 U.S.C. §§106(5) and 501.

154. Defendants knew or should have known that their conduct infringed HAYDEN's copyrights and are thereby liable for willful infringement.

155. Defendants have obtained a direct financial benefit from the foregoing infringing activities while declining or failing to exercise their right and ability to stop or limit same.

156. HAYDEN is entitled to damages for Defendants' infringement in an amount to be proven at trial, including both the actual damages suffered by HAYDEN and Defendants' profits attributable to the infringement. *See* 17 U.S.C. § 504.

157. Alternatively, upon election before final judgment is entered, HAYDEN is entitled to recover statutory damages. *Id*.

158. Further, Defendants' past and continuing infringement of HAYDEN's copyrights has caused and will continue to cause irreparable injury to HAYDEN. Unless restrained and

enjoined, Defendants will continue to commit such acts of infringement. Monetary damages are not adequate to compensate HAYDEN for such inflicted and threatened injuries, entitling him to additional remedies, including temporary and permanent injunctive relief, pursuant to 17 U.S.C. § 502, and an order impounding and destroying any and all infringing materials, pursuant to 17 U.S.C. § 503.

## COUNT II
## INDIRECT COPYRIGHT INFRINGEMENT

159. HAYDEN incorporates by reference and restates each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

160. In addition to directly infringing HAYDEN's copyrights, Defendants have contributorily infringed and/or are vicariously liable for infringing or inducing the infringement of HAYDEN's exclusive rights in the Copyrighted Works by knowingly controlling, supervising, directing, causing, encouraging, inducing and/or materially contributing to the copying or distribution of copies of or creation of derivative works from the Copyrighted Works. For example, when Defendants sell the Infringing Games to customers, Defendants are vicariously or contributorily liable for the resulting direct copyright infringement by people who play the Infringing Games.

161. Defendants have obtained a direct financial benefit from the foregoing infringing activities while declining or failing to exercise their right and ability to stop or limit same.

162. HAYDEN is entitled to damages for Defendants' infringement in an amount to be proven at trial, including both the actual damages suffered by HAYDEN and Defendants' profits attributable to the infringement. *See* 17 U.S.C. § 504.

163. Alternatively, upon election before final judgment is entered, HAYDEN is entitled to recover statutory damages. *Id.*

164.    Further, Defendants' past and continuing infringement of HAYDEN's copyrights has caused and will continue to cause irreparable injury to HAYDEN.  Unless restrained and enjoined, Defendants will continue to commit such acts of infringement.  Monetary damages are not adequate to compensate HAYDEN for such inflicted and threatened injuries, entitling him to additional remedies, including temporary and permanent injunctive relief, pursuant to 17 U.S.C. § 502, and an order impounding and destroying any and all infringing materials, pursuant to 17 U.S.C. § 503.

**COUNT III**
**UNJUST ENRICHMENT/RESTITUTION**

165.    HAYDEN incorporates by reference and restates each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

166.    Defendants unjustly received benefits at the expense of HAYDEN through Defendants' wrongful conduct, including their use of HAYDEN's artwork in the NBA 2K Games.

167.    As mentioned above, in addition to creating tattoos on LeBron James, HAYDEN's artwork appears on other NBA superstars such as Shaquille O'Neal, Kyrie Irving, Danny Green, Dion Waiters, Mo Williams and Tristan Thompson.  Each of these players, and their tattoos, have been prominently featured in Defendants' NBA 2K games.

168.    Defendants' use of HAYDEN's artwork is substantial.  Upon information and belief, in the vast majority of instances in which a user plays an NBA 2K game, one or more the foregoing players is chosen for the user's "team," and HAYDEN's artwork appears on the screen.

169.    Each of the tattoos HAYDEN has created for his clients is the result of several hours of labor by HAYDEN, in addition to his unique and sought after artistic ability and expression.

170.    Defendants and their games are enriched by their use of HAYDEN'S artwork.  For example, on the right side below is a screen shot of LeBron James from an earlier game released

by Defendants which did not include tattoos, while on the left side is a screen shot of LeBron James from NBA 2K17:



171.    The inclusion of HAYDEN's artwork throughout Defendants' games creates a richer experience for the users, and contributes to the popularity of the games.  Defendants are unjustly enriched by the credit they receive for the creation of this experience, as well as the resulting sales.

172.    Defendants have appropriated HAYDEN's artwork without acknowledging him in any way for the use of his artwork in their products.  Nor have they provided HAYDEN any consideration whatsoever for such use.

