**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES HAYDEN, | CASE NO. 1:17-cv-02635-CAB |
|          Plaintiff, | |
| v. | |
| 2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC. , | |
|          Defendants. | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS 2K GAMES, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S MOTION TO DISMISS IN PART**</u>

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT**............. 1

**FACTUAL BACKGROUND**.................................................................................. 3

**ARGUMENT**...................................................................................................... 4

    I.      Plaintiff's Unjust Enrichment Claim is Preempted by the Copyright Act............. 4

    II.     Plaintiff Fails to State A Claim Under the Visual Artists Rights Act.................... 7

    III.   Plaintiff's Declaratory Judgment Claim Should Be Dismissed Due to the Lack of Actual Case or Controversy........................................................ 9

    IV.   Plaintiff's Request for Statutory Damages and Attorney's Fees Is Improper as a Matter of Law ............................................................. 11

**CONCLUSION** ................................................................................................ 14

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................4

*ATC Ditsrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*,
    402 F.3d 700 (6th Cir. 2005) ...................................................................................6

*B.R. Knez Constr., Inc. v. Engsinger*,
    No. 07 Civ. 3376, 2009 WL 10688321 (E.D. Ohio Aug. 19, 2009)................................5, 6, 7

*Beachwood Hair Clinic, Inc. v. Hair Loss Treatment & Prod., LLC*,
    No. 1:08 Civ. 941, 2009 WL 10688076 (N.D. Ohio Mar. 31, 2009) ........................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................4

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
    495 F.3d 1340 (Fed. Cir. 2007)..................................................................................9

*Brainard v. Vassar*,
    561 F. Supp. 2d 922 (M.D. Tenn. 2008) ....................................................................5

*Budget Cinema, Inc. v. Watertower Assocs.*,
    81 F.3d 729 (7th Cir. 1996) .....................................................................................12

*Compass Homes, Inc. v. Trinity Health Grp., Ltd.*,
    No. 2:13 Civ. 647, 2016 WL 3406054 (S.D. Ohio June 21, 2016) ........................................13

*Data Gen. Corp. v. Grumman Sys. Support Corp.*,
    36 F.3d 1147 (1st Cir. 1994)......................................................................................6

*Diamond v. Gillis*,
    357 F. Supp. 2d 1003 (E.D. Mich. 2005)..................................................................5

*Entity Prods. v. Vargo*,
    No. 1:07 Civ. 1197, 2007 WL 3129861 (N.D. Ohio Oct. 23, 2007) ........................................5

*Ez-Tixz, Inc. v. Hit-Tix, Inc.*,
    991 F. Supp. 728 (S.D.N.Y. 1996)...........................................................................13

*Feldhacker v. Homes*,
    173 F.Supp.3d 828 (S.D. Iowa 2016) .......................................................................13

*Irwin v. ZDF Enters. GmbH*,
  No. 04 Civ. 8027, 2006 WL 374960 (S.D.N.Y. Feb. 16, 2006) ............................................13

*Johnson v. Jones*,
  149 F.3d 494 (6th Cir. 1998) ...........................................................................................12, 13

*Johnson v. Univ. of Virginia*,
  606 F. Supp. 321 (D. Va. 1985)........................................................................................13, 14

*Lafarga v. Magazine*,
  No. 11 Civ. 1501, 2014 WL 12573551 (C.D. Cal. July 18, 2014) ............................................8

*Martinez v. McGraw*,
  No. 3:08 Civ. 0738, 2009 WL 2447611 (M.D. Tenn. Aug. 10, 2009) ....................................10

*Mason v. Montgomery Data, Inc.*,
  741 F. Supp. 1282 (S.D. Tex. 1990) ......................................................................................13

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007)................................................................................................................9

*Michigan v. M22 LLC*,
  No. 1:16 Civ. 1084, 2017 WL 1420007 (W.D. Mich. Apr. 21, 2017)..........................9, 10, 11

*Midway Mfg. Co. v. Artic Int'l, Inc.*,
  704 F.2d 1009 (7th Cir. 1983) ................................................................................................8

*Mitchell v. Penton/Indus. Pub. Co.*,
  486 F. Supp. 22 (N.D. Ohio 1979)..........................................................................................5

*Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*,
  264 F.3d 622 (6th Cir. 2001) ..............................................................................................5, 6

*Neeley v. Namemedia, Inc.*,
  No. 09 Civ. 5151, 2011 WL 13180423 (W.D. Ark. June 7, 2011)............................................8

