**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES HAYDEN,<br><br>               Plaintiff,<br><br>v.<br><br>2K GAMES, INC. and TAKE-TWO<br>INTERACTIVE SOFTWARE, INC.,<br><br>           Defendants. | CASE NO. 1:17-cv-02635-CAB |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS 2K GAMES, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S MOTION TO DISMISS IN PART PLAINTIFF'S SECOND AMENDED COMPLAINT**</u>

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT**............. 1

**FACTUAL BACKGROUND**................................................................................................ 3

**ARGUMENT** ....................................................................................................................... 5

      I.      Plaintiff's Unjust Enrichment Claim is Preempted by the Copyright Act.............. 5

      II.     Plaintiff's Declaratory Judgment Claim Should Be Dismissed Due to the Lack of Actual Case or Controversy...................................................................... 9

      III.    Plaintiff's Request for Statutory Damages and Attorney's Fees Is Improper as a Matter of Law .............................................................................. 12

**CONCLUSION** ................................................................................................................. 16

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................5

*ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*,
  402 F.3d 700 (6th Cir. 2005) ...................................................................................8

*B.R. Knez Constr., Inc. v. Engsinger*,
  No. 07 Civ. 3376, 2009 WL 10688321 (E.D. Ohio Aug. 19, 2009)..................................6, 8, 9

*B2B CFO Partners, LLC v. Kaufman*,
  787 F. Supp. 2d 1002 (D. Ariz. 2011) ...................................................................16

*Beachwood Hair Clinic, Inc. v. Hair Loss Treatment & Prod., LLC*,
  No. 1:08 Civ. 941, 2009 WL 10688076 (N.D. Ohio Mar. 31, 2009) ........................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).....................................................................................................5

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
  495 F.3d 1340 (Fed. Cir. 2007).................................................................................10

*Brainard v. Vassar*,
  561 F. Supp. 2d 922 (M.D. Tenn. 2008).....................................................................6

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
  373 F.3d 296 (2d Cir. 2004)........................................................................................7

*Budget Cinema, Inc. v. Watertower Assocs.*,
  81 F.3d 729 (7th Cir. 1996) .......................................................................................12

*Compass Homes, Inc. v. Trinity Health Grp., Ltd.*,
  No. 2:13 Civ. 647, 2016 WL 3406054 (S.D. Ohio June 21, 2016) ........................................13

*Data Gen. Corp. v. Grumman Sys. Support Corp.*,
  36 F.3d 1147 (1st Cir. 1994).......................................................................................8

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
  528 F.3d 696 (9th Cir. 2008) .....................................................................................16

*Diamond v. Gillis*,
  357 F. Supp. 2d 1003 (E.D. Mich. 2005).....................................................................6

*Dyer v. Napier*,
No. 04 Civ. 0408, 2006 WL 680551 (D. Ariz. March 16, 2006)............................................15

*Entity Prods. v. Vargo*,
No. 1:07 Civ. 1197, 2007 WL 3129861 (N.D. Ohio Oct. 23, 2007) ........................................6

*Ez-Tixz, Inc. v. Hit-Tix, Inc.*,
919 F. Supp. 728 (S.D.N.Y. 1996)........................................................................................14

*Feldhacker v. Homes*,
173 F. Supp. 3d 828 (S.D Iowa 2016) ...................................................................................13

*GlobeRanger Corp. v. Software AG U.S.A, Inc.*,
836 F.3d 477 (5th Cir. 2016) .................................................................................................7

*Gloster v. Relios, Inc.*,
No. 02 Civ. 7140, 2006 WL 1804572 (E.D. Pa. June 28, 2006) ...........................................15

*Irwin v. ZDF Enterprises GmbH*,
No. 04 Civ. 8027, 2006 WL 374960 (S.D.N.Y. Feb. 16, 2006) .............................................15

*Johnson v. Jones*,
149 F.3d 494 (6th Cir. 1998) ...........................................................................................13, 16

*Johnson v. Univ. of Virginia*,
606 F. Supp. 321 (D. Va. 1985)..............................................................................................14

*Martinez v. McGraw*,
No. 3:08 Civ. 0738, 2009 WL 2447611 (M.D. Tenn. Aug. 10, 2009) ...................................11

*Mason v. Montgomery Data, Inc.*,
741 F. Supp. 1282 (S.D. Tex. 1990) .......................................................................................12

*Mason v. Montgomery Data, Inc.*,
967 F.2d 135 (5th Cir. 1992) ..................................................................................................16

*MedImmune, Inc. v. Genentech, Inc.*
549 U.S. 118 (2007)...............................................................................................................10

*Michigan v. M22 LLC*,
No. 1:16 Civ. 1084, 2017 WL 1420007 (W.D. Mich. Apr. 21, 2017)........................10, 11, 12

*Mitchell v. Penton/Indus. Pub. Co., Inc.*,
486 F. Supp. 22 (N.D. Ohio 1979)............................................................................................6

*Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*,
264 F.3d 622 (6th Cir. 2001) ...........................................................................................7, 8, 9

iii

*Nat'l Basketball Ass'n v. Motorola, Inc.*,
   105 F.3d 841 (2d Cir. 1997)............................................................................7

