IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES HAYDEN,                  )   CASE NO. 1:17-cv-02635-CAB

                         )

              Plaintiff,    )   JUDGE CHRISTOPHER A. BOYKO

                         )

      v.                  )

                         )

2K GAMES, INC. et al.,     )

                         )

              Defendants.  )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS IN PART**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................... 1

II.   LAW ......................................................................................................................... 2

III.  ARGUMENT ............................................................................................................ 3

A.    Hayden's unjust enrichment claim is not preempted by the Copyright Act ................... 3

1.    Take-Two fails to establish that Hayden's tattoos are the subject matter of copyright ... 3

2.    Take-Two fails to establish that Hayden's unjust enrichment claim is equivalent to a copyright claim ........................................................................................................... 7

B.    There is an actual case or controversy as to Take-Two's fraud on the Copyright Office ... 9

C.    Whether Hayden is entitled to statutory damages and attorneys' fees is a factual question for a jury, not a question of law ............................................................................ 13

IV.   CONCLUSION ....................................................................................................... 21

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Auto. Body Parts Ass'n v. Ford Global Techs., LLC*, Case No. 2:15 cv 10137, 2018 U.S. Dist. LEXIS 26290 (E.D. Mich. Feb. 2018) .......................................................................... 9, 11, 13

*Automated Solutions Corp. v. Paragon Data Sys.*, No. 1:05-cv-1519, 2006 U.S. Dist. LEXIS 98050 (N.D. Ohio July 5, 2006) ...................................................................................... 8, 11, 13

*B.R. Knez Construction, Inc. v. Ensinger*, No. 07 Civ. 3376, 2009 WL 10688321 (N.D. Ohio Aug. 19, 2009) ....................................................................................................................... 6

*B2B CFO Partners, LLC v. Kaufman*, 787 F. Supp. 2d 1002 (D. Ariz. 2011) ............................ 16

*Beachwood Hair Clinic, Inc. v. Hair Loss Treatment & Prod., LLC*, No. 1:08 Civ. 941, 2009 WL 10688076 (N.D. Ohio Mar. 31, 2009) ................................................................................ 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ................................................................ 2

*Capital Concepts, Inc. v. Mt. Corp.*, No. 3:11-CV-00036, 2012 U.S. Dist. LEXIS 182874 (W.D. Va. Dec. 30, 2012) ........................................................................................................... 4, 5, 6

*Compass Homes, Inc. v. Trinity Health Group, Ltd.*, No. 2:13-cv-647, 2016 U.S. Dist. LEXIS 80493 (S.D. Ohio June 21, 2016) ............................................................................................ 16

*Computer Automation Sys. v. Intelutions, Inc.*, No. 13-1292, 2013 U.S. Dist. LEXIS 158525 (D.P.R. Nov. 4, 2013) ............................................................................................................... 4

*Cotter v. Christus Gardens, Inc.*, No. 99-5996, 2000 U.S. App. LEXIS 33473 (6th Cir. Dec. 12, 2000) .......................................................................................................................... 15, 18, 19

*Crew Knitwear, Inc. v. U.S. Textile Printing,  Inc.*, No. CV07-7658, 2009 U.S. Dist. LEXIS 12180 (C.D. Cal. Feb. 6, 2009) ............................................................................................. 11

*Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696 (9th Cir. 2008)................................. 16

*Diamond v. Gillis*, 357 F. Supp. 2d 1003 (E.D. Mich. 2005) ....................................................... 6

*Dyer v. Napier*, No. CIV04-0408, 2006 U.S. Dist. LEXIS 11855 (D. Ariz. Mar. 16, 2006) ....... 16

*EZ-Tixz v. Hit-Tix, Inc.*, 919 F. Supp. 728 (S.D.N.Y. 1996) ....................................................... 16

*Feldhacker v. Giovanti Homes*, 173 F. Supp. 3d 828 (S.D. Iowa 2016) ..................................... 16

*Gloster v. Relios, Inc.*, No. 02-7140, 2006 U.S. Dist. LEXIS 43995 (E.D. Pa. June 28, 2006) ... 16

*Gomba Music Inc. v. Clarence Avant & Interior Music Corp.,* 62 F. Supp. 3d 632 (E.D. Mich. Nov. 25, 2014).................................................................................................................... 11, 13

*Handy-Clay v. City of Memphis*, 695 F.3d 531 (6th Cir. 2012)................................................. 2, 16

*Harper & Row, Publishers v. Nation Enters.*, 471 U.S. 539 (1985)........................................... 14

*Johnson v. Jones*, 149 F.3d 494 (6th Cir. 1998) .................................................................... 15, 16

*Johnson v. Univ. of Va.*, 606 F. Supp. 321 (W.D. Va. 1985)...................................................... 16

ii

*Martinez v. McGraw,* No. 3:08-0738, 2009 U.S. Dist. LEXIS 69862 (M.D. Tenn. Aug. 10, 2009) .................................................................................................................. 12

*MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007) ................................................ 9, 10, 13

*Michigan v. M22 LLC*, No. 1:16-CV-1084, 2017 U.S. Dist. LEXIS 60834 (W.D. Mich. April 21, 2017) ........................................................................................................................ 12

*Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008) .................................... 9

*Miller v. Currie*, 50 F.3d 373 (6th Cir. 1995) .............................................................................. 2

*Murray Hill Publ'ns, Inc. v. ABC Communs., Inc.*, 264 F.3d 622 (6th Cir. 2001) ................ 3, 6, 7

*New Name, Inc. v. Walt Disney Co.*, No. CV 07-5034, 2008 U.S. Dist. LEXIS 107203 (C.D. Cal. July 23, 2008) ....................................................................................................... 16

*Niemi v. Am. Axle Mfg & Holding Inc.*, No. 05-74210, 2008 U.S. Dist. LEXIS 25995 (E.D. Mich. Mar. 31, 2008) .................................................................................................. 15

*Pearson v. FirstEnergy Corp. Pension Plan*, 76 F. Supp. 3d 669 (N.D. Ohio 2014) .................... 5

