# EXHIBIT B

- Clara Connor found a black and white photograph that is in the public domain. She altered the image by adding a variety of colors, shades, and tones to make it appear as if the photo was taken in a different season. Clara submitted an application to register the revised photograph and in the Author Created and New Material Included fields she described her authorship as "adapted public domain black-white image by adding different colors, shades, tones, in various places of derivative work." The registration specialist may register the work if Clara made sufficient changes to the preexisting photograph.

- Chris Crisp purchased a coloring book and colored the images with watercolors. He submitted an application to register the work and described his authorship in the Author Created and New Material Included fields as "added selected colors to pictures in someone else's coloring book." The registration specialist may refuse to register the work if the changes were dictated by the coloring book and the addition of color was not sufficiently creative.

- Colette Card registered a fabric design called "Baby Girl Fabric," which contains a pink background with stylized images of cribs, rattles, and pacifiers. Colette then created a fabric design called "Baby Boy Fabric" that is identical to the "Baby Girl Fabric" design, except that the background color is blue instead of pink. Colette attempts to register the "Baby Boy Fabric," disclaiming the prior registration for the "Baby Girl Fabric." The registration specialist will refuse to register the blue variation because it is identical to the preexisting "Baby Girl Fabric" design aside from the mere change in background color.

### 906.4 Typeface, Typefont, Lettering, Calligraphy, and Typographic Ornamentation

As a general rule, typeface, typefont, lettering, calligraphy, and typographic ornamentation are not registrable. 37 C.F.R. § 202.1(a), (e). These elements are mere variations of uncopyrightable letters or words, which in turn are the building blocks of expression. *See id*. The Office typically refuses claims based on individual alphabetic or numbering characters, sets or fonts of related characters, fanciful lettering and calligraphy, or other forms of typeface. This is true regardless of how novel and creative the shape and form of the typeface characters may be.

*Examples:*

- Felicia Frost creates a font called "Pioneer Living" that evokes historical "Wanted: Dead or Alive" posters. The registration specialist will refuse to register this font because it is a building block of writing.

- Calliope Cash creates a textile fabric consisting of a vertically striped grass cloth and a traditional Chinese proverb. Each character is painted on a separate stripe in standard, unembellished calligraphy. The registration specialist will refuse to register this fabric design because the calligraphy consists of standard Chinese characters, and the simple arrangement of characters on vertical stripes and the choice of grass cloth does not add sufficient creativity to warrant registration.

There are some very limited cases where the Office may register some types of typeface, typefont, lettering, or calligraphy, such as the following:

- Pictorial or graphic elements that are incorporated into uncopyrightable characters or used to represent an entire letter or number may be registrable. Examples include original pictorial art that forms the entire body or shape of the typeface characters, such as a representation of an oak tree, a rose, or a giraffe that is depicted in the shape of a particular letter.

- Typeface ornamentation that is separable from the typeface characters is almost always an add-on to the beginning and/or ending of the characters. To the extent that such flourishes, swirls, vector ornaments, scrollwork, borders and frames, wreaths, and the like represent works of pictorial authorship in either their individual designs or patterned repetitions, they may be protected by copyright. However, the mere use of text effects (including chalk, popup papercraft, neon, beer glass, spooky-fog, and weathered-and-worn), while potentially separable, is *de minimis* and not sufficient to support a registration.

The Office may register a **computer program** that creates or uses certain typeface or typefont designs, but the registration covers only the **source code** that generates these designs, not the typeface, typefont, lettering, or calligraphy itself. For a general discussion of computer programs that generate typeface designs, see **Chapter 700**, Section 723.

To register the **copyrightable** ornamentation in typeface, typefont, lettering, or calligraphy, the **applicant** should describe the surface decoration or other ornamentation and should explain how it is separable from the typeface characters. The applicant should avoid using unclear terms, such as "typeface," "type," "font," "letters," "lettering," or similar terms.

### 906.5  Spatial Format and Layout Design

As a general rule, the U.S. Copyright Office will not accept vague **claims** in "format" or "layout." The general layout or format of a book, a page, a website, a webpage, a poster, a form, etc., is not **copyrightable**, because it is merely a template for expression and does not constitute original expression in and of itself. If the **applicant** uses the terms "layout" and/or "format" in the application, the **registration specialist** will communicate with the applicant to clarify the claim. Copyright protection may be available for the author's original selection and/or arrangement of specific content if it is sufficiently creative, but the copyright does not extend to the organization without that particular content.

*Examples:*

- Loretta Leonard **published** a series of books on bird watching. Each book has a two-inch right margin and a half-inch left margin, with the text appearing in two columns of differing lengths. Loretta submits an application to register the template for this layout. The registration specialist will refuse to register this claim because the layout of these books does not contain a sufficient amount of originality to be protected by copyright law.

- Fred Foster publishes a one-page newsletter titled *Condo Living* that provides information for residents of his condominium complex. Each issue contains the name of the newsletter, a drawing of the sun rising over the complex, two columns reserved for text, and a box underneath the columns reserved for photographs. Fred attempts to register the layout for his newsletter. The registration specialist will reject the claim in layout, but may register the illustration if it is sufficiently creative.