# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | |
| v. | |
| 2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC., | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS 2K GAMES, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT**............. **1**

**ARGUMENT** ........................................................................................................................ **3**

    I.     PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS PREEMPTED BY
THE COPYRIGHT ACT ........................................................................................ 3

         A.    Plaintiff's Unjust Enrichment Claim Is Based on Subject Matter
within the Scope of the Copyright Act ........................................................ 3

         B.    Plaintiff's Unjust Enrichment Claim Is Qualitatively Equivalent to
a Copyright Infringement Claim ................................................................. 6

    II.    PLAINTIFF'S DECLARATORY JUDGMENT CLAIM LACKS AN
ACTUAL CASE OR CONTROVERSY ................................................................. 9

    III.   PLAINTIFF CANNOT SEEK STATUTORY DAMAGES OR
ATTORNEY'S FEES ......................................................................................... 11

**CONCLUSION** ............................................................................................................. **15**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ATC Distrib. Grp., Inc. v. Whatever It Takes Transmission & Parts, Inc.*,
    402 F.3d 700 (6th Cir. 2005) ....................................................4

*Auto. Body Parts Ass'n v. Ford Global Techs., LLC*,
    293 F. Supp. 3d 690 (E.D. Mich. 2018)...........................................10, 11

*Automated Sols. Corp. v. Paragon Data Sys.*,
    No. 05 Civ. 1519, 2006 WL 5803366 (N.D. Ohio June 30, 2006)...........................8

*B2B CFO Partners, LLC v. Kaufman*,
    787 F. Supp. 2d 1002 (D. Ariz. 2011) ...............................................13

*Baker v. Selden*,
    101 U.S. 99 (1880)................................................................5

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
    495 F.3d 1340 (Fed. Cir. 2007).....................................................9

*U.S. ex rel. Berge v. Bd. of Trustees of the Univ. of Ala.*,
    104 F.3d 1453 (4th Cir. 1997) .....................................................4

*Brainard v. Vassar*,
    561 F. Supp. 2d 922 (M.D. Tenn. 2008).............................................6

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004)........................................................4

*Capital Concepts, Inc. v. Mountain Corp.*,
    No. 11 Civ. 00036, 2012 WL 6761880 (W.D. Va. Dec. 30, 2012) .........................5

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*,
    508 F.3d 327 (6th Cir. 2007) .....................................................15

*Comput. Automation Sys. v. Intelutions, Inc.*,
    No. 13 Civ. 1292, 2013 WL 5937910 (D.P.R. Nov. 4, 2013) ..............................5

*Cotter v. Christus Gardens, Inc.*,
    No. 99 Civ. 5996, 2000 WL 1871698 (6th Cir. Dec. 12, 2000) ..........................14

*Crew Knitwear Inc. v. U.S. Textile Printing, Inc.*,
    No. 07 Civ. 7658, 2010 WL 11509318 (C.D. Cal. Sept. 1, 2010)..........................11

*Crew Knitwear, Inc. v. United States Textile Printing, Inc.*,
    No. 07 Civ. 7658, 2009 WL 305526 (C.D. Cal. Feb. 6, 2009) ................................................11

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
    528 F.3d 696 (9th Cir. 2008) ......................................................................................................13

*Ehat v. Tanner*,
    780 F.2d 876 (10th Cir. 1985) ......................................................................................................4

*Entity Prods. v. Vargo*,
    No. 07 Civ. 1197, 2007 WL 2129861 (N.D. Ohio Oct. 23, 2007) ..............................................5

*Giordano v. Claudio*,
    714 F. Supp. 2d 508 (E.D. Pa. 2010) ..........................................................................................7

*Gomba Music, Inc. v. Clarence Avant & Interior Music Corp.*,
    62 F. Supp. 3d 632 (E.D. Mich. 2014) ......................................................................................10

*Grauer v. Deutsch*,
    No. 01 Civ. 8672, 2002 WL 31288937 (S.D.N.Y. Oct. 11, 2002) ..............................................7

*Irwin v. ZDF Enters. GmbH*,
    No. 04 Civ. 8027, 2006 WL 374960 (S.D.N.Y. Feb. 16, 2006) ................................................13

*Johnson v. Jones*,
    149 F.3d 494 (6th Cir. 1998) ................................................................................................11, 15

*Martin v. Walt Disney Internet Grp.*,
    No. 09 Civ. 1601, 2010 WL 2634695 (S.D. Cal. June 30, 2010) ................................................7

*Mason v. Montgomery Data, Inc.*,
    741 F. Supp. 1282 (S.D. Tex. 1990) ..........................................................................................13

*Mason v. Montgomery Data, Inc.*,
    967 F.2d 135 (5th Cir. 1992) ......................................................................................................13

*Michigan v. M22 LLC*,
    No. 16 Civ. 1084, 2017 WL 1420007 (W.D. Mich. Apr. 21, 2017) ................................9, 10, 11

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
    518 F.3d 897 (Fed. Cir. 2008) ....................................................................................................10

*Mitchell v. Penton/Indus. Pub. Co., Inc.*,
    486 F. Supp. 22 (N.D. Ohio 1979) ..............................................................................................6

*Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*,
    264 F.3d 622 (6th Cir. 2001) ......................................................................................................4

*Nat'l Basketball Ass'n v. Motorola, Inc.*,
  105 F.3d 841 (2d Cir. 1997)........................................................................4

*Niemi v. Am. Axle Mfg. & Holding, Inc.*,
  No. 05 Civ. 74210, 2008 WL 905558 (E.D. Mich. Mar. 31, 2008)........................................14

*Pearson v. FirstEnergy Corp. Pension Plan*,
  76 F. Supp. 3d 669 (N.D. Ohio 2014)........................................................................6

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
  602 F.3d 57 (2d Cir. 2010)........................................................................14

*ProCD, Inc. v. Zeidenberg*,
  86 F.3d 1447 (7th Cir. 1996) ........................................................................4

*Rothman v. Gregor*,
  220 F.3d 81 (2d Cir. 2000)........................................................................15

*RSR Sales, Inc. v. Lowe's Cos., Inc.*,
  No. 12 Civ. 10719, 2013 WL 1858592 (E.D. Mich. May 2, 2013)........................................6

*SanDisk Corp. v. STMicroelectronics, Inc.*,
  480 F.3d 1372 (Fed. Cir. 2007)........................................................................10

*Shirokov v. Dunlap, Grubb & Weaver PLLC*,
  No. 10 Civ. 12043, 2012 WL 1065578 (D. Mass. Mar. 27, 2012)........................................10

*Solid Oak Sketches v. 2K Games, Inc.*,
  No. 16 Civ. 726, 2016 WL 4126543 (S.D.N.Y. Aug. 2, 2016) ..................................12, 13, 15

*Star Patrol Enters. v. Saban Entm't*,
  129 F.3d 127 (9th Cir. 1997) ........................................................................5

*Stromback v. New Line Cinema*,
  384 F.2d 283 (6th Cir. 2004) ....................................................................1, 3, 4, 6

*Strumolo v. Alternate Family Care*,
  No. 06 Civ. 60881, 2007 WL 9698313 (S.D. Fla. Nov. 14, 2007)........................................8

*Tastefully Simple, Inc. v. Two Sisters Gourmet, L.L.C.*,
  134 F. App'x 1 (6th Cir. 2005) ........................................................................5

*Virtual Studios v. Couristan, Inc.*,
  No. 11 Civ. 427, 2011 WL 1871106 (D.N.J. May 16, 2011) ........................................5

*Wrench LLC v. Taco Bell Corp.*,
  256 F.3d 446 (6th Cir. 2001) ........................................................................4

**Statutes**

17 U.S.C. § 301.................................................................................................................7

17 U.S.C. § 412...........................................................................................................12, 13

Take-Two submits this reply memorandum of law in support of its motion to dismiss.[1]

## PRELIMINARY STATEMENT OF ISSUES
## AND SUMMARY OF ARGUMENT

Plaintiff's opposition brief is high on rhetoric and mischaracterizations, but is flat out legally deficient, as it is clear that his claims of unjust enrichment, declaratory judgment, and statutory damages and attorney's fees should be dismissed.  The lengths to which Plaintiff has had to go in a desperate attempt to save the claims at issue serves only to underscore that Plaintiff has no factual or legal support for such claims.

*First*, unjust enrichment claims like Plaintiff's are preempted by the Copyright Act because they (a) involve works within the subject matter of copyright and (b) seek to vindicate rights protected by the Copyright Act.  *See Stromback v. New Line Cinema*, 384 F.2d 283, 300 (6th Cir. 2004).  With regard to the first prong, Plaintiff argues that his unjust enrichment claim is not based on works within the subject matter of copyright because not all of his Tattoos are copyrightable.  But the law is clear that the subject matter prong of the preemption analysis is met where the works are within the general scope of the subject matter of copyright, not only where individual works are copyrightable.  Indeed, it is telling that Plaintiff ignores multiple cases cited by Take-Two, tacitly conceding that those cases support the dismissal of Plaintiff's unjust enrichment claim.

With regard to the second prong, Plaintiff essentially admits that the copying and distribution rights he claims were infringed are qualitatively equivalent to his copyright claim. While he tries to salvage his claim by arguing that his unjust enrichment claim is based on a lack of attribution, unfortunately for Plaintiff, such claims also are preempted by the Copyright Act

---

[1]    Capitalized terms not defined herein were defined previously in Take-Two's opening brief (Dkt. No. 14-1).

based on the same moral rights provision of the Copyright Act that Plaintiff previously asserted and then withdrew in light of Take Two's prior motion to dismiss.

**Second**, Plaintiff's claim for a declaratory judgment that Take-Two registered the *NBA 2K* video games through fraud on the Copyright Office fails.  Plaintiff has not identified a legally relevant case or controversy between the parties, as Take-Two has never asserted its rights against him, nor has it indicated that it intends to do so.  Instead, Plaintiff asserts that there is a case or controversy because he has asserted his purported copyrights against Take-Two, an entirely one-sided dispute.  Yet, unsurprisingly, Plaintiff has not cited to a single case where a plaintiff was permitted to assert a declaratory judgment claim against a defendant with which the plaintiff had no affiliation before the suit, and has not and does not intend to assert any rights against the plaintiff.  As a result, this Court lacks jurisdiction over Plaintiff's claim.

