# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | CASE NO. 1:17CV2635 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| 2K GAMES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #14) of Defendants to Dismiss in part Plaintiff's Second Amended Complaint. For the following reasons, the Motion is granted in part and denied in part.

## I. PROCEDURAL BACKGROUND

On December 18, 2017, Plaintiff James Hayden filed his Complaint against Defendants 2K Games Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") alleging: 1.) Direct Copyright Infringement in violation of 17 U.S.C. §§ 106(5) and 501; 2.) Indirect Copyright Infringement; 3.) Unjust Enrichment/Restitution; and 4.) Violation of the Visual Artists Rights Act ("VARA"). (ECF Doc. #1). On March 14, 2018, pursuant to

Fed. R. Civ. P. 15(a)(2), and with the consent of Take-Two, Hayden filed his First Amended Complaint which included an additional claim for Declaratory Judgment of Fraud on the Copyright Office pursuant to 28 U.S.C. § 2201 *et seq.* (ECF Doc. # 3). On May 14, 2018, Take-Two filed its Motion to Dismiss Hayden's unjust enrichment, VARA and declaratory judgment claims. (ECF Doc. # 11). Shortly thereafter, Hayden filed his Second Amended Complaint in which he dropped his claim under VARA. (ECF Doc. #11). Three weeks later, Take-Two filed the present Motion to Dismiss Hayden's Unjust Enrichment and Declaratory Judgment claims as well as Hayden's request for statutory damages or attorney's fees on his Copyright claims. (ECF Doc. # 12).

## II. BACKGROUND FACTS

James Hayden is a successful artist and lifelong resident of Northeastern Ohio. Hayden's artistic creations include original tattoos for some of the most recognized basketball players in the world. Among Hayden's clients are National Basketball Association ("NBA") players LeBron James, Shaquille O'Neal, Kyrie Irving, Danny Green, Dion Waiters, Mo Williams and Tristan Thompson.

Take-Two is a worldwide developer, publisher and marketer of interactive entertainment and video games. Take-Two's video games include the popular basketball simulation series *NBA 2K*. The *NBA 2K* series is released annually and depicts players from the NBA, some of whom are Hayden's clients, in its interactive simulations. On September 29, 2015, Take-Two released *NBA 2K16*. On September 20, 2016, Take-Two released *NBA 2K17*. On September 19, 2017, Take-Two released *NBA 2K18*. *NBA 2K16, NBA 2K17* and *NBA 2K18* are the three versions of the *NBA 2K* series at issue in this lawsuit.

Hayden's claims arise from the fact that he is the tattoo artist who inked tattoos on various individuals depicted in the *NBA 2K* series bearing those tattoos. Hayden alleges that he obtained copyright registrations for six tattoos inked on Danny Green, LeBron James and Tristan Thompson (the "Registered Tattoos"). Hayden's Registered Tattoos with the U.S. Copyright Office have the following dates of registration and publication:

- "Gloria" (Reg. No. Vau 1-263-888), tattooed on LeBron James, published in 2007 with the effective date of registration of September 6, 2016;

- "Lion" (Reg. No. Vau 1-271-044), tattooed on LeBron James, published in 2008 with the effective date of registration of September 6, 2016;

- "Shoulder Stars" (Reg. No. Vau 1-270-802), tattooed on LeBron James, published in 2007 with the effective date of registration of September 6, 2016;

- "Fire D.G." (Reg. No. Vau 1-287-552), tattooed on Danny Green, published in 2012 with the effective date of registration of August 11, 2017;

- "Scroll D.G." (Reg. No. Vau 1-287-545), tattooed on Danny Green, published in 2012 with the effective date of registration of August 11, 2017;

- "Brother's Keeper T.T." (Reg. No. Vau 1-292-453), tattooed on Tristan Thompson, published in 2012 with the effective date of registration of August 11, 2017.

