UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN,<br><br>    Plaintiff,<br><br>v.<br><br>2K GAMES, INC. et al.,<br><br>    Defendants. | CASE NO. 1:17-cv-02635-CAB<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>**DEFENDANTS TAKE-TWO INTERACTIVE SOFTWARE, INC. AND 2K GAMES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO CORRECT THE ANSWER** |

## INTRODUCTION

With this motion, Defendants seek simply to correct a clerical error and file an accurate answer with the Court. As discussed in detail below, Defendants' Answer to the Second Amended Complaint, filed on April 4, 2019, contained certain errors due to a formatting problem in Microsoft Word; namely, as described below, some of Defendants' responses were misnumbered because Microsoft Word interpreted a heading as a paragraph. When they discovered the error, Defendants' counsel informed Plaintiff's counsel and asked for consent to correct the Answer. Plaintiff's counsel refused and instead sought to reap a substantive windfall: Plaintiff would consent to the correction *if and only if* Defendants agreed to allow Plaintiff to substantively amend his Complaint, thereby expanding the scope of this Litigation to include another product. Plaintiff's counsel also stated that, even if Defendants accepted the bargain, Plaintiff could choose to rely on the old, inaccurate Answer if he wanted. Faced with such an option, Defendants have no choice but to file this Motion seeking leave of the Court to correct the record.

## BACKGROUND

On December 18, 2017, Plaintiff James Hayden ("Plaintiff") filed a complaint in the above captioned action against Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc. (together, "Defendants"). (ECF #1). On March 14, 2018, Plaintiff filed his First Amended Complaint. (ECF #3). On June 4, 2018, Plaintiff filed his Second Amended Complaint against Defendants (the "Complaint"). (ECF #12). On June 18, 2018, Defendants filed a motion to dismiss the Second Amended Complaint. (ECF #14). On March 21, 2019, the Court granted the motion to dismiss in part, finding that Plaintiff's unjust enrichment claim was preempted by the Copyright Act and dismissing Plaintiff's declaratory judgment claim. (ECF #17). Defendants filed their Answer to the Second Amended Complaint on April 4, 2019 (the "Answer"). (ECF #18).

On the late evening of May 13, 2019, it came to Defendants' attention that there was a typographical error in the Answer. Specifically, Defendants' counsel determined that the word processing program they used to prepare the Answer, Microsoft Word, had mistakenly formatted a heading from the Second Amended Complaint as a paragraph and had skipped over two other paragraphs completely. This resulted in the misnumbering of the Answer's paragraphs and the inadvertent omission of two paragraphs from the Answer. Because of this formatting error, Defendants' admissions and denials do not properly correlate with the paragraphs from the Complaint.

After looking further and determining the extent of the error, Defendants' counsel informed Plaintiff's counsel of the clerical error on May 15, 2019, as soon as practicable after it was discovered. They also informed Plaintiff of their intent to file a corrected Answer and provided a redline between the Answer as filed and the correct Answer, which merely rectified

the clerical error.  Plaintiff refused to consent to the correction unless Defendants consented to Plaintiff's filing a Third Amended Complaint adding new products not presently accused.[1] Moreover, Plaintiff's counsel stated that Plaintiff could continue to rely upon the incorrect Answer and would not agree to waive that "right."

Defendants have no choice but to seek leave from the Court to file a corrected Answer. A copy of the proposed amended answer is attached as **Exhibit 1**.  A redline that compares the proposed answer with the original is attached as **Exhibit 2**.

## ARGUMENT

By rule, the "court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[I]t is the practice of courts in this Circuit to correct simple procedural and typographical errors where relevant, rather than construe them against the offending party." *Abel v. Comm'r of Soc. Sec.*, No. 14 Civ. 699, 2015 WL 4755204, at *5 (S.D. Ohio Aug. 11, 2015) (allowing movant to correct answer to plaintiff's complaint).

The Court should grant leave to file a corrected Answer because Defendants seek merely to rectify a clerical error in the record.  By allowing Defendants to correct the Answer, the Court will ensure that the parties' allegations are clear and, in particular, that Defendants' admissions and denials correlate correctly to the Complaint.  If Defendants are not allowed to make the requested correction, the parties will litigate this Action based on incorrect pleadings that are both inaccurate and confusing.  Thus, justice requires correction of this error.

Granting leave to correct the Answer does not prejudice Plaintiff.  Defendants' counsel quickly informed Plaintiff's counsel of the error as soon as practicable after it was discovered.

---

[1] Plaintiff's counsel indicated that they would provide a copy of the proposed amended complaint by May 31, but have not to date provided the proposed amendment.

The Answer was only recently filed and discovery is still in its infancy.  No depositions have been taken.  No documents have been produced.  Neither party has yet responded to discovery requests.  No experts have been disclosed.  Given how early this error was discovered, Plaintiff cannot have relied on the incorrect Answer.

It is improper for Plaintiff to hold Defendants to an incorrect Answer based on a demonstrated formatting error unless Defendants agree to permit yet *another* substantive amendment to the Complaint.  Defendants merely seek to file the Answer they intended to file initially.  In sharp contrast, Plaintiff seeks to expand the scope of this Litigation by adding more products to the Complaint.  Defendants were willing to consider this horse trade, however lopsided, and even requested a copy of the proposed Third Amended Complaint to see if an agreement could be reached.  An agreement might have been reached had Plaintiff's counsel not *also* insisted that Plaintiff maintain the right to rely on the incorrect Answer going forward.  Defendants could not agree to this condition, as it would mean Plaintiff could rely on an inaccurate Answer with misaligned paragraphs, to Defendants' detriment. Such a result is not in keeping with modern litigation and notions of attorney civility and justice.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully ask that the Court grant this motion and allow Defendants to file a corrected Answer to fix the clerical error described above.

Dated: June 10, 2019

/s/ Dale M. Cendali
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

David T. Movius (OH 0070132)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
dmovius@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*

**L.R. 7.1(f) Certification**

In accordance with Local Rule 7.1(f), I hereby certify that this case is on the standard track and that the foregoing memorandum complies with the applicable page limitation of 15 pages.

      /s/ *Dale Cendali*
*Attorney for*
*2K Games, Inc. and Take-Two Interactive Software, Inc.*