# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES HAYDEN, | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | |
| v. | |
| 2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC. , | |
| Defendants. | |

**CORRECTED ANSWER TO SECOND AMENDED COMPLAINT**

Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively "Take-Two"), by and through their undersigned counsel, answer Plaintiff James Hayden's ("Plaintiff") Second Amended Complaint ("SAC"), dated June 4, 2018, as follows:

**NATURE OF ACTION, JURISDICTION, AND VENUES**

1.     States that the allegations set forth in Paragraph 1 of the SAC are conclusions of law as to which no responsive pleading is necessary, and further states that no response to the allegation in Paragraph 1 of the SAC that this is an action for "declaratory judgment pursuant to 28 U.S.C. § 2201, and, in the alternative, unjust enrichment under the Ohio common law" is necessary given that the Court has dismissed Plaintiff's claims against Take-Two for a declaratory judgment pursuant to 28 U.S.C. § 2201 and unjust enrichment under Ohio common law, but that to the extent any response is required, admits that the SAC purports to assert a claim for copyright infringement.

2.     States that no response to Paragraph 2 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment, and further states

1

that the allegations set forth in Paragraph 2 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 2, except admits that this case concerns Take-Two's realistic depiction of professional basketball players, including with the tattoos that they bear in real life, in Take-Two's *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* video games, and further admits that Take-Two's *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* video games are highly successful but states that the success of these games is unrelated to the tattoos at issue in this case.

3.     States that no response to Paragraph 3 of the SAC is necessary given that the Court has dismissed Plaintiff's declaratory judgment claim against Take-Two for fraud on the U.S. Copyright Office, and further states that the allegations set forth in Paragraph 3 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 3.

4.     States that no response to Paragraph 4 of the SAC is necessary with respect to declaratory relief given that the Court has dismissed Plaintiff's declaratory judgment claim against Take-Two, and further states that the allegations set forth in Paragraph 4 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that the SAC purports to seek preliminary and permanent injunctive relief and damages.

5.     States that the allegations set forth in Paragraph 5 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 5.

6.     States that no response to Paragraph 6 of the SAC is necessary with respect to Plaintiff's declaratory judgment claim given that the Court has dismissed Plaintiff's declaratory

2

judgment claim against Take-Two, and further states that the allegations set forth in Paragraph 6 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that the Court has original subject matter jurisdiction over the copyright claims the SAC purports to assert against Take-Two.

7.      States that no response to Paragraph 7 of the SAC is necessary given that the Court has dismissed Plaintiff's state law claim against Take-Two, and further states that the allegations set forth in Paragraph 7 are conclusions of law as to which no responsive pleading is necessary.

8.      States that the allegations set forth in Paragraph 8 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that this Court has personal jurisdiction over Take-Two for purposes of the claims set forth in the SAC.

9.      Denies the allegations set forth in Paragraph 9 of the SAC, except admits that at least one copy of Take-Two's *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* video games have been sold in Ohio.

10.     States that the allegations set forth in Paragraph 10 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 10, except admits that 2K Games, Inc. is a wholly-owned subsidiary of Take-Two Interactive Software, Inc., and further admits that Take-Two was involved in the development, promotion, distribution, marketing, and contracting to supply *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* in Ohio.

11.     States that the allegations set forth in Paragraph 13 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

3

required, admits that at least one copy of *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* have been sold in Ohio.

      12.    States that the allegations set forth in Paragraph 12 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 12.

      13.    States that no response to Paragraph 13 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment, and further states that the allegations set forth in Paragraph 13 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 13.

      14.    States that no response to Paragraph 14 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment, and further states that the allegations set forth in Paragraph 14 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 14.

      15.    States that the allegations set forth in Paragraph 15 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations in Paragraph 15, except admits that venue is proper in this District.

      16.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the SAC.

17.     States that the allegations set forth in Paragraph 17 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits the allegations set forth in Paragraph 17.

**<u>PARTIES</u>**

18.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the SAC.

19.     Admits the allegations set forth in Paragraph 19 of the SAC.

20.     Admits the allegations set forth in Paragraph 20 of the SAC.

21.     States that the allegations set forth in Paragraph 21 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 21, except admits that Take-Two Interactive Software, Inc. is a major developer, publisher and marketer of interactive entertainment and video games domestically and internationally, including *NBA 2K16*, *NBA 2K17*, and *NBA 2K18*.

