~~LR - APPENDIX L~~
~~FORM PROTECTIVE ORDER~~
<u>IN THE</u> UNITED STATES DISTRICT COURT
<u>FOR THE</u> NORTHERN DISTRICT OF OHIO
<u>EASTERN DIVISION</u>

| <u>JAMES HAYDEN,</u> | | <u>CASE NO. 1:17-cv-02635-CAB</u> |
|---|---|---|
| | <u>Plaintiff,</u> | <u>JUDGE CHRISTOPHER A. BOYKO</u> |
| <u>v.</u> | <u>Defendants.</u> | <u>STIPULATED PROTECTIVE ORDER</u> |
| <u>2K GAMES, INC., et al.,</u> | | |

~~Case No.~~
~~Plaintiff~~
~~v.       [STIPULATED]1 PROTECTIVE ORDER~~
~~Defendant~~
~~[if by stipulation]~~
~~[if not fully by stipulation] A party to this action has moved that the Court enter a protective order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is~~
~~ORDERED:~~

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. Scope. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively ~~"~~"documents~~"~~"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Form and Timing of Designation. ~~A~~<u>Any</u> party <u>or non-party producing documents in this action under this Order (each a "Producing Party")</u> may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words ~~"~~"CONFIDENTIAL <u>- SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS EYES ONLY</u> – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the ~~CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER~~ designation. Documents shall be designated ~~CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER~~ prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL<u> or ATTORNEYS EYES ONLY</u>, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily

~~1 Counsel should include or delete language in brackets as necessary to the specific case.~~

to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Any Producing pParty may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric, including without limitation agreements and contracts; current and future business, product, or strategic plans; financial information; marketing documents; private personal identifying information,; trade secrets, personnel records, or such other sensitive commercial; interrogatory answers; responses to requests for admission; or Documents or information that is not, if released publicly available, would cause embarrassment or be damaging to reputation of the Producing Party or third parties. .Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4. Documents Which May be Designated ATTORNEYS EYES ONLY. Any Producing Party may designate documents ATTORNEYS EYES ONLY after making a good faith determination that (1) the documents contain information that is particularly sensitive, private, or competitively valuable, including without limitation financial information, trade secrets, or other competitively sensitive information about future business, products, or strategic plans and (2) designating the document CONFIDENTIAL under this order would be insufficient to protect the Producing Party's competitive interests or the document discloses a party's sensitive financial information or an individual's private information.

5. Any copies or reproductions, excerpts, summaries, or other Documents or media that paraphrase, excerpt, or contain information that has been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order.

46. Depositions. Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and made at the deposition or within 14 days after the final transcript is made available to the parties by the court reporter. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

~~5~~7. Protection of Confidential Material.

~~(~~a) General Protections. Documents designated ~~CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER~~for protection under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ~~¶ 5~~6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action ~~[adversary proceeding]~~, including any appeal thereof.

~~(~~b) ~~Limited Third-Party Disclosures~~ Protection of Documents Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs ~~(~~1) ~~(5~~7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

~~(~~1) Counsel. Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

~~(~~2) Parties. Parties and employees of a party to this Order.~~2~~

~~(~~3) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

4) The Court. This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action;

(~~4~~5) Consultants, Investigators and Experts. Consultants, investigators, or experts (hereinafter referred to collectively as ~~"~~"experts~~"~~") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;~~ and~~

6) Non-Party Fact Witnesses. Any non-party fact witness and his or her counsel, if separate from counsel to the Parties, when such disclosure is reasonably necessary for the purpose of deposition or trial preparation. All non-party fact witnesses shall execute the certification contained in Certification attached to this Order; and

(~~5~~7) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

~~2 NOTE: If the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties may stipulate or move for the establishment of an additional category of protection that prohibits disclosure of such documents or information to category (2) or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the order.~~

c) Protection of Documents Designated ATTORNEYS EYES ONLY –

SUBJECT TO PROTECTIVE ORDER. The parties and counsel for the parties shall not disclose or permit the disclosure of any ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs 1) – 6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

1) Counsel. Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

2) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

3) The Court. This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action;

4) Consultants, Investigators and Experts. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound and;

5) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(~~c~~d) Control of Documents. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated ~~as CONFIDENTIAL~~ for protection pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(~~d~~e) Copies. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as ~~"~~"copies~~"~~") of documents designated ~~as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER~~ for protection under this Order, or any individual portion of such a document, shall be affixed with the designation ~~"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"~~ if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term ~~"~~"copies~~"~~" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(~~e~~f) Inadvertent Production. Inadvertent production of any document or information without a designation of ~~"~~"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER~~"~~" shall be governed by Fed. R. Evid. 502.

8. Outside Counsel's Advice. Nothing in this Order shall prevent or otherwise restrict

outside counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of documents protected under this Order; provided, however, that in rending such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the provisions of this Order.

69. Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER Documents Under Seal. Absent a statute or an order of this Court, documents may not be filed under seal. See L.R.5.2; Electronic Filing Policies and Procedures Manual Section 16. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.3

3 [NOTE: If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.]

710. Challenges by a Party to Designation as Confidential. Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement

is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. If the party objecting to the designation and the party producing the designated information (the "Producing Party") cannot resolve the objection after meeting and conferring, the disputed information shall continue to be treated with the level of protection to which it is entitled under Producing Party's designation until the Court rules on a motion.

811. Action by the Court. Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER for protection under this Order shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge''s standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court''s power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

912. Use of Confidential Documents or Information at Trial. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents designated for protection under this Order or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such information designated for protection under this Order. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

103. Obligations on Conclusion of Litigation.

(a) Order Remains in Effect. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Designated for Protection Under this Order. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designated for protection under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designated for

protection under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use ~~CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER~~ documents designated for protection under this Order.

