UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN,<br><br>    Plaintiff,<br><br>v.<br><br>2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC. ,<br><br>    Defendants. | CASE NO. 1:17-cv-02635-CAB |

ORDER GOVERNING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

1. **PURPOSE**

    This Order will govern production of electronically stored information ("ESI") by Plaintiff James Hayden ("Plaintiff") and Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. ("Defendants") (collectively, the "Parties") in the above-captioned litigation (the "Action") as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules. This Order is designed to promote a "just, speedy, and inexpensive determination of this action," as required by Federal Rule of Civil Procedure 1.

2. **PRESERVATION**

    The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

    (a)  Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

    (b)  Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved or searched:

    (i)  Deleted, slack, fragmented, or other data only accessible by forensics.

    (ii)    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    (iii)    On-line access data such as temporary internet files, history, cache, cookies, and the like.

    (iv)    Data in metadata fields that are frequently updated automatically, such as last opened dates.

    (v)    Back-up data that are substantially duplicative of data that are more accessible elsewhere.

    (vi)    Server, system or network logs.

    (vii)    Data remaining from systems no longer in use that is unintelligible on the systems in use.

    (viii)    Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

3. **ESI DISCOVERY PROCEDURES**

    (a)    <u>Format</u>. The parties agree to produce electronically stored information in black-and-white, single-page TIFF (300 dpi, Group IV) or color JPEG format. The file names of the images should correspond to the appropriate Bates number and should be accompanied by an OPT file mapping each Bates number with the associated image file. All corresponding metadata shall be produced in a DAT file, separated with consistent Concordance delimiters. All corresponding document text (extracted text or optical character recognition) information should be provided as document level text files with file names corresponding to the beginning Bates number of the document, and text files should be in plain-text format (not Unicode or UTF). Productions should be compatible with Concordance version 8.26. All electronically stored audio or audiovisual files shall be produced in their native format as maintained and retained by the parties.

    (b)    <u>De-duplication</u>. The parties may de-duplicate their ESI production across custodial and non-custodial data sources.

4. **DOCUMENTS PROTECTED FROM DISCOVERY**

    Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

DATED: August 6, 2019

<div style="columns:2">

*/s/ Joshua L. Simmons*

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Miranda Means (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
miranda.means@kirkland.com


David T. Movius (OH 0070132)
Matthew J. Cavanagh (OH 0079522)
McDonald Hopkins LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
dmovius@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc.
and Take-Two Interactive Software, Inc.*

*/s/ Andrew Alexander*

Daniel McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
dmcmullen@calfee.com
gyanchar@calfee.com
aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail: kpinter@calfee.com

*Attorneys for Plaintiff James Hayden*

</div>

SO ORDERED

Dated: 8/29/2019

                                                      s/Christopher A. Boyko
                                                  CHRISTOPHER A. BOYKO
                                                      U.S. District Judge