# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

JAMES HAYDEN,

               Plaintiff,

    v.

2K GAMES, INC. and TAKE-TWO
INTERACTIVE SOFTWARE, INC.,

               Defendants.

CASE NO. 1:17-cv-02635-CAB

## ANSWER TO FOURTH AMENDED COMPLAINT

Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively "Take-Two"), by and through their undersigned counsel, answer Plaintiff James Hayden's ("Plaintiff") Fourth Amended Complaint ("FAC"), dated August 19, 2019, as follows:

## NATURE OF ACTION, JURISDICTION, AND VENUES

1.      States that the allegations set forth in Paragraph 1 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that the FAC purports to assert a claim for copyright infringement.

2.      States that the allegations set forth in Paragraph 2 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 2, except admits that this case concerns Take-Two's realistic depiction of professional basketball players, including with the tattoos that they bear in real life, in Take-Two's *NBA 2K16*, *NBA 2K17*, *NBA 2K18, NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile* video games, and further admits that Take-Two's *NBA 2K16*, *NBA 2K17*, *NBA 2K18,*

1

*NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile* video games are highly successful, but states that the success of these games is unrelated to the tattoos at issue in this case.

3.      States that the allegations set forth in Paragraph 3 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that the FAC purports to seek preliminary and permanent injunctive relief and damages.

4.      States that the allegations set forth in Paragraph 4 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 4.

5.      States that the allegations set forth in Paragraph 5 are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that the Court has original subject matter jurisdiction over the copyright claims the FAC purports to assert against Take-Two.

6.      States that the allegations set forth in Paragraph 6 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that this Court has personal jurisdiction over Take-Two for purposes of the claims set forth in the FAC.

7.      Denies the allegations set forth in Paragraph 7 of the FAC, except admits that at least one copy of Take-Two's *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, and *NBA 2K19* video games have been sold in Ohio.

8.      States that the allegations set forth in Paragraph 8 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 8, except admits that 2K Games, Inc. is a wholly-owned subsidiary of Take-Two Interactive Software, Inc., and further admits that Take-

Two was involved in the development, promotion, distribution, marketing, and contracting to supply *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile* in Ohio.

9. States that the allegations set forth in Paragraph 9 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that at least one copy of *NBA 2K16*, *NBA 2K17*, *NBA 2K18,* and *NBA 2K19* have been sold in Ohio.

10. States that the allegations set forth in Paragraph 10 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 10.

11. States that the allegations set forth in Paragraph 11 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations in Paragraph 11, except admits that venue is proper in this District.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the FAC.

13. States that the allegations set forth in Paragraph 13 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits the allegations set forth in Paragraph 13.

## PARTIES

14. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the FAC.

15. Admits the allegations set forth in Paragraph 15 of the FAC.

16. Admits the allegations set forth in Paragraph 16 of the FAC.

17.     States that the allegations set forth in Paragraph 17 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 17, except admits that Take-Two Interactive Software, Inc. is a major developer, publisher and marketer of interactive entertainment and video games domestically and internationally, including *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile.*

18.     States that the allegations set forth in Paragraph 18 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 18.

19.     States that the allegations set forth in Paragraph 19 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 19, except admits that Take-Two has a financial interest in *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile*.

20.     States that the allegations set forth in Paragraph 20 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 20, except admits that Take-Two created the *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile* games.

21.     States that the allegations set forth in Paragraph 21 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 21, except admits that 2K Games, Inc. is a wholly-owned subsidiary of Take-Two Interactive Software, Inc.

## FACTUAL ALLEGATIONS

22.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the FAC.

23.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 23 of the FAC.

24.     States that the allegations set forth in Paragraph 24 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24.

25.     States that the allegations set forth in Paragraph 25 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 25.

26.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 of the FAC.

27.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27 of the FAC, except admits that the document attached to the FAC as Exhibit A is titled "50 Tattoo Artists You Need to Know" and is dated January 5, 2015, and states that the document attached to the FAC as Exhibit A speaks for itself.

