IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| 2K GAMES, INC., et al., | ) | **OPPOSITION TO DEFENDANTS' MOTION TO MOVE THE SETTLEMENT CONFERENCE** |
| Defendants. | ) | |

Plaintiff James Hayden ("Hayden") respectfully opposes the Motion to Move the Settlement Conference filed by Defendants, Take-Two Interactive Software, Inc. and 2K Games, Inc. (collectively, "Take-Two").

The instant Motion represents the third time Take-Two has undertaken to avoid meaningful settlement discussions with Plaintiff. In January 2018, Take-Two informed Mr. Hayden that it was "open to settlement," but summarily ignored his offers to discuss terms, refusing, during that initial correspondence, to provide financial documents necessary to reasonably engage in settlement discussions and to make any counter-proposal. In April 2019, Take-Two again disregarded Plaintiff's constructive efforts to engage in discussions, which included a comprehensive settlement proposal as a starting point. This case has now been pending for almost two years and Take-Two has not responded meaningfully to any of Mr. Hayden's overtures, nor have the parties met with the Court to discuss such efforts (or lack thereof).

Take-Two's Motion contends that it needs to move the settlement conference date from November 7, 2019, to sometime after January 6, 2020, so it can depose "important fact

witnesses" and obtain "all the facts it needs to engage in a meaningful settlement discussion." By November 7, however, Take-Two will have substantially completed its discovery in this case. Indeed, Take-Two has just deposed the Plaintiff, Mr. Hayden, and will before then have his responses to its 23 interrogatories, documents responsive to its 93 document requests, and responses to its 264 (!) requests for admission. Take-Two has argued to this Court that, other than depositions, new fact discovery should be precluded after today, October 31. Thus, the only discovery remaining for Take-Two will be the depositions of two additional tattoo artists (who have produced documents in response to subpoenas). Neither of these tattoo artists created the tattoos at issue in this case, nor has Take-Two explained how their deposition testimony might meaningfully impact settlement discussions. It strains credulity to accept that Take-Two cannot be prepared to engage in meaningful settlement talks with Mr. Hayden by November 7, 2019.[1]

Mr. Hayden is prepared to meet with the Court and engage in settlement talks, as set forth in the Court's July 2019 order (Dkt. No. 28). He has already served proposed settlement terms in a letter to Take-Two as prescribed therein. Take-Two's response is due under that Order by November 2, 2019. Moreover, the Federal Rules of Civil Procedure are intended to foster the efficient resolution of cases. *See* Fed. R. Civ. P. 1 (The rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). One of the purposes of Rule 16, in particular, is to facilitate settlement. Over the next two months, counsel for Mr. Hayden (an individual), will need to travel to California multiple times to depose defendants' witnesses, who have refused to appear for deposition in Ohio. Further third-party discovery may also be necessary. These costs

---

[1] Indeed, despite telling the Court Take-Two is not ready to engage with Mr. Hayden's *counsel* in good-faith settlement discussions, Take-Two's counsel repeatedly asked Mr. Hayden during his deposition, "how much money [he] think[s] TAKE-TWO should pay [him] and why," including proposing specific dollar amounts for his consideration. (*See, e.g.*, p. 200:4 – 201:7, Hayden Dep. (rough).)

and others will be avoided if the parties are able to reach resolution in the coming weeks. Undersigned counsel believes the Court's assistance in connection with such discussions is likely to be helpful.

The conference should go forward, as ordered. Plaintiff respectfully opposes Defendants' Motion to delay such efforts (yet again) until sometime indeterminate time next year.

Notwithstanding the foregoing, Mr. Hayden would be prepared, if convenient for the Court, to reschedule the settlement conference to November 12 (*i.e.*, 5 days later), as the parties will both already be appearing before Magistrate Judge Greenberg that morning for a hearing on pending discovery disputes[2] and would thus obviate the need for opposing counsel to travel to Cleveland twice in a relatively short timeframe.

Plaintiff respectfully submits that Take-Two's Motion to Move the Settlement Conference should be denied.

---

[2] Notably, these disputes concern almost exclusively multiple deficiencies in Take-Two's discovery responses. The *only* pending issue related to Mr. Hayden's discovery responses is a *single* response to a request for admission. Accordingly, none of the pending discovery disputes should affect Take-Two's ability to respond to Mr. Hayden's offer and engage in serious settlement discussions.

Respectfully submitted,

| | |
|---|---|
| Dated: October 31, 2019 | By: */s/ Andrew Alexander*<br>Daniel McMullen (Ohio Bar No. 0034380)<br>Georgia Yanchar (Ohio Bar No. 0071458)<br>Jennifer Wick (Ohio Bar No. 0074340)<br>Andrew Alexander (Ohio Bar No. 0091167)<br>CALFEE, HALTER & GRISWOLD LLP<br>The Calfee Building<br>1405 East Sixth Street<br>Cleveland, Ohio 44114-1607<br>Telephone: (216) 622-8200<br>Facsimile: (216) 241-0816<br>dmcmullen@calfee.com<br>gyanchar@calfee.com<br>jwick@calfee.com<br>aalexander@calfee.com<br><br>*Of Counsel*<br><br>Kimberly A. Pinter (Ohio Bar No. 0084277)<br>CALFEE, HALTER & GRISWOLD LLP<br>The Calfee Building<br>1405 East Sixth Street<br>Cleveland, Ohio  44114-1607<br>Telephone: (216) 622-8200<br>Facsimile: (216) 241-0816<br>kpinter@calfee.com |

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2019, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

          */s/ Andrew Alexander*
          One of the attorneys for Plaintiff