IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, ) | CASE NO. 1:17-CV-02635-CAB |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | MAGISTRATE JUDGE |
| ) | JONATHAN D. GREENBERG |
| 2K GAMES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OF OPINION &** |
| ) | **ORDER** |
| ) | |

This matter is before the Court on the parties' pending discovery disputes. (*See* Doc. No. 44.)

## I.     Factual Background

This case was before the Court in the fall for resolution of discovery disputes pending at that time. (Doc. No. 38.) On November 12, 2019, the parties resolved their pending discovery disputes during a joint meet and confer and discovery conference. (Doc. No. 43.) That same day, the Court extended fact discovery to January 31, 2020. (*Id.*) The referral for discovery-related issues remained open through the end of discovery. (*Id.*)

On February 21, 2020, Judge Boyko referred this case to the undersigned to resolve pending discovery disputes and related discovery issues. (Doc. No. 44.) Some of those discovery disputes have since been resolved.

On March 16, 2020, the Court held oral argument on the remaining discovery disputes. The current disputes before the Court stem from discovery requests Plaintiff served on January 31, 2020 – the fact discovery deadline. While the parties disagree on whether that conduct runs afoul of the Federal Rules of

1

Civil Procedure and the Local Rules, the parties continued to discuss the January 31, 2020 discovery requests and Defendants produced information in response to many of those requests. The Court does not intend to penalize the Defendants for working cooperatively with Plaintiff in response to these discovery requests, and both sides are to be commended for continuing to try to move this litigation forward notwithstanding their fundamental difference in opinion on these issues. The Court rules on the five remaining discovery requests at issue as follows.

## II. Disputed Discovery Requests

The Court "has broad discretion over discovery matters, *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999), and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion." *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy*, 255 F. Supp. 3d 700, 704, 711 n.1 (E.D. Mich. 2017) (citing 12 Wright, Miller & Marcus, Federal Practice and Procedure § 3069, 350 n.20 (2d ed. 1997 & Supp. 2010)). *See also id.* at 711 n.1 ("An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.") (citations omitted).

The parties disagree over four requests for production and one interrogatory.

In Request for Production No. 32, Plaintiff sought, "Telemetry data showing the extent to which the NBA Players are used by users while playing the Accused Games, including without limitation: a) data as to the individual NBA Players; b) data as to the teams that include the individual NBA Players; and 3) the data that supports the claims made in TAKE-TWO_00000854." Defendants assert that they do not track such data at the player level, and Plaintiff's request for the team data is both untimely and unduly burdensome. First, Defendants maintain the document Plaintiff cites in his request was produced in August 2019. Second, this information is contained in a database, and Defendants argue they are not required under

2

the Federal Rules of Civil Procedure to create data. The Defendants' arguments regarding this Request for Production are well-taken. The Court DENIES Plaintiff's Request for Production No. 32.

In Request for Production No. 33, Plaintiff asked for "Communications with NBA Properties or NBA Players Association regarding the copyright issue identified in TAKE-TWO_00004104 or any other copyright issue." Plaintiff asserts that the deposition testimony by the author of the cited document was unclear and necessitated the discovery request. Plaintiff's arguments regarding this Request for Production are well-taken. The Court GRANTS Plaintiff's Request for Production No. 33 and ORDERS Defendants to search for these communications and produce any responsive, non-privileged documents within twenty (20) days of this Order.

In Request for Production No. 36, Plaintiff sought, "Tattoo bug reports from 2015-present (see, e.g., TAKE-TWO_00004616)." Defendants represent that even for just two agreed custodians, a "back of the envelope" search resulted in thousands of documents, making responding to this request unduly burdensome. In addition, Defendants assert this information is not relevant as they have produced the tattoo bug reports for the three NBA players at issue in this case. The Defendants' arguments are well-taken. The Court DENIES Plaintiff's Request for Production No. 36.

In Request for Production No. 38, Plaintiff asked for "Exemplary licenses to use the likeness of any influencer in the Accused Games, including without limitation, Defendants' agreement(s) with Chris Brickley." Plaintiff later amended this request to only the license agreement with Chris Brickley. Defendants maintain this license agreement is not relevant and they have produced the licenses for the three NBA players at issue in this case. The Defendants' arguments are well-taken, and Plaintiff fails to convince the Court this information is relevant to this case. The Court DENIES Plaintiff's Request for Production No. 38.

In Interrogatory No. 14, Plaintiff asked Defendants to "Identify the amount paid by Defendants to use music in the Accused Games each year and identify the royalty rates paid by Defendants to use such music, including the methods used to calculate royalty rates and payments." Plaintiff conveyed to Defendants this morning that he would accept average royalty rates per game in lieu of actual royalty rates per game. The parties "fundamentally disagree" as to the agreement they reached in November 2019 before the Court regarding discovery of information related to music licenses. After reviewing the Court's notes from the November 12, 2019 conference, as well as hearing the parties' arguments on this issue during the March 16, 2020 hearing, the Court GRANTS Plaintiff's Interrogatory No. 14 and ORDERS Defendants to respond to the Interrogatory as amended by Plaintiff before the hearing within twenty (20) days of this Order.

### III. Conclusion

The Court ORDERS Defendants to respond to Plaintiff's Request for Production No. 33 and Interrogatory No. 14. The other three discovery requests at issue are DENIED. <u>No further fact discovery will be allowed</u>.

IT IS SO ORDERED.

Date: March 16, 2020
                                             *s/ Jonathan Greenberg*
                                             Jonathan D. Greenberg
                                             United States Magistrate Judge