# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| 2K GAMES, INC. et al., | |
| Defendants. | |

## JOINT STATUS REPORT

The Parties (Plaintiff James Hayden and Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.) together submit this Joint Status Report pursuant to the Court's April 2, 2021 Order.

On July 19, 2019, this Court set a schedule with dates for a settlement conference (November 7, 2019) and for the conclusion of fact discovery (October 31, 2019). According to this Court's Settlement Conference Order (ECF No. 28), Plaintiff sent a settlement offer letter to Defendants on October 28, 2019. On the same date, Defendants moved to continue the Court-ordered settlement conference until after fact discovery was completed. (ECF No. 39.) On November 1, 2019, the Court granted Defendants' motion.

On November 12, 2019, Magistrate Judge Greenberg extended the fact discovery deadline until January 31, 2020. The Parties have since completed fact discovery. There are currently no other deadlines on the schedule.

The parties have a difference of opinion as to the appropriate next steps for this case, as set forth in the following positions.

**<u>Plaintiff's Position</u>:**

*Settlement Conference*

Now that the Parties have completed fact discovery, Mr. Hayden believes it would be productive to reschedule the settlement conference that Defendants requested to be continued until after fact discovery. (*See* Defendants' ECF No. 39.) Contrary to Defendant's claim, the only settlement "discussion" that has occurred in this case is Plaintiff's settlement offer letter he sent almost 18 months ago pursuant to the Court's Settlement Conference Order. Defendants never made any counteroffer or even responded to the substance of the letter. Mr. Hayden respectfully proposes any date during the week beginning May 3, 2021. If the case does not settle as a result of such settlement conference, Mr. Hayden proposes a timetable for dispositive motions as follows.

*Dispositive Motion Briefing Timetable*

With a complete factual record, Mr. Hayden believes the most efficient path in this case, which conserves the Parties' and Court's resources, is to promptly proceed with dispositive motions, including Defendants' asserted affirmative defenses. Accordingly, Mr. Hayden proposed to Defendants filing summary judgment briefs by June 1, 2021. Defendants rejected this proposal, informing Mr. Hayden's counsel that Defendants want to conduct expert discovery before summary judgment briefing. Notably, however, Defendants stated that they have not even decided if they will submit any expert opinions in support of their summary judgment motion. Mr. Hayden opposes conducting discovery at this time regarding expert opinions that may not even be used at summary judgment—this is a waste of time and resources. It has been almost 15 months since the close of fact discovery and the Parties should know whether they need expert

opinions to support their summary judgment motions. Accordingly, Mr. Hayden proposes the following schedule, which reflects a compromise between the Parties' positions:[1]

| Event | Deadline |
|---|---|
| Opening summary judgment briefs due, including any supporting expert opinions. | June 1, 2021 |
| Opposition summary judgment briefs due, including any rebuttal expert opinions. This deadline builds in time for the Parties to depose experts relied on in opening briefs. | August 15, 2021 |
| Reply summary judgment briefs due. This deadline builds in time for the Parties to depose experts relied on in opposition briefs. | October 1, 2021 |

Because the Court's decision on the Parties' summary judgment motions may obviate the need for expert damages discovery and other expert discovery, Mr. Hayden also proposes deferring expert damages discovery and other expert discovery unrelated to summary judgment motions until after the Court has resolved the Parties summary judgment motions.

**<u>Defendants' Position</u>:**

Defendants do not believe that a settlement conference would be productive at this time. Accordingly, to avoid spending party and judicial resources on an unproductive settlement conference, they propose completing discovery pursuant to the following schedule:

- **Opening Expert Reports Due:** May 27, 2021

---

[1] Defendants claim that Plaintiff's proposed schedule would be "burdensome" on Defendants but fail to explain how. Defendants also fail to explain why a Court could not "determine whether a material fact is genuinely in dispute or not" under Plaintiff's proposed schedule. Plaintiff's approach is a compromise between the Parties, as it conserves resources in avoiding the expense of conducting discovery regarding expert opinions that may not be used at summary judgment (including damages expert discovery), but also allows the Parties to submit expert opinions in support of their summary judgment briefing.

- **Rebuttal Reports Due:** July 1, 2021

- **Close of Expert Discovery:** August 26, 2021

At the close of expert discovery, Defendants propose submitting a further joint status report as to whether there is mutual interest in a settlement conference, based on any developments that may occur between now and then, or whether the Court should set a date for dispositive motions. Defendants would propose submitting that report on September 9, 2021.

