IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, | ) )  ) CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | ) ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) |
| 2K GAMES, INC., et al., | ) **MOTION TO EXTEND EXPERT** ) **DISCOVERY DEADLINES** ) |
| Defendants. | ) ) |

Plaintiff James Hayden ("Hayden") respectfully requests under Fed. R. Civ. P. 6(b) a 30-day extension of the expert discovery schedule as set forth below. This extension is necessary because Mr. Hayden intends to submit an expert report related to the damages he is entitled to in this case, but Defendants (2K Games, Inc. and Take-Two Interactive Software, Inc.) have not produced *any* financial information for the past *two years* of sales. The current deadline for opening expert reports is May 27, 2021. But given the large gap of missing financial information, Mr. Hayden's expert will need another 30 days to allow Defendants to produce the information and Mr. Hayden's expert to review the information and prepare a report.

Defendants refused to agree to this modest extension. And the only confirmation they have provided as to producing the missing financial information is that they "should" be able to "provid[e] a supplement" sometime this week. Defendants have not, however, confirmed exactly *what* they would be supplementing or *when* they will produce it. Accordingly, Mr. Hayden is forced to move alone for this modest extension. Such an extension would not prejudice Defendants or, we believe, burden the Court in this case.

On April 29, 2021, this Court accepted Defendants' proposed schedule for expert discovery, which currently puts the deadline for opening reports on May 27, 2021. While this deadline to prepare opening reports would be ambitious for Mr. Hayden's damages expert even with up-to-date financial information, it is impossible given that Defendants have not supplemented their discovery since 2019, before the close of fact discovery.[1] Defendants last produced any financial information in December 2019, which included data through **June 2019**. This is grossly deficient. For example, Defendants have not produced *any* sales information for its *last two* NBA 2K games it has released (NBA 2K20 and NBA2K21)—both accused in this case of copyright infringement. Defendants' financial information is necessary to assess Mr. Hayden's damages. *See* 17 U.S.C. § 504(b). Accordingly, Mr. Hayden's damages expert needs this information with enough time to review it and prepare his report—May 27 is too soon.

The day after the Court set the May 27 deadline for expert reports, Mr. Hayden reminded Defendants of *their obligation* to supplement their discovery under Fed. R. Civ. P. 26 and specifically asked Defendants to promptly supplement their financial information, so it is up-to-date. (Ex. A., 4-30 email from Alexander.) Defendants did not respond, so Mr. Hayden, again on May 6 (three weeks from the opening report deadline), repeated his request and asked if Defendants would oppose a modest 30-day extension to the expert discovery schedule in light of the financial information Defendants have withheld to date. (*Id.*, 5-6 email from Alexander.) Defendant's counsel then responded, defiantly calling Mr. Hayden's request "out-of-the-blue" and informing him that they were "considering" his request. (*Id.*, 5-6 email from Simmons.) Only after Mr. Hayden—again—reminded Defendants that it is *their obligation* under Rule 26 to timely supplement their discovery, did Defendants confirm that they would "be providing a

---

[1] Mr. Hayden has requested that Defendants not only supplement their financial information production, but also supplement *any* discovery that requires a supplement under Fed. R. Civ. P. 26.

2

supplement, which should occur next week." (*Id.*) Defendants did not confirm, however, *what* they would be supplementing and hedged on agreeing to Mr. Hayden's request for an extension. (*Id.*) Then, on May 10, Defendants confirmed that they would *not* agree to an extension to the expert discovery schedule.

Defendants' refusal to agree to a fair extension under these circumstances is unreasonable. Requiring Mr. Hayden to commit to delivering an expert damages report in two-and-a-half weeks while simultaneously withholding critical financial information until the last second is prejudicial gamesmanship. What is more, Defendants' basis for refusing an extension is nonsensical. Defendants claim that Mr. Hayden's request is not reasonable "given that he could have raised these issues when we were working out a schedule in April." (*Id.*, 5-10 email from Simmons.) This ignores the facts that (1) Mr. Hayden did raise this issue in April (*see* 4-30 email from Alexander); (2) Mr. Hayden *opposed* conducting expert discovery at this stage in the case altogether when the Parties were discussing a schedule just a couple weeks earlier; and (3) it is *not* Mr. Hayden's obligation to remind Defendants to timely supplement their discovery under Rule 26.

In short, Defendants are pushing to expedite expert discovery while simultaneously withholding necessary information for Mr. Hayden's damages expert. This is unreasonable and prejudicial. Such sharp tactics should not be rewarded.

Accordingly, Mr. Hayden respectfully requests that this Court extend the expert discovery as follows[2]:

---

[2] The proposed new dates presume that Defendants will not continue to spurn their obligations under Rule 26 and will, in fact, produce the supplemental discovery they owe to Plaintiff this week

| Event | Old Date | New Date |
|---|---|---|
| Opening Expert Reports on issues for which it bears the burden of proof | May 27, 2021 | June 28, 2021 |
| Rebuttal Expert Reports on issues for which the opposing party bears the burden of proof | July 1, 2021 | August 2, 2021 |
| Expert Discovery Cut-Off | August 26, 2021 | September 27 |
| Settlement Conference | September 9, 2021 | Any time in September or October that is convenient for the Parties and the Court |

Respectfully submitted,

Dated: May 10, 2021	By: */s/ Andrew Alexander*
Daniel McMullen (Ohio Bar No. 0034380)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
dmcmullen@calfee.com
aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2021, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

*/s/ Andrew Alexander*
One of the attorneys for Plaintiff
