UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN,<br><br>    Plaintiff,<br><br>v.<br><br>2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>    Defendants. | CASE NO. 1:17-cv-02635-CAB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND <u>EXPERT DISCOVERY</u>** |

    Take-Two 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") respectfully submit this opposition to Plaintiff James Hayden's ("Plaintiff") motion to extend expert discovery. The Court should deny Plaintiff's motion for three reasons: (1) rather than seeking typical Rule 26(e) supplementation, it is now clear that Plaintiff's request for "supplementation" is in fact a request to reopen fact discovery to obtain documents to which Plaintiff is not entitled, contrary to Magistrate Judge Greenberg's clear order stating "[n]o further fact discovery will be allowed," Dkt. 50, at 4; (2) despite having ample time to do so, Plaintiff failed to inform the Court or Take-Two that he believed he needed additional fact discovery when the Court was setting the expert discovery schedule; and (3) a 30-day delay in the schedule would prejudice Take-Two, as it would create significant conflicts for both Take-Two and its attorneys, who have multiple trials and hearings in September and October.

    *First*, although Plaintiff has attempted to present his request for more time as accommodating an ordinary request for supplemental information, it is now clear that is not Plaintiff's true intention. During fact discovery, Take-Two provided Plaintiff with extensive discovery, including significant and burdensome financial information. For example, Take-Two

produced detailed spreadsheets showing sales and costs associated with each of the games (including costs for *NBA 2K20*), as well as licensing agreements and summaries of licensing fees and payments, which took extensive time and resources to collect, review, and compile. *See e.g.* TAKE-TWO_00003815; TAKE-TWO_00003818; TAKE-TWO_00003819; TAKE-TWO_00003820. Disclosure of licensing agreements in litigation, for instance, required Take-Two to mail notices to entities around the world, accruing significant costs.

Moreover, in response to Plaintiff's request for "up-to-date" financial information,[1] Take-Two provided updated sales information for the *NBA 2K* games at issue on May 14, 2021, almost two weeks in advance of the opening expert report deadline. Although, as discussed below, Plaintiff raised its request for supplementation belatedly, Take-Two worked quickly to get Plaintiff this information so that it would afford Plaintiff's expert plenty of time to review and update his or her expert report to reflect the numbers. Plaintiff has failed to explain how this supplemental financial information would take more than two weeks to integrate into the expert report. The expert's damages model is likely already established based on the extensive financial information already produced in this case, such that updating the report would be a minimal, ministerial process.

Plaintiff, however, is not merely looking for updated financial information about the games at issue. Instead, Plaintiff's position is that he can add a completely new video game to this case by merely mentioning it in a post-fact discovery supplemental interrogatory response. Specifically, up to the close of fact discovery, this case concerned *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile*. Those games either were asserted in the

---

[1] Plaintiff complains that Defendants did not confirm "*what* they would be supplementing," Dkt. 58 at 1, when Plaintiff's request for supplementation was vague. In any case, Plaintiff now has this sales information and received it well in advance of the deadline.

original complaint or in subsequent amendments to the complaint that were made prior to the close of fact discovery. Dkt. 1, 3, 12, 25, and 33. Unlike on previous occasions, Plaintiff now attempts to add *NBA 2K21* to the case without seeking leave to amend the complaint—his failure to seek leave is likely due to his significant delay after the close of fact discovery, such that amending the complaint now would be prejudicial to Take-Two. Importantly, Plaintiff has been aware of *NBA 2K21* since before the close of fact discovery, as evidenced by Plaintiff's counsel's questions about *NBA 2K21* in the deposition of Jeff Thomas. *See* J. Thomas Dep. Tr. at 27:15–16, 28:24–29:4. Plaintiff does not come out and state his intention directly because it would contradict Magistrate Judge Greenberg's March 16, 2020 order, holding that "[n]o further fact discovery will be allowed" in this case. Dkt. 50, at 4.[2]

Despite Plaintiff's improper motivation in seeking to extend the expert discovery schedule, as a compromise, Take-Two nevertheless included sales information concerning *NBA 2K21* in its May 14, 2021 supplementation. To be clear, Take-Two will seek to preclude any damages theory based on that game, but it does not believe that such a dispute is ripe at this time. Thus, it has provided the information Plaintiff's expert would need with sufficient time to update his numbers to reference *NBA 2K21* should Plaintiff seek to pursue such a theory. What Take-Two is not willing to do is essentially reopen fact discovery to produce and to summarize numerous additional documents. That is improper.

