IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| 2K GAMES, INC., et al., | ) | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXTEND EXPERT DISCOVERY DEADLINES** |
| Defendants. | ) | |

  Defendants' opposition to Mr. Hayden's reasonable request for an extension is litigation gamesmanship—nothing more. Defendants do not deny that they failed to disclose *the last two years of financial data* until last Friday evening—less than two weeks before opening expert reports are due. In fact, if Defendants timely supplemented their discovery, as required under Fed. R. Civ. P. 26(e)(1), Mr. Hayden would not need an extension. Yet Defendants refuse to accommodate Mr. Hayden's modest request for a 30-day extension to consider and analyze this information and draft an expert report. Why? Defendants present no good reason. Their rationale amounts to a fabricated conspiracy theory that Mr. Hayden has an ulterior motive to reopen fact discovery (he doesn't) and an implausible claim that Defendants' counsel will not have time to complete expert discovery if it is extended into September. Neither reason is credible. Defendants' litigation ploy should not be rewarded.

  As a last point in Defendants' opposition (almost an afterthought), Defendants explain why the extension would allegedly prejudice them. Defendants claim that the extension may cause expert discovery in this case to overlap with other litigations Defendants' counsel is

involved in during September and October. This does not hold up. Defendants claim they will begin trial preparation for another case on September 13, 2021, and will be occupied with other cases through mid-October. But under Mr. Hayden's proposed schedule, expert reports would be served by August 2, 2021—*six weeks* before September 13, 2021. Six weeks is plenty of time for the Parties to depose the expert witnesses. Defendants are represented by one of the largest law firms in the world and have a team of attorneys working on this case. Defendants' claim that Mr. Hayden's proposed schedule will prejudice them is just not credible. That said, if Defendants believe they need more time, Mr. Hayden is open to extending the proposed expert discovery deadline another month to October 29 so the Parties can fit in any remaining depositions they cannot complete in the six weeks before September 13.

Lacking any real claim to harm, Defendants spend most of their opposition questioning Mr. Hayden's intentions. First, Defendants speculate out of thin air that Mr. Hayden's damages expert does not need more than two weeks to "integrate" the two years of missing financials into his expert report. Defendants do not know anything about Mr. Hayden's damages expert's report or process. Rather, Defendants base this claim on the misplaced assumption that "[t]he expert's damages model is likely already established" and "updating the report would be a minimal, ministerial process." (Opp. Br. at 2.) This is wrong. Mr. Hayden's damages expert will be reviewing the missing two years of financials on a substantive basis against the factual record. This takes time. Incorporating this data is not simply a matter of "updating the report." Before Defendants supplemented their discovery last Friday evening, Defendants had not produced *any* sales information for its last *two* NBA 2K games (NBA 2K20 and NBA 2K21). To suggest that this data would merely play a "minimal" role in Mr. Hayden's expert's report is wrong.

Analyzing this information and drafting the expert report is not just a plug-and-play process, as Defendants propose. This mischaracterizes the role of experts.

Second, Defendants claim with no basis that Mr. Hayden is trying to use this motion to reopen fact discovery. Defendants call it a "Trojan horse." This makes no sense. As an initial matter, Defendants have now produced the "new" (as they put it) fact discovery: the financials for NBA 2K21. So this argument is, at minimum, moot. But it is also wrong on the merits. Defendants have known since October 7, 2020, that Mr. Hayden accused NBA 2K21 of copyright infringement. Defendants' Interrogatory No. 15 requests:

> IDENTIFY, by at least title, version, date of release, and format, each of the ACCUSED PRODUCTS, and IDENTIFY each of the ASSERTED WORKS that was allegedly infringed by each ACCUSED PRODUCT.

On October 7, 2020, *a month after Defendants released NBA 2K21*[1], Mr. Hayden supplemented his response to Interrogatory No. 15 to identify NBA 2K21 as an accused game. Mr. Hayden did not delay. Defendants' claim that Mr. Hayden is late because the allegation came after discovery closed is disingenuous. NBA 2K21 was not even released until seven months after fact discovery was closed. Mr. Hayden promptly accused the game after it was released, and Defendants have not objected until now.[2]

In any event, the missing two years of financials contain information about games that are indisputably at issue in this case (e.g., NBA 2K16–2K20 and NBA 2K Mobile). Accordingly, it was Defendants' ***obligation*** under Fed. R. Civ. P. 26 to supplement this information in a timely

---

[1] https://en.wikipedia.org/wiki/NBA_2K21

[2] If Defendants refuse to stipulate to include NBA 2K21 in this case, Mr. Hayden will move for leave to amend his complaint. NBA 2K21 is Defendants' latest release of an infringing game and it infringes each of Mr. Hayden's asserted copyrights. Like the other accused games, it includes avatars of LeBron James, Danny Green, and Tristan Thompson, including reproductions of Mr. Hayden's asserted copyrighted works. Thus, the game includes common issues of fact and law, which should be litigated in this case. Including the game in this case does not change the current schedule—Mr. Hayden is *not* requesting to reopen fact discovery. If anything, it would prejudice both Mr. Hayden and Defendants, and burden the Court if Mr. Hayden was forced to pursue this infringement in a separate case.

manner. Defendants, however, failed to meet its obligation. Even after Mr. Hayden promptly requested the supplement after first learning that expert reports were due in one month, Defendants did not provide the information until two weeks later. It is simply unreasonable for Defendants to refuse *any* extension under these circumstances.

In short, Defendants have no good reason to oppose Mr. Hayden's requested modest extension. Mr. Hayden's damages expert needs additional time to review the missing two years of Defendants' financials and draft his report. Accordingly, Mr. Hayden respectfully asks the Court to grant his request for a 30-day extension.


Respectfully submitted,

Dated: May 18, 2021

By: */s/ Andrew Alexander*
Daniel McMullen (Ohio Bar No. 0034380)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
dmcmullen@calfee.com
aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2021, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

*/s/ Andrew Alexander*
One of the attorneys for Plaintiff