UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES HAYDEN,** | ) | CASE NO. 1:17CV2635 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | <u>ORDER</u> |
| **2K GAMES, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, SR. J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #58) of Plaintiff James Hayden to Extend Expert Discovery Deadlines. For the following reasons, the Motion is denied.

The deadline for fact discovery in this case was January 31, 2020. In a March 16, 2020 Memorandum of Opinion and Order pursuant to the referral of a discovery dispute, the assigned Magistrate Judge mandated that no further fact discovery would be allowed. (ECF DKT #50).

On April 2, 2021, the Court ordered the parties to submit a status report on or before April 19, 2021, and advise on the progress of the case and whether the next step should be a

settlement/mediation conference or a dispositive motion schedule.

On April 19, 2021, the parties submitted their Joint Status Report (ECF DKT #57). They definitively acknowledged that fact discovery was completed. However, each side offered separate proposals for a schedule going forward. Plaintiff proposed a combined summary judgment and expert discovery schedule, with opening briefing and opening expert reports due by June 1, 2021.

On April 29, 2021, the Court did not adopt the combined approach but instead ordered expert reports by May 27, 2021; rebuttal reports by July 1, 2021; an expert discovery cut-off of August 26, 2021; and a Settlement Conference on September 9, 2021.

On May 10, 2021, Plaintiff filed the instant Motion to Extend Expert Discovery Deadlines (ECF DKT #58) and mentioned, for the first time, that Defendants have not produced financial information for the challenged video games for the past two years of sales. Plaintiff argues that Defendants have failed in their duty to supplement discovery and that this missing information is necessary for an expert damages analysis. Plaintiff asks the Court to extend the date for expert reports to June 28, 2021; for rebuttal reports to August 2, 2021; and for the expert discovery cut-off to September 27, 2021. Of necessity, the Settlement Conference of September 9, 2021 would have to be moved.

Defendants oppose Plaintiff's request. Although Defendants did not believe they were required to, they produced up-to-date sales information (including information on the NBA 2K21 video game) on May 14, 2021. Thus, Defendants maintain that Plaintiff's expert would have two weeks to integrate that financial information into the opening damages report. Defendants also object to an extension on the grounds of prejudice. Their September-October

trial schedule will not permit them the time necessary to prepare for expert depositions and to prepare for settlement discussions under Plaintiff's proposed timeline.

Upon consideration of the parties' submissions, the Court will not extend the expert deadlines as Plaintiff requests. Although Plaintiff is correct to point out that litigants have a continuing obligation to supplement discovery, Plaintiff made no mention in the Joint Status Report dated April 19, 2021, of Defendants' alleged discovery failures extending over a two-year period. Rather, the Joint Status Report twice noted that the parties had completed fact discovery. While this case was originally filed on December 18, 2017, fact discovery did not close until January 31, 2020. Moreover, Plaintiff offered a schedule for opening expert reports and dispositive motion briefing beginning June 1, 2021, not June 28, 2021 as Plaintiff now finds necessary.

The Court is not persuaded to alter the schedule set on April 29, 2021, entered with the input of both Plaintiff and Defendants.

Plaintiff's Motion (ECF DKT #58) to Extend Discovery Deadlines is denied.

**IT IS SO ORDERED.**

**DATE: May 24, 2021**

    s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**