UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | Case No. 1:17-cv-02635 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| 2K GAMES, INC. and TAKE-TWO | ) | |
| INTERACTIVE SOFTWARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE OR STRIKE
DEFENDANT'S UNTIMELY AND IMPROPER REPLY EXPERT REPORTS**

## I. INTRODUCTION

On August 13 and 16—well after the deadline set by the Court for serving expert reports passed—Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") improperly sprang two untimely expert reports on Mr. Hayden. These reports were served as a direct response to Mr. Hayden's *rebuttal* expert reports. But no such "reply" or third round of expert reports was ever discussed by the parties (let alone agreed on). These "extra," improper expert reports were not authorized by this Court and Take-Two failed to request the Court's permission to serve them.

The Court's April 29 scheduling Order set forth only *two* rounds of expert reports: an "Opening" round (due May 7, 2021) and a "Rebuttal" round (due July 1, 2021). Take-Two's two improper reply reports seek to gain an unfair advantage, both helping itself to an extra, one-sided round of expert reports and timing them so that two of Plaintiff's experts could not even read and consider them before their depositions. This is prejudicial to Mr. Hayden.

Dr. Jay's and Mr. Malackowski's reports are manifestly unjust under the circumstances and, more importantly, violate this Court's Order. Take-Two failed to request leave to file this third round of reports. Thus, the Court should exclude these untimely and improper reports under Federal Rules of Civil Procedure 16, 26, and 37.

## II. LAW

Under, Federal Rule of Civil Procedure 26(a)(2)(D), "a party must make [expert] disclosures at the times and in the sequence that the court orders." If a party makes a disclosure outside the sequence established by a court, the Sixth Circuit has held that, "district courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Estes v. King's Daughters Medical Center*, 59 Fed.Appx. 749, 753 (6th Cir. 2003); *see also Pride v. BIC Corp.*, 218 F.3d 566, 579–79 (6th Cir. 2000).

And although the Federal Rules provide that a party may supplement its disclosures if the information is incomplete or incorrect, (*see* F.R.C.P. Rule 26(e)(1)), an expert witness is not entitled under the Rules to serve a supplemental report in a transparent attempt to rehabilitate their opinions "after the weaknesses in the expert's prior testimony have been revealed." *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 681 (6th Cir. 2011); *Pride*, 218 F.3d at 579; *Baker v. Chevron U.S.A. Inc.*, 533 Fed.Appx. 509, 520 (6th Cir. 2013).

If a party fails to comply with Rule 26(a), that party is not allowed to use such improperly presented information to supply evidence on a motion, at hearing, or at trial unless the failure "was substantially justified or is harmless." F.R.C.P. Rule 37(c)(1). The Sixth Circuit has held that Rule 37(c)(1), "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 WL 455435, at *3 (6th Cir. June

2

25, 1999)); *see also R.C. Olmstead, Inc. v. CU Interface LLC*, 606 F.3d 262, 271-72 (6th Cir. 2010). Take-Two's improper reply expert reports were unquestionably untimely and neither justified nor harmless. Take-Two failed to seek leave to file them. The Court should thus strike or exclude Take-Two's improper expert reports.

**III. FACTS AND ARGUMENT**

Take-Two's reply expert reports violated the Court's April 29, 2021 Scheduling Order—an Order that adopted an expert discovery schedule that *Take-Two itself proposed*. After arguing in favor of this expert discovery schedule set by the Court, Take-Two failed to give any notice whatsoever to Mr. Hayden of its intention to unilaterally modify the discovery schedule it proposed and served its tardy, extra expert reports without seeking leave from this Court. These reports should be excluded or stricken.

Some background on the schedule and course of events leading to Take-Two's improper reply reports is instructive. On April 19, 2021, the parties submitted a Joint Status Report in which both Parties proposed schedules for the case. Mr. Hayden advocated for a settlement conference and a schedule that allowed for dispositive motion deadlines to run concurrently with expert witness discovery. *See* Dkt. #57. Take-Two, on the other hand, opposed any settlement conference and proposed a schedule in which expert witness discovery would precede the filing of dispositive motions. *See id.* Take-Two proposed the following expert discovery schedule:

- **Opening Expert Reports Due**: May 27, 2021
- **Rebuttal Reports Due**: July 1, 2021
- **Close of Expert Discovery**: August 26, 2021.

