# EXHIBIT C

# Alexander, Andrew

| | |
|---|---|
| **From:** | Alexander, Andrew |
| **Sent:** | Thursday, August 19, 2021 4:51 PM |
| **To:** | Simmons, Joshua L. |
| **Cc:** | #Hayden-TakeTwo; Ilardi, Chris T.; McMullen, Dan; Cipolla, John; Pinter, Kimberly; Hayden-TakeTwo; Likens, Dustin; Cavanagh, Matthew J. |
| **Subject:** | RE: ND Ohio - 1:17-cv-02635-CAB Hayden v. 2K Games, Inc. - Service - Supplemental Expert Report |

Josh,

If you're suggesting that Plaintiff's notices of deposition invite or warrant Defendants' improper reply expert reports, that's incorrect. The Parties did not contemplate, discuss, or agree to reply reports—nor were they allowed under the Court's Order. And they're certainly outside the scope of "documents or information" requested in the notices of deposition. To claim that Plaintiff "himself requested" a schedule that allowed reply reports is disingenuous (and wrong). And it's certainly not common practice in this District to violate the Court's Scheduling Order by serving expert reports after the deadline. We also disagree that Plaintiff's rebuttal reports include "improper affirmative opinions" that "should have been served when opening reports were due." Plaintiff's rebuttal experts could not have issued their reports until reviewing Defendants' opening reports, as they respond directly to those opinions. So, no, Plaintiff is not proposing he withdraw his experts' rebuttal reports, which were served properly according to the Court's scheduling order. We assume that Defendants will not be withdrawing their improper reply expert reports. Please let us know by tomorrow at noon EST if this assumption correct or if Defendants will immediately withdraw their improper reply reports.

Regards,

Andy

---

**From:** Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Sent:** Tuesday, August 17, 2021 9:39 PM
**To:** Alexander, Andrew <AAlexander@Calfee.com>
**Cc:** #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Ilardi, Chris T. <chris.ilardi@kirkland.com>; McMullen, Dan <dmcmullen@calfee.com>; Cipolla, John <JCipolla@Calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; Likens, Dustin <DLikens@Calfee.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>
**Subject:** RE: ND Ohio - 1:17-cv-02635-CAB Hayden v. 2K Games, Inc. - Service - Supplemental Expert Report

Dear Andy,

Plaintiff's notices of deposition indicated that any additional documents or information on which the deponents may rely should be provided ten days prior to the deponents' depositions.  In light of the ongoing discovery in this case, Mr. Malikowski and Dr. Jay supplemented their reports, which is common practice in this District, and they did so ten days before their scheduled depositions.  Plaintiff cannot object to a timetable that he himself requested.  Moreover, we note that Plaintiff's experts submitted reports that were not rebuttals to Defendants' experts, but rather included improper affirmative opinions that could have and should have been served when opening reports were due, including without limitation Dr. Bilgicer's survey, but which Plaintiff served as rebuttal reports in an apparent attempt to prevent Defendants' experts from responding to them.  Again, the position articulated in your email is inconsistent with Plaintiff's own conduct in the course of expert discovery.  Please let us know whether Plaintiff is proposing that the improper affirmative opinions contained in his reports also should be withdrawn.

Also, please copy Matthew Cavanagh on your emails as he is counsel on this case.

Josh

_____

**Joshua L. Simmons**
―――――――――――――――――――――
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 446 4989
**F** +1 212 446 4900
―――――――――――――――――――――
He/Him/His
joshua.simmons@kirkland.com

http://www.kirkland.com/jsimmons


**From:** Alexander, Andrew <AAlexander@Calfee.com>
**Sent:** Tuesday, August 17, 2021 12:19 PM
**To:** Ilardi, Chris T. <chris.ilardi@kirkland.com>; McMullen, Dan <dmcmullen@calfee.com>; Cipolla, John <JCipolla@Calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; Likens, Dustin <DLikens@Calfee.com>
**Cc:** #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>
**Subject:** RE: ND Ohio - 1:17-cv-02635-CAB Hayden v. 2K Games, Inc. - Service - Supplemental Expert Report


Chris,


We request that Defendants immediately withdraw their Malackowski and Jay "supplemental" expert reports, which are actually just improper reply reports. They're both untimely and violate the Court's Order governing expert discovery. The Court's April 29 Order set deadlines for Opening reports (May 27) and Rebuttal reports (July 1). The Parties did not discuss—let alone agree—that reply expert reports would be exchanged, and the Court's Order does not permit them. We're very confused by your statement on the record during today's deposition, claiming that Plaintiff agreed to reply reports. It is utterly false. Plaintiff agreed to the schedule set forth in the Court's April 29 Order, which does not permit reply reports.


Further, Defendants timed serving these reports so that the Plaintiff's experts couldn't consider them before their depositions. This is highly prejudicial and unfair. Mr. Malackowski's reply report is significantly directed towards criticizing Dr. Lenzo's rebuttal report. But Defendants waited to serve the report until mere hours before his deposition, precluding his ability to review. Even worse, Dr. Jay's reply report is solely directed to criticizing Dr. Bilgicer's rebuttal report, but was served *after* his deposition. These tactics obviously prejudice Plaintiff and its experts. What is more, Plaintiff's experts have not prepared and did not intend to serve reports replying to Defendants *rebuttal* reports because such reports would violate the Court's Order. Defendants' choice to unilaterally help itself to another round of expert reports is clearly designed to give Defendants an unfair "last word" in expert discovery.

2

Please let us know by the end of the day today whether Defendants will withdraw these untimely and prejudicial reports.

Regards,

Andy

**Andrew W. Alexander**
*Attorney at Law*

aalexander@calfee.com
216.622.8634    **Office**
216.241.0816    **Fax**

**Calfee, Halter & Griswold LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, OH  44114-1607

   **Calfee.com  |  Info@Calfee.com  |  888.CALFEE1**

vCard

This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter & Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

**From:** Ilardi, Chris T. <chris.ilardi@kirkland.com>
**Sent:** Monday, August 16, 2021 11:35 PM
**To:** McMullen, Dan <dmcmullen@calfee.com>; Alexander, Andrew <AAlexander@Calfee.com>; Wick, Jennifer <JWick@Calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>
**Cc:** #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>
**Subject:** ND Ohio - 1:17-cv-02635-CAB Hayden v. 2K Games, Inc. - Service - Supplemental Expert Report

Counsel,

Please see the attached supplemental expert report.

Best regards,

Chris


**Chris Ilardi**

―――――――――――――――――――

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3049
**F** +1 212 446 4900
―――――――――――――――――――

chris.ilardi@kirkland.com


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.