UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN,<br><br>   Plaintiff,<br><br>v.<br><br>2K GAMES, INC. et al.,<br><br>   Defendants. | CASE NO. 1:17-cv-02635-CAB<br><br>JUDGE CHRISTOPHER A. BOYKO |

**DEFENDANTS' MOTION TO EXCEED THE PAGE LIMIT FOR
MEMORANDA RELATED TO DISPOSITIVE MOTIONS**

Pursuant to Local Rule 7.1(f), Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc. (together, "Take-Two"), by and through their counsel, respectfully request permission to exceed the 20-page limit established for all memoranda in support of, opposition to, or reply for dispositive motions by 10 pages (i.e. for a total of 30 pages for each brief). Plaintiff James Hayden ("Plaintiff") consents to a 30-page limit for opening and opposition briefs, but opposes a 30-page limit for reply briefs. The good cause for why 30 pages should be allowed for all memoranda, including reply briefs, is as follows:

   1.  Take-Two intends to move for summary judgment to dismiss Plaintiff's entire case on a number of different grounds, including on the grounds that Defendants' multiple affirmative defenses are established as a matter of law. To be clear, Plaintiff has also indicated that he intends to move for summary judgment in this case. In keeping with Local Rule 7.1(f), which provides for the same number of pages for opening briefs, oppositions, and replies related to dispositive motions, Take-Two proposes that the parties receive a 10-page extension on each

of their three briefs, i.e. their opening briefs, opposition briefs, and reply briefs, for a total of 30 pages for each brief.

2. Although there are no genuine issues of material fact, the legal issues in this case are complex and will require extensive legal analysis and discussion to fully explicate them for the Court. For instance, copyright fair use, one of the affirmative defenses on which Take-Two intends to move, requires the analysis of four different factors, on which there is extensive case law to parse. In addition, Take-Two will need to fully present the undisputed facts in connection with each of the grounds on which it is moving for summary judgment. There were 18 depositions conducted in this case and thousands of pages of documents produced, so Take-Two expects that it will need space to properly discuss this evidence and show how the undisputed facts support its motion for summary judgment.

3. Anticipating these complexities and its need for additional pages, on September 29, 2021, Take-Two asked Plaintiff if he would agree to allow a 10-page extension for Take-Two's opening summary judgment brief. In response, on September 30, 2021, Plaintiff said he would agree to this extension if Take-Two agreed to allow Plaintiff 30 pages for both his opening summary judgment brief and his opposition to Take-Two's motion for summary judgment. On October 1, 2021, Take-Two proposed that the parties jointly seek to extend the page limit to 30 pages for *all* of the briefing related to the dispositive motions. By extending the page limit for all of the briefing and giving each party 30 pages for opening briefs, oppositions, and replies, Take-Two's proposal is designed to ensure that both parties have the same amount of space and no party is unduly advantaged over the other. Plaintiff refused to agree to Take-Two's proposal because he opposes any page extension for reply briefs.

4.  Take-Two believes its proposal is reasonable and fair to both parties in light of the complexity of legal issues in this case and is consistent with Rule 7.1(f), which provides the same page limit for openings, oppositions, and replies.  Limiting reply briefs to 20 pages, as Plaintiff suggests, is not in keeping with Rule 7.1 and would curtail the parties' ability to address issues raised in an opposition brief.  Equal page limitations for each brief, by contrast, ensure that each party gets an adequate opportunity to respond to the other party's brief and clearly present the issues to the Court.  In particular, if Plaintiff submits a 30 page opposition brief, then fairness dictates that Take-Two should have 10 extra pages to reply to those additional pages of argument in Plaintiff's opposition.  And vice versa.  And given the complexity of the legal issues at play, it is Take-Two's view that the Court will benefit from such careful briefing.

In light of the foregoing, Take-Two respectfully requests that the Court grant this motion and permit the parties to exceed the 20 page limit established for all memoranda related to dispositive motions, including reply briefs, by 10 pages (to a total of 30 pages).

DATED: October 12, 2021

*/s/ Dale M. Cendali*
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Chris T. Ilardi (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com

Miranda Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116

Telephone: (617) 385-7500
miranda.means@kirkland.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

Dated: October 12, 2021

*/s/ Dale M. Cendali*
*Attorney for Defendants 2K Games, Inc. and*
*Take-Two Interactive Software, Inc.*