**Al UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | Case No. 1:17-cv-02635 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | **PUBLIC REDACTED VERSION** |
| 2K GAMES, INC. and TAKE-TWO | ) | |
| INTERACTIVE SOFTWARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff James Hayden ("Mr. Hayden") submits this Brief in Support of his Motion for Partial Summary Judgment ("Motion") on the issues of 1) copyright ownership and 2) copying by Take-Two of the works protected by Mr. Hayden's registered copyrights.

**I.  INTRODUCTION**

The record and evidence in this case are irrefutable that Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") have copied and thereby infringed original works of authorship in which Mr. Hayden owns registered copyrights.

This Circuit has held that in order to establish copyright infringement under 17 U.S.C. § 106, a plaintiff must prove, "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004); *citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Take-Two does not dispute that Mr. Hayden created, inked and registered U.S. copyrights for each of the six tattoos at issue in this case. And Take-Two has admitted that it copied Mr. Hayden's copyrighted works, created derivative works incorporating Mr. Hayden's copyrighted works, and

then distributed copies of same, all without Mr. Hayden's permission. Therefore, there is no genuine dispute of material facts regarding copyright ownership and copying in this case. Accordingly, Mr. Hayden respectfully requests that this Court grant summary judgment 1) that Mr. Hayden owns the registered copyrights for the works at issue in this case, and 2) that Take Two copied the works protected thereby.

## II. STATEMENT OF MATERIAL FACTS

In light of the undisputed record, there are several fundamental points central to this lawsuit that need not go to trial. Mr. Hayden filed this action on December 18, 2017 and, through Mr. Hayden's Fourth Amended Complaint, filed on August 19, 2019, has alleged direct and indirect copyright infringement by Take-Two. (*See* Dkt. #33.) Mr. Hayden is an established visual artist who has created many original artistic works, specifically including tattoos for a variety of celebrities, including professional basketball players. (*See id.*; Ex. A, Thomas Dep., 35: 17-22 ("Q: What do you know about Mr. Hayden? A: Mr. Hayden is a tattoo artist…")) Among many professional basketball players, Mr. Hayden has created and inked tattoos on LeBron James, Danny Green, and Tristan Thompson. (*See* Dkt. #33; Ex. B, James Hayden Dep., 54: 4-8; 75: 21-22; 90: 13-25.) Mr. Hayden has obtained a United States copyright registration for each of six tattoo designs that he created and inked on Mr. Green, Mr. James, and Mr. Thompson (these six registered works are referred to herein, collectively, as the "Asserted Works"). The copyright registration numbers of the Asserted Works and the basketball players on which they are inked are as follows:

| **Tattoos on LeBron James** |
|---|
| • Stars: VAu 1-270-802; *see* Ex. C (Shoulder Stars Registration) |
| • Gloria: VAu 1-263-888; *see* Ex. D (Gloria Registration) |

| |
|---|
| • Lion: VAu 1-271-044; *see* Ex. E (Lion Registration) |
| **Tattoos on Danny Green** |
| • Fire: VAu 1-287-552; *see* Ex. F (Fire Registration and Fire Supplemental Registration (VAu 1-365-279, produced as HAYDEN_001594)) <br><br> • Scroll: VAu 1-287-545; *see* Ex. G (Scroll Registration and Scroll Supplemental Registration (VAu 1-365-277, produced as HAYDEN_001591)) |
| **Tattoos on Tristan Thompson** |
| • Brother's Keeper: VAu 1-292-453; *see* Ex. H (Brother's Keeper Registration) |

The copyright registrations for each of the six Asserted Works are attached hereto as Exhibits C-H.

Defendant, Take-Two, has produced a highly successful sequence of professional basketball video games that display and allow players to control and otherwise play with realistic avatars of NBA players. (*See* Answer to Fourth Amended Complaint (Dkt. #35), ¶ 2 ("further admits that [the Accused Games] are highly successful") ¶¶ 112, 120, 128, 135, 140, and 145 ("admits that LeBron James, Danny Green, and Tristan Thompson are depicted realistically in [an entry in the Accused Games], including with the tattoos they bear in real life").) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] The "Accused Games" are NBA 2K16, NBA 2K17, NBA 2K18, NBA 2K19, NBA 2K20, NBA 2K21, NBA 2K22 and NBA 2K Mobile. All of them were identified to Defendants in discovery and Plaintiff plans to move to amend the Complaint to add NBA 2K21 and NBA 2K22 to the others previously identified as infringing works in the Fourth Amended Complaint.

