Case: 1:17-cv-02635-CAB  Doc #: 100  Filed: 10/25/21  1 of 17.  PageID #: 8848

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, | Case No. 1:17-cv-02635 |
| Plaintiff, | Judge Christopher A. Boyko |
| vs. | **PUBLIC REDACTED VERSION** |
| 2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC., | |
| Defendants. | |

**MOTION AND BRIEF IN SUPPORT TO EXCLUDE
THE EXPERT TESTIMONY OF JAMES E. MALACKOWSKI**

For the reasons set forth below, Plaintiff James Hayden ("Mr. Hayden") hereby moves the Court to preclude Defendants (2K Games, Inc. and Take-Two Interactive Software, Inc., (also collectively, "Take-Two") from presenting, relying on, or otherwise submitting the opinions of James E. Malackowski ("Mr. Malackowski") set forth in his Opening and Rebuttal Reports of May 27 and July 1, 2021 (Exhibits A and B).[1]

## I. INTRODUCTION

Mr. Malackowski's opinions regarding the damages Mr. Hayden is entitled to in this case should be excluded. Take-Two submitted opening and rebuttal expert reports from Mr. Malackowski that use unreliable methods and data to artificially suppress the amount of damages to which Mr. Hayden is entitled in the form of Defendants' profits. Mr. Malackowski improperly eliminates other categories of monetary damages to which Mr. Hayden is legally entitled (*e.g.*, his actual damages and/or licensing revenue) for Take-Two infringing Mr. Hayden's Asserted

---

[1] For the same reasons set forth herein and for the additional reasons set forth in Plaintiff's Motion to Strike or Exclude Defendants' Untimely and Improper Reply Expert Reports, filed on August 30, 2021 (Dkt. 64), Mr. Malackowski's 'Supplemental Report' of August 16, 2021 and all opinions therein should also be excluded in their entirety.

Works (i.e., copyrighted tattoos he created and inked on professional basketball players LeBron James, Danny Green and Tristan Thompson) through Take-Two's development and sales of its video games (the "Accused Games"[2]). In calculating Mr. Hayden's damages for Take-Two's infringement, Mr. Malackowski utilizes unreliable methods and principles to reach his conclusions on damages. In fact, he relies on two of Take-Two's *other* experts for results from a faulty survey and ratios based on the purported digital footprint size of Take-Two's illegal reproductions of the Asserted Works – using a discredited methodology he expressly *criticized* as "invalid" in another case – based on data that is seemingly pulled out of "thin air." In doing so, Mr. Malackowski relies on data that is incomplete or has not been authenticated, and is thereby insufficient and unreliable, in order to produce results that would be prejudicial if allowed to be presented to the jury.

Under *Daubert* and its progeny, Mr. Malackowski's opinions should be excluded for his reliance on insufficient and unreliable data and methods. Accordingly, Mr. Hayden moves to exclude Mr. Malackowski's testimony.

## II. LAW AND ARGUMENT

Although Federal Rule of Evidence 702 allows an expert witness to testify in the form of an opinion, the testimony must be both relevant and reliable to be admissible. The trial court thus acts as the "gatekeeper" in determining whether purported expert testimony meets this standard of relevance and reliability. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) (holding that "under the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not

---

[2] The "Accused Games" are NBA 2K16, NBA 2K17, NBA 2K18, NBA 2K19, NBA 2K20, NBA 2K21, NBA 2K22 and NBA 2K Mobile. All of them were identified to Defendants in discovery and Plaintiff plans to move to amend the Complaint to add NBA 2K21 and NBA 2K22 to the others previously identified as infringing works in the Fourth Amended Complaint.

2

only relevant, but reliable"). The gatekeeping requirement is "to make certain that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id*.

