# **EXHIBIT 24**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, ) | |
| ) | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| v. ) | |
| ) | |
| 2K GAMES, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Under the Federal Rules of Civil Procedure 26 and 33 and the Local Civil Rules for the United States District Court for the Northern District of Ohio, Plaintiff James Hayden ("Hayden") objects and responds to Defendants' (2K Games, Inc. and Take-Two Interactive Software, Inc.) (collectively ("Take-Two")) Second Set of Interrogatories as follows:

**GENERAL STATEMENT**

Hayden's responses are made without in any way waiving or intending to waive but, on the contrary, intending to preserve and expressly preserving:

(1) the right to raise all questions or relevancy, materiality, privilege, and admissibility into evidence to any interrogatory or the answer thereto;

(2) the right to object on any grounds at any time to other interrogatories or other discovery involving the information provided; and

(3) the right to make further answers or to supplement or revise answers, as Hayden's investigation of the facts and the evidence pertinent to this action has not been completed.

Hayden's responses are each subject to his General Objections below. Further, each response contains specific objections to the applicable interrogatory request. From time to time, a

Subject to and without waiver of the foregoing objections and its General Objections, Hayden responds that it is apparent that Defendants took pains to copy the tattoos he created in such a way as to minimize any differences in appearance between his original works of authorship and their unauthorized copies. While the tattoos created by Plaintiff were created and exist in three dimensions and the copies of those tattoos made by Defendants are two-dimensional, Defendants undertook to make verbatim copies of Plaintiff's tattoos and substantially succeeded. Hayden reserves the right to amend his contentions and offer additional evidence supporting his contentions at trial, including without limitation, documents produced by Defendants in discovery.

**INTERROGATORY NO. 17:**

DESCRIBE any and all instances in which HAYDEN licensed any rights to a tattoo that HAYDEN inked on a PERSON, including with limitation (1) whether any payment was agreed upon or made in connection with the license; (2) the amount of the payment; (3) the identity of any parties to the license; (4) the terms of the license; and (5) the circumstances that led to the license (such as whether it was agreed to after the threat of litigation).

**RESPONSE:**

Hayden incorporates his General Statement and General Objections as if fully rewritten herein. Hayden also objects to this interrogatory because it is overbroad and unduly burdensome and requests information that is not relevant to the claims or defenses in this case or proportional to the needs of the case. Hayden also objects to this interrogatory for containing multiple subparts and objects to the extent any subpart exceeds the allowed number of interrogatories under Fed. R. Civ. P. 33(a)(1). Hayden also objects to this interrogatory as duplicative of other

discovery already sought by Defendants and provided by Hayden, including without limitation, deposition discovery.

Subject to and without waiver of the foregoing objections and his General Objections, Hayden states that documents produced to date contain information responsive to this interrogatory. *See, e.g.*, Bates Nos. HAYDEN_000002, 000010, 000017, 000156, 000230, 000233, 000237, 000238, 000253, 000253, 000309, 000346, 000494, 000495, 000496, 000499, 000530, 000546, 000568, 000570, 000571, 000596, 000614, 000666, 000739, 000740, 000748, 000792, 000805, 001152, 001301, 001607, 001613, 001740], 001780, and 001839. Hayden's investigation is ongoing, and he will supplement his response to this interrogatory with further information and documents if and as they become available.

**INTERROGATORY NO.18:**

DESCRIBE any and all instances in which HAYDEN entered into an agreement, written or oral, with a CLIENT regarding a tattoo HAYDEN had inked on the CLIENT.

**RESPONSE:**

Hayden incorporates his General Statement and General Objections as if fully rewritten herein. Hayden also objects to this interrogatory because it is overbroad and unduly burdensome and requests information that is not relevant to the claims or defenses in this case or proportional to the needs of the case. Hayden also objects to this interrogatory for containing multiple subparts and objects to the extent any subpart exceeds the allowed number of interrogatories under Fed. R. Civ. P. 33(a)(1). Hayden also objects to this interrogatory as duplicative of other discovery

9

Dated: October 31, 2019    For Answers:

By: */s/ James Hayden*
James Hayden

For Objections:

By: */s/ Andrew Alexander*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
Jennifer Wick (Ohio Bar No. 0074340)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:  dmcmullen@calfee.com
gyanchar@calfee.com
jwick@calfee.com
aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:kpinter@calfee.com

16