# EXHIBIT 25

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, | ) |
|                Plaintiff, | ) CASE NO. 1:17-cv-02635-CAB |
| | ) |
| v. | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| | ) **CONFIDENTIAL INFORMATION—** |
| 2K GAMES, INC. et al., | ) **SUBJECT TO PROTECTIVE ORDER** |
| | ) |
|                Defendants. | ) |

**PLAINTIFF'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANTS' SECOND SET OF INTERROGATORIES**

Under the Federal Rules of Civil Procedure 26 and 33 and the Local Civil Rules for the United States District Court for the Northern District of Ohio, Plaintiff James Hayden ("Hayden") hereby supplements his objections and responses to Defendants' (2K Games, Inc. and Take-Two Interactive Software, Inc.) (collectively ("Take-Two")) Second Set of Interrogatories as follows:

**GENERAL STATEMENT**

Hayden's responses are made without in any way waiving or intending to waive but, on the contrary, intending to preserve and expressly preserving:

(1) the right to raise all questions or relevancy, materiality, privilege, and admissibility into evidence to any interrogatory or the answer thereto;

(2) the right to object on any grounds at any time to other interrogatories or other discovery involving the information provided; and

(3) the right to make further answers or to supplement or revise answers, as Hayden's investigation of the facts and the evidence pertinent to this action has not been completed.

Hayden's responses are each subject to his General Objections below. Further, each response contains specific objections to the applicable interrogatory request. From time to time, a response may contain a specific objection that repeats a General Objection for emphasis or

1

**INTERROGATORY NO. 20**

DESCRIBE the factual basis for HAYDEN's contention in the COMPLAINT that "Defendants have obtained a direct financial benefit from the foregoing infringing activities while declining or failing to exercise their right and ability to stop or limit same."

**RESPONSE:**

Hayden incorporates his General Statement and General Objections as if fully rewritten herein. Hayden also objects to this interrogatory because it is overbroad and unduly burdensome and requests information that is not relevant to the claims or defenses in this case or proportional to the needs of the case. Hayden further objects to this interrogatory to the extent it seeks his contentions on issues that depend on information outside of his possession, custody or control, such as information and documents solely in Defendants' possession or designated by Defendants as Highly Confidential under the Protective Order. Hayden also objects to this interrogatory for containing multiple subparts and objects to the extent any subpart exceeds the allowed number of interrogatories under Fed. R. Civ. P. 33(a)(1). Hayden also objects to this interrogatory as duplicative of other discovery already sought by Defendants and provided by Hayden, including without limitation, deposition discovery.

Subject to and without waiver of the foregoing objections and his General Objections, Hayden states that Defendants' press releases and public announcements, including those regarding sales and shipments (*see* Fourth Amended Complaint, ¶¶160 *et seq*.), annual reports (see *https://ir.take2games.com/*) and SEC filings (*see https://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0000946581&owner=exclude&count=40*), all provide a basis for the referenced contention. Hayden reserves the right to amend his contentions and offer additional evidence supporting his contentions at trial, including without limitation, documents produced by Defendants in discovery.

7

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20 (10-7-2020):**

Hayden incorporates his General Statement and General Objections as if fully rewritten herein and supplements his response as follows. Take-Two's sales of its Accused Games depends in large part on the games' nominal "realism." Player accuracy is an important factor in the Accused Games' "realism," including having accurate tattoos. Further, LeBron James is one of the most popular players in the NBA, if not *the* most popular player in the NBA, including among users of the Accused Games. Accordingly, displaying the Asserted Works, including accurate copies of LeBron James' actual tattoos, contributes to Take-Two's ability to sell its Accused Games.

In addition, by infringing the Asserted Works, Take-Two enjoys the obvious additional financial benefit of using third-party intellectual property in its Accused Games without paying any license fee. This is despite it being customary for Take-Two to pay third parties for using their intellectual property in the Accused Games, even when it is used to ensure game "realism."

In addition, Hayden identifies under Fed. R. Civ. P. 33(d) the following documents and deposition testimony that contain information responsive to this interrogatory: Depositions (and exhibits thereto) of Argent, Friesch; HAYDEN_000587; TAKE-TWO_00001439-1508; TAKE-TWO_00002573; TAKE-TWO_00003971-3973; TAKE-TWO_00003922-3925; TAKE-TWO_00002217-2224; TAKE-TWO_00002153-2164; TAKE-TWO_00002166-2180; TAKE-TWO_00002297-2310; TAKE-TWO_00002312-2323.

Plaintiff also incorporates its responses to Interrogatory Nos. 6–11, 14, and 19 into his response to this Interrogatory.

Dated: October 7, 2020

      For Objections:

                    By: */s/James Hayden*
                          James Hayden

      For Objections:

                    By: */s/ Andrew Alexander*
                      Daniel McMullen (Ohio Bar No. 0034380)
                    Andrew Alexander (Ohio Bar No. 0091167)
                    CALFEE, HALTER & GRISWOLD LLP
                    The Calfee Building
                    1405 East Sixth Street
                    Cleveland, Ohio 44114-1607
                    Telephone: (216) 622-8200
                    Facsimile: (216) 241-0816
                    E-mail:dmcmullen@calfee.com
                           aalexander@calfee.com

                    *Of Counsel*

                    Kimberly A. Pinter (Ohio Bar No. 0084277)
                    CALFEE, HALTER & GRISWOLD LLP
                    The Calfee Building
                    1405 East Sixth Street
                    Cleveland, Ohio 44114-1607
                    Telephone: (216) 622-8200
                    Facsimile: (216) 241-0816
                    E-mail:kpinter@calfee.com