# **EXHIBIT 26**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES HAYDEN, | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| 2K GAMES, INC., et al., | |
| Defendants. | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS 2K GAMES, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S FIRST SET OF AMENDED REQUESTS FOR ADMISSION**

Under the Federal Rules of Civil Procedure 36 and the Local Civil Rules for the United States District Court for the Northern District of Ohio, Plaintiff James Hayden ("Hayden") objects and responds to Defendants' (2K Games, Inc. and Take-Two Interactive Software, Inc.) (collectively ("Take-Two")) First Set of Amended Requests for Admission as follows:

**GENERAL STATEMENT**

Hayden's responses are made without in any way waiving or intending to waive but, on the contrary, intending to preserve and expressly preserving:

(1) the right to raise all questions or relevancy, materiality, privilege, and admissibility into evidence to any interrogatory or the answer thereto;

(2) the right to object on any grounds at any time to other requests or other discovery involving the information provided; and

1

this request as being overly broad in that it is not proportional to the needs of the case as Defendants are in a better position to understand how each and every version of the accused NBA 2K GAMES operate and are sold. Given the number of games at issue, the different version of these games that are or have been available, Defendant's limited production of a single representation version of each of NBA 2K16, 2K17, 2K18, 2K19, and 2K20 on a single gaming platform, Defendant's failure to produce or otherwise give Plaintiff access to representative copies of NBA 2K Mobile, it is unduly burdensome for Plaintiff to review every possible version of each of the NBA 2K GAMES. Plaintiff also objects to this request because it is not relevant to any claims or defenses in this case.

Without waiving these objections or the General Objections set forth above, Plaintiff denies this Request to the extent that he knows that the NBA PLAYERS' TATTOOS are not sold as separable items in the X-box One versions of NBA 2K16 (TAKE-TWO_0001145), 2K17 (TAKE-TWO_0001146), 2K18 (TAKE-TWO_0001147), 2K19 (TAKE-TWO_0001148), and 2K20 (TAKE-TWO_00002636) produced by Defendants during discovery. Plaintiff admits that he lacks knowledge and information as to whether the NBA PLAYERS' TATTOOS are sold as separable items in the NBA 2K GAMES to the extent different versions of the games exist other than those produced to Plaintiff in this litigation.

**AMENDED REQUEST FOR ADMISSION NO. 188:**

Admit that HAYDEN has never asserted orally, by letter, or by email to any PERSON that HAYDEN's permission was required to photograph the ASSERTED WORKS.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms "asserted" and

9

"permission" are not defined and its meaning is not clear from the context. Plaintiff also objects to this request because it is compound and thus vague and ambiguous. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff admits this request.

**AMENDED REQUEST FOR ADMISSION NO. 189:**

Admit that HAYDEN has asserted orally, by letter, or by email to a PERSON that HAYDEN's permission was required to photograph the ASSERTED WORKS.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms "asserted" and "permission" are not defined and their meaning is not clear from the context. Plaintiff also objects to this request because it is compound and thus vague and ambiguous. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff denies this request.

**AMENDED REQUEST FOR ADMISSION NO. 190:**

Admit that HAYDEN has never asserted orally, by letter, or by email to the NBA that HAYDEN's permission was required for the ASSERTED WORKS to appear in telecasts.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms "asserted" and "permission" are not defined and their meaning is not clear from the context. Plaintiff also objects to this request because it is compound and thus vague and ambiguous. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff admits this request.

**AMENDED REQUEST FOR ADMISSION NO. 191:**

Admit that HAYDEN has asserted orally, by letter, or by email to the NBA that HAYDEN's permission was required for the ASSERTED WORKS to appear in telecasts.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms "asserted" and "permission" are not defined and their meaning is not clear from the context. Plaintiff also objects to this request because it is compound and thus vague and ambiguous. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the

11

extent Plaintiff understands this request, Plaintiff denies this request.

**AMENDED REQUEST FOR ADMISSION NO. 192:**

Admit that HAYDEN has never asserted orally, by letter, or by email to a sports news outlet that HAYDEN's permission was required for the ASSERTED WORKS to appear in images.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms and phrases "asserted," "permission," "sports news outlets," and "to appear in images" are not defined and their meaning is not clear from the context. Plaintiff also objects to this request because it is compound and thus vague and ambiguous. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff admits this request.

**AMENDED REQUEST FOR ADMISSION NO. 193:**

Admit that HAYDEN has asserted orally, by letter, or by email to a sports news outlet that HAYDEN's permission was required for the ASSERTED WORKS to appear in images.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms and phrases "asserted," "permission," "sports news outlets," and "to appear in images" are not defined and their meaning is not clear from the context. Plaintiff also objects to this request because it is compound and thus vague and ambiguous. Plaintiff further objects to this request as seeking information that

is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff denies this request.

