# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>　　　　　Defendants. | CASE No. 1:17-cv-02635<br><br>Judge Christopher A. Boyko |

## MOTION TO EXCLUDE TAKE-TWO'S THIRD PARTY DECLARANTS, OR ALTERNATIVELY, TO RE-OPEN DISCOVERY TO TAKE THEIR DEPOSITIONS

On October 25, 2021, more than a year after the relevant fact discovery deadline, Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. ("Defendants" or, collectively, "Take-Two") filed their Motion for Summary Judgment (the "Motion"). Take-Two's Motion relies heavily on never-before-seen declarations submitted by LeBron James, Tristan Thompson, and Danny Green, who Take-Two *did not* name when asked to identify "all persons with knowledge of facts relating to [its] affirmative defenses" and for whom Take-Two outright *refuses* to provide addresses and telephone numbers, as required under Rule 26.

Pursuant to Rules 26 and 37(c)(1), Mr. Hayden respectfully requests that the Court strike and exclude the James, Thompson, and Green Declarations. Alternatively, Mr. Hayden respectfully requests that the Court compel Take-Two to provide Mr. James', Mr. Thompson's, and Mr. Green's contact information; reopen discovery for the limited purpose of allowing Mr. Hayden to depose Mr. James, Mr. Thompson, and Mr. Green or obtain counter-declarations from each of them; and permit Mr. Hayden to submit a Supplemental Response to Take-Two's Motion for Summary Judgement, while deferring consideration of Take-Two's Motion until it has

1

received Mr. Hayden's Supplemental Response

## BACKGROUND

Mr. Hayden filed this copyright infringement lawsuit on December 18, 2017. On May 15, 2018, in its initial disclosures, Take-Two identified LeBron James, Tristan Thompson, and Danny Green as individuals likely to have discoverable information, but *without* the addresses and telephone numbers *explicitly* required by Rule 26. *See* Take-Two's Initial Disclosures (Exhibit A) 2–3. During fact discovery, on May 2, 2019, Mr. Hayden specifically asked Take-Two to "identify all persons with knowledge of facts relating to the affirmative defenses." Mr. Hayden's First Set of Interrogatories to Take-Two (Exhibit B) 11. On June 17, 2019, Take-Two responded *without* properly identifying Mr. James, Mr. Thompson, or Mr. Green. *See* Defendant Take-Two's Seventh Amended Objections and Responses to Plaintiff James Hayden's First Set of Interrogatories (Exhibit C) 26–31. Then, more than a year after the close of fact discovery, on October 25, 2021, Take-Two filed its Motion for Summary Judgment which, to Mr. Hayden's surprise, relies heavily on never-before-seen declarations submitted by Mr. James, Mr. Thompson, and Mr. Green. *See* Take-Two's Memorandum in Support of Its Motion for Summary Judgment (Dkt. No. 101-1); Declaration of LeBron James (Dkt. No. 101-2); Declaration of Danny Green (Dkt. No 101-3); Declaration of Tristan Thompson (Dkt. No. 101-4). Shortly thereafter, on November 4, 2021, counsel for Mr. Hayden requested the contact information for Mr. James, Mr. Green, and Mr. Thompson (that *should* have been provided three years earlier) "as soon as possible" so that Mr. Hayden could contact them. *See* November 4, 2021 Email Correspondence to Take-Two (Exhibit D to Take-Two). In response, on November 9, 2021, counsel for Take-Two declared that **"Take-Two will not … provide you with these players' contact information."** November 9, 2021 Email Correspondence from Take-Two (Exhibit E).

## **LEGAL STANDARD**

### I. Rule 26(a)

Under Rule 26(a)(1)(A), "a party ***must*** … provide to the other parties: (i) the name and, if known, ***the address and telephone number*** of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."[1] "The purpose of [Rule 26(a)(1)(A)] is two-fold: to 'accelerate the exchange of basic information that is needed in most cases to prepare for trial or make an informed decision about settlement,' and, 'to prevent the practice of 'sandbagging' an opposing party with new evidence.' "[2]

### II. Rule 26(e)

Under Rule 26(e), "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—***must supplement or correct*** its disclosure or response: (i) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[3]

### III. Rule 37(c)

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is ***not allowed to use that information or witness*** to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

---

[1] Fed. R. Civ. P. 26(a)(1)(A) (emphases added).
[2] *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC,* 2016 WL 9460472, at *3 (W.D. Ky. June 29, 2016) (citing *Richardson v. Rock City Mechanical Company, LLC*, 2010 WL 711830 at *2 (M.D. Tenn Feb. 24, 2010 and *Charvat v. Echostar Satellite, LLC*, 2009 WL 2169190 at *2 (S.D. Ohio, July 16, 2009).
[3] Fed. R. Civ. P. 26(e) (emphasis added).

