# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, <br><br> Plaintiff, <br><br> v. <br><br> 2K GAMES, INC. et al., <br><br> Defendants. | ) <br> ) CASE NO. 1:17-cv-02635-CAB <br> ) <br> ) JUDGE CHRISTOPHER A. BOYKO <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO TAKE-TWO INTERACTIVE SOFTWARE, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff James Hayden ("Hayden") propounds the following Interrogatories on Defendant Take-Two Interactive Software, Inc. ("Take-Two") to be answered separately, under oath, within thirty (30) days after service. These Interrogatories are governed by the following Definitions and Instructions:

**DEFINITIONS**

As used in Hayden's First Set of Interrogatories to Take-Two Interactive Software, Inc., the following terms shall have the following meanings:

1.      The term "**Accused Games**" means NBA 2K16, NBA 2K17, NBA 2K18, and any other game identified as infringing in any other amended complaint filed in the above-referenced action.

2.      The connectives "**and**" and "**or**" shall not be construed to limit the documents or information sought or requested. When "and" is used, the request for documents or information should also be construed in the disjunctive. When "or" is used, the request for documents or information should also be construed in the conjunctive.

3.      The term "**Answer**" means Defendant's Answer to Second Amended Complaint (ECF No. 18) and any other answer, defenses, or counterclaims filed in the above-referenced action.

4.      The terms "**any**" and "**all**" shall be construed as "any and all."

5.      The term "**Brother's Keeper Tattoo**" means the tattoo described in ¶¶ 80–86 of the Second Amended Complaint.

6.      The term "**Complaint**" means Hayden's Complaint, First Amended Complaint, Second Amended Complaint, and any other amended complaint filed in the above-referenced action.

7.      The terms "**concerning**" and "**concern**" or "**regarding**" and "**regard**" shall be construed broadly and include all that refers to, relates to, constitutes, describes, evidences, contains, discusses, corroborates, embodies, reflects, supports, identifies, refutes, rebuts, mentions, contravenes, states or involves in any way, a given matter.

8.      The term "**Defendants**" means 2K Games, Inc. and Take-Two Interactive Software, Inc.

9.      The request to "**describe**" or for a "**description**" shall mean specifying and particularizing in detail the information requested as opposed to a summary or outlined response.

10.     (a) The term "**document**" has the broadest meaning permitted by Rule 34 of the Federal Rules of Civil Procedure and shall include, wherever applicable and without limitation, originals and copies and translations of any sort, whether handwritten, typed, printed or otherwise visually, aurally or electronically produced, correspondence, work papers, minutes, e-mails, memoranda, reports, summaries, notes, notebooks, diaries, appointment books, messages, telegrams, books, letters, ledgers, photographs, renderings, pictures, drawings, sketches,

blueprints, charts, tables, data sheets, motion pictures, publications, advertisements, brochures, pamphlets, recordings of any sort, agreements, communications, computer printouts, software, and information stored in a computer, magnetic disk, diskette, tape, microfilm or any other writings or recordings known to Defendants.

(b) The term "**document**" also means all drafts and copies of the original that are not identical with the original, such as those bearing marginal comments, alterations, notations or interlineations not present on the original document.

11. The term "**Fire Tattoo**" means the tattoo described in ¶¶ 66–72 of the Second Amended Complaint.

12. The term "**Gloria Tattoo**" means the tattoo described in ¶¶ 45–51 of the Second Amended Complaint.

13. The term "**Hayden**" means James Hayden and his agents, representatives, attorneys, or anyone acting on behalf of James Hayden both past and present.

14. The term "**Hayden's Registered Works**" means all the works described in ¶¶ 45–86 of the Second Amended Complaint or any other work registered with the U.S. Copyright Office described in any other amended complaint filed in the above-referenced action, including the works entitled "Gloria," "Lion," "Shoulder Stars," "Fire," "Scroll," and "Brother's Keeper."

15. The term "**Hayden's Works**" means all the works described in ¶¶ 45–121 of the Second Amended Complaint or any other work by James Hayden described in any other amended complaint filed in the above-referenced action, including the works entitled "Gloria," "Lion," "Shoulder Stars," "Fire," "Scroll," "Brother's Keeper," "LJ Design," "Akron 1984," "History," "Loyalty," and "Family."

16. The terms "**including**" and "**include**" are illustrative, and in no way a limitation of the documents or information requested and shall also mean "including without limitation."

17. The term "**Lion Tattoo**" means the tattoo described in ¶¶ 52–58 of the Second Amended Complaint.

18. The term "**NBA 2K Games**" means any game published or created by either Defendant the title of which contains, "NBA 2K."

