# EXHIBIT C

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN,<br><br>            Plaintiff,<br><br>    v.<br><br>2K GAMES, INC. et al.,<br><br>            Defendants. | CASE NO. 1:17-cv-02635-CAB<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>**DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE INC.'S SEVENTH AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF JAMES HAYDEN'S FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Take-Two Interactive Software, Inc. ("Take-Two"), by and through its undersigned counsel, hereby amends its responses to Plaintiff James Hayden's ("Hayden" or "Plaintiff") Interrogatories, served on May 2, 2019 (the "First Set of Interrogatories" and each individually, an "Interrogatory") in the above-captioned action ("Litigation") as follows:

Subject to, as limited by, and without waiver of the foregoing objections, Take-Two responds as follows: The NBA Players have given the NBA and the NBA Players' Association ("NBAPA") the right to license their likenesses to third-parties.  The NBA and the NBAPA have licensed Take-Two to use the NBA Players' likenesses in its *NBA 2K* games.  Mr. James and Mr. Green also directly authorized the use of their likenesses by Take-Two.

Take-Two's discovery efforts in this Litigation are ongoing, and Take-Two reserves the right to modify and/or supplement this response in light of facts learned during discovery.

**INTERROGATORY NO. 12:**

Explain the legal and factual bases for Your denial of the allegations in Paragraph 126 of the Second Amended Complaint (ECF No. 12).

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 12:**

Take-Two incorporates by reference the above-stated General Objections as if fully set forth herein.  Take-Two objects to this Interrogatory to the extent that the term "You[r]" is overly broad as indicated in General Objection No. 11.  Take-Two objects to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Take-Two will provide such information subject to a Protective Order issued by the Court governing the parties to this Litigation.  Take-Two objects to this Interrogatory to the extent that it seeks information that is or will be in the possession of Plaintiff by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Take-Two objects to this Interrogatory as exceeding the number allowed under Federal Rule of Civil Procedure 33(a)(1).

Subject to, as limited by, and without waiver of the foregoing objections, Take-Two responds as follows: The NBA Players have given the NBA and the NBAPA the right to license their likenesses to third-parties, and Take-Two has been licensed by the NBA and the NBAPA to

use the NBA Players' likenesses in its *NBA 2K* games.  Mr. James and Mr. Green also directly authorized the use of their likenesses by Take-Two.  Mr. Hayden's authorization of the NBA Players to permit the depiction of their tattoos as part of their likenesses may be granted orally, or may be implied from conduct.  Here, each Tattoo was created at the request of the NBA Player on whom it was inked, and inked on that player's body by the tattooist for the tattoo. Plaintiff never informed the NBA Players that they would ever need to return to him for his permission to show their likenesses in any media.  Indeed, once a tattoo has been inked on to the client's skin, the tattooist exercises no control over it because the tattoo itself is part of the client's body.  Thus, the client is free to authorize the use or dissemination of his or her likeness in whatever way he or she sees fit without the necessity of seeking permission from the tattooist. The NBA Players have done so here.

Take-Two's discovery efforts in this Litigation are ongoing, and Take-Two reserves the right to modify and/or supplement this response in light of facts learned during discovery.

## INTERROGATORY NO. 13:

Describe the factual basis for each of Your affirmative defenses, identify all documents that You contend support each such affirmative defense and identify all persons with knowledge of facts relating to the affirmative defenses.

## SECOND AMENDED RESPONSE TO INTERROGATORY NO. 13:

Take-Two incorporates by reference the above-stated General Objections as if fully set forth herein.  Take-Two objects to this Interrogatory to the extent that the term "You[r]" is overly broad as indicated in General Objection No. 11.  Take-Two objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks all facts and all documents regarding the affirmative defenses without limitation. Take-Two objects to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business

information.  Take-Two will provide such information subject to a Protective Order issued by the Court governing the parties to this Litigation.  Take-Two objects to this Interrogatory to the extent that it seeks information that is or will be in the possession of Plaintiff by referring to documents, taking depositions, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Take-Two objects to this Interrogatory as exceeding the number allowed under Federal Rule of Civil Procedure 33(a)(1).  Take-Two objects to this Interrogatory to the extent that it is compound and contains at least eight subparts, each of which constitutes a separate interrogatory pursuant to Federal Rule of Civil Procedure 33(a)(1).  Take-Two further objects that discovery is not complete in this case as depositions have not all been taken.  Further, no expert discovery has taken place.  Thus, this Interrogatory is premature as the factual record on Take-Two's affirmative defenses is incomplete.

