# EXHIBIT E

## Alexander, Andrew

| | |
|---|---|
| **From:** | Simmons, Joshua L. <joshua.simmons@kirkland.com> |
| **Sent:** | Tuesday, November 9, 2021 10:36 PM |
| **To:** | Alexander, Andrew |
| **Cc:** | #Hayden-TakeTwo; Hayden-TakeTwo; Cipolla, John; McMullen, Dan; Likens, Dustin; Pinter, Kimberly; Cavanagh, Matthew J. |
| **Subject:** | RE: Hayden v. 2K--James, Green, and Thompson Declarations |

Dear Andy,

Your feigned surprise at the declarations that Messrs. James, Green, and Thompson submitted rings hollow.  This whole lawsuit is about tattoos that Plaintiff claims to have inked on these basketball players' bodies, and he discusses the players extensively in his December 18, 2017 complaint.  Plaintiff can hardly claim to be unaware of their existence, and their centrality to this litigation cannot be news to you.  Moreover, on May 15, 2018, Take-Two listed all three players in its initial disclosures, indicating that they were likely to have discoverable information that Take-Two may use to support its claims or defense, including concerning their knowledge of the creation and use of the tattoos, and Take-Two's right to use them.  These are precisely the topics covered by their declarations.  In addition to those disclosures, Plaintiff is well aware that Mr. James submitted a declaration in the *Solid Oak* case.  Your assertion that Take-Two was "hiding" these players lacks all credibility.

Furthermore, Plaintiff cannot credibly point to Take-Two's response to Interrogatory No. 13 in support of his purported ignorance of these witnesses.  This interrogatory asked Take-Two to "describe the factual basis for each of your affirmative defenses, identify all documents that you contend support each such affirmative defense, and identify all persons with knowledge of facts relating to the affirmative defenses."  For the implied license defense, Take-Two incorporated by reference its response to Interrogatory 12, which detailed -- specifically referring to these three NBA players -- and described, among other things, the fact that these players requested the tattoos at issue and that they were never informed by Plaintiff that they would need his permission to show their likenesses in media.  You should also note that Take-Two objected to Interrogatory Nos. 13 on a host of grounds, including because it is facially overly broad, unduly burdensome, and consists of multiple subparts.  Tellingly, you never moved to compel with regard to these interrogatories.

Finally, as Plaintiff was well aware of the identity of the three players since well before this lawsuit, he had every opportunity to take steps to seek discovery from them when discovery was open.  Indeed, back in 2018, Take-Two offered to meet and confer with Plaintiff regarding the players' contact information, but Plaintiff did not take us up on the offer or otherwise seek more information concerning the players.  Rather, Plaintiff made a strategic choice not to depose the players, hoping they would not choose to participate in this lawsuit.  Although Plaintiff may now regret his decision, at this point, he needs to live with that choice.  The Court was clear that "**no further discovery will be allowed**" in this case.  Dkt. 50 at 4.  Take-Two will not, therefore, provide you with these players' contact information to facilitate Plaintiff's post-discovery harassment of them, and it will oppose any attempt to reopen discovery after the parties have submitted their summary judgment motions and over a year after the close of fact discovery.  The declarations are entirely proper, and Take-Two will not withdraw them.

Best regards,

Josh

_____

**Joshua L. Simmons**

1

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
T +1 212 446 4989
F +1 212 446 4900

He/Him/His
joshua.simmons@kirkland.com
http://www.kirkland.com/jsimmons

**From:** Alexander, Andrew <AAlexander@Calfee.com>
**Sent:** Thursday, November 4, 2021 2:42 PM
**To:** Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Cc:** #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Likens, Dustin <DLikens@Calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>
**Subject:** Hayden v. 2K--James, Green, and Thompson Declarations

Josh,

We were surprised to see that Take-Two submitted declarations from Mr. James, Mr. Green, and Mr. Thompson in support of their summary judgment motion, despite not identifying them as witnesses in response to Mr. Hayden's Interrogatory No. 13, which asks for "all persons with knowledge of facts relating to the affirmative defenses." This interrogatory clearly sought the identity of witnesses with testimony on which Take-Two might rely. It appears that Take-Two's approach was to hide this third-party testimony until after fact discovery. Given Take-Two's heavy reliance on these declarations to support their affirmative defenses, this surprise tactic is particularly prejudicial and unfair to Mr. Hayden.

Accordingly, Mr. Hayden is requesting Mr. James's, Mr. Green's, and Mr. Thompson's contact information ***as soon as possible*** so he may contact them. Take-Two declined to provide this contact information in its initial disclosures. If Take-Two is not willing to provide this information or plans to oppose Mr. Hayden's rights to examine these witnesses, Mr. Hayden requests that Take-Two withdraw the declarations.

Regards,

Andy

**Andrew W. Alexander**
*Attorney at Law*

aalexander@calfee.com
216.622.8634     **Office**
216.241.0816     **Fax**

**Calfee, Halter & Griswold LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, OH  44114-1607



Calfee.com  |  Info@Calfee.com  |  888.CALFEE1

vCard

This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter & Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.