**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMES HAYDEN,<br><br>      Plaintiff,<br><br>v.<br><br>2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC. ,<br><br>      Defendants. | CASE NO. 1:17-cv-02635-CAB |

**DECLARATION OF JOSHUA L. SIMMONS IN SUPPORT OF
DEFENDANTS 2K GAMES, INC. AND TAKE-TWO INTERACTIVE
SOFTWARE, INC.'S OPPOSITION TO PLAINTIFF JAMES HAYDEN'S
MOTION TO EXCLUDE TAKE-TWO'S THIRD PARTY DECLARANTS
OR RE-OPEN DISCOVERY TO TAKE THEIR DEPOSITIONS**

I, Joshua L. Simmons, declare as follows:

1. I am a Partner at the law firm of Kirkland & Ellis LLP. I submit this declaration in support of Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc.'s (together, "Take-Two") memorandum of law in opposition to Plaintiff James Hayden's ("Plaintiff") motion to exclude Take-Two's third party declarants or re-open discovery to take their depositions.

2. On December 18, 2017, Plaintiff filed his complaint in this litigation. Dkt. 1. It extensively discusses professional NBA players Danny Green, LeBron James, and Tristan Thompson (collectively, the "NBA Players"), the tattoos that Plaintiff asserts he inked on them, and their depiction in Take-Two's *NBA 2K* video games.

3. On May 15, 2018, Take-Two served its initial disclosures (the "Initial Disclosures"). The Initial Disclosures identify each NBA Player as an individual with knowledge of "The creation and use of Hayden's asserted works, and Take-Two's right to use them" and state that Take-Two is "willing to meet-and-confer regarding contact information" for the NBA Players. Attached hereto as **Exhibit 1** is a true and correct copy of Take-Two's Initial Disclosures.

4. After receiving these disclosures, Plaintiff never articulated why he would need his own clients' contact information from Take-Two. Plaintiff did not inform Take-Two that he had difficultly contacting the NBA Players, nor did he ever raise this issue with the Court or move to compel Take-Two to provide this information. In fact, to my knowledge, Plaintiff never attempted to subpoena, depose, or contact the NBA Players prior to the close of discovery.

5. Take-Two served its Second Amended Objections and Responses to Plaintiff's First Set of Interrogatories on October 31, 2019. In its response to Interrogatory No. 12, which asked that Take-Two "Explain the legal and factual bases for Your denial of the allegations in Paragraph 126 of the Second Amended Complaint," Take-Two explained that the NBA Players

2

had given the NBA and NBAPA the right to license their likenesses to third-parties and that the NBA and NBAPA had, in turn, licensed those rights to Take-Two. In response to Interrogatory No. 13, which asked Take-Two to "Describe the factual basis for each of Your affirmative defenses, identify all documents that You contend support each such affirmative defense and identify all persons with knowledge of facts relating to the affirmative defenses," Take-Two incorporated its response to Interrogatory No. 12. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts of Take-Two's responses to Interrogatory Nos. 12 and 13 from Take-Two's Second Amended Responses and Objections to Plaintiff's First Set of Interrogatories, served on October 31, 2019. Plaintiff never objected to Take-Two's responses to these interrogatories, nor did he move to compel further responses to them.

6. On September 15, 2021, Take-Two informed Plaintiff that the NBA Players may be called as witnesses at trial and, thus, the parties' proposed trial schedule would need to accommodate the NBA season schedule. Attached hereto as **Exhibit 3** is a true and correct copy of an email thread dated September 15, 2021 bearing the subject line: "Hayden v. 2K Games-- Joint Proposed Schedule."

7. On October 25, 2021, Take-Two moved for summary judgment in this case, relying on declarations from each of the NBA Players.

8. It is my understanding that, after Take-Two moved for summary judgment, Plaintiff attempted to contact at least Mr. Green and Mr. James. He asked that the players sign counter-declarations in support of his opposition to Take-Two's motion. When Plaintiff filed his opposition brief, it was not supported by such declarations and, to my knowledge, none of the NBA Players agreed to sign Plaintiff's proposed counter-declarations.

9. Re-opening discovery at this late stage would require Take-Two to incur significant additional costs, including deposition preparation and re-briefing of the parties' already-filed motions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of December, 2021.

_____
Joshua L. Simmons