# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | |
| | ) | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| 2K GAMES, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS 2K GAMES, INC. AND TAKE-TWO**
**INTERACTIVE SOFTWARE, INC.'S INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants and Counterclaimants

2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") make the

following initial disclosures to Plaintiff James Hayden ("Hayden") based on information

reasonably available to Take-Two at this time.  Continuing investigation and discovery may alter

these disclosures.

By making these disclosures, Take-Two does not represent that it is identifying every

document, tangible thing, or witness possibly relevant to this lawsuit.  Nor does Take-Two waive

its right to object to production of any document or tangible thing disclosed on the basis of any

privilege, the work product doctrine, relevancy, undue burden or any other valid objection.

Rather, Take-Two's disclosures represent a good faith effort to identify information it reasonably

believes is discoverable and which may be used to support its claims or defenses as required by

Rule 26(a)(1).

Finally, Take-Two's disclosures are made without waiving or relinquishing in any way

its right to object (1) on the grounds of competency, privilege, relevancy and materiality,

hearsay, or any other proper ground, to the use of any such information, for any purpose, in

whole or in part, in any subsequent proceeding, in this action or any other action; and (2) on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All of the following disclosures are made subject to the above objections and qualifications.

**A.      Individuals Likely To Have Discoverable Information Supporting Take-Two's Claims or Defenses**

Pursuant to Rule 26(a)(1)(A)(i), Take-Two identifies the following individuals as likely having discoverable information that Take-Two may use to support its claims or defenses:

| Name | Subjects of Information |
|---|---|
| Jeff Thomas | Take-Two's creation and development of its *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* video games. |
| Jason Argent | Take-Two's advertising and marketing for its *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* video games; Take-Two's revenue and expenses from its *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* video games; Take-Two's right to use Hayden's asserted works. |
| Suite 601, LLC<br>c/o LRMR Marketing<br>3800 Embassy Parkway<br>Suite 360<br>Akron, OH 44333 | The creation and use of Hayden's asserted works, and Take-Two's right to use them. |
| NBA Properties, Inc.<br>645 Fifth Avenue<br>New York, NY 10022 | The creation and use of Hayden's asserted works, and Take-Two's right to use them. |
| LeBron James<br><br>Take-Two is willing to meet-and-confer regarding contact information. | The creation and use of Hayden's asserted works, and Take-Two's right to use them. |

- 2 -

| Name | Subjects of Information |
|---|---|
| Danny Green<br><br>Take-Two is willing to meet-and-confer regarding contact information. | The creation and use of Hayden's asserted works, and Take-Two's right to use them. |
| Tristan Thompson<br><br>Take-Two is willing to meet-and-confer regarding contact information. | The creation and use of Hayden's asserted works, and Take-Two's right to use them. |
| Jonny Hayden | The creation and use of Hayden's asserted works, and Take-Two's right to use them. |

Take-Two does not authorize (a) any other party to contact or otherwise communicate with the individuals listed above or any of Take-Two's current or former employees or representatives who may have privileged or confidential information; or (b) any communications otherwise prohibited by all applicable rules of professional conduct.  Any individual identified in this disclosure shall be contacted only through the undersigned attorneys.

**B.      Documents Supporting Take-Two's Claims or Defenses**

Pursuant to Rule 26(a)(1)(A)(ii), Take-Two identifies the following categories of documents, which it may use to support their claims or defenses, to the extent such documents exist, are within Take-Two's possession, custody or control, and are not privileged.  Copies of such documents will be produced by Take-Two's counsel at a time and place to be agreed upon among counsel.  The production of documents by Take-Two is subject to the entry of an appropriate protective order.

| Document Category |
|---|
| A copy of Take-Two's *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* video games. |
| Documents concerning Take-Two's creation and development of its *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* video games. |
| Documents concerning Take-Two's advertising and marketing of its *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* video games. |
| Documents concerning Take-Two's revenues and expenses related to its *NBA 2K16*, *NBA 2K17*, and *NBA 2K18* video games. |
| Documents concerning Take-Two's right to use Hayden's asserted works. |
| Documents pertaining to Take-Two's defenses, including its fair use, de minimis use, failure to state a claim, license, consent, waiver, estoppel, non-infringement, and lack of copyright registration. |
| Copies of correspondence between Take-Two and Hayden. |

Such documents are located at Take-Two's offices in Novato, California or in the possession, custody or control of third parties to this action. Take-Two's document identification to date is based solely upon such information and documents that Take-Two has been able to discover thus far, as well as Take-Two's present analysis of the case, and shall not in any way be deemed to be a representation that additional documents do not exist. Accordingly, Take-Two reserves the right to amend or supplement this disclosure pursuant to Rule 26(e) if additional documents are identified. Furthermore, Take-Two reserves the right to supplement or modify this disclosure based on information or documents subsequently identified as pertinent to disputed facts.

**C.    Categories of Damages Claimed by Take-Two**

Take-Two is not seeking damages at this time.  Take-Two, however, is seeking recovery of its reasonable attorneys' fees, costs, and other expenses in defending this action.

**D.    Insurance**

Take-Two is not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated:  May 15, 2018

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com

David T. Movius (OH 0070132)
Matthew J. Cavanagh (OH 0079522)
McDonald Hopkins LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
dmovius@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2018, the undersigned caused to be served a true and

correct copy of the foregoing DEFENDANTS 2K GAMES, INC. AND TAKE-TWO

INTERACTIVE SOFTWARE, INC.'S INITIAL DISCLOSURES upon counsel of record via

electronic mail per agreement of counsel, at their email addresses below:

> Daniel J. McCullen
> Georgia K.E. Yanchar
> Andrew W. Alexander
> Kimberly A. Pinter
> Calfee, Halter & Griswold - Cleveland
> 1405 East Sixth Street
> Cleveland, OH 44114
> Telephone: (216) 622-8200
> Facsimile: (216) 241-0816
> dmcmullen@calfee.com
> gyanchar@calfee.com
> aalexander@calfee.com
> kpinter@calfee.com

_____
Erika E. Dillon