## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JAMES HAYDEN,

            Plaintiff,

    vs.

2K GAMES, INC. and TAKE-TWO
INTERACTIVE SOFTWARE, INC.,

            Defendants.

CASE No. 1:17-cv-02635

Judge Christopher A. Boyko

---

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXCLUDE TAKE-TWO'S THIRD PARTY DECLARANTS, OR ALTERNATIVELY, TO RE-OPEN DISCOVERY TO TAKE THEIR DEPOSITIONS

Plaintiff James Hayden respectfully submits this Reply in support of his Motion to Exclude Take-Two's Third Party Declarants, or Alternatively, to Re-Open Discovery to Take Their Depositions (the "Motion to Exclude"). For the reasons set forth below, and in the Motion to Exclude, Plaintiff James Hayden respectfully requests that the Court strike and exclude the James, Thompson, and Green Declarations, or alternatively, that the Court:

(1) Compel Take-Two to provide contact information for Messrs. James, Thompson, and Green;

(2) Reopen discovery for the limited purpose of allowing Mr. Hayden to depose Messrs. James, Thompson, and Green or obtain counter-declarations from each of them;

(3) Permit Mr. Hayden to submit a Supplemental Response to Take-Two's Motion for Summary Judgement; and

(4) Defer considering Take-Two's Motion for Summary Judgment until it has received Mr. Hayden's Supplemental Response.

## I.  SUMMARY OF PLAINTIFF'S REPLY

On October 25, 2021, Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. ("Defendants" or, collectively, "Take-Two") filed their Motion for Summary Judgment, which relies heavily on never-before-seen declarations submitted by LeBron James, Tristan Thompson, and Danny Green, who Take-Two did *not* properly identify when asked to identify "all persons with knowledge of facts relating to [its] affirmative defenses" and for whom Take-Two *still* has not provided addresses and telephone numbers, as required under Rule 26.  In its Opposition to Mr. Hayden's Motion to Exclude (its "Opposition"), Take-Two argues that Mr. Hayden's Motion to Exclude should be denied for three reasons:

> (1) Messrs. James, Thompson, and Green were properly identified in Take-Two's Initial Disclosures and Interrogatory Responses (despite Take-Two never providing their contact information) and Mr. Hayden cannot have been surprised by declarations from witnesses he identified in his own complaint;
>
> (2) Nondisclosure is harmless where the other party "knew about" the witnesses; and
>
> (3) Reopening fact discovery would be prejudicial to Take-Two.

*See* Take-Two's Opposition (Dkt. No. 123) at 3.

**First,** as explained in his Motion to Exclude, Mr. Hayden was, in fact, *surprised* that Take-Two's Motion for Summary Judgment relied heavily on never-before-seen declarations submitted by LeBron James, Tristan Thompson, and Danny Green.  This appears by design, however, as Take-Two refrained from properly identifying them in either its Initial Disclosures or its Response to Interrogatory 13.  Take Two never said during discovery that these players would testify on its behalf or submit declarations.  Instead, Take-Two played games — refusing to provide contact information for the players and not once mentioning the players' names in response to Interrogatory No. 13.  Such gamesmanship should not be rewarded.  This is

especially true when a dispositive motion is at issue and the Court must decide if there are disputed issues of fact is in play.  The Court should have *all* relevant facts at its disposal in deciding whether to deny Take-Two's Motion for Summary Judgment, but Take Two's conduct has sought to keep such facts from the Court.

In addition, Mr. Hayden had reason to believe that LeBron James *would not* submit a declaration that contradicted the behavior of his own management team regarding Mr. Hayden's copyrights. For example, before and throughout the duration of this case, LeBron James' management team has repeatedly requested Mr. Hayden's permission to use the copyrights at issue in this case. *See* Dkt. No. 111-49 at ¶¶ 20, 23–24; Dkt. No. 111-57.  This further misled Mr. Hayden to believe that no such contradictory declarations would be submitted on behalf of Take-Two. Finally, as explained in Plaintiff's Motion to Exclude, "Rule 26 does not impose a duty on a party to anticipate the evidence and witnesses that an opposing party may deem relevant," *Consumer fin. Prot. Bureau v. Border & Border,* PLC, 2016 WL 9460472, at *3 (W.D. Ky. June 29, 2016), and "the presence of a person's name in documents" or the opposing party's "personal knowledge" of a person's "involvement" does not relieve a party of its duty to comply with Rule 26. *Green v. Bakemark USA, LLC*, 2016 WL 234616, at *2 (S.D. Ohio Jan. 20, 2016).

