IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, | ) ) ) |
| Plaintiff, | ) ) CASE NO. 1:17-cv-02635-CAB |
| v. | ) ) JUDGE CHRISTOPHER A. BOYKO ) |
| 2K GAMES, INC., et al., | ) ) |
| Defendants. | ) ) ) |

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT</u>**

I.  INTRODUCTION

Plaintiff James Hayden ("Hayden") filed this suit against Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") in response to Take-Two's unauthorized copying of Mr. Hayden's copyrighted tattoo works in Take-Two's NBA 2K video games. Despite this ongoing lawsuit, Take-Two has continued to develop, release, and sell new video games each year that include verbatim copies of Mr. Hayden's copyrighted tattoo works. Accordingly, Mr. Hayden has continued to add these new, infringing games to this lawsuit. For example, in Mr. Hayden's Fourth Amended Complaint, he added NBA 2K20 and 2K Mobile as Accused Games. Since then, Take-Two has released *two more* games (NBA 2K21 and NBA 2K22) that also infringe Mr. Hayden's works. Mr. Hayden promptly notified Take-Two that he considered these Accused Games in this case after their respective releases via supplemental interrogatory responses and email correspondence. Since then, the Parties have written back and forth about these games being included in this case. Indeed, in September 2021, Take-Two agreed to "stipulate" to their inclusion. (Ex. A, 9-21-21 Ilardi Email.) Subsequently (and inexpicably), however, Take-Two would not agree to consent to Mr. Hayden amending his Complaint to add them. (*Id.* at 10-5-21 Ilardi Email.)

Although Take-Two has indicated that it plans to oppose this Motion, Take-Two has not identified any facts that show such an amendment would prejudice Take-Two. Importantly, Take-Two has not contended that adding NBA 2K21 and 2K22 would change any of its positions on the merits of this case or would require any supplemental briefing for summary judgment. Rather, Take-Two's only reason for opposing is that it believes the amendment would "potentially expand the scope of discovery." (*Id.* at 3-16-22 Email from Ilardi.) But Mr. Hayden has repeatedly acknowledged that fact discovery has closed and assured Take-Two that he would

not seek leave to reopen same. The potential reopening of discovery is not an issue and Take-Two has no legitimate basis for opposing Mr. Hayden's Motion. For this reason and those set forth below, Mr. Hayden respectfully requests that the Court grant his Motion.

## II. BACKGROUND

Even in the face of Mr. Hayden's infringement claims (now going back years), Take-Two continues to release new infringing games each year. The latest two games, NBA 2K21 and NBA 2K22, include verbatim copies of Mr. Hayden's asserted copyrights in the same manner the previously accused games do—on the in-game avatars of LeBron James, Tristan Thompson, and Danny Green. After Take-Two released NBA 2K21 on September 4, 2020, Mr. Hayden supplemented his response to Interrogatory No. 15 to identify it as an Accused Game:

> **INTERROGATORY NO. 15[1]**
>
> IDENTIFY, by at least title, version, date of release, and format, each of the ACCUSED PRODUCTS, and IDENTIFY each of the ASSERTED WORKS that was allegedly infringed by each ACCUSED PRODUCT.
>
> **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15 (10-7-2020):**
>
> - **NBA 2K21** (released on or around September 4, 2020). On information and belief, NBA 2K21 infringes each of Hayden's Registered Works. On information and belief, all versions of NBA 2K21 that were sold to the public on all gaming platforms infringe Hayden's Registered Works.

(Excerpt from Plaintiff's Second Supplemental Objections and Answers to Defendants' First Set of Interrogatories.) Then on September 10, 2021, the day Take-Two released NBA 2K22, Mr. Hayden wrote to Take-Two identifying NBA 2K22 as an accused game, again supplementing his interrogatory response. Mr. Hayden also asked at that time that Take-Two stipulate to including these games in this case. (Ex. A, 9-10-21 Alexander Email.) In response, Take-Two stated that it

did not believe these games were adequately alleged in the case, but offered to stipulate to allowing the games in the case if Mr. Hayden would "stipulate that no additional discovery will be permitted on *NBA 2K21* and *NBA 2K22*, with the sole exception that Take-Two will agree to supplement their financial document production to include relevant financial information for these two games." (*Id.* at 9-21-21 Ilardi Email.)

