# EXHIBIT A

# Alexander, Andrew

| | |
|---|---|
| **From:** | Ilardi, Chris T. <chris.ilardi@kirkland.com> |
| **Sent:** | Wednesday, March 16, 2022 5:16 PM |
| **To:** | Alexander, Andrew; Likens, Dustin |
| **Cc:** | Cipolla, John; McMullen, Dan; Pinter, Kimberly; Hayden-TakeTwo; #Hayden-TakeTwo; Cavanagh, Matthew J.; Cendali, Dale M.; Simmons, Joshua L.; Means, Miranda |
| **Subject:** | RE: Hayden v. 2K Games--NBA 2K21 and NBA 2K22 |

Hi Andy,

Defendants do not consent to Plaintiff's request to amend the Complaint. As we have explained throughout several emails, Plaintiff's proposed amendment would potentially expand the scope of discovery long after the close of fact and expert discovery. Indeed, when Plaintiff first made this belated request in September of 2021, it was on the eve of the parties' summary judgment and *Daubert* submissions. Now, we are well past those submission dates and we are preparing for a trial that is a little over three months from now, which makes Plaintiff's request even more belated and improper.

We also do not understand Plaintiff's basis for invoking Rule 26(e) to demand financial information concerning *NBA 2K21* and *NBA 2K22*. As we explained in our October 15, 2021 email, *NBA 2K21* and *NBA 2K22* are not "Accused Games" as Plaintiff has defined that term, and the Court has not heard, let alone ruled on, Plaintiff's proposed motion to amend the Complaint.

Regards,
Chris

**Chris Ilardi**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3049
**F** +1 212 446 4900

---

chris.ilardi@kirkland.com

**From:** Alexander, Andrew <AAlexander@Calfee.com>
**Sent:** Tuesday, March 15, 2022 4:25 PM
**To:** Ilardi, Chris T. <chris.ilardi@kirkland.com>; Likens, Dustin <DLikens@Calfee.com>
**Cc:** Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Means, Miranda <miranda.means@kirkland.com>
**Subject:** RE: Hayden v. 2K Games--NBA 2K21 and NBA 2K22

Chris,

As we've stated before (multiple times), Mr. Hayden is not moving to reopen fact discovery.

As we have also noted (and you and your colleagues know), Defendants have an ongoing obligation under the Federal Rules to supplement their discovery responses. This exists whether Mr. Hayden amends his Complaint or not. Mr. Hayden does not and cannot agree to exempt Defendants from that obligation. We have received no discovery

1

supplements from you since May 2021. That said, we would appreciate receipt of at least updated financial information that includes NBA 2K21 and NBA2K22 (failing which we would be obliged to rely on publicly available sources). Please let us know by Wednesday.

Regards,

Andy


**Andrew W. Alexander**
*Attorney at Law*
aalexander@calfee.com
216.622.8634  **Phone**

**From:** Ilardi, Chris T. <chris.ilardi@kirkland.com>
**Sent:** Friday, March 11, 2022 5:54 PM
**To:** Alexander, Andrew <AAlexander@Calfee.com>; Likens, Dustin <DLikens@Calfee.com>
**Cc:** Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Means, Miranda <miranda.means@kirkland.com>
**Subject:** RE: Hayden v. 2K Games--NBA 2K21 and NBA 2K22

Hi Andy,

We received your request two days ago and we are speaking with our client.  We will respond when have an answer.  In the meantime, will you please let us know whether Mr. Hayden will also be requesting that Defendants supplement their written discovery responses to include discovery concerning *NBA 2K21* and *NBA 2K22*?  We had posed this question to you in our October 15, 2021 email, and offered to discuss the issues then, but never received a response.

Best regards,
Chris

**Chris Ilardi**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3049
**F** +1 212 446 4900

---

chris.ilardi@kirkland.com

**From:** Alexander, Andrew <AAlexander@Calfee.com>
**Sent:** Friday, March 11, 2022 11:08 AM
**To:** Ilardi, Chris T. <chris.ilardi@kirkland.com>; Likens, Dustin <DLikens@Calfee.com>
**Cc:** Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Means, Miranda <miranda.means@kirkland.com>
**Subject:** RE: Hayden v. 2K Games--NBA 2K21 and NBA 2K22

Chris,

Following up on the email below. If we don't hear back by Monday we'll assume Defendants will oppose Mr. Hayden's motion for leave to amend.

