# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN,<br><br>  Plaintiff,<br><br>  v.<br><br>2K GAMES, INC. et al.,<br><br>  Defendants. | CASE NO. 1:17-cv-02635-CAB<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>**DEFENDANT 2K GAMES, INC.'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF JAMES HAYDEN'S THIRD SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant 2K Games, Inc. ("2K Games"), by and through its undersigned counsel, hereby amends its responses to Plaintiff James Hayden's ("Hayden" or "Plaintiff") Interrogatories, served on January 31, 2020 (the "Third Set of Interrogatories" and each individually, an "Interrogatory") in the above-captioned action ("Litigation") as follows:

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 16:**

Identify the amount paid by Defendants to use music in the Accused Games each year and identify the royalty rates paid by Defendants to use such music, including the methods used to calculate royalty rates and payments.

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 16:**

2K Games incorporates by reference the above-stated General Objections as if fully set forth herein. 2K Games objects to this Interrogatory as untimely as indicated in General Objection No. 1, as it was served on the last day of discovery with a response due on March 2, 2020, thirty days after fact discovery ended, in violation of Local Rule 16.1(b). 2K Games objects to this Interrogatory to the extent that it violates the parties' agreement as indicated in General Objection No. 2, as it is not a "follow-up" request as agreed upon on November 12, 2019, and instead seeks information that Plaintiff could have requested in a timely manner.

2K Games objects to this Interrogatory as overly broad and unduly burdensome because the parties agreed that music licenses are not relevant to this Litigation. *See* **Ex. 1**. In reliance on the parties' agreement in November 2019, at which time the parties agreed on which licenses were relevant to this case, 2K Games has already done an extensive search for licenses, which involved giving written and oral notices to dozens of third parties, many of whom are internationally located. Requiring 2K Games to review and obtain consents to produce additional information regarding irrelevant licenses, in violation of the agreement of the parties, well after the close of fact discovery, is unduly burdensome. 2K Games objects to this Interrogatory as vague and ambiguous because the phrases "use music" and "royalty rates" are unclear and undefined. 2K Games objects to this Interrogatory to the extent that it is compound and contains at least three subparts, each of which constitutes a separate interrogatory pursuant to

6

Federal Rule of Civil Procedure 33(a)(1). 2K Games objects to this Interrogatory to the extent that, with subparts, it is over the 25 interrogatory limit pursuant to Fed. R Civ. Pr. 33 (a)(1). 2K Games objects to this Interrogatory to the extent that it seeks information that could have been more easily obtained in a timely manner by Plaintiff through other means that are more convenient, efficient, practical, and less burdensome. 2K Games objects to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information. 2K Games objects to this Interrogatory as overly broad because it seeks information outside the scope of the Court's Order limiting discovery. *See* Dkt. No. 50. Pursuant to the Court's Order, Take-Two's response is with respect to "average royalty rates per game in lieu of actual royalty rates per game." *Id.* at 4.

Plaintiff has indicated that he believes that 2K Games should supplement its response to this interrogatory pursuant to Federal Rule of Civil Procedure 26(e) to provide information concerning *NBA 2K21*. That is improper and objectionable for several reasons. ***First***, this interrogatory seeks information concerning the "Accused Games," which is a term that Plaintiff defined to mean "NBA 2K16, NBA 2K17, NBA 2K18, and any other game identified as infringing in any other amended complaint filed in the above-referenced action." Plaintiff, however, did not amend his complaint to include *NBA 2K21*. Thus, this interrogatory does not seek information concerning that game and, thus, no supplementation to address it is required. ***Second***, in response to this interrogatory, 2K Games agreed to provide a response with regard to *NBA 2K16, NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile*. Plaintiff did not raise a dispute with the scope of the response not including *NBA 2K21* and, thus, it also has waived its ability to seek that information now, even if it had amended its complaint. ***Third***, the fact discovery deadline in this case was January 31, 2020. *See* Dkt.

7

43.  When Plaintiff previously sought belated fact discovery, the Court determined the specific parameters of that discovery and ordered that "[n]o further fact discovery will be allowed."  Dkt. 50 at 4.  Thus, having been denied further discovery during the actual fact discovery period, it is improper for Plaintiff to an attempt a workaround to seek additional discovery concerning a game that is not part of this case now.

Subject to, as limited by, and without waiver of the foregoing objections, 2K Games responds as follows:  2K Games incorporates by reference Take-Two's response to Interrogatory No. 14.

**INTERROGATORY NO. 17:**

Describe your efforts to confirm that NBA Properties and/or NBA Players Association holds rights in the Copyrighted Works or rights to grant a license to use the NBA Players' likenesses.

**RESPONSE TO INTERROGATORY NO. 17:**

2K Games incorporates by reference the above-stated General Objections as if fully set forth herein. 2K Games objects to this Interrogatory as untimely as indicated in General Objection No. 1, as it was served on the last day of discovery with a response due on March 2, 2020, thirty days after fact discovery ended, in violation of Local Rule 16.1(b).  2K Games objects to this Interrogatory to the extent that it violates the parties' agreement as indicated in General Objection No. 2, as it is not a "follow-up" request as agreed upon on November 12, 2019, and instead seeks information that Plaintiff could have requested in a timely manner.

2K Games objects to this Interrogatory to the extent that it seeks information that could have been more easily obtained in a timely manner by Plaintiff through other means of obtaining discovery in this Litigation that are more convenient, efficient, practical, and less burdensome. Plaintiff already took depositions regarding this information and obtained testimony showing