**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMES HAYDEN,<br><br>   Plaintiff,<br><br>v.<br><br>2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>   Defendants. | CASE NO. 1:17-cv-02635-CAB |

**DEFENDANTS 2K GAMES, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO CONTINUE TRIAL**

Pursuant to Federal Rule of Civil Procedure 6 and Paragraph 7 of this Court's Standard Civil Trial Order, Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc. (collectively, "Take-Two") respectfully submit this memorandum in support of their Motion to Continue the June 20, 2022 trial date and all corresponding deadlines (the "Motion"). Take-Two asked for Plaintiff's position on the instant Motion and whether he will join it, and Plaintiff indicated that he would not.

**I.       PRELIMINARY STATEMENT**

This Court previously set this case for a June 20, 2022 trial. That deadline sets in motion a series of related pre-trial deadlines, including motions *in limine*, trial briefs, and deposition designations, which will be due at the end of April 2022. Preparing those submissions will require extensive preparations in the coming weeks.

Yet, since the time that the Court set this case for trial, both parties have filed motions for summary judgment (the "Cross Motions for Summary Judgment"); they have filed multiple motions to exclude expert testimony; and Plaintiff James Hayden ("Plaintiff") filed a motion to amend his complaint to add two additional video games to this case (the "Motion to Amend"). Those motions likely will significantly impact this case. For one thing, Take-Two's motion for summary judgment, if granted, could be case dispositive, and thus, obviate the need for a trial. Plaintiff's motion for summary judgment also has the potential to change the contours of the presentation of evidence at trial, as would the parties' motions to exclude testimony. And, as discussed in Take-Two's concurrently filed opposition to Plaintiff's belated Motion to Amend, Plaintiff's motion would significantly and prejudicially change the trial.

Given the many issues that may be resolved or narrowed by the pending motions, Take-Two requests that the trial be continued until the motions are decided. This will allow the parties to save the costs and effort of preparing for a trial that either will not occur, or will be tried on a

narrower subset of issues than currently exists. Moreover, to the extent there are any triable issues remaining after the Cross Motions for Summary Judgment are decided, the parties' preparations for trial will be more efficient and more consistent with the Court's view of this case. And knowing the Court's rulings on the parties' respective motions to exclude expert testimony, will help the parties avoid the inefficiencies of preparing witnesses and crafting pre-trial submissions, such as exhibit and witness lists, concerning expert testimony that may not ultimately be permitted at trial. As there is good cause for granting this Motion, Take-Two respectfully requests that the Court grant it.

## II.     BACKGROUND

On October 1, 2022, this Court set this case for trial on June 20, 2022, with a final pre-trial conference on May 26, 2022. Dkt. 75. In that order, the Court also set deadlines for motions *in limine*, trial briefs, and deposition designations. Those submissions are now due April 26, 2022, and oppositions are due on May 19, 2022.

On October 25, 2021, Take-Two filed its Motion for Summary Judgment (Dkt. No. 101), seeking an order granting Take-Two summary judgment on all counts and dismissing Plaintiff's complaint in its entirety. Take-Two also moved to exclude the expert testimony of Tolga Bilgicer (Dkt. No. 102); Justin Lenzo (Dkt. No. 103); and Michal Malkiewicz (Dkt. No. 104). On October 25, 2021, Plaintiff filed a Motion for Partial Summary Judgment (Dkt. No. 94) and motions to exclude the expert testimony of Nina Jablonski (Dkt. 86); Deborah Jay (Dkt. 89); Ian Bogost (Dkt. 92); and James Malackowski (Dkt. 100). Each of these motions has been opposed and fully briefed.

On November 22, 2021, Plaintiff moved to exclude the testimony of Take-Two's third party declarants, Danny Green, LeBron James, and Tristan Thompson or to re-open fact discovery (Dkt. No. 121). Take-Two opposed this motion on December 7, 2021 (Dkt. No. 122),

and it has now been fully briefed.

On March 22, 2021, Plaintiff filed a Motion to Amend the Complaint (Dkt. 140). This motion has not yet been fully briefed.

