**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMES HAYDEN,<br><br>       Plaintiff,<br><br>v.<br><br>2K GAMES, INC. and TAKE-TWO<br>INTERACTIVE SOFTWARE, INC.,<br><br>       Defendants. | CASE NO. 1:17-cv-02635-CAB |

**DEFENDANTS 2K GAMES, INC. AND TAKE-TWO
INTERACTIVE SOFTWARE, INC.'S OPPOSITION TO PLAINTIFF JAMES
HAYDEN'S MOTION FOR LEAVE TO FILE A FIFTH AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................ 1

**ARGUMENT** ............................................................................................................................... 3

    A.    Plaintiff Has Not and Cannot Demonstrate Good Cause to Amend the Complaint for A Fifth Time ....................................................................................... 3

        1.    Plaintiff Cannot Demonstrate Diligence ........................................................ 4

        2.    Take-Two Will Be Significantly Prejudiced by Plaintiff's Amendment ...................................................................................................... 7

    B.    The Other Factors That Courts Consider Under Rule 15(a) Also Militate Against the Allowance of Another Amendment.................................................... 12

**CONCLUSION** ......................................................................................................................... 14

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Altman v. Ho Sports Co.*,
   No. 09 Civ. 1000, 2010 WL 4977761 (E.D. Cal. Dec. 2, 2010) ......................................... 7, 10

*Bare v. Fed. Express Corp.*,
   886 F. Supp. 2d 600 (N.D. Ohio 2012) ................................................................................... 4

*Com. Benefits Grp., Inc. v. McKesson Corp.*,
   326 F. App'x 369 (6th Cir. 2009) .................................................................................. 3, 4, 8

*Duggins v. Steak 'N Shake, Inc.*,
   195 F.3d 828 (6th Cir. 1999) ......................................................................................... 7, 8, 13

*Hageman v. Signal L.P. Gas, Inc.*,
   486 F.2d 479 (6th Cir. 1973) ................................................................................................... 8

*Head v. Jellico Hous. Auth.*,
   870 F.2d 1117 (6th Cir. 1989) ................................................................................................. 8

*Hunt v. Big Lots Stores, Inc.*,
   244 F.R.D. 394 (N.D. Ohio 2007) ........................................................................................... 1

*Inge v. Rock Fin. Corp.*,
   281 F.3d 613 (6th Cir. 2002) ................................................................................................... 4

*Irwin Seating Co. v. Int'l Bus. Machs. Corp.*,
   No. 04 Civ. 658, 2007 WL 518866, (W.D. Mich. Feb. 15, 2007) .......................................... 1

*Korn v. Paul Revere Life Ins. Co.*,
   382 F. App'x 443 (6th Cir. 2010) ............................................................................................ 4

*Leary v. Daeschner*,
   349 F.3d 888 (6th Cir. 2003) ................................................................................................... 4

*Lifeguard Licensing Corp. v. Kozak*,
   No. 15 Civ. 8459, 2016 WL 3144049 (S.D.N.Y. May 23, 2016) ...................................... 7, 10

*Miller v. Admin. Off. of Cts.*,
   448 F.3d 887 (6th Cir. 2006) .......................................................................................... 6, 8, 12

*Perkins v. Am. Elec. Power Fuel Supply, Inc.*,
   246 F.3d 593 (6th Cir. 2001) ................................................................................................. 12

# **TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

*Scheib v. Boderk*, No. 07 Civ. 446, 2011 WL 208341 (E.D. Tenn. Jan. 21, 2011) ...........................................8

*Wade v. Knoxville Utilities Bd.*,
    259 F.3d 452 (6th Cir. 2001) ..............................................................................................6

*Zecotek Imaging Sys. Pte Ltd. v. Saint-Gobain Ceramics & Plastics, Inc.*,
    No. 12 Civ. 1533, 2014 WL 1912589 (N.D. Ohio May 13, 2014) ............................................8

**Rules**

Fed. R. Civ. P. 15(a) ..................................................................................................3, 8, 12, 14

Fed. R. Civ. P. 16 ......................................................................................................................1, 4

Fed. R. Civ. P. 16(b) ............................................................................................... *passim*

Fed. R. Civ. P. 26 ..........................................................................................................................10

Fed. R. Civ. P. 26(b)(1) ..............................................................................................................7

Fed. R. Civ. P. 26(e) ..................................................................................................................10

Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc. (collectively, "Take-Two") respectfully submit this opposition to Plaintiff James Hayden's ("Plaintiff") Motion for Leave to File Fifth Amended Complaint (the "Motion") (Dkt. 140).

