# EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN,<br><br>    Plaintiff,<br><br>v.<br><br>2K GAMES, INC. et al.,<br><br>    Defendants. | CASE NO. 1:17-cv-02635-CAB<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>**DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE INC.'S SEVENTH AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF JAMES HAYDEN'S FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Take-Two Interactive Software, Inc. ("Take-Two"), by and through its undersigned counsel, hereby amends its responses to Plaintiff James Hayden's ("Hayden" or "Plaintiff") Interrogatories, served on May 2, 2019 (the "First Set of Interrogatories" and each individually, an "Interrogatory") in the above-captioned action ("Litigation") as follows:

The video games at issue that realistically depict professional basketball players, including the NBA Players' Tattoos, with the tattoos they bear in real life are *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, *NBA 2K19, NBA 2K20*, and *NBA 2K Mobile*.  Take-Two does not depict the NBA Players' Tattoos in games other than the *NBA 2K* video games.  Take-Two plans to realistically depict professional basketball players as they appear in real life in future *NBA 2K* video games, as well.  Take-Two's discovery efforts in this Litigation are ongoing, and Take-Two reserves the right to modify and/or supplement this response in light of facts learned during discovery.

**INTERROGATORY NO. 5:**

For each Accused Game, identify on a monthly basis from January 2015 to the present the number of units sold, the gross revenue derived from those sales, and the associated deductible expenses.

**THIRD AMENDED RESPONSE TO INTERROGATORY NO. 5:**

Take-Two incorporates by reference the above-stated General Objections as if fully set forth herein.  Take-Two objects to this Interrogatory to the extent that it is compound and contains at least three subparts, each of which constitutes a separate interrogatory pursuant to Federal Rule of Civil Procedure 33(a)(1).  Take-Two objects to this Interrogatory as irrelevant to the extent that it seeks information regarding revenues not attributable to the alleged infringement.  Take-Two objects to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Take-Two will provide such information subject to a Protective Order issued by the Court governing the parties to this Litigation.  Take-Two objects to this Interrogatory to the extent that it seeks information that is or will be in the possession of Plaintiff by referring to documents, taking depositions, taking expert discovery, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.

Plaintiff has indicated that he believes that Take-Two should supplement its response to this interrogatory pursuant to Federal Rule of Civil Procedure 26(e) to provide information concerning *NBA 2K21*. That is improper and objectionable for several reasons. **First**, this interrogatory seeks information concerning the "Accused Games," which is a term that Plaintiff defined to mean "NBA 2K16, NBA 2K17, NBA 2K18, and any other game identified as infringing in any other amended complaint filed in the above-referenced action." Plaintiff, however, did not amend his complaint to include *NBA 2K21*. Thus, this interrogatory does not seek information concerning that game and, thus, no supplementation to address it is required. **Second**, in response to this interrogatory, Take-Two agreed to provide a response with regard to *NBA 2K16, NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile*. Plaintiff did not raise a dispute with the scope of the response not including *NBA 2K21* and, thus, it also has waived its ability to seek that information now, even if it had amended its complaint. **Third**, the fact discovery deadline in this case was January 31, 2020. *See* Dkt. 43. When Plaintiff previously sought belated fact discovery, the Court determined the specific parameters of that discovery and ordered that "[n]o further fact discovery will be allowed." Dkt. 50 at 4. Thus, having been denied further discovery during the actual fact discovery period, it is improper for Plaintiff to an attempt a workaround to seek additional discovery concerning a game that is not part of this case now.

Subject to, as limited by, and without waiver of the foregoing objections, Take-Two responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Take-Two identifies the following documents, from which information regarding this Interrogatory is ascertainable: TAKE-TWO_00006143–6146; TAKE-TWO_00006148–6152. Although *NBA 2K21* is not an Accused Game, as a compromise, Take-Two further identifies the following documents from

14

which information regarding that game concerning this Interrogatory is ascertainable: TAKE-TWO_00006147; TAKE-TWO_00006153. Take-Two's discovery efforts in this Litigation are ongoing, and Take-Two reserves the right to modify and/or supplement this response in light of facts learned during discovery.

**INTERROGATORY NO. 6:**

Individually for each Accused Game, identify the cost of development, including the amount of money and number of man-hours spent on development and identify all documents that support Your response.

**THIRD AMENDED RESPONSE TO INTERROGATORY NO. 6:**

Take-Two incorporates by reference the above-stated General Objections as if fully set forth herein. Take-Two objects to this Interrogatory to the extent the term "You[r]" is overly broad as indicated in General Objection No. 11. Take-Two objects to this Interrogatory to the extent the term "development" is vague and undefined. Take-Two objects to this Interrogatory to the extent that it is compound and contains at least three subparts, each of which constitutes a separate interrogatory pursuant to Federal Rule of Civil Procedure 33(a)(1). Take-Two objects to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information. Take-Two will provide such information subject to a Protective Order issued by the Court governing the parties to this Litigation. Take-Two objects to this Interrogatory to the extent that it seeks information that is or will be in the possession of Plaintiff by referring to documents, taking depositions, taking expert discovery, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.

Plaintiff has indicated that he believes that Take-Two should supplement its response to this interrogatory pursuant to Federal Rule of Civil Procedure 26(e) to provide information

Plaintiff committed fraud on the Copyright Office by failing to disclose that one or more of the Tattoos was created based on a pre-existing work, to which Plaintiff holds no rights.

Take-Two's discovery efforts in this Litigation are ongoing, and Take-Two reserves the right to modify and/or supplement this response in light of facts learned during discovery.

| | |
|---|---|
| Dated: May 14, 2021 | */s/ Dale M. Cendali* |
| | Dale M. Cendali (admitted *pro hac vice*) |
| | Joshua L. Simmons (admitted *pro hac vice*) |
| | Christopher T. Ilardi (admitted *pro hac vice*) |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | dale.cendali@kirkland.com |
| | joshua.simmons@kirkland.com |
| | chris.ilardi@kirkland.com |
| | |
| | Miranda D. Means (admitted *pro hac vice*) |
| | KIRKLAND & ELLIS LLP |
| | 200 Clarendon Street |
| | Boston, Massachusetts 02116 |
| | Telephone: (617) 385-7500 |
| | miranda.means@kirkland.com |
| | |
| | Matthew J. Cavanagh (OH 0079522) |
| | MCDONALD HOPKINS LLC |
| | 600 Superior Avenue, East, Ste. 2100 |
| | Cleveland, Ohio 44114 |
| | Telephone: 216.348.5400 |
| | Fax: 216.348.5474 |
| | mcavanagh@mcdonaldhopkins.com |
| | |
| | *Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.* |