# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | CASE NO. 1:17-cv-02635-CAB |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| 2K GAMES, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO 2K GAMES, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff James Hayden ("Hayden") requests production of the following documents and things from Defendants 2K Games, Inc. ("2K Games"), within thirty (30) days of service of these requests at the offices of Calfee, Halter & Griswold LLP, The Calfee Building, 1405 East Sixth Street, Cleveland, Ohio 44114, or at such other time and place as counsel may agree upon. The production made pursuant to these requests is governed by the Federal Rules of Civil Procedure, the Local Rules for the Northern District of Ohio, and by the Definitions and Instructions that follow. Defendants are also requested to serve a written response, separately responding to each request set out herein as required by Rule 34 of the Federal Rules of Civil Procedure.

**DEFINITIONS**

As used in Hayden's First Set of Requests for Production of Documents and Things to 2K Games, Inc., the following terms shall have the following meanings:

1. The term "**Accused Games**" means NBA 2K16, NBA 2K17, NBA 2K18, and any other game identified as infringing in any other amended complaint filed in the above-referenced action.

2. The connectives "**and**" and "**or**" shall not be construed to limit the documents or information sought or requested. When "and" is used, the request for documents or information should also be construed in the disjunctive. When "or" is used, the request for documents or information should also be construed in the conjunctive.

3. The term "**Answer**" means Defendant's Answer to Second Amended Complaint (ECF No. 18) and any other answer, defenses, or counterclaims filed in the above-referenced action.

4. The terms "**any**" and "**all**" shall be construed as "any and all."

5. The term "**Brother's Keeper Tattoo**" means the tattoo described in ¶¶ 80–86 of the Second Amended Complaint.

6. The term "**Complaint**" means Hayden's Complaint, First Amended Complaint, Second Amended Complaint, and any other amended complaint filed in the above-referenced action.

7. The terms "**concerning**" and "**concern**" or "**regarding**" and "**regard**" shall be construed broadly and include all that refers to, relates to, constitutes, describes, evidences, contains, discusses, corroborates, embodies, reflects, supports, identifies, refutes, rebuts, mentions, contravenes, states or involves in any way, a given matter.

8. The term "**Defendants**" means 2K Games, Inc. and Take-Two Interactive Software, Inc.

9. The request to "**describe**" or for a "**description**" shall mean specifying and particularizing in detail the information requested as opposed to a summary or outlined response.

10. (a) The term "**document**" has the broadest meaning permitted by Rule 34 of the Federal Rules of Civil Procedure and shall include, wherever applicable and without limitation, originals and copies and translations of any sort, whether handwritten, typed, printed or otherwise visually, aurally or electronically produced, correspondence, work papers, minutes, e-mails, memoranda, reports, summaries, notes, notebooks, diaries, appointment books, messages,

telegrams, books, letters, ledgers, photographs, renderings, pictures, drawings, sketches, blueprints, charts, tables, data sheets, motion pictures, publications, advertisements, brochures, pamphlets, recordings of any sort, agreements, communications, computer printouts, software, and information stored in a computer, magnetic disk, diskette, tape, microfilm or any other writings or recordings known to Defendants.

(b) The term "**document**" also means all drafts and copies of the original that are not identical with the original, such as those bearing marginal comments, alterations, notations or interlineations not present on the original document.

11. The term "**Fire Tattoo**" means the tattoo described in ¶¶ 66–72 of the Second Amended Complaint.

12. The term "**Gloria Tattoo**" means the tattoo described in ¶¶ 45–51 of the Second Amended Complaint.

13. The term "**Hayden**" means James Hayden and his agents, representatives, attorneys, or anyone acting on behalf of James Hayden both past and present.

14. The term "**Hayden's Registered Works**" means all the works described in ¶¶ 45–86 of the Second Amended Complaint or any other work registered with the U.S. Copyright Office described in any other amended complaint filed in the above-referenced action, including the works entitled "Gloria," "Lion," "Shoulder Stars," "Fire," "Scroll," and "Brother's Keeper."

15. The term "**Hayden's Works**" means all the works described in ¶¶ 45–121 of the Second Amended Complaint or any other work by James Hayden described in any other amended complaint filed in the above-referenced action, including the works entitled "Gloria," "Lion," "Shoulder Stars," "Fire," "Scroll," "Brother's Keeper," "LJ Design," "Akron 1984," "History," "Loyalty," and "Family."

16. The terms "**including**" and "**include**" are illustrative, and in no way a limitation of the documents or information requested and shall also mean "including without limitation."

17. The term "**Lion Tattoo**" means the tattoo described in ¶¶ 52–58 of the Second Amended Complaint.

18. The term "**NBA 2K Games**" means any game published or created by either Defendant the title of which contains, "NBA 2K."

