# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | CASE NO. 1:17-cv-02635-CAB |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| 2K GAMES, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND THINGS TO 2K GAMES, INC. (21–30)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff James Hayden ("Hayden") requests production of the following documents and things from Defendants 2K Games, Inc. ("2K Games"), within thirty (30) days of service of these requests at the offices of Calfee, Halter & Griswold LLP, The Calfee Building, 1405 East Sixth Street, Cleveland, Ohio 44114, or at such other time and place as counsel may agree upon. The production made pursuant to these requests is governed by the Federal Rules of Civil Procedure, the Local Rules for the Northern District of Ohio, and by the Definitions and Instructions that follow. Defendants are also requested to serve a written response, separately responding to each request set out herein as required by Rule 34 of the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

Hayden incorporates his "Definitions" and "Instructions" from Plaintiff's First Set of Requests for Production of Documents and Things to 2K Games, Inc., served on May 2, 2019, as if fully set forth below. In addition, the following terms have the following meanings:

1. **Scan**, **Scanned**, or **Scanning** refers to the process used by Defendants and/or any third-party to obtain images of individuals for creating avatars in the Accused Games, for example, the

process described on www.pixelgunstudio.com: "2K Sports challenged us to scan the entire NBA scattered across the country with less than 7 minutes a player. In response we deployed the world's first mobile scanning studio. Since then we have scanned some of the most recognizable athletes and movie stars of our time."

## REQUESTS FOR PRODUCTION

**REQUEST NO. 21**

All documents, including without limitation any communications with any third party, that relate or refer to Hayden, this lawsuit, or any other litigation or assertion of intellectual property rights related to use or inclusion of tattoos in video games or other works.

**REQUEST NO. 22**

All documents that refer or relate to depicting NBA players' tattoos in any NBA 2K Games.

**REQUEST NO. 23**

All communications with third-parties that participated in creating the avatars in the Accused Games that relate to intellectual property rights.

**REQUEST NO. 24**

All agreements between You and any third-party related to the creation of the avatars in the Accused Games.

**REQUEST NO. 25**

All documents, including without limitation any communications with any third-party, that relate or refer to the tattoos on people that have been scanned in relation to creating avatars.

**REQUEST NO. 26**

All documents, including without limitation any communications with any third-party, that relate or refer to intellectual property rights related to scanning people for use in any video games.

**REQUEST NO. 27**

All documents related to scanning LeBron James, Danny Green, or Tristan Thompson, including without limitation, photographs, videos or digital images of the tattoos on LeBron James, Danny Green, and Tristan Thompson, and documents discussing such tattoos.

**REQUEST NO. 28**

All agreements that relate or refer to any of the NBA 2K Games or scanning LeBron James, Danny Green, or Tristan Thompson, including without limitation all such agreements between You and Pixelgun Studios.

**REQUEST NO. 29**

All documents, including without limitation any communications with Pixelgun Studios, that relate or refer to rebuilding the bodies of the player avatars in the NBA 2K Games or improving the graphics for the players avatars.

**REQUEST NO. 30**

All licenses or agreements You have entered into, proposed, or been offered, relating to tattoos.

Dated: July 31, 2019 Respectfully submitted,

By: */s/ Andrew Alexander*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail: dmcmullen@calfee.com
gyanchar@calfee.com
aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail:kpinter@calfee.com

4

5

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2019, a copy of the foregoing was served via email to the following:

Dale M. Cendali (dale.cendali@kirkland.com)

David T. Movius (dmovius@mcdonaldhopkins.com)

Joshua L. Simmons (joshua.simmons@kirkland.com)

Matthew J. Cavanagh (mcavanagh@mcdonaldhopkins.com)

 /s/ *Andrew Alexander*
One of the attorneys for Plaintiff