IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:17-cv-02635-CAB |
| ) | |
| v. ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| 2K GAMES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT**

I. **INTRODUCTION**

Mr. Hayden has good cause for his proposed amendment of the Complaint, simply adding NBA 2K21 and NBA 2K22 to the case. (*See* Plaintiff's Motion for Leave to File Fifth Amended Complaint, ECF No. 140, and Memorandum in Support, ECF No. 140-1, (the "Motion").) Such amendment would not require any schedule changes or meaningfully change the Parties' pretrial obligations. The case could proceed unaffected. Mr. Hayden's proposed amendments do not add a new cause of action or new parties that would require Take-Two to develop new defenses (unlike in many of the cases Take-Two cites in opposition). Nor would the amendments require any new fact or expert discovery, despite Take-Two's claims otherwise. Mr. Hayden has, in fact, offered and is willing to forego his right to require Take-Two to fulfill its obligation to supplement its discovery responses that would not otherwise require supplementation but for Mr. Hayden's amendment. (Ex. A, 4-4-22 Alexander Email.) And there is no rationale behind Take-Two's suggestion, in response to that offer, that it may "potentially" need more expert discovery. (*Id.*, 4-11-22 Ilardi Email.) Take-Two's prejudice claims are baseless.

While Take-Two asks the Court in a separate filing (ECF No. 144) to continue this case *indefinitely*, in its Opposition[1] Take-Two simultaneously relies on purported "delay" as its basis for opposing Mr. Hayden's Motion. Take-Two cannot have it both ways. Take-Two continues to copy with seeming impunity and profit *immensely* from Mr. Hayden's Asserted Copyrights, year after year.[2] Indeed, Take-Two's request to indefinitely continue trial will likely put its forthcoming NBA 2K23 at issue, presuming a September 2022 release date. Take-Two simply

---

[1] "Opposition" refers to Take-Two's Opposition to Plaintiff James Hayden's Motion for Leave to File a Fifth Amended Complaint (ECF No. 142).
[2] https://mp1st.com/news/nba-2k22-has-1-9-million-gamers-playing-daily-now-at-over-8-million-units-sold

1

cannot be surprised by Mr. Hayden's claims against NBA 2K21 and NBA 2K22. As if Mr. Hayden's pending claims in this lawsuit were not enough, he also promptly gave Take-Two notice soon after both games were released.

To make Mr. Hayden pursue his claims against NBA 2K21 and NBA 2K22 in a separate proceeding is inefficient and wasteful. Take-Two's proposal that, after this case is resolved, Mr. Hayden can "reassess what, if any, claim he may attempt to bring against Take-Two" is presumptuous and an attempt to wear down Mr. Hayden with additional litigation burden and expense. If Take-Two's earlier Accused Games infringe Mr. Hayden's Asserted Copyrights (and they do), so do NBA 2K21 and NBA 2K22. Take-Two does not—and cannot—dispute this reality. There is no good reason not to include them in this case so the claims against them can be efficiently resolved.

### I. MR. HAYDEN HAS GOOD CAUSE TO AMEND HIS COMPLAINT

Mr. Hayden's Motion sets forth good cause for allowing his amended complaint. "To demonstrate good cause under Rule 16(b), a plaintiff must show that the original deadline could not have been met despite due diligence, and that the opposing party will not suffer prejudice by the amendment." *Deloitte Tax LLP v. Murray*, No. 1:20-cv-2487, 2022 WL 44661, *1 (N.D. Ohio Jan. 4, 2022). Contrary to Take-Two's Opposition, Mr. Hayden's Motion addresses both factors: Mr. Hayden demonstrated diligence (*see* Motion, pp. 5–6) and his amendment will not prejudice Take-Two (*see id.* at pp. 6–8). Moreover, this District has found good cause where the amended complaint does not "require the Defendant to respond to entirely new claims" and where the amendment "promotes judicial economy by avoiding the filing of a separate, identical [case.]" *Graiser v. Visionworks of America, Inc.*, No. 1:15-CV-2306, 2016 WL 4729301, at *2 (N.D. Ohio Sep. 12, 2016); *see also McKinney v. Bayer Corp.*, No. 1:10-cv-00224, 2011 WL

2553304, *2 (N.D. Ohio June 28, 2011) (finding it proper to grant leave to replace class representative where it would not change the nature of the case). Both are true in this case.

