# EXHIBIT A

**Alexander, Andrew**

| | |
|---|---|
| **From:** | Ilardi, Chris T. <chris.ilardi@kirkland.com> |
| **Sent:** | Monday, April 11, 2022 9:33 AM |
| **To:** | Alexander, Andrew; Simmons, Joshua L. |
| **Cc:** | #Hayden-TakeTwo; Cendali, Dale M.; Means, Miranda; mcavanagh@mcdonaldhopkins.com; Cipolla, John; McMullen, Dan; Likens, Dustin; Pinter, Kimberly; Hayden-TakeTwo |
| **Subject:** | RE: Hayden v. 2K--Motion for Leave to Amend |

Dear Andy,

Take-Two will not withdraw its opposition to Plaintiff's motion to amend the Complaint.  Contrary to what is stated in your email, Take-Two would still be prejudiced if Plaintiff agreed to not seek discovery for *NBA 2K21* and *NBA 2K22* other than an updated financial spreadsheet.  As you are well aware, not only is fact discovery closed, but so is expert discovery, dispositive motion briefing, and *Daubert* briefing.  If Plaintiff were to amend the Complaint to add these games at this very late stage, then, as explained in Take-Two's opposition brief, that would also potentially necessitate new expert discovery, *Daubert* motions related to that discovery, and summary judgment motions on the eve of trial.  *See, e.g.*, Dkt. 142 at 3 ("Take-Two will be significantly prejudiced by allowing amendment now as it will require new fact discovery, and potentially require new expert discovery, *Daubert* motions related to that discovery, and summary judgment motions, despite Plaintiff's misleading claim to the contrary.").  This prejudice is in addition to, and no less significant than, the prejudice from the additional fact discovery.  *Id.* at 8.  And, as Take-Two explained in its opposition brief, given Plaintiff's delay in moving to amend, these prejudices have become even more acute, *id.* at 8, 12–14, particularly given the changed circumstances since September 2021 when Take-Two offered a path forward that Plaintiff declined, *id.* at 11.

Best regards,
Chris

**Chris Ilardi**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3049
**F** +1 212 446 4900

chris.ilardi@kirkland.com

**From:** Alexander, Andrew <AAlexander@Calfee.com>
**Sent:** Thursday, April 7, 2022 11:20 AM
**To:** Simmons, Joshua L. <joshua.simmons@kirkland.com>
**Cc:** #Hayden-TakeTwo <HaydenTakeTwo@kirkland.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Ilardi, Chris T. <chris.ilardi@kirkland.com>; Means, Miranda <miranda.means@kirkland.com>; mcavanagh@mcdonaldhopkins.com; Cipolla, John <JCipolla@Calfee.com>; McMullen, Dan <dmcmullen@calfee.com>; Likens, Dustin <DLikens@Calfee.com>; Pinter, Kimberly <kpinter@calfee.com>; Hayden-TakeTwo <Hayden-TakeTwo@Calfee.com>
**Subject:** Hayden v. 2K--Motion for Leave to Amend

Josh,

After reviewing Take-Two's opposition to Mr. Hayden's motion for leave to amend his complaint, it is apparent that Take-Two's only purported prejudice is that, if the Court allows the amendment, Take-Two would then have to supplement responses to discovery requests that use the term "Accused Games" for NBA 2K21 and NBA 2K22 under

Rule 26. Would Take-Two agree to withdraw its opposition if Mr. Hayden agreed to not seek supplementation for the 2 new games on those grounds, other than financial information for NBA 2K21 and 2K22?

Regards,

Andy

**Andrew W. Alexander**
*Attorney at Law*

aalexander@calfee.com
216.622.8634    **Office**
216.241.0816    **Fax**

**Calfee, Halter & Griswold LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, OH  44114-1607



vCard

Calfee.com  |  Info@Calfee.com  |  888.CALFEE1

This electronic mail transmission may contain confidential and legally privileged information from the law firm of Calfee, Halter & Griswold LLP intended only for the use of the individual(s) identified as addressee(s). If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this electronic mail transmission is strictly prohibited. If you have received this transmission in error, please notify me by telephone immediately.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.