# **EXHIBIT G**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, | ) |
|                 Plaintiff, | ) CASE NO. 1:17-cv-02635-CAB |
| | ) JUDGE CHRISTOPHER A. BOYKO |
| v. | ) |
| | ) |
| 2K GAMES, INC. et al., | ) |
| | ) |
|                 Defendants. | ) |

**PLAINTIFF'S INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a)**

Plaintiff James Hayden provides under Federal Rule of Civil Procedure 26(a)(1) the following Initial Disclosures to Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively "Take-Two" or "Defendants"). Hayden makes these Initial Disclosures based on the information reasonably available at this time and subject to the scope of discovery provided under Rule 26(b), the limitations to discovery available under Rule 26(c), and objections to admissibility available under the Federal Rules of Evidence. Moreover, Hayden reserves the right to supplement these Initial Disclosures as additional discovery, investigation, and analysis may warrant.

By making these Initial Disclosures, Hayden does not represent that he is identifying every document, tangible thing, or witness possibly relevant to this case. Further, Hayden submits these Initial Disclosures subject to the understanding that they will not limit Hayden's discovery in this case or the right to supplement or amend his disclosures in the future. Hayden does not waive his rights to object to the production of any particular document pertaining to the Initial Disclosures on any basis, including, without limitation, attorney-client privilege, work

product immunity doctrine, any other privilege, relevancy, materiality, undue burden, hearsay, or any other relevant objection to its discoverability or use as evidence.

### A. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT HAYDEN MAY USE TO SUPPORT HIS CLAIMS

Without making any admissions, waivers, or ultimate determinations as to the relevance, materiality, confidentiality, or admissibility of particular information for any purpose, and without waiver of attorney-client privilege, work product immunity, or any other privilege, Hayden identifies the following individuals as likely to have discoverable information:

| Name(s) | Contact | Subject of Information Known by Witness |
|---|---|---|
| James Hayden | May be reached through: Calfee, Halter & Griswold LLP, The Calfee Building, 1404 East Sixth Street, Cleveland, Ohio 44114 | Author of the asserted works and co-owner of Focused Tattoos with knowledge of the asserted works' creation and the market for reproducing and preparing derivative works of asserted works. |
| 2K Games, Inc. | 10 Hamilton Landing, Novato, CA 94949 | Defendant and developer, publisher, and marketer of the accused games with knowledge of the creation of the accused games, including the copying of the asserted works therein, the profits generated by the sales of the accused games, and Defendants' affirmative defenses asserted in this case. |
| Take-Two Interactive Software, Inc. | 622 Broadway, New York, NY 10012 | Defendant and developer, publisher, and marketer of the accused games with knowledge of the creation of the accused games, including the copying of the asserted works therein, the profits generated by the sales of the accused games, and |

|  |  | Defendants' affirmative defenses asserted in this case. |
|--|--|--|

In addition to the above-named individuals, Hayden identifies the following categories of persons or entities who are likely to have discoverable information that Hayden may use to support his claims and defenses:

1. All persons or entities having knowledge of the sales, marketing, design, or development of the accused games, including the creation of the LeBron James, Danny Green, and Tristan Thompson avatars and the tattoos that they bear in the games.

2. All persons or entities having knowledge of Defendants' practices related to licensing third-party intellectual property for use in any games published, created, distributed, or sold by Defendants.

3. All persons and entities identified in Defendants' Rule 26(a)(1) initial disclosures.

4. Defendants' employees or agents, or former employees or agents, identified in discovery during this litigation.

5. All persons or entities identified in Defendants' discovery requests or in Defendants' responses to Hayden's discovery requests.

6. The parties' expert witness(es), who will be disclosed at the time and in the manner provided by this Court's rules.

7. All witnesses needed to authenticate or lay the foundation for a document, or to establish the chain of custody, at any trial or evidentiary proceeding in this litigation.

Hayden reserves the right to call (1) witnesses not otherwise disclosed for impeachment and/or rebuttal, (2) any witness listed by Defendants in their Rule 26 disclosures, identified in

their discovery responses, or deposed during the course of discovery, and/or (3) any witness otherwise identified or disclosed by any party, including third parties, during this litigation.

B. **DESCRIPTIONS BY CATEGORY AND LOCATION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS IN POSSESSION, CUSTODY, OR CONTROL OF HAYDEN THAT HAYDEN MAY USE TO SUPPORT HIS CLAIMS**

Without making any admissions, waivers, or ultimate determinations as to the relevance, materiality, confidentiality, or admissibility of particular information for any purpose, and without waiver of attorney-client privilege, work product immunity, or any other privilege, Hayden identifies the following documents that he may use to support his claims.

| Address | Description of the Documents |
|---|---|
| Calfee, Halter & Griswold LLP<br>The Calfee Building<br>1405 East Sixth Street<br>Cleveland, Ohio 44114 | Documents related to the registered copyrights asserted in this case, including those related to filing the application for registration. |
| Focused Tattoos<br>12745 Cedar Road<br>Cleveland, Ohio 44118 | Documents related to the creation of the asserted works and the market for reproducing and preparing derivative works of asserted works. |

C. **COMPUTATION OF DAMAGES**

Hayden is entitled to either actual damages and profits under 17 U.S.C. § 504(b) or statutory damages under 17 U.S.C. § 504(c). Hayden cannot calculate the amount of actual damages and profits for which he is entitled without discovery regarding Defendants' sales and profits for the accused games. Further, Hayden cannot provide a specific computation because Defendants continue to profit from their sales of the accused games. Hayden reserves his right to supplement these disclosures if and when Defendants produce relevant information informing this calculation. Hayden is alternatively entitled to statutory damages of up to $150,000 for each of the six copyrights Defendants have willfully infringed, equaling $900,000. In addition,

Hayden reserves his right to seek an award of his costs and expenses, including his reasonable attorneys' fees as set forth in 17 U.S.C. § 505.

### D. INSURANCE COVERAGE

Hayden is not aware of any insurance which may cover claims asserted in this case.

Dated: May 15, 2019

Respectfully submitted,

By: */s/ Andrew Alexander*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:  dmcmullen@calfee.com
         gyanchar@calfee.com
         aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:kpinter@calfee.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2019, a copy of the foregoing was served via email to the following:

Dale M. Cendali (dale.cendali@kirkland.com)

David T. Movius (dmovius@mcdonaldhopkins.com)

Joshua L. Simmons (joshua.simmons@kirkland.com)

Matthew J. Cavanagh (mcavanagh@mcdonaldhopkins.com)

    /s/ *Andrew Alexander*
One of the attorneys for Plaintiff