# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>2K GAMES, INC. et al., )<br>)<br>Defendants. ) | CASE NO. 1:17-cv-02635-CAB<br><br>JUDGE CHRISTOPHER A. BOYKO |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (1–15)**

Under the Federal Rules of Civil Procedure 26 and 33 and the Local Civil Rules for the United States District Court for the Northern District of Ohio, Plaintiff James Hayden ("Hayden") objects and responds to Defendants' (2K Games, Inc. and Take-Two Interactive Software, Inc.) (collectively ("Take-Two")) First Set of Interrogatories (Nos. 1–15) as follows:

**GENERAL STATEMENT**

Hayden's responses are made without in any way waiving or intending to waive but, on the contrary, intending to preserve and expressly preserving:

(1) the right to raise all questions or relevancy, materiality, privilege, and admissibility into evidence to any interrogatory or the answer thereto;

(2) the right to object on any grounds at any time to other interrogatories or other discovery involving the information provided; and

(3) the right to make further answers or to supplement or revise answers, as Hayden's investigation of the facts and the evidence pertinent to this action has not been completed.

Hayden's responses are each subject to his General Objections below. Further, each response contains specific objections to the applicable interrogatory request. From time to time, a

- *Lion*: James Hayden has knowledge of the creation the Lion tattoo. Other people present during the tattoo session include LeBron James, Bruno (LeBron James's bodyguard), Jon Hayden (tattoo artist at Focused Tattoos), Bernardino Tavanche (tattoo artist at Focused Tattoos).

- *Shoulder Stars*: James Hayden has knowledge of the creation the Shoulder Stars tattoo. Other people present during the tattoo session include LeBron James, Bruno (LeBron James's bodyguard), Jon Hayden (tattoo artist at Focused Tattoos), Bernardino Tavanche (tattoo artist at Focused Tattoos).

- *Fire*: James Hayden has knowledge of the creation the Fire tattoo. Other people present during the tattoo session include Danny Green, Jon Hayden (tattoo artist at Focused Tattoos), Bernardino Tavanche (tattoo artist at Focused Tattoos).

- *Scroll*: James Hayden has knowledge of the creation the Scroll tattoo. Other people present during the tattoo session include Danny Green, Jon Hayden (tattoo artist at Focused Tattoos), Bernardino Tavanche (tattoo artist at Focused Tattoos).

- *Brother's Keeper*: James Hayden has knowledge of the creation the Brother's Keeper tattoo. Other people present during the tattoo session include Tristan Thompson, Jon Hayden (tattoo artist at Focused Tattoos), Bernardino Tavanche (tattoo artist at Focused Tattoos).

Hayden's investigation is on-going, and he will supplement his response to this interrogatory with further information and documents as they become available.

**INTERROGATORY NO. 3**

IDENTIFY all PERSONS involved in registering or attempting to register the ASSERTED WORKS with the U.S. Copyright Office, including without limitation (a) preparation of the

applications; (b) communication with the U.S. Copyright Office; or (c) provision of any information used in the preparation of the applications for registration.

**RESPONSE:**

Hayden incorporates his General Statement and General Objections as if fully rewritten herein. Hayden also objects to this interrogatory because it is overbroad and unduly burdensome; for example, it requests information about Hayden tattoos that are not relevant to the claims or defenses in this case. Hayden also objects to this interrogatory to the extent the vague and ambiguous terms and phrases "involved in," "preparation of," and "provision of any information" render this interrogatory overbroad, unduly burdensome, not relevant to any claims or defenses in this case, or not proportional to the needs of the case. Hayden also objects to the extent this requests information protected by the attorney-client privilege, spousal privilege, or attorney work product doctrine.

