# EXHIBIT E

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>2K GAMES, INC. et al.,<br><br>　　　　Defendants. | CASE NO. 1:17-cv-02635-CAB<br><br>JUDGE CHRISTOPHER A. BOYKO<br><br>**DEFENDANT TAKE-TWO INTERACTIVE SOFTWARE INC.'S SEVENTH AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF JAMES HAYDEN'S FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Take-Two Interactive Software, Inc. ("Take-Two"), by and through its undersigned counsel, hereby amends its responses to Plaintiff James Hayden's ("Hayden" or "Plaintiff") Interrogatories, served on May 2, 2019 (the "First Set of Interrogatories" and each individually, an "Interrogatory") in the above-captioned action ("Litigation") as follows:

*2K19*, *NBA 2K20*, and *NBA 2K Mobile* is to create accurate video games that simulate professional basketball. As the NBA players at issue have tattoos and these players were accurately depicted in the games at issue, their tattoos also were depicted. Take-Two's discovery efforts in this Litigation are ongoing, and Take-Two reserves the right to modify and/or supplement this response in light of facts learned during discovery.

**INTERROGATORY NO. 10:**

Did You seek or obtain an opinion of counsel regarding the legal implications of the depiction of basketball players with the tattoos they bear in real life in NBA 2K Games and, if so, when did you seek and when did you obtain such an opinion?

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 10:**

Take-Two incorporates by reference the above-stated General Objections as if fully set forth herein. Take-Two objects to this Interrogatory to the extent the term "You" is overly broad as indicated in General Objection No. 11. Take-Two objects to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information. Take-Two will provide such information subject to a Protective Order issued by the Court governing the parties to this Litigation. Take-Two objects to this Interrogatory to the extent that it is compound and contains at least two subparts, each of which constitutes a separate interrogatory pursuant to Federal Rule of Civil Procedure 33(a)(1). Take-Two objects to this Interrogatory to the extent that it seeks information that is subject to the attorney-client privilege, the work-product privilege, the joint defense privilege, and/or any other applicable privilege or protection. Take-Two objects to this Interrogatory as exceeding the number allowed under Federal Rule of Civil Procedure 33(a)(1).

Subject to, as limited by, and without waiver of the foregoing objections, Take-Two responds as follows: Take-Two does not intend to rely on an opinion of counsel at this time.

Take-Two's discovery efforts in this Litigation are ongoing, and Take-Two reserves the right to modify and/or supplement this response in light of facts learned during discovery.

**INTERROGATORY NO. 11:**

Describe Your current and past policies for licensing or clearing intellectual property rights for content used in any games You sell, publish, distribute, or develop and, to the extent not included in the foregoing, describe Your current and past policies with respect to reproducing tattoos in any of Your games or other content.

**FIRST AMENDED RESPONSE TO INTERROGATORY NO. 11:**

Take-Two incorporates by reference the above-stated General Objections as if fully set forth herein.  Take-Two objects to this Interrogatory to the extent the term "You[r]" is overly broad as indicated in General Objection No. 11.  Take-Two objects to this Interrogatory as overly broad and irrelevant to the extent that it is neither limited in temporal scope nor limited to the claims and defenses at issue in this Litigation, namely, the use of tattoos on the NBA Players.  Take-Two objects to this Interrogatory as vague and ambiguous to the extent that the term "policies" is unclear and undefined.  Take-Two objects to this Interrogatory to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Take-Two objects to this Interrogatory to the extent that it seeks information that is subject to the attorney-client privilege, the work-product privilege, the joint defense privilege, and/or any other applicable privilege or protection.  Take-Two will provide such information subject to a Protective Order issued by the Court governing the parties to this Litigation.  Take-Two objects to this Interrogatory to the extent that it seeks information that is or will be in the possession of Plaintiff by referring to documents, taking depositions, taking expert discovery, or any other means of obtaining discovery in this Litigation that is more convenient, efficient, practical, and less burdensome.  Take-Two objects to this Interrogatory as exceeding the number allowed under Federal Rule of Civil Procedure 33(a)(1).