IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JAMES HAYDEN,** | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:17-cv-02635-CAB |
| | ) |
| v. | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| **2K GAMES, INC., et al.,** | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiff James Hayden ("Mr. Hayden") respectfully moves for leave to submit the attached Sur-Reply in response to a new and material misstatement of fact made by Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively "Take-Two") in Defendants' Supplemental Reply in Support of Defendants' Summary Judgment ("Defendants' Supplemental Reply").

Mr. Hayden should be granted leave to file a sur-reply because Mr. Hayden cannot otherwise respond to this new and material misstatement. "Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially 'when new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key v. Shelby County*, 551 Fed. Appx. 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)).

For the first time in its Supplement Reply, Take-Two incorrectly represents to the Court that "it is ***not disputed*** that the Tattoos were published by Plaintiff." ECF Dkt. No. 162, at 7 (emphasis added). This is not true. Mr. Hayden *explicitly* disputed that he published the Tattoos.

1

*See,* ECF Dkt. No. 139, at fn. 5 ("Mr. Hayden does *not* concede that any of the Asserted Works has been 'published'" (emphasis added). Further, Mr. Hayden did not address publication in his supplemental brief because this issue is plainly beyond the scope of the limited purpose for which this Court permitted supplementation (*e.g.*, to address the testimony of the NBA players). Additionally, the Certificates of Registration for the Asserted Copyrights—which Take-Two, astonishingly, cites in *support* (!) of its claim the works are published—say *nothing* about publication. This is the exact sort of factual misstatement that triggers a non-moving party's right of sur-reply. *See NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 836 (S.D. Ohio 2019) ("Good cause for a sur-reply also exists where a party seeks to 'clarify misstatements' contained in the reply brief.") (citing *Guyton v. Exact Software N. Am.*, 2015 WL 9268447, at *4 (S.D. Ohio Dec. 21, 2015)).

Moreover, Defendants' incorrect representation is highly material to several issues: Mr. Hayden's right to elect certain remedies under the Copyright Act, *see* 17 U.S.C. § 412, the presumption of validity of Mr. Hayden's copyrights under 17 U.S.C. § 410(c), and Defendants' fair use defense.  For example, immediately following their foregoing misstatement (*i.e.*, that "it is not disputed that the Tattoos were published by Plaintiff"), Defendants pointedly concede that "unpublished works… get more protection" in fair use analysis, citing "*Castle v. Kingsport Publ'g Corp.*, No. 19 Civ. 92, 2020 WL 7348157, at *6 (E.D. Tenn. Dec. 14, 2020)." ECF Dkt. No. 162, at 7. Moreover, Defendants claim—*incorrectly*—that three of Mr. Hayden's works are not entitled to the presumption of validity because he registered them more than five years after publication.[1]

---

[1] In addition, for the first time in their proposed jury instructions (ECF Dkt. No. 174-3, fn. 6), Take-Two claims that if Mr. Hayden's works are *unpublished*, they are not entitled to the presumption of validity under § 410(c). This is not the law. Take-Two cites two unpublished, out-of-Circuit cases in support, quoting one as "finding nothing in the Copyright Act 'speaks to what kind of evidentiary weight should be afforded, prima facie or otherwise, to

2

Even in the absence of good cause, courts regularly grant leave to file sur-replies where the non-moving party will not be prejudiced. *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 836 (S.D. Ohio 2019) (citing *Burt v. Life Insurance Co. of North America*, 2006 WL 4633539, at *3 (S.D. Ohio Aug. 7, 2006)). Here, Defendants will not be prejudiced because no delay will result, and no new issues are raised. First, Mr. Hayden has already prepared, and attached, the proposed Sur-Reply. Second, Mr. Hayden responds on a narrow and limited basis to Take-Two's new and material misstatement. In the absence of delay or any new argument, Take-Two is not prejudiced by the filing of the attached Sur-Reply. Accordingly, Mr. Hayden should be granted leave to file the attached Sur-Reply.

Thus, for good cause shown, and because it will cause no prejudice to Take-Two, this Court should grant Mr. Hayden leave to file the attached Sur-Reply. For the Court's convenience, a proposed order granting such leave is attached as Exhibit A.

---

*unpublished* works.'" Other courts, including in this Circuit, however, have expressly held that unpublished works *are* entitled to the presumption of validity. *Libertas Technologies, L.L.C. v. Cherryhill Management, Inc.*, No. 1:10-cv-935, 2012 WL 6085264, at *7 (S.D. Ohio Dec. 6, 2012); *Rogers v. Better Business Bureau of Metropolitan Houston, Inc.*, 887 F. Supp. 2d 722, 728 (S.D. Tex. 2012); *Silverman v. CBS Inc.*, 632 F. Supp. 1344, 1351 (S.D.N.Y. 1986).

|  |  |
|---|---|
| Dated: August 5, 2022 | Respectfully submitted,<br><br>By: */s/ Andrew Alexander*<br>John Cipolla (Ohio Bar No. 0043614)<br>Daniel McMullen (Ohio Bar No. 0034380)<br>Andrew Alexander (Ohio Bar No. 0091167)<br>Dustin Likens (Ohio Bar No. 0097891)<br>CALFEE, HALTER & GRISWOLD LLP<br>The Calfee Building<br>1405 East Sixth Street<br>Cleveland, Ohio 44114-1607<br>Telephone: (216) 622-8200<br>Facsimile: (216) 241-0816<br>jcipolla@calfee.com<br>dmcmullen@calfee.com<br>aalexander@calfee.com<br>dlikens@calfee.com<br><br>*Of Counsel*<br><br>Kimberly A. Pinter (Ohio Bar No. 0084277)<br>CALFEE, HALTER & GRISWOLD LLP<br>The Calfee Building<br>1405 East Sixth Street<br>Cleveland, Ohio 44114-1607<br>Telephone: (216) 622-8200<br>Facsimile: (216) 241-0816<br>kpinter@calfee.com |

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 5, 2022, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                */s/ Andrew Alexander*
                One of the attorneys for Plaintiff