# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JAMES HAYDEN,** | ) |
| Plaintiff, | ) ) ) CASE NO. 1:17-cv-02635-CAB |
| v. | ) ) JUDGE CHRISTOPHER A. BOYKO ) |
| **2K GAMES, INC., et al.,** | ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' SUPPLEMENTAL REPLY IN
SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff James Hayden ("Mr. Hayden") submits this Sur-Reply to 2K Games, Inc. and Take-Two Interactive Software, Inc.'s ("Take-Two's") Supplemental Reply in Support of Defendants' Motion for Summary Judgment. ECF Dkt. No. 95.

**I.  Introduction**

For the first time in Defendants' Supplemental Reply in Support of Defendants' Motion for Summary Judgment ("Defendants' Supplemental Reply"), Take-Two states that "it is ***not disputed*** that the [Asserted] Tattoos were published by Plaintiff." ECF Dkt. No. 162, at 7 (emphasis added). This is both demonstrably wrong, *see*, *e.g.*, ECF Dkt. No. 139, at fn. 5 ("Mr. Hayden does ***not*** concede that any of the Asserted Works has been 'published'" (emphasis added)), and wholly unsupported by the Certificates of Registration for the Asserted Works, which Take-Two cites (improperly) in support of its misstatement.

Furthermore, Defendants' misstatement is material, insofar as the publication status of the Asserted Tattoos is relevant to Mr. Hayden's right to elect certain remedies under the Copyright Act, *see* 17 U.S.C. § 412, the presumption of validity based on registrations of his

copyrights, and Defendants' fair use defense. Indeed, immediately following their foregoing misstatement, Defendants pointedly concede that "unpublished works… get more protection" in fair use analysis, citing "*Castle v. Kingsport Publ'g Corp*., No. 19 Civ. 92, 2020 WL 7348157, at *6 (E.D. Tenn. Dec. 14, 2020)." ECF Dkt. No. 162, at 7.

**II.     Mr. Hayden Does Not Concede That Any of the Asserted Works Have Been Published**

In his Reply Brief in Support of Plaintiff's Motion for Partial Summary Judgement, ECF Dkt. No. 139, Mr. Hayden explicitly states that he "does not concede that any of the Asserted works has been published.'" *Id.* at fn. 5. Indeed, Mr. Hayden disputes that any of the Asserted Works have been published, 17 U.S.C. § 101, or that Take-Two has met its burden to *show* that any of the Asserted works have been published. "'Publication' is the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending," 17 U.S.C. § 101, but "[a] public performance or display of a work does ***not*** of itself constitute publication." *Id*. (emphasis added). Critically, the Supreme Court has made clear that the right of first publication belongs to the *copyright owner*, *see Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 555 (1985)—in this case, Mr. Hayden—such that Take-Two's unauthorized sales and distribution of its infringing games cannot constitute publication.

**III.    The Certificates of Registration for the Asserted Works, Cited by Defendants, Do *Not* Show That the Asserted Works Have Been Published**

Furthermore, Take-Two's citation to Exhibits C–H to the Fourth Amended Complaint—*i.e*., the copyright Certificates of Registration for the Asserted Works—is wrong and misleading. Absolutely nothing in the single-page copyright Certificates of Registration supports Take-Two's groundless assertion that "it is not disputed that the Tattoos were published by Plaintiff," ECF Dkt. No. 162, at 7, or that any of the Asserted Works has been published. In fact, under the heading, "Completion/Publication" in each of the Certificates appears the clearly-labeled, "Year

2

of Completion"—and ***not*** "Publication"—of the copyrighted work. (This is such a basic distinction that one is hard-pressed to believe Take-Two and its copyright-sophisticated counsel did not fully comprehend its meaning.) As shown below, the form copyright application *separately* requests the "YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED" and the "DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK" (but "ONLY if this work has been published").

[form excerpt showing Section 3: "YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED — This information must be given in all cases." and "DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK — Complete this information ONLY if this work has been published. Month ___ Day ___ Year ___ Nation ___"][1]

Mr. Hayden's copyright registrations identify the "Year of Completion," not the year of publication:

[registration excerpt: "Completion/Publication — Year of Completion: 2007"][2]

## IV. CONCLUSION

For the foregoing reasons and those in Mr. Hayden's prior briefs, Mr. Hayden respectfully requests that the Court completely disregard and reject outright Take-Two's claim that the Asserted Works were published—let alone that such claim is "undisputed"!—and its arguments based thereon (including that the Asserted Tattoos should not enjoy the greater protection admittedly afforded to unpublished works). Moreover, for these reasons and those set forth in Mr. Hayden's Opposition Briefs, the Court should deny Take-Two's Motion for Summary Judgment.

---

[1] https://www.copyright.gov/forms/formva.pdf
[2] *See, e.g.*, ECF Dkt. No. 25-3.

Dated: August 5, 2022

Respectfully submitted,

By: */s/ Andrew Alexander*
John Cipolla (Ohio Bar No. 0043614)
Daniel McMullen (Ohio Bar No. 0034380)
Andrew Alexander (Ohio Bar No. 0091167)
Dustin Likens (Ohio Bar No. 0097891)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
aalexander@calfee.com
dlikens@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com