UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, <br><br> Plaintiff, <br><br> v. <br><br> 2K GAMES, INC. et al., <br><br> Defendants. | CASE NO. 1:17-cv-02635-CAB <br><br> JUDGE CHRISTOPHER A. BOYKO |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR LEAVE TO FILE SUR-REPLY</u>**

Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc. (together, "Take-Two") submit this brief in opposition to Plaintiff's Motion for Leave to File a Sur-Reply in response to Take-Two's Supplemental Reply in Support of Take-Two's Motion for Summary Judgment, Dkt. 176 ("Mot.").

Plaintiff requests a sur-reply to address publication of the Tattoos, an issue he ***waived*** by failing to address it in either his Opposition or his Supplemental Opposition to Take-Two's summary judgment motion. *See*, *e.g.*, *Wood v. U.S. Bank Nat'l Ass'n*, No. 17 Civ. 2234, 2019 WL 1255229, at *3 (N.D. Ohio Mar. 19, 2019) ("A party waives opposition to an argument by failing to address it in her responsive brief ... the [c]ourt is not required to consider the[] merits and may grant judgment in [the moving party's] favor.").[1] Take-Two first asserted that the

---

[1] Trying to save himself from waiver, Plaintiff asserts that he disputed the issue of publication. He, however, cites to a brief in support of a different motion. Dkt. 139 (Pl.'s Rpl. Supp. Summ. J.) n.5. That is insufficient, as the argument is still waived as a grounds for opposing the motion on which Plaintiff seeks a sur-reply: Take-Two's summary judgment motion. *See Navigators Specialty Ins. Co. v. Guild Assoc., Inc.*, No. 14 Civ. 1676, 2016 WL 6947933, at *10 (S.D. Ohio Nov. 28, 2016) (finding the defendant did not make "*any* argument[s] in response to" the plaintiff's motion on an issue "in her responsive brief" thereto and thus waived it). Moreover, even in the cited briefing, Plaintiff vaguely states he does not "concede" the issue, but tellingly ***does not deny***

Tattoos were published in its *opening* summary judgment brief. Dkt. 95-01 ("Br.") at 16–17 (asserting "the Tattoos were published"). Plaintiff tellingly did not respond to or dispute this argument. *See generally* Dkt 109 ("Opp."). Likewise, despite the fact that the NBA Players testified to facts relevant to publication, Dkt. 162 ("Defs.' Suppl. Rpl.") at 7, Plaintiff's Supplemental Opposition is silent on the issue. *See generally* Dkt. 156 ("Pl.'s Suppl. Opp."). The argument has thus been waived. *See Ohio Star Transp. LLC v. Roadway Exp., Inc.*, No. 8 Civ. 261, 2010 WL 3666982, at *3 (S.D. Ohio Sept. 14, 2010) (granting summary judgment and finding the plaintiff's failure to respond to an argument, "thereby waiv[ed] its ability to challenge the argument").

In addition to Plaintiff's clear waiver, sur-replies "***are highly disfavored***, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *See Liberty Legal Found. v. Nat'l Democratic Party of the USA,* 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (emphasis added; internal quotation marks omitted). This is just such a case. Plaintiff asks for a sur-reply on an issue that he did not address in his Opposition or Supplemental Opposition, so that he may belatedly contest the Tattoos' publication under the guise that Take-Two "misrepresented" to the Court that this issue was undisputed. That is wrong for several reasons.

***First***, contrary to Plaintiff's argument, Take-Two did not introduce any new legal or factual arguments on the issue of publication in its Supplemental Reply. *See Key v. Shelby County*, 551 F. App'x 262, 265 (6th Cir. 2014) (The Sixth Circuit has held that a "district court does not abuse its discretion in denying" leave to file a sur-reply where the opposing party's reply did not raise any new legal "arguments" or "introduce new evidence."). Consistent with its

---

that the Tattoos were published or put forward ***any*** argument or evidence as to why they should not be considered published.

2

opening brief, Take-Two asserts that the Tattoos are published because Plaintiff indisputably inked the Tattoos on the bodies of the NBA Players, who went on to regularly appear in media with the Tattoos. Br. 4–5. Plaintiff does not identify any factual disputes on publication, even in his proposed second sur-reply. *See* Dkt. 176-01. The NBA Players' testimony, which Take-Two cites in its Supplemental Reply, merely confirmed these known and undisputed facts. Defs.' Supp. Rpl. 7. The Tattoos are thus published as a matter of law, as Take-Two asserted unambiguously in its opening brief. Br. 16–17; *see* U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 1906.1 (3d ed. 2021) (noting "[i]f a work exists only in one copy, the work may be considered published if that copy is offered to a group of persons with the authorization of the copyright owner," for example, "[p]ublication occurs when the original copy of a statue is offered to a group of museums for the purpose of publicly displaying the work.").

***Second***, Take-Two did not misstate the record on whether the issue of publication is disputed. Bald accusations of a misstatement of the record are not sufficient to justify the filing of a sur-reply. *See KNC Investments, LLC v. Lane's End Stallions, Inc.*, No. Civ. 12-08, 2012 WL 3776510, at *1 (E.D. Ky. Aug. 30, 2012) (denying motion for leave to file sur-reply where motion did not assert that movant "made new substantive arguments in its reply, only that it misstated the record" and finding the record "is readily available for the court to review.").[2] Here, Take-Two correctly informed the Court that Plaintiff did not dispute the issue of publication in his Opposition or Supplemental Opposition, a fact that the Court can see for itself.