173.    Under the circumstances, Defendants' use of HAYDEN's artwork is inequitable and unjust.

174.    HAYDEN is entitled to the establishment of a constructive trust consisting of the benefit conferred upon Defendants by the revenues derived from their wrongful conduct at the

expense of HAYDEN as alleged above, and all profits derived from that wrongful conduct. HAYDEN is further entitled to full restitution of all amounts in which Defendants have been unjustly enriched at HAYDEN's expense.

**COUNT IV**
**VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT**

175.    HAYDEN incorporates by reference and restates each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

176.    Each tattoo created by HAYDEN is a work of visual art entitling him to the rights of attribution provided in 17 U.S.C. § 106A.

177.    HAYDEN has not waived his rights of attribution in any of his works of visual art.

178.    Defendants have violated HAYDEN's rights of attribution by failing to use his name in conjunction with their display of his works of visual art.

179.    Defendants have violated HAYDEN's rights of attribution by distorting, mutilating and/or modifying his works of visual art in a manner that is prejudicial to him.

180.    Accordingly, HAYDEN seeks a judgment from this Court that Defendants have violated HAYDEN's rights of attribution, and order directing Defendants to provide proper attribution to HAYDEN and enjoining them from further distortion, mutilation and/or modification.

**PRAYER FOR RELIEF**

WHEREFORE, HAYDEN demands that:

A.  Defendants, their agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, or corporations in active concert or participation with Defendants be enjoined and restrained preliminarily and permanently from:

     i.    copying, distributing, publicly displaying, using, or creating derivative works from the Copyrighted Works in any way, including for any purpose;

    ii.    facilitating, enabling or inducing the copying, distributing, publicly displaying, using or creating of derivative works of any Copyrighted Works by, for, or on behalf of, any videogame consumers;

B.  An order be issued impounding or destroying any and all infringing materials pursuant to 17 U.S.C. § 503;

C.  An accounting be directed to determine Defendants' profits resulting from its activities and that such profits be paid over to HAYDEN, increased as the Court finds to be just under the circumstances of this case;

D.  Establishment of a constructive trust consisting of the benefit conferred upon Defendants by the revenues derived from its wrongful conduct at the expense of HAYDEN as alleged above, and all profits derived from that wrongful conduct;

E.  HAYDEN receive full restitution of all amounts in which Defendants have been unjustly enriched at HAYDEN's expense through the acts complained of herein;

F.  HAYDEN recover all damages he has sustained as a result of Defendants' activities;

G.  An order be issued awarding HAYDEN punitive damages in a sum to be determined at trial;

H.  HAYDEN recover exemplary damages;

I.  HAYDEN recover maximum statutory damages pursuant to 17 U.S.C. § 504;

J.  HAYDEN recover from Defendants HAYDEN's costs of this action, reasonable counsel fees, and prejudgment and post-judgment interest; and

K.  An order be issued directing Defendants to provide proper attribution to HAYDEN and enjoining them from further distortion, mutilation and/or modification of HAYDEN's artwork.

L.  HAYDEN have all other and further relief as the Court may deem just and proper under the circumstances.

Dated:  December 18, 2017                    Respectfully submitted,


                                            By: */s/ Daniel McMullen*
                                            Daniel McMullen (Ohio Bar No. 0034380)
                                            Georgia E. Yanchar (Ohio Bar No. 0071458)
                                            CALFEE, HALTER & GRISWOLD LLP
                                            The Calfee Building
                                            1405 East Sixth Street
                                            Cleveland, Ohio  44114-1607
                                            Telephone:  (216) 622-8200
                                            Facsimile: (216) 241-0816
                                            E-mail:   dmcmullen@calfee.com
                                                      gyanchar@calfee.com



                                            *Of Counsel*

                                            Kimberly A. Textoris (Ohio Bar No. 0084277)
                                            CALFEE, HALTER & GRISWOLD LLP
                                            The Calfee Building
                                            1405 East Sixth Street
                                            Cleveland, Ohio  44114-1607
                                            Telephone:  (216) 622-8200
                                            Facsimile: (216) 241-0816
                                            E-mail:   ktextoris@calfee.com

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

Dated:  December 18, 2017          Respectfully submitted,

By: */s/ Daniel McMullen*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:  dmcmullen@calfee.com
        gyanchar@calfee.com

*Of Counsel*

Kimberly A. Textoris (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:  ktextoris@calfee.com