*Oddo v. Ries*,
  743 F.2d 630 (9th Cir. 1984) ................................................................................................11

*Ritchie v. Williams*,
  395 F.3d 283 (6th Cir. 2005) ..................................................................................................6

*RSR Sales, Inc. v. Lowe's Cos.*,
  No. 12 Civ. 10719, 2013 WL 1858592 (E.D. Mich. May 2, 2013)..........................................5

*Sem-Torq, Inc. v. K Mart Corp.*,
  No. 1:89 Civ. 1318, 1990 WL 278987 (N.D. Ohio Oct. 4, 1990) ............................................7

*Singh v. Famous Overseas, Inc.*,
    680 F.Supp. 533 (E.D.N.Y. 1988) ...................................................................13

*Snap-on Bus. Sols. Inc. v. O'Neil & Assocs., Inc.*,
    708 F. Supp. 2d 669 (N.D. Ohio 2010)...........................................................6

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
    No. 16 Civ. 724, 2016 WL 4126543 (S.D.N.Y. Aug. 2, 2016) .................................12, 13, 14

*Stromback v. New Line Cinema*,
    384 F.3d 283 (6th Cir. 2004) ......................................................................5, 6

*Tacori Enters. v. Rego Mfg.*,
    No. 1:05 Civ. 2241, 2008 WL 4426343 (N.D. Ohio Sept. 25, 2008)......................................10

*Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*,
    482 F.3d 1330 (Fed. Cir. 2007)......................................................................9

*Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*,
    609 F.Supp. 1325 (E.D. Pa. 1985) ..................................................................13

*Wilson v. New Palace Casino, L.L.C*,
    No. 1:11 Civ. 447, 2013 WL 870350 (S.D. Miss. Mar. 7, 2013) ...........................................8

*World Religious Relief v. Gospel Music Channel*,
    563 F. Supp. 2d 714 (E.D. Mich. 2008)...........................................................10

## Statutes

17 U.S.C. § 106A ...........................................................................................7

17 U.S.C. § 301 .............................................................................................4

17 U.S.C. § 412 ...........................................................................................2, 12

28 U.S.C. § 2201 ..........................................................................................9

## Rules

Rule 12(b)(6)................................................................................................4

## Other Authorities

Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 8D.06[a][2]................................8

Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") submit this memorandum of law in support of their motion to dismiss.

## PRELIMINARY STATEMENT OF ISSUES
## AND SUMMARY OF ARGUMENT

This case raises the critical question of whether a tattooist can force his clients to seek his permission every time that they are depicted in public.  James Hayden ("Plaintiff") claims to have inked tattoos on certain NBA players, and that Take-Two depicted those players, along with their tattoos, in its well-known *NBA 2K* video game series.  He asserts that, by showing the players as they appear in real life, playing basketball and bearing their tattoos, Take-Two has infringed his alleged copyrights in those tattoos.  As will be developed at a later stage in this case, Plaintiff's copyright claim is wholly without merit.

The purpose of this motion, however, is to narrow the issues in this case, by seeking dismissal of three of Plaintiff's claims and certain relief.  *First*, Plaintiff's claim for unjust enrichment is preempted by the Copyright Act.  As discussed below, the Sixth Circuit has held that the Copyright Act generally preempts unjust enrichment claims.  Here, Plaintiff's unjust enrichment claim is a classic example of such preemption as it seeks vindication of rights already protected by the Copyright Act.  As Plaintiff's claim is preempted, it should be dismissed.

*Second*, Plaintiff's claim under the Visual Artists Rights Act ("VARA") fails as a matter of law.  As an initial matter, Plaintiff's assertion of a VARA claim underscores the absurdity of Plaintiff's attempt to control player tattoos after they are inked because, under Plaintiff's theory, VARA would prohibit the removal of any tattoo without the tattooists' permission.  In any case, Plaintiff's VARA claim necessarily fails because VARA expressly does not protect against the depiction of works of visual art in audiovisual works, like video games.  Thus, even accepting all of Plaintiff's asserted facts as true, his VARA claim should be dismissed.

1

*Third*, Plaintiff's declaratory judgment claim that Take-Two committed fraud on the Copyright Office when Take-Two registered its video games lacks the required case or controversy.  Fraud on the Copyright Office is an affirmative defense to a copyright infringement claim.  Here, Plaintiff has not (and cannot) assert that Take-Two has alleged that Plaintiff has infringed Take-Two's copyrights.  Rather, Plaintiff claims that Take-Two has violated *his* copyrights.  Thus, as there is no claim by Take-Two asserting its copyrights against Plaintiff, there is no case or controversy.  Accordingly, Plaintiff's declaratory judgment claim should be dismissed.