*New Name, Inc. v. Walt Disney Co.*,
   No. 07 Civ. 5034, 2008 WL 5587487 (C.D. Cal. July 23, 2008) ...........................15

*Oddo v. Ries*,
   743 F.2d 630 (9th Cir. 1984) ............................................................................12

*Ritchie v. Williams*,
   395 F.3d 283 (6th Cir. 2005) ..............................................................................8

*RSR Sales, Inc. v. Lowe's Cos., Inc.*,
   No. 12 Civ. 10719, 2013 WL 1858592 (E.D. Mich. May 2, 2013)..........................6

*Sartor v. Walters*,
   No. 06 Civ. 0011, 2006 WL 3497856 (W.D. La. Dec. 5, 2006)............................15

*Sem-Torq, Inc. v. K Mart Corp.*,
   No. 1:89 Civ. 1318, 1990 WL 278987 (N.D. Ohio Oct. 4, 1990) ...........................8

*Shady Records, Inc. v. Source Enters., Inc.*,
   No. 03 Civ. 9944, 2005 WL 14920 (S.D.N.Y. Jan. 3, 2005)..................................14

*Singh v. Famous Overseas, Inc.*,
   680 F. Supp. 533 (E.D.N.Y. 1988) ......................................................................12

*Snap-on Bus. Sols. Inc. v. O'Neil & Assocs., Inc.*,
   708 F. Supp. 2d 669 (N.D. Ohio 2010)..................................................................8

*Solid Oak Sketches, LLC v. 2K Games, Inc.*,
   No. 16 Civ. 724, 2016 WL 4126543 (S.D.N.Y. Aug. 2, 2016) ....................3, 14, 15

*Steele v. Bell*,
   No. 11 Civ. 9343, 2014 WL 1979227 (S.D.N.Y. Mar. 28, 2014) ...........................14

*Stromback v. New Line Cinema*,
   384 F.3d 283 (6th Cir. 2004) ..........................................................................6, 8

*Tacori Enters. v. Rego Mfg.*,
   No. 1:05 Civ. 2241, 2008 WL 4426343 (N.D. Ohio Sept. 25, 2008).....................10

*Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*,
   482 F.3d 1330 (Fed. Cir. 2007)..........................................................................10

*Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*,
   609 F. Supp. 1325 (E.D. Pa. 1985) .....................................................................12

*World Religious Relief v. Gospel Music Channel,*
    563 F. Supp. 2d 714 (E.D. Mich. 2008).................................................................11

**Statutes**

17 U.S.C. § 301...............................................................................................................5

17 U.S.C. § 412..........................................................................................2, 12, 15, 16

28 U.S.C. § 2201.........................................................................................................10

**Rules**

Fed. R. Civ. Pro. 12(a)(4) ..........................................................................................16

Fed. R. Civ. Pro. 12(b)(6) ....................................................................................5, 14

Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") submit this memorandum of law in support of their motion to dismiss certain claims from James Hayden's ("Plaintiff") Second Amended Complaint (Dkt. No. 12) ("Complaint").

## PRELIMINARY STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT

Take-Two previously moved to dismiss Plaintiff's First Amended Complaint in this case, and in an effort to plead around that motion, Plaintiff filed the operative Complaint.  But this Complaint does nothing to remedy the incurable deficiencies that Take-Two asserted in its first motion.  Accordingly, Take-Two had no choice but to move again to dismiss certain of Plaintiff's claims.

By way of background, this case involves the critical question of whether a tattooist can force his clients to seek his permission every time that they are depicted in public.  Plaintiff claims that he inked tattoos on certain NBA players and that Take-Two has depicted those players, along with their tattoos, in its well-known *NBA 2K* video game series.  He asserts that, by showing the players as they appear in real life, playing basketball and bearing their tattoos, Take-Two has infringed his alleged copyrights in those tattoos.  As will be developed at a later stage in this case, Plaintiff's copyright claim is wholly without merit.

The purpose of this motion, however, is to narrow the issues in this case by seeking dismissal of two of Plaintiff's claims and certain of the relief requested.  In an apparent acknowledgment of the validity of Take-Two's arguments, Plaintiff dropped his claim under the Visual Artists Rights Act ("VARA").  Moreover, although Plaintiff attempted to amend his remaining claims to cure the deficiencies raised by Take-Two, they remain substantially the

1

same.  As Plaintiff cannot allege any facts to sustain these claims, they should be dismissed as a matter of law.

*First*, Plaintiff's claim for unjust enrichment is preempted by the Copyright Act.  As discussed below, the Sixth Circuit has held that the Copyright Act generally preempts unjust enrichment claims.  Plaintiff's unjust enrichment claim is a classic example of such preemption as it seeks vindication of rights already protected by the Copyright Act.  Accordingly, it should be dismissed.