*SanDisk Corp. v. STMicroelectronics, Inc*., 480 F.3d 1372 (Fed. Cir. 2007) ................................ 9

*Sartor v. Walters*, No. 06-0011, 2006 U.S. Dist. LEXIS 87835 (W.D. La. Dec. 5, 2006) ........... 16

*Shady Records, Inc. v. Source Enters.*, 03 Civ. 9944, 2004 U.S. Dist. LEXIS 26143 (S.D.N.Y. Jan. 3, 2005) .......................................................................................................... 16

*Shirokov v.  Dunlap, Grubb & Weaver PLLC*, No. 10-12043, 2012 U.S. Dist. LEXIS 42787 (D. Mass. Mar. 27, 2012) ............................................................................................ 11, 13

*Snap-On Bus. Solutions Inc. v. O'Neil & Assocs.*, 708 F. Supp. 2d 669 (N.D. Ohio 2010) ........... 7

*Solid Oak Sketches, LLC v. 2K Games, Inc.*, 1:16-cv-724 (S.D.N.Y.) ..................................... 4, 20

*Star Patrol Enters. v. Saban Entm't*, No. 95-56534, 1997 U.S. App. LEXIS 29994 (9th Cir. Oct. 23, 1997) ........................................................................................................... 3

*Steele v. Bell*, No. 11 Civ. 9343, 2014 U.S. Dist. LEXIS 44056 (S.D.N.Y. Mar. 28, 2014) ........ 16

*Stromback v. New Line Cinema*, 384 F.3d 283 (6th Cir. 2004) ..................................................... 6

*Tacori Enters. v. Rego Mfg.,* No. 1:05cv2241, 2008 U.S. Dist. LEXIS 73686 (N.D. Ohio Sept. 25, 2008) ........................................................................................................... 12

*Tastefully Simple, Inc. v. Two Sisters Gourmet, L.L.C.*, 134 Fed. Appx. 1 (6th Cir. 2005) ........... 6

*Virtual Studios v. Couristan, Inc.*, No. 11-427, 2011 U.S. Dist. LEXIS 51943 (D.N.J. May 16, 2011) ......................................................................................................... 4

*Whitmill v. Warner Bros. Entm't, Inc.*, No. 4:11 Civ. 752 (E.D. Mo.) ........................................... 4

*World Religious Relief v. Gospel Music Channel*, 563 F. Supp. 2d 714 (E.D. Mich. May 20, 2008) ....................................................................................................... 12

## Other Authorities

17 U.S.C. § 101 .................................................................................................................. 14

17 U.S.C. § 107 ......................................................................................................... 18

17 U.S.C. § 201(a) – (b) ........................................................................................... 12

17 U.S.C. § 412 ......................................................................................................... 13

28 U.S.C. § 2201(a) .................................................................................................. 10

U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 101, 906.4 (3d ed. 2017) .................................................................................................................... 6

Plaintiff, James Hayden ("Hayden"), by and through undersigned counsel, hereby opposes the Motion of Defendants, 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two"), To Dismiss In Part Plaintiff's Second Amended Complaint (the "Motion").

## I.     INTRODUCTION

This case is *not*, as Take-Two suggests, about whether "a tattooist can force his clients to seek his permission every time that they are depicted in public."  (Defs.' Mem. ("Brief"), p. 1, ECF No. 14-1.)  Take-Two, of course, is not one of Mr. Hayden's clients.  Rather, this case obliges an individual artist to try to protect his rights against the intentional, unauthorized taking (*i.e.*, theft) and rapacious appropriation of his original creative works by well-heeled corporations acting with utter impunity, in service of their own commercial interests.  Indeed, Take-Two admitted in its Brief that it "commenced use of Plaintiff's works" (!) when it copied them in its video games.  (*Id.*, p. 16.)

That said, the merits of Hayden's copyright infringement claims are not at issue in Take-Two's pending Motion.  Take-Two's Motion, rather, seeks several premature rulings on Hayden's other claims for relief that cannot and should not be decided solely on the pleadings.

As set out in the Second Amended Complaint ("Complaint"), Hayden is a widely acclaimed tattoo artist (Complaint, ¶¶ 27, 30-32, ECF No. 12[1]) who resides in this District (¶ 26) and who was forced to bring this action in order to defend his rights in his original artistic creations, which Take-Two has appropriated wholesale, for its own commercial use, into its video games and promotional materials (*e.g.*, ¶¶ 127-130. 135-138, 143-146), in knowing and willful disregard of Hayden's rights (*e.g.*, ¶¶ 122-126, 151).

_____

[1]  Except as noted, citations to the Complaint are hereinafter noted simply by paragraph number – i.e., "¶¶ _____."

1

Take-Two's Motion asks this Court to exculpate it from various consequences of its wrongdoing before it has even been called to answer the allegations against it. Critically, of course, all well-pleaded averments in the Complaint must be taken as true, for purposes of the instant Motion. *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). Thus, the Motion is not only premature in its timing—Take-Two should be obliged to answer the Complaint, admit the essential facts therein that cannot be disputed and provide proper discovery to fill out the factual record before the issues raised in the Motion are adjudicated—but is wrong as a matter of law. Take-Two improperly asks the Court to insert itself, at the very outset of this proceeding, in order to decide, as questions of *law*, key determinations which are properly left to the triers of *fact—i.e*., the jury—after trial on the merits.[2]

Take-Two's Brief mischaracterizes Hayden's allegations and misapplies the law, encouraging the Court, improperly, to draw adverse inferences against Hayden in order to justify the relief Take-Two seeks. Accordingly, as set out more fully below, Take-Two's Motion should be denied.

## II.     LAW

A claim survives a Rule 12(b)(6) motion to dismiss if it contains facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level. *Handy-Clay*, 695 F.3d at 538 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also, e.g., Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). In analyzing whether a claim is plausible and sufficient, the Court must *construe the Complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff. Id.*

---

[2] Or, at the very earliest, *assuming no relevant facts are in dispute*, on summary judgment.