**Third**, Plaintiff is entitled to neither statutory damages nor attorney's fees because the Tattoos appeared in the *NBA 2K* series before Plaintiff registered the Tattoos with the Copyright Office.  Plaintiff has conceded that he is not eligible for statutory damages and attorney's fees based on *NBA 2K16* because that version was released before he registered his copyrights.  Plaintiff's claim for statutory damages and attorney's fees is equally unavailing for *NBA 2K17* and *NBA 2K18*, which were released after Plaintiff registered his tattoos, because Plaintiff does not (and cannot) allege that Take-Two changed the manner in which it was allegedly infringing Plaintiff's works.  The Sixth Circuit has made clear that a series of continuing infringements that begins before Plaintiff registered his works and continues after registration cannot form the basis for claims of statutory damages and attorney's fees.  Plaintiff cannot refute this black letter authority.  The best that Plaintiff can do is weakly argue that it would be premature to dismiss his claim before discovery due to alleged differences between Take-Two's video games.  One court

already has considered this same argument with regard to *NBA 2K*, and determined it was insufficient.  Under binding Sixth Circuit precedent, Plaintiff's claims should be dismissed.

Accordingly, for the reasons discussed in greater detail below, Take-Two respectfully requests that this Court grant its motion to dismiss Plaintiff's unjust enrichment, declaratory judgment, and statutory damages and attorney's fees claims with prejudice.

## ARGUMENT

### I. PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS PREEMPTED BY THE COPYRIGHT ACT

Plaintiff's unjust enrichment claim is preempted by the Copyright Act because (1) tattoos are within the subject matter of copyright, and (2) the rights sought by Plaintiff under his unjust enrichment claim are equivalent to the rights protected by federal copyright law.  Take-Two Br. 5–9; *see Stromback*, 384 F.2d at 300.  As discussed below, Plaintiff has failed to counter Take-Two's arguments that both prongs are satisfied in this case.

### A. Plaintiff's Unjust Enrichment Claim Is Based on Subject Matter within the Scope of the Copyright Act

As explained in Take-Two's opening brief, Plaintiff's unjust enrichment claim is based on tattoos, just like his copyright claim, thereby satisfying the first prong of the preemption analysis.  Take-Two Br. 6.  Plaintiff's sole argument with regard to this prong of the analysis is that his particular Tattoos (whether registered with the Copyright Office or unregistered) may at some point in this litigation be found to be uncopyrightable because they are not sufficiently original and, as a result, Plaintiff will be entitled to bring an unjust enrichment claim.  Pl.'s Br. 6.

Plaintiff's assertion is premised on a fundamental misunderstanding of copyright law. Contrary to Plaintiff's focus on the copyrightability of his specific Tattoos, the subject matter requirement is satisfied where a work falls within the general subject matter of copyright, regardless of whether the individual work at issue in the litigation qualifies for copyright

protection.  As the Sixth Circuit explained in *ATC Distribution Group, Inc. v. Whatever It Takes Transmission & Parts, Inc.*, while the specific catalog and illustrations at issue in that case were not eligible for copyright protection, that fact did "not preclude the preemption of [the plaintiff's] state law claims."  402 F.3d 700, 713 (6th Cir. 2005).  This is because the Copyright Act "prevents the States from protecting [a work] even if it fails to achieve Federal statutory copyright because it is too minimal or lacking in originality to qualify, or because it has fallen into the public domain."  *Id.* (affirming dismissal of unjust enrichment claim as preempted).[2]

This has been the Sixth Circuit's interpretation of Copyright Act preemption for nearly *two decades*.  *See Stromback*, 384 F.3d at 300 ("The subject matter requirement of Section 301 is satisfied if a work fits within the general subject matter of Sections 102 and 103 of the Copyright Act, regardless of whether it qualifies for copyright protection."); *Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*, 264 F.3d 622, 636 (6th Cir. 2001) (finding first prong of preemption analysis was satisfied where, although works were not registered and "lack[ed] the level of creativity necessary to come within the protection of the [Copyright] Act, each of them is the expression of an idea, which is the essence of the subject matter of the Act"), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 455 (6th Cir. 2001) (joining the Second, Fourth, and Seventh Circuits "in holding that the scope of the Copyright Act's subject matter is broader than the scope of the

---

[2]     *See also Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 849 (2d Cir. 1997); *U.S. ex rel. Berge v. Bd. of Trustees of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir. 1997); *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996); *Ehat v. Tanner*, 780 F.2d 876, 878 (10th Cir. 1985).