In addition to the Registered Tattoos, Hayden alleges that he inked five tattoos on LeBron James for which Hayden has not obtained copyright registrations. Hayden also alleges that he inked a variety of other tattoos on the above-referenced NBA players that are featured in the *NBA 2K* series that he has not obtained registrations for from the U.S. Copyright Office (collectively, the "Unregistered Tattoos"). In his Second Amended Complaint, Hayden seeks relief on multiple theories for Take-Two's alleged misuse of both his Registered Tattoos and Unregistered Tattoos.

## III. LAW AND ANALYSIS

**Motion to Dismiss Standard**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**Preemption of Hayden's Unjust Enrichment Claim**

Take-Two argues that Hayden's unjust enrichment claim is preempted by the Copyright Act. The Copyright Act provides for the preemption of state law claims, stating:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified in § 106 in works of authorship that...come within the subject matter of copyright... are governed exclusively by this title...[N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State. 17 U.S.C. § 301.

A state common law or statutory claim is preempted if: (1) the work is within the scope of the 'subject matter of copyright,' as specified in 17 U.S.C. §§ 102,103; and, (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106. *Murray Hill Publ'ns, Inc. v. ABC Communs., Inc.*, 264 F.3d 622, 636 (6th Cir. 2001); *Wrench LLC v. Taco Bell*, 256 F.3d 446 (6th Cir.2001). "These requirements are often referred to as the 'subject matter requirement' and the 'general scope' or 'equivalency' requirement." *Stromback v. New Line Cinema*, 384 F.3d 283, 300 (6th Cir.2004) (citing *Wrench*, 256 F.3d at 453). Both requirements must be met in order for Hayden's Unjust Enrichment claim to be preempted by the Copyright Act.

**1. Subject Matter Requirement**

Hayden argues that it would be premature to decide at this stage whether the tattoos at issue in this lawsuit fall within the subject matter of copyright as specified in 17 U.S.C. §§ 102,103. Hayden, however, admits that he has already obtained copyright registrations for six tattoos. Therefore, with respect to Hayden's Registered Tattoos, there is no question that they fall within the subject matter of copyrightable material. *B.R. Knez Constr., Inc. v. Ensinger*, No. 07 Civ. 3376, 2009 WL 10688321, at *8 (N.D. Ohio Aug. 19, 2009) (finding subject

matter requirement met where plaintiff's works were copyrighted architectural works).

With respect to his Unregistered Tattoos, Hayden argues that they fall outside of the subject matter requirement for preemption because the issue is factually dependent on the nature of the tattoo. Specifically, Hayden claims that some of his Unregistered Tattoos contain "typographical ornamentation" and therefore are expressly uncopyrightable. Ex. B, Excerpt of U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 101, 906.4 (3d ed. 2017) ("As a general rule, typeface, typefont, lettering, calligraphy, and typographic ornamentation are not registrable.") Thus, according to Hayden, the Copyright Act cannot preempt his Unjust Enrichment claim with respect to his Unregistered Tattoos because such a ruling would bar relief for those tattoos Hayden could not obtain copyrights for. Further, Hayden notes that many cases cited by Take-Two in which courts found preemption of state law claims by the Copyright Act were decided at the summary judgment stage. Hayden claims that it would be premature to decide at the motion to dismiss stage whether his state law claims regarding his Unregistered Tattoos can or should be preempted by the Copyright Act.

The subject matter of Hayden's Unjust Enrichment claim, however, is the same as his claim under the Copyright Act; namely, tattoos. The Sixth Circuit has noted that the relevant question is not whether a copyright is registered, but rather, whether the work falls within the scope of the subject matter of copyright - a determination that is governed by the Copyright Act, regardless of whether or not the works are ultimately protectable. See *Murray Hill Publ'ns, Inc.*, 264 F.3d at 636 (finding first prong of preemption analysis satisfied where, although, works were not registered and "lack[ed] the level of creativity necessary to come

within the protection of the [Copyright] Act, each of them is the expression of an idea, which is the essence of the subject matter of the Act"). The fact that Hayden did not register some of his tattoos and that some of them may not be copyrightable is not alone enough to save his Unjust Enrichment claim. Tattoos are generally within the subject matter of copyrightable works and, in the Copyright Act, Congress clearly intended for federal law to preempt state law claims predicated on copyrightable subject matter. Thus, the Court finds that both Hayden's Registered and Unregistered Tattoos fall within the subject matter requirement of the preemption provision in the Copyright Act.