22.     States that the allegations set forth in Paragraph 22 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 22.

23.     States that the allegations set forth in Paragraph 23 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 23, except admits that Take-Two has a financial interest in *NBA 2K16*, *NBA 2K17*, and *NBA 2K18*.

24.     States that the allegations set forth in Paragraph 24 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

5

required, denies the allegations set forth in Paragraph 24, except admits that Take-Two created

the *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* games.

      25.     States that the allegations set forth in Paragraph 25 of the SAC are conclusions of

law as to which no responsive pleading is necessary, but that to the extent any response is

required, denies the allegations set forth in Paragraph 25, except admits that 2K Games, Inc. is a

wholly-owned subsidiary of Take-Two Interactive Software, Inc.

## FACTUAL ALLEGATIONS

      26.     Denies knowledge or information sufficient to form a belief as to the allegations

set forth in Paragraph 26 of the SAC.

      27.     Denies knowledge or information sufficient to form a belief as to the allegations

set forth in Paragraph 27 of the SAC.

      28.     States that the allegations set forth in Paragraph 28 of the SAC are conclusions of

law as to which no responsive pleading is necessary, but that to the extent any response is

required, denies knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 28.

      29.     States that the allegations set forth in Paragraph 29 of the SAC are conclusions of

law as to which no responsive pleading is necessary, but that to the extent any response is

required, denies knowledge or information sufficient to form a belief as to the allegations set

forth in Paragraph 29.

      30.     Denies knowledge or information sufficient to form a belief as to the allegations

set forth in Paragraph 30 of the SAC.

      31.     Denies knowledge or information sufficient to form a belief as to the allegations

set forth in Paragraph 31 of the SAC, except admits that the document attached to the SAC as

Exhibit A is titled "50 Tattoo Artists You Need to Know" and is dated January 5, 2015, and states that the document attached to the SAC as Exhibit A speaks for itself.

32.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the SAC, and states that the document attached to the SAC as Exhibit B is an undated document, and further states that it speaks for itself.

33.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33 of the SAC, except denies the allegation in Paragraph 33 that LeBron James plays for the Cleveland Cavaliers, and admits that LeBron James is an NBA player.

34.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the SAC, except admits that LeBron James appears to have several tattoos.

35.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the SAC.

36.     Denies the allegation in Paragraph 36 of the SAC that Danny Green is a player for the San Antonio Spurs, except admits that Danny Green is a former player for the Cleveland Cavaliers.

37.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the SAC, except admits that Danny Green appears to have several tattoos.

38.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38 of the SAC.

39.     Admits the allegations set forth in Paragraph 39 of the SAC.

40.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 40 of the SAC, except admits that Tristan Thompson appears to have several tattoos.

41.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 41 of the SAC.

42.     Admits the allegations set forth in Paragraph 42 of the SAC.

43.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 43 of the SAC, except admits that Kyrie Irving appears to have several tattoos.

44.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 44 of the SAC.

45.     States that the allegations set forth in Paragraph 45 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 45 as to whether Plaintiff created the design pictured above, and further denies the allegation set forth in Paragraph 45 that the above design is on LeBron James's right shoulder, except admits that a tattoo based on this design appears to have been inked onto Mr. James's right shoulder.

46.     States that the allegations set forth in Paragraph 46 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 46.

8

47.     States that the allegations set forth in Paragraph 47 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 47.

48.     States that the allegations set forth in Paragraph 48 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 48.

49.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 49 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-263-888" is attached to the SAC as Exhibit C, and states that the document speaks for itself.

50.     States that the allegations set forth in Paragraph 50 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 50.

51.     States that the allegations set forth in Paragraph 51 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 51.

52.      States that the allegations set forth in Paragraph 52 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegation set forth

9

in Paragraph 52 as to whether Plaintiff created the design pictured above, and further denies the allegation set forth in Paragraph 52 that the above design is on LeBron James's chest, except admits that a tattoo based on this design appears to have been inked onto Mr. James's chest.

53.     States that the allegations set forth in Paragraph 53 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 53.

54.     States that the allegations set forth in Paragraph 54 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 54.

55.     States that the allegations set forth in Paragraph 55 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 55.

56.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 56 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-271-044" is attached to the SAC as Exhibit D, and states that the document speaks for itself.