~~(~~c) Return of Documents Filed under Seal. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

1~~1~~4. Order Subject to Modification. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge~~'~~'s standing orders or other relevant orders.

1~~2~~5. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated ~~CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER~~for protection under this Order by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

1~~3~~6. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

17. Logging Privileged Documents. Consistent with the Federal Rules of Civil Procedure, a Party withholding or redacting any document on the grounds of privilege, immunity or any similar claim shall provide to the Receiving Party a privilege or redaction log. The Parties shall have no obligation to log material created after December 18, 2017. Documents not logged for protection by attorney-client privilege, work-product privilege, or a similar privilege or protection shall be produced.

The log shall contain the following information: (i) the date of the document; (ii) the identity of all persons who sent, authored, signed or otherwise prepared the document; (iii) the identity of all persons designated as addressees or copyees; (iv) a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim or privilege or immunity; (v) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); and (vi) for redacted documents only, the Bates numbers corresponding to the first and last page of any document redacted. To the extent e-mail is included and described on the log, any e-mail chain (i.e., a series of e-mails linked together by e-mail responses and forwarding) that is withheld or redacted on the grounds of privilege, immunity or any similar claim may be logged as a single entry and identified by the most recent (i.e., topmost) e-mail. The parties shall not be required to break up an e-mail chain and log each individual e-mail separately. If, however, e-mail contained within a given chain exists as a separate document, then the parties shall log that material in accordance with this Paragraph. Activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) are protected from disclosure under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

18. Application to Non-Parties. This Order shall apply to any non-party who (a) is obligated to provide discovery, by deposition, production of documents, or otherwise, in this Action, (b) requests the protection of this Order as to its documents, and (c) agrees to be bound by the provisions of this Order by executing the Acknowledgment and Agreement to be Bound attached to this Order at Attachment A. This Order also shall apply to Non-Parties who are afforded access to documents or information produced in this Action, whether by deposition, production of documents, or otherwise. Prior to receiving such documents or information, such Non-Parties shall execute the Acknowledgement and Agreement to be Bound attached to this Order.

19. Subpoenas. Any Party or person in possession of information that has been designated

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY –

SUBJECT TO PROTECTIVE ORDER who receives a subpoena or other process from any person or entity who is not a Party seeking production or other disclosure of such information shall promptly and in any case within three (3) business days give telephonic notice and written notice by overnight delivery or facsimile to counsel for the Producing Party who designated the documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY –

SUBJECT TO PROTECTIVE ORDER, identifying the materials sought and enclosing a copy of the subpoena or other process. The Party or person receiving the subpoena also shall inform the person seeking the information that such information is subject to this Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Paragraph shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of information designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER to resist such production or disclosure, or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

So Ordered.

Dated:

U.S. District Judge Christopher A. Boyko

~~U.S. Magistrate Judge~~
~~U.S. Bankruptcy Judge~~

~~[Delete signature blocks if not wholly by consent]~~

~~WE SO MOVE/STIPULATE~~ ~~WE SO MOVE/STIPULATE~~

~~and agree to abide by the~~ ~~and agree to abide by the~~

~~terms of this Order~~ ~~terms of this Order~~

~~Signature~~ ~~Signature~~

~~Counsel for:~~    ~~Counsel for:~~

~~Dated:~~ ~~Dated:~~

DATED: August 6, 2019

/s/ Joshua L. Simmons          /s/ Andrew Alexander

Dale M. Cendali (admitted pro hac vice) Joshua L. Simmons (admitted pro hac vice) Miranda Means (admitted pro hac vice) Kirkland & Ellis LLP

601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
miranda.means@kirkland.com

David T. Movius (OH 0070132) Matthew J. Cavanagh (OH 0079522) McDonald Hopkins LLC

600 Superior Avenue, East, Ste. 2100 Cleveland, Ohio 44114

Telephone: 216.348.5400

Fax: 216.348.5474

dmovius@mcdonaldhopkins.com mcavanagh@mcdonaldhopkins.com

Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.

Daniel McMullen (Ohio Bar No. 0034380) Georgia E. Yanchar (Ohio Bar No. 0071458) Andrew Alexander (Ohio Bar No. 0091167) CALFEE, HALTER & GRISWOLD LLP

The Calfee Building
1405 East Sixth Street

Cleveland, Ohio 44114-1607

Telephone: (216) 622-8200
Facsimile: (216) 241-0816
dmcmullen@calfee.com
gyanchar@calfee.com
aalexander@calfee.com

Of Counsel

Kimberly A. Pinter (Ohio Bar No. 0084277)

CALFEE, HALTER & GRISWOLD LLP

The Calfee Building

1405 East Sixth Street

Cleveland, Ohio 44114-1607

Telephone: (216) 622-8200

Facsimile: (216) 241-0816

E-mail: kpinter@calfee.com

Attorneys for Plaintiff James Hayden

~~FORM PROTECTIVE ORDER~~14

ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| JAMES HAYDEN, | | CASE NO. 1:17-cv-02635-CAB |
|---|---|---|
| | Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v.<br>2K GAMES, INC., et al., | Defendants. | ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND |

~~Civil No.~~

~~Plaintiff~~

~~Defendant~~

~~ACKNOWLEDGMENT AND~~

~~AGREEMENT TO BE BOUND~~

The undersigned hereby acknowledges that he/she has read the Protective Order dated

 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:

Job Title:

Employer:

Business Address:

Date:

Signature

| ~~Date:~~ | | | | |
|---|---|---|---|---|
| | | | ~~Signature~~ | ~~2~~ |