28.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28 of the FAC, and states that the document attached to the FAC as Exhibit B is an undated, untitled document, and further states that it speaks for itself.

29.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29 of the FAC, except admits that LeBron James is an NBA player who currently plays for the Los Angeles Lakers and formerly played for the Cleveland Cavaliers.

30.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the FAC, except admits that LeBron James appears to have several tattoos.

31.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31 of the FAC.

32.     Admits that Danny Green is an NBA player who currently plays for the Los Angeles Lakers and formerly played for the Cleveland Cavaliers.

33.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33 of the FAC, except admits that Danny Green appears to have several tattoos.

34.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the FAC.

35.     Admits that Tristan Thompson is an NBA player who currently plays for the Cleveland Cavaliers.

36.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 36 of the FAC, except admits that Tristan Thompson appears to have several tattoos.

37.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the FAC.

38. States that the allegations set forth in Paragraph 38 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 38 as to whether Plaintiff created the design pictured in Paragraph 38 of the FAC, and further denies the allegation set forth in Paragraph 38 that the pictured design is on LeBron James's right shoulder, except admits that a tattoo based on this design appears to have been inked onto Mr. James's right shoulder.

39. States that the allegations set forth in Paragraph 39 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 39.

40. States that the allegations set forth in Paragraph 40 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 40.

41. States that the allegations set forth in Paragraph 41 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 42 of the FAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-263-888" is attached to the FAC as Exhibit C, and states that the document speaks for itself.

43.     States that the allegations set forth in Paragraph 43 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 43.

44.     States that the allegations set forth in Paragraph 44 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 44.

45.      States that the allegations set forth in Paragraph 45 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 45 as to whether Plaintiff created the design pictured in Paragraph 45 of the FAC, and further denies the allegation set forth in Paragraph 45 that the pictured design is on LeBron James's chest, except admits that a tattoo based on this design appears to have been inked onto Mr. James's chest.

46.     States that the allegations set forth in Paragraph 46 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 46.

47.     States that the allegations set forth in Paragraph 47 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 47.

48. States that the allegations set forth in Paragraph 48 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 48.

49. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 49 of the FAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-271-044" is attached to the FAC as Exhibit D, and states that the document speaks for itself.

50. States that the allegations set forth in Paragraph 50 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 50.

51. States that the allegations set forth in Paragraph 51 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 51.

52. States that the allegations set forth in Paragraph 52 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph 52 as to whether Plaintiff created the design pictured pictured in Paragraph 52 of the FAC, and further denies the allegation set forth in Paragraph 52 that the pictured design is on LeBron James's shoulder, except admits that a tattoo based on this design appears to have been inked onto Mr. James's shoulder.

53. States that the allegations set forth in Paragraph 53 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 53.

54. States that the allegations set forth in Paragraph 54 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 54.

55. States that the allegations set forth in Paragraph 55 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 55.

56. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 56 of the FAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-270-802" is attached to the FAC as Exhibit E, and states that the document speaks for itself.

57. States that the allegations set forth in Paragraph 57 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 57.

58. States that the allegations set forth in Paragraph 58 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 58.

59. States that the allegations set forth in Paragraph 59 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 59, except admits that the image depicted in Paragraph 59 appears to be a tattoo inked on Danny Green's shoulder.

60. States that the allegations set forth in Paragraph 60 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 60.

61. States that the allegations set forth in Paragraph 61 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 61.

62. States that the allegations set forth in Paragraph 62 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 62.

63. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 63 of the FAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-287-552" is attached to the FAC as Exhibit F, and states that the document speaks for itself.

64.     States that the allegations set forth in Paragraph 64 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 64.

65.     States that the allegations set forth in Paragraph 65 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 65.

66.     States that the allegations set forth in Paragraph 66 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 66, except admits that the image depicted in Paragraph 66 appears to be a tattoo inked on Danny Green's bicep.