Mr. Hayden offers two proposals for the next step in this case, neither of which Defendants believe should be granted. *First*, Mr. Hayden suggests holding a settlement conference, but over the course of the litigation, the parties have discussed potential resolutions several times.[2]  Although Defendants do not believe it is appropriate to discuss the substance of those discussions here, the parties have a fundamentally different view of this case, making a settlement conference unlikely to be productive.  Further, expert discovery may help the parties crystalize their views of the litigation, such as Mr. Hayden's damages theory and his support for it.  Finally, counsel for Defendants has an oral argument before the Ninth Circuit on May 10, for which she will be preparing the week of May 3, making a settlement conference that week problematic.

*Second*, Mr. Hayden suggests double-tracking expert discovery and dispositive motion briefing.  Deviating from the typical practice of expert discovery followed by summary judgment motions, however, does not make sense here as it would be burdensome and unfair to Defendants, who seek to reserve their right to move after close of "all" discovery.  *See* Fed. Civ. R. 56(b) ("Unless a different time is set ... a party may file a motion for summary judgment at any time until 30 days after the close of *all* discovery) (emphasis added).   To decide a motion

---

[2]   In addition to telephonic communications, Mr. Hayden sent a letter on October 28, 2019, Defendants sent a letter on March 27, 2020, and Mr. Hayden sent a response on May 8, 2020.

for summary judgment, this Court would need to determine whether a material fact is genuinely in dispute or not.  Fed. R. Civ. P. 56(a).  Under Mr. Hayden's proposal, the parties would move for summary judgment, but the discovery record would remain open with expert subpoena responses, depositions being taken, and new expert reports being served in the middle of briefing.  It would be a waste of both party and judicial resources for one side to move for summary judgment only to learn information during expert discovery that changes its or the Court's view.  Instead, it would be more efficient for the parties to finish expert discovery before deciding what, if any, issues to ask this Court to resolve in a dispositive motion.  If Mr. Hayden wishes to move for summary judgment before expert discovery, he is free to do so.  Defendants, however, should not be forced to move prematurely before discovery is complete and all evidence is known.

DATED: April 19, 2021

| /s/ Joshua L. Simmons | /s/ Andrew Alexander |
|---|---|
| Dale M. Cendali (admitted *pro hac vice*) | Daniel McMullen (Ohio Bar No. 0034380) |
| Joshua L. Simmons (admitted *pro hac vice*) | Andrew Alexander (Ohio Bar No. 0091167) |
| Miranda Means (admitted *pro hac vice*) | CALFEE, HALTER & GRISWOLD LLP |
| Kirkland & Ellis LLP | The Calfee Building |
| 601 Lexington Avenue | 1405 East Sixth Street |
| New York, New York 10022 | Cleveland, Ohio 44114-1607 |
| Telephone: (212) 446-4800 | Telephone: (216) 622-8200 |
| dale.cendali@kirkland.com | Facsimile: (216) 241-0816 |
| joshua.simmons@kirkland.com | dmcmullen@calfee.com |
| miranda.means@kirkland.com | aalexander@calfee.com |
| | |
| Matthew J. Cavanagh (OH 0079522) | *Of Counsel* |
| McDonald Hopkins LLC | |
| 600 Superior Avenue, East, Ste. 2100 | Kimberly A. Pinter (Ohio Bar No. 0084277) |
| Cleveland, Ohio 44114 | CALFEE, HALTER & GRISWOLD LLP |
| Telephone: 216.348.5400 | The Calfee Building |
| Fax: 216.348.5474 | 1405 East Sixth Street |
| mcavanagh@mcdonaldhopkins.com | Cleveland, Ohio 44114-1607 |
| | Telephone: (216) 622-8200 |

5

*Attorneys for Defendants 2K Games, Inc.*
*and Take-Two Interactive Software, Inc.*

Facsimile: (216) 241-0816
E-mail: kpinter@calfee.com

*Attorneys for Plaintiff James Hayden*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 19, 2020, I electronically filed the foregoing Joint Status

Report with the Clerk of Court using the ECF system, which will send notification of such filing

to all counsel of record, all of whom are registered ECF participants.

*/s/ Andrew Alexander*

Andrew Alexander

*Attorney for Plaintiff*