***Second***, Plaintiff's asserted need for additional time is a problem of his own making, as he inexplicably delayed in bringing this issue to either the Court's or Take-Two's attention, and has not provided a reason that the issue could not have been raised before now. On April 2,

---

[2] Plaintiff also would not be entitled to fact discovery related to *NBA 2K21* pursuant to Rule 26(e) because Take-Two never agreed to provide such information. Plaintiff has never before asked for documents specifically related to *NBA 2K21*.

2021, this Court issued an order setting a deadline for the parties to submit a joint status report to the Court. On April 12, 2021, Take-Two emailed Plaintiff about the deadline. Take-Two made clear to Plaintiff that it planned to ask the Court to set expert discovery in this case. Take-Two sent Plaintiff its proposed schedule on April 15, 2021, which called for an opening expert report deadline of May 27, 2021. The Parties went back and forth regarding the schedule, and submitted a Joint Status Report to the Court on April 19, 2021. Dkt. 57. At *no* time during these communications did Plaintiff ever mention his purported need for additional financial information from Take-Two, nor did he assert that the proposed opening expert report deadline was unworkable for any reason.

Moreover, Plaintiff's own position in the Joint Status Report undermines his purported need for additional fact discovery now. When Plaintiff drafted the report, he wrote, "The Parties have since completed fact discovery." Dkt. 57, at 1. Take-Two agreed with that proposition, and so it was included in the final report. Plaintiff even asked the Court to set a dispositive motion deadline for June 1, 2021, *id.* at 3, further suggesting that at that point Plaintiff agreed that no further fact discovery was necessary.

Yet, in an about-face, on April 30, 2021 (after the schedule was entered and long after the parties' discussions leading to the joint report), Plaintiff asked Take-Two for "up-to-date" financial information—Take-Two considered the request and provided supplemental information as quickly as possible on May 14, 2021, weeks before expert reports are due. Given Plaintiff's ample time to raise these issues when the Court was setting a schedule and Take-Two's compromise in providing information to which Plaintiff is not even entitled, he should not be able to delay expert discovery and create a schedule that is detrimental to Take-Two, as detailed below.

4

***Third***, contrary to Plaintiff's assertions, further delay of this case would significantly prejudice Take-Two. Plaintiff's proposed schedule includes an expert discovery deadline of September 27, 2021. Take-Two and their counsel begin trial in Benton, Illinois in *Alexander v. Take-Two Interactive Software, Inc.* on September 20, 2021. Take-Two and its counsel will be preparing for trial at least during the week of September 13, 2021, and likely earlier in September as well. They will thus have insufficient time to prepare for and conduct expert depositions or prepare for a settlement conference. Plaintiff's proposed schedule also overlaps with other trials that Take-Two's counsel have scheduled this summer and early fall, including a significant evidentiary arbitration hearing currently scheduled for October 4–11. As a result, they would be unavailable to participate in expert discovery for three of the weeks that Plaintiff proposes, nor would they be available at the rescheduled time for the settlement conference until much later in the fall.

Ultimately, Take-Two is concerned that Plaintiff's request for an additional 30 days is not intended for it to prepare expert reports based on basic supplemental financial information, but rather a Trojan horse attempt to reopen fact discovery. Accordingly, Take-Two respectfully requests that this Court deny Plaintiff's motion to extend the expert discovery deadline.

Respectfully submitted,

Dated: May 14, 2021

/s/ *Dale M. Cendali*

Dale M. Cendali (*pro hac vice*)
Joshua L. Simmons (*pro hac vice*)
Chris Ilardi (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

joshua.simmons@kirkland.com
chris.ilardi@kirkland.com

Miranda D. Means (*pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 385-7500
miranda.means@kirkland.com

Matthew J. Cavanagh (0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, OH 44114
Telephone: 216.348.5400
Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Take-Two 2K Games, Inc. and Take-Two Interactive Software, Inc.*

6

## CERTIFICATE OF SERVICE

      I hereby certify that on May 14, 2021, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

Dated: May 14, 2021                         */s/ Dale M. Cendali*
                                                         Dale M. Cendali