*Id.* Take-Two's proposal did not mention anything about "reply" expert reports. *Id.*

3

On April 29, 2021, this Court adopted Take-Two's proposed two-rounds of expert discovery and corresponding deadlines. *See* Court's Order on April 29, 2021. Consistent with Take-Two's proposal, this Court's Order did not permit reply reports. *Id.*

Since the Court adopted Take-Two's proposal, Take-Two has resisted any material deviation from the expert discovery schedule. In particular, Mr. Hayden requested a modest 30-day extension to the expert discovery schedule so its damages expert could consider Take-Two's belated production of the last two years of Take-Two's financial data on the eve of Opening expert reports. *See* Dkt. #58. Take-Two *opposed* the extension, claiming that the extension "would prejudice Take-Two, as it would create significant conflicts for both Take-Two and its attorneys, who have multiple trials and hearings in September and October." Opp'n, Dkt. # 59. This Court denied Mr. Hayden's motion and thus the Parties proceeded according to the Court's April 29 schedule.

Accordingly, on May 27th the Parties exchanged Opening reports. Take-Two produced *four* Opening expert reports: the reports of Dr. Nina Jablonski (anthropology), James Malackowski (damages), Dr. Ian Bogost (video games), and Dr. E. Deborah Jay (survey), on issues Take-Two bears the burden to prove. Mr. Hayden produced the Opening expert report of Michael Malkiewicz, its damages expert, on issues that Mr. Hayden bears the burden to prove. On July 1st, Take-Two produced the Rebuttal expert reports of Mr. Malackowski and Dr. Bogost, responding to Mr. Hayden's Opening report, and Mr. Hayden produced the Rebuttal expert reports of Mr. Malkiewicz, Dr. Lenzo, and Dr. Bilgicer, responding to Take-Two's Opening reports. These reports were all timely under the Court's April 29 Order.

Shortly after exchanging Rebuttal reports, the Parties scheduled depositions within the remaining portion of the schedule meant to accommodate depositions, which ended on August

26, 2021. Due to scheduling issues for one of Defendant's expert deponents, the parties agreed to extend the expert discovery deadline four days to August 30th to accommodate one additional deposition and so moved the Court by Stipulated Motion. *See* Dkt. #62. Again, Take-Two did not mention anything about introducing reply expert reports, despite the Rebuttal reports having already been served. The Court granted that motion ordering an "extension of Expert Discovery until August 30, 2021. All other dates remain." Court Order of August 6, 2021. The Court's Order, of course, did not mention anything about a third round of reply reports, as no Party had ever mentioned them.

On August 10th—over a month after receiving his Rebuttal expert report— Defendants deposed Dr. Bilgicer. Then three days later on August 13th, without any meet and confer, email, or other notice of any sort (let alone, leave from the Court), Take-Two unilaterally served a 35-page reply report titled, "Supplemental Report of Dr. E. Deborah Jay." Dr. Jay's reply report is a direct reply to Dr. Bilgicer's Rebuttal report—in particular, it attempts to rehabilitate Dr. Jay's opening opinion in light of the flaws Dr. Bilgicer identified in his Rebuttal report.

Then on the evening of August 16th (at 11:35 pm EST)—the night before Dr. Lenzo's deposition—Take-Two served a 19-page reply report titled, "Supplemental Expert Report of James E. Malackowski." Again, Defendants did this without any notice whatsoever to Mr. Hayden or his counsel or leave from the Court. Like the Jay reply report, Mr. Malackowski's reply report attempts to rehabilitate his opening opinion in light of the flaws Dr. Lenzo and Mr. Malkiewicz identified in their Rebuttal reports.

These extra reply reports are fundamentally and profoundly unfair. They were strategically served to give Take-Two a one-sided advantage. Because *this Court did not authorize reply reports*, Mr. Malkiewicz (Mr. Hayden's damages expert), has not prepared a

reply report addressing Take-Two's experts' alleged criticisms of his opening report. Further, Dr. Lenzo and Dr. Bilgicer did not have an opportunity to review these reply reports (directed at their Rebuttal reports) before their depositions. What is more, Mr. Hayden's experts are now without the opportunity to address the additional opinions and information presented in these reply reports that Take-Two served in an attempt to bolster its opening reports. This is not what the Parties agreed, and Take-Two's reply reports violate the Court's scheduling order.