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



It is further undisputed that Take-Two has, without Mr. Hayden's permission, copied the tattoos protected by the aforementioned copyrights and incorporated them into the Accused Games ███████████████████████████████████████████████████████████████████████████. (*See* Ex. L, TAKE-TWO_00004814; Ex. M, TAKE-TWO_00003680-3682; *see e.g.,* Ex. N, Dawson Dep., 46:23-24, 47:23-48:5, 50: 3-10, 50:14–15, 51:14–52:10; Ex. O, Friesch Dep., 30:12-22, 31:4-21, 32-33, 35:9-13, 37:13-38:22, 31:4-21, 42:20-24, 44:3–46:3; Ex. P, Zhang Dep., 41:2-14, 46:8-16, 46:21–47:14, 48:11-16, 55:4-7, 56:10, 56:20-25, 57:6-8, 61:16-21, 62:12-15; Ex. A, Thomas Dep., 24: 20–24.) Nor can Take Two dispute that each one of the Accused Video Games includes all of the Asserted Works (*i.e.*, the tattoos on the avatars of Mr. Green, Mr. James, and Mr. Thompson that were created, inked and copyrighted by Mr. Hayden.) (Ex. J, Nos. 46–93, 96; Dkt. # 35, ¶¶ 112, 120, 128, 135, 142; Ex. A, Thomas Dep., 160: 3-19.)

In view of these undisputed facts, Mr. Hayden's Motion for Summary Judgment on ownership and copying should be granted.

4

### III. DISCUSSION

#### A. The standard for granting summary judgment.

Federal Rule of Civil Procedure 56 provides that a party may "move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Further, the Rule states that a court shall grant summary judgment if the moving party shows there is, "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56 further requires that a party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record." Accordingly, this Court has held, "The party requesting summary judgment bears an initial burden of demonstrating that no genuine issue of material fact exists, which the party must discharge by producing evidence to demonstrate the absence of a genuine issue of material fact." *Haas Door Co. v. Haas Garage Door Co.*, 2:13 CV 2507, 2016 WL 1047242, *3 (N.D. Ohio Mar. 16, 2016).

#### B. Mr. Hayden owns registered copyrights in the Asserted Works.

Take-Two cannot dispute that Mr. Hayden registered and owns Certificates of Registration for the Asserted Works issued by the United States Copyright Office. Such copyright registrations "constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate[s]," 17 U.S.C. §104(c), and once, as in this case, a plaintiff produces such copyright certificates, the burden shifts to the defendant to prove why the copyright is invalid. *See Lexmark Intern., Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004); *see also RJ Control Consultants, Inc. v. Multiject, LLC*, 981 F.3d 446, 454 (6th Cir. 2020).

The record is undisputed that Mr. Hayden owns a registered, enforceable copyright for each of the six Asserted Works. Evidence in the record confirming valid copyright ownership is

5

found in the Fourth Amended Complaint, interrogatory responses, and the attached certificates of copyright registration. *See, e.g.*:

- **Gloria**: *see* Ex. D (Registration Number VAu 1-263-888); Dkt. #33, ¶¶ 38-44; Ex. Q, Plaintiff's Second Supplemental Objections and Answers to Defendants' First Set of Interrogatories Response to Interrogatory, No. 6.

- **Lion**: *see* Ex. E (Registration Number VAu 1-271-044); Dkt. #33, ¶¶ 45-51; Ex. Q.

- **Shoulder Stars**: *see* Ex. C (Registration Number VAu 1-270-802); Dkt. # 33, ¶¶ 50-58; Ex. Q.

- **Fire**: *see* Ex. F (Registration Number VAu 1-287-552); Dkt. #33, ¶¶ 59-65; Ex. Q.[3]

- **Scroll**: *see* Ex. G (Registration Number VAu 1-287-545); Dkt. #33, ¶¶ 66-72;. Ex. Q.[4]

- **Brother's Keeper**: *see* Ex. H (Registration Number VAu 1-292-453): Dkt. #33, ¶¶ 73-79; Ex. Q.

Copyright ownership cannot be disputed; thus the Court should grant summary judgment that Mr. Hayden owns registered copyrights in the six Asserted Works at issue in this case.

### C. Take-Two has *admitted* that it copied the Asserted Works.

Take-Two has indisputably copied the Asserted Works in this case—indeed, it admits as much.

---

[3] Mr. Hayden filed a Supplementary Registration (Registration Number VAu 1-365-279) for the Fire design that was produced as HAYDEN_001594. The supplement was filed to clearly state the metes and bounds of Mr. Hayden's design and distinguishes certain material excluded *from* the Claim (*i.e.*, outline of character, outline of additional shapes and text) from the material included *in* the Claim (*i.e.*, the design, creation, and placement of flames surrounding and accenting character image and text; and the addition of shading, accenting, and design aesthetics to flames and character image).

[4] Mr. Hayden filed a Supplementary Registration (Registration Number VAu 1-365-277) for the Scroll design and was produced as HAYDEN_001591. The supplement was filed in order to clearly state the metes and bounds of Mr. Hayden's design and distinguishes certain material excluded *from* the Claim (*i.e.*, outline of scroll and text within scroll) from the material included *in* the Claim (i.e., the design elements around the scroll, including the cloud designs, decorative spear head, and character image around the edge of the scroll, and the shading in and around all elements).