At the outset, the purported expert must be "qualified . . . by knowledge, skill, experience, training or education." Fed. R. Evid. 702. And in determining whether the expert testimony is both relevant and reliable, courts, including the Sixth Circuit, routinely assess four criteria rooted in FRE 702 that must be met:

1. The expert's scientific, technical, or other specialized knowledge must help the trier of fact to understand the evidence or to determine a fact in issue.
2. The expert testimony must be based on sufficient facts or data.
3. The expert testimony must be the product of reliable principles and methods.
4. The expert must have reliably applied the principles and methods to the facts of the case.

*Hamilton County Emergency Comms. District v. Level 3 Comms., LLC*, 845 Fed. Appx. 376, 383 (6th Cir. 2021) (*quoting* Fed. R. Evid. 702(a)–(d)); *see also Madej v. Maiden*, 951 F.3d 364, 369 (6th Cir. 2020). If purported expert testimony does not meet any one of these criteria, it must be excluded under *Daubert* and Rule 702. *Hamilton Cty.*, 845 Fed. Appx. at 383.

In addition, purported expert testimony may be excluded under Federal Rule of Evidence 403, which "permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .'" Daubert, 509 U.S. at 595. In fact, courts have "more control over experts than over lay witnesses" in assessing the applicability of Rule 403 because of the risk that "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Id.* (quoting

4883-3647-2064, v.9

Weinstein, Rule 702 of the Federal Rules of Evidence is Sound; It Should Not Be Amended, 1388 F.R.D. 631).

In this case and as further set forth below, Mr. Malackowski's opinions rely on unreliable methods using data that is incomplete or not authenticated (including numbers pulled out of the "thin air" from some unknown source), are neither relevant nor reliable and assert a legal conclusion that Mr. Hayden is not entitled to actual damages and/or licensing revenue. Their probative value is substantially outweighed by the danger of unfair prejudice, confusion or misleading the jury. Accordingly, pursuant to Sixth Circuit law, the Court should exercise its gatekeeping authority and exclude Mr. Malackowski's testimony.

**A. Mr. Malackowski's unreliable and incomplete opinions do not meet Defendants' burden to properly attribute from Defendants' gross, revenue expenses and elements of profit attributable to factors *other* than the infringed Asserted Works.**

Mr. Malackowski's opinions are based on unreliable methods—including methods Mr. Malackowski, himself, called "invalid" in a different case—and incomplete facts. Take-Two cannot rely on Mr. Malackowski's opinions to meet its statutory burden to properly attribute and apportion from Take-Two's gross revenue its expenses and elements of profit attributable to factors *other* than the infringed Asserted Works. *See* 17 U.S.C. § 504(b).

As Plaintiff and owner of the infringed copyrights, Mr. Hayden is entitled to recover his "actual damages … and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." *Id*. Regarding the latter, Mr Hayden's burden as a plaintiff is to prove the defendants' gross revenue from their infringement, *id*., whereupon it is the *defendants'* burden to apportion these profits and prove "deductible expenses and the elements of profit attributable to factors *other than* the copyrighted work." *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 634 (6th Cir. 2020) (emphasis added).

4

██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████ In all events, Mr. Hayden has clearly met plaintiff's burden regarding proof of the infringer's gross revenue. 17 U.S.C. § 504(b).


███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████'s actual gross revenue from the Accused Games and attempt to shift the onus of apportionment onto plaintiff conflicts with well-established law, *see, e.g.*, *ECIMOS*, and renders his opinions irrelevant and unreliable. They should be excluded.

**B. In contravention of the burden assigned to infringers under the Copyright Act, Mr. Malackowski improperly attributes** ▮▮▮▮▮▮▮▮▮▮

The heart of Mr. Malackowski's testimony is his opinions regarding the value he ascribes to Mr. Hayden's copyrighted works in Take-Two's infringing games. In doing so, Mr. Malackowski relies entirely and uncritically on the opinions of two other expert witnesses for Take-Two, which themselves are profoundly flawed, thus making his own opinions completely unreliable. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Not only is such attribution incapable of meeting the infringer's burden assigned by the Copyright Act, but as set out below and in the Motion and Brief in Support to Exclude The Expert Testimony of Dr. E. Deborah Jay, filed contemporaneously herewith, the Jay Survey is inherently flawed and does not support the conclusions asserted by Dr. Jay on which Mr. Malackowski relies. Mr. Malackowski's opinions are predicated upon insufficient, incomplete data and unreliable methods; his testimony should be excluded.