**AMENDED REQUEST FOR ADMISSION NO. 194:**

Admit that HAYDEN has never asserted orally, by letter, or by email to any sports news outlet that HAYDEN's permission was required for the ASSERTED WORKS to appear in videos.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms and phrases "asserted," "permission," "sports news outlets," and "to appear in videos" are not defined and their meaning is not clear from the context. Plaintiff also objects to this request because it is compound and thus vague and ambiguous. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff admits this request.

**AMENDED REQUEST FOR ADMISSION NO. 195:**

Admit that HAYDEN has asserted orally, by letter, or by email to a sports news outlet that HAYDEN's permission was required for the ASSERTED WORKS to appear in videos.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms and phrases "asserted," "permission," "sports news outlets," and "to appear in images" are not defined and their

13

meaning is not clear from the context. Plaintiff also objects to this request because it is compound and thus vague and ambiguous. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff denies this request.

**AMENDED REQUEST FOR ADMISSION NO. 196:**

Admit that HAYDEN has never asserted orally, by letter, or by email to any photographer that HAYDEN's permission was required for the ASSERTED WORKS to appear in one or more photographs of the NBA PLAYERS appearing in the NBA 2K GAMES.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms and phrases "asserted," "permission," "photographer," "to appear in one or more photographs," and "photographs of the NBA PLAYERS appearing in the NBA 2K GAMES" are not defined and their meaning is not clear from the context. Plaintiff also objects to this request because it is compound and thus vague and ambiguous. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff admits this request.

is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff denies this request.

**AMENDED REQUEST FOR ADMISSION NO. 202:**

Admit that HAYDEN has never asserted orally, by letter, or by email to any PERSON that HAYDEN's permission was required for the ASSERTED WORKS to appear on magazine covers.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms and phrases "asserted," "permission," and "to appear on magazine covers" are not defined and their meaning is not clear from the context. Plaintiff also objects to this request because it is compound and thus vague and ambiguous. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff admits this request.

**AMENDED REQUEST FOR ADMISSION NO. 203:**

Admit that HAYDEN has asserted orally, by letter, or by email to a PERSON that HAYDEN's permission was required for the ASSERTED WORKS to appear on magazine covers.

extent Plaintiff understands this request, Plaintiff admits this request.

**AMENDED REQUEST FOR ADMISSION NO. 226:**

Admit that HAYDEN knew that the NBA PLAYERS appeared on television in NBA games at the time that the ASSERTED WORKS were created.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the phrase "appeared on television in NBA games at the time that the ASSERTED WORKS were created" is not defined and its meaning is not clear from the context. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff admits this request.

**AMENDED REQUEST FOR ADMISSION NO. 231:**

Admit that prior to this LITIGATION, HAYDEN never made LeBron James aware that HAYDEN would need to be paid when LeBron James appears in media with his tattoos visible.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms and phrases "made LeBron James aware," "appears in media," and "with his tattoos visible" are not defined and their meaning is not clear from the context. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the

19

extent Plaintiff understands this request, Plaintiff admits that prior to this litigation, he has never told LeBron James that he "would need to be paid when LeBron James appears in media with his tattoos visible."

**AMENDED REQUEST FOR ADMISSION NO. 232:**

Admit that prior to this LITIGATION, HAYDEN never made Danny Green aware that HAYDEN would need to be paid when Danny Green appears in media with his tattoos visible.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms and phrases "made LeBron James aware," "appears in media," and "with his tattoos visible" are not defined and their meaning is not clear from the context. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff admits that prior to this litigation, he has never told Danny Green that he "would need to be paid when Danny Green appears in media with his tattoos visible."

**AMENDED REQUEST FOR ADMISSION NO. 233:**

Admit that prior to this LITIGATION, HAYDEN never made Tristan Thompson aware that HAYDEN would need to be paid when Tristan Thompson appears in media with his tattoos visible.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous as the terms and phrases "made LeBron James aware," "appears in media," and "with his tattoos visible" are not defined and their

20

meaning is not clear from the context. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case. Plaintiff also objects to this request to the extent it is duplicative of prior deposition testimony.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff admits that prior to this litigation, he has never told Tristan Thompson that he "would need to be paid when Tristan Thompson appears in media with his tattoos visible."

Dated: November 29, 2019

By: /s/ Andrew Alexander
Daniel McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
Jennifer Wick (Ohio Bar No. 0074340)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail: dmcmullen@calfee.com
gyanchar@calfee.com
jwick@calfee.com
aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail: kpinter@calfee.com