3

harmless."[4] Under 37(c)(1)(C), the court is also authorized to impose "other appropriate sanctions" in addition to or instead of exclusion.

As the Sixth Circuit explained in *Roberts ex rel. Johnson v. Galen of Va.*, Rule 37(c)(1) "***requires absolute compliance*** with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.' "[5] Moreover, the burden to prove whether noncompliance was substantially justified or harmless falls on the potentially sanctioned party,[6] exclusion under Rule 37(c)(1) *does not* require a showing of bad faith,[7] and "commentary to Rule 37(c)(1) strongly suggests that a 'harmless' violation involves an honest mistake…"[8]

## ARGUMENT

### I. Take-Two *Never* Properly Identified Mr. James, Mr. Thompson, or Mr. Green

#### a. Take-Two Did Not Properly Identify Mr. James, Mr. Thompson, or Mr. Green as Persons with Knowledge of Facts Relating to Its Affirmative Defenses

On May 2, 2019, Mr. Hayden directly asked Take-Two to identify "all persons with knowledge of facts relating to [its] affirmative defenses." Ex. B at 11. In response, Take-Two *did not* properly identify Mr. James, Mr. Thompson, or Mr. Green. Specifically, Mr. Hayden's Interrogatory No. 13 asked Take-Two to "[d]escribe the factual basis for each of your affirmative

---

[4] Fed. R. Civ. P. 37(c)(1) (emphasis added); *see also Gamble v. JP Morgan Chase & Co.*, 2016 WL 451818, at *9 (M.D. Tenn. Aug. 31, 2016).
[5] 325 F.3d 776, 782 (6th Cir. 2003) (emphasis added) (citing *Vance v. United States*, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)).
[6] *Roberts ex rel*, 325 F.3d, at 782 (citing *Salgado v. General Motors Corp.*, 150 F.3d 735, 741-742 (7th Cir.1998); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir.2001); *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir.1999).
[7] *Abriq v. Metro. Gov't of Nashville & Davidson Cty.*, 2018 WL 4561247, at *5 (M.D. Tenn. July 27, 2018) (citing *Emanuel v. Cty. of Wayne*, 652 Fed. Appx. 417, 423-24 (6th Cir. 2016)), aff'd in part, rev'd in part *sub nom. Abriq v. Metro. Gov't of Nashville/davidson Cty.*, 2018 WL 4561244 (M.D. Tenn. Sept. 5, 2018).
[8] *Roberts ex rel.,* 325 F.3d at 783 (citing *Vaughn v. City of Lebanon,* 18 Fed.Appx. 252, 264 (6th Cir. 2001)); *see also Howe v. City of Akron,* 801 F.3d 718, 747 (6th Cir. 2015) (citing *Vance ex rel. Hammons v. United States*, 182 F.3d 920, at *5 (6th Cir.1999)).

4

defenses, identify all documents that You contend support each such affirmative defense and *identify all persons with knowledge of facts relating to the affirmative defenses*." *Id.* (emphasis added). Mr. Hayden also provided *crystal clear* instructions that:

> Whenever the identity of a person is requested, state, to the extent known, his or her:
> 
> a. full name;
> b. present or last known home address;
> c. present or last known business address;
> d. present or last known phone number;
> e. present or last known job title or occupation;
> f. present or last known employer;
> g. occupation, employer's name and address, and job title at the time of the event to which the Interrogatory relaters; and
> h. if employed by Defendant, the period of times so employed, and the area of responsibility during such times.