19. The term "**person**" includes all natural or juristic persons and any business, legal or governmental entity as well as its officers, agents and representatives, including any individual, corporation, proprietorship, partnership, trust association or any other entity.

20. The term "**Plaintiff**" means James Hayden.

21. The terms "**refer to**" or "**relate to**" shall mean comprising, describing, evidencing, consisting of, referring to, reflecting, discussing, containing, corroborating, reporting, refuting, rebutting, contravening, constituting, supporting, disclosing or mentioning.

22. The term "**representative**" shall be construed broadly to include officers, directors, agents, representatives, consultants, employees, attorneys, or anyone subject to the direction and control of, or acting on behalf of, another person.

23. The term "**Scroll Tattoo**" means the tattoo described in ¶¶ 73–79 of the Second Amended Complaint.

24. The term "**Shoulder Stars Tattoo**" means the tattoo described in ¶¶ 59–65 of the Second Amended Complaint.

25. The terms "**Take-Two**" and "**You**" mean Take-Two Interactive Software, Inc., and any parent, successor, predecessor, sister, affiliate, subsidiary, division or related company or other business or legal entity, and their officers, directors, agents, representatives,

consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

26.     The term "**thing**" shall be construed broadly and include any physical specimen or tangible thing other than a document including, without limitation, samples, physical games, prototypes, or other physical objects known to Defendants.

27.     The term "**2K Games**" means 2K Games, Inc., and any parent, successor, predecessor, sister, affiliate, subsidiary, division or related company or other business or legal entity, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

28.     The use of the singular form of any word includes the plural and vice versa. The use of the present tense includes the past tense and vice versa.

## INSTRUCTIONS

1.      When, after a reasonable and thorough investigation using due diligence, Defendant is unable to answer any Interrogatory set forth below, or some part thereof, because of lack of information available to Defendant, specify in full and complete detail, the reason the information is not available to Defendant and what has been done to locate such information. In addition, specify what knowledge Defendant does have concerning the unanswered portion of the Interrogatory and set forth the facts upon which such knowledge is based.

2.      Whenever the identification of a document is requested, the answer shall state the following information with respect to each identified document:

    a.    the date appearing on such document, and if no date appears thereon, the answer shall so state and shall give the date or approximate date such document was prepared;

    b.    any identifying or descriptive code number, file number, title or label of such document;

    c.    a general description of such document (*i.e.,* letter, memorandum, drawing, etc.) and the number of pages of which it consists;

    d.    the name of each person who signed such document, and, if it was not signed, the answer shall so state and shall give the name of each person who authored or otherwise prepared it; the name of each person to whom such document was addressed and the name of each person other than the addressee to whom such document or copies thereof were given or sent;

    e.    the name of each person having possession, custody or control of such document, and the present location of the original and all copies;

    f.    where any draft, copy or reproduction of such document contains or has been revised to include any postscripts, notation, change, amendment or addendum not appearing on the document itself as originally written, typed or otherwise prepared, then the answer shall identify as herein required each such draft, copy or reproduction and, to the extent possible, each person who made such revisions;

    g.    the source or origin of the document, and if the document was not generated by Defendant or any one of its employees, specify from whom the document was obtained and identify said person and his or her relationship to Defendant; and

    h.    if any such document was, but is no longer, in the possession or subject to Defendant's control, state what disposition was made of it and when.

3.    Whenever the identity of a person is requested, state, to the extent known, his or her

    a.    full name;

    b.    present or last known home address;

    c.    present or last known business address;

    d.    present or last known phone number;

    e.    present or last known job title or occupation;

    f.    present or last known employer;

4818-2372-8533, v.4

      g.    occupation, employer's name and address, and job title at the time of the event to which the Interrogatory relates; and

      h.    if employed by Defendant, the period of times so employed, and the area of responsibility during such times.

4. Whenever the description of an act, transaction, occurrence, event or instance is requested, state:

      a.    the date, including year, month, and day, when it occurred;

      b.    the place where it occurred;

      c.    the identity of each person participating therein;

      d.    on whose behalf each said person participated or purported to participate;

      e.    the nature, subject matter, and circumstances surrounding it;

      f.    the nature and substance of all conversations and oral or written communications that occurred during or in connection with it; and

      g.    all documents concerning it or referring or relating to it.