Plaintiff has indicated that he believes that Take-Two should supplement its response to this interrogatory pursuant to Federal Rule of Civil Procedure 26(e) to provide information concerning *NBA 2K21*.  That is improper and objectionable for several reasons.  ***First***, Plaintiff defined the "Accused Games" to mean "NBA 2K16, NBA 2K17, NBA 2K18, and any other game identified as infringing in any other amended complaint filed in the above-referenced action."  Plaintiff, however, did not amend his complaint to include *NBA 2K21*.  Thus, *NBA 2K21* is not an Accused Game and, thus, no supplementation to address it is required.  ***Second***, in response to this interrogatory, Take-Two agreed to provide a response with regard to *NBA 2K16, NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile*.  Plaintiff did not raise a dispute with the scope of the response not including *NBA 2K21* and, thus, it also has waived its ability to seek that information now, even if it had amended its complaint.  ***Third***, the fact

28

discovery deadline in this case was January 31, 2020.  *See* Dkt. 43.  When Plaintiff previously sought belated fact discovery, the Court determined the specific parameters of that discovery and ordered that "[n]o further fact discovery will be allowed."  Dkt. 50 at 4.  Thus, having been denied further discovery during the actual fact discovery period, it is improper for Plaintiff to an attempt a workaround to seek additional discovery concerning a game that is not part of this case now.

Based on the limited record to date, and subject to, as limited by, and without waiver of the foregoing objections, Take-Two responds as follows:

Plaintiff cannot state a claim upon which relief may be granted for at least the reasons described in Take-Two's responses to this Interrogatory.  Moreover, it is Plaintiff's burden to establish copyright infringement.  Plaintiff has not established that he independently created the Tattoos or that they are creative.  Further, to the extent that Plaintiff is asserting copyrights in tattoos other than the registered tattoos identified in the Complaint (the "Tattoos"), such claims are barred.  Moreover, it is Plaintiff's burden to prove that the Tattoos are substantially similar to *NBA 2K*.  Plaintiff has not established these requirements.

Take-Two's use of the Tattoos is *de minimis*.  In the average game of *NBA 2K*, the NBA Players will not appear, and by extension, the NBA Players' Tattoos will not appear. Additionally, even when the NBA Players do appear and when the NBA Players' Tattoos appear, each quarter in *NBA 2K* lasts only a few minutes.  Further, in *NBA 2K*, the NBA Players' Tattoos appear smaller than the size that they appear in real life.  When depicted, the NBA Players' Tattoos are also depicted near other visual and auditory elements, such as the basketball, the hoop, the court, the players, coaches, and referees, cheerleaders, spectators, the stadium, and the game clock and scoring system, making them nearly impossible to pick out.  In addition, other

29

elements often obstruct the NBA Players' Tattoos, making them impossible to see.  The NBA Players' Tattoos also may appear out of focus, as the players are often moving and often very quickly.  The NBA Players' Tattoos also play no role in *NBA 2K's* plot.  Also, the NBA Players' Tattoos are a fractional piece of the *NBA 2K* program.

Take-Two's use of the Tattoos is fair use.  First, Take-Two's use is transformative as the original purpose of the tattoos was to serve as a reflection of the personal expression of the three NBA Players on which they were inked, and Take-Two's purpose is to factually and realistically depict the NBA Players as they actually look in real life.  The Tattoos appearing in Take-Two's video game appear much smaller than they do in real life as the NBA Players appear much smaller than they appear in real life.  The NBA Players' Tattoos also appear among a plethora of other visual and auditory elements, and any expressive value of the NBA Players' Tattoos has been diminished significantly by *NBA 2K's* other elements, particularly as the NBA Players' Tattoos appear on fluid, moving 3D players while the user is trying to play a fast-moving, interactive game.  Second, the NBA Players Tattoos are not creative as they copy pre-existing works and use common elements of tattoos, and any creativity is outweighed by the fact that Take-Two's depiction of the NBA Players' Tattoos realistically depicts real-world subject matter, and the NBA Players' Tattoos were published prior to their inclusion in *NBA 2K*.  Third, Take-Two's copying was reasonable in light of its purpose of depicting real life accurately.  Fourth, Take-Two has not harmed the market for the NBA Players' Tattoos.

Take-Two's use is authorized, Plaintiff consented to such use, and Plaintiff has waived and is estopped from asserting copyright infringement.  Take-Two incorporates by reference its response to Plaintiff's Interrogatory No. 12.

30

Plaintiff committed fraud on the Copyright Office by failing to disclose that one or more of the Tattoos was created based on a pre-existing work, to which Plaintiff holds no rights.

Take-Two's discovery efforts in this Litigation are ongoing, and Take-Two reserves the right to modify and/or supplement this response in light of facts learned during discovery.

Dated: May 14, 2021

/s/ Dale M. Cendali

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Christopher T. Ilardi (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com

Miranda D. Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 385-7500
miranda.means@kirkland.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 14, 2021, I caused a true and correct copy of: **DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE, INC.'S SEVENTH AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF JAMES HAYDEN'S FIRST SET OF INTERROGATORIES** to be served upon counsel of record via e-mail at their addresses as follows:

> Daniel J. McCullen
> Jennifer Buckey Wick
> Andrew W. Alexander
> Kimberly A. Pinter
> Calfee, Halter & Griswold - Cleveland
> 1405 East Sixth Street
> Cleveland, OH 44114
> dmcmullen@calfee.com
> jwick@calfee.com
> aalexander@calfee.com
> kpinter@calfee.com

Dated:  May 14, 2021                    */s/ Karina Patel*
                                               Karina Patel