**Second,** Take-Two unequivocally *did not* "properly and formally" identify Messrs. James, Thompson, and Green in its Initial Disclosures or in its Response to Mr. Hayden's Interrogatory 13. *See McFerring v. Allstate Property and Casualty Co.*, 29 F. Supp. 3d 924, 932–33 (E.D. Ky. 2014). "Federal Rule of Civil Procedure 37(c)(1) ***requires absolute compliance*** with Rule 26(a)," *Roberts ex rel. Johnson v. Galen of Virginia, Inc*., 325 F.3d 776, 782 (6th Cir. 2003) (emphasis added), which *explicitly* requires that each party provide "the name and, if known, ***the address and telephone number*** of each individual likely to have discoverable

2

information." Fed. R. Civ. P. 26(a)(1)(A) (emphasis added). Take Two failed entirely to provide this information as required—information that is necessary in order to subpoena witnesses. *See* Fed. R. Civ. P. 45. Take-Two surely understands this. Yet when confronted with that failure, Take-Two brazenly refused to provide same, and now confusingly argues in its Opposition that Mr. Hayden should have subpoenaed these witnesses.  But how could he without their addresses? Take-Two instead urges that Mr. Hayden should have chased the witnesses around the country according to the NBA schedule. ("their precise locations are televised near-nightly"). *See* Dkt. No. 123 at 2. This is absurd. Rule 26 is not ambiguous—it requires Take-Two to supply the players' addresses. The fact that Mr. Hayden "knew about" Messrs. James, Thompson, and Green does not relieve Take-Two of its duty to provide their contact information as explicitly required under Rule 26.

*Third,* permitting Take-Two to rely, as it does, on the Declarations of Messrs. James, Thompson, and Green in its Motion for Summary Judgment without *at least* allowing Mr. Hayden a reasonable opportunity to depose them would unquestionably be *more* prejudicial than re-opening fact discovery for the limited purpose of allowing their depositions. Take-Two's argument that it would need to "re-brief" summary judgement fails because Take-Two *already* briefed summary judgment on the premise that the James, Thompson, and Green Declarations would be admitted. The only reason Take-Two would need to "re-brief" summary judgment (about which it seems particularly worried) is if Mr. Hayden elicits testimony from Messrs. James, Thompson, or Green that contradicts or substantively clarifies their Declarations. In contrast, permitting Take-Two to rely so heavily on these Declarations (the contents of which Take Two calls "material," "important" and "highly relevant") in its Motion for Summary

Judgment without allowing Mr. Hayden the reasonable opportunity to depose the declarants would be *extremely* prejudicial to him.

## II.    FACTUAL BACKGROUND

On December 18, 2017, independent tattoo artist James Hayden filed this copyright infringement lawsuit against Take-Two Interactive, a global, multi-billion-dollar entertainment company. On May 15, 2018, Take-Two named LeBron James, Danny Green, and Tristan Thompson as individuals likely to have discoverable information relevant to Mr. Hayden's lawsuit, but, despite Rule 26's *explicit* requirement that each party "provide … the address and telephone number of each individual likely to have discoverable information," Fed. R. Civ. P. 26(a)(1)(A), Take-Two *did not* provide their contact information. *See* Dkt. No. 121-2 at 3–4.

On May 2, 2019, Plaintiff served his First Set of Interrogatories on Take-Two, which instructed that:

> Whenever the identity of a person is requested, state, to the extent known, his or her:
>   a.   Full name;
>   b.   Present or last known home address;
>   c.   Present or last known business address;
>   d.   Present or last known phone number;
>   e.   Present or last known job title or occupation;
>   f.   Present or last known employer;
>   g.   Occupation, employer's name and address, and job title at the time of the event to which the Interrogatory relates; and
>   h.   If employed by Defendant, the period of time so employed, and the area of responsibility during such times.