Given Take-Two's position that, absent an accusation in the Complaint, Mr. Hayden had not made a "properly pled infringement allegation," and Take-Two's apparent consent to add these games to the case, on September 29, 2021, Mr. Hayden asked if Take-Two would consent to amending his Complaint adding the games. Mr. Hayden also confirmed that he "agrees to not seek leave to reopen fact discovery to serve additional discovery requests related to NBA 2K21 or NBA 2K22," but clarified that Defendants are still obligated to supplement their discovery responses under Rule 26(e). (*Id.* at 9-29-21 Alexander Email.) Take-Two rejected Mr. Hayden's request, claiming that it "is a transparent attempt to reopen fact discovery long after the deadline to amend" and stating that "Take-Two's offer to stipulate still stands, but it will oppose any motion by Plaintiff to amend the complaint to add *NBA 2K21* and *NBA 2K22* and reopen discovery." (*Id.* at 10-5-21 Ilardi Email.)

On October 8, Mr. Hayden responded, again confirming that Mr. Hayden "is not seeking to reopen fact discovery or change the schedule based on adding these two games to the case." (*Id.* at 10-8-21 Alexander Email.) Mr. Hayden also reiterated that he is not agreeing to excuse Take-Two from complying with its obligation under Rule 26 to supplement discovery, and that Take-Two has likely created additional responsive documents in making additional infringing games that it should produce whether or not 2K21 and 2K22 are added to the case. (*Id.*)

3

To this day, Take-Two maintains its position that it will not consent to Mr. Hayden's Amended Complaint (Ex. D) on the basis that Mr. Hayden is purportedly trying to reopen discovery. (*Id.* at 10-15-21 and 3-16-22 Ilardi Emails.) Mr. Hayden, however, has been clear that he does not plan on serving any new discovery requests or seeking leave to reopen fact discovery. Indeed, Mr. Hayden is not seeking any additional discovery. But he cannot agree to exempt Take-Two from its obligations under Rule 26 to supplement its discovery when necessary, which is what Take-Two appears to want in exchange for consent to amend the Complaint.

### III. LEGAL STANDARD

Rule 15 is not a high bar to cross: "[t]he court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). As this Circuit makes clear, that rule "embodies a liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (*quoting Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)); *see also Lincoln Elec. Co. v. Seabery Soluciones*, No. 1:15-cv-01575, 2016 WL 6915872, at *3 (N.D. Ohio Sep. 19, 2016) (holding, "Motions for leave to amend pleadings are construed liberally."). Thus, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). While leave is to be "freely given," denial is warranted when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* None of these exceptions apply; thus, this Court should grant Mr. Hayden's Motion.

4

## IV. ARGUMENT

### A. Hayden's Motion for leave is in good faith and not intended to (and will not) delay the case.

The first exception to the general rule of liberally allowing motions for leave to amend a complaint as established in *Foman*, applies when the proposed amendment was undertaken in bath faith, unduly delayed, or had a dilatory motive. *See Foman*, 371 U.S. at 182; *see also PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004). Mr. Hayden's Motion is neither dilatory, unduly delayed, nor made in bad faith. NBA 2K21 and NBA 2K22 were released on or about September 4, 2020, and September 10, 2021, respectively. On October 7, 2020, a month after Take-Two released NBA 2K21, Mr. Hayden made Take-Two aware that he considered the game to be an infringing product in a supplemental response to Take-Two's Interrogatory No. 15, which asked which games Mr. Hayden accused of infringement. (*See supra*, at p. 2.)