Regards,

Andy

**Andrew W. Alexander**
*Attorney at Law*
aalexander@calfee.com
216.622.8634  **Phone**

**From:** Alexander, Andrew
**Sent:** Wednesday, March 9, 2022 1:17 PM
**To:** 'Ilardi, Chris T.' <chris.ilardi@kirkland.com>; Likens, Dustin <DLikens@Calfee.com>
**Cc:** Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Means, Miranda <miranda.means@kirkland.com>
**Subject:** RE: Hayden v. 2K Games--NBA 2K21 and NBA 2K22

Chris,

Mr. Hayden plans to file a motion for leave to amend his complaint to add NBA 2K21 and NBA 2K22 as accused games. I've attached the proposed amended complaint and a redline showing the changes. As we've stated before, Mr. Hayden is not moving to reopen fact discovery. Please let us know if Defendants will oppose the motion for leave.

Regards,

Andy

**From:** Ilardi, Chris T. <chris.ilardi@kirkland.com>
**Sent:** Friday, October 15, 2021 6:11 PM
**To:** Likens, Dustin <DLikens@Calfee.com>; Alexander, Andrew <AAlexander@Calfee.com>
**Cc:** Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Means, Miranda <miranda.means@kirkland.com>
**Subject:** RE: Hayden v. 2K Games--NBA 2K21 and NBA 2K22

Hi Dustin,

Take-Two does not consent to Plaintiff amending his complaint, but its offer to stipulate still stands, which is the exact procedural mechanism that Plaintiff originally proposed.  We see no reason why amending the complaint at this late stage of the case to add two new accused games is the appropriate procedural mechanism, and you have not identified any to us.

As we have explained, because of the way that Plaintiff has served his discovery requests—defining the "Accused Games" as the games that are accused of infringement in the Complaint, and then requesting broad discovery concerning the "Accused Games"—Plaintiff's proposed amendment would potentially expand the scope of discovery on

3

the eve of the parties' summary judgment and *Daubert* submissions.  That is improper.  In order to nevertheless accommodate Plaintiff's belated request that Take-Two "stipulate" to include *NBA 2K21* and *2K22*, we proposed that the parties stipulate to include the games on the condition that no additional discovery will be permitted on *NBA 2K21* and *NBA 2K22* other than Take-Two providing an updated financial spreadsheet with information for the two games.  It appears that Plaintiff is no longer interested in such a stipulation, despite being the party that offered it, and has provided no reason for his reversal.  To be clear, we are not willing to accommodate a belated request to amend the Complaint under the terms that you have proposed.

Your accusations concerning Rule 26(e) are also confusing, particularly given that *NBA 2K21* and *NBA 2K22* are not "Accused Games" as Plaintiff has defined that term.  As you may recall, the parties have been before the Court several times during the discovery period in this case, and as a result of those disputes, both Magistrate Judge Greenberg and Judge Boyko have made clear that discovery is closed.  Take-Two will comply with its obligations under the Rules, and we expect that Plaintiff will as well, but your email appears to simply be filled with baseless accusations.

Please let us know whether you are available on Monday to discuss the issues in your email, and whether the parties can reach a resolution.

Best regards,
Chris

**Chris Ilardi**

––––––––––––––––––––––––––––––––––––––

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3049
**F** +1 212 446 4900

––––––––––––––––––––––––––––––––––––––

chris.ilardi@kirkland.com

**From:** Likens, Dustin <DLikens@Calfee.com>
**Sent:** Friday, October 15, 2021 1:35 PM
**To:** Alexander, Andrew <AAlexander@Calfee.com>; Ilardi, Chris T. <chris.ilardi@kirkland.com>
**Cc:** Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Means, Miranda <miranda.means@kirkland.com>
**Subject:** RE: Hayden v. 2K Games--NBA 2K21 and NBA 2K22

Chris,

We are following up on our email below regarding Mr. Hayden's Fifth Amended Complaint.  Please let us know if Take Two will oppose Mr. Hayden's Motion for Leave to Amend the Complaint or whether we can file the motion unopposed by close of business today.