### III. ARGUMENT

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Courts may continue a trial where good cause to do so exists, such as pending the outcome of summary judgment motions to "avoid any unnecessary expense of trial preparation." *Cox v. Univ. of Dayton*, No. 17 Civ. 395, 2019 WL 5725181, at *3 (S.D. Ohio Nov. 5, 2019) (granting motion to continue trial pending outcome of two dispositive motions); *see also Bryson v. City of Clinton, Tenn.*, No. 05 Civ. 87, 2006 WL 8438958, at *2 (E.D. Tenn. Dec. 13, 2006) (granting motion to continue trial where motions delayed resolution of pending summary judgment motion).

Here, there is good cause for continuing the June 20, 2022 trial date. The parties are about to commence pre-trial preparation, with significant pre-trial submissions due to the Court on April 26, 2022. This deadline will require the parties to draft and exchange such submissions, including jury instructions, proposed verdict forms, special interrogatories, and deposition designations, over the coming weeks. The parties will also need to prepare motions *in limine*.

Such submissions likely are to be significantly impacted by the motions that are currently pending before the Court, and it will thus be more efficient for the parties to prepare such submissions after these motions have been decided. ***First***, Take-Two's motion for summary judgment could dispositively resolve this case, leaving no issues left to be tried. Given that possibility, continuing the case until after it is decided will ensure that the parties do not need to incur the significant expense associated with preparing for a trial that may not happen. *Cox*, 2019 WL 5725181, at *3 (continuing trial to avoid any "unnecessary expense of trial

3

preparation").

***Second***, even if the Court does not dismiss this case on summary judgment, its decisions on the pending Cross Motions for Summary Judgment could narrow the issues in this case. For example, if the Court finds that Plaintiff cannot show substantial similarity as to the Lion Tattoo and the Brother's Keeper Tattoo, it will reduce the number of works at issue and eliminate the need to include these tattoos and documents and testimony related to them in deposition designations, exhibit lists, and preparation of witness examinations. And certain motions *in limine* may be unnecessary if the issues in this litigation are narrowed by the Court's rulings on the Cross Motions for Summary Judgment.

***Third***, as motions to exclude a number of different experts are still pending, granting a continuance will make trial preparation more efficient by ensuring that the parties know which witnesses and testimony they need to be preparing. This also impacts pre-trial submissions, such as motions *in limine* and exhibit lists, to the extent there are specific documents and testimony relied on by these experts that the parties might separately move to exclude. A continuance will ensure that the parties go into pre-trial submissions with more certainty of what expert testimony they can expect to elicit at trial.

***Fourth***, a continuance will give the Court additional time to decide the Motion to Amend before pre-trial submissions are due. This is important because Plaintiff is moving to add additional allegedly infringing works to this case. The parties need to know which games are actually at issue to accurately prepare exhibit lists, jury instructions, and other pre-trial submissions.

The Court also would likely benefit from a continuance, rather than be inconvenienced by party submission that do not frame the case with the benefit of the Court's thinking. If the Court

4

disposes of this case on the papers, then the Court will have saved the time and effort reviewing the parties' trial materials and adjudicating any pre-trial issues that may arise this month. Even if the Court does not entirely dispose of this case on the papers, its rulings may narrow the issues and amount of trial materials needed, which will result in the parties' pre-trial submissions being more focused and potentially less voluminous. And it will avoid the need for additional or revised submissions down the road, in the event the Court's ruling on these motions requires revising the submissions.

## IV. CONCLUSION

For the foregoing reasons, Take-Two respectfully requests that the Court grant Take-Two's Motion, and continue the trial until after the pending motions are decided.

Dated: New York, NY
April 5, 2022

/s/ Dale M. Cendali
Dale M. Cendali (admitted *pro hac vice)*
Joshua L. Simmons (admitted *pro hac vice*)
Chris Ilardi (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com

Miranda D. Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 385-7500
miranda.means@kirkland.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400

5

Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*