**PRELIMINARY STATEMENT**

This case has been pending since 2017. Since that time, the parties have engaged in and completed lengthy fact discovery, expert discovery, submitted now-pending summary judgment and *Daubert* motions, and are preparing for a trial currently-scheduled for June 20, 2022. All of those efforts were predicated on the six games at issue in this case.

Now, after all of that significant work has been completed, Plaintiff has filed the Motion in an extremely belated attempt to assert that two additional video games—*NBA 2K21* and *NBA 2K22*, released in September 2020 and 2021, respectively—infringe his alleged rights in tattoos by accurately depicting in the games the NBA players who bear them in real life. It should be denied for several reasons.

***First***, Plaintiff's Motion is inconsistent with the case schedule. The Court's Scheduling Order was entered to prevent this type of last-minute disruption. Under it, the deadline to amend the Complaint was August 19, 2019, after which time the deadlines for fact discovery, expert discovery, and dispositive motions were set. *See* Dkt. 27 ¶ 3 (Rule 16 Scheduling Order). As this case is long past the deadline to amend the pleadings, Plaintiff was required to demonstrate good cause to amend pursuant to Federal Rule of Civil Procedure 16(b). He utterly fails to do so here—indeed, he does not even acknowledge Rule 16, the "good cause" standard, or what he must show to satisfy it in his Motion. And he cannot fix this deficiency in reply. *See Hunt v. Big Lots Stores, Inc.*, 244 F.R.D. 394, 397 (N.D. Ohio 2007) (quoting *Irwin Seating Co. v. Int'l Bus. Machs. Corp.*, No. 04 Civ. 658, 2007 WL 518866, *2 n.2 (W.D. Mich. Feb. 15, 2007) ("the Sixth

1

Circuit repeatedly has recognized that arguments raised for the first time in a party's reply brief are waived")). Thus, his Motion should be denied for this reason alone.

*Second*, to demonstrate "good cause," Plaintiff was required to show diligence in seeking to amend the Complaint. Here, Plaintiff waited to bring this Motion for 18 months to add *NBA 2K21* and six months to add *NBA 2K22* after they were released, respectively. Indeed, despite the fact that both of these games were released ***before*** summary judgment motions were filed in this case, Plaintiff waited until ***after*** summary judgment was fully briefed to bring this motion. And Plaintiff does not even attempt to justify this lengthy delay.

*Third*, under the "good cause" standard, the Court must consider prejudice to Take-Two. Plaintiff claims that there is no prejudice because he is not seeking new discovery from Take-Two, but Plaintiff's statement appears to be a concerted attempt to mislead the Court as to Plaintiff's intentions. Plaintiff's written discovery requests seek discovery related to the games that are accused of infringement in the operative Complaint. Specifically, they seek discovery on the "Accused Games," where the "Accused Games" are defined as the games that are accused of infringement ***in the operative Complaint***. It is Take-Two's understanding that, if Plaintiff is permitted to add *NBA 2K21* and *NBA 2K22* as Accused Games, he intends to demand that Take-Two "supplement" all of its written discovery and engage in additional document discovery, including to search for, collect, review, and produce new documents and written responses for *NBA 2K21* and *NBA 2K22*. Take-Two specifically asked Plaintiff to confirm that he would not do so before he filed his Motion, but Plaintiff refused to do so. This is notwithstanding the fact that the Court has already heard multiple discovery disputes and as a result, ruled in March 2020 that "[n]o further fact discovery will be allowed." Dkt. 50 at 4 (emphasis in original). Plaintiff clearly believes that he has found a backdoor to obtaining new discovery without having to issue

2

new discovery requests. Take-Two respectfully submits that the Court should shut this door, otherwise it will impose a new fact discovery burden on Take-Two at a time when it is supposed to be preparing for trial.

***Fourth***, even under Federal Rule of Civil Procedure 15(a)'s standards for amending a complaint, Plaintiff's motion should be denied. As discussed above, Plaintiff has unduly delayed by waiting over 18 months to bring this Motion, he has offered no good faith basis for that delay, and Take-Two will be significantly prejudiced by allowing amendment now as it will require new fact discovery, and potentially require new expert discovery, *Daubert* motions related to that discovery, and summary judgment motions, despite Plaintiff's misleading claim to the contrary.