19. The term "**person**" includes all natural or juristic persons and any business, legal or governmental entity as well as its officers, agents and representatives, including any individual, corporation, proprietorship, partnership, trust association or any other entity.

20. The term "**Plaintiff**" means James Hayden.

21. The terms "**refer to**" or "**relate to**" shall mean comprising, describing, evidencing, consisting of, referring to, reflecting, discussing, containing, corroborating, reporting, refuting, rebutting, contravening, constituting, supporting, disclosing or mentioning.

22. The term "**representative**" shall be construed broadly to include officers, directors, agents, representatives, consultants, employees, attorneys, or anyone subject to the direction and control of, or acting on behalf of, another person.

23. The term "**Scroll Tattoo**" means the tattoo described in ¶¶ 73–79 of the Second Amended Complaint.

24. The term "**Shoulder Stars Tattoo**" means the tattoo described in ¶¶ 59–65 of the Second Amended Complaint.

25. The terms "**Take-Two**" mean Take-Two Interactive Software, Inc., and any parent, successor, predecessor, sister, affiliate, subsidiary, division or related company or other business or legal entity, and their officers, directors, agents, representatives, consultants, employees,

4

attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

26. The term "**thing**" shall be construed broadly and include any physical specimen or tangible thing other than a document including, without limitation, samples, physical games, prototypes, or other physical objects known to Defendants.

27. The term "**2K Games**" and "**You**" means 2K Games, Inc., and any parent, successor, predecessor, sister, affiliate, subsidiary, division or related company or other business or legal entity, and their officers, directors, agents, representatives, consultants, employees, attorneys or anyone subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

28. The use of the singular form of any word includes the plural and vice versa.

29. The use of the present tense includes the past tense and vice versa.

**INSTRUCTIONS**

1. If Defendant claims any form of privilege, whether based on statute or otherwise, as a ground for not providing information in response to a request set forth below: (i) identify the nature of the privilege being claimed; (ii) for each document for which a privilege is claimed, state the type of document, the general subject matter of the document, the date of the document and each author, addressee, carbon copy recipient, blind carbon copy recipient and any other recipient, as well as the number of pages of the identified document; and (iii) for each oral communication for which a privilege is claimed, state the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the

communication, the date of the communication, and the general subject matter of the communication.

2. When a request does not request a specific fact, but a specific fact or facts are necessary to make the answer to the request either comprehensible, complete, or not misleading, Defendant is requested to include such fact or facts as part of the answer and the request shall be deemed specifically to request such fact or facts.

3. When a requested document is destroyed or alleged to have been destroyed, (i) state the date and reasons for its destruction, (ii) identify each person or entity having knowledge of its destruction, and (iii) identify each person or entity responsible for its destruction.

4. With respect to each document which Defendant contends is subject to a protective order or confidentiality agreement, and thus not available for disclosure without the prior consent of the other entity to such agreement, state (i) the name of the entity with whom such an agreement has been made, (ii) the name and address of the author(s) and the addressee(s), (iii) the date, (iv) the general subject matter, (v) the name and address of every recipient of the original or any copy of the documents, (vi) the name and address of each person or entity who now has the original or any copy and (vii) the identification and location of the files where the original and each copy are normally kept. Further, to the extent Defendant has not received such consent prior to the time in which such documents would otherwise be required to be produced, Defendant is instructed (i) initially to produce at least redacted forms of such documents to the extent such redacted forms have already been publicly disclosed, (ii) to identify each of the companies that have not given consent and describe the document they will not waive confidentiality as to, (iii) to produce, when such consent has been provided, complete and unredacted copies of the documents at issue, and (iv) to the extent such consent has been denied, promptly inform Hayden of such denial.

4849-0882-0885, v.3

5. With respect to the following requests, the information and documents sought are that which are current to the date of response hereto, unless otherwise stated. These requests shall be deemed continuing to the extent allowed by Rule 26(e) of the Federal Rules of Civil Procedure. Hayden requests that such supplemental responses be served as soon as possible after Defendant acquires such additional knowledge, information, documents or things.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

Documents sufficient to identify all changes, improvements, or differences to the visual appearance of NBA 2K16 and NBA 2K17, and NBA 2K17 and NBA 2K18, including but not limited to enhancements to the graphics or design changes.

**REQUEST NO. 2**

All advertisements related to the Accused Games that mention or relate to the games' visual appearance (including graphics or design), for example, players' appearances or tattoos, including without limitation social media, print, online, and television advertisements.

**REQUEST NO. 3**

All agreements purporting to grant 2K Games or Take-Two the right to depict the likenesses of LeBron James, Danny Green, or Tristan Thompson.