      A. *Mr. Hayden was diligent in notifying Take-Two of its continued infringement.*

Take-Two released both NBA 2K21 (9-4-2020) and NBA 2K22 (9-10-2021) *well after* the deadline to amend the pleadings in the case schedule (8-19-2019). No amount of diligence could have allowed Mr. Hayden to meet that deadline. Mr. Hayden promptly gave Take-Two notice after each release that he accused both games of infringing his Asserted Copyrights through supplemental discovery responses and emails. (*See* Motion, pp. 2–3.) Take-Two writes this notice off as "not sufficient," but its contention ignores the law. (*See* Opposition, p. 7.) Courts in this District have considered such notice a factor that weighs *in favor* of granting leave to amend. *Alphabet v. City of Cleveland*, No. 1:05-cv-01792, 2006 WL 8451095, *4 (N.D. Ohio June 28, 2006) (finding good cause where plaintiff gave defendant notice of his claims); *K&M International, Inc. v. NDY Toy, L.L.C.,* 1:13-cv-771, 2015 WL 12780598, *7 (N.D. Ohio Feb. 6, 2015) (finding good cause to add new accused products to copyright infringement case where plaintiff could not have reasonably amended complaint by initial deadline and where plaintiff gave defendant notice of claims).

Take-Two's claim that Mr. Hayden's Motion was "very surprising" is, to put it politely, hard to believe. Take-Two knowingly recreated Mr. Hayden's Asserted Copyrights in NBA 2K21 and NBA 2K22 so they appear just as they do in the other Accused Games, *while this case was pending*. And to the extent there was any ambiguity, Mr. Hayden made his infringement claims clear, in writing, within a month of NBA 2K21's release and on the same day Take-Two released NBA 2K22. (*See* Motion, p. 2–4.) Mr. Hayden then attempted for months in good faith to avoid unnecessary disputes and briefing in adding these games to the case by soliciting Take-

3

Two's consent and trying to address its only purported claim of prejudice (that it believed Mr. Hayden was attempting to reopen discovery). Mr. Hayden repeatedly assured Take-Two that he would not seek to reopen discovery. (*Id.*, Ex. A.) But, in the end, Take-Two would only accept a sweeping assurance from Mr. Hayden that he would purportedly waive Take-Two's obligation under Rule 26 to *supplement* its discovery responses—*i.e.*, with documents and information that Take-Two has no-doubt generated by continuing to copy Mr. Hayden's Asserted Copyrights without his permission. (*Id.*) Mr. Hayden was thus forced to seek relief from the Court.

B.  *Adding NBA 2K21 and NBA 2K22 will not prejudice Take-Two in any way.*

Take-Two's only claim of actual prejudice is that some of Mr. Hayden's discovery requests use the term "Accused Games," and the proposed amended complaint would purportedly expand that term to include NBA 2K21 and NBA 2K22. (Opp., p. 8–9.) Mr. Hayden has, however, expressly told Take-Two and represents to this Court that he would not seek supplementation on these grounds, besides updated financials (an obligation Take-Two has either way). (Ex. A, 4-7-21 Alexander Email.) Accordingly, Take-Two's obligation to supplement its discovery would *not* expand if Mr. Hayden is allowed to amend his Complaint. Take-Two's primary stated grounds for prejudice is thus non-existent.

Despite Mr. Hayden's position that he would not seek supplementation based on an expanded definition of "Accused Games" in his discovery requests, Take-Two refused to withdraw its Opposition. (*Id.*, 4-11-22 Ilardi Email.) Rather, Take-Two shifted its prejudice claim to an unsubstantiated allegation that Mr. Hayden's amendment *might* require more expert discovery and *Daubert* motions related to that speculative discovery. (*Id.*) But neither Take-Two's email nor its Opposition provide *any* facts or rationale supporting why it would need more expert discovery if NBA 2K21 and NBA 2K22 are added to the case. It will not. Mr. Hayden's

4

proposed amendment does not add new causes of action, introduce any new affirmative defenses, or add new parties. Take-Two does not—and cannot—contest this. The speculative harm (*i.e.*, that it *might* need new expert discovery), which Take-Two invents, surely does not justify denying Mr. Hayden's Motion.[3] *See Graiser*, 2016 WL 4729301, at *2 (allowing amendment under Rule 16 because "Defendant will not suffer significant prejudice" even after deadlines for summary judgment and expert reports passed).

What is more, in its April 11 email, Take-Two provided a glimpse into its real motive in opposing this amendment. Take-Two stated that it would maintain its Opposition because Take-Two previously "offered a path forward that Plaintiff declined." (Ex. A, 4-11-22 Ilardi Email.) This suggests a punitive motive behind Take-Two's steadfast opposition. Apparently because Mr. Hayden would not totally waive Take-Two's obligation to supplement its discovery, notwithstanding its continued brazen infringement, Take-Two refuses to entertain any reasonable compromise. Take-Two's take-it-or-leave-it offer is improper and seeks to sweep its Rule 26 supplementation obligations (and, to date, deficiencies) under the rug.