Subject to and without waiver of the foregoing objections and its General Objections, Hayden responds as follows:

- James Hayden
- Kimberly Pinter (attorney at Calfee, Halter & Griswold LLP)

**INTERROGATORY NO. 4**

DESCRIBE any COMMUNICATIONS between HAYDEN and any of the NBA PLAYERS (including any of their agents, representatives, or others acting on their behalf) at any time CONCERNING the ASSERTED WORKS, including without limitation details about any statements, contracts, agreements, deals, understandings, or promises CONCERNING: (a) the ASSERTED WORKS, (b) future use or appearances of the ASSERTED WORKS by the NBA PLAYERS or others, and (c) the specific terms of, and details about, the transaction under which

12

the ASSERTED WORK was inked onto the particular NBA PLAYER (e.g., consideration exchanged, date of transaction, location where transaction was performed, rights granted, etc.).

**RESPONSE:**

Hayden incorporates his General Statement and General Objections as if fully rewritten herein. Hayden also objects to this interrogatory because it is overbroad and unduly burdensome; for example, it requests information not relevant to the claims or defenses in this case, including information about Hayden tattoos that are not relevant to the claims or defenses in this case. Hayden also objects to this interrogatory to the extent the vague and ambiguous terms and phrases "details about any statements . . . understandings . . . or promises," "future use or appearances of," and "the specific terms of, and details about, the transaction" render this interrogatory overbroad, unduly burdensome, not relevant to any claims or defenses in this case, or not proportional to the needs of the case. Hayden also objects to this interrogatory for containing multiple subparts and objects to the extent any subpart exceeds the allowed number of interrogatories under Fed. R. Civ. P. 33(a)(1).

Subject to and without waiver of the foregoing objections and his General Objections, Hayden responds as follows:

Hayden incorporates his response to Interrogatory No. 1 into his response to this interrogatory as if it was fully rewritten. For each work described in paragraphs 45–86 of the Complaint ("Gloria," "Lion," "Shoulder Stars," "Fire," "Scroll," and "Brother's Keeper") ("Registered Works"), Hayden's communications with the players on which the tattoos were inked were limited to the creation and design of the respective tattoo and compensation for inking the tattoo that occurred on the day Hayden inked the tattoo. Hayden did not keep records of any of

13

the individual transactions for the Asserted Works, but according to his best recollection, Hayden received the following amounts in exchange for inking the following tattoos:

- *Gloria and Lion*: Hayden received around $600 for inking the Gloria and Lion tattoos on LeBron James;

- *Shoulder Stars*: Hayden received around $300 for inking the Shoulder Stars tattoo on LeBron James;

- *Fire*: Hayden received around $200 for inking the Fire tattoo on Danny Green;

- *Scroll*: Hayden received around $250 for inking the Scroll tattoo on Danny Green;

- *Brother's Keeper*: Hayden received around $800 for inking the Brother's Keeper tattoo on Tristan Thompson.

For each Registered Work, beyond the transaction for Hayden inking the tattoos, Hayden did not discuss contracts, agreements, deals, understandings, or promises regarding the Asserted Works, including future use or appearances.

Hayden's investigation is on-going, and he will supplement his response to this interrogatory with further information and documents as they become available.

**INTERROGATORY NO. 5**

IDENTIFY all PERSONS with whom HAYDEN has communicated CONCERNING the ASSERTED WORKS, including without limitation CONCERNING his applications to register the ASSERTED WORKS with the U.S. Copyright Office.

**RESPONSE:**

Hayden incorporates his General Statement and General Objections as if fully rewritten herein. Hayden also objects to this interrogatory because it is overbroad and unduly burdensome; for example, it requests information not relevant to the claims or defenses in this case, including

14

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2019, a copy of the foregoing was served via email to the following:

Dale M. Cendali (dale.cendali@kirkland.com)

David T. Movius (dmovius@mcdonaldhopkins.com)

Joshua L. Simmons (joshua.simmons@kirkland.com)

Matthew J. Cavanagh (mcavanagh@mcdonaldhopkins.com)

                                          /s/ *Andrew Alexander*
                                          One of the attorneys for Plaintiff