***Third***, in any case, whether the Tattoos were "published" under the Copyright Act is not material to the outcome of Take-Two's summary judgment motion. The only portion of Take-

---

[2] In the case on which Plaintiff relies, one party had misrepresented the factual status of state court litigation, a separate case; that case did not involve a dispute as to the record presently before the court. *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 836 (S.D. Ohio 2019).

Two's summary judgment motion to which publication is relevant is the second fair use factor (nature of the copyrighted work). Although courts have held that publication bears on consideration of that factor, it is actually a shorthand for the question of whether the plaintiff controlled the "'first public appearance' of his work." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1178 (9th Cir. 2013). Where the plaintiff's work is widely disseminated, whether published or not, it "tends to weigh in favor of the fair use of that work." *Id.* (image on Internet and L.A. streets); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th Cir. 2003) (photographs posted on the Internet); *Bell v. Worthington City Sch. Dist.*, No. 18 Civ. 961, 2020 WL 2905803, at *8 (S.D. Ohio June 2, 2020) (work's "widely published nature" weighs in favor of fair use). Here, there is no dispute that Plaintiff inked the Tattoos on the bodies of famous athletes who went on to show them publicly and in media. Br. 4–5. Regardless of whether doing so legally constitutes publication, it is undisputed that Plaintiff inked the Tattoos. Thus, the second fair use factor weighs in favor of fair use regardless. And, regardless, that factor "has rarely played a significant role in the determination of a fair use dispute." *Authors Guild v. Google, Inc.*, 804 F.3d 202, 220 (2d Cir. 2015).[3]

---

[3] Plaintiff also raises issues that are not related to Take-Two's summary judgment motion and, thus, wholly irrelevant. ***First***, Plaintiff argues that publication is relevant to his ability to obtain remedies under 17 U.S.C. § 412. Mot. 2. Plaintiff, however, is not entitled to statutory damages or attorney's fees because he did not register the Tattoos until after the alleged infringement commenced. Br. 29. If the Tattoos were unpublished, the remedies are unavailable. 17 U.S.C. § 412(1). If they were published, Plaintiff would have three months to register them after first publication (i.e., when they were inked), *id.* § 412(2), but Plaintiff did not do that either. Br. 29–30. Thus, whether the Tattoos are published does not change the fact that these remedies are not available to Plaintiff.

***Second***, Plaintiff asserts that publication is relevant to whether his copyrights are entitled to a presumption of validity. Mot. 2. Plaintiff, however, did not raise the presumption of validity in his Opposition. *See generally* Opp. And, even if he had, the defenses on which Take-Two moved for summary judgment (fair use, license, *de minimis* use, and substantial similarity) apply ***regardless*** of whether Plaintiff's copyrights are valid. *See e.g.*, *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994) (finding fair use applied where copying would otherwise "be an infringement").

***Third***, Plaintiff's attempt to argue the parties' jury instructions through a motion to file a sur-reply brief, Mot. 2 n.1, is inappropriate. Further, Plaintiff is wrong, and there is extensive case law supporting a finding that the presumption is not available for unpublished works. *See, e.g.*, *Logicom Inclusive, Inc. v. W.P. Stewart & Co.*,

If Plaintiff wished to argue that the Tattoos were unpublished, then he could have raised that argument in his Opposition. He did not, and the time to do so is over. The summary judgment motion already been extensively briefed. More importantly, the facts underscoring the Tattoos' inking are not disputed, and the Tattoos' legal status as published or unpublished is clear, but frankly immaterial to resolution of the motion given that the Tattoos are widely disseminated. By attempting to insert into the summary judgment briefing arguments that will not change the outcome of Take-Two's motion, Plaintiff seeks to obtain an unfair advantage that prejudices Take-Two, which will not have an opportunity to respond to them. Plaintiff should not be able to use to his advantage his own failure to raise these points properly in his Opposition. *See Hinton v. General Motors Corp.*, No. 18 Civ. 13155, 2019 WL 1455229, at *1–2 (E.D. Mich. Apr. 2, 2019) (denying motion for leave to file sur-reply because Plaintiff had been "given notice and a reasonable opportunity to respond" and "should not be granted a sur-reply merely because he desires 'to have the last word on a matter'"). Thus, Take-Two respectfully requests that the Court deny Plaintiff's motion.

---

No. 4 Civ. 604, 2004 WL 1781009, at *6 (S.D.N.Y. Aug. 10, 2004) (finding § 410(c) does not mandate a presumption of validity for unpublished works); *Mayimba Music, Inc. v. Sony Corp. of Am.*, No. 12 Civ. 1094, 2014 WL 5334698, at *10 n.8 (S.D.N.Y. Aug. 19, 2014) (same); *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.,* 224 F. Supp. 2d 567, 595 (S.D.N.Y. 2002), *aff'd in part, rev'd in part, vacated in part on other grounds,* 380 F.3d 624 (2d Cir. 2004) (explaining that an unpublished copyright registration does not constitute *prima facie* evidence of the validity of a copyright under 17 U.S.C. § 410(c)).

DATED: August 9, 2022

/s/ Dale M. Cendali
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Chris T. Ilardi (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com

Miranda Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 385-7500
miranda.means@kirkland.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that August 9, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

Dated: August 9, 2022               */s/ Dale M. Cendali*
                                                   *Attorney for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*