*Finally*, Plaintiff's claim for statutory damages and attorney's fees are precluded by 17 U.S.C. § 412.  Under the clear text of the Copyright Act, statutory damages and attorney's fees are available only where the works were registered before the infringement occurred, or within three months of their publication.  Here, Plaintiff registered his works nearly a year after *NBA 2K16*, the first allegedly infringing game discussed in his Complaint, was released, and Plaintiff's copyright applications were not filed within three months of their publication.  That is sufficient to make statutory damages and attorney's fees unavailable as a matter of law.  Moreover, even though Take-Two released versions of the *NBA 2K* video game after Plaintiff registered his works, *NBA 2K* video game is a continuing issuance of annual games that began before Plaintiff registered his works.  Thus, statutory damages and attorney's fees are unavailable to Plaintiff as a matter of law.

For the foregoing reasons, Take-Two respectfully requests that the Court grant its motion in its entirety; dismiss Plaintiff's unjust enrichment (Count III), VARA (Count IV), and declaratory judgment (Count V) claims with prejudice; and deny Plaintiff statutory damages or attorney's fees on his copyright claim.

## FACTUAL BACKGROUND

As Plaintiff admits, Take-Two is a "major developer, publisher and marketer of interactive entertainment and video games around the globe." 1st Am. Compl. (Dkt. No. 3) ("Compl.") ¶ 20. Take-Two's video games include the popular basketball simulation series *NBA 2K*. The *NBA 2K* series, which is released annually, realistically depicts real-life professional basketball players from the National Basketball Association ("NBA"). On September 29, 2015, Take-Two released *NBA 2K16*. *Id.* ¶ 136. On September 20, 2016, Take-Two released *NBA 2K17*. *Id.* ¶ 141. On September 19, 2017, Take-Two released *NBA 2K18*. *Id.* ¶ 147.

Plaintiff asserts that he is a tattooist who inked tattoos on various individuals. *Id.* ¶¶ 44–109. His claims allegedly arise from the inclusion of tattoos in the *NBA 2K* series on the players who bear those tattoos in real life. *See id.* ¶¶ 172–230. He alleges that he has obtained copyright registrations for six tattoos inked on Danny Green, LeBron James, and Tristan Thompson (the "Registered Tattoos"). *Id.* According to Plaintiff's Certificates of Registration with the U.S. Copyright Office, the Registered Tattoos have the following dates of registration and publication, *see* Exs. C–H:

- "Gloria" (Reg. No. VAu 1-263-888), tattooed on LeBron James, published in 2007 with the effective date of registration of September 6, 2016;

- "Lion" (Reg. No. VAu 1-271-044), tattooed on LeBron James, published in 2008 with the effective date of registration of September 6, 2016;

- "Shoulder Stars: (Reg. No. VAu 1-270-802), tattooed on LeBron James, published in 2008 with the effective date of registration of September 6, 2016;

- "Fire D.G." (Reg. No. VAu 1-287-552), tattooed on Danny Green, published in 2012 with the effective date of registration of August 11, 2017;

- "Scroll D.G." (Reg. No. VAu 1-287-545), tattooed on Danny Green, published in 2012 with the effective date of registration of August 11, 2017; and

- "Brother's Keeper T.T." (Reg. No. VAu 1-292-453), tattooed on Tristan Thompson, published in 2012 with the effective date of registration of August 11, 2017.

In addition to the Registered Tattoos, Plaintiff alleges that he has inked five tattoos on LeBron James for which he has not obtained copyright registrations.  Compl. ¶¶ 110–30. Plaintiff also alleges that his "many other tattoos" on Mr. James, Shaquille O'Neal, Kyrie Irving, Danny Green, Dion Waiters, Mo Williams, Iman Shumpart, and Tristan Thompson, which are not specified in the Complaint, "have been prominently featured in Defendants' *NBA 2K* games" (together with Mr. James' unregistered tattoos, the "Unregistered Tattoos").  *Id.* ¶ 191.

## ARGUMENT

To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  As discussed below, (1) Plaintiff's unjust enrichment claim is preempted by the Copyright Act; (2) his VARA claim fails as *NBA 2K* is an audiovisual work; (3) there is no claim or controversy sufficient to support Plaintiff's declaratory judgment claim; and (4) Plaintiff is not entitled to statutory damages or attorney's fees due to his untimely filing of his copyright registrations.