*Second*, Plaintiff's declaratory judgment claim that Take-Two committed fraud on the Copyright Office when Take-Two registered its video games lacks the required case or controversy.  Fraud on the Copyright Office is an affirmative defense to a copyright infringement claim.  Here, Plaintiff has not alleged, and cannot allege, that Take-Two accused Plaintiff of infringing Take-Two's copyrights and, thus, there is no case or controversy over Take-Two's registrations.  Moreover, even after Take-Two highlighted in its previous motion that there was no case or controversy, Plaintiff failed to allege the requisite facts in his amendment, further showing that no such facts exist.  Accordingly, Plaintiff's declaratory judgment claim should be dismissed.

*Finally*, Plaintiff's claim for statutory damages and attorney's fees is precluded by 17 U.S.C. § 412.  Under the clear text of the Copyright Act, statutory damages and attorney's fees are available only where the works were registered before the infringement occurred, or within three months of their publication.  Here, Plaintiff registered his works nearly a year *after NBA 2K16*, the first allegedly infringing game discussed in the Complaint, was released, and Plaintiff's copyright applications were not filed within three months of the publication of Plaintiff's works.  That is sufficient to make statutory damages and attorney's fees unavailable as

a matter of law, and there are no facts that Plaintiff could allege to change the dates of registration and release of the video games.  Moreover, even though Take-Two released versions of the *NBA 2K* video game after Plaintiff registered his works, *NBA 2K* is a continuing series of annual games that began before Plaintiff registered his works.  In fact, in a case raising nearly identical facts, where tattoos were allegedly used without the tattooists' permission in the *NBA 2K* video game series, the Southern District of New York confronted this same issue and found that each successive version of the *NBA 2K* video game series was a continuation of the series, and rejected that plaintiff's claim for statutory damages and attorney's fees on this basis.  *See Solid Oak Sketches, LLC v. 2K Games, Inc.*, No. 16 Civ. 724, 2016 WL 4126543, at *3 (S.D.N.Y. Aug. 2, 2016).  Thus, statutory damages and attorney's fees are unavailable to Plaintiff as a matter of law.

Having already filed three complaints, Plaintiff has had ample opportunity to plead the facts necessary to sustain his claims. For the foregoing reasons, Take-Two respectfully requests that the Court grant its motion in its entirety; dismiss Plaintiff's unjust enrichment (Count III) and declaratory judgment (Count IV) claims with prejudice; and deny Plaintiff statutory damages or attorney's fees on his copyright claim.

## FACTUAL BACKGROUND

As Plaintiff admits, Take-Two is a "major developer, publisher and marketer of interactive entertainment and video games around the globe."[1]  Compl. ¶ 21.  Take-Two's video games include the popular basketball simulation series *NBA 2K*.  The *NBA 2K* series, which is released annually, realistically depicts real-life professional basketball players from the National

---

[1]    While the majority of these facts were detailed in Defendants' Motion to Dismiss the First Amended Complaint, dated May 14, 2018 (Dkt. No. 11), Take-Two includes them again here for the Court's convenience.

Basketball Association ("NBA").  On September 29, 2015, Take-Two released *NBA 2K16*.  *Id.* ¶
127.  On September 20, 2016, Take-Two released *NBA 2K17*.  *Id.* ¶ 135.  On September 19,
2017, Take-Two released *NBA 2K18*.  *Id.* ¶ 143.

Plaintiff asserts that he is a tattooist who inked tattoos on various individuals.  *Id.* ¶¶ 26–
121.  His claims allegedly arise from the inclusion of tattoos in the *NBA 2K* series on the players
who bear those tattoos in real life.  *See id.* ¶¶ 170–233.  He alleges that he has obtained copyright
registrations for six tattoos inked on Danny Green, LeBron James, and Tristan Thompson (the
"Registered Tattoos").  *Id*.  According to Plaintiff's Certificates of Registration with the U.S.
Copyright Office, the Registered Tattoos have the following dates of registration and publication,
*see* Exs. C–H:

- "Gloria" (Reg. No. VAu 1-263-888), tattooed on LeBron James, published in
  2007 with the effective date of registration of September 6, 2016;

- "Lion" (Reg. No. VAu 1-271-044), tattooed on LeBron James, published in 2008
  with the effective date of registration of September 6, 2016;

- "Shoulder Stars" (Reg. No. VAu 1-270-802), tattooed on LeBron James,
  published in 2008 with the effective date of registration of September 6, 2016;

- "Fire D.G." (Reg. No. VAu 1-287-552), tattooed on Danny Green, published in
  2012 with the effective date of registration of August 11, 2017;

- "Scroll D.G." (Reg. No. VAu 1-287-545), tattooed on Danny Green, published in
  2012 with the effective date of registration of August 11, 2017; and

- "Brother's Keeper T.T." (Reg. No. VAu 1-292-453), tattooed on Tristan
  Thompson, published in 2012 with the effective date of registration of August 11,
  2017.

In addition to the Registered Tattoos, Plaintiff alleges that he has inked five tattoos on
LeBron James for which he has not obtained copyright registrations.  *Id.* ¶¶ 111–20.  Plaintiff
also alleges that his "many other tattoos" on Mr. James, Shaquille O'Neal, Kyrie Irving, Danny
Green, Dion Waiters, Mo Williams, Iman Shumpart, and Tristan Thompson, which are not

4

specified in the Complaint, "have been prominently featured in Defendants' *NBA 2K* games" (together with Mr. James' unregistered tattoos, the "Unregistered Tattoos"). *Id.* ¶ 189.