### III.    ARGUMENT

#### A.    Hayden's unjust enrichment claim is not preempted by the Copyright Act.

Take-Two fails to meet the federal preemption test it relies on to justify the requested dismissal of Hayden's unjust enrichment claim.  For the Copyright Act to preempt Hayden's unjust enrichment claim, Take-Two must establish that (1) Hayden's tattoos—those registered and not registered—are within copyright subject matter; and (2) Hayden's unjust enrichment claim is equivalent to a copyright claim.  *Murray Hill Publ'ns, Inc. v. ABC Communs., Inc.*, 264 F.3d 622, 636 (6th Cir. 2001) (abrogated on other grounds).  Take-Two fails to establish either prong.

> 1.    *Take-Two fails to establish that Hayden's tattoos are the subject matter of copyright.*

Hayden's unjust enrichment claim asserts that Take-Two benefitted from falsely holding itself out as the sole author of the content in its NBA 2K games, including Hayden's tattoos.  (¶¶ 169, 194, 202-205.)  For purposes of determining whether Hayden's tattoos are the subject matter of copyright, Hayden's tattoos fall into two categories: (1) six tattoos for which Hayden obtained copyright registrations; and (2) many tattoos for which Hayden did not obtain copyright registrations.  (¶¶ 111 – 121.)  Take-Two's position—that all these tattoos can simply be lumped together in determining whether "tattoos" in general are the subject matter of copyright—ignores the facts and the law.

As to the registered tattoos, it is premature to decide the subject matter prong of the preemption analysis.  Preemption cases are "highly dependent upon the facts presented and the claims actually pled by the parties."  *Murray Hill*, 264 F.3d at 636 (preemption issue decided at summary judgment stage); *see also Star Patrol Enters. v. Saban Entm't*, No. 95-56534, 1997 U.S. App. LEXIS 29994, at *10 (9th Cir. Oct. 23, 1997) (declining to "engage in a largely fact-

3

driven [copyright] preemption analysis on the appeal of a Rule 12(b)(6) dismissal" because "[d]iscovery is required before a meaningful examination of preemption issues can occur"); *see also, Virtual Studios v. Couristan, Inc.*, No. 11-427, 2011 U.S. Dist. LEXIS 51943, at *10 (D.N.J. May 16, 2011) (denying motion to dismiss for copyright preemption because the court "will be in a far better position to make such a qualitative assessment once the record in this matter has been more fully developed").

Here, however, there has been no fact discovery, and Take-Two has not pleaded any defenses.  Indeed, there is a significant prospect that Take-Two may adopt a defense that Hayden's registered copyrights are *not* protected by copyright—a position at odds with its current argument.[3]  If and when it does, the Court should consider such a defense and allow the record to develop before determining the preemption issue.  *See Capital Concepts, Inc. v. Mt. Corp.*, No. 3:11-CV-00036, 2012 U.S. Dist. LEXIS 182874, at *56–57 (W.D. Va. Dec. 30, 2012); *see also, Computer Automation Sys. v. Intelutions, Inc.*, No. 13-1292, 2013 U.S. Dist. LEXIS 158525, at *11 (D.P.R. Nov. 4, 2013) (finding dismissal for copyright preemption "premature" "without factual development" because "[w]ere the court to rule as Defendant asks in the immediate and should Defendant convince the court to dismiss the copyright claim at any point, Plaintiff would be unjustly foreclosed from asserting its claim for tortious interference").

Indeed, in *Capital Concepts, Inc. v. Mt. Corp.*, a court denied a defendant's *summary judgment* motion that argued the plaintiff's unjust enrichment claim was preempted by copyright law because it was "inappropriate" to resolve, "given that Defendants challenge Plaintiff's

---

[3] Indeed, in a similar case, *Solid Oak Sketches, LLC v. 2K Games, Inc.*, 1:16-cv-724 (S.D.N.Y.), Take-Two questioned the copyrightability of tattoos, citing a David Nimmer declaration (from *Whitmill v. Warner Bros. Entm't, Inc.*, No. 4:11 Civ. 752 (E.D. Mo.)) for the proposition that: "a 'claim of copyright over a tattoo . . . must be summarily rejected.'" (Ex. A, *Solid Oak* Answer, ¶ 30.)  The same attorneys who represent Take-Two in this case filed the Answer in *Solid Oak*. (*See id.*, at p. 11.)

copyrights in the Copyrighted Designs." 2012 U.S. Dist. LEXIS 182874, at *56–57.  Because

the defendants "intend[ed] to argue facts and law at trial in support of their position that Plaintiff

has no protected copyrights in the Designs," the court held that it "cannot reach the preemption

issue regarding the unjust enrichment claim until this issue is resolved at trial." *Id.*  In other

words, the court found it premature to determine the preemption issue because the defendant

challenged the plaintiff's copyrights.  The Court, here, should exercise similar discretion,

*especially* at this very early stage in the proceedings.

In arguing that Hayden's tattoos satisfy the subject matter test in its Brief, Take-Two

does not appear to abandon such a challenge to Hayden's registered copyrights.  Rather than

affirmatively state that Hayden's registered tattoos *are* the subject matter of copyright, Take-

Two argues that *Hayden* "admitted" in his Complaint that tattoos are the subject matter of

copyright.  (Defs.' Mem., p. 6, ECF No. 14-1.)  This, however, is incorrect. Hayden pleaded his

unjust enrichment claim *in the alternative* to his copyright infringement claim. (¶ 1.) The Federal

Rules allow a party to plead claims in the alternative—even inconsistent ones.[4]  *Pearson v.*

*FirstEnergy Corp. Pension Plan*, 76 F. Supp. 3d 669, 675 (N.D. Ohio 2014) ("Of course, the fact

that these alternatively pled claims are mutually exclusive is of no consequence at the pleading

stage. Under Rule 8, '[a] party may state as many separate claims or defenses as it has,

*regardless of consistency*.'").  Accordingly, Take-Two cannot challenge Hayden's unjust

enrichment claim on the basis that it is inconsistent with his copyright infringement claim.

---

[4] Although Hayden pleaded his unjust enrichment claim in the alternative, Hayden could prevail
on *both* his copyright infringement claims and unjust enrichment claims under various sets of
facts.  For example, Take-Two could be found to infringe Hayden's registered tattoos *and* be
found to be unjustly enriched by its false statements about authorship and exercise of
proprietorship of all his tattoos—an act not equivalent to copyright infringement.