Act's protections," because otherwise, "states would be free to expand the perimeters of copyright protection to their own liking" (citation omitted)).[3]

In light of these well-settled, binding holdings, Plaintiff's argument necessarily fails, and smacks of a desperate attempt to resuscitate an inappropriate claim.  These holdings also defeat Plaintiff's subsidiary argument that this Court should wait to dismiss his unjust enrichment claim until after discovery.  Pl.'s Br. 3.  Plaintiff's argument makes no sense in light of the well-settled principles discussed above, and the fact that courts in this District routinely grant motions to dismiss state law claims preempted by the Copyright Act on the pleadings.  *See* Take-Two Br. 6 (collecting cases).  Plaintiff attempts to distinguish a handful of the cases cited by Take-Two,[4] but tellingly ignores nearly a dozen other cases, including numerous cases dismissing claims as preempted ***at the motion to dismiss stage***.  *See* Take-Two Br. 6 (citing *Entity Prods. v. Vargo*,

---

[3]     Plaintiff's reliance (at 6) on a single footnote from the unreported case of *Tastefully Simple, Inc. v. Two Sisters Gourmet, L.L.C.* is misplaced as that case actually supports Take-Two's position. 134 F. App'x 1 (6th Cir. 2005).  Consistent with well-established Sixth Circuit law, the court considered whether "blank forms" as a general category were "within the scope of the subject matter of copyright," and found that they were not.  *Id.* at 4 n.3.  This is unsurprising given the Supreme Court's holding in *Baker v. Selden* that blank forms as a category are not copyrightable.  101 U.S. 99, 107 (1880).  It also is entirely consistent with prior cases as the Court considered the *type* of work, rather than the specific works at issue.

Plaintiff's other cited cases are all out-of-Circuit decisions that are inapposite because they (a) do not involve unjust enrichment claims; and (b) declined to dismiss a state law claim based on preemption due to reluctance to confront a question not definitively resolved by a higher court or were clear that the state law claim at issue rested on different elements, neither of which are issues before this Court.  *See Star Patrol Enters. v. Saban Entm't*, 129 F.3d 127 (9th Cir. 1997) ("Current circuit law does not clearly preclude the action, and we decline the invitation to define the contours of copyright preemption absent a fully developed record."); *Virtual Studios v. Couristan, Inc.*, No. 11 Civ. 427, 2011 WL 1871106, at *3 (D.N.J. May 16, 2011) (declining to dismiss breach of contract action where "the Third Circuit has not directly spoke on this issue"); *Comput. Automation Sys. v. Intelutions, Inc.*, No. 13 Civ. 1292, 2013 WL 5937910 (D.P.R. Nov. 4, 2013) (declining to dismiss tortious interference with contract claim where "evidence relevant to a failed claim might be of independent relevance to a surviving claim *resting on different elements*" (citation omitted; emphasis added)).  Moreover, Plaintiff's repeated reliance (at 4–6) on *Capital Concepts, Inc. v. Mountain Corp.* is inappropriate because it is an unreported, out-of-Circuit district court decision that is not binding on this Court.  No. 11 Civ. 00036, 2012 WL 6761880 (W.D. Va. Dec. 30, 2012).

[4]     Plaintiff asserts that "many of the cases Take-Two cites in support of its preemption argument are decided at the summary judgment phase or do not involve a dispute as to whether the works are within the subject matter of copyright," Pl.'s Br. 6, but Take-Two did not assert otherwise, and Plaintiff does not dispute the fundamental principles of law for which those cases were cited.  *See* Take-Two Br. 6–7.

No. 07 Civ. 1197, 2007 WL 2129861, at *3–4 (N.D. Ohio Oct. 23, 2007) (granting motion to dismiss based on preemption), *Mitchell v. Penton/Indus. Pub. Co., Inc.*, 486 F. Supp. 22, 25–26 (N.D. Ohio 1979) (same), *Brainard v. Vassar*, 561 F. Supp. 2d 922, 932–33 (M.D. Tenn. 2008) (same)*, RSR Sales, Inc. v. Lowe's Cos., Inc.*, No. 12 Civ. 10719, 2013 WL 1858592, at *3 (E.D. Mich. May 2, 2013) (same)).

As Plaintiff's unjust enrichment claim clearly satisfies the first prong of the preemption analysis, Plaintiff cannot save it by arguing that he is asserting the claim in the alternative to his copyright claim.  Pl.'s Br. 5.  As discussed above, even if Plaintiff's copyright claims are found to be directed to uncopyrightable subject matter, they still satisfy the first prong of the preemption analysis.  *See supra* 3.  Plaintiff's only cited case on this point is inapposite as it did not involve the issue of preemption by the Copyright Act nor a claim of unjust enrichment.  *See Pearson v. FirstEnergy Corp. Pension Plan*, 76 F. Supp. 3d 669, 676 (N.D. Ohio 2014) (permitting the plaintiff to plead a fiduciary duty claim in the alternative to an ERISA claim).  Accordingly, the first prong of the preemption analysis is satisfied.

### B.    Plaintiff's Unjust Enrichment Claim Is Qualitatively Equivalent to a Copyright Infringement Claim

As to the second prong of the preemption analysis, the Sixth Circuit has observed that unjust enrichment claims are particularly susceptible to preemption because they generally are not "qualitatively different from a copyright claim."  *Stromback*, 384 F.3d at 301 (citation omitted).  As Take-Two explained in its opening brief, Plaintiff's unjust enrichment claim suffers from this same failing as it seeks to vindicate rights exclusively governed by the Copyright Act.  Take-Two Br. 8–9.  It should not go unnoticed that Plaintiff does not challenge Take-Two's argument that Plaintiff's unjust enrichment claim involves the same act as Plaintiff's

copyright claim: "Take-Two's alleged reproduction of the tattoos in Take-Two's video games." Take-Two Br. 9.