### 2. Equivalency Requirement

In *Stromback*, the Sixth Circuit explained that "[c]ourts analyze equivalency by applying a 'functional test' to determine whether the state law right at issue is equivalent to any of the exclusive rights under Section 106 of the Copyright Act." 384 F.3d at 301. To avoid preemption, a plaintiff's claim must include an "extra element" beyond "the acts of reproduction, performance, distribution or display" that "changes the nature of the action so that it is qualitatively different from a copyright claim." *Id*.

Hayden argues that his Unjust Enrichment claim includes this "extra element" required by *Stromback*. Specifically, Hayden asserts that Take-Two has "appropriated and exercised proprietorship over HAYDEN's tattoos without acknowledging him in any way for the use of his artwork in their products." (ECF Doc. # 12 at ¶ 194). This, however, is merely a reformulation of the type of claim the Copyright Act was intended to preempt. In other words, Hayden's Unjust Enrichment claim depends on Take-Two's unauthorized use of Hayden's work. This is the essence of Hayden's claim under the Copyright Act. More

importantly, it meets the Sixth Circuit's articulation of the equivalency requirement prong in *Stromback* because Hayden cannot point to any concrete action taken by Take-Two that would constitute an "extra element." Thus, Hayden's Unjust Enrichment claim is functionally equivalent to his claim under the Copyright Act. As such, Hayden's Unjust Enrichment claim is preempted.

**Declaratory Judgment Claim - Fraud on the Copyright Office**

In Count IV of his Complaint, Hayden seeks a declaratory judgment that Take-Two's copyrights in *NBA 2K16*, *NBA 2K17* and *NBA 2K18* are invalid due to Fraud on the Copyright Office. In its Motion, Take-Two argues that Count IV should be dismissed for failing to allege an actual case or controversy as required by the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and Article III of the U.S. Constitution. Thus, the question before the Court is whether it has jurisdiction over Hayden's Declaratory Judgment claim.

The Declaratory Judgment Act provides, in part: "In a case of actual controversy within its jurisdiction... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The "actual controversy" requirement under the Declaratory Judgment Act is coextensive with Article III's case or controversy requirement. *Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1338 (Fed. Cir. 2007).

In their briefs, both parties cite *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), for the most recent articulation of the standard for determining whether a federal district court has jurisdiction over a declaratory judgment claim. In *MedImmune*, the

Supreme Court held that, in order to have jurisdiction over a declaratory judgment claim, "the question in each case is whether the facts alleged, under all the circumstances show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id* at 127. In fashioning such a rule, the Supreme Court rejected the Federal Circuit's prior, more strict, "reasonable apprehension of imminent suit" test for declaratory judgment standing as inconsistent with the Court's prior decisions. *Id* at 132 fn. 11. After *MedImmune*, a reasonable apprehension of suit can still serve as a basis for a valid Article III controversy, but it is only "one of multiple ways that a declaratory judgment plaintiff can satisfy the more general 'all-the-circumstances' test to establish that an action presents a justiciable Article III controversy." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008); See also *SanDisk Corp v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1384 (Fed. Cir. 2007).

Here, it is undisputed that Take-Two has never asserted its copyrights against Hayden. Rather, Hayden argues that he is the author of original works but that Take-Two has instead fraudulently held itself out as author and owner of those works. Hayden further alleges that Take-Two has benefitted from doing so and that Hayden has been injured because of Take-Two's conduct. Thus, according to Hayden, there is a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under the *MedImmune* standard.