57.     States that the allegations set forth in Paragraph 57 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 57.

58.      States that the allegations set forth in Paragraph 58 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 58.

59.      States that the allegations set forth in Paragraph 59 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 59 as to whether Plaintiff created the design pictured above, and further denies the allegation set forth in Paragraph 59 that the above design is on LeBron James's shoulder, except admits that a tattoo based on this design appears to have been inked onto Mr. James's shoulder.

60.      States that the allegations set forth in Paragraph 60 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 60.

61.      States that the allegations set forth in Paragraph 61 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 61.

62.      States that the allegations set forth in Paragraph 62 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 62.

63.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 63 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-270-802" is attached to the SAC as Exhibit E, and states that the document speaks for itself.

64.     States that the allegations set forth in Paragraph 64 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 64.

65.     States that the allegations set forth in Paragraph 65 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 65.

66.     States that the allegations set forth in Paragraph 66 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 66, except admits that the image depicted in Paragraph 66 appears to be a tattoo inked on Danny Green's shoulder.

67.     States that the allegations set forth in Paragraph 67 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 67.

68.     States that the allegations set forth in Paragraph 68 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

12

required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 68.

69.     States that the allegations set forth in Paragraph 69 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 69.

70.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 70 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-287-552" is attached to the SAC as Exhibit F, and states that the document speaks for itself.

71.     States that the allegations set forth in Paragraph 71 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 71.

72.     States that the allegations set forth in Paragraph 72 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 72.

73.     States that the allegations set forth in Paragraph 73 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 73, except admits that the image depicted in Paragraph 73 appears to be a tattoo inked on Danny Green's bicep.

13

74.     States that the allegations set forth in Paragraph 74 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 74.

75.     States that the allegations set forth in Paragraph 75 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 75.

76.     States that the allegations set forth in Paragraph 76 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 76.

77.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 77 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-287-545" is attached to the SAC as Exhibit G, and states that the document speaks for itself.

78.     States that the allegations set forth in Paragraph 78 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 78.

79.     States that the allegations set forth in Paragraph 79 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

14

required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 79.

80.      States that the allegations set forth in Paragraph 80 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 80, except admits that the image depicted in Paragraph 80 appears to be a tattoo inked on Tristan Thompson's chest.

81.      States that the allegations set forth in Paragraph 81 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 81.

82.      States that the allegations set forth in Paragraph 82 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 82.

83.      States that the allegations set forth in Paragraph 83 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 83.

84.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 84 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-292-453" is attached to the SAC as Exhibit H, and states that the document speaks for itself.

15

85.     States that the allegations set forth in Paragraph 85 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 85.

86.     States that the allegations set forth in Paragraph 86 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 86.

87.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 87 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-263-888" is attached to the SAC as Exhibit C, and states that the document speaks for itself.

88.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 88 of the SAC, except admits that the document attached to the SAC as Exhibit C labeled "Registration Number VAu 1-263-888" is dated September 6, 2016, and states that the document speaks for itself.

89.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 89 of the SAC, except admits that the document attached to the SAC as Exhibit C is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-263-888," and states that the document speaks for itself.

90.     States that the allegations set forth in Paragraph 90 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

16

required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 90.

91.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 91 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-271-044" is attached to the SAC as Exhibit D, and states that the document speaks for itself.

92.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 92 of the SAC, except admits that the document attached to the SAC as Exhibit D labeled "Registration Number VAu 1-271-044" is dated September 6, 2016, and states that the document speaks for itself.

93.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 93 of the SAC, except admits that the document attached to the SAC as Exhibit D is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-271-044," and states that the document speaks for itself.

94.     States that the allegations set forth in Paragraph 94 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 94.

95.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 95 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-270-802" is attached to the SAC as Exhibit E, and states that the document speaks for itself.

17

96.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 96 of the SAC, except admits that the document attached to the SAC as Exhibit E labeled "Registration Number VAu 1-270-802" is dated September 6, 2016, and states that the document speaks for itself.

97.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 97 of the SAC, except admits that the document attached to the SAC as Exhibit E is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-270-802," and states that the document speaks for itself.