67.     States that the allegations set forth in Paragraph 67 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 67.

68.     States that the allegations set forth in Paragraph 68 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 68.

69.     States that the allegations set forth in Paragraph 69 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 69.

70.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 70 of the FAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-287-545" is attached to the FAC as Exhibit G, and states that the document speaks for itself.

71.     States that the allegations set forth in Paragraph 71 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 71.

72.     States that the allegations set forth in Paragraph 72 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 72.

73.     States that the allegations set forth in Paragraph 73 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 73, except admits that the image depicted in Paragraph 73 appears to be a tattoo inked on Tristan Thompson's chest.

74.     States that the allegations set forth in Paragraph 74 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 74.

75.     States that the allegations set forth in Paragraph 75 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 75.

76.     States that the allegations set forth in Paragraph 76 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 76.

77.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 77 of the FAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-292-453" is attached to the FAC as Exhibit H, and states that the document speaks for itself.

78.     States that the allegations set forth in Paragraph 78 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 78.

79.     States that the allegations set forth in Paragraph 79 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 79.

80.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 80 of the FAC, except admits that a document titled "Certificate of

Registration" and labeled "Registration Number VAu 1-263-888" is attached to the FAC as Exhibit C, and states that the document speaks for itself.

81.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 81 of the FAC, except admits that the document attached to the FAC as Exhibit C labeled "Registration Number VAu 1-263-888" is dated September 6, 2016, and states that the document speaks for itself.

82.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 82 of the FAC, except admits that the document attached to the FAC as Exhibit C is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-263-888," and states that the document speaks for itself.

83.    States that the allegations set forth in Paragraph 83 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 83.

84.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 84 of the FAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-271-044" is attached to the FAC as Exhibit D, and states that the document speaks for itself.

85.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 85 of the FAC, except admits that the document attached to the FAC as Exhibit D labeled "Registration Number VAu 1-271-044" is dated September 6, 2016, and states that the document speaks for itself.

86.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 86 of the FAC, except admits that the document attached to the FAC as Exhibit D is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-271-044," and states that the document speaks for itself.

87.     States that the allegations set forth in Paragraph 87 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 87.

88.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 88 of the FAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-270-802" is attached to the FAC as Exhibit E, and states that the document speaks for itself.

89.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 89 of the FAC, except admits that the document attached to the FAC as Exhibit E labeled "Registration Number VAu 1-270-802" is dated September 6, 2016, and states that the document speaks for itself.

90.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 90 of the FAC, except admits that the document attached to the FAC as Exhibit E is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-270-802," and states that the document speaks for itself.

91.     States that the allegations set forth in Paragraph 91 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 91.

92.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 92 of the FAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-287-552" is attached to the FAC as Exhibit F, and states that the document speaks for itself.

93.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 93 of the FAC, except admits that the document attached to the FAC as Exhibit F labeled "Registration Number VAu 1-287-552" is dated August 11, 2017, and states that the document speaks for itself.

94.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 94 of the FAC, except admits that the document attached to the FAC as Exhibit F is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-287-552," and states that the document speaks for itself.

95.     States that the allegations set forth in Paragraph 95 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 95.

96.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 96 of the FAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-287-545" is attached to the FAC as Exhibit G, and states that the document speaks for itself.

97.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 97 of the FAC, except admits that the document attached to the FAC as Exhibit G labeled "Registration Number VAu 1-287-545" is dated August 11, 2017, and states that the document speaks for itself.

98.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 98 of the FAC, except admits that the document attached to the FAC as Exhibit G is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-287-545," and states that the document speaks for itself.

99.     States that the allegations set forth in Paragraph 99 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 99.

100.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 100 of the FAC, except admits that a document titled "Certificate of Registration" and labeled "Registration Number VAu 1-292-453" is attached to the FAC as Exhibit H, and states that the document speaks for itself.

101.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 101 of the FAC, except admits that the document attached to the FAC as Exhibit H is titled "Certificate of Registration" and is labeled "Registration Number VAu 1-292-453," and states that the document speaks for itself.