If Take-Two wanted to include reply expert reports in the schedule, it should have proposed it in the Parties' Joint Status Report. It did not. Rather, Take-Two proposed a two-round schedule and resisted any schedule that would extend into September and October. (*See* Opp'n, Dkt. # 59.). Now Take-Two is trying to have its cake and eat it, too. Instead of building time into the schedule for an *exchange* of reply reports, Take-Two ambushed Mr. Hayden with reply reports in violation of the Court's Scheduling Order. Accordingly, the Court should strike or exclude Dr. Jay's and Mr. Malackowski's untimely and prejudicial reply expert reports.

Courts, including the Sixth Circuit, routinely exclude (or uphold decisions excluding) untimely expert reports under similar circumstances. For instance, in *Baker v. Chevron U.S.A. Inc.*, the Sixth Circuit upheld a lower court's order striking a belated expert report, which was provided after the expert report deadline, on the grounds that the report was an improper attempt to reopen an opinion after its weaknesses had been exposed. *See Baker*, 533 Fed.Appx. at 519. The Sixth Circuit reasoned that "[w]e have recognized that district courts have broad discretion to exclude untimely disclosed expert-witness testimony" and affirmed striking the untimely report because it "was an obvious attempt to bolster a deficient opinion." *Id.* at 520. Courts within the Sixth Circuit, including this District, have excluded expert witness reports when (1) they are untimely, (2) the untimely disclosure is not harmless, and (3) the untimely disclosure is

6

not substantially justified. *See HLV, LLC v. Van Buren County*, 775 Fed.Appx. 204, 214 (6th Cir. 2019); *see also Uszak v. Yellow Transp., Inc.,* No. 1:06-CV-837, 2007 WL 171982, at *1 (N.D. Ohio Jan 18, 2007) (striking a belated expert report for failing to comply with the requirements of Rule 26(a) and being untimely, which harmed the moving party).

Under nearly identical circumstances to this case, the district court in *Shinsedai Co. v. Nintendo Co., Ltd.*, struck an improper reply expert report that violated the court's scheduling order. No. 11cv2799, 2014 WL 11955595, at *2 (S.D. Cal. June 10, 2014). In *Shinsedai*, the court ordered a schedule that provided for opening and rebuttal expert reports; critically, it did not provide for a third round of reply reports. *Id.* at *1. Plaintiff's expert, however, served a reply report characterized as a "supplemental" report after the deadline. *Id.* The court struck plaintiff's expert report as untimely, holding, "[n]either the Amended Scheduling Order nor Rule 26(a)(2) provide for 'reply' expert reports. There are initial reports and rebuttal reports." *Id.* The court concluded, "If an expert can replace his initial opinions in response to criticisms in opposing expert rebuttal reports, the consequence is additional burden and cost for the parties and a docket that cannot be managed. This cannot be allowed." *Id.*at *2.

The reasoning in *Baker* and *Shinsedai* apply with equal force here. First, Take-Two's production of Dr. Jay and Mr. Malackowski's reply reports were unquestionably untimely. Take-Two served Dr. Jay's reply report on August 13, 2021 (43 days after the July 1 deadline) and Mr. Malackowski's reply report on August 16, 2021 (46 days after the July 1 deadline). Take-Two did not give any notice to Mr. Hayden *or seek leave from this Court* to circumvent the schedule.

These late "reply" reports unfairly prejudice Mr. Hayden. Defendants are simply trying to rehabilitate the weaknesses identified in Mr. Hayden's timely served expert Rebuttal reports. For instance, as evidenced by the table of contents and assignment page of Mr. Malackowski's reply

7

report,[1] his opinions are solely "assessments" of Mr. Malkiewicz's and Dr. Lenzo's "Rebuttal Analyses and Opinions." Ex. A, Malackowski Reply Report Excerpts. What is more, Mr. Malackowski conducted two new interviews with Take-Two personnel not earlier identified in his Opening or Rebuttal reports.