This Circuit has held that a plaintiff may demonstrate that original elements of its works were copied through direct or indirect evidence. *See Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 316 (6th Cir. 2004). This Circuit has further held that since direct evidence of copying (*e.g.*, the actual sale of copyrighted material), is so rare, copying may be also established directly through "evidence such as party admissions, witness accounts of the physical act of copying, and common errors in the works of plaintiffs and the defendants." *Enchant Christmas Light Maze & Market Ltd. v. Glowco, LLC*, 958 F.3d 532, 536 (6th Cir. 2020); *see also ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 627-28 (6th Cir. 2020).

Here, Take-Two repeatedly and openly admits that it copied the tattoos protected by Mr. Hayden's copyrights, incorporated them directly into each of the Accused Games, and then distributed same across the country and around the world for billions of dollars in revenue. Take-Two's acts of copying, producing derivative works and distributing them infringe Hayden's *exclusive rights* as the owner of the copyrights in the Asserted Works pursuant to US copyright law:

> Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
>
> (1) reproduce the copyrighted work in copies or phonorecords;
>
> (2) prepare derivative works based upon the copyrighted work;
>
> (3) distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

17 U.S.C. §106.

Take-Two has undertaken (and purported to justify) such infringing conduct under the rationale of seeking to depict NBA players, "as realistically as possible in the Accused Games, including with the tattoos they bear in real life." (Ex. R, Defendants Objections and Responses to Plaintiff's Second Set of Requests for Admission, ▇▇▇▇▇▇▇▇▇▇

7

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████ ███████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████

Take Two does not—*cannot*—dispute that it has copied Mr. Hayden's six Asserted Works into the Accused Games. Indeed, it has repeatedly admitted same.

Likewise, Take-Two openly admits that it depicts players *in* the Accused Games with their real-life tattoos. Although its representatives have conspicuously taken pains to refrain from using the specific word, "copy," their repeated, ongoing, and persistent actions and statements prove their copying beyond *any* reasonable doubt or question.

Take-Two's own Answer even "admits that LeBron James, Kyrie Irving, Danny Green, and Tristan Thompson are depicted realistically in [the accused NBA 2K games], ***including with the tattoos they bear in real life***." (Answer, ECF No. 18 ¶¶ 130, 138, 146 (emphasis added).)

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████

8

Take-Two employees further confirmed that Take-Two's goal is to replicate an NBA player's real life likeness, including his real life tattoos. ████████████████

9



The specific technical details of Take-Two's process may evolve over time as technology changes, but the foregoing references are indicative of the lengths to which Take-Two goes to copy and adapt features, such as tattoos, to achieve "realism" in the Accused Games.

Digital avatars of Mr. Green, Mr. James, and Mr. Thompson generated by Take-Two, including the Asserted Works created and inked by Mr. Hayden on them, all appear within each of the Accused Games. Indisputably, the Scroll and Fire tattoos inked on Mr. Green; the Lion,

Gloria, and Shoulder Stars tattoos inked on Mr. James; and the Brother's Keeper tattoo inked on Mr. Thompson all appear pervasively throughout each of the Accused Games. But for Take-Two's copying and adaptations, *none* of the Asserted Works would appear in the Accused Games. Thus, as admitted, Take-Two has copied Mr. Hayden's copyrighted works into the Accused Games, creating derivative works based on same, and then subsequently distributed and sold millions and millions of copies, all to its enormous commercial benefit.

Therefore, Mr. Hayden respectfully asks the Court to grant summary judgment on Defendants' copying of the Asserted Works.

## IV. CONCLUSION

Based on the foregoing and the facts in this case, Mr. Hayden is entitled to summary judgment on the issues of ownership and copying. The undisputed record clearly shows that Mr. Hayden owns a registered copyright for each of the six Asserted Works. Thus, summary judgment should be granted that Mr. Hayden owns the copyrights in the Asserted Works (identified in the registration certificates attached as Exhibits C-H). The undisputed record, specifically including Take Two's repeated admissions, clearly shows that Take-Two copied, created derivatives of and distributed copies of the Asserted Works in and through the Accused Games. Therefore, Mr. Hayden is entitled to entry of summary judgment that Take Two copied the Asserted Works.

Accordingly, based on the foregoing and the evidence cited herein, Mr. Hayden respectfully requests that the Court grant summary judgment as sought in his Motion.

Dated: October 25, 2021                Respectfully submitted,

                                             By: */s/ Andrew Alexander*
John S. Cipolla (Ohio Bar No. 0043614)
Daniel McMullen (Ohio Bar No. 0034380)
Andrew Alexander (Ohio Bar No. 0091167)
Dustin Likens (Ohio Bar No. 0097891)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
aalexander@calfee.com
dlikens@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 25, 2021, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                       */s/ Andrew Alexander*
                                       One of the attorneys for Plaintiff