    1. *Mr. Malackowski's opinions relying on Dr. Bogost's discredited method and unverified data are themselves insufficient and unreliable.*

Mr. Malackowski's opinions regarding a token share of Take-Two's profits attributable to the Asserted Works based on the opinion of Dr. Bogost are trebly deficient. In rendering same,

---

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Mr. Malackowski's opinion fails to meet an infringer's burden under the Copyright Act, *supra;* accepts a methodology both rejected by the Sixth Circuit and labeled by Malackowski himself as "invalid"; and relies on unverified and unreliable data from an unidentified source. (*See* Ex. A, Malackowski Opening Report, p. 34; Ex. E, Expert Report and Declaration of Ian Bogost, Ph.D. p. 51-55.) Mr. Malackowski's opinions should be excluded.

      a. *The methodology Mr. Malackowski adopts has been rejected by the Sixth Circuit; his opinions are not based on reliable principles and methods.*

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

███████████ However, the Sixth Circuit Court of Appeals has rejected the methodology employed in the Bogost calculation. In particular, this Circuit has rejected using lines-of-source-code ratios as a valid method for determining the value of infringed software. *ECIMOS,* 971 F.3d at 630 (6th Cir. 2020). The Sixth Circuit has explained: "The fact that the [copied code] only took up 167 lines of code is immaterial. What matters is not the *quantity* of code that was copied, but the *significance* of the code to the program, and—more importantly—the inferences that can be drawn from the copying." *Id.* (emphases added); *see also Navarro v. Procter & Gamble Co.*, 515 F. Supp. 3d 718, 765 (S.D. Ohio 2021) (reiterating the Sixth Circuit's rejection of the lines-

of-source-code valuation method in *ECIMOS* and further stating the burden is on the copyright *infringer* to prove whatever portion of its gross revenue was not attributable to the infringement).

 Mr. Malackowski's opinion in *Oracle* was diametrically opposed to the posture he has conveniently adopted to benefit his client in this case.

The Sixth Circuit has rejected this the Bogost-Malackowski valuation method. Mr. Malackowski himself has labeled it "invalid." For those reasons alone, the Court should exclude Mr. Malackowski's testimony. What is more, the data used in this faulty methodology is



unreliable and unauthenticated, coming from sources unknown. The Court should exclude his testimony.

        b. *Mr. Malackowski's reliance on the file size argument is based on improper, unauthenticated, and insufficient data.*

Not only does Mr. Malackowski attempt to attribute value to the infringed works by using a valuation methodology that has been rejected by the Sixth Circuit, his opinion on the Asserted Works' value is based on data that is unauthenticated, unreliable and, indeed, of unknown origins. This Circuit has held that expert testimony may be excluded under *Daubert* if the expert relies on unauthenticated and unreliable data. *See Lyngaas v. Ag*, 992 F.3d 412, 431 (6th Cir. 2021). The court in *Lyngass* stated, "[B]ecause of the lack of testimony describing how the report logs were created or having anyone vouch for their accuracy, [the expert witness's] opinions regarding the logs were both speculative and unpersuasive." *Id.*

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████



11

In sum, Dr. Bogost did not cite or review any other data to verify such data or support his calculation. Manifestly, the data he relied upon is unauthentic and unidentified.



Mr. Malackowski's opinion assigning token value to the Asserted Works compounds his faulty use of a methodology that has been rejected by the Sixth Circuit with his unconditional acceptance of a calculation based on unreliable, unauthenticated data and unsubstantiated assumptions. Mr. Malackowski's testimony should be excluded.