*Id.* at 6–7. Take-Two's response, which, at best, may have *implied* that Mr. James, Mr. Thompson, and Mr. Green *may* have knowledge of facts relating to its affirmative defenses, *see* Ex. C at 26–31, plainly fails to fulfill its duty to "*properly*" and "*formally*" disclose the witnesses it intended to rely on and failed to identify such witnesses as requested in Mr. Hayden's Interrogatories.[9]

First, tellingly, Take-Two's response to Interrogatory No. 13 never mentions Mr. James, Mr. Thompson, or Mr. Green by name. Second, Take-Two's periodic reference to the "NBA Players" in its response to Interrogatory No. 13 and its response to Interrogatory No. 12 (which Take-Two incorporated by reference into its response to Interrogatory No. 13) does not equate to "identifying" Mr. James, Mr. Thompson, and Mr. Green as having knowledge of facts relating to Take-Two's affirmative defenses (as was explicitly requested in Interrogatory No. 13). Moreover, the mere fact that the realistic depiction of digital avatars of Mr. James, Mr.

---

[9] *McFerrin v. Allstate Property and Casualty Co.*, 29 F.Supp.3d 924, 932-33 (E.D. Ky. 2014) (emphasis added).

Thompson, and Mr. Green in the Accused Video Games,[10] including with the re-created Asserted Copyrights,[11] is an issue in dispute, does not *ipso facto* mean that Mr. James, Mr. Thompson, and Mr. Green "have knowledge of facts relating to [Take-Two's] affirmative defenses." "Rule 26 does not impose a duty on a party to anticipate the evidence and witnesses that an opposing party may deem relevant,"[12] and the presence of a person's name in documents or the opposing party's "personal knowledge" of a person's "involvement" does not relieve a party of its duty to comply with Rule 26.[13] Take-Two was specifically asked to identify "**all persons with knowledge of facts relating to the affirmative defenses**" yet it did not properly identify Mr. James, Mr. Thompson, or Mr. Green.[14]

### b. Take-Two Baldly *Refuses* to Provide Contact Information for LeBron James, Tristan Thompson, and Danny Green

On at least three separate occasions, Take-Two has declined or outright refused to provide the addresses and telephone numbers of Mr. James, Mr. Thompson, and Mr. Green, as expressly required by Rule 26.

First, in its initial disclosures, Take-Two named LeBron James, Tristan Thompson, and Danny Green as individuals likely to have discoverable information but *withheld* their addresses and telephone numbers. If Take-Two had any reasonable grounds to believe Mr. Hayden would abuse Mr. James', Mr. Thompson's, or Mr. Green's contact information (which it did not, and

---

[10] The "Accused Video Games" are NBA 2K16, NBA 2K17, NBA 2K18, NBA 2K19, NBA 2K20, NBA 2K21, NBA 2K22 and NBA 2K Mobile. All of them were identified to Take-Two in discovery and Mr. Hayden plans to move to amend the Complaint to add NBA 2K21 and NBA 2K22 to the others previously identified as infringing in the Fourth Amended Complaint.
[11] The "Asserted Copyrights" include: "Gloria" (Reg. No. VAu 1-263-888); "Lion" (Reg. No VAu 1-271-044); "Shoulder Stars" (Reg. No. VAu 1-270-802); "Fire D.G." (Reg. No. VAu 1-287-552); "Scroll D.G." (Reg. No. VAu 1-287-545); and "Brother's Keeper T.T." (Reg. No VAu 1-292-453).
[12] *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*, 2016 WL 9460472, at *3 (W.D. Ky. June 29, 2016).
[13] *Green v. Bakemark USA, LLC*, 2016 WL 234616, at *2 (S.D. Ohio Jan. 20, 2016) (citing *Medpace, Inc. v. Biothera, Inc.*, 2013 WL 6158181, at *2 (S.D. Ohio Nov. 25, 2013)).
[14] Even if Take-Two did not intend to rely on declarations of Mr. James, Mr. Thompson, or Mr. Green at the time, it is obligated to supplement or correct its responses in a timely manner. Fed. R. Civ. P. 26(e).