5. Whenever the identity of a company, corporation, partnership, or other business entity is requested, state, to the extent known, its:

      a.    full name;

      b.    address;

      c.    state of incorporation;

      d.    location of corporate headquarters;

      e.    phone number;

      f.    location of each division, branch, or office which is connected with or handled the matters referred to in the Interrogatory; and

      g.    identify each person acting or purporting to act on behalf of the business entity in connection with the matters referred to in the Interrogatory.

6. If Defendant claims any form of privilege, whether based on statute or otherwise,

as a ground for not providing information in response to an Interrogatory set forth below: (i) identify the nature of the privilege being claimed; (ii) for each document for which a privilege is claimed, state the type of document, the general subject matter of the document, the date of the document and each author, addressee, carbon copy recipient, blind carbon copy recipient and any other recipient, as well as the number of pages of the identified document; and (iii) for each oral communication for which a privilege is claimed, state the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication, the date of the communication, and the general subject matter of the communication.

7. With respect to the following Interrogatories, the information sought is that which is current to the date of answer, unless otherwise stated. These Interrogatories shall be deemed continuing to the extent allowed by Rule 26(e) of the Federal Rules of Civil Procedure. Hayden requests that such supplemental answers be served as soon as possible after Defendant acquires such additional knowledge, information, documents or things.

## INTERROGATORIES

**INTERROGATORY NO. 1**

Describe Take-Two's involvement with respect to each of the Accused Games, including without limitation its activities with respect to each of the following: (1) design, (2) development, (3) marketing, (4) distribution, and (5) sales.

**INTERROGATORY NO. 2**

With respect to each of the activities described in response to Interrogatory No. 1, identify the individuals involved and their titles and the time periods of their involvement.

**INTERROGATORY NO. 3**

Identify the first NBA 2K Game (including the year of its release) that depicted tattoos on players and the first NBA 2K Game (including the year of its release) that included realistic depiction of professional basketball players, including with the tattoos that they bear in real life.

**INTERROGATORY NO. 4**

Identify each game published by You or that You plan to publish that depicts any of Hayden's Registered Works and, for each such game, identify the Hayden Registered Work(s) depicted therein.

**INTERROGATORY NO. 5**

For each Accused Game, identify on a monthly basis from January 2015 to the present the number of units sold, the gross revenue derived from those sales, and the associated deductible expenses.

**INTERROGATORY NO. 6**

Individually for each Accused Game, identify the cost of development, including the amount of money and number of man-hours spent on development and identify all documents that support Your response.

**INTERROGATORY NO. 7**

Identify the date You first became aware of each of Hayden's Registered Works, describe the circumstances under which You first became aware each of Hayden's Registered Works, identify each person involved in any way with such circumstances, describe how they were involved and identify all documents that refer or relate to such circumstances.

**INTERROGATORY NO. 8**

Describe Your process for creating avatars of basketball players depicted in NBA 2K Games, including without limitation, Your process for realistically depicting the tattoos professional basketball players bear in real life, and identify the individuals who participated in depicting Hayden's Registered Works on the avatars of LeBron James, Danny Green, and Tristan Thompson in each Accused Game.

**INTERROGATORY NO. 9**

Why did You include Hayden's Registered Works in the Accused Games?

**INTERROGATORY NO. 10**

Did You seek or obtain an opinion of counsel regarding the legal implications of the depiction of basketball players with the tattoos they bear in real life in NBA 2K Games and, if so, when did you seek and when did you obtain such an opinion?

**INTERROGATORY NO. 11**

Describe Your current and past policies for licensing or clearing intellectual property rights for content used in any games You sell, publish, distribute, or develop and, to the extent not included in the foregoing, describe Your current and past policies with respect to reproducing tattoos in any of Your games or other content.

**INTERROGATORY NO. 12**

Explain the legal and factual bases for Your denial of the allegations in Paragraph 126 of the Second Amended Complaint (ECF No. 12).

**INTERROGATORY NO. 13**

Describe the factual basis for each of Your affirmative defenses, identify all documents that You contend support each such affirmative defense and identify all persons with knowledge of facts relating to the affirmative defenses.

Dated: May 2, 2019

Respectfully submitted,

By: /s/*Andrew Alexander*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:   dmcmullen@calfee.com
               gyanchar@calfee.com
               aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:kpinter@calfee.com

4818-2372-8533, v.4

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2019, a copy of the foregoing was served via email to the following:

Dale M. Cendali (dale.cendali@kirkland.com)

David T. Movius (dmovius@mcdonaldhopkins.com)

Joshua L. Simmons (joshua.simmons@kirkland.com)

Matthew J. Cavanagh (mcavanagh@mcdonaldhopkins.com)

    /s/ *Andrew Alexander*
One of the attorneys for Plaintiff