Dkt. No. 121-3 at 8–9. In response to Interrogatory 13, which *specifically* asked Take-Two to "identify all persons with knowledge of facts relating to [its] affirmative defenses," *Id.* at 12, Take-Two *unequivocally* did not identify Messrs. James, Thompson, and Green as requested by the Interrogatory. *See* Dkt. No. 121-4 at 3–8. Indeed, Take-Two failed to properly identify any persons in response to Interrogatory No. 13.

On October 25, 2021, Take-Two filed its Motion for Summary Judgment, which relies heavily on never-before-seen declarations submitted by LeBron James, Tristan Thompson, and Danny Green. *See* Take-Two's Motion for Summary Judgment (Dkt. No. 101-1); Declaration of LeBron James (Dkt. No. 101-2); Declaration of Danny Green (Dkt. No. 101-3); Declaration of Tristan Thompson (Dkt. No. 101-4). On November 4, 2021, counsel for Mr. Hayden requested the contact information for Messrs. James, Thompson, and Green "as soon as possible" so that Mr. Hayden could contact them. Dkt. No. 121-5. In response, on November 9, 2021, counsel for Take-Two defiantly declared: **"Take-Two will not … provide you with these players' contact information."** Dkt. No. 121-6 (emphasis added).

On November 23, 2021, Plaintiff James Hayden filed his Motion to Exclude, and, on December 7, 2021, Take-Two filed its Opposition.

## III.    ARGUMENT

### A.  Mr. Hayden Was Justifiably Surprised by Take-Two's Reliance On Its Third Party Declarants

In its Opposition, Take-Two argues that Mr. Hayden "knew about" LeBron James, Tristan Thompson, and Danny Green because he "named them in his own complaint, and they were his own clients," Dkt. No. 123 at 7, and that Mr. Hayden "undoubtedly knew that Take-Two might rely on [LeBron James, Tristan Thompson, and Danny Green] because Take-Two explicitly disclosed the identities and relevant knowledge of [these witnesses] in its initial disclosures at the start of fact discovery." *Id.* This does not excuse Take-Two's refusal to affirmatively identify these witnesses in discovery.

*First*, the fact that Mr. Hayden "knew about" Messrs. James, Thompson, and Green does not somehow negate the Federal Rules of Civil Procedure.  As explained in Plaintiff's Motion to Exclude, Mr. Hayden's "personal knowledge" of Messrs. James, Thompson, and Green's

"involvement" in this case does not relieve Take-Two of its duty to comply with Rule 26. *See Green v. Bakemark USA, LLC,* 2016 WL 234616, at *2 (S.D. Ohio Jan. 20, 2016) (plaintiff's "personal knowledge" of a potential witness' "involvement" did not relieve the defendant of its duty to comply with Rule 26). In fact, Rule 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as require by Rule 26(a) or (e), the party is ***not allowed to use that information or witness***," Fed. R. Civ. P. 37(c)(1) (emphasis added), "***requires absolute compliance*** with Rule 26(a)." *Roberts ex rel. Johnonson v. Galen of Va.*, 325 F.3d 776, 782 (6th Cir. 2003) (emphasis added) (citing *Vance v. United States*, 1999 WL 455435, at *3 (6th Cir. June 25, 1999). Tellingly, Take-Two criticizes Mr. Hayden's reliance on *Green v. Bakemark* and *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*,[1] yet fails to cite to a single Sixth Circuit case where the court found that a party *was* expressly relieved of its duty to comply with Rule 26 (*i.e.*, its duty to provide the name *and* the address and phone number for each individual likely to have discoverable information) simply because the opposing party "knew about" those individuals.

***Second***, Take-Two's gamesmanship led Mr. Hayden, justifiably, to believe that Take-Two would not rely on testimony from LeBron James, Tristan Thompson, and Danny Green. Indeed, Take-Two's "strategic decisions" not to provide these persons' contact information in its Initial Disclosures and not to identify them in Take Two's Response to Interrogatory 13 indicated to Mr. Hayden that these witnesses *would not* be testifying on behalf of Take Two. Furthermore, aside from the fact that "Rule 26 ***does not*** impose a duty on a party to anticipate the evidence and witnesses that an opposing party may deem relevant," *Consumer Fin. Prot. Bureau v. Borders & Border, PLC*, 2016 WL 9460472, at *3 (W.D. Ky, June 29, 2016) (emphasis