Then, again, on April 30, 2021, counsel for Plaintiff reiterated in a communication with counsel for Defendants that Mr. Hayden accused NBA 2K21 of infringement and requested that Take-Two update its interrogatory responses and financial productions. (Ex. B, 4-30-21 Alexander Email.) Although Take-Two took issue with Mr. Hayden's concurrent request to extend the expert discovery schedule to review the updated financials, Take-Two did not object to NBA 2K21 being properly at issue in the case. Then on May 17, 2021, Take-Two produced updated financials through March 2021, including for NBA 2K21. It was not until this same day, May 17, 2021, in a supplemental interrogatory response, that Take-Two objected to NBA 2K21 being properly at issue in the case, claiming that Mr. Hayden's request for supplementation under Rule 26 regarding NBA 2K21 was "improper and objectionable" because "Plaintiff did not . . . amend his complaint to include *NBA 2K21*." (Ex. C, Excerpt from Take-Two's First Amended Response to Interrogatory No. 16.)

5

Similarly, on the release day for NBA 2K22, Mr. Hayden notified Take-Two that it also accused NBA 2K22 of infringement. (Ex. A, 9-10-21 Alexander Email.) Over the next month, the Parties discussed adding NBA 2K21 and 2K22 to the case, but Take-Two refused to consent to Mr. Hayden's Amended Complaint or to otherwise stipulate to adding the games to the case unless Mr. Hayden purported to exempt Take-Two from its Rule 26 supplementation obligations. (*See id.*)

Mr. Hayden is not trying to sandbag Defendants and —there is no dilatory motive behind his allegations. Mr. Hayden promptly gave Take-Two notice that he was accusing NBA 2K21 and NBA 2K22 in this case. For both of these games, Mr. Hayden gave Take-Two notice within days of their respective releases that they infringed his copyrights (which Take-Two assuredly knew when it released the games). Moreover, Mr. Hayden has tried in good faith to obtain Take-Two's consent to amend his Complaint and address its objections to avoid unnecessary briefing on the issue. Unfortunately, the Parties have been unable to reach an agreement. Mr. Hayden is not trying to delay this case and has expressly told Take-Two that he would not attempt to reopen discovery or adjust the current schedule. Mr. Hayden maintains his position that amending his Complaint to add these two games would not require any modifications to the schedule, and Mr. Hayden is prepared to move forward to trial without reopening discovery. Mr. Hayden, however, does not agree with Take-Two that it somehow is not bound by Rule 26 to supplement its discovery responses to the extent necessary, whether or not NBA 2K21 or NBA 2K22 are added to the case.

### B. Hayden's proposed amendment will not prejudice Take-Two, as it involves the same parties, same subject matter, and same copyrights.

To the extent that Take-Two argues that Mr. Hayden delayed in bringing this motion, the Sixth Circuit has held, "[t]o deny a motion to amend, a court must find 'at least some significant

6

showing of prejudice to the opponent.'… delay alone, regardless of its length is not enough to bar [amendment] if the other party is not prejudiced." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1999)). Further, the Sixth Circuit has held, "Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). Take-Two cannot identify any prejudice in Mr. Hayden's Amended Complaint.

As described above, Mr. Hayden made Take-Two aware that he considered NBA 2K21 an infringing product by October 7, 2020, just over a month after NBA 2K21's release. And Mr. Hayden gave Take-Two notice that he considered NBA 2K22 an infringing product the same day it was released on September 10, 2021. (Ex. A, 9-10-21 Alexander Email.) Thus, this amendment is no surprise to Take-Two. Moreover, Mr. Hayden's proposed amendments do not alter the Parties, claims, or defenses. In fact, it involves the same Parties, same subject matter, and same copyrights. Take-Two has not claimed otherwise in its communications with Mr. Hayden.

Moreover, allowing Mr. Hayden to amend his Complaint and include NBA 2K21 and NBA 2K22 as infringing products would not delay trial or require new discovery (beyond updated financials, which Take-Two previously agreed to provide). (Ex. A, 9-21-21 Ilardi Email.) Contrary to Take-Two's claims, Mr. Hayden does not seek to reopen fact discovery in this case if he is allowed to amend his Complaint to add NBA 2K21 and NBA 2K22.