Thank you,
Dustin Likens


**Dustin D. Likens**
*Attorney at Law*
dlikens@calfee.com
216.622.8372  **Phone**

**From:** Alexander, Andrew <AAlexander@Calfee.com>
**Sent:** Friday, October 8, 2021 8:25 AM
**To:** Ilardi, Chris T. <chris.ilardi@kirkland.com>
**Cc:** Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Likens, Dustin <DLikens@Calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Means, Miranda <miranda.means@kirkland.com>
**Subject:** RE: Hayden v. 2K Games--NBA 2K21 and NBA 2K22

Chris,

We're confused by Defendants' distinction between "stipulating" that NBA 2K21 and 2K22 are "in the case" and consenting to Mr. Hayden's amended complaint, which simply adds these two games to the case. After all, in your September 21 email you claimed that if Mr. Hayden doesn't accuse NBA 2K21 and 2K22 in a "complaint," Mr. Hayden will not have a "properly pled infringement allegation." Setting aside the apparent dispute about Defendants' discovery obligations, we don't see how Defendants can agree to stipulate to allow the games into the case but oppose a motion to amend the complaint. It appears that Defendants will only agree to something short of allowing Mr. Hayden to—in Defendants' view—"properly" plead infringement. This is obviously unacceptable.

In any event, the real issue seems to be that Defendants want Mr. Hayden to excuse them from complying with Rule 26(e)'s requirement to supplement discovery responses. This is also unacceptable. Mr. Hayden has unequivocally stated that he is not seeking to reopen fact discovery or change the schedule based on adding these two games to the case. This means that Mr. Hayden is not seeking to serve additional document requests, interrogatories, requests for admission, or deposition notices based on adding these new games. Mr. Hayden agrees that the fact discovery deadline has passed and he is not seeking to reopen it. Mr. Hayden intends to proceed with the schedule the Court recently Ordered. That said, Defendants *continue* to brazenly infringe Mr. Hayden's copyrights by making new games that copy Mr. Hayden's works. Moreover, Defendants have likely created new relevant, responsive documents and information, but have not produced *anything* since April 6, 2020, besides updated financials at Mr. Hayden's request. *Whether or not NBA 2K21 or NBA 2K22 are named in a complaint*, Defendants are obligated under Rule 26(e) to supplement their discovery—especially if they possess new responsive information related to Mr. Hayden's claims or Defendants' defenses. Withholding that information is clearly improper. The close of fact discovery does not end Defendants' duty to supplement under Rule 26(e).

Your last statement—that Defendants "will oppose any motion by Plaintiff to amend the complaint to add *NBA 2K21* and *NBA 2K22 and reopen discovery*" is unclear. As we've stated, Mr. Hayden is not going to move the Court to reopen fact discovery. Will Defendants oppose a motion for leave to amend the complaint to add NBA 2K21 and Nba 2K22 if the motion does not request to reopen fact discovery? If not, why won't Defendants just consent to Mr. Hayden amending his complaint?

Regards,

Andy


**Andrew W. Alexander**
*Attorney at Law*
aalexander@calfee.com
216.622.8634  **Phone**

**From:** Ilardi, Chris T. <chris.ilardi@kirkland.com>
**Sent:** Tuesday, October 5, 2021 7:31 PM
**To:** Alexander, Andrew <AAlexander@Calfee.com>
**Cc:** Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Likens, Dustin <DLikens@Calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Means, Miranda

<miranda.means@kirkland.com>
**Subject:** RE: Hayden v. 2K Games--NBA 2K21 and NBA 2K22

Dear Andy,

Take-Two does not consent to Plaintiff filing an amended complaint. In your September 10 email, you asked whether "Defendants will *stipulate* to include NBA 2K21 and NBA 2K22 as accused games in this case." They indicated that they would on the condition that Plaintiff similarly stipulate that no additional discovery will be permitted on *NBA 2K21* and *NBA 2K22* other than Take-Two providing an updated financial spreadsheet with information for the two games. We were clear that this reciprocal stipulation is necessary because discovery is closed in this case.

Plaintiff's new request to file an amended complaint is a transparent attempt to reopen fact discovery long after the deadline to amend. Although you claim that you will not "serve additional discovery requests," you simultaneously insist that Take-Two would be under a duty to "supplement their written discovery responses/document productions under Rule 26(e)" and produce discovery for *NBA 2K21* and *NBA 2K22*. In other words, you appear to be demanding that Take-Two produce full written and document discovery for two additional video games, one of which has been sold for over a year, despite both Magistrate Judge Greenberg and Judge Boyko having made clear that discovery is closed. Take-Two will not agree to reopen it.

Take-Two's offer to stipulate still stands, but it will oppose any motion by Plaintiff to amend the complaint to add *NBA 2K21* and *NBA 2K22* and reopen discovery.