Given the stage of the proceedings, the most efficient path forward for the parties and for the Court is to resolve the allegations that are pled in the Fourth Amended Complaint on the merits and proceed to a final judgment. At that time, Plaintiff can reassess what, if any, claim he may attempt to bring against Take-Two. Take-Two respectfully requests that the Court deny Plaintiff's Motion.

## **ARGUMENT**

### A. **Plaintiff Has Not and Cannot Demonstrate Good Cause to Amend the Complaint for A Fifth Time**

Notably, nowhere in Plaintiff's Motion does he address Federal Rule of Civil Procedure 16(b), focusing on only Rule 15(a). *See* Mot. 4. Yet, it is established Sixth-Circuit law that "[o]nce the scheduling order's deadline to amend the complaint passes, . . . 'a plaintiff first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend' and the district court must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" *Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (some alterations

3

in original; quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)); *see also Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) ("a different standard [to amend the complaint] applies when a proposed amendment is so late that it would require the modification of a Rule 16 scheduling order"). Here, the Court's Rule 16 Scheduling Order set "the deadline for amending pleadings" as August 19, 2019, which was over two-and-a-half years ago. *See* Dkt. 27 ¶ 3 (Rule 16 Scheduling Order). There can also be no doubt that Plaintiff was well-aware of this Rule 16(b) deadline and ignored it here, as he last filed an amended complaint (the currently-operative Fourth Amended Complaint) on August 19, 2019 (*i.e.*, the deadline for amending the pleadings). *See* Dkt. 33 (Fourth Amended Complaint).

As Plaintiff's Motion fails to even address good cause, it should be denied for this reason alone.[1] It also should be denied because there is no good cause here due to Plaintiff's lack of diligence and there is prejudice to Take-Two, both of which are addressed below.

1. Plaintiff Cannot Demonstrate Diligence

"The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Com. Benefits Grp.*, 326 F. App'x at 377 (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). As Plaintiff has delayed seeking leave to amend the Complaint for over 18 months, he cannot demonstrate the necessary diligence. The first game that Plaintiff seeks to add to this case, *NBA 2K21*, was

---

[1] Plaintiff may improperly argue in reply that good cause to amend exists because *NBA 2K21* and *NBA 2K22* were released after the deadline to amend the pleadings, and thus he could not have met that deadline. But Plaintiff's failure to act diligently to amend the Complaint once he was aware of the factual predicate to seek leave to amend dooms that argument. *See Bare v. Fed. Express Corp.*, 886 F. Supp. 2d 600, 606–07 (N.D. Ohio 2012) (finding "plaintiff has not established good cause" where plaintiff was not "aware of the factual predicate" to amend the complaint until eight months after the deadline to amend, but then waited another eight months to move to amend). As discussed below, his delay of 18 and six months, respectively, reveals his lack of diligence.

4

released in September 2020. Plaintiff admits that he was aware of it at least as early as October 7, 2020, when he served an interrogatory response stating his belief that it infringed his copyrights. *See* Mot. 2. Plaintiff did not seek to amend his complaint at that time.

Five months later, on April 30, 2021, Plaintiff sent Take-Two an email requesting "financial information for and a sample copy of NBA 2K21." Mot. Ex. B at 4. Plaintiff, however, did not inform Take-Two that he believed that his interrogatory response was a properly pleaded infringement allegation or that he intended to seek leave to amend the Complaint to add this allegation in the future.[2] Nevertheless, Take-Two promptly served a supplemental interrogatory response on May 14, 2021.[3] At that time, however, Take-Two made its position clear: it objected that "Plaintiff . . . did not amend his complaint to include *NBA 2K21*" and that, therefore, "no supplementation to address it is required." Take-Two nevertheless produced updated financials for *NBA 2K21* "as a compromise" to avoid motion practice before this Court. Ex. A at 14 (Take-Two's Seventh Amended Objections and Responses to Plaintiff's First Set of Interrogatories). Plaintiff again did not seek to amend his Complaint at that time.

It was not until September 29, 2021—over a year after *NBA 2K21's* release—that Plaintiff first asked whether Take-Two would consent to amending the Complaint to add it. At that time, Plaintiff sent Take-Two an email attaching a draft Fifth Amended Complaint in which he purported to accuse *NBA 2K21* as well as *NBA 2K22* (which had been released on September

---

[2] Plaintiff argues that in Take-Two's response to this email, "Take-Two did not object to *NBA 2K21* being properly at issue in this case." Mot. 5. This is surprising, however, given that Plaintiff made no mention in its email that he considered *NBA 2K21* as properly at issue in this case and did not raise amending the Complaint to add it.