**REQUEST NO. 4**

All documents related to the tattoos that appear on the LeBron James, Danny Green, or Tristan Thompson avatars in the Accused Games, including all documents related to their creation, reproduction, or display.

7

**REQUEST NO. 5**

All documents related to creation of the LeBron James, Danny Green, and Tristan Thompson avatars in the Accused Games, including all documents related to the creation, reproduction, or display of the avatars' tattoos.

**REQUEST NO. 6**

All agreements between 2K Games or Take-Two and any other party related to depicting trademarked or copyrighted material in the Accused Games.

**REQUEST NO. 7**

From the first sale of each Accused Game by 2K Games to the present, documents sufficient to establish by Accused Game, sales volume, annual revenues, expenses, gross profit and net profit from each Accused Game, including documents showing: (1) the number of units of each Accused Game sold; (2) the number of units of each Accused Game in inventory; (3) the sales price for each Accused Game; (4) the cost of goods sold; (5) 2K Games' manufacturing variances by month; (6) 2K Games' gross profit resulting from the sale of each Accused Game; and (7) any costs 2K Games has deducted or intended to deduct to calculate 2K Games' gross profit and net profit for each Accused Game. This request seeks available summary documents kept in the ordinary course of business which calculate, set forth, or report the revenues, expenses, gross profit, net profit, or sales of the accessories for the Accused Games, such as monthly, quarterly or annual sales reports, management budget reports and reports showing actual performance against budget, profit and loss statements, income statements, statements of cash flow or balance sheets. This request should not be interpreted to seek records evidencing individual sales transactions, such as invoices, unless summary documents are not available.

4849-0882-0885, v.3

**REQUEST NO. 8**

All documents related to 2K Games' or Take-Two's decision to depict tattoos in the Accused Games.

**REQUEST NO. 9**

All documents related to consumer demand for the Accused Games related to tattoos, including without limitation consumer research, surveys, studies, and consumer feedback.

**REQUEST NO. 10**

All documents related to or mentioning Hayden or Hayden's Works, including without limitation any documents that contain a copy of any of Hayden's Works.

**REQUEST NO. 11**

All documents related to 2K Games' or Take-Two's policies regarding licensing third-party intellectual property for use in any games published, created, distributed, or sold by 2K Games or Take-Two.

**REQUEST NO. 12**

Any documents comparing photographs or images of LeBron James, Danny Green, or Tristan Thompson in real life and their respective avatars in the Accused Games (in final form or in draft form), including without limitation any side-by-side comparisons.

**REQUEST NO. 13**

Documents sufficient to show 2K Games' or Take-Two's development plan for each Accused Game. Such documents may include, but are not limited to, product specifications, business plans, business case documents, and other planning documents.

4849-0882-0885, v.3

**REQUEST NO. 14**

Documents sufficient to identify the differences in the texture files of the LeBron James, Danny Green, and Tristan Thompson avatars between NBA 2K16 and NBA 2K17.

**REQUEST NO. 15**

Documents sufficient to identify the differences in the texture files of the LeBron James, Danny Green, and Tristan Thompson avatars between NBA 2K17 and NBA 2K18.

**REQUEST NO. 16**

All documents that support Your allegation in Paragraph 2 of the Answer to Second Amended Complaint (ECF No. 18) that "the success of these games is unrelated to the tattoos at issue in this case."

**REQUEST NO. 17**

All documents that support Your denial of the allegations contained in Paragraphs 126, 131, 139, 141, 142, 147, 149, 150, 151, 158, 159, 160, and 168 of the Second Amended Complaint (ECF No. 12.)

**REQUEST NO. 18**

All legal opinions received from counsel regarding the legal implications of the realistic depiction of basketball players, including with the tattoos they bear in real life in NBA 2K Games.

**REQUEST NO. 19**

All communications with Aaron Perzanowski.

**REQUEST NO. 20**

All documents that 2K Games will rely on to support or prove its affirmative defenses.

Dated: May 2, 2019            Respectfully submitted,

By: */s/ Andrew Alexander*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:  dmcmullen@calfee.com
gyanchar@calfee.com
aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:kpinter@calfee.com

11

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2019, a copy of the foregoing was served via email to the following:

Dale M. Cendali (dale.cendali@kirkland.com)

David T. Movius (dmovius@mcdonaldhopkins.com)

Joshua L. Simmons (joshua.simmons@kirkland.com)

Matthew J. Cavanagh (mcavanagh@mcdonaldhopkins.com)


    /s/ *Andrew Alexander*
One of the attorneys for Plaintiff

4849-0882-0885, v.3