Indeed, Take-Two has demonstrated a "cavalier"[4] attitude in supplementing its discovery under Rule 26. In its Opposition, Take-Two only mentions Mr. Hayden's discovery requests that use the term "Accused Games," reasoning that the proposed amendments would create a new obligation to supplement these requests, given that the "Accused Games" definition is tied to the

---

[3] The cases Take-Two cites supporting its claim that it will be prejudiced are readily distinguishable. For example, *Commerce Benefits Group, Inc. v. McKesson Corp.*, 326 Fed. Appx. 369, 376 (6th Cir. 2009), *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001), and *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) all involved proposed amendments that would add completely *new causes of action*. Likewise, *Miller v. Administrative Office of Courts*, 448 F.3d 887, 897 (6th Cir. 2006) involved amending the complaint to add 23 additional factual allegations to support the plaintiff's claims. Here, Mr. Hayden's amendment would not add any new causes of action and would not require any additional discovery or briefing from the Parties.

[4] No pun intended! Although, for the record, today marks the first time since 1998 that a Cavaliers team without LeBron James has made the NBA Playoffs. (Go Cavs!)

games identified in the Complaint. (Opp. at pp. 8–9.) But Mr. Hayden has served many other discovery requests that do not use that term and for which Take-Two has undoubtedly created responsive documents when creating NBA 2K21 and NBA 2K22. (*See, e.g.*, Opp., Ex. B, Request Nos. 11, 22, 23, 26, 27, 28, 29, 30, 31, 35, 36, 39, 40, and 42; *id.*, Ex. H, Interrogatory No. 4.) Take-Two has refused to supplement these responses. As just one clear and obvious example, even after Mr. Hayden provided prompt notice regarding NBA 2K21's infringement, Take-Two refused to produce a copy of the game at Mr. Hayden's request, boldly claiming: "I am sure that you can order a copy for yourself from any retailer." (*See*, Motion, Ex. B, 5-6-21 Simmons Email.) This, despite Mr. Hayden's Request for Production No. 11, which requests "All documents related to or mentioning Hayden or Hayden's Works, including without limitation any documents that contain a copy of any of Hayden's Works." (*See* ECF No. 142-2, Request No. 11; *see also id.*, "document" definition.) Nor has Take-Two produced a copy of NBA 2K22. Mr. Hayden had to purchase the games himself for inspection. Mr. Hayden thus cannot agree to broadly waive his right to this supplementation under Rule 26, given Take-Two's open refusal to supplement or even confirm that it has produced all responsive documents and interrogatory answers (notwithstanding the proposed amended complaint).

Take-Two has no good reason to oppose this Motion other than to place additional litigation burden and expense on Mr. Hayden. Take-Two has known about Mr. Hayden's claims since it released NBA 2K21 and 2K22, and adding them to the case will not prejudice Take-Two or even change the case schedule. On the other hand, allowing Mr. Hayden to resolve these claims now promotes judicial economy by avoiding the need for Mr. Hayden to seek relief in a nearly identical separate action. *See Graiser*, 2016 WL 4729301, at *2.

## II. CONCLUSION

Mr. Hayden has demonstrated good cause to amend his Complaint. Take-Two continues to reap the benefits of using Mr. Hayden's Asserted Copyrights in its NBA 2K video games and has demonstrated no intention to stop. Mr. Hayden simply wants to resolve his well-founded claims against NBA 2K21 and NBA 2K22, which both came out *after* the deadline to amend the pleadings, in the current case. There is no good reason not to do so. The additional games require no additional fact or expert discovery, and Mr. Hayden's proposed amendment will not alter the schedule in any way. Take-Two's claim of prejudice is not based in any logic or facts—rather Take-Two is simply opposing because Mr. Hayden would not agree to look the other way regarding Take-Two's blatant refusal to supplement its discovery. Accordingly, Mr. Hayden requests that the Court grant his Motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 12, 2022 | By: */s/ Andrew Alexander* <br> John Cipolla (Ohio Bar No. 0043614) <br> Daniel McMullen (Ohio Bar No. 0034380) <br> Andrew Alexander (Ohio Bar No. 0091167) <br> Dustin Likens (Ohio Bar No. 0097891) <br> CALFEE, HALTER & GRISWOLD LLP <br> The Calfee Building <br> 1405 East Sixth Street <br> Cleveland, Ohio 44114-1607 <br> Telephone: (216) 622-8200 <br> Facsimile: (216) 241-0816 <br> jcipolla@calfee.com <br> dmcmullen@calfee.com <br> aalexander@calfee.com <br> dlikens@calfee.com <br> <br> *Of Counsel* <br> <br> Kimberly A. Pinter (Ohio Bar No. 0084277) <br> CALFEE, HALTER & GRISWOLD LLP <br> The Calfee Building <br> 1405 East Sixth Street <br> Cleveland, Ohio 44114-1607 <br> Telephone: (216) 622-8200 <br> Facsimile: (216) 241-0816 <br> kpinter@calfee.com |

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 12, 2022, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                */s/ Andrew Alexander*
                One of the attorneys for Plaintiff