## I.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS PREEMPTED BY THE COPYRIGHT ACT

The Copyright Act provides the exclusive remedy for "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright."  17 U.S.C. § 301.  A state law claim is preempted where (1) the work comes "within the scope of the subject matter of copyright as set forth in Sections 102 and 103 of the Copyright Act" and (2) "the rights granted under state law [are] equivalent to any of the exclusive rights within the scope of federal

4

copyright protection."  *Stromback v. New Line Cinema*, 384 F.3d 283, 300 (6th Cir. 2004)

(internal quotation marks and citation omitted).  Courts in this District routinely grant motions to

dismiss preempted state law claims.  *See Beachwood Hair Clinic, Inc. v. Hair Loss Treatment &*

*Prod., LLC*, No. 1:08 Civ. 941, 2009 WL 10688076, at *3–5 (N.D. Ohio Mar. 31, 2009)

(granting motion to dismiss based on preemption); *Entity Prods. v. Vargo*, No. 1:07 Civ. 1197,

2007 WL 3129861, at *3–4 (N.D. Ohio Oct. 23, 2007) (same); *Mitchell v. Penton/Indus. Pub.*

*Co., Inc.*, 486 F. Supp. 22, 25–26 (N.D. Ohio 1979) (same).[1]

Here, Plaintiff's claim for "Unjust Enrichment/Restitution" (Count III) is preempted by

the Copyright Act and, thus, should be dismissed because it satisfies both prongs of the

preemption analysis.  As to the ***first prong***, just like Plaintiff's copyright claims, Plaintiff's

unjust enrichment claim is predicated on tattoos.  *See* Compl. ¶ 190.  Plaintiff's entire case is

premised on the idea that tattoos are within the scope of the subject matter of copyright; in fact,

Plaintiff admits that he has already obtained registrations for six of the tattoos from the

Copyright Office.[2]  *See id.*  ¶¶ 48, 55, 62, 69, 76, 83.  As Plaintiff's unjust enrichment claim is

based on those same Registered Tattoos, as well as the Unregistered Tattoos,[3] the first prong of

the preemption analysis is satisfied.  *B.R. Knez Constr., Inc. v. Engsinger*, No. 07 Civ. 3376,

---

[1]   *See also Diamond v. Gillis*, 357 F. Supp. 2d 1003, 1009–10 (E.D. Mich. 2005) (granting motion to dismiss
      claim for unjust enrichment as it was preempted by Copyright Act); *Brainard v. Vassar*, 561 F. Supp. 2d 922,
      932–33 (M.D. Tenn. 2008) (same); *RSR Sales, Inc. v. Lowe's Cos., Inc.*, No. 12 Civ. 10719, 2013 WL 1858592,
      at *3 (E.D. Mich. May 2, 2013) (same).

[2]   Plaintiff's lack of registration for several of the tattoos at issue in this case does not save his unjust enrichment
      claim from preemption, as the relevant question is not whether the works were registered, but rather, whether
      those works fall within the scope of copyright.  *See Murray Hill Publ'ns, Inc v. ABC Commc'ns, Inc.*, 264 F.3d
      622, 636 (6th Cir. 2001) (finding first prong of preemption analysis was satisfied where, although works were
      not registered and "lack[ed] the level of creativity necessary to come within the protection of the [Copyright]
      Act, each of them is the expression of an idea, which is the essence of the subject matter of the Act"), *abrogated
      on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

[3]   Plaintiff defines the term "HAYDEN's WORKS" to collectively include the Registered Tattoos, *id.* ¶ 130, and
      HAYDEN's WORKS are the works that are the subject of his unjust enrichment claim. *Id.* ¶¶ 190–98.

2009 WL 10688321, at *8 (E.D. Ohio Aug. 19, 2009) (finding subject matter requirement met where plaintiff's works were copyrighted architectural works).

As to the **second prong**, the Sixth Circuit explained in *Stromback* that "[c]ourts analyze equivalency by applying 'a functional test' to determine whether the state law right at issue is equivalent to any of the exclusive rights under Section 106 of the Copyright Act."  384 F.3d at 301 (*citing Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994)).  To avoid preemption, a plaintiff's claim must include an "extra element" beyond "the acts of reproduction, performance, distribution or display" that "changes the nature of the action so that it is qualitatively different from a copyright claim."  *Id.* (citation omitted).