On March 14, 2018, Plaintiff filed his First Amended Complaint, alleging direct and indirect copyright infringement, unjust enrichment, and violations of VARA, as well as a declaratory judgment claim for Fraud on the Copyright Office. *See* Dkt. No. 3. On May 14, 2018, Take-Two moved to dismiss several claims from Plaintiff's First Amended Complaint. *See* Dkt. No. 11. In response, Plaintiff filed his Second Amended Complaint. As Plaintiff's amendments to his pleadings still fail to state a claim as a matter of law, as detailed below, Take-Two again moves to dismiss certain claims from the Second Amended Complaint.

## ARGUMENT

To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As discussed below, (1) Plaintiff's unjust enrichment claim is preempted by the Copyright Act; (2) there is no claim or controversy sufficient to support Plaintiff's declaratory judgment claim; and (3) Plaintiff is not entitled to statutory damages or attorney's fees due to his untimely filing of his copyright registrations.

## I. PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS PREEMPTED BY THE COPYRIGHT ACT

The Copyright Act provides the exclusive remedy for "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301. A state law claim is preempted where (1) the work comes "within the scope of the subject matter of copyright as set forth in Sections 102 and 103 of the Copyright Act" and (2) "the rights granted under state law [are] equivalent to any of the exclusive rights within the scope of federal

copyright protection." *Stromback v. New Line Cinema*, 384 F.3d 283, 300 (6th Cir. 2004) (internal quotation marks and citation omitted).  Courts in this District routinely grant motions to dismiss preempted state law claims.  *See Beachwood Hair Clinic, Inc. v. Hair Loss Treatment & Prod., LLC*, No. 1:08 Civ. 941, 2009 WL 10688076, at *3–5 (N.D. Ohio Mar. 31, 2009) (granting motion to dismiss based on preemption); *Entity Prods. v. Vargo*, No. 1:07 Civ. 1197, 2007 WL 3129861, at *3–4 (N.D. Ohio Oct. 23, 2007) (same); *Mitchell v. Penton/Indus. Pub. Co., Inc*., 486 F. Supp. 22, 25–26 (N.D. Ohio 1979) (same).[2]

Here, Plaintiff's claim for "Unjust Enrichment/Restitution" (Count III) is preempted by the Copyright Act and, thus, should be dismissed because it satisfies both prongs of the preemption analysis.  As to the ***first prong***, just like Plaintiff's copyright claims, Plaintiff's unjust enrichment claim is predicated on tattoos.  *See, e.g.*, Compl. ¶ 189.  Plaintiff's entire case is premised on the idea that tattoos are within the scope of the subject matter of copyright; in fact, Plaintiff admits that he already has obtained registrations for six of the tattoos from the Copyright Office.  *See id.*  ¶¶ 49, 56, 63, 70, 77, 84.  As Plaintiff's unjust enrichment claim is based on those same Registered Tattoos, as well as the Unregistered Tattoos,[3] the first prong of the preemption analysis is satisfied.  *B.R. Knez Constr., Inc. v. Engsinger*, No. 07 Civ. 3376, 2009 WL 10688321, at *8 (E.D. Ohio Aug. 19, 2009) (finding subject matter requirement met where plaintiff's works were copyrighted architectural works).

---

[2]  *See also Diamond v. Gillis*, 357 F. Supp. 2d 1003, 1009–10 (E.D. Mich. 2005) (granting motion to dismiss claim for unjust enrichment as it was preempted by Copyright Act); *Brainard v. Vassar*, 561 F. Supp. 2d 922, 932–33 (M.D. Tenn. 2008) (same); *RSR Sales, Inc. v. Lowe's Cos., Inc.*, No. 12 Civ. 10719, 2013 WL 1858592, at *3 (E.D. Mich. May 2, 2013) (same).

[3]  Plaintiff defines the term "HAYDEN's WORKS" to collectively include the Registered Tattoos and Unregistered Tattoos, *id.* ¶ 121, and HAYDEN's WORKS are the works that are the subject of his unjust enrichment claim.  *Id.* ¶¶ 187–96.

6

Plaintiff's allegations in his Second Amended Complaint—such as allegations that "[s]ome of Hayden's unregistered tattoos are variations of typographical ornamentation or lettering," Compl. ¶ 188—do not change the fact that the first prong of the analysis is satisfied. Plaintiff's failure to register several of the tattoos it raises in this case, including because they do not meet the level of creativity necessary to be protected by the Copyright Act, does not permit him to assert those tattoos in an unjust enrichment claim.[4]  The relevant question is not whether the works were registered, but rather, whether those works fall within the scope of the subject matter of copyright—a determination that is governed by the Copyright Act, regardless of whether or not the works are ultimately protectable.  *See Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*, 264 F.3d 622, 636 (6th Cir. 2001) (finding first prong of preemption analysis was satisfied where, although works were not registered and "lack[ed] the level of creativity necessary to come within the protection of the [Copyright] Act, each of them is the expression of an idea, which is the essence of the subject matter of the Act"), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *see also Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (stating that, for purposes of preemption, "[a] work need not consist entirely of copyrightable material in order to meet the subject matter requirement, but instead need only fit into one of the copyrightable categories in the broad sense"); *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 849 (2d Cir. 1997) (explaining that where a state law claim is based on copying or taking from a work, the Copyright Act preempts claims "with respect to uncopyrightable as well as copyrightable elements").