The Court should defer ruling on Take-Two's copyright preemption claim until Take-Two answers the Complaint and discovery allows the facts to be more fully developed.  *See, e.g., Murray Hill*, 264 F.3d at 636; *Capital Concepts, Inc.*, 2012 U.S. Dist. LEXIS 182874, at *56–57. Indeed, many of the cases Take-Two cites in support of its preemption argument are decided at the summary judgment phase or do not involve a dispute as to whether the works are within the subject matter of copyright.[5]  Thus, Take-Two's Motion should be denied for this reason alone.

As to Hayden's unregistered tattoos, Take-Two's argument that "Plaintiff's entire case is premised on the idea that tattoos are within the scope of the subject matter of copyright" is incorrect and an obvious overstatement.  (Defs.' Mem., p. 6, ECF No. 14-1.)  Hayden has not asserted that *all* tattoos are within the subject matter of copyright.  Like other types of works, tattoos come in many variations, and whether a tattoo is the subject matter of copyright is a factual issue dependent on the nature of the tattoo.  *See Tastefully Simple, Inc. v. Two Sisters Gourmet, L.L.C.*, 134 Fed. Appx. 1, at *4–5 (6th Cir. 2005) (denying motion for summary judgment that unjust enrichment claims were preempted by copyright, finding that some consultant manual materials were within the scope of copyright and *some were not*).  Indeed, Hayden states that some of his unregistered tattoos are typographical ornamentation or lettering (e.g., ¶ 188), which are expressly uncopyrightable.  (Ex. B, Excerpt of U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 101, 906.4 (3d ed. 2017) ("As a general rule, typeface, typefont, lettering, calligraphy, and typographic ornamentation are not registrable.").)

---

[5] *See Murray Hill*, 264 F.3d at 627 (summary judgment); *Stromback v. New Line Cinema*, 384 F.3d 283, 289 (6th Cir. 2004) (summary judgment); *B.R. Knez Construction, Inc. v. Ensinger*, No. 07 Civ. 3376, 2009 WL 10688321, at p. 2 (N.D. Ohio Aug. 19, 2009) (summary judgment); *Beachwood Hair Clinic, Inc. v. Hair Loss Treatment & Prod., LLC*, No. 1:08 Civ. 941, 2009 WL 10688076, at *3–5 (N.D. Ohio Mar. 31, 2009) ("The parties agree that Plaintiff's videos are within the scope of the subject matter of copyright . . . ."); *Diamond v. Gillis*, 357 F. Supp. 2d 1003, 1009–10 (E.D. Mich. 2005) ("There is no dispute that 'The White Stripes' and 'De Stijl' are sound recordings within the subject matter of copyright.").

Again, Take-Two offers no support for its claim that these tattoos are the subject matter of copyright besides its incorrect suggestion that Hayden admitted they were.  Accordingly, Take-Two's Motion should be denied.

> ### 2. *Take-Two fails to establish that Hayden's unjust enrichment claim is equivalent to a copyright claim.*

Take-Two's argument that Hayden's unjust enrichment claims are equivalent to a copyright claim ignores important paragraphs in the Complaint.  To satisfy the equivalency prong of the preemption analysis, Take-Two must show that Take-Two's acts that constitute unjust enrichment would in and of themselves infringe an exclusive right under the copyright law.  *Murray Hill*, 264 F.3d at 636.  The Copyright Act, however, does not preempt all unjust enrichment claims.  *Snap-On Bus. Solutions Inc. v. O'Neil & Assocs.*, 708 F. Supp. 2d 669, 681 (N.D. Ohio 2010).  If an additional act is alleged beyond the acts of reproduction, performance, distribution or display, there is no preemption.  *Murray Hill*, 264 F. 3d at 636.  This is precisely the case here.

Unlike his copyright claims, Hayden's unjust enrichment claim asserts that Take-Two has "appropriated and exercised proprietorship over HAYDEN's tattoos without acknowledging him in any way for the use of his artwork in their products."  (¶ 194; *see also* ¶ 162 ("Defendants are unjustly enriched by their exercise of proprietorship over HAYDEN's Works.").)  Take-Two has not merely retained the benefits related to its copying, modification, distribution, and display of Hayden's tattoos in its games; Take-Two has also falsely claimed to be the sole proprietor of the content in the accused games, which includes Hayden's tattoos, and has promoted them accordingly.  (¶¶ 127–132, 135–138, 143–146, 169.)  By holding itself out as the owner/proprietor of all the content in its games (including the tattoos), Take-Two obtained

copyright registrations for its accused games (¶¶ 198–229) and received praise, corresponding acknowledgment, and benefit to which it was not entitled.

Take-Two fails to address this extra element in Hayden's unjust enrichment claim.  In *Automated Solutions Corp. v. Paragon Data Sys.*, a court in this District denied a motion to dismiss an unjust enrichment claim for preemption under the Copyright Act for precisely this reason.  No. 1:05-cv-1519, 2006 U.S. Dist. LEXIS 98050, at *51–52 (N.D. Ohio July 5, 2006). In *Automated*, the plaintiff asserted copyright infringement and unjust enrichment arising out of the defendant's use and false ownership statements regarding software.  *Id.* at *10–11.  As in this case, the defendant moved to dismiss the unjust enrichment claim, arguing that it was preempted by the Copyright Act.  *Id.* at *13.  The court denied the motion to dismiss, reasoning that the defendant "might be able to make good its claims for . . . unjust enrichment" based on the defendant's false statements "involving its rights to the [software.]"  *Id.* at *51.  This reasoning applies equally to Hayden's unjust enrichment claim.

As in *Automated*, Take-Two obtained a copyright registration and other benefits based on its false ownership statements regarding Hayden's tattoos, including Take-Two's copyright ownership claims in each accused game's packaging insert.  (¶ 169.)  Take-Two's acts of falsely holding itself out as the sole proprietor of the content in its games are obviously not equivalent to any exclusive right protected under the Copyright Act, and, thus, distinguish Hayden's unjust enrichment claim from a copyright claim.  *See Automated*, 2006 U.S. Dist. LEXIS 98050, at *51–52.  Accordingly, Take-Two fails to establish the second preemption prong, and, thus, the Motion should be denied for this reason alone.