Instead, Plaintiff attempts to salvage his claim by cobbling together disparate paragraphs from his Complaint to assert that his unjust enrichment claim really is predicated on Take-Two not giving him proper attribution.  Pl.'s Br. 7–8.  Plaintiff, however, is aware that attribution is within the rights governed by the Copyright Act.  His First Amended Complaint asserted a claim under the Visual Artists Rights Act regarding Plaintiff's "rights of attribution."  1st Am. Compl. (Dkt. No. 3) ¶ 201.  While Plaintiff's Second Amended Complaint dropped that claim in light of the clear deficiencies articulated in Take-Two's first motion to dismiss, Mem. Supp. Dism. (Dkt. No. 11-1) 7–8, the fact remains that state law claims based on attribution are similarly preempted by the Copyright Act.  17 U.S.C. § 301(f)(1).

Just as with Plaintiff's first prong argument, this issue is well-settled.  Courts repeatedly have held that claims based on a right of attribution are preempted by the Copyright Act.  *See Martin v. Walt Disney Internet Grp.*, No. 09 Civ. 1601, 2010 WL 2634695, at *7 (S.D. Cal. June 30, 2010) (granting motion to dismiss unjust enrichment claim based on "unauthorized use and alteration of the photograph and *failure to identify [plaintiff] as the photographer*" (emphasis added)); *Giordano v. Claudio*, 714 F. Supp. 2d 508, 531–32 (E.D. Pa. 2010) (granting motion to dismiss unjust enrichment claim as preempted by Copyright Act where plaintiff "claim[ed] that Giordano represented his work as Giordano's own by failing to properly acknowledge his contribution to the Article"); *Grauer v. Deutsch*, No. 01 Civ. 8672, 2002 WL 31288937, at *3 (S.D.N.Y. Oct. 11, 2002) (dismissing unjust enrichment claim based on exhibition of photographs "without proper attribution" to plaintiff as preempted where it was an "effort[] to

7

repackage in common law garb the essence of the claims under the Copyright Act and the

VARA").

In particular, the rationale utilized by the court in *Strumolo v. Alternate Family Care* is

particularly relevant to the facts at hand.  No. 06 Civ. 60881, 2007 WL 9698313, at *6 (S.D. Fla.

Nov. 14, 2007).  There, the plaintiff accused defendants of removing his name from written

materials about a therapy method he created and misrepresented themselves as the creator of this

therapy method.  *Id.* at *1.  The court granted defendants' motion to dismiss his unjust

enrichment claim because it was preempted by the Copyright Act, explaining:

> The right of attribution is not addressed in section 106, but it is mentioned in section
> 106A with respect to the visual arts. . . . Even though the rights added by the Visual
> Artists Rights Act were not made part of section 106 proper, they are undoubtedly
> considered "exclusive rights" under the Copyright Act. . . . The right of attribution falls
> under the umbrella of rights conferred by the Copyright Act, and a state law cause of
> action for "misattribution" is thus "equivalent."  The Court finds that Plaintiff's claims
> for misattribution and false attribution, regardless of how they are characterized, are
> preempted by the Copyright Act.

*Id.* at *6.  Similarly, here, Plaintiff cannot repackage his failed VARA claim as an unjust

enrichment claim.[5]

As Plaintiff's unjust enrichment claim is based upon works within the scope of the

subject matter of copyright, and his claim is not qualitatively different from his copyright

infringement claim, his unjust enrichment claim should be dismissed as preempted.  As Congress

---

[5]  Plaintiff's reliance (at 8) on *Automated Solutions Corp. v. Paragon Data Systems* borders on the ridiculous.
The unjust enrichment claim at issue in that case was for false advertising, where the defendant allegedly made
false statements that it jointly owned the plaintiff's software.  No. 05 Civ. 1519, 2006 WL 5803366, at *16–17
(N.D. Ohio June 30, 2006).  Plaintiff has not asserted a false advertising claim in this case.

expressly intended, Plaintiff cannot achieve through a state law unjust enrichment claim what was foreclosed to him by a federal VARA claim.

## II.    PLAINTIFF'S DECLARATORY JUDGMENT CLAIM LACKS AN ACTUAL CASE OR CONTROVERSY

As Take-Two's opening brief made clear, this Court lacks jurisdiction to decide Plaintiff's declaratory judgment claim that Take-Two committed fraud on the Copyright Office when it registered the *NBA 2K* video games because there is no actual case or controversy regarding that issue.  Take-Two Br. 9–12.  Specifically, Take-Two explained, and it cannot be overemphasized that Plaintiff does not dispute, that Take-Two never asserted rights against Plaintiff.  *Id.* at 10.  As a result, any "controversy exists in the mind of only one side, which makes it speculative (as opposed to real) and one-sided (as opposed to between the parties)." *Michigan v. M22 LLC*, No. 16 Civ. 1084, 2017 WL 1420007, at *3 (W.D. Mich. Apr. 21, 2017) (where declaratory judgment plaintiff did not allege that it was currently engaging in any conduct that would expose it to a suit for infringement, no actual case or controversy existed).  Under these circumstances, this Court lacks jurisdiction to decide Plaintiff's claim.  *Id.* at *1; *see also Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) (finding no case or controversy after inquiring "what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff").