Hayden, however, has failed to demonstrate to the Court that there is an actual "case or controversy" within the meaning of 28 U.S.C. § 2201(a) regarding the ownership of the Registered Tattoos and Unregistered Tattoos. Federal courts require the party seeking a

declaratory judgment to allege facts that "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); See also *TCI/TKR Cable v. Johnson*, 30 Fed. Appx. 581 (6th Cir.2002) (holding that absent an actual controversy there can be no declaratory judgment). Take-Two has not asserted copyright claims against Hayden. Further, Hayden has not alleged that Take-Two has in any way threatened Hayden with a lawsuit for infringement or challenged his ownership of the Registered Tattoos or Unregistered Tattoos. Thus, there is no dispute regarding the ownership interest of the tattoos at issue in this lawsuit. Hayden's claim for Declaratory Judgment is accordingly dismissed due to the absence of an actual "case or controversy" as required by statute and Article III.

**Statutory Damages and Attorney's Fees**

Take-Two argues that Hayden's request for statutory damages and attorney's fees should be dismissed because Take-Two's alleged infringement began before the Registered Tattoos were registered with the Copyright Office. The Copyright Act forecloses the "award of statutory damages or of attorney's fees" for "any infringement of copyright commenced after first published of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.

In his brief, Hayden acknowledges that he cannot obtain statutory damages or attorney's fees with respect to his Unregistered Tattoos or for Take-Two's alleged misuse of his Registered Tattoos in *NBA 2K16*. The issue before the Court is whether Hayden can seek

statutory damages and attorney's fees for Take-Two's use of his Registered Tattoos in *NBA 2K17* and *NBA 2K18*; in other words, whether the infringement of Hayden's Registered Tattoos in *NBA 2K17* and *NBA 2K18* "commenced" before the effective date of registration. This factual dispute turns on whether the *NBA 2K* series is viewed holistically or whether each annual release is to be considered a separate and distinct act of copyright infringement.

The Court finds that, with respect to Hayden's Registered Tattoos depicted in *NBA 2K17* and *2K18*, further discovery is required to determine whether the *NBA 2K* games constitute a "series of acts constituting infringement," *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998), or "separate, distinct acts of infringement," *Cotter v. Christus Gardens, Inc.*, No. 99-5996, 2000 U.S. App. LEXIS 33473, at *26 (6th Cir. 2000)**.** If the *NBA 2K* series constitutes a series of acts that are essentially the same infringement, relief in the form of statutory damages and attorney's fees would be foreclosed to Hayden. If, however, each annual release of *NBA 2K* constitutes a separate and distinct act of infringement, Hayden would be able to obtain statutory damages and attorney's fees for versions of *NBA 2K* released after Hayden registered his tattoos with the Copyright Office, specifically for *NBA 2K17* and *NBA 2K18*. In his Second Amended Complaint, Hayden sufficiently alleges that each annual release of *NBA 2K* is a distinct act of copyright infringement. Therefore, the Court will not dispose of Hayden's request for statutory damages and attorney's fees with respect to Hayden's Registered Tattoos at this time. Take-Two's Motion to Dismiss this relief is accordingly denied.

## IV. CONCLUSION

The Court grants Take-Two's Motion to Dismiss Hayden's Unjust Enrichment claim

because it is preempted by the Copyright Act. The Court also grants Take-Two's Motion to Dismiss Hayden's claim for Declaratory Judgment due to the absence of an actual "case or controversy" as required by the Declaratory Judgment Act and Article III. Finally, the Court denies Take-Two's Motion to Dismiss Hayden's request for statutory damages and attorney's fees with respect to Hayden's Registered Tattoos depicted in *NBA 2K17* and *NBA 2K18*. Whether each annual release of *NBA 2K* is a "series of acts constituting infringement" or "separate and distinct acts of infringement" is a factual issue that cannot be determined without further discovery.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: March 21, 2019**