98.     States that the allegations set forth in Paragraph 98 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 98.

99.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 99 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-287-552" is attached to the SAC as Exhibit F, and states that the document speaks for itself.

100.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 100 of the SAC, except admits that the document attached to the SAC as Exhibit F labeled "Registration Number VAu 1-287-552" is dated August 11, 2017, and states that the document speaks for itself.

101.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 101 of the SAC, except admits that the document attached to the SAC as

18

Exhibit F is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-287-552," and states that the document speaks for itself.

102.    States that the allegations set forth in Paragraph 102 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 102.

103.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 103 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-287-545" is attached to the SAC as Exhibit G, and states that the document speaks for itself.

104.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 104 of the SAC, except admits that the document attached to the SAC as Exhibit G labeled "Registration Number VAu 1-287-545" is dated August 11, 2017, and states that the document speaks for itself.

105.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 105 of the SAC, except admits that the document attached to the SAC as Exhibit G is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-287-545," and states that the document speaks for itself.

106.    States that the allegations set forth in Paragraph 106 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 106.

107.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 107 of the SAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-292-453" is attached to the SAC as Exhibit H, and states that the document speaks for itself.

108.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 108 of the SAC, except admits that the document attached to the SAC as Exhibit H is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-292-453," and states that the document speaks for itself.

109.    States that the allegations set forth in Paragraph 109 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 109.

110.    States that the allegations set forth in Paragraph 110 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that the SAC uses the defined term "Registered Works."

111.    States that the allegations set forth in Paragraph 111 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 111 as to whether Plaintiff created the design pictured above, and further denies the allegation set forth in Paragraph 111 that the above design is on LeBron James's right and left triceps, except admits that a tattoo based on this design appears to have been inked onto Mr. James's right and left triceps.

20

112.    States that the allegations set forth in Paragraph 112 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 112.

113.    States that the allegations set forth in Paragraph 113 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 113 as to whether Plaintiff created the design pictured above, and further denies the allegation set forth in Paragraph 113 that the above design is on LeBron James's right and left collarbones, except admits that a tattoo based on this design appears to have been inked onto Mr. James's right and left collarbones.

114.    States that the allegations set forth in Paragraph 114 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 114.

115.    States that the allegations set forth in Paragraph 115 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 115 as to whether Plaintiff created the design pictured above, and further denies the allegation set forth in Paragraph 115 that the above design is on LeBron James's left leg, except admits that a tattoo based on this design appears to have been inked onto Mr. James's left leg.

116.    States that the allegations set forth in Paragraph 116 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

21

required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 116.

117.    States that the allegations set forth in Paragraph 117 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 117 as to whether Plaintiff created the design pictured above, and further denies the allegation set forth in Paragraph 117 that the above design is on LeBron James's left ribcage, except admits that a tattoo based on this design appears to have been inked onto Mr. James's left ribcage.

118.    States that the allegations set forth in Paragraph 118 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 118.

119.    States that the allegations set forth in Paragraph 119 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 119 as to whether Plaintiff created the design pictured above, and further denies the allegation set forth in Paragraph 119 that the above design is on LeBron James's right ribcage, except admits that a tattoo based on this design appears to have been inked onto Mr. James's right ribcage.

120.    States that the allegations set forth in Paragraph 120 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 120.

121.    States that the allegations set forth in Paragraph 121 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 121.

122.    States that the allegations set forth in Paragraph 122 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 122, except admits that Take-Two was able to view NBA players' tattoos because their tattoos are part of their likenesses that are regularly on display by virtue of their roles as professional athletes.

123.122.    States that the allegations set forth in Paragraph 123 122 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 123122, except admits that Take-Two was able to view NBA players' tattoos because their tattoos are part of their likenesses that are regularly on display by virtue of their roles as professional athletes.

124.123.    States that the allegations set forth in Paragraph 124 123 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 124123.

125.124.    States that the allegations set forth in Paragraph 125 124 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 125124.

23

126.125.    States that the allegations set forth in Paragraph 126 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 126.

126.    Denies the allegations set forth in Paragraph 126 of the SAC, except admits that Take-Two did not seek or obtain permission from Plaintiff to realistically depict professional basketball players with their tattoos in *NBA 2K16*, *NBA 2K17*, or *NBA 2K18*, and states that Plaintiff's permission was not required to realistically depict NBA players in *NBA 2K16*, *NBA 2K17*, and *NBA 2K18*.