102.     States that the allegations set forth in Paragraph 102 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 102.

103.     States that the allegations set forth in Paragraph 103 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, admits that the FAC uses the defined term "HAYDEN'S Works."

104.     States that the allegations set forth in Paragraph 104 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 104, except admits that Take-Two was able to view NBA players' tattoos because their tattoos are part of their likenesses that are regularly on display by virtue of their roles as professional athletes.

105.     States that the allegations set forth in Paragraph 105 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 105.

106.     States that the allegations set forth in Paragraph 106 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 106.

107.     States that the allegations set forth in Paragraph 107 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 107.

108.     Denies the allegations set forth in Paragraph 108 of the FAC, except admits that Take-Two did not seek or obtain permission from Plaintiff to realistically depict professional basketball players with their tattoos in *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile* and states that Plaintiff's permission was not required to realistically

depict NBA players in *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile*.

109.     Denies the allegations set forth in Paragraph 109 of the FAC, except admits that on September 29, 2015, Take-Two released its *NBA 2K16* video game, which realistically depicts professional basketball.

110.     Admits the allegations set forth in Paragraph 110 of the FAC.

111.     Denies the allegations set forth in Paragraph 111 of the FAC, except admits that LeBron James, Danny Green, and Tristan Thompson are among the over 400 NBA players included in *NBA 2K16*.

112.     States that the allegations set forth in Paragraph 112 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 112, except admits that LeBron James, Danny Green, and Tristan Thompson are depicted realistically in *NBA 2K16*, including with the tattoos they bear in real life.

113.     Denies the allegations set forth in Paragraph 113 of the FAC.

114.     Denies the allegations set forth in Paragraph 114 of the FAC, except admits that Take-Two has promoted *NBA 2K16*'s MyCAREER mode, one component of which allows players to create MyPLAYER characters with certain tattoos, but notes that the tattoos available in MyCAREER mode do not include the tattoos at issue in this litigation or any other real world tattoos.

115.     Denies the allegations set forth in Paragraph 115 of the FAC, except admits that Take-Two has promoted *NBA 2K16*'s MyCAREER mode, one component of which allows players to create MyPLAYER characters with certain tattoos, but notes that the tattoos available

in MyCAREER mode do not include the tattoos at issue in this litigation or any other real world tattoos.

116.    Denies the allegations set forth in Paragraph 116 of the FAC, except admits that Take-Two has promoted *NBA 2K16*'s MyCAREER mode, one component of which allows players to create MyPLAYER characters with certain tattoos and purchase tattoos for their customized MyPLAYER characters, but notes that the tattoos available for purchase in MyCAREER mode do not include the tattoos at issue in this litigation or any other real world tattoos.

117.    Denies the allegations set forth in Paragraph 117 of the FAC, except admits that on September 20, 2016, Take-Two released its *NBA 2K17* video game, which realistically depicts professional basketball.

118.    Admits that *NBA 2K17* has been available for sale throughout the United States and in this District.

119.    Denies the allegations set forth in Paragraph 119 of the FAC, except admits that LeBron James, Danny Green, and Tristan Thompson are among the over 400 NBA players included in *NBA 2K17*.

120.    States that the allegations set forth in Paragraph 120 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 120, except admits that LeBron James, Danny Green, and Tristan Thompson are depicted realistically in *NBA 2K17*, including with the tattoos they bear in real life.

121.    Denies the allegations in Paragraph 121 of the FAC.

122. Denies the allegations set forth in Paragraph 122 of the FAC, except admits that Take-Two has promoted *NBA 2K17*'s MyCAREER mode, one component of which allows players to create MyPLAYER characters with certain tattoos, but notes that the tattoos available in MyCAREER mode do not include the tattoos at issue in this litigation or any other real world tattoos.