Likewise, Dr. Jay's reply report also simply attempts to rehabilitate her opinion in light of Dr. Bilgicer's criticism. For example, in her "Summary of Opinions" for her reply report, Dr. Jay claims that "[i]n this report, I explain how Dr. Bilgicer's criticisms of the Jay Survey are unfounded" and "I also comment on the Bilgicer Survey insofar as Dr. Bilgicer claims his survey contradicts the results of the Jay Survey."[2] Ex. B, Jay Reply Excerpt. These are simply improper attempts by Dr. Jay to fix the flaws Dr. Bilgicer identified in his Rebuttal report.

Mr. Hayden's experts that are the subjects of these improper reply reports emphatically disagree with the opinions disclosed therein. But none of Mr. Malkiewicz, Dr. Lenzo, or Dr. Bilgicer have had an opportunity to address these improper supplemental opinions, as Mr. Hayden has complied with this Court's scheduling Order. Simply put, Defendants have helped themselves to extra expert reports to Plaintiff's manifest disadvantage.

Take-Two's "justifications" for serving these untimely reports ring hollow. Counsel for Take-Two claims that these two reply reports are somehow justified by Mr. Hayden's *deposition notices*, which request that the deponent produce all documents or information on which they will rely before to their deposition. Ex. C., *8/17 email from Joshua L Simmons*. This argument

---

[1] Mr. Malackwoski's reply report is marked "Attorneys Eyes Only Subject to Protective Order." In light of this, and because the "reply" essence of Mr. Malackowski's and Dr. Jay's reports are communicated via the summary pages (which contain no confidential information), Mr. Hayden has only included those excerpts with this Brief. At the Court's request, Mr. Hayden will provide the reports in full (and under seal with respect to Mr. Malackowski's report).

[2] Dr. Bilgicer's Rebuttal report identified numerous critical flaws in Dr. Jay's survey that she submitted with her Opening report. Also, as part of his Rebuttal report, Dr. Bilgicer conducted a rebuttal survey that addressed the flaws in some of the questions in Dr. Jay's survey.

8

has no merit. Mr. Hayden's deposition notices were clearly not authorizing reply reports outside the Court-ordered schedule. *See* Ex. D., Malackowski Deposition Notice.

Counsel for Take-Two also claims, without merit, that Mr. Hayden's experts' rebuttal reports were improper as they included affirmative opinions that should have been included in the opening reports. *See* Ex. C. This is false. Mr. Hayden's *rebuttal* reports do not opine on issues that Mr. Hayden has the burden to prove—rather, they *rebut* Take-Two's expert opinions, which were served to support issues on which Take-Two has the burden to prove—*e.g.*, Take-Two's affirmative defenses in this case and Take-Two's "deductible expenses and the elements of profit attributable to factors other than the copyrighted work." *See, e.g.*, 17 U.S.C. § 504(b); *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 635 (6th Cir. 2020); *Balsley v. LFP, Inc.*, 691 F.3d 747, 767-68 (6th Cir. 2012).

## IV. CONCLUSION

Dr. Jay and Mr. Malackowski's reply expert reports should be excluded. These reply reports violate this Court's expert discovery scheduling order which did not authorize such reply reports. They are also untimely, as they were served long after the expert report deadlines prescribed by the Court. The reply reports are prejudicial and harmful, intentionally putting Mr. Hayden at a serious strategic disadvantage. Further, Take-Two has no reasonable justification, let alone substantial justification, for serving these reply reports. Take-Two's extra expert reports violate the Court's Scheduling Order and Take-Two failed to seek leave to serve them. Accordingly, the Court should strike or exclude these two reports under F.R.C.P. Rules 16, 26 and 37.

Dated: August 30, 2021                      Respectfully submitted,

                                               By: */s/ Andrew Alexander*
Daniel McMullen (Ohio Bar No. 0034380)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
dmcmullen@calfee.com
aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

## CERTIFICATE OF SERVICE

  I hereby certify that on August 30, 2021, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                */s/ Andrew Alexander*
                One of the attorneys for Plaintiff