> 2. *Mr. Malackowski's unconditional reliance on conclusions from the Jay Survey while disregarding contrary evidence is faulty and therefore unreliable.*

12



The Jay Survey has a multitude of flaws that undermine these conclusions. For example, the Jay Survey defies convention by using open-ended questions in inappropriate circumstances, fails to probe or follow-up on vague and ambiguous open-ended answers, and fails to set forth a detailed set of instructions for categorizing these responses. These flaws make the responses to the open-ended questions useless for the purpose of the survey. Moreover, Dr. Jay does not mention the word "tattoo" a *single time* during the entire survey, in a transparent attempt to *avoid* inviting respondents to identify the Asserted Works as a reason the bought an Accused Game. Finally, Dr. Jay's conclusion (that none of the respondents bought the Accused Video Games because of the Asserted Works) is based on a nonsensical assumption: that if a respondent bought the Accused Video Games because of *all* the NBA players' tattoos, they did *not* buy the Accused Video Games because of the Asserted Works.

---

[10] For a full analysis into why Dr. Jay's Survey and her testimony should be excluded, see Plaintiff's Motion and Brief In Support To Exclude the Expert Testimony of Dr. E. Deborah Jay, filed on October 22, 2021.

4883-3647-2064, v.9

[redacted]

In addition to ignoring the infringer's burden under the Copyright Act (*i.e.*, to attribute expenses and elements of profit in an infringer's gross revenue to factors *other* than the infringed works), Mr. Malackowski's unqualified reliance on the flawed Jay survey results while disregarding other contrary evidence suggests bias and renders his opinions based thereon unreliable and irrelevant. They should be excluded.

### C. Mr. Malackowski's opinions should be excluded based on danger of prejudice, confusion and misleading a potential jury, which far outweigh any probative value.

Given Mr. Malackowski's failure to meet an infringer's burden under §504 of the Copyright Act, in addition to his reliance on unreliable methods and unauthenticated data, his testimony would certainly mislead a jury. Courts have held that purported expert testimony may be excluded under Rule 403, which "permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .'" *Daubert*, 509 U.S. at 595. In fact, courts have "more control over experts than over lay witnesses" in assessing the applicability of Rule 403 because of the risk that "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Id.* (*quoting* Weinstein, Rule 702 of the Federal Rules of Evidence is Sound; It Should Not Be Amended, 1388 F.R.D. 631).

14

Although the flawed file size comparison described above has been rejected by this Circuit, a lay juror could readily be misled by Mr. Malackowski's "expert" testimony into believing such a file size "analysis" to be appropriate. Similarly, the Jay survey is untethered to long-standing principles of survey implementation and employed poorly drafted. open-ended questions that resulted in vague and ambiguous answers. Mr. Malackowski's opinions based thereon will not be helpful to a jury, but misleading and confusing. Accordingly, his opinions should be excluded under *Daubert* and Rule 403.

### III. CONCLUSION

Mr. Malackowski's expert opinions should be excluded under FRE 403, 702 and *Daubert*. The opinions proffered in his reports rely on methods that have been rejected by this Circuit and insufficient, unverified facts. For the reasons set forth herein, Mr. Hayden respectfully requests that this Court exclude Mr. Malackowski's opinions.

15

| | |
|---|---|
| Dated: October 25, 2021 | Respectfully submitted, |

By: */s/ Andrew Alexander*
John S. Cipolla (Ohio Bar No. 0043614)
Daniel McMullen (Ohio Bar No. 0034380)
Andrew Alexander (Ohio Bar No. 0091167)
Dustin Likens (Ohio Bar No. 0097891)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
aalexander@calfee.com
dlikens@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

4883-3647-2064, v.9

## CERTIFICATE OF SERVICE

      I hereby certify that on October 25, 2021, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                                */s/ Andrew Alexander*
                                                One of the attorneys for Plaintiff