6

still does not), Rule 26(c) provides that, in such an instance, a party may move for a protective order, for example, "specifying terms, including time and place … for the disclosure or discovery." However, instead of moving for a protective order, Take-Two unilaterally withheld required contact information for Mr. James, Mr. Thompson, and Mr. Green in direct contravention of its duties under Rule 26(a)(1)(A). Instead of providing their contact information, Take-Two elected simply to offer to "meet & confer."[15] Ex. A at 2–3. It is difficult to imagine a more textbook example of "sandbagging" than intentionally withholding the contact information of the very third parties you intend to rely on at trial.

Second, even if Take-Two argues that its references to the "NBA Players" in its Response to Mr. Hayden's Interrogatory No. 13 constitute "identifying" Mr. James, Mr. Thompson, and Mr. Green, Take-Two *still* failed to provide *any* addresses and phone numbers for Mr. James, Mr. Thompson, and Mr. Green as expressly required by Rule 26 and explicitly requested in the interrogatory instructions provided to Take-Two. *See* Ex. B at 6–7

And third, when Mr. Hayden explicitly requested Mr. James', Mr. Thompson's and Mr. Green's contact information immediately after seeing Take-Two's Motion for Summary Judgment and learning how heavily Take-Two's arguments rely on never-before-seen declarations from Mr. James, Mr. Thompson, and Mr. Green, counsel for Take-Two baldly declared that **"Take-Two will not … provide you with these players' contact information."** Ex. E (emphasis added). Under the Federal Rules of Civil Procedure, it is not a matter for Take-Two's *discretion* to decide to withhold such basic information; such conduct should be sanctioned accordingly.

---

[15] In light of Take-Two's November 9, 2021 unequivocal refusal in response to Mr. Hayden's request for Mr. James', Mr. Thompson's, and Mr. Green's contact information, Mr. Hayden takes little solace in Take-Two's offer to "meet & confer."

## II. Take-Two's Refusal to Properly Identify Mr. James, Mr. Thompson, and Mr. Green is Not Substantially Justified or Harmless

The Sixth Circuit has adopted a five-factor test to assess whether a party's nondisclosure is "substantially justified" or "harmless." The factors are:

(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the nondisclosing party's explanation for its failure to disclose the evidence.[16]

On one hand, Take-Two has the burden to prove the harmlessness of its nondisclosure[17] and its deliberate refusal to provide Mr. James', Mr. Thompson's, and Mr. Green's contact information (i.e., *not* an "honest mistake") weighs heavily against a finding of "harmlessness."[18] And on the other hand, *none* of the aforementioned factors weigh in favor of a finding that Take-Two's failure to properly identify Mr. James, Mr. Thompson, and Mr. Green is "substantially justified" or "harmless."

Regarding the first factor, Mr. Hayden was genuinely and justifiably surprised when he discovered that Take-Two's Motion for Summary Judgment relied heavily on never-before-seen declarations submitted by Mr. James, Mr. Thompson, and Mr. Green. In *Howe,* in addressing whether a late disclosure was a "surprise," the Sixth Circuit considered whether the party had the information produced in its possession and whether it had an opportunity to depose witnesses

---

[16] *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396-97 (4th Cir. 2014)).
[17] *Roberts ex rel*, 325 F.3d, at 782 (citing *Salgado v. General Motors Corp*., 150 F.3d 735, 741-742 (7th Cir.1998); *Wilson v. Bradlees of New England, Inc*., 250 F.3d 10, 21 (1st Cir.2001); *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir.1999).
[18] *See Roberts ex rel.,* 325 F.3d at 783 (citing *Vaughn v. City of Lebanon,* 18 Fed.Appx. 252, 264 (6th Cir. 2001)).

8

regarding the information.[19] Here, Mr. Hayden had not seen the declarations of Mr. James, Mr. Thompson, and Mr. Green prior to Take-Two's Motion, he was led to believe that Take-Two would *not* be relying on any such declarations (otherwise Take-Two would have properly identified these witnesses), and Take-Two *still* refuses to provide Mr. Hayden with contact information for Mr. James, Mr. Thompson, and Mr. Green so that he may contact them.