---

[1] 2016 WL 9460472 (W.D. Ky. June 29, 2016).

added), it was *entirely* reasonable for Mr. Hayden to believe that Take-Two would not rely on LeBron James or these other witnesses because Mr. James' own management team has asked Mr. Hayden multiple times before and during this case to release his rights in the tattoos he created and inked on Mr. James so they could be used in advertisements and movies.  *See* Dkt. No. 111-49 at ¶¶ 20, 23–24. For example, on September 19, 2017, Mr. James' management team emailed Mr. Hayden an artwork release form that requested "the right and license to use depict tattoo design on Lebron's arms/hands … in association with a Sprite commercials [sic]." Dkt. No.111-57 at 2 (emphasis in original). Mr. James' management team informed Mr. Hayden that it was "the release form we need signed for Bron's tattoos for the Sprite commercial." Dkt. No. 111-57 at 8.[2] As recently as three months ago, an advertising agency working with mr. James and his team approached Mr. Hayden to secure permission (ultimately in the form of a license) to show tattoos Mr. Hayden had created in television advertising. *See* Dkt No. 111-49 at ¶ 25. These actions by Mr. James and his team flatly contradict his declarations in this case and raise genuine issues of material fact regarding the credibility of the declarations and Take-Two's implied-license theory. *See* Dkt. No. 101-2 at ¶ 10 ("I always thought that I had the right to license what I look like to other people for various merchandise, television appearances, and other types of creative works, like video games."), ¶ 13 ("I granted the NBA and the NBA Players Association permission to license my likeness to third parties. I have always believed that I have the ability to grant this permission."), ¶ 14 ("I have also directly granted Take-Two permission to use my likeness in its video game series *NBA 2K*. Again, I have always believed that I have the ability to grant this permission.")  In view of Mr. James' actions (including some within mere weeks of Mr. James' execution of his Declaration) contradicting his words, Mr.

---

[2] Mr. Hayden ultimately gave permission to Wieden + Kennedy, Inc. to use the tattoos he created and inked on LeBron James in a Sprite commercial in exchange for $1,500. Dkt. No. 111-49 at ¶ 23.

Hayden was surprised, indeed, when he and the other players submitted their Declarations on behalf of Take-Two.

### B. Take-Two *Never* Properly Identified LeBron James, Tristan Thompson, and Danny Green

As explained in Plaintiff's Motion to Exclude, in its Initial Disclosures, Take-Two named LeBron James, Tristan Thompson, and Danny Green as individuals likely to have discoverable information but *did not* provide their addresses and telephone numbers as *explicitly* required by Rule 26. Instead, it haughtily offered to "meet and confer." Then, in response to an interrogatory asking it to "[d]escribe the factual basis for each of your affirmative defenses, identify all documents that You contend support each such affirmative defense and *identify all persons with knowledge of facts relating to [its] affirmative defense*," (emphasis added), Take-Two failed to identify *any* of Messrs. James, Thompson, and Green as instructed.

In its Opposition, Take-Two argues that it *did* properly identify LeBron James, Tristan Thompson, and Danny Green in its Initial Disclosures *even though* it did not provide their addresses and telephone numbers, because Mr. Hayden "did not need contact information for [Messrs. James, Thompson, and Green] from Take-Two." *See* Dkt. No. 123 at 10. *First*, as explained above, the fact that Mr. Hayden "knew about" Messrs. James, Thompson, and Green does not relieve Take-Two of its duty to comply with Rule 26. Rule 37(c)(1), which *requires absolute compliance with Rule 26(a)*, under which it is simply *not* a matter for Take-Two's *discretion* to decide to withhold information it is *explicitly required* to provide. *Second*, Mr. Hayden absolutely *does* need the addresses and telephone numbers for Messrs. James, Thompson, and Green, in order to subpoena them, *see* Fed. R. Civ. P. 45 ("serving a subpoena requires delivering a copy to the named person"), and Take-Two knows it.