In short, adding NBA 2K21 and NBA 2K22 would not meaningfully change the nature of this case. It would, however, serve the ends of judicial economy by allowing the parties and Court to resolve Mr. Hayden's claims against those games expeditiously, in the same

proceedings in which he is resolving his claims against NBA 2K16, NBA 2K17, NBA 2K18, NBA 2K19, NBA 2K20, and NBA 2K Mobile. If, however, Mr. Hayden is not permitted to bring his claims against these two additional games at this time, it will require him *and* Defendants *and* the Court to relitigate all the same issues again in a separate proceeding, which would clearly be a waste of the Parties' and the Court's resources.

The only alleged prejudice that Take-Two has raised in its correspondence with Mr. Hayden is based on a straw man argument: that Mr. Hayden will also seek to reopen discovery in this case related to NBA 2K21 and NBA 2K22. This simply ignores Mr. Hayden's repeated confirmations to the contrary. Mr. Hayden, however, is not willing to waive or purport to exempt Take-Two from its ongoing obligations to supplement its discovery in this case under Rule 26, which Take-Two requested in exchange for stipulating to adding these games to the case. There is no dispute that Take-Two has continued to produce and sell video games copying Mr. Hayden's works without authorization, both before and after fact discovery closed. Yet Take-Two has *not confirmed* that it has produced all information that it created in that process and is relevant and responsive to Mr. Hayden's discovery requests served long ago. It is *Take-Two's* responsibility to meet its obligation under the Federal Rules, which is not something for Mr. Hayden to waive.

Accordingly, Take-Two has not identified and cannot identify any prejudice from Mr. Hayden's proposed Amended Complaint. Thus, this Court should grant Mr. Hayden's Motion.

### C. Hayden's Fifth Amended Complaint is not futile.

The claims and facts alleged in Mr. Hayden's proposed Fifth Amended Complaint (Ex. D) are not futile—they arise out of the same type of infringing conduct that Mr. Hayden has raised with regard to Take-Two's previous NBA 2K Games. This District has held that, "[i]n

8

determining whether a motion to amend would be futile, the Sixth Circuit has generally analyzed whether the new claim is legally sufficient." *Bosley v. 21 WFMJ*, 2005 WL 8166261, at * 2 (N.D. Ohio August 12, 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 715-18 (6th Cr. 1999). Further, this District has determined that a motion to amend a complaint would be futile only if, "the proposed amendment would [not] withstand a motion to dismiss for failure to state a claim under Fed. R. P. 12(b)(6)." *Lincoln Electric*, 2016 WL 6915872, at *1; citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Here, Mr. Hayden is not introducing any different legal theories or grounds for infringement. Mr. Hayden is simply seeking to amend his Complaint to add infringing games which literally *did not exist* at the time of his prior Complaints. Mr. Hayden's allegations clearly are neither frivolous nor legally insufficient. Take-Two simply cannot plausibly contend that Mr. Hayden's Motion is futile. Accordingly, the Court should grant his Motion.

## V.     CONCLUSION

For the foregoing reasons, Mr. Hayden respectfully asks the Court to grant his Motion for Leave to File the Fifth Amended Complaint, pursuant to the liberal standard of FRCP Rule 15.

Respectfully submitted,

Dated: March 22, 2022

By: */s/ Andrew Alexander*
John Cipolla (Ohio Bar No. 0043614)
Daniel McMullen (Ohio Bar No. 0034380)
Andrew Alexander (Ohio Bar No. 0091167)
Dustin Likens (Ohio Bar No. 0097891)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
aalexander@calfee.com
dlikens@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

## CERTIFICATE OF SERVICE

    I hereby certify that on March 22, 2022, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                              */s/ Andrew Alexander*
                                              One of the attorneys for Plaintiff