Best regards,
Chris

**Chris Ilardi**

---

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3049
**F** +1 212 446 4900

---

chris.ilardi@kirkland.com

**From:** Alexander, Andrew <AAlexander@Calfee.com>
**Sent:** Wednesday, September 29, 2021 4:15 PM
**To:** Ilardi, Chris T. <chris.ilardi@kirkland.com>
**Cc:** Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Likens, Dustin <DLikens@Calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Means, Miranda <miranda.means@kirkland.com>
**Subject:** RE: Hayden v. 2K Games--NBA 2K21 and NBA 2K22

Chris,

I've attached Mr. Hayden's Fifth Amended Complaint, which adds NBA 2K21 and 2K22 as accused games. As requested, Mr. Hayden agrees to not seek leave to reopen fact discovery to serve additional discovery requests related to NBA 2K21 or NBA 2K22. (That, of course, does not relieve Defendants of their duty to supplement their written discovery responses/document productions under Rule 26(e) with regard to these games.) Please confirm Defendants' consent to Mr. Hayden filing this amended complaint.

Regards,

Andy

**Andrew W. Alexander**
*Attorney at Law*
aalexander@calfee.com
216.622.8634  **Phone**

**From:** Ilardi, Chris T. <chris.ilardi@kirkland.com>
**Sent:** Tuesday, September 21, 2021 6:25 PM
**To:** Alexander, Andrew <AAlexander@Calfee.com>
**Cc:** Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Likens, Dustin <DLikens@Calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Means, Miranda <miranda.means@kirkland.com>
**Subject:** RE: Hayden v. 2K Games--NBA 2K21 and NBA 2K22

Dear Andy,

We write in response to your request to include *NBA 2K21* and *NBA 2K22* as accused games in this case.  As you know, Mr. Hayden has not alleged in any complaint that these two games are infringing, and Mr. Hayden's supplemental interrogatory response is not a properly pled infringement allegation.  Moreover, as Judge Boyko has already held, discovery is closed in this case.  Nevertheless, Take-Two is willing to compromise and stipulate to allow *NBA 2K21* and *NBA 2K22* into the case if Plaintiff will similarly stipulate that no additional discovery will be permitted on *NBA 2K21* and *NBA 2K22*, with the sole exception that Take-Two will agree to supplement their financial document production to include relevant financial information for these two games.  Please let us know whether Plaintiff will agree, and if so, please circulate a draft stipulation for our review.

Regards,
Chris

**Chris Ilardi**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3049
**F** +1 212 446 4900

chris.ilardi@kirkland.com

**From:** Alexander, Andrew <AAlexander@Calfee.com>
**Sent:** Friday, September 10, 2021 4:40 PM
**To:** Ilardi, Chris T. <chris.ilardi@kirkland.com>
**Cc:** Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Likens, Dustin <DLikens@Calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>; #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cavanagh, Matthew J. <mcavanagh@mcdonaldhopkins.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Simmons, Joshua L. <joshua.simmons@kirkland.com>; Means, Miranda <miranda.means@kirkland.com>
**Subject:** Hayden v. 2K Games--NBA 2K21 and NBA 2K22

Chris,

We write to confer about Defendants' NBA 2K21 and NBA 2K22, which Defendants released today. Both of these games include realistic avatars of LeBron James, Danny Green, and Tristan Thompson, including unauthorized copies of Mr. Hayden's asserted works that are at issue in the case. Defendants have known since October 7, 2020 (about one month after its release), that Mr. Hayden accused NBA 2K21 of infringing his asserted works. (First Supplemental Response to Interrogatory No. 15.) Mr. Hayden identified NBA 2K21 as an accused game at Defendants' request in his response to

Interrogatory No. 15. Because NBA 2K22 also contains unauthorized copies of Mr. Hayden's asserted works, it also infringes his copyrights and Mr. Hayden has thus again supplemented his response to Interrogatory No. 15 (see attached).

We understand that Defendants continue to maintain that NBA 2K21 is not legally at issue in this case, despite having been on notice of infringement since one month after its release. Defendants, however, have not identified any reason why it would prejudice them to litigate NBA 2K21 (or NBA 2K22) at the same time the Parties litigate the other six accused games. Accordingly, please let us know if Defendants will stipulate to include NBA 2K21 and NBA 2K22 as accused games in this case. We believe this is in the interest of all Parties and the Court, as it would be extraordinarily burdensome and wasteful for Mr. Hayden to initiate a new case to separately litigate the same issues with respect to these two games.

Regards,

Andy

**Andrew W. Alexander**
*Attorney at Law*

aalexander@calfee.com
216.622.8634     **Office**
216.241.0816     **Fax**

**Calfee, Halter & Griswold LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, OH  44114-1607



**Calfee.com  |  Info@Calfee.com  |  888.CALFEE1**

vCard

This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter & Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of

this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.