[3] Plaintiff's brief incorrectly states this date as May 17, 2021. *See* Mot. 5.

5

10, 2021) of infringement. *See* Mot. Ex. A at 6. Take-Two promptly and clearly responded the following week that it "does not consent to Plaintiff filing an amended complaint," as it was "a transparent attempt to reopen fact discovery **long after the deadline to amend**." *Id.* (emphasis added). Undeterred, Plaintiff asked again for Take-Two's consent, and Take-Two stated again in its October 15, 2021 response that it "does not consent to Plaintiff amending his complaint." *Id.* at 3. Plaintiff still did not attempt to amend his complaint at that time.

Next, five more months passed, during which the parties cross-moved for summary judgment and filed *Daubert* motions. Over the course of that period, Plaintiff repeatedly claimed that he planned "to move to Amend the Complaint," but never actually attempted to do so. *E.g.*, Dkt. 94-1 at 3 n.1 (Plaintiff's October 25, 2021 brief indicating it "plans to move to amend the Complaint"); Dkt. 107 at 1 n.1 (Plaintiff's November 22, 2021 brief indicating it "plans to move to amend the Complaint"); Dkt. 139 at 2 n.2 (Plaintiff's December 17, 2021 brief indicating it "plans to move to amend the Complaint").

Finally, on March 9, 2022, Plaintiff requested again Take-Two's position on whether it would oppose a motion to amend the Complaint. *See* Mot. Ex. A at 3. Take-Two again reiterated its long-held position in emails dated March 11 and 16, 2022. Only then did Plaintiff finally file this Motion. Plaintiff offers no justification for his 18 months of lack of diligence, which is an independent reason under established under Sixth Circuit law to deny his Motion. *See Miller v. Admin. Off. of Cts.*, 448 F.3d 887, 898 (6th Cir. 2006) (Plaintiff "offered no justification for the 14-month delay between the filing of her original complaint and her moving to add the additional allegations on her First Amendment claim, which militates against the allowance of an amendment."); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) ("When amendment is sought at a late stage in the litigation, there is an increased burden

6

to show justification for failing to move earlier."); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("Plaintiff delayed pursuing this claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed. There appears to be no justification for the delay, and the plaintiff proposes none.").

Recognizing that there is no justification for his lack of diligence, Plaintiff contends that he did not delay because he "promptly gave Take-Two *notice*" of his allegations via supplemental interrogatory responses and emails. Mot. 5–6 (emphasis added). But notice that a Plaintiff *might* amend a Complaint is not equivalent to actually amending the Complaint. Plaintiff's 18-month delay seeking to amend after allegedly providing "notice" caused Take-Two to believe that Plaintiff did not actually intend to amend his allegations given the close of discovery.[4] Further, as Plaintiff is well aware, this "notice" was not sufficient, as he was prohibited from taking discovery on these unpleaded allegations unless and until they were pled in the operative complaint. *See* Fed. R. Civ. P. 26(b)(1); *see also Lifeguard Licensing Corp. v. Kozak,* No. 15 Civ. 8459, 2016 WL 3144049, at *1 (S.D.N.Y. May 23, 2016) ("a plaintiff may not take discovery regarding unpled claims"); *Altman v. Ho Sports Co.*, No. 09 Civ. 1000, 2010 WL 4977761, at *2 (E.D. Cal. Dec. 2, 2010) (denying motion to amend and holding, "[w]hile HOS may have known since early to mid 2010 that Altman may want to allege misrepresentation claims, not only was HOS ***under no obligation to conduct discovery on unpled causes of action, but the federal rules would prohibit such discovery***" (emphasis added)).

2. <u>Take-Two Will Be Significantly Prejudiced by Plaintiff's Amendment</u>

Under Sixth Circuit precedent, the Court must "evaluate prejudice to the nonmoving

---

[4] Plaintiff argues that "this amendment is no surprise to Take-Two," Mot. 7, but Plaintiff's request was very surprising given that prior to this motion, the last time that he contacted Take-Two about amending the Complaint was in October of 2021.