In the Sixth Circuit, unjust enrichment claims are particularly subject to dismissal due to preemption because they lack such an extra element.  As Judge Oliver explained, the "Sixth Circuit has held that the Copyright Act generally preempts unjust enrichment claims."  *B.R. Knez*, 2009 WL 10688321, at *9 (dismissing unjust enrichment claim as preempted where it was based on allegedly unauthorized use of copyrighted building plans).  Thus, the Sixth Circuit has affirmed dismissal of such claims on numerous occasions.  *See Ritchie v. Williams*, 395 F.3d 283, 289 (6th Cir. 2005) (affirming dismissal of unjust enrichment claim as preempted as it was a recharacterization of a copyright claim based upon licensing of songs); *ATC Ditsrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 713-14 (6th Cir. 2005) (affirming dismissal of unjust enrichment claim based on alleged misappropriation of ATC's catalog, part numbers, and illustrations); *Murray Hill Publ'ns*, 264 F.3d at 638 (affirming dismissal of unjust enrichment claim as preempted as it was based on the defendant's unauthorized use of the plaintiff's movie and song within movie).[4]

---

[4]  *See also Snap-on Bus. Sols. Inc. v. O'Neil & Assocs., Inc.*, 708 F. Supp. 2d 669, 680–81 (N.D. Ohio 2010) (unjust enrichment claim was preempted by Copyright Act because plaintiff's claim that defendant took

Both Plaintiff's unjust enrichment claim and his copyright infringement claim seek money for the same alleged act: Take-Two's alleged reproduction of the tattoos in Take-Two's video games. *Compare* Compl. ¶¶ 173–82 *with* 190–98.  While Plaintiff alleges that Take-Two "unjustly received benefits at the expense of HAYDEN through Defendants' wrongful conduct," *id.* ¶ 190, that conduct was Take-Two's "use of HAYDEN's Works in the NBA 2K Games." *Id.* Such allegations are a classic case of a preempted unjust enrichment claim. *See B.R. Knez*, 2009 WL 1068832, at *9 (unjust enrichment claim preempted where the plaintiff "only alleges in support of its unjust enrichment claim that Defendants . . . were unjustly enriched by using the copyrighted [work] without its consent").  As both preemption prongs are satisfied, Plaintiff's unjust enrichment claim should be dismissed.

## II.  PLAINTIFF FAILS TO STATE A CLAIM UNDER THE VISUAL ARTISTS RIGHTS ACT

Plaintiff next asserts that Take-Two has violated the Visual Artists Rights Act (Count IV) by "failing to use his name in conjunction with their display of his works of visual art," Compl. ¶ 202, and "distorting, mutilating and/or modifying his works of visual art." *Id.* ¶ 203.

While VARA provides limited moral rights protection to works of visual art, 17 U.S.C. § 106A, such rights are subject to several exceptions.  In particular, the right to claim authorship of a work of visual art does "not apply to any reproduction . . . or other use of a work in, upon, or in connection with any item described in subparagraph (A) or (B) of the definition of 'work of visual art' in section 101" of the Copyright Act, and subparagraph (A) explicitly includes "motion picture or other audiovisual work."  17 U.S.C. §§ 106A(c)(3), 101.  Similarly, "any such

---

information and copied a database was within subject matter of copyright); *Sem-Torq, Inc. v. K Mart Corp.*, No. 1:89 Civ. 1318, 1990 WL 278947, at *5 (N.D. Ohio Oct. 4, 1990) (unjust enrichment claim preempted by Copyright Act because it "relates to K [M]art's copying of the plaintiff's copyrights and infringement thereof").

reproduction . . . or other use of a work is not a destruction, distortion, mutilation, or other modification" under VARA.  *Id.*

In other words, a VARA claim does not lie where the plaintiff's claim is based upon defendant's reproduction or depiction of plaintiff's work in an audiovisual work, such as a video game (or various other kinds of works).  *See Midway Mfg. Co. v. Artic Int'l, Inc.*, 704 F.2d 1009, 1012 (7th Cir. 1983) ("We thus conclude that video games are copyrightable as audiovisual works under the 1976 Copyright Act and we note that every other federal court (including our own) that has confronted this issue has reached the same conclusion."); *Lafarga v. Magazine*, No. 11 Civ. 1501, 2014 WL 12573551, at *5–6 (C.D. Cal. July 18, 2014) (granting defendant's motion to dismiss as "plaintiff's attribution and integrity rights are not affected by any reproduction, depiction, portrayal, or other use of a work in a motion picture, book, or magazine, among other mediums" (internal quotation marks omitted)); *Wilson v. New Palace Casino, L.L.C,* No. 1:11 Civ. 447, 2013 WL 870350, at *6 (S.D. Miss. Mar. 7, 2013) (holding that VARA does not apply to advertising or promotional materials); *Neeley v. Namemedia, Inc.*, No. 09 Civ. 5151, 2011 WL 13180423, at *1 (W.D. Ark. June 7, 2011) (holding that VARA does not apply to photographs on the Internet), *aff'd*, 463 F. App'x 604, 605 (8th Cir. 2012).[5]