---

[4]    Hayden's attempt to sue on unregistered copyrights under state law claiming unjust enrichment is just the sort of improper attempt to circumvent the Copyright Act's registration requirement that preemption is designed to prevent.  *See GlobeRanger Corp. v. Software AG U.S.A., Inc.*, 836 F.3d 477, 484 (5th Cir. 2016) (holding that "allowing a state law to provide the same protection as a copyright law would undermine the federal copyright system, which also requires public registration of the work before a lawsuit can be brought").

As to the **second prong**, the Sixth Circuit explained in *Stromback* that "[c]ourts analyze equivalency by applying 'a functional test' to determine whether the state law right at issue is equivalent to any of the exclusive rights under Section 106 of the Copyright Act."  384 F.3d at 301 (*citing Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994)).  To avoid preemption, a plaintiff's claim must include an "extra element" beyond "the acts of reproduction, performance, distribution or display" that "changes the nature of the action so that it is qualitatively different from a copyright claim."  *Id.* (citation omitted).

In the Sixth Circuit, unjust enrichment claims are particularly subject to dismissal due to preemption because they lack such an extra element.  As Judge Oliver explained, the "Sixth Circuit has held that the Copyright Act generally preempts unjust enrichment claims."  *B.R. Knez*, 2009 WL 10688321, at *9 (dismissing unjust enrichment claim as preempted where it was based on allegedly unauthorized use of copyrighted building plans).  Thus, the Sixth Circuit has affirmed dismissal of such claims on numerous occasions.  *See Ritchie v. Williams*, 395 F.3d 283, 289 (6th Cir. 2005) (affirming dismissal of unjust enrichment claim as preempted as it was a recharacterization of a copyright claim based upon licensing of songs); *ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 713-14 (6th Cir. 2005) (affirming dismissal of unjust enrichment claim based on alleged misappropriation of ATC's catalog, part numbers, and illustrations); *Murray Hill Publ'ns*, 264 F.3d at 638 (affirming dismissal of unjust enrichment claim as preempted as it was based on the defendant's unauthorized use of the plaintiff's movie and song within movie).[5]

---

[5]  *See also Snap-on Bus. Sols. Inc. v. O'Neil & Assocs., Inc.*, 708 F. Supp. 2d 669, 680–81 (N.D. Ohio 2010) (unjust enrichment claim was preempted by Copyright Act because plaintiff's claim that defendant took information and copied a database was within subject matter of copyright); *Sem-Torq, Inc. v. K Mart Corp.*, No. 1:89 Civ. 1318, 1990 WL 278987, at *5 (N.D. Ohio Oct. 4, 1990) (unjust enrichment claim preempted by Copyright Act because it "relates to K [M]art's copying of the plaintiff's copyrights and infringement thereof").

Both Plaintiff's unjust enrichment claim and his copyright infringement claim seek money for the same alleged act: Take-Two's alleged reproduction of the tattoos in Take-Two's video games.  *Compare* Compl. ¶¶ 170–80 *with* 187–96.  While Plaintiff alleges that Take-Two "unjustly received benefits at the expense of HAYDEN through Defendants' wrongful conduct," *id.* ¶ 188, that conduct was Take-Two's use of HAYDEN's Works in the *NBA 2K* video games. *Id.*  Such allegations are a classic case of a preempted unjust enrichment claim.  *See B.R. Knez*, 2009 WL 1068831, at *9 (unjust enrichment claim preempted where the plaintiff "only alleges in support of its unjust enrichment claim that Defendants . . . were unjustly enriched by using the copyrighted [work] without its consent").  Furthermore, Plaintiff's amendments to his unjust enrichment claim, which consist mainly of expanding the alleged benefits received by Take-Two but not Take-Two's actions, do not change the key issue, which is that his unjust enrichment claim "depends on nothing more than [Take-Two's] unauthorized use of plaintiff['s] work." *Murray Hill Publ'ns*, 264 F.3d at 638.

As both preemption prongs are satisfied, Plaintiff's unjust enrichment claim should be dismissed.

## II.   PLAINTIFF'S DECLARATORY JUDGMENT CLAIM SHOULD BE DISMISSED DUE TO THE LACK OF ACTUAL CASE OR CONTROVERSY

Plaintiff seeks a declaratory judgment that certain Take-Two copyright registrations for *NBA 2K16* and *NBA 2K17* were procured through fraud on the Copyright Office (Count IV). Specifically, Plaintiff asserts that "TAKE-TWO knew that it had not authored any of HAYDEN's tattoos that appear on any of the players in the games," Compl. ¶ 204, but "failed to disclose that it is not the author of an appreciable amount of the artwork and visual elements in the registered works."  *Id.* ¶ 205.