**B.      There is an actual case or controversy as to Take-Two's fraud on the Copyright Office.**

Count IV of the Complaint seeks "a declaration as to the rights and other legal relations of HAYDEN and Defendants and a declaration TAKE-TWO's copyrights in NBA 2K16, NBA 2K17 and NBA 2K18 are invalid due to fraud on the Copyright Office."  (¶ 233.)  Take-Two argues Count IV should be dismissed as failing to allege an "actual case or controversy" as required by the Declaratory Judgement Act, 28 U.S.C. S 2201(a) and Article III's case or controversy requirement.

As Take-Two's Brief acknowledges, after *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118 (2007), a declaratory judgment plaintiff does not need to establish a reasonable apprehension of a lawsuit in order to establish that there is an actual controversy between the parties. *See SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1384 (Fed. Cir. 2007).  Instead, a "more lenient legal standard," *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008), applies: "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127; *Auto. Body Parts Ass'n v. Ford Global Techs., LLC*, Case No. 2:15 cv 10137, 2018 U.S. Dist. LEXIS 26290, at *34–35 (E.D. Mich. Feb. 2018) (denying motion to dismiss claims seeking declaration of invalidity or unenforceability of Ford's patents, despite that Ford had not threatened to assert infringement against the plaintiff).  This is a *fact-specific* standard.

Though paying lip-service to the *Medimmune* standard, Take-Two's Brief fails to appropriately apply it and ignores the well-pled facts in the Complaint.  Instead of asking whether the facts alleged, under all the circumstances, show there is a substantial controversy, Take-Two argues this Court must identify a hypothetical claim Take-Two (the defendant) might

9

have against Hayden (the plaintiff), and then ask whether Take-Two has ever threatened Hayden with that particular claim. (Defs.' Mem., p. 10, ECF No. 14-1.) Using this false construct, Take-Two argues there is no case or controversy simply because the "Complaint does not allege that Take-Two has ever threatened Plaintiff with a lawsuit for infringement of Take-Two's copyrights in NBA 2K16 or NBA 2K17." (*Id.*) Take-Two's false construct should be rejected.

As an initial matter, if courts were to follow Take-Two's incorrect legal standard, one could obtain numerous registrations falsely claiming authorship, and the true author would be powerless to address his harm for so long as the false registrant simply refrained from asserting a suit against the true author. Contrary to Take-Two's Brief, Hayden's declaratory judgement claim is not foreclosed by the absence of a threat by Take-Two to assert its fraudulently obtained copyrights against him. To the contrary, the Declaratory Judgement Act expressly authorizes courts to "declare the rights and other legal relations of any interested party seeking such declaration, *whether or not further relief is or could be sought*." 28 U.S.C. § 2201(a) (emphasis added).

Here, the Complaint expressly alleges that Hayden is the author of original works of authorship (¶¶ 26-112, 204, 213, 222), that Take-Two has held itself out as author and owner of those works (*id.*, ¶¶ 169, 202-203, 205, 211-212, 214, 220-221, 223), that Take-Two has benefited from doing so (*id.*, ¶¶ 227-229), and that Hayden is being injured because of Take-Two's conduct (*id.*, ¶ 229). Under the totality of these circumstances, there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *MedImmune, Inc.*, 549 U.S. at 127. Take-Two's Motion should be denied.

Take-Two further argues fraud on the copyright office is only a *defense* to a claim of copyright infringement, and not an affirmative claim. (Defs.' Mem., p. 10, ECF No. 14-1.)  This, too, mischaracterizes the law.  Many courts, including in this District, have permitted claims for declaratory judgement that a copyright is invalid based on fraud on the copyright office.  *See, e.g., Gomba Music Inc. v. Clarence Avant & Interior Music Corp.,* 62 F. Supp. 3d 632, 642–43 (E.D. Mich. Nov. 25, 2014) (denying motion to dismiss declaratory judgment action for fraud on the copyright office); *Automated*, 2008 U.S. Dist. LEXIS 45914, at *30–31 (denying plaintiffs motion for judgment on the pleadings on defendant's counterclaim for a declaratory judgment of invalid copyright based on fraud on the copyright office); *Auto. Body*, 2018 U.S. Dist. LEXIS 26290, at *35; *Shirokov v.  Dunlap, Grubb & Weaver PLLC*, No. 10-12043, 2012 U.S. Dist. LEXIS 42787, at *94–96 (D.  Mass. Mar. 27, 2012) (rejecting defendants' argument that claim for fraud on the Copyright Office was not a recognized independent cause of action and should be dismissed, explaining that "although Shirokov may seek a declaration that Achte's copyright is invalid based on fraud on the Copyright Office, he cannot seek damages against the defendants on that basis.")*; Crew Knitwear, Inc. v. U.S. Textile Printing,  Inc.*, No. CV07-7658, 2009 U.S. Dist. LEXIS 12180, at *5 (C.D. Cal. Feb. 6, 2009)(denying summary judgment on plaintiffs fraud on the copyright office claim despite defendants' argument that it was not ripe for review; "[T]he Copyright Office *has* taken action by affirmatively approving Defendants' applications, relying upon the veracity of the contents made therein." (emphasis in original)). As in each of the foregoing cases, the Court here should find Hayden's declaratory judgement claim is well pled.

None of the cases cited by Take-Two support its request for dismissal of Count IV.  In *Tacori Enters. v. Rego Mfg.,* No. 1:05cv2241, 2008 U.S. Dist. LEXIS 73686, at *50 (N.D. Ohio

Sept. 25, 2008), the court noted that the "affirmative defense of fraud can serve as a basis to rebut the presumption of validity attached to a copyright registration certificate," but the court was not asked to address, and did not make any holding, as to whether fraud on the copyright office can be the basis for an independent claim. In fact, the opinion notes that "if the Court were to conclude that Tacorian, on behalf of Tacori, was a co-author of the . . . Design, Tacori clearly would have an ownership interest in the rights in the design. *See* 17 U.S.C. § 201(a)–(b)." *Id*. at * 33, n. 8. Because Hayden *is* the author of a material portion of the works Take-Two has represented it authored, *Tacori* supports sustaining Hayden's claim, not dismissing it.