In an attempt to conjure up a controversy, Plaintiff argues that "Hayden is the author of original works of authorship, . . . that Take-Two has held itself out as author and owner of those works . . . that Take-Two has benefited from doing so, . . . and that Hayden is being injured because of Take-Two's conduct."  Pl.'s Br. 10.  Notably absent from Plaintiff's recitation in his opposition is any mention of the actual core of how he has pleaded his declaratory judgment claim: Take-Two's registration of the *NBA 2K* series with the Copyright Office.  This carefully

choreographed omission clearly is an attempt to avoid the application of the *M22* case cited by Take-Two to his allegations.  As explained in greater detail in Take-Two's opening brief, Take-Two Br. 11–12, *M22* involved a similar claim where the declaratory judgment plaintiff sought to invalidate a trademark.  2017 WL 1420007, at *1.  As is the case here, the best that the plaintiff could muster was that the registration of the trademark and the plaintiff's own lawsuit created the required controversy.  *Id.* at *3.  The court held these facts insufficient to provide the necessary jurisdiction to decide the issue.  *Id.*  While Plaintiff attempts to distinguish *M22*,[6] it should not go unnoticed that Plaintiff ***does not cite a single case*** analogous to the facts at hand: a declaratory judgment plaintiff who was permitted to assert a claim of fraud on the Copyright Office against a defendant with whom it had no dealings and has no indication that the defendant will assert any rights against the plaintiff.[7]

Finally, Plaintiff's fixation on whether a claim of fraud on the Copyright Office is an affirmative defense or may be brought as a standalone claim misses the target.  *See* Pl.'s Br. 11.

---

[6]  Plaintiff claims that the declaratory judgment defendant in *M22* had "not taken *any* position" with regard to the intellectual property at issue.  Pl.'s Br. 12.  The only action taken by Take-Two that is the subject of Plaintiff's claim, however, is the registration of its copyrights, *id.* at 13, which is virtually identical to the *M22* defendant's action: registration of its trademark.  Plaintiff's fallback position of claiming that *M22* should be ignored because it involved trademarks, *id.* at 13 n.6, is odd in light of Plaintiff's repeated reliance on cases involving other forms of intellectual property to support its position.  *See, e.g., SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1384 (Fed. Cir. 2007) (patents); *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008) (patents); *Auto. Body Parts Ass'n v. Ford Global Techs., LLC*, 293 F. Supp. 3d 690 (E.D. Mich. 2018) (design patents).

[7]  The cases on which Plaintiff relies (at 11) are inapposite, as in each case, the declaratory judgment plaintiff had prior dealings with the defendant or some indication that the defendant would assert rights against the plaintiff.  *See Auto. Body Parts*, 293 F. Supp. 3d at 698 ("[T]here have been affirmative acts by Ford against ABPA members in the past: the ITC actions and the cease-and-desist letters . . . [a]nd there is an affirmative act by Ford against an ABPA member right now: Ford's lawsuit against New World alleging infringement of the 13 design patents."); *Micron Tech.*, 518 F.3d at 901 ("[T]hreatening letters and behavioral observations are not Micron's only evidence about the authenticity of this dispute.  MOSAID's recent public statements and annual reports also confirm its intent to continue an aggressive litigation strategy."); *SanDisk Corp.*, 480 F.3d at 1382 (defendant "sought a right to a royalty under its patents based on specific, identified activity" by declaratory judgment plaintiff); *Shirokov v. Dunlap, Grubb & Weaver PLLC*, No. 10 Civ. 12043, 2012 WL 1065578, at *3 (D. Mass. Mar. 27, 2012) ("Shirokov alleges that he and the class members received these settlement demand letters from the Dunlap Defendants on behalf of Achte."); *Gomba Music, Inc. v. Clarence Avant & Interior Music Corp.*, 62 F. Supp. 3d 632, 638 (E.D. Mich. 2014) (plaintiff alleged that defendant intentionally

The question before this Court is not whether a declaratory judgment claim for fraud on the Copyright Office *could* be brought as a standalone claim.  The question is whether this Court has jurisdiction to decide Plaintiff's specific claim based on its alleged facts.  As even Plaintiff's own cited case explains, it is "not enough that [plaintiff] subjectively believes that it would be sued . . . there must be 'some affirmative act' by [the defendant]."  *Auto. Body Parts*, 293 F. Supp. 3d at 698.  Where, as here, the declaratory judgment defendant has not asserted its rights against the declaratory judgment plaintiff, the declaratory judgment claim must be dismissed. *See M22*, 2017 WL 1420007, at *3.