127.    Denies the allegations set forth in Paragraph 127 of the SAC, except admits that on September 29, 2015, Take-Two released its *NBA 2K16* video game, which realistically depicts professional basketball.

128.    Admits the allegations set forth in Paragraph 128 of the SAC.

129.    Denies the allegations set forth in Paragraph 129 of the SAC, except admits that LeBron James, Kyrie Irving, Danny Green, and Tristan Thompson are among the over 400 NBA players included in *NBA 2K16*.

130.    States that the allegations set forth in Paragraph 130 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 130, except admits that LeBron James, Kyrie Irving, Danny Green, and Tristan Thompson are depicted realistically in *NBA 2K16*, including with the tattoos they bear in real life.

131.    Denies the allegations set forth in Paragraph 131 of the SAC.

132.    Denies the allegations set forth in Paragraph 132 of the SAC, except admits that Take-Two has promoted *NBA 2K16*'s MyCAREER mode, one component of which allows

24

players to create MyPLAYER characters with certain tattoos, but notes that the tattoos available in MyCAREER mode do not include the tattoos at issue in this litigation or any other real world tattoos.

133.    Denies the allegations set forth in Paragraph 133 of the SAC, except admits that Take-Two has promoted *NBA 2K16*'s MyCAREER mode, one component of which allows players to create MyPLAYER characters with certain tattoos, but notes that the tattoos available in MyCAREER mode do not include the tattoos at issue in this litigation or any other real world tattoos.

134.    Denies the allegations set forth in Paragraph 134 of the SAC, except admits that Take-Two has promoted *NBA 2K16*'s MyCAREER mode, one component of which allows players to create MyPLAYER characters with certain tattoos and purchase tattoos for their customized MyPLAYER characters, but notes that the tattoos available for purchase in MyCAREER mode do not include the tattoos at issue in this litigation or any other real world tattoos.

135.    Denies the allegations set forth in Paragraph 135 of the SAC, except admits that on September 20, 2016, Take-Two released its *NBA 2K17* video game, which realistically depicts professional basketball.

136.    Admits the allegations set forth in Paragraph 136 of the SAC.

137.    Denies the allegations set forth in Paragraph 137 of the SAC, except admits that LeBron James, Kyrie Irving, Danny Green, and Tristan Thompson are among the over 400 NBA players included in *NBA 2K17*.

138.    States that the allegations set forth in Paragraph 138 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

25

required, denies the allegations set forth in Paragraph 138, except admits that LeBron James, Kyrie Irving, Danny Green, and Tristan Thompson are depicted realistically in *NBA 2K17*, including with the tattoos they bear in real life.

139.    Denies the allegations in Paragraph 139 of the SAC.

140.    Denies the allegations set forth in Paragraph 140 of the SAC, except admits that Take-Two has promoted *NBA 2K17*'s MyCAREER mode, one component of which allows players to create MyPLAYER characters with certain tattoos, but notes that the tattoos available in MyCAREER mode do not include the tattoos at issue in this litigation or any other real world tattoos.

141.    Denies the allegations in Paragraph 141 of the SAC, except admits that Take-Two made improvements to the *NBA 2K17* game, and states that *NBA 2K17* is a professional basketball simulation game whose main premise, settings, primary game modes, athletes, and features mirror those of *NBA 2K16*, and the professional basketball players' tattoos in *NBA 2K* do not change from game to game, unless the professional basketball players change their tattoos in real life, because Take-Two is depicting the players as they appear in real life. Take-Two further states that the document attached to the SAC as Exhibit I speaks for itself.

142.    Denies the allegations set forth in Paragraph 142 of the SAC, and states that the professional basketball players' tattoos in *NBA 2K* do not change from game to game, unless the professional basketball players change their tattoos in real life, because Take-Two is depicting the players as they appear in real life.

143.    Denies the allegations set forth in Paragraph 143 of the SAC, except admits that on September 19, 2017, Take-Two released its *NBA 2K18* video game, which realistically depicts professional basketball.