123. Denies the allegations in Paragraph 123 of the FAC, except admits that Take-Two made improvements to the *NBA 2K17* game, and states that *NBA 2K17* is a professional basketball simulation game whose main premise, settings, primary game modes, athletes, and features mirror those of *NBA 2K16*, and the professional basketball players' tattoos in *NBA 2K* do not change from game to game, unless the professional basketball players change their tattoos in real life, because Take-Two is depicting the players as they appear in real life. Take-Two further states that the document attached to the FAC as Exhibit I speaks for itself.

124. Denies the allegations set forth in Paragraph 124 of the FAC, and states that the professional basketball players' tattoos in *NBA 2K* do not change from game to game, unless the professional basketball players change their tattoos in real life, because Take-Two is depicting the players as they appear in real life.

125. Denies the allegations set forth in Paragraph 125 of the FAC, except admits that on September 19, 2017, Take-Two released its *NBA 2K18* video game, which realistically depicts professional basketball.

126. Admits that *NBA 2K18* has been available for sale throughout the United States and in this District.

127.     Denies the allegations set forth in Paragraph 127 of the FAC, except admits that LeBron James, Danny Green, and Tristan Thompson are among the over 400 NBA players included in *NBA 2K18.*

128.     States that the allegations set forth in Paragraph 128 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 128, except admits that LeBron James, Danny Green, and Tristan Thompson are depicted realistically in *NBA 2K18*, including with the tattoos they bear in real life.

129.     Denies the allegations set forth in Paragraph 129 of the FAC, except admits that the Cleveland Cavaliers and the Golden State Warriors are the default teams on the Quickgame Team Select menu in *NBA 2K18* as they were the NBA championship teams from the previous year.

130.     Denies the allegations in Paragraph 130 of the FAC, except admits that *NBA 2K18* includes realistic depictions of NBA players including the tattoos they have in real life and that Take-Two made certain limited improvements in creating *NBA 2K18*, and further states that *NBA 2K18* is a professional basketball simulation game whose main premise, settings, primary game modes, athletes, and features mirror those of *NBA 2K16* and *NBA 2K17*, and the professional basketball players' tattoos in *NBA 2K* do not change from game to game, unless the professional basketball players change their tattoos in real life, because Take-Two is depicting the players as they appear in real life.

131.     Denies the allegations set forth in Paragraph 131 of the FAC.

132.     Denies the allegations set forth in Paragraph 132 of the FAC, except admits that on September 7, 2018, Take-Two released its *NBA 2K19* video game, which is the latest game in

the *NBA 2K* series, and that, like the other games in that series, it realistically depicts professional basketball.

133.    Admits that *NBA 2K19* has been available for sale throughout the United States and in this District.

134.    Denies the allegations set forth in Paragraph 134 of the FAC, except admits that LeBron James, Danny Green, and Tristan Thompson are among the over 400 NBA players included in *NBA 2K19.*

135.    States that the allegations set forth in Paragraph 135 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 135, except admits that LeBron James, Danny Green, and Tristan Thompson are depicted realistically in *NBA 2K19*, including with the tattoos they bear in real life.

136.    Denies the allegations in Paragraph 136 of the FAC, except admits that *NBA 2K19* includes realistic depictions of NBA players including the tattoos that they have in real life and that Take-Two made improvements and additions to *NBA 2K19* in comparison to *NBA 2K16*, but those improvements did not involve the tattoos depicted on the NBA players in the game.

137.    Denies the allegations set forth in Paragraph 137 of the FAC except admits that tattoo customization is a feature of *NBA 2K19*.

138.    Denies the allegations set forth in Paragraph 138 of the FAC except admits that Defendants advertised *NBA 2K20* in August 2019.

139.    Denies the allegations set forth in Paragraph 139 of the FAC except admits that Defendants have advertised that *NBA 2K20* will be available in the United States on September 6, 2019.

140.     Denies the allegations set forth in Paragraph 140 of the FAC except admits that avatars of LeBron James, Danny Green, and Tristan Thompson likely will appear in *NBA 2K20*.

141.     States that the allegations set forth in Paragraph 141 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 141 of the FAC.