    Regarding the second factor, without the intervention of this Court, Mr. Hayden has no *ability*, let alone has he had the opportunity, to remedy the surprise. Take-Two did not provide the required contact information for Mr. James, Mr. Thompson, or Mr. Green in its initial disclosures, it did not "properly and formally" identify them when asked to "identify all persons with knowledge of facts relating to the affirmative defenses," and, most recently, it outright *refused* to provide Mr. Hayden with their contact information. Mr. Hayden's ability to remedy Take-Two's sandbagging tactics relies on this Court *at least* compelling Take-Two to provide contact information for Mr. James, Mr. Thompson, and Mr. Green.

    Regarding the third factor, although trial has not commenced, and although Mr. Hayden potentially could depose Mr. James, Mr. Thompson, and Mr. Green[20] without disrupting the current trial date set by this Court, "re-opening discovery is *not* per se an alternative 'sanction' under Rule 37(c)(1)"[21] and it should not be Mr. Hayden's burden to ask the Court to reopen discovery or to redirect his efforts to deposing, or seeking counter-declarations from, Mr. James, Mr. Thompson, Mr. Green instead of preparing for trial.[22] Moreover, a more appropriate inquiry in this context is whether allowing the declarations would disrupt proper adjudication of Take-

---

[19] *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015)
[20] Assuming the Court compels Take-Two to provide Mr. Hayden with Mr. James', Mr. Thompson's, and Mr. Green's contact information.
[21] *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*, 2016 WL 9460472, at *7 (W.D. Ky. June 29, 2016).
[22] *See Abriq v. Metro. Gov't of Nashville & Davidson Cty.*, 2018 WL 4561247, at *6 (M.D. Tenn. July 27, 2018), aff'd in part, rev'd in part sub nom. Abriq v. Metro. Gov't of Nashville/davidson Cty., 2018 WL 4561244 (M.D. Tenn. Sept. 5, 2018).

Two's Motion for Summary Judgment, which it most certainly would. If the James, Thompson, and Green Declarations are allowed, Mr. Hayden will have been denied the opportunity to fairly contest them unless the Court defers its consideration of Take-Two's Motion for Summary Judgement until after Mr. Hayden has had the reasonable opportunity to depose, or seek counter-declarations from, Mr. James, Mr. Thompson, and Mr. Green.

Regarding the fourth factor, the importance of Take-Two's never-before-seen declarations "cuts both ways." "The more important the proof, the greater the effect of preclusion, but also the greater the harm in [improper] disclosure."[23] Regardless of the importance of Take-Two's declarations, importance "cannot, by itself, save improperly disclosed evidence from being found unjustified or non-harmless."[24]

Regarding the fifth factor, Take-Take has not attempted to explain why it did not properly identify Mr. James, Mr. Thompson, or Mr. Green in its response to Mr. Hayden's Interrogatory No. 13, or why it believes Rule 26's *explicit requirement* that it disclose the addresses and telephone numbers of Mr. James, Mr. Thompson, and Mr. Green does not apply to it. When specifically asked to provide contact information for Mr. James, Mr. Thompson, and Mr. Green so that Mr. Hayden "may contact them," Ex. D, Take-Two provided no explanation as to why it had withheld this information in the first place, offered only a baseless rationalization that Mr. Hayden plans to participate in "post-discovery harassment" to justify its

---

[23] *EQT Prod. Co. v. Magnum Hunter Prod., Inc*., 2017 WL 2295906, at *5 (E.D. Ky. May 25, 2017), objections overruled *sub nom. EQT Prod. Co. v. Magnum Hunter Prod. Co*., 2017 WL 4974782 (E.D. Ky. July 19, 2017). *But see In re Cox Motor Express of Greensboro, Inc.,* 2016 WL 6661318, at *5 (M.D.N.C. Nov. 4, 2016) ("[T]he [vital] importance of the evidence weighs in favor of finding that Defendant's failure to disclose was not substantially justified or harmless."); *Etheridge v. E.I. DuPont De Nemours & Co., Inc.,* 2015 WL 12516227, at *3 (W.D. Tenn. Oct. 14, 2015) ("[B]ecause this evidence is so important to Plaintiff, her explanation for her failure to abide by ... the Federal Rules of Civil Procedure becomes even less satisfactory.")