Take-Two tries to make much of the fact that, on short notice, Mr. Hayden unsuccessfully sought counter-declarations from "at least Mr. James and Mr. Green." Dkt. No. 123 at 10. However, this does not mean that Mr. Hayden did not need contact information for Messrs. James, Thompson, and Green. Take-Two omits several key details that undermine its argument. First, Take-Two conveniently leaves out the fact that Mr. Hayden *unsuccessfully* attempted to contact Mr. James only *through one of Mr. James' associates* (not even Mr. James himself). Second, Take-Two also leaves out the fact that Mr. Green originally indicated that he *would* sign a counter-declaration in support of Mr. Hayden's case![3] The fact that Mr. Hayden contacted Mr. Green shows, at most, that Mr. Hayden has a phone number for *one* of the three NBA players in question, and the fact that Mr. Hayden *unsuccessfully* attempted to contact Mr. James, if anything, contradicts Take-Two's argument that Mr. Hayden "very well could have contacted [Messrs. James, Thompson, and Green]." *See* Dkt. No. 123 at 2.

Take-Two also makes the absolutely absurd argument that Mr. Hayden did not need contact information for Messrs. James, Thompson, and Green because it is actually *easy* to serve process on famous NBA athletes because they are "unusually accessible." Dkt. No. 123 at 2; 10. To summarize, Take-Two argues that a "common sense" application of Rule 26 permits a multi-billion-dollar global entertainment company to withhold the contact information for the individuals it named as likely to have discoverable information (in *direct* contravention of Rule 26(a)(1)(A)), *see id.* at 3, but requires an independent tattoo artist to fly around the country, wait outside NBA basketball arenas, and *hope* that he might have the *chance* to serve process on some of the most famous (and insulated) athletes in the world. *See Id.* at 2; 10.

---

[3] Perhaps *not* coincidentally, Mr. Green ultimately decided *not* to submit a counter-declaration after allegedly being advised to distance himself from the dispute.

9

Take-Two also indisputably *did not* identify Messrs. James, Thompson, and Green as requested in its Response to Interrogatory 13 and its argument that it was not obligated to properly identify Messrs. James, Thompson, and Green because it had *already* identified them, *see* Dkt. No. 123 at 8, is simply *wrong* because, as explained, it did not properly identify them in its Initial Disclosures, either.

### C.  Take-Two's Nondisclosure Is Not Harmless

As explained in Mr. Hayden's Motion to Exclude, Take-Two has the burden to prove the harmlessness of its nondisclosure, *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citing *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)), and its decision to withhold the addresses and phone numbers for Messrs. James, Thompson, and Green weighs heavily against a finding of harmlessness. *See Roberts ex rel.*, 325 F.3d at 783 (citing *Vaughn v. City of Lebanon*, 18 Fed. Appx. 252, 264 (6th Cir. 2001)).

In response to Mr. Hayden's Motion to Exclude, Take-Two argues, unsurprisingly, that its nondisclosure of Messrs. James, Thompson, and Green is entirely "harmless," despite asserting that their testimony is "of material importance to this case." Dkt. No. 123 at 13. ***First***, Take-Two plucks a single line from a factually dissimilar case[4] to argue that noncompliance with Rule 26 is *automatically* harmless where the other party "knows the names of its witnesses and the scope of their relevant knowledge well before trial." Dkt. No. 123 at 11. Not only would this be completely contrary to Rule 37(c)(1), which, again, requires ***absolute compliance*** with Rule 26(a), but, if this were the law, Rule 26(a)(1)(A)'s explicit requirement that a party "provide … the name ***and***, if known, the address and telephone number of each individual likely to have

---

[4] In *Production Design Services, Inc. v. Sutherland-Schultz, Ltd.*, the court neither discussed nor considered Rule 26's requirement that a party "provide … the address and telephone number of each individual likely to have discoverable information."

discoverable information" would be completely superfluous! Take-Two's excessively broad reading of *Production Design Services, Inc. v. Sutherland-Schultz, Ltd.* is untenable.