7

party" under Rule 16(b) before considering Rule 15(a). *Com. Benefits Grp.*, 326 F. App'x at 376. Even just "[d]elaying an amendment until after the close of discovery . . . is *per se* prejudicial." *Zecotek Imaging Sys. Pte Ltd. v. Saint-Gobain Ceramics & Plastics, Inc.*, No. 12 Civ. 1533, 2014 WL 1912589, at *1 (N.D. Ohio May 13, 2014) (citing *Scheib v. Boder k*, No. 07 Civ. 446, 2011 WL 208341, at *3 (E.D. Tenn. Jan. 21, 2011); *see also Duggins*, 195 F.3d at 834 ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree."). The prejudice to the nonmoving party is even more acute where discovery has closed, dispositive motions have been briefed, and trial is imminent. *See Miller*, 448 F.3d at 898 ("Because the discovery deadline had already passed and the deadline for filing dispositive motions on the issue of immunity was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court.").[5]

In addition to Plaintiff's undue delay (which is *per se* prejudicial), Take-Two would be particularly prejudiced by an amendment at this late stage because 31 of Plaintiff's requests for production and 18 of his interrogatories request discovery about the "Accused Games."[6] The

---

[5] Plaintiff argues that, under Sixth Circuit precedent, delay alone is not sufficient to deny his motion. Mot. 6–7 (citing *Duggins*, 195 F.3d at 834, *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973), and *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). Those cases address the standard under Rule 15(a). Under Rule 16(b), however, diligence is the "primary measure of [the] good cause standard," *Com. Benefits Grp.*, 326 F. App'x at 377, and Plaintiff cannot demonstrate that.

[6] *See* Ex. B at RFP Nos. 1, 3, 5–10, 13–14 (Plaintiff's First Set of RFPs to Take-Two Interactive Software, Inc.); Ex. C at RFP Nos. 24–25 (Plaintiff's Second Set of RFPs to Take-Two Interactive Software, Inc.); Ex. D at RFP Nos. 32, 34, 37–38 (Plaintiff's Third Set of RFPs to Take-Two Interactive Software, Inc.); Ex. E at RFP Nos. 2, 4–9, 12–13 (Plaintiff's First Set of RFPs to 2K Games, Inc.); Ex. F at RFP Nos. 23–24 (Plaintiff's Second Set of RFPs to 2K Games, Inc.); Ex. G at RFP Nos. 31, 33, 36–37 (Plaintiff's Third Set of RFPs to 2K Games, Inc.); Ex. H at Interrogatory Nos. 1, 5–6, 8–9 (Plaintiff's First Set of Interrogatories to Take-Two Interactive Software, Inc.); Ex. I at Interrogatory Nos. 14, 16 (Plaintiff's Second Set of Interrogatories to Take-Two Interactive Software, Inc.); Ex. J at

8

term "Accused Games" is defined by Plaintiff as the games accused of infringement *in the Complaint*. Ex. B at 1 (Plaintiff's First Set of RFPs to Take-Two Interactive Software, Inc.) ("'Accused Games' means *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, and *any other game identified as infringing in any other amended complaint*." (emphasis added)). For example, Plaintiff's RFP No. 3 requests "[a]ll advertisements related to the *Accused Games* that mention or relate to the games' visual appearance," RFP No. 6 requests "[a]ll documents related to creation of the LeBron James, Danny Green, and Tristan Thompson avatars in the *Accused Games*," and RFP No. 7 requests "[a]ll agreements between 2K Games or Take-Two and any other party related to depicting trademarked or copyrighted material in the *Accused Games*." *Id.* at 7–8 (emphasis added).

This case was filed in 2017 and trial is scheduled to commence in less than three months.[7] Fact discovery closed over two years ago on January 31, 2020. *See* Dkt. 43. Although the Court subsequently ordered the parties to produce a discrete amount of additional fact discovery through April 2020, the Court also ordered that "[n]o further fact discovery will be allowed." Dkt. 50 at 4 (emphasis in original). During the fact discovery period, Take-Two collected, reviewed and produced documents from over 20 custodians in response to dozens of

---

Interrogatory No. 1 (Plaintiff's First Set of Interrogatories to 2K Games, Inc.); Ex. K at Interrogatory Nos. 3–4, 6–11 (Plaintiff's Second Set of Interrogatories to 2K Games, Inc.); Ex. L at Interrogatory Nos. 16, 18 (Plaintiff's Third Set of Interrogatories to 2K Games, Inc.).