As Plaintiff's allegations solely relate to Take-Two's alleged use of Plaintiff's works in an audiovisual work, even if all of his factual allegations are taken as true, he cannot state a VARA claim as a matter of law.

---

[5]    This result makes sense given that, unlike copyright infringement claims, VARA claims protect only the original physical representation of works of visual art.  3-8D Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 8D.06[a][2] (concluding that "copyright law protects art; by contrast, the Visual Artists Rights Act protects artifacts") (attached as Exhibit A).  Representations of that art are "definitionally ineligible."  *Wilson*, 2013 WL 870350, at *5.

## III.     PLAINTIFF'S DECLARATORY JUDGMENT CLAIM SHOULD BE DISMISSED DUE TO THE LACK OF ACTUAL CASE OR CONTROVERSY

Plaintiff seeks a declaratory judgment that certain Take-Two copyright registrations for *NBA 2K16* and *NBA 2K17* were procured through fraud on the Copyright Office (Count V). Specifically, Plaintiff asserts that "TAKE-TWO knew that it had not authored any of HAYDEN's tattoos that appear on any of the players in the games," Compl. ¶ 212, but "failed to disclose that it is not the author of an appreciable amount of the artwork and visual elements in the registered works." *Id.* ¶ 213.

Plaintiff's claim must be dismissed as he fails to allege an "actual case or controversy" related to his claim as required by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and "Article III's case or controversy requirement." *Michigan v. M22 LLC*, No. 1:16 Civ. 1084, 2017 WL 1420007, at *2 (W.D. Mich. Apr. 21, 2017) (citing *Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1338 (Fed. Cir. 2007)).  As the Supreme Court explained in *MedImmune, Inc. v. Genentech, Inc.*, to determine whether a court has jurisdiction over a declaratory judgment claim, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 549 U.S. 118, 127 (2007).  "A useful question to ask in determining whether an actual controversy exists is what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff . . . ." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007); *see also M22*, 2017 WL 1420007, at *3 (same).

Here, Plaintiff has failed to allege any facts supporting a finding of an actual case or controversy related to its declaratory judgment claim because Take-Two has never asserted its copyrights against Plaintiff.  Fraud on the Copyright Office, which is the basis of Plaintiff's

declaratory judgment claim, is an affirmative defense to copyright infringement. *See Tacori Enters. v. Rego Mfg.*, No. 1:05 Civ. 2241, 2008 WL 4426343, at *14 (N.D. Ohio Sept. 25, 2008) (fraud on the Copyright Office is an affirmative defense to copyright infringement). The hypothetical Take-Two claim implicated by Plaintiff's declaratory judgment claim would be that Plaintiff has infringed Take-Two's copyrights in *NBA 2K16* and *NBA 2K17*, but the Complaint does not allege that Take-Two has ever threatened Plaintiff with a lawsuit for infringement of Take-Two's copyrights in *NBA 2K16* or *NBA 2K17*. Rather, Plaintiff alleges that Take-Two violated *his* copyrights. *See, e.g.*, Compl. ¶¶ 172–82. Without a definite and concrete dispute between the parties related to Take-Two's copyrights, Plaintiff's declaratory judgment claim necessarily fails. *See Martinez v. McGraw*, No. 3:08-0738, 2009 WL 2447611 (M.D. Tenn. Aug. 10, 2009) (granting motion to dismiss declaratory judgment claim for lack of actual controversy where plaintiff alleged copyright infringement, but defendant never claimed a right to plaintiff's work); *World Religious Relief v. Gospel Music Channel*, 563 F. Supp. 2d 714, 716 (E.D. Mich. 2008) (insufficient dispute even where pre-litigation cease and desist letters exchanged).