9

Plaintiff's claim must be dismissed as he fails to allege an "actual case or controversy" related to his claim as required by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and "Article III's case or controversy requirement." *Michigan v. M22 LLC*, No. 1:16 Civ. 1084, 2017 WL 1420007, at *2 (W.D. Mich. Apr. 21, 2017) (citing *Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1338 (Fed. Cir. 2007)).  As the Supreme Court explained in *MedImmune, Inc. v. Genentech, Inc.*, to determine whether a court has jurisdiction over a declaratory judgment claim, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 549 U.S. 118, 127 (2007).  "A useful question to ask in determining whether an actual controversy exists is what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff . . . ." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007); *see also M22*, 2017 WL 1420007, at *3 (same).

Here, Plaintiff has failed to allege any facts supporting a finding of an actual case or controversy related to its declaratory judgment claim because Take-Two has never asserted its copyrights against Plaintiff.  Fraud on the Copyright Office, which is the basis of Plaintiff's declaratory judgment claim, is an affirmative defense to copyright infringement.  *See Tacori Enters. v. Rego Mfg.*, No. 1:05 Civ. 2241, 2008 WL 4426343, at *14 (N.D. Ohio Sept. 25, 2008) (fraud on the Copyright Office is an affirmative defense to copyright infringement).  The hypothetical Take-Two claim implicated by Plaintiff's declaratory judgment claim would be that Plaintiff has infringed Take-Two's copyrights in *NBA 2K16, NBA 2K17*, and *NBA 2K18*, but the Complaint does not allege that Take-Two has ever threatened Plaintiff with a lawsuit for infringement of Take-Two's copyrights in *NBA 2K16* or *NBA 2K17*.  Rather, Plaintiff alleges

10

that Take-Two violated *his* copyrights. *See, e.g.*, Compl. ¶¶ 170–80. Without a definite and concrete dispute between the parties related to Take-Two's copyrights, Plaintiff's declaratory judgment claim necessarily fails. *See Martinez v. McGraw*, No. 3:08 Civ. 0738, 2009 WL 2447611 (M.D. Tenn. Aug. 10, 2009) (granting motion to dismiss declaratory judgment claim for lack of actual controversy where plaintiff alleged copyright infringement, but defendant never claimed a right to plaintiff's work); *World Religious Relief v. Gospel Music Channel*, 563 F. Supp. 2d 714, 716 (E.D. Mich. 2008) (insufficient dispute even where pre-litigation cease and desist letters exchanged).

*M22* is particularly instructive in this regard. In that case, the State of Michigan brought an action in the Trademark Trial and Appeal Board for cancellation of M22's registered trademarks that depicted a highway sign. 2017 WL 1420007, at *1. It then filed a state court complaint seeking a "declaratory judgment that the Manual on Uniform Traffic Control Devices (MUTCD) applies to M22 and its use and registration of the State's M-22 trunkline route marker as a trademark, and that the use of the M-22 trunkline route marker as a trademark is unlawful under both state and federal law." *Id.* M-22 removed the case to federal court. *Id.*

Once in federal court, the Western District of Michigan found that "[t]he State does not allege in its complaint, nor has it presented any evidence . . . that M22 has ever threatened to sue the State for trademark infringement." *Id.* at *3. As a result, the court held that "it lacks declaratory judgment jurisdiction under both Article III and the Declaratory Judgment Act because an actual controversy does not exist." *Id.* at *1. In particular, the existence of a proceeding that the plaintiff initiated "without more, [did] not show the existence of a live controversy," *id.* at *3, because "[w]ithout an indication from M22 that the State is infringing, 'the controversy exists in the mind of only one side, which makes it speculative (as opposed to

11

real) and one-sided (as opposed to between the parties)." *Id.* (citation and internal quotation marks omitted).

Likewise, here, Plaintiff unilaterally seeks a declaratory judgment related to Take-Two's copyright registrations that never have been asserted against Plaintiff. Thus, under *M22*, Plaintiff has not demonstrated the existence of an actual controversy related to Take-Two's copyrights, and his declaratory judgment claim should be dismissed.

## III. PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES AND ATTORNEY'S FEES IS IMPROPER AS A MATTER OF LAW

Plaintiff's claims for statutory damages and attorney's fees for his copyright claim should be dismissed because Take-Two's alleged infringement began before the Registered Tattoos were registered with the Copyright Office.[6] The Copyright Act forecloses the "award of statutory damages or of attorney's fees" for "any infringement of copyright commenced after first published of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412; *Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir. 1996) (holding plaintiff "was not entitled to statutory damages or attorney's fees because the alleged infringement commenced before the effective date of [plaintiff's] copyright registration. . . . [and plaintiff's] registration certificate is also beyond three months from the date of the alleged first publication").[7] This principle bars the availability of statutory damages and attorney's fees for versions of *NBA 2K* that were released before and after Plaintiff's copyright registrations.