In *Martinez v. McGraw,* No. 3:08-0738, 2009 U.S. Dist. LEXIS 69862, at *9 (M.D. Tenn. Aug. 10, 2009), also cited by Take-Two, the court found a lack of case or controversy as to ownership of the defendant's copyright registration. But there, the court noted, "Plaintiff does not allege that Defendants ever claimed a right in Plaintiff's song at issue." *Id.* By contrast, here, Hayden's Complaint expressly alleges "Take-Two's knowing failure to disclose that it did not author an appreciable amount of the artwork and visual elements in its registered works." (¶¶ 215, 224.) Unlike in *Martinez*, the Complaint in the instant action pleads a controversy as to the respective rights of the parties. Because of this factual difference, Take-Two's reliance on *Martinez* is misplaced.

The remaining cases cited by Take-Two are utterly inapposite, as they involved *trademarks*, as to which the declaratory judgment defendant had simply not taken *any* position. *Michigan v. M22 LLC*, No. 1:16-CV-1084, 2017 U.S. Dist. LEXIS 60834 (W.D. Mich. April 21, 2017); *World Religious Relief v. Gospel Music Channel*, 563 F. Supp. 2d 714 (E.D. Mich. May 20, 2008). Unlike the defendants in the foregoing cases, here, Take-Two *has* taken a

position.[6]  Here, the Complaint expressly alleges Hayden is the author of original works of authorship (¶¶ 26-112, 204, 213, 222), that Take-Two has held itself out as author and owner of those works (*id*., ¶¶ 169, 202-203, 205, 211-212, 214, 220-221, 223), and that the Copyright Office has taken action by affirmatively approving Take-Two's applications, relying on the veracity of the contents of the applications (*id*., ¶¶ 207, 216, 227).  Take-Two's inapposite, non-analogous cases do not support dismissing Hayden's Count IV.

In sum, the Complaint pleads facts sufficient to show under the totality of circumstances that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *MedImmune,* 549 U.S. at 127; *Gomba Music* 62 F. Supp. 3d at 642; *Automated,* 1:05 CV 1519, 2008 U.S. Dist. LEXIS 45914, at *29–30; *Auto. Body*, 2018 U.S. Dist. LEXIS 26290, at *35; *Shirokov*, 2012 U.S. Dist. LEXIS 42787, at *31.  Count IV should not be dismissed.

### C.    Whether Hayden is entitled to statutory damages and attorneys' fees is a factual question for a jury, not a question of law.

Take-Two's request for dismissal of Hayden's claims for statutory damages and attorney's fees should be rejected because, contrary to Take-Two's Brief, the Complaint does not admit that no infringement commenced after Hayden registered the copyrights in his tattoos.

17 U.S.C. § 412 states as follows:

In any action under this title . . . no award of statutory damages or of attorney's fees . . .  shall be made for—

(1)   any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

(2)   any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months *after the first publication of the work*. (emphasis added).

---

[6] Further, as *trademark* disputes, Take-Two's cited cases address entirely different types of rights and harms than the instant dispute, and the facts are inapposite.

Part (2) of the Section 412 is inapplicable, because there has not been a "first publication" of any of Hayden's Registered Works within the meaning of the Copyright Act. In other words, Hayden has *not* made a "distribution of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending."  17 U.S.C. § 101.  Each Registered Work was reduced to a tangible medium when it was inked on a person, and Hayden has never distributed copies of—*i.e.*, *published*—any of them. Take-Two's footnote 8, stating that "none of Hayden's registered works were registered within three months of their publication" is simply false.[7]

As to part (1), the issue presented is whether, for each Registered Work, infringement "commenced" before the effective date of registration.  The timeline alleged in the Complaint is as follows:

- September 29, 2015 – NBA 2K16 Released. (¶ 127.)

- September 6, 2016 – Effective Date of Registration for Gloria, Lion and Shoulder Stars Designs. (Exs. C-E to Compl., ECF 12-3, 12-4, 12-5.)

- September 20, 2016 – NBA 2K17 Released. (¶ 135.)

- August 11, 2017 – Effective Date of Registration for Fire, Scroll and Brother's Keeper Designs. (Exs. F-H to Compl., ECF 12-6, 12-7, 12-8.)

- September 19, 2017- NBA 2K18 Released. (¶ 143.)

Hayden acknowledges he may not be entitled to statutory damages or attorneys' fees based on Take-Two's use of his Registered Works in NBA 2K<u>16</u>, because none of the tattoos were registered before that game was released.  Hayden also acknowledges he is not entitled to

---

[7] While Take-Two has assuredly distributed millions of copies of Hayden's works, their wrongful conduct cannot deprive Hayden, as author, of his exclusive right to make such first publication. *See Harper & Row, Publishers v. Nation Enters.*, 471 U.S. 539, 555 (1985).

statutory damages or attorneys' fees under the Copyright Act based on Take-Two's use of his underlying works. However, Take-Two's position that he is not entitled to statutory damages based on Take-Two's use of his Registered Works in *any* of its games, merely because *one* of the games (NBA 2K16) was released before he registered (Defs.' Mem., p. 13, ECF No. 14-1) is wrong.