## III.   PLAINTIFF CANNOT SEEK STATUTORY DAMAGES OR ATTORNEY'S FEES

As articulated in Take-Two's opening brief, Plaintiff's claim for statutory damages and attorney's fees for his copyright claim should be dismissed because any alleged infringement by Take-Two began before the Registered Tattoos were registered with the Copyright Office, and any alleged infringement after that point has been continuing.  Take-Two Br. 12.  The Sixth Circuit made clear in *Johnson v. Jones* that statutory damages and attorney's fees are unavailable if an act of infringement commenced before registration of a work, and an act of infringement commences "when the first act in a series of acts constituting continuing infringement occurs." 149 F.3d 494, 506 (6th Cir. 1998) (affirming denial of request for statutory damages and attorney's fees where first act of infringement occurred before registration).  Moreover, one court already has dismissed similar claims involving the exact same video game series because Take-

---

defrauded plaintiff).  Moreover, while Plaintiff relies on *Crew Knitwear, Inc. v. United States Textile Printing, Inc.*, No. 07 Civ. 7658, 2009 WL 305526 (C.D. Cal. Feb. 6, 2009), a later opinion in that case, which discussed the facts in greater detail, reveals that the defendant had "threatened Plaintiff with copyright litigation," and that plaintiff alleged that "Defendants collectively conspired to drive Plaintiff out of business"—none of which is alleged here.  *Crew Knitwear Inc. v. U.S. Textile Printing, Inc.*, No. 07 Civ. 7658, 2010 WL 11509318, at *3 (C.D. Cal. Sept. 1, 2010).

Two displayed tattoos inked on real-world players in the *NBA 2K* video game series both before and after the plaintiff registered its tattoos with the Copyright Office.  *Solid Oak Sketches v. 2K Games, Inc.*, No. 16 Civ. 726, 2016 WL 4126543, at *3 (S.D.N.Y. Aug. 2, 2016).[8]

As an initial matter, it should not go unnoticed that Plaintiff concedes that statutory damages and attorney's fees are unavailable for infringement related to *NBA 2K16*.  Pl.'s Br. 14.  Thus, at a minimum, Take-Two's motion should be granted as to that game.

As to Plaintiff's arguments with regard to games released after registration, each fail to establish that Plaintiff is entitled to statutory damages or attorney's fees.  ***First***, Plaintiff's threshold argument regarding whether his works are published or unpublished, Pls.'s Br. 14, is a smoke screen.  If Plaintiff's Registered Tattoos are unpublished as he asserts, it actually disadvantages him in this context as it means that he cannot benefit from the three-month safe harbor permitting registration within three months of publication.  *See* 17 U.S.C. § 412.

***Second***, Plaintiff's emphasis on changes in *NBA 2K* that do not relate to the Tattoos, Pl.'s Br. 16–17 (discussing features like "in-game commentary"), are wholly irrelevant to Take-Two's motion.  As Take-Two indicated in its brief and notably unchallenged by Plaintiff, "when the same defendant infringes on the same protected work *in the same manner as it did prior to the work's registration*, the post-registration infringement constitutes the continuation of a series of

---

[8]  Plaintiff offers two arguments for why this Court should ignore *Solid Oak*, a case with remarkably analogous facts, resolving the same issue presented in Take-Two's motion in favor of Take-Two.  ***First***, Plaintiff claims that reliance on this case is "misplaced" because the opinion "was based on examination of a different *complaint* filed by a different *plaintiff*, containing different *allegations*, from those before this Court," and because it is "non-controlling."  Pl.'s Br. 19, 20 n.11.  Plaintiff appears to be conflating the concept of issue preclusion with simple relevance to a case that is factually and procedurally similar and, thus, strongly persuasive authority.  ***Second***, Plaintiff claims that the court in *Solid Oak* "improperly drew an inference against the plaintiff/non-movant."  Pl.'s Br. 20.  The court, however, based its conclusions on the pleadings before it and, as is the case here, the plaintiff conceded that the tattoos-at-issue were used in the same manner from game to game, such that statutory damages and attorney's fees would not apply.

ongoing infringements." *Solid Oak*, 2016 WL 4126543, at *3.[9]  Here, as to each of the *NBA 2K*

video games in dispute, Plaintiff's Complaint states that the Tattoos "that appear in NBA

2K16[/17/18] are the same or substantially similar to HAYDEN's Works."  Compl. ¶¶ 130, 138,

146.  In other words, with regard to the only thing that matters for the purposes of Take-Two's

motion (how Take-Two allegedly used the *Tattoos*), Plaintiff has conceded the Tattoos are used

in the same manner from work to work.  Plaintiff's arguments as to other game features are

irrelevant.  Accordingly, he is not entitled to statutory damages or attorney's fees.

Of course, as Take-Two explained in its opening brief, Plaintiff still would not be entitled

to statutory damages or attorney's fees even if the Tattoos were displayed differently.  Take-Two

Br. 15–16.  Remarkably, Plaintiff fails to address several of the cases cited by Take-Two on this

issue.  For instance, in *Irwin v. ZDF Enterprises GmbH*, the versions of the defendant's work

changed before and after registration, but the court concluded that because the general manner of

infringement was the same, the plaintiff could not obtain statutory damages or attorney's fees.