26

144.    Admits the allegations set forth in Paragraph 144 of the SAC.

145.    Denies the allegations set forth in Paragraph 145 of the SAC, except admits that LeBron James, Kyrie Irving, Danny Green, and Tristan Thompson are among the over 400 NBA players included in *NBA 2K18*.

146.    States that the allegations set forth in Paragraph 146 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 146, except admits that LeBron James, Kyrie Irving, Danny Green, and Tristan Thompson are depicted realistically in *NBA 2K18*, including with the tattoos they bear in real life.

147.    Denies the allegations set forth in Paragraph 147 of the SAC, except admits that the Cleveland Cavaliers and the Golden State Warriors are the default teams on the Quickgame Team Select menu in *NBA 2K18* as they were the NBA championship teams from the previous year.

148.    Denies the allegations in Paragraph 148 of the SAC, except admits that *NBA 2K18* includes realistic depictions of NBA players including the tattoos they have in real life and that Take-Two made certain limited improvements in creating *NBA 2K18*, and further states that *NBA 2K18* is a professional basketball simulation game whose main premise, settings, primary game modes, athletes, and features mirror those of *NBA 2K16* and *NBA 2K17*, and the professional basketball players' tattoos in *NBA 2K* do not change from game to game, unless the professional basketball players change their tattoos in real life, because Take-Two is depicting the players as they appear in real life.

149.    Denies the allegations set forth in Paragraph 149 of the SAC.

27

150.    Denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 150 of the SAC, except denies the allegation in Paragraph 150 that users of *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* often choose to play with the Cleveland Cavaliers.

151.    States that the allegations set forth in Paragraph 151 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 151, and states that Plaintiff's permission was not required to realistically depict NBA players in *NBA 2K16*, *NBA 2K17*, and *NBA 2K18*.

152.    States that the allegations set forth in Paragraph 152 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 152, except admits that for *NBA 2K16*, *NBA 2K17*, and *NBA 2K18*, Take-Two sells into retailers in this District, including online retailers such as Amazon.com.

153.    Denies the allegations set forth in Paragraph 153 of the SAC, except admits that *NBA 2K* video games are generally sold on plastic discs packaged in plastic cases.

154.    Denies the allegations set forth in Paragraph 154 of the SAC, except admits that each disc is programmed with at least one computer program, which a video game console then reads to operate the game.

155.    States that the allegations set forth in Paragraph 155 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 155, except admits that when a user plays *NBA 2K*, NBA players are depicted realistically, including with the tattoos they bear in real life.

156.    States that the allegations set forth in Paragraph 156 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

28

required, denies the allegations set forth in Paragraph 156, except admits that *NBA 2K* depicts NBA players realistically, including with the tattoos they bear in real life.

157.    States that the allegations set forth in Paragraph 157 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 157, except admits that *NBA 2K* depicts NBA players realistically, including with the tattoos they bear in real life.

158.    States that the allegations set forth in Paragraph 158 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 158, except admits that video games run by temporarily saving data from a disc onto a video game console's random access memory (RAM).

159.    States that the allegations set forth in Paragraph 159 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 159, except admits that when NBA players are depicted on the screen in *NBA 2K*, the tattoos they bear are distorted, blurred, and often blocked from view by other visual elements in *NBA 2K*.

160.    States that the allegations set forth in Paragraph 160 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 160.

161.    States that the allegations set forth in Paragraph 161 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 161.

162.    States that no response to Paragraph 162 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment, and further states

29

that the allegations set forth in Paragraph 162 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 162.

163.    States that the allegations set forth in Paragraph 163 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 163 of the SAC, except admits that Take-Two has earned revenues from *NBA 2K16*, *NBA 2K17*, and *NBA 2K18*.

164.    Denies the allegations set forth in Paragraph 164 of the SAC, except admits that Take-Two sold-in over 4 million copies of *NBA 2K16* within the first week of the game's release.

165.    Denies the allegations set forth in Paragraph 165 of the SAC, except admits that Take-Two's sales for digital copies of *NBA 2K16* were double that of Take-Two's *NBA 2K15* video game.

166.    Denies the allegations set forth in Paragraph 166 of the SAC, except admits that for fiscal second quarter 2016, Take-Two's Non-GAAP net revenue grew 169%, as compared to fiscal second quarter 2015, to $364.9 million.