142.     Denies the allegations in Paragraph 142 of the FAC, except admits that *NBA 2K20* will include realistic depictions of NBA players including the tattoos that they have in real life and that Take-Two made improvements and additions to *NBA 2K20* but those improvements did not involve the tattoos depicted on the NBA players in the game.

143.     States that the allegations set forth in Paragraph 143 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 143 of the FAC.

144.     Denies the allegations set forth in Paragraph 144 of the FAC except admits that Defendants made *NBA 2K Mobile* available for download on mobile devices in 2019.

145.     Denies the allegations set forth in Paragraph 145 of the FAC except admits that avatars of LeBron James, Danny Green, and Tristan Thompson appear in *NBA 2K Mobile*.

146.     States that the allegations set forth in Paragraph 146 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 146 of the FAC.

147.     States that the allegations set forth in Paragraph 147 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 147 of the FAC and states that LeBron James, Danny Green, and Tristan Thompson are depicted realistically in *NBA 2K Mobile*,

including with the tattoos they bear in real life, and that Plaintiff's permission was not required to realistically depict NBA players in *NBA 2K Mobile*.

148.     Denies knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 148 of the FAC, except denies the allegation in Paragraph 148 that users of *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, *NBA 2K19*¸ and *NBA 2K Mobile* often choose to play with the Cleveland Cavaliers.

149.     States that the allegations set forth in Paragraph 149 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 149, and states that Plaintiff's permission was not required to realistically depict NBA players in *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile*.

150.     States that the allegations set forth in Paragraph 150 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 150, except admits that for *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, and *NBA 2K19,* Take-Two sells into retailers in this District, including online retailers such as Amazon.com.

151.     Denies the allegations set forth in Paragraph 151 of the FAC, except admits that *NBA 2K* video games are generally sold on plastic discs packaged in plastic cases.

152.     Denies the allegations set forth in Paragraph 152 of the FAC, except admits that each disc is programmed with at least one computer program, which a video game console then reads to operate the game.

153.     States that the allegations set forth in Paragraph 153 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is

required, denies the allegations set forth in Paragraph 153, except admits that when a user plays *NBA 2K*, NBA players are depicted realistically, including with the tattoos they bear in real life.

154. States that the allegations set forth in Paragraph 154 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 154, except admits that *NBA 2K* depicts NBA players realistically, including with the tattoos they bear in real life.

155. States that the allegations set forth in Paragraph 155 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 155, except admits that *NBA 2K* depicts NBA players realistically, including with the tattoos they bear in real life.

156. States that the allegations set forth in Paragraph 156 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 156, except admits that video games run by temporarily saving data from a disc onto a video game console's random access memory (RAM).

157. States that the allegations set forth in Paragraph 157 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 157, except admits that when NBA players are depicted on the screen in *NBA 2K*, the tattoos they bear are distorted, blurred, and often blocked from view by other visual elements in *NBA 2K*.

158. States that the allegations set forth in Paragraph 158 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 158.

159.     States that the allegations set forth in Paragraph 159 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 159.

160.     States that the allegations set forth in Paragraph 160 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 160 of the FAC, except admits that Take-Two has earned revenues from *NBA 2K16*, *NBA 2K17*, *NBA 2K18* and *NBA 2K19*.

161.     Denies the allegations set forth in Paragraph 161 of the FAC, except admits that Take-Two sold-in over 4 million copies of *NBA 2K16* within the first week of the game's release.

162.     Denies the allegations set forth in Paragraph 162 of the FAC, except admits that Take-Two's sales for digital copies of *NBA 2K16* were double that of Take-Two's *NBA 2K15* video game.

163.     Denies the allegations set forth in Paragraph 163 of the FAC, except admits that for fiscal second quarter 2016, Take-Two's Non-GAAP net revenue grew 169%, as compared to fiscal second quarter 2015, to $364.9 million.

164.     Denies the allegations set forth in Paragraph 164 of the FAC, except admits that Take-Two sold-in over 4.5 million copies of *NBA 2K17* within the first week of the game's release.