[24] *EQT Prod. Co. v. Magnum Hunter Prod., Inc*., 2017 WL 2295906, at *5 (E.D. Ky. May 25, 2017) (citing *Samsung Elecs. Co., Ltd. v. Nvidia Corp*., 314 F.R.D. 190, 197 n.6 (E.D. Va. 2016)), objections overruled *sub nom. EQT Prod. Co. v. Magnum Hunter Prod. Co*., 2017 WL 4974782 (E.D. Ky. July 19, 2017).

conscious violation of the Rules of Civil Procedure, and defiantly pronounced that **"Take-Two will not… provide you with these players' contact information."** Ex. E (emphasis added).

The overwhelming balance of these factors weighs in favor of excluding the James, Thompson, and Green Declarations.

### III. Alternative Remedies under 37(c)(1)(C)

" '[E]xclusion of late or undisclosed evidence is the usual remedy for noncompliance with Rule 26(a) or (e), but the Court may also consider "alternative sanctions.' " [25] Although, as discussed above, "re-opening discovery is *not* per se an alternative 'sanction' under Rule 37(c)(1),"[26] Rule 37(c)(1)(C) authorizes courts to impose "other appropriate sanctions" in addition to or instead of exclusion. For example, in *Intel Corp. v. VIA Technologies, Inc.*, the court found that it was an appropriate remedy to allow plaintiff Intel to depose a declarant after the discovery cut-off and then file a late supplemental brief in response to a motion to summary judgment motion because defendant VIA had disclosed the declarant "too close to the discovery cutoff."[27] Here, as explained, Take-Two did not properly identify Mr. James, Mr. Thompson, and Mr. Green during the discovery period and *still* refuses to provide their contact information. Accordingly, if the Court finds that exclusion of the James, Thompson, and Green Declarations is unwarranted, Mr. Hayden respectfully requests (for substantially the same reasons that the James, Thompson, and Green Declarations should be excluded) that the Court reopen discovery for the limited purpose of allowing Mr. Hayden to depose Mr. James, Mr. Thompson, and Mr. Green or to obtain counter-declarations from Mr. James, Mr. Thompson, and Mr. Green and

---

[25] *Abriq v. Metro. Gov't of Nashville & Davidson Cty.*, 2018 WL 4561247, at *5 (M.D. Tenn. July 27, 2018) (citing *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015)), aff'd in part, rev'd in part *sub nom. Abriq v. Metro. Gov't of Nashville/davidson Cty.*, 2018 WL 4561244 (M.D. Tenn. Sept. 5, 2018).
[26] *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*, 2016 WL 9460472, at *7 (W.D. Ky. June 29, 2016).
[27] 204 F.R.D. 450, 451 (N.D. Cal. 2001).

permit Mr. Hayden thereafter to submit a Supplemental Response to Take-Two's Motion for Summary Judgement.

### **REQUEST FOR RELIEF**

For all of these reasons, Mr. Hayden respectfully requests that, under Rule 26 and/or Rule 37(c)(1), the Court strike the James, Thompson, and Green Declarations in their entirety and preclude Take-Two from relying upon them for any purpose going forward.

Alternatively, under Rule 26 and/or Rule 37(c)(1)(C), Mr. Hayden respectfully requests that the Court:

(1) Compel Take-Two to provide contact information for Mr. James, Mr. Thompson, and Mr. Green;

(2) Reopen discovery for the limited purpose of allowing Mr. Hayden to depose Mr. James, Mr. Thompson, and Mr. Green or to obtain declarations from Mr. James, Mr. Thompson, and Mr. Green;

(3) Permit Mr. Hayden to submit a Supplemental Response to Take-Two's Motion for Summary Judgement; and

(4) Defer considering Take-Two's Motion until it has received Mr. Hayden's Supplemental Response.

Dated: November 23, 2021                          Respectfully submitted,

                                                                       By:   */s/ Andrew Alexander*

John Cipolla (Ohio Bar No. 0043614)
Daniel McMullen (Ohio Bar No. 0034380)
Andrew Alexander (Ohio Bar No. 0091167)
Dustin Likens (Ohio Bar No. 0097891)

CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
aalexander@calfee.com
dlikens@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

13

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2021, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system..

*/s/ Andrew Alexander*
One of the attorneys for Plaintiff