**Second**, Take-Two argues that a finding of harmlessness is supported by each of the five harmlessness factors. Dkt. No. 123 at 11. On the ***first factor***—*i.e.*, "the surprise to the party against whom the evidence would be offered"—as explained, Mr. Hayden was genuinely and justifiably surprised when he discovered that Take-Two's Motion for Summary Judgment relied substantively on never-before-seen declarations submitted by Messrs. James, Thompson, and Green. *See* Dkt. No 121 at 8–9. Further, as explained, the fact that Mr. Hayden "knew about" Messrs. James, Thompson, and Green does *not* relieve of Take-Two of its duty to comply with Rule 26, *Green v. Bakemark USA, LLC,* 2016 WL 234616 at *2, which does *not* impose a duty on Mr. Hayden to anticipate the witnesses Take-Two may deem relevant to its affirmative defenses. *Consumer Fin. Prot. Bureau v. Borders & Borders,* PLC, 2016 WL 9460472, at *3. On the ***second factor***—*i.e.*, "the ability of that party to cure the surprise"—Take-Two simply (and wrongly) declares that "there is no surprise to cure." Dkt. No. 123 at 12. This is plainly not the case, and, as explained in Plaintiff's Motion to Exclude, Mr. Hayden's ability to cure his surprise relies on the Court *at least* compelling Take-Two to provide the contact information for Messrs. James, Thompson, and Green and permitting him to depose them. *See* Dkt. No. 121 at 9. Mr. Hayden *does not* have the information he needs to subpoena Messrs. James, Thompson, and Green, and Take-Two's argument that Mr. Hayden can "easily" serve process on Messrs. James, Thompson, and Green at one or more NBA games, *see* Dkt. No. 123 at 10, is out of touch with reality.

On the ***third factor***—*i.e.*, "the extent to which allowing the evidence would disrupt the trial"—Take-Two argues that allowing its Declarations would not disrupt trial. As explained in

Mr. Hayden's Motion to Exclude, despite Take-Two's apparent disagreement, a more appropriate inquiry at this stage in this case is whether allowing Take-Two's Declarations would disrupt proper adjudication of Take-Two's Motion for Summary Judgment. Dkt. No. 121 at 9–10. Unquestionably, if the Take-Two's Declaration are allowed, Mr. Hayden will have been denied a reasonable opportunity to test these witnesses under cross-examination, at least unless the Court defers its consideration of Take-Two's Motion for Summary Judgment until after Mr. Hayden has been able to depose them. Moreover, allowing these depositions to proceed with limited briefing on the same will not delay nor disrupt the trial (which is still months away) any more than allowing the Declarations would in the first place, but *denying* such relief would cause severe prejudice to Mr. Hayden. On the ***fourth factor***—*i.e.*, "the importance of the evidence"— as explained in Mr. Hayden's Motion to Exclude, the importance of Take-Two's Declarations "cuts both ways." "The more important the proof, the greater the effect of preclusion, ***but also*** the greater the harm in [improper] disclosure." *EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, 2017 WL 2295906, at *5 (E.D. Ky. May 25, 2017) (emphasis added), objections overruled *sub nom. EQT Prod. Co. v. Magnum Hunter Prod. Co.*, 2017 WL 4974782 (E.D. Ky. July 19, 2017). *But see In re Cox Motor Express of Greensboro, Inc.,* 2016 WL 6661318, at *5 (M.D.N.C. Nov. 4, 2016) ("[T]he [vital] importance of the evidence weighs in favor of finding that Defendant's failure to disclose was not substantially justified or harmless."); *Etheridge v. E.I. DuPont De Nemours & Co., Inc.,* 2015 WL 12516227, at *3 (W.D. Tenn. Oct. 14, 2015) ("[B]ecause this evidence is so important to Plaintiff, her explanation for her failure to abide by ... the Federal Rules of Civil Procedure becomes even less satisfactory.") Moreover, regardless of how "material," "important," or "highly relevant" Take-Two consider the contents of its Declarations, importance "cannot, by itself, save improperly disclosed evidence from being found unjustified

or non-harmless." *EQT Prod. Co. v. Magnum Hunter Prod., Inc.,* 2017 WL 2295906, at \*5 (E.D. Ky 25, 2017) (citing *Samsung Elecs. Co., Ltd. V. Nvidia Corp.*, 314 F.R.D. 190, 197 n.6 (E.D. Va. 2016)), objections overruled *sub nom. EQT Prod. Co. v. Magnum Hunter Prod. Co.*, 2017 WL 4974782 (E.D. Ky. July 19, 2017).