[7] Take-Two is concurrently moving to continue the trial date to give the Court the opportunity to resolve the parties' pending motions, including cross-summary judgment motions, *Daubert* motions, a motion to exclude testimony of third-party declarants, and now the instant motion. Were the Court to move trial, however, that would not alleviate the prejudice to Take-Two. As explained herein, Take-Two still would potentially be required to conduct new fact discovery on new allegations of infringement long after the parties have finished discovery and dispositive motions and are supposed to be preparing for a trial.

9

Plaintiff's requests for production, including thousands of pages of emails, internal marketing documents, financial records, business plans, licensing agreements, and more, and responded to dozens of Plaintiff's interrogatories. The parties' experts then considered those documents in expert discovery, the parties cited to them in their pending summary judgment and *Daubert* motions, and the parties likely will include those documents on their exhibit lists for the June 2022 trial.

By amending the Complaint to add two more "Accused Games," Plaintiff will then demand that Take-Two collect, review, and produce new documents and written responses regarding *NBA2K21* and *NBA 2K22* in response to his document requests and interrogatories. In other words, Plaintiff's request to amend his complaint is a thinly veiled attempt at this late stage to seek to reopen fact discovery and burden Take-Two with significant work shortly before trial is scheduled to commence. As Plaintiff repeatedly argues, if *NBA 2K21* and *NBA 2K22* were amended into the Complaint, he would demand that Take-Two produce discovery related to these two additional games under the guise of insisting that Take-Two comply with Rule 26(e)'s "supplemental" discovery obligations. *See generally* Mot.[8] But this is no mere request for Rule 26(e) "supplemental" discovery—because Plaintiff's infringement allegations against *NBA 2K21* and *NBA2K22* are not pleaded in the operative Complaint, Take-Two has never been obligated to produce discovery concerning them. *See Lifeguard Licensing*, 2016 WL 3144049, at *1; *Altman*,

---

[8] Plaintiff also accuses Take-Two, without any basis, of arguing "it somehow is not bound by Rule 26 to supplement its discovery responses to the extent necessary." Mot. 6. Plaintiff's baseless accusation that Take-Two is not complying with its Rule 26(e) obligations is irrelevant to the instant motion to amend. It is also wrong. When Plaintiff made this same baseless accusation in its emails to Take-Two, Take-Two was unwavering in its response that it will comply with its obligations under Rule 26(e) as to the claims that are in this case, but that Rule 26(e) simply does not apply to discovery concerning games that have not even been accused of infringement in the Complaint. Mot. Ex. A at 4.

2010 WL 4977761, at *2.  Thus, although Plaintiff may claim that he is not seeking "new discovery," Mot. 4, there can be no doubt that he is seeking exactly that.

Lest there be any doubt that Plaintiff would seek this new discovery for *NBA 2K21* and *NBA 2K22*, his correspondence with Take-Two confirms it.  As discussed above, Plaintiff first requested to add *NBA 2K21* and *NBA 2K22* to this case in September 2021.  At that time, Plaintiff asked "if Defendants will stipulate to include NBA 2K21 and NBA 2K22 as accused games in this case."  Mot. Ex. A at 8.  Take-Two agreed on the condition that, "Plaintiff will similarly stipulate that no additional discovery will be permitted on *NBA 2K21* and *NBA 2K22*, with the sole exception that Take-Two will agree to supplement their financial document production to include relevant financial information for these two games."  Mot. Ex. A at 7.  Plaintiff rejected Take-Two's proposal.  *Id.* Ex. A at 6.

Moreover, Take-Two told Plaintiff in an October 2021 email that it could not agree because Plaintiff's amendment would potentially expand the scope of discovery—for all of the prejudicial reasons discussed above—on the eve of the parties' summary judgment and *Daubert* submission deadlines.  *Id.* Ex. A at 3–4.  Plaintiff did not respond until March of this year and did not respond to the reasons Take-Two gave for not agreeing to allow amendment, which led Take-Two to pointedly ask: "will [Plaintiff] also be requesting that Defendants supplement their written discovery responses to include discovery concerning NBA 2K21 and NBA 2K22?"  *Id.* at 1.  In response, Plaintiff sidestepped this question again and simply insisted he was "not moving to reopen fact discovery," but that Take-Two would be obligated "to supplement their discovery responses."  *Id.*  Thus, Plaintiff's argument in his brief that he "is not seeking any additional discovery" and that the only "new discovery" he is seeking is "updated financials," is misleading, at best.  Mot. 4, 7.  If that were true, he would have accepted Take-Two's

11

compromise proposal in September 2021 that offered exactly that.