*M22* is particularly instructive in this regard. In that case, the State of Michigan brought an action in the Trademark Trial and Appeal Board for cancellation of M22's registered trademarks that depicted a highway sign. 2017 WL 1420007, at *1. It then filed a state court complaint seeking a "declaratory judgment that the Manual on Uniform Traffic Control Devices (MUTCD) applies to M22 and its use and registration of the State's M-22 trunkline route marker as a trademark, and that the use of the M-22 trunkline route marker as a trademark is unlawful under both state and federal law." *Id*. M-22 removed the case to federal court. *Id.*

10

Once in federal court, the Western District of Michigan found that "[t]he State does not allege in its complaint, nor has it presented any evidence . . . that M22 has ever threatened to sue the State for trademark infringement." *Id.* at *3. As a result, the court held that "it lacks declaratory judgment jurisdiction under both Article III and the Declaratory Judgment Act because an actual controversy does not exist." *Id.* at *1. In particular, the existence of a proceeding that the plaintiff initiated "without more, [did] not show the existence of a live controversy," *id.* at *3, because "[w]ithout an indication from M22 that the State is infringing, 'the controversy exists in the mind of only one side, which makes it speculative (as opposed to real) and one-sided (as opposed to between the parties).'" *Id.* (citation and internal quotation marks omitted).

Likewise, here, Plaintiff unilaterally seeks a declaratory judgment related to Take-Two's copyright registrations that never have been asserted against Plaintiff. Thus, under *M22*, Plaintiff has not demonstrated the existence of an actual controversy related to Take-Two's copyrights, and his declaratory judgment claim should be dismissed.

## IV. PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES AND ATTORNEY'S FEES IS IMPROPER AS A MATTER OF LAW

Plaintiff's claims for statutory damages and attorney's fees for his copyright claim should be dismissed because Take-Two's alleged infringement began before the Registered Tattoos were registered with the Copyright Office.[6] The Copyright Act forecloses the "award of statutory damages or of attorney's fees" for "any infringement of copyright commenced after first published of the work and before the effective date of its registration, unless such

---

[6] Statutory damages and attorney's fees also are not available for infringement of the Unregistered Tattoos. *See Oddo v. Ries*, 743 F.2d 630, 634 (9th Cir. 1984) (where work is unregistered Section 412 "precludes [plaintiff] from collecting statutory damages, or attorney's fees under § 505").

registration is made within three months after the first publication of the work." 17 U.S.C. § 412; *Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir. 1996) (holding plaintiff "was not entitled to statutory damages or attorney's fees because the alleged infringement commenced before the effective date of [plaintiff's] copyright registration. . . . [and plaintiff's] registration certificate is also beyond three months from the date of the alleged first publication").

Here, there is no question that the alleged infringement commenced before the effective dates of the Registered Tattoos. Plaintiff admits that the Registered Tattoos appeared in the *NBA 2K* series as early as *NBA 2K16*, and that *NBA 2K16* was released "[o]n or around September 29, 2015." Compl. ¶¶ 136–37. The effective dates of Plaintiff's registration certificates are not until a year later, September 2016 and August 2017.[7] Compl. Exs. D–I; *see also id.* ¶¶ 87, 91, 95, 99, 103. If any alleged infringement occurred, it commenced prior to the effective registration of the works.

Furthermore, to the extent that Plaintiff seeks statutory damages and attorney's fees based on versions of the *NBA 2K* series released *after* the effective dates of his registrations, that remedy is barred as well, as each version of *NBA 2K* is a continuation of the prior version. *See Solid Oak Sketches, LLC v. 2K Games, Inc.*, No. 16 Civ. 724, 2016 WL 4126543, at *3 (S.D.N.Y. Aug. 2, 2016) ("[W]hen the same defendant infringes on the same protected work in the same manner as it did prior to the work's registration, the post-registration infringement constitutes the continuation of a series of ongoing infringements."). As the Sixth Circuit explained in *Johnson v. Jones*, an act of infringement commences "when the first act in a series

---

[7]  Defendants also note that none of Hayden's registered works were registered within three months of their publication. *See* Exs. C–H.

of acts constituting continuing infringement occurs."  149 F.3d 494, 506 (6th Cir. 1998)

(affirming denial of request for statutory damages and attorney's fees where first act of

infringement occurred before registration).[8]

Numerous courts have dismissed such claims based on this well-settled principle.  *See*

*Compass Homes, Inc. v. Trinity Health Grp., Ltd.*, No. 2:13 Civ. 647, 2016 WL 3406054, at *9–

10 (S.D. Ohio June 21, 2016) (granting motion for summary judgment dismissing statutory

damages and attorney's fees claim where first step in series of infringing acts occurred before

registration); *Feldhacker v. Homes*, 173 F.Supp.3d 828, 830–36 (S.D. Iowa 2016) (granting

motion to dismiss where ongoing infringement began before registration, and noting that Ninth,