---

[6] Statutory damages and attorney's fees also are not available for infringement of the Unregistered Tattoos. *See Oddo v. Ries*, 743 F.2d 630, 634 (9th Cir. 1984) (where work is unregistered Section 412 "precludes [plaintiff] from collecting statutory damages, or attorney's fees under § 505").

[7] *See also Mason v. Montgomery Data, Inc.*, 741 F. Supp. 1282, 1285–86 (S.D. Tex. 1990) (statutory damages unavailable as plaintiff did not register copyrights before defendant commenced series of continuing infringements), *rev'd on other grounds*, 967 F.2d 135 (5th Cir. 1992); *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 535 (E.D.N.Y. 1988) (same), *aff'd*, 923 F.2d 845 (2d Cir. 1990); *Whelan Assocs., Inc. v. Jaslow*

As to versions of *NBA 2K* released **before** Plaintiff's copyright registrations, there is no question that the alleged infringement commenced before the effective dates of the Registered Tattoos.  Plaintiff admits that the Registered Tattoos appeared in the *NBA 2K* series as early as *NBA 2K16*, and that *NBA 2K16* was released "[o]n or around September 29, 2015."  Compl. ¶¶ 127–30.  The effective dates of Plaintiff's registration certificates are not until a year later, September 2016 and August 2017.[8]  *Id.*, Exs. C–H; *see also id.* ¶¶ 88, 92, 96, 100, 104.  If any alleged infringement occurred, it commenced prior to the effective registration of the works.  Thus, the remedies sought by Plaintiff are not available for *NBA 2K16*.

As to versions of *NBA 2K* released **after** Plaintiff's copyright registrations, that remedy is barred as well because, as Plaintiff tacitly admits, each version of the *NBA 2K* builds on "the prior year's iteration of the basketball video game."  Compl. ¶ 165.  Each iteration of the game is the "latest edition" of *NBA 2K*.  *See, e.g.*, *id.* ¶ 143.  As the Sixth Circuit explained in *Johnson v. Jones*, an act of infringement commences "when the first act in a series of acts constituting continuing infringement occurs."  149 F.3d 494, 506 (6th Cir. 1998) (affirming denial of request for statutory damages and attorney's fees where first act of infringement occurred before registration).  Numerous courts have dismissed such claims based on this well-settled principle.  *See, e.g., Compass Homes, Inc. v. Trinity Health Grp., Ltd.*, No. 2:13 Civ. 647, 2016 WL 3406054, at *9–10 (S.D. Ohio June 21, 2016) (dismissing statutory damages and attorney's fees claim where first step in series of infringing acts occurred before registration).[9]

---

*Dental Lab., Inc.*, 609 F. Supp. 1325, 1331 (E.D. Pa. 1985) (attorney's fees and costs unavailable where plaintiff did not register copyright before defendant commenced infringement in a series of on-going discrete infringements).

[8]  Defendants also note that none of Hayden's registered works were registered within three months of their publication.  *See* Exs. C–H.

[9]  *See also Feldhacker v. Homes*, 173 F. Supp. 3d 828, 830–36 (S.D. Iowa 2016) (granting motion to dismiss where infringement began before registration, and noting that Ninth, Sixth, Fifth, Fourth, Second, and First

13

Moreover, one court already has analyzed this issue with regard to *NBA 2K*, and dismissed such claims for relief.  In *Solid Oak Sketches*, a company purported to have purchased certain rights to NBA player tattoos and alleged that Take-Two infringed the copyrights in them by depicting the athletes in *NBA 2K*.  2016 WL 4126543, at *3.  The Southern District of New York held that because Take-Two was alleged to infringe the same tattoos in different versions of *NBA 2K*, statutory damages and attorney's fees were not available for use of the tattoos in post-registration versions of *NBA 2K*.  *Id.*  Accordingly, it granted Take-Two's Rule 12(b)(6) motion to dismiss on the same basis that Take-Two seeks relief here.  *Id.*

Likely aware of these cases, Plaintiff attempts to plead around their clear holdings by asserting that minor improvements and additions to different versions of *NBA 2K* make each version a discrete work.  Compl. ¶ 142.  Specifically, Plaintiff points to "improved graphics, new player animations, improved gameplay, new in-game commentary, and significant additions and improvements to game modes."  *Id.* ¶ 141.  Plaintiff's attempt to avoid the foregoing case law fails for three reasons.

***First***, the improvements and additions on which Plaintiff relies are the same as those considered by the court in *Solid Oak*.  As discussed above, the Southern District of New York already has reviewed different versions of *NBA 2K* and found that each version is not a distinct work for purposes of statutory damages and attorney's fees relief.  2016 WL 4126543, at *2–3.

---

Circuits have adopted that principle); *Steele v. Bell*, No. 11 Civ. 9343, 2014 WL 1979227, at *6 (S.D.N.Y. Mar. 28, 2014) (holding that post-infringement re-posting of infringing material online is not a new, separate act of infringement, but rather a repeat of pre-registration infringement, and therefore statutory damages were unavailable); *Shady Records, Inc. v. Source Enters., Inc.*, No. 03 Civ. 9944, 2005 WL 14920, at *21 (S.D.N.Y. Jan. 3, 2005) (concluding that a reposting of a work was "nothing more than the continuation of the series of acts"); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (granting motion to dismiss claim for statutory damages where alleged acts of infringement were ongoing and began before registration); *Johnson v. Univ. of Virginia*, 606 F. Supp. 321, 325 (D. Va. 1985) (dismissing plaintiff's claim for statutory damages and attorney's fees where plaintiffs did not register copyrights before defendant allegedly commenced series of infringements).