To hold in Take-Two's favor as to *all* the games, as Take-Two requests, this Court must find that *all* the games are a "series of acts constituting continuing infringement," *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998), rather than "separate, distinct acts of infringement," *Cotter v. Christus Gardens, Inc.*, No. 99-5996, 2000 U.S. App. LEXIS 33473, at *26 (6th Cir. Dec. 12, 2000). Take-Two is incorrect to ask this Court to find, *before hearing a shred of evidence,* that NBA 2K16 is not distinct from Take-Two's other games. *See Niemi v. Am. Axle Mfg & Holding Inc.*, No. 05-74210, 2008 U.S. Dist. LEXIS 25995, at *46 (E.D. Mich. Mar. 31, 2008) (denying motion for summary judgment precluding statutory damages because "there is a genuine issue of material fact whether Defendants' alleged post-registration infringement was continuing and ongoing or was separate and distinct from Defendants' alleged pre-registration infringement"). Notably, almost every case cited by Take-Two was decided after discovery, on

summary judgment, or after a trial, *not* at the pleading stage.[8]  In the one case cited by Take-Two decided at the pleading stage, the complaint *expressly conceded* that commencement of infringement began before registration.  *Feldhacker v. Giovanti Homes*, 173 F. Supp. 3d 828, 835 (S.D. Iowa 2016).  Take-Two's cited cases show that whether a series of infringing acts are distinct versus continuous is clearly a *factual* question, which, in the absence of a clear admission in the Complaint, should *not* be determined at the pleading stage.

Hayden's Complaint does *not* concede all the NBA 2K games are "a series of acts constituting continuing infringement."  *Johnson*, 149 F. 3d at 506.  In arguing it does, Take-Two repeatedly mischaracterizes Hayden's allegations.  For example, on page 13, Take-Two's Brief states: "as Plaintiff tacitly admits, each version of the NBA 2K builds on the 'the prior year's iteration of the basketball video game.'"  However, the cited paragraph, Paragraph 165, only says that sales of downloads for NBA 2K16 had more than doubled from the prior year's iteration of the basketball video game, i.e., NBA 2K<u>15</u>.  Take-Two apparently asks the Court to draw an inference adverse to Hayden from his mere use of the word "iteration;" but drawing an adverse inference on a Rule 12(b)(6) motion is improper.  *Handy-Clay*, 695 F.3d at 538.  Further,

---

[8] *See B2B CFO Partners, LLC v. Kaufman*, 787 F. Supp. 2d 1002, 1005 (D. Ariz. 2011) (summary judgment); *Compass Homes, Inc. v. Trinity Health Group, Ltd.*, No. 2:13-cv-647, 2016 U.S. Dist. LEXIS 80493, at *1 (S.D. Ohio June 21, 2016) (summary judgment); *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008) (bench trial); *Dyer v. Napier*, No. CIV04-0408, 2006 U.S. Dist. LEXIS 11855, at *1 (D. Ariz. Mar. 16, 2006) (summary judgment); *EZ-Tixz v. Hit-Tix, Inc.*, 919 F. Supp. 728, 730 (S.D.N.Y. 1996) (summary judgment); *Gloster v. Relios, Inc.*, No. 02-7140, 2006 U.S. Dist. LEXIS 43995, at *1 (E.D. Pa. June 28, 2006) (summary judgment); *Johnson v. Jones*, 149 F.3d 494, 497 (6th Cir. 1998) (summary judgment); *Johnson v. Univ. of Va.*, 606 F. Supp. 321, 322 (W.D. Va. 1985) (summary judgment); *New Name, Inc. v. Walt Disney Co.*, No. CV 07-5034, 2008 U.S. Dist. LEXIS 107203, at *1 (C.D. Cal. July 23, 2008) (summary judgment); *Sartor v. Walters*, No. 06-0011, 2006 U.S. Dist. LEXIS 87835, at *1 (W.D. La. Dec. 5, 2006) (summary judgment); *Steele v. Bell*, No. 11 Civ. 9343, 2014 U.S. Dist. LEXIS 44056, at *4 (S.D.N.Y. Mar. 28, 2014) (default judgment after discovery began); *Shady Records, Inc. v. Source Enters.*, 03 Civ. 9944, 2004 U.S. Dist. LEXIS 26143, at *67 (S.D.N.Y. Jan. 3, 2005) (summary judgment).

paragraph 165's statement makes no comparison of NBA 2K16 to any of Take-Two's *later*

games and is thus inapposite to Take-Two's Brief.

Take-Two further mischaracterizes the Complaint in the paragraph that bridges pages 15–

16 of its Brief by stating Hayden made a "fatal admission."  Notably, Take-Take does not cite

any paragraph of the Complaint other than paragraph 141.  That paragraph reads as follows:

> 141.  NBA 2K17 features many improvements and additions over 2K's prior
> basketball games.  To name a few:  improved graphics, new player animations,
> improved gameplay, new in-game commentary, and significant additions and
> improvements to game modes.  For example, NBA 2K17 features many
> improvements and additions to the MyTeam, MyLeague and MyGM modes.
> NBA 2K17 also features, "entirely new" game features called "League
> Expansion."

(¶ 141 (emphasis added).)  The foregoing paragraph contains no "fatal admission" that all the

NBA 2K games are the same, but instead contains numerous facts from which a reasonable jury

could (and should) conclude they are distinct, including with respect to the copying of Hayden's

Works.

Further, Take-Two simply ignores many of Hayden's other factual allegations, such as

the following:

> 142.  The new improvements and additions to NBA 2K17 make this game
> significantly different than 2K's prior basketball games.

> 147.  Additionally [in NBA 2K18], the default teams featured on the Play Now
> Team Select Page include the Cavaliers and particularly, LeBron James, as
> illustrated below.  Thus, it is even more likely that players will select and play
> with one or more of LeBron James and Tristan Thompson.

148. NBA 2K18 includes clear, detailed, and unauthorized reproductions of HAYDEN's Works. The improvements and additions to NBA 2K18 make this game significantly different than NBA 2K16 and 2K's prior basketball games.[9]

Accepting Hayden's allegations as true (as the Court must, for purposes of Take-Two's Motion), and drawing all reasonable inferences in his favor, a reasonable jury could find that NBA 2K17 and NBA 2K18 are distinct from NBA 2K16. Based on any number of facts, a jury *might* also conclude NBA 2K17 and NBA 2K18 are infringing works while NBA 2K16 is not. Even accepting just the factual allegations in the Complaint, a reasonable jury may conclude that the improved quality of the reproductions of the Registered Works in the later games renders them distinguishable from the earlier and thus not part of a *continuing* infringement.[10] Indeed, that would be a reasonable inference from Hayden's allegations that the later games have "improved graphics, new player animations, improved gameplay, new in-game commentary, and significant additions and improvements to game modes." (¶ 141.) Moreover, the facts regarding the extent and circumstances of Take-Two's copying will be discovered during the discovery phase of case.