No. 04 Civ. 8027, 2006 WL 374960, at *6 (S.D.N.Y. Feb. 16, 2006) (barring statutory damages

and attorney's fees where post-registration version was a "newly configured version of the

program" from the pre-registration version); *see also Mason v. Montgomery Data, Inc.*, 741 F.

Supp. 1282, 1285–86 (S.D. Tex. 1990) (statutory damages unavailable where plaintiff did not

register copyrights before defendant commenced infringement, and defendants were "accused of

---

[9]     *See also B2B CFO Partners, LLC v. Kaufman*, 787 F. Supp. 2d 1002, 1012 (D. Ariz. 2011) (holding that
statutory damages and attorney's fees were unavailable where "the same person" allegedly copied "the same
copyrighted work" doing "the same kind of alleged copying" as had occurred before the registration of the
work); *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701 (9th Cir. 2008) (holding that "the first act
of infringement in a series of ongoing infringements of the same kind marks the commencement of one
continuing infringement under § 412" where defendant used an infringing hang tag on different garments before
and after registration); *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 144 (5th Cir. 1992) (holding that "a
plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced
after registration if the same defendant commenced an infringement of the same work prior to registration").

committing the same activity each time, for the same purpose, and using the same copyrighted material" in creating various versions of maps), *rev'd on other grounds*, 967 F.2d 135, 144 (5th Cir. 1992) (holding that "a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the *same* defendant commenced an infringement *of the same work* prior to registration" (emphasis added)).[10]  Thus, to the extent that Plaintiff asks this Court to construe the Complaint as asserting that the *Tattoos* appeared in "improved quality . . . in the later games," Pl.'s Br. 18—which is not a factual allegation that appears in the Complaint—his claim to such remedies still should be dismissed because the *manner* of Take-Two's alleged use (use in the *NBA 2K* video game series) is unchanged despite the release of new versions.

*Third*, Plaintiff's repeated attempts to rely on its allegations that mischaracterize Take-Two's video games cannot save it.  Such allegations clearly were pleaded in an attempt to establish that any alleged infringement was not continuing.  Pl.'s Br. 17–18.  As discussed above, Plaintiff has conceded in the Complaint the only facts that require consideration.  *See supra* 12.  Moreover, the "works themselves supersede and control . . . contrary allegations, conclusions or descriptions of the works contained in the pleadings."  *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010).  This Court may consider the works on a motion to dismiss because they were incorporated by reference into the Complaint.  *See*

---

[10]  Plaintiff's two cited cases do not support his argument that there is no "continuing" infringement as both cases involved a multi-year temporal gap between pre- and post-registration infringement.  In *Cotter v. Christus Gardens, Inc.*, the court found that infringement was not continuing because there was a "four year gap" between the pre- and post-registration infringement.  No. 99 Civ. 5996, 2000 WL 1871698, at *8 (6th Cir. Dec. 12, 2000).  Likewise, in *Niemi v. Am. Axle Mfg. & Holding, Inc.*, the Eastern District of Michigan relied upon the fact that there was a three-and-a-half year gap between the pre-and post-registration infringement to find there was an issue of material fact as to whether the infringement was "continuing."  No. 05 Civ. 74210, 2008 WL 905558, at *15 (E.D. Mich. Mar. 31, 2008) (citing *Cotter* and noting the four year gap).  No similar gap exists here as a new "iteration of the basketball video game" is released each year.  Compl. ¶ 165.

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007)

(noting that "when a document is referred to in the pleadings and is integral to the claims, it may

be considered without converting a motion to dismiss into one for summary judgment");

*Rothman v. Gregor*, 220 F.3d 81, 88–89 (2d Cir. 2000).[11]

Simply put, Plaintiff has alleged infringement that commenced before Plaintiff registered

his copyrights and continued in the same manner thereafter.  Accordingly, Plaintiff cannot obtain

statutory damages and attorney's fees.  *See Johnson*, 149 F.3d at 506 (affirming denial of request

for statutory damages and attorney's fees where first act of infringement "in a series of acts

constituting continuing infringement" occurred before registration); *Solid Oak*, 2016 WL

4126543, at *3.

## CONCLUSION

For the foregoing reasons, Take-Two respectfully requests that this Court grant its motion

to dismiss Plaintiff's claims for unjust enrichment, default judgment, and statutory damages and

attorney's fees *with prejudice*.


Dated: August 1, 2018

/s/ Dale M. Cendali
_____

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com


David T. Movius (OH 0070132)
Matthew J. Cavanagh (OH 0079522)
McDonald Hopkins LLC

---

[11]   Take-Two can provide copies of the games at issue for the Court's convenience, along with any console or platform upon which to play them.

600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
dmovius@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and
Take-Two Interactive Software, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2018, I electronically filed the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS 2K GAMES, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S MOTION TO DISMISS with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record, all of whom are registered ECF participants.

*/s/ Dale M. Cendali*

Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

*Attorney for Defendants 2K Games, Inc. and*
*Take-Two Interactive Software, Inc.*