167.    Denies the allegations set forth in Paragraph 167 of the SAC, except admits that Take-Two sold-in over 4.5 million copies of *NBA 2K17* within the first week of the game's release.

168.    Denies the allegations set forth in Paragraph 168 of the SAC, except admits that for fiscal second quarter 2017, Take-Two's net revenue grew 21%, as compared to fiscal second quarter 2016, to $347.0 million.

169.     States that the allegations set forth in Paragraph 169 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 169, except admits that the discs containing *NBA 2K16*, *NBA 2K17*, and *NBA 2K18*, as well as the package inserts accompanying the boxes in which these discs are sold, include a printed copyright notice identifying "Take-Two Interactive Software and its subsidiaries" as the copyright owner.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT**
**17 U.S.C. §§ 106(5) AND 501**

170.     Incorporates by reference and restates each and every response to the preceding paragraphs of the SAC as though fully set forth herein.

171.     States that the allegations set forth in Paragraph 171 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 171.

172.     States that the allegations set forth in Paragraph 172 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 172.

173.     States that the allegations set forth in Paragraph 173 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 173.

174.     States that the allegations set forth in Paragraph 174 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 174.

175.    States that the allegations set forth in Paragraph 175 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 175.

176.    States that the allegations set forth in Paragraph 176 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 176.

177.    States that the allegations set forth in Paragraph 177 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 177.

178.    States that the allegations set forth in Paragraph 178 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 178.

178.179.    States that the allegations set forth in Paragraph 178 179 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 178179.

179.180.    States that the allegations set forth in Paragraph 179 180 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 179180.

**COUNT II**
**INDIRECT COPYRIGHT INFRINGEMENT**

180.181.    Incorporates by reference and restates each and every response to the preceding paragraphs of the SAC as though fully set forth herein.

32

181.182.      States that the allegations set forth in Paragraph 181 182 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 181182.

182.183.      States that the allegations set forth in Paragraph 182 183 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 182183.

183.184.      States that the allegations set forth in Paragraph 183 184 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 183184.

184.185.      States that the allegations set forth in Paragraph 184 185 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 184185.

185. 186.      States that the allegations set forth in Paragraph 185 186 of the SAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 185186.

**COUNT III**
**UNJUST ENRICHMENT/RESTITUTION**

186.187.      Incorporates by reference and restates each and every response to the preceding paragraphs of the SAC as though fully set forth herein.

187.188.      States that no response to Paragraph 187 188 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment.

188.189.      States that no response to Paragraph 188 189 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment.

33

189.190.        States that no response to Paragraph 189 190 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment.

190.191.        States that no response to Paragraph 190 191 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment.

191.192.        States that no response to Paragraph 191 192 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment.

192.193.        States that no response to Paragraph 192 193 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment.

193.194.        States that no response to Paragraph 193 194 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment.

194.195.        States that no response to Paragraph 194 195 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment.

195.196.        States that no response to Paragraph 195 196 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for unjust enrichment.

**COUNT IV**
**DECLARATORY JUDGMENT OF INVALIDITY DUE TO FRAUD ON THE COPYRIGHT OFFICE**
**(28 U.S.C. § 2201 et seq.)**

196.197.        Incorporates by reference and restates each and every response to the preceding paragraphs of the SAC as though fully set forth herein.