165.     Denies the allegations set forth in Paragraph 165 of the FAC, except admits that for fiscal second quarter 2017, Take-Two's net revenue grew 21%, as compared to fiscal second quarter 2016, to $347.0 million.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT**
**17 U.S.C. §§ 106(5) AND 501**

166.    Incorporates by reference and restates each and every response to the preceding paragraphs of the FAC as though fully set forth herein.

167.    States that the allegations set forth in Paragraph 167 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 167.

168.    States that the allegations set forth in Paragraph 168 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 168.

169.    States that the allegations set forth in Paragraph 169 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 169.

170.    States that the allegations set forth in Paragraph 170 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 170.

171.    States that the allegations set forth in Paragraph 171 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 171.

172.    States that the allegations set forth in Paragraph 172 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 172.

173.    States that the allegations set forth in Paragraph 173 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 173.

174.    States that the allegations set forth in Paragraph 174 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 174.

175.    States that the allegations set forth in Paragraph 175 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 175.

176.    States that the allegations set forth in Paragraph 176 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 176.

## COUNT II
## INDIRECT COPYRIGHT INFRINGEMENT

177.    Incorporates by reference and restates each and every response to the preceding paragraphs of the FAC as though fully set forth herein.

178.    States that the allegations set forth in Paragraph 178 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 178.

179.    States that the allegations set forth in Paragraph 179 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 179.

180. States that the allegations set forth in Paragraph 180 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 180.

181. States that the allegations set forth in Paragraph 181 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 181.

182. States that the allegations set forth in Paragraph 182 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, denies the allegations set forth in Paragraph 182.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (FAILURE TO STATE A CLAIM)

183. Plaintiff's claims fail, in whole or in part, because the FAC, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (*DE MINIMIS* USE)

184. Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis* use.

### THIRD DEFENSE
### (FAIR USE)

185. Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use. 17 U.S.C. § 107.

## FOURTH DEFENSE
### (LICENSE)

186.    Plaintiff's claims are barred, in whole or in part, because Take-Two has a license to the works at issue.

## FIFTH DEFENSE
### (CONSENT, WAIVER, ESTOPPEL)

187.    Plaintiff's claims are barred, in whole or in part, by consent, waiver, and/or estoppel.

## SIXTH DEFENSE
### (NON-INFRINGEMENT)

188.    Plaintiff's claims are barred, in whole or in part, because Defendants do not and have not infringed the copyrights at issue, including without limitation pursuant to the doctrines of scenes a faire, merger and/or other limits on the scope of copyright protection.

## SEVENTH DEFENSE
### (LACK OF COPYRIGHT REGISTRATION)

189.    Plaintiff's claims are barred, in whole or in part, to the extent that his claims are based on works that were not registered with the U.S. Copyright Office, but rather on subsequent derivative works based on registered designs.

## EIGHTH AFFIRMATIVE DEFENSE
### (FRAUD ON THE COPYRIGHT OFFICE)

190.    Plaintiff's claims are barred, in whole or in part, to the extent his claims are based on copyright registrations that are factually inaccurate, those inaccuracies were willful, and the Copyright Office relied on those inaccuracies.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc. respectfully request judgment against Plaintiff James Hayden as follows:

A. Deny Plaintiff all relief requested in his Fourth Amended Complaint in this action and dismiss Hayden's Fourth Amended Complaint with prejudice;

B. Grant an award of Defendants' costs and disbursements in this action, including reasonable attorney's fees pursuant to 17 U.S.C. § 505; and

C. Grant such other, further and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc. demand a trial by jury on all issues so triable in this action.

Dated: September 3, 2019

*/s/ Dale M. Cendali*

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Miranda D. Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

David T. Movius (OH 0070132)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
dmovius@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, I electronically filed the foregoing ANSWER TO FOURTH AMENDED COMPLAINT with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record, all of whom are registered ECF participants.


/s/ Dale M. Cendali
Dale M. Cendali (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

*Attorney for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*