And on the ***fifth factor***—*i.e.*, "the non-disclosing party's explanation for its failure to disclose the evidence"—Take-Two merely argues, again, that it did not provide contact information for Messrs. James, Thompson, Green because Mr. Hayden "knew about" them. As explained in Mr. Hayden's Motion to Exclude and *supra*, Mr. Hayden's personal knowledge of the involvement of Messrs. James, Thompson, and Green in this case ***does not*** relieve Take-Two of its duty to comply with Rule 26.

### D. Re-Opening Fact Discovery Would Not Prejudice Take-Two

In his Motion to Exclude, Mr. Hayden requested, alternatively, that the Court re-open discovery for the limited purpose of allowing him to depose Messrs. James, Thompson, and Green. In response, Take-Two argues that Mr. Hayden's alternative remedy is improper and prejudicial to Take-Two. Dkt. No. 123 at 15. Specifically, Take-Two argues that re-opening discovery would be prejudicial to Take-Two because it would "require Take-Two to incur significant additional costs and delay, including deposition preparation and re-briefing of dispositive motions." *Id.*

***First***, it would be entirely proper for the Court to consider "alternative sanctions" under 37(c)(1)(C) because, as explained above and in Mr. Hayden's Motion to Exclude, Take-Two did not properly disclose Messrs. James, Thompson, and Green during the discovery period. *At the absolute least*, Mr. Hayden was unable to subpoena Messrs. James, Thompson, and Green because Take-Two refused to provide their addresses. And Rule 37(c)(1), which "requires ***absolute compliance*** with Rule 26(a)," *Roberts ex rel. Johnson v. Galen of Virginia, Inc*., 325

13

F.3d 776, 782 (6th Cir. 2003) (emphasis added), explicitly authorizes courts to impose "other appropriate sanctions," in addition to or instead of exclusion. Fed. R. Civ. P. 37(c)(1) ("In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard … may impose other appropriate sanctions.")

*Second*, Take-Two seems particularly concerned about re-briefing its Motion for Summary Judgment, but it *already* briefed its Motion for Summary Judgment Motion on the premise that the James, Thompson, and Green Declarations would be admitted. Take-Two's argument fails because it would *only* need to re-brief its Motion for Summary Judgement if Mr. Hayden elicits testimony from Messrs. James, Thompson, or Green that contradicts their Declarations. In contrast, permitting Take-Two to rely heavily on these Declarations in its Motion for Summary Judgment despite *never* providing Mr. Hayden with the Declarants' contact information and without *at least* providing Mr. Hayden the reasonable opportunity to depose them is clearly *far* more prejudicial. Moreover, allowing these depositions will not delay or disrupt trial and Take-Two fails to offer any explanation as to why permitting Mr. Hayden to depose Messrs. James, Thompson, and Green would require it to incur any *truly* additional cost beyond that which it would have incurred had Take-Two *properly* identified them so that Mr. Hayden could have deposed them heretofore.

## IV.  CONCLUSION

For the foregoing reasons, and the reasons set forth in his Motion to Exclude, Plaintiff James Hayden respectfully requests that, pursuant to Rules 26 and/or 37(c)(1), the Court strike the James, Thompson, and Green Declarations in their entirety and preclude Take-Two from relying upon them for any purpose going forward.

Alternatively, pursuant to Rule 26 and/or Rule 37(c)(1)(C), Plaintiff James Hayden respectfully requests that the Court:

(1) Compel Take-Two to provide contact information for Messrs. James, Thompson, and Green;

(2) Reopen discovery for the limited purpose of allowing Mr. Hayden to depose Messrs. James, Thompson, and Green or to obtain declarations from Messrs. James Thompson, and Green;

(3) Permit Mr. Hayden to submit a Supplemental Response to Take-Two's Motion for Summary Judgment; and

(4) Defer considering Take-Two's Motion until it has received Mr. Hayden's Supplemental Response.

Dated: December 14, 2021                              Respectfully submitted,

By: */s/ Andrew Alexander*

John Cipolla (Ohio Bar No. 0043614)

Daniel McMullen (Ohio Bar No. 0034380)

Andrew Alexander (Ohio Bar No. 0091167)

Dustin Likens (Ohio Bar No. 0097891)

CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
aalexander@calfee.com
dlikens@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

15

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2021, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's Electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

*/s/ Andrew Alexander*
One of the attorneys for Plaintiff