* * *

Accordingly, there can be no dispute that Plaintiff did not act diligently in seeking the amend the Complaint, that Plaintiff has no justification for his lack of diligence, and that Plaintiff's request would be highly prejudicial to Take-Two as it would potentially expand the scope of discovery shortly before trial is scheduled to commence. Plaintiff cannot demonstrate "good cause" to amend the Complaint and his motion should be denied on this basis alone.

### B. The Other Factors That Courts Consider Under Rule 15(a) Also Militate Against the Allowance of Another Amendment

In addition to Plaintiff's failure to satisfy the requirements of Rule 16(b), his Motion fails under Rule 15(a). To determine whether to allow an amendment under Rule 15(a), courts in the Sixth Circuit consider, "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Miller*, 448 F.3d at 898 (quoting *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001)).

With respect to the delay in filing, the lack of notice to the opposing party, and bad faith by the moving party, these factors strongly favor denying Plaintiff's motion. As explained in detail above, Plaintiff was aware of *NBA 2K21* and *NBA 2K22* for 18 and six months, respectively, before moving to amend the Complaint. *See supra* 4. Plaintiff's only excuse for his delay is that he "gave Take-Two notice" that he believed *NBA 2K21* and *NBA 2K22* are infringing games not long after their release, but he cannot dispute that he waited a full year after *NBA 2K21's* release date to give notice that he wanted to amend the Complaint, and then waited another six months before actually doing so. Plaintiff does not offer any good faith basis for his delay, including the six-month delay between Take-Two confirming it would not consent to an

12

amendment and Plaintiff moving to amend the Complaint.  These factors weigh against amendment.  *See, e.g.*, *Duggins*, 195 F.3d at 834 ("The plaintiff was obviously aware of the basis of the claim for many months, especially since some underlying facts were made a part of the complaint.  Plaintiff delayed pursuing this claim until after discovery had passed, the dispositive motion deadline had passed, and a motion for summary judgment had been filed.  There appears to be no justification for the delay, and the plaintiff proposes none.").

Moreover, as explained in detail above, there would be significant prejudice to allowing Plaintiff's proposed amendment at this late stage.  *See supra* 7.  Plaintiff argues that there is no prejudice because his proposed amendments "do not alter the Parties, claims, or defenses." Mot. 7.  Yet, in his proposed amended Complaint, Plaintiff alleges that *NBA 2K21* and *NBA 2K22* are "***significantly different***" than the games that preceded them.  Mot. Ex. D ¶ 152, 158 (emphasis added).  Plaintiff also argues that the amendments will not require new discovery.  Mot. 7.  But as explained above, although Plaintiff says he only seeks "supplemental" discovery, he actually is seeking new discovery on games that are not accused of infringement in the operative Complaint.  *See supra* 10.

Finally, Plaintiff argues that it is he who would be prejudiced if not allowed to amend because he would have to "relitigate all the same issues in a separate proceeding."  Mot. 8.  Yet, the parties have already briefed dispositive motions and are preparing for trial on six games that are accused of infringement.  At this stage, it would be significantly more efficient to reach final judgment on the existing and extensive record that the parties have already developed.  Indeed, as Plaintiff admits, Take-Two uses the tattoos "in the same manner the previously accused games do." Mot. 2.  Once the parties have a final judgment in this case, Plaintiff can determine what claims, if any, he may bring regarding *NBA 2K21* and *NBA 2K22*.  Similarly, although Plaintiff

13

argues that amendment would not be futile, Mot. 8–9, whether Plaintiff's amendment is futile may turn on the Court's decision on the pending summary judgment motions and any final judgment in this matter. Resolving the issues that already are ripe for trial will guide the parties and the Court as to the viability of any other claim that Plaintiff may decide to bring in the future.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion should be denied for failing to satisfy both the "good cause" standard of Federal Rule of Civil Procedure 16(b) as well as the standard of Federal Rule of Civil Procedure 15(a) as interpreted by the Sixth Circuit.

Dated: New York, NY
April 5, 2022

/s/ Dale M. Cendali

Dale M. Cendali (admitted *pro hac vice)*
Joshua L. Simmons (admitted *pro hac vice*)
Chris Ilardi (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com

Miranda D. Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 385-7500
miranda.means@kirkland.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*

15