Sixth, Fifth, Fourth, Second, and First Circuits have adopted that principle); *Ez-Tixz, Inc. v. Hit-

Tix, Inc.*, 991 F. Supp. 728, 736 (S.D.N.Y. 1996) (granting motion to dismiss claim for statutory

damages where alleged acts of infringement were ongoing and began before registration);

*Johnson v. Univ. of Virginia*, 606 F. Supp. 321, 325 (D. Va. 1985) (dismissing plaintiff's claim

for statutory damages and attorney's fees where plaintiffs did not register copyrights before

defendant allegedly commenced series of continuing infringements).

Here, it is clear that versions of *NBA 2K* released after the effective dates of Plaintiff's

registrations are continuations of the prior versions.  *See Solid Oak*, 2016 WL 4126543, at *2–3

(Defendants' alleged "infringement of the tattoo designs began with the release of NBA 2K14 in

---

[8]    *See also Irwin v. ZDF Enters. GmbH*, No. 04 Civ. 8027, 2006 WL 374960, *6 (S.D.N.Y. Feb. 16, 2006)
(statutory damages and attorney's fees were unavailable even though the post-registration infringement was a
different, "new program," because it was part of "a series of ongoing discrete infringements"); *Mason v.
Montgomery Data, Inc.*, 741 F. Supp. 1282, 1285–86 (S.D. Tex. 1990) (statutory damages unavailable as
plaintiff did not register copyrights before defendant commenced series of continuing infringements), *rev'd on
other grounds*, 967 F.2d 135 (5th Cir. 1992); *Singh v. Famous Overseas, Inc.*, 680 F.Supp. 533, 535 (E.D.N.Y.
1988) (same), *aff'd*, 923 F.2d 845 (2d Cir. 1990); *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 609 F.Supp.
1325, 1331 (E.D. Pa. 1985) (attorney's fees and costs unavailable where plaintiff did not register copyright
before defendant commenced infringement in a series of on-going discrete infringements).

2013," and "Defendants' alleged infringement commenced prior to effective registration of the works" where "[t]he pre- and post-registration versions of the 2K series are the same basketball simulation video game; the only material differences are updates to the title and visual and graphical improvements").  Even Plaintiff tacitly acknowledges this principle, referring to *NBA 2K15* as "the prior year's iteration of the basketball video game."  Compl. ¶ 168.

As Take-Two commenced use of Plaintiff's works prior to these effective dates, statutory damages and attorney's fees are unavailable as a matter of law, and Plaintiff's damages claims should be dismissed.  *See Johnson*, 149 F.3d at 506.

## CONCLUSION

For the foregoing reasons, Take-Two respectfully requests that this Court grant its motion to dismiss.[9]

Dated:  New York, NY
      May 14, 2018

                                       */s/ Dale M. Cendali*

                                       Dale M. Cendali (admitted *pro hac vice*)
                                       Joshua L. Simmons (admitted *pro hac vice*)
                                       KIRKLAND & ELLIS LLP
                                       601 Lexington Avenue
                                       New York, New York 10022
                                       Telephone: (212) 446-4800
                                       dale.cendali@kirkland.com
                                       joshua.simmons@kirkland.com

                                       David T. Movius (OH 0070132)
                                       Matthew J. Cavanagh (OH 0079522)
                                       MCDONALD HOPKINS LLC
                                       600 Superior Avenue, East, Ste. 2100
                                       Cleveland, Ohio 44114
                                       Telephone: 216.348.5400
                                       Fax: 216.348.5474

---

[9]    Take-Two has not answered the First Amended Complaint because it reads Federal Rule of Civil Procedure 12(a)(4) as postponing its deadline to answer the Complaint until "14 days after the notice of the court's action" on this motion.  If, however, the Court reads the rule differently, then Take-Two requests an extension of time permitting it to answer the First Amended Complaint within 14 days of a decision on this motion.

dmovius@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and
Take-Two Interactive Software, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

<div align="center" style="margin-left:auto">

*/s/ Dale M. Cendali*
*Attorney for Defendants 2K Games, Inc. and*
*Take-Two Interactive Software, Inc.*

</div>

16

## **L.R. 7.1(F) CERTIFICATION**

In accordance with Local Rule 7.1(f), I hereby certify that this case is on the standard track and that the foregoing memorandum complies with the applicable page limitation of 20 pages.


           */s/Dale M. Cendali*
           *Attorney for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*

1