Specifically, it held that the "pre- and post-registration versions of the 2K series are the same basketball simulation video game." *Id.* at *3. The Court even considered "updates to the title and visual and graphical improvements," like those mentioned in Plaintiff's Complaint, and found that they did not change its analysis. *Id.*

**Second**, in addition to the *Solid Oak* case, numerous other decisions have held that changes like those described by Plaintiff are insufficient under § 412. In *Irwin v. ZDF Enterprises GmbH*, for example, the plaintiff had composed an orchestral composition that the defendants allegedly had used without authorization in a television program. No. 04 Civ. 8027, 2006 WL 374960, *6 (S.D.N.Y. Feb. 16, 2006). One version of the program was released before plaintiff's composition was registered, and a second, "newly configured version of the program" with a different title was released after registration. *Id.* at *2. The court held that statutory damages and attorneys' fees were unavailable because the second, "new program" was part of "a series of ongoing discrete infringements." *Id.* at *6. Similarly, in *Dyer v. Napier*, post-registration customizing of an allegedly infringing sculpture by changing its size, surface texture, and by adding different sized pedestals did not commence a new infringement under § 412. No. 04 Civ. 0408, 2006 WL 680551, at *4 (D. Ariz. March 16, 2006).[10]

**Third**, Plaintiff's allegations have nothing to do with the manner in which Take-Two allegedly infringed Plaintiffs' *tattoos*. Compl. ¶ 141. This is a tacit admission that Take-Two

---

[10] This standard is applied consistently across the Circuits. *See New Name, Inc. v. Walt Disney Co.*, No. 07 Civ. 5034, 2008 WL 5587487, at *4–5 (C.D. Cal. July 23, 2008) (dismissing claim for statutory damages and attorneys' fees where second infringing t-shirt, developed post-registration, was just a continuation of a different, first t-shirt, developed pre-registration*); Sartor v. Walters*, No. 06 Civ. 0011, 2006 WL 3497856, at *4 (W.D. La. Dec. 5, 2006) (holding that post-registration publication of new issues of a magazine using the same allegedly infringing layout did not commence a new and separate infringement under § 412); *Gloster v. Relios, Inc.*, No. 02 Civ. 7140, 2006 WL 1804572, at *4 (E.D. Pa. June 28, 2006) (holding that creating and selling new jewelry designs after plaintiff's copyright registration did not commence a new infringement when "the allegedly infringing part of the jewelry [was] unchanged in the subsequently created pieces of jewelry").

has used the tattoos in the same manner in each edition of *NBA 2K*: on the avatars of the athletes who bear them in real life.  This admission is fatal to Plaintiff's claims for relief as the question *de jure* is whether "the same person" allegedly copied "the same copyrighted work" doing "the same kind of alleged copying" as had occurred before registration of the work.  *B2B CFO Partners, LLC v. Kaufman*, 787 F. Supp. 2d 1002, 1012 (D. Ariz. 2011) (holding that statutory damages and attorney's fees were unavailable).[11]  Accordingly, as Take-Two commenced use of Plaintiff's works prior to the effective dates of Plaintiff's certificates of registration, statutory damages and attorney's fees are unavailable as a matter of law, and Plaintiff's damages claims should be dismissed.  *See Johnson v. Jones*, 149 F.3d at 506.

## CONCLUSION

For the foregoing reasons, Take-Two respectfully requests that this Court grant its motion to dismiss.[12]

---

[11]  *See also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008) (holding that "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412" where defendant used an infringing hang tag on different garments before and after registration); *Mason v. Montgomery Data, Inc*., 967 F.2d 135, 144 (5th Cir. 1992) (holding that "a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration").

[12]  Take-Two has not answered the Second Amended Complaint because it reads Federal Rule of Civil Procedure 12(a)(4) as postponing its deadline to answer until "14 days after the notice of the court's action" on this motion.  If, however, the Court reads the rule differently, then Take-Two requests an extension of time permitting it to answer the Second Amended Complaint within 14 days of a decision on this motion.

Dated:  New York, NY
        June 18, 2018

                                        */s/ Dale M. Cendali*

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

David T. Movius (OH 0070132)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
dmovius@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and*
*Take-Two Interactive Software, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

    */s/ Dale M. Cendali*
**Attorney for Defendants 2K Games, Inc. and**
**Take-Two Interactive Software, Inc.**

## **L.R. 7.1(F) CERTIFICATION**

In accordance with Local Rule 7.1(f), I hereby certify that this case is on the standard track

and that the foregoing memorandum complies with the applicable page limitation of 20 pages.


  _/s/Dale M. Cendali_____

*Attorney for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*