The facts alleged in the Complaint are analogous to those in *Cotter v. Cristus Gardens, Inc.*, No. 99-5996, 2000 U.S. App. LEXIS 33473 (6th Cir. Dec. 12, 2000). There, the defendant copied plaintiff's work in certain decorative candles prior to plaintiff's registration, and in certain decorative molds after plaintiff's registration. *Id.* at *2–3. The defendant argued plaintiff was

---

[9] In addition to the facts alleged in the body of the Complaint, the exhibits attached thereto contain further facts supporting Hayden's claim for statutory damages for attorneys' fees. *See e.g.*, Ex, I, ECF 12-9, pp. 3 ("2K17 has made big improvement of 2K's previous tattoos."), 8 (listing "WHAT'S NEW IN MY TEAM THIS YEAR"), 18 ("MyLEAGUE Online has seen a lot of improvements in NBA 2K17."), 20 ("NBA 2K17 features two new game modes . . . ."), 33 (describing "entirely new" game mode in 2K17).

[10] Take-Two's answer to the Complaint may well underscore such distinction. When Take-Two files an answer, it is likely to plead the defense of "fair use" under the Copyright Act. Two of the four factors to be considered in determining if a defendant's copying is fair use are "the amount and substantiality of the portion taken," and "the purpose and character of the use." 17 U.S.C. § 107.

not entitled to statutory damages because the candles and molds were a continuous act of infringement of the same work by the same defendant.  *Id.* at 13.  However, the district court judge submitted the statutory damages question to the jury, and the Sixth Circuit Court of Appeals determined he was correct to do so.  *Id*. at *21.  The jury found the defendant's pre-registration candle sales did *not* infringe plaintiff's copyright, while its post-registration sales of the molds *were* an infringement.  *Id.* at *24.  The Court of Appeals found the jury's verdict was supported by the trial record.  *Id.*  For example, there was evidence the molds were "directly copied" from plaintiff's work, whereas the candles were "merely . . . similar."  Since the candles did not infringe, the infringement did not "commence" before plaintiff's registration, and the jury was correct to find that the defendant's sales were not a "continuing" act of infringement beginning before the plaintiff's registration.  *Id*. at *24–25.  In other words, the creations of the allegedly infringing works were "distinct acts," as determined by the *jury*.  *Id.* at *26.  As such, the plaintiff ultimately was entitled to elect statutory damages.  *Id*. at *27.

As in *Cotter*, the Court here should permit the jury to decide if NBA 2K17 and NBA 2K18 are distinct works from NBA 2K16, as Hayden has alleged with specific facts in his Complaint.  Like in *Cotter*, if a jury were to find that NBA 2K16 does not infringe, Take-Two's infringement could not have "commenced" prior to registration.  *See* timeline, *supra* at p. 14. At a minimum, Hayden should be permitted an opportunity to take discovery as to the circumstances and extent of Take-Two's copying of his Registered Works in each of its games. If no material facts are in dispute, this issue can be addressed on summary judgement.

Finally, Take-Two's reliance on the Southern District of New York's decision in *Solid Oak Sketches* is misplaced for the simple reason that the Court's decision there was based on examination of a different *complaint* filed by a different *plaintiff*, containing different

*allegations*, from those before this Court.  *Solid Oak Sketches v. 2K Games, Inc.,* No. 16CV724, 2016 U.S. Dist. LEXIS 101119, at *9 (S.D.N.Y. Aug. 2, 1016).  Specifically, the court there relied on the plaintiff's own allegations that the defendants had been "engaging in <u>ongoing</u> acts of copyright infringement," and that "NBA 2K16 would include <u>additional</u> infringement of the copyrights."  *Id.* (emphasis added by court).  No such allegations are in the case at bar.  It is improper to ask this Court to dismiss aspects of Hayden's Complaint based on an unrelated third-party's allegations in a foreign jurisdiction.  Moreover, the *Solid Oaks* opinion states that the plaintiff's allegations "plausibly support[ed]" the *defendants'* argument, suggesting the court improperly drew an inference against the plaintiff/non-movant.  *Id.*  Take-Two invites error by asking this Court to likewise draw adverse inferences against Hayden, Plaintiff/non-movant. [11] This Court should decline.

In sum, Take-Two asks this Court to ignore the allegations in the Complaint and simply *presume* "versions of NBA 2K released after the effective dates of Plaintiff's registration are continuations of the prior versions."  (Defs.' Mem., p. 13, ECF No. 14-1.)  Take-Two is not entitled to such a presumption.  Moreover, none of the facts pled in the Complaint support it.  If, after the parties have had the opportunity to take discovery, there are no material facts in dispute regarding whether Take-Two's games constitute a single continuous act of infringement, then Hayden's entitlement to statutory damages and attorneys' fees can be addressed on summary judgment.  Otherwise, this factual issue must properly be submitted to the trier of fact, just as the Sixth Circuit found in *Cotter*.   It is inappropriate to decide this issue against Hayden pursuant to Rule 12(b)(6).

---

[11] Further, the *Solid Oaks* decision is non-controlling.

## IV.    CONCLUSION

As outlined above, Mr. Hayden's opportunity to protect his rights against unjust enrichment by Take-Two's exercise of proprietorship over his Works; to secure a declaration of his rights against Take-Two's false claim of copyright ownership; and to preserve his option to elect statutory damages for Take-Two's copyright infringements should not be foreclosed wrongfully and at this very premature stage of the instant case.

For all the foregoing reasons, Take-Two's Motion should be denied.

Dated:  July 18, 2018                          Respectfully submitted,

By: */s/ Georgia E. Yanchar* _____
Daniel McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:   dmcmullen@calfee.com
          gyanchar@calfee.com
          aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:   kpinter@calfee.com

*Attorneys for Plaintiff*

21

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

*/s/ Georgia E. Yanchar*
*One of the Attorneys for Plaintiff*