197.198.        States that no response to Paragraph 197 198 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

34

198.199.        States that no response to Paragraph 198 199 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

199.200.        States that no response to Paragraph 199 200 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

200.201.        States that no response to Paragraph 200 201 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

201.202.        States that no response to Paragraph 201 202 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

202.203.        States that no response to Paragraph 202 203 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

203.204.        States that no response to Paragraph 203 204 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

204.205.        States that no response to Paragraph 204 205 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

205.206.       States that no response to Paragraph 205 206 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

206.207.       States that no response to Paragraph 206 207 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

207.208.       States that no response to Paragraph 207 208 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

208.209.       States that no response to Paragraph 208 209 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

209.210.       States that no response to Paragraph 209 210 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

210.211.       States that no response to Paragraph 210 211 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

211.212.       States that no response to Paragraph 211 212 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

212.213.          States that no response to Paragraph 212 213 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

213.214.          States that no response to Paragraph 213 214 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

214.215.          States that no response to Paragraph 214 215 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

215.216.          States that no response to Paragraph 215 216 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

216.217.          States that no response to Paragraph 216 217 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

217.218.          States that no response to Paragraph 217 218 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

218.219.          States that no response to Paragraph 218 219 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

219.220.        States that no response to Paragraph 219 220 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

220.221.        States that no response to Paragraph 220 221 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

221.222.        States that no response to Paragraph 221 222 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

222.223.        States that no response to Paragraph 222 223 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

223.224.        States that no response to Paragraph 223 224 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

224.225.        States that no response to Paragraph 224 225 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

225.226.        States that no response to Paragraph 225 226 of the SAC is necessary given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment of fraud on the U.S. Copyright Office.

226.227.	States that no response to Paragraph 226 227 of the SAC is necessary
given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment
of fraud on the U.S. Copyright Office.

227.228.	States that no response to Paragraph 227 228 of the SAC is necessary
given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment
of fraud on the U.S. Copyright Office.

228.229.	States that no response to Paragraph 228 229 of the SAC is necessary
given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment
of fraud on the U.S. Copyright Office.

229.230.	States that no response to Paragraph 229 230 of the SAC is necessary
given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment
of fraud on the U.S. Copyright Office.

230.231.	States that no response to Paragraph 230 232 of the SAC is necessary
given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment
of fraud on the U.S. Copyright Office.

231.232.	States that no response to Paragraph 231 232 of the SAC is necessary
given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment
of fraud on the U.S. Copyright Office.

232.233.	States that no response to Paragraph 232 233 of the SAC is necessary
given that the Court has dismissed Plaintiff's claim against Take-Two for a declaratory judgment
of fraud on the U.S. Copyright Office.

39

**DEFENDANTS' AFFIRMATIVE DEFENSES**

FIRST DEFENSE
(FAILURE TO STATE A CLAIM)

~~233.~~234.　　Plaintiff's claims fail, in whole or in part, because the SAC, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

SECOND DEFENSE
(*DE MINIMIS* USE)

~~234.~~235.　　Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis* use.

THIRD DEFENSE
(FAIR USE)

~~235.~~236.　　Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.  17 U.S.C. § 107.

FOURTH DEFENSE
(LICENSE)

~~236.~~237.　　Plaintiff's claims are barred, in whole or in part, because Take-Two has a license to the works at issue.

FIFTH DEFENSE
(CONSENT, WAIVER, ESTOPPEL)

~~237.~~238.　　Plaintiff's claims are barred, in whole or in part, by consent, waiver, and/or estoppel.

SIXTH DEFENSE
(NON-INFRINGEMENT)

~~238.~~239.　　Plaintiff's claims are barred, in whole or in part, because Defendants do not and have not infringed the copyrights at issue, including without limitation pursuant to the doctrines of scenes a faire, merger and/or other limits on the scope of copyright protection.

40

<u>SEVENTH DEFENSE</u>
<u>(LACK OF COPYRIGHT REGISTRATION)</u>

~~239.~~240.     Plaintiff's claims are barred, in whole or in part, to the extent that his claims are based on works that were not registered with the U.S. Copyright Office, but rather on subsequent derivative works based on registered designs.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc. respectfully request judgment against Plaintiff James Hayden as follows:

A.  Deny Plaintiff all relief requested in its Second Amended Complaint in this action and dismiss Hayden's Second Amended Complaint with prejudice;

B.  Grant an award of Defendants' costs and disbursements in this action, including reasonable attorney's fees pursuant to 17 U.S.C. § 505; and

C.  Grant such other, further and different relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc. demand a trial by jury on all issues so triable in this action.

Dated: ~~April~~ June ~~##~~4, 2019

*/s/ Dale M. Cendali*

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

David T. Movius (OH 0070132)
Matthew J. Cavanagh (OH 0079522)

41

MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
dmovius@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and*
*Take-Two Interactive Software, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June ##April 4, 2019, I electronically filed the foregoing

CORRECTED ANSWER TO SECOND AMENDED COMPLAINT with the Clerk of Court

using the ECF system, which will send notification of such filing to all counsel of record, all of

whom are registered ECF participants.

/s/ Dale M. Cendali

Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

*Attorney for Defendants 2K Games, Inc. and
Take-Two Interactive Software, Inc.*