### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **JAMES HAYDEN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**2K GAMES, INC., et al.,** )<br>)<br>Defendants. ) | CASE NO. 1:17-cv-02635-CAB<br><br>JUDGE CHRISTOPHER A. BOYKO |

### UNOPPOSED MOTION FOR LEAVE TO AMEND WITNESS LIST AND FILE SUPPLEMENTAL DEPOSITION DESIGNATIONS

Plaintiff James Hayden ("Mr. Hayden") respectfully moves under this Court's standing Trial Order and Fed. R. Civ. P. 16 for leave to (1) amend his Proposed Witness List to clarify that he intends to submit deposition testimony from the witnesses he identified in his Initial Deposition Designations, as served on Defendants 2K Games, Inc. and Take-Take-Two Interactive Software, Inc. (collectively "Take-Two") on August 1, 2022, and reserving his right to call any witness in his rebuttal case that Take-Two calls as a witness, (2) supplement his Initial Deposition Designations with additional testimony he intends to submit at trial, and (3) file his Supplemental Deposition Designations to the extent required at this time by the Court. Mr. Hayden has conferred with Take-Two, and Take-Two does not oppose Mr. Hayden's Motion.

In his initial Trial Brief (Dkt. # 170), Mr. Hayden gave notice that he intends to call James Hayden, Darren Palmer, Justin Lenzo, Tolga Bilgicer, and Michal Malkiewicz as witnesses in support of his case. (Trial Br., pp. 8 – 9, Dkt. # 170.) In addition, on August 1, 2022, Mr. Hayden also served Take-Two with his Initial Deposition Designations (Ex. A), which identified portions of eleven depositions that Mr. Hayden may submit as evidence either in his

1

case-in-chief or in his rebuttal case at trial: Alfie Brody, Anton Dawson, Michael Stauffer, Corie Zhang, Winnie Hsieh, Joel Friesch, Jeff Thomas, Jason Argent, LeBron James, Danny Green, and Tristan Thompson. Although these names were not included in the proposed witness list in his Trial Brief, Mr. Hayden would like to confirm that he *does* intend to introduce deposition testimony from these individuals' (in either his case-in-chief or rebuttal case) at trial, as noticed in his initial Deposition Designations. (*See* Initial Deposition Designations, Ex. A). Mr. Hayden seeks leave to file an Amended Trial Witness List (Ex. B[1]) to make this clarification on the record. Take-Two will not be prejudiced by this amendment, as it was earlier put on notice that Mr. Hayden intends to submit deposition testimony from these witnesses; moreover, there are still over three months until trial. The instant Motion is filed in good faith and simply intended to document Mr. Hayden's intention to submit the deposition testimony he has identified as evidence at trial (to the extent his initial Trial Brief and Initial Deposition Designations are not clear on that point). To the extent this clarification requires a modification of the Court's Scheduling Order (Dkt. # 305, 307), good cause exists for the reasons stated above.

In addition, since serving his Initial Deposition Designations, Mr. Hayden has identified some additional deposition testimony from the witnesses identified therein that was inadvertently omitted but is highly relevant to the case and which he intends to submit as evidence at trial. Mr. Hayden seeks leave to supplement his Initial Deposition Designations to include these portions of the transcripts. These Supplemental Deposition Designations (Ex. C[2]) will not prejudice Take-Two, as they do not add any new witnesses to Mr. Hayden's Initial Deposition Designations, Take-Two has had the relevant deposition transcripts since at least early 2020, and Take-Two

---

[1] The attached exhibit shows the additions from Mr. Hayden's initial Proposed Witness List (Dkt. # 170) highlighted in yellow.
[2] The attached exhibit shows additions from Mr. Hayden's initial Deposition Designations in redline.

counsel was present at each deposition. Moreover, Mr. Hayden does not oppose an extension to September 12, 2022, for Take-Two to provide its objections and counter-designations. Such an extension would not require any other changes to the trial schedule (wherein the Final Pretrial Conference is not scheduled until October 17, 2022, and trial is not scheduled until November 14, 2022). Moreover, this Court's standing Trial Order permits notification of opposing counsel of depositions intended as trial evidence up to seven days before the Final Pretrial (J. Boyko Trial Order, ¶ 6), which is not scheduled until October 17, 2022. Upon appreciating the need for supplementation, Mr. Hayden promptly provided Take-Two notice thereof with copies of his Supplemental Deposition Designations on August 12, 2022, over two months before the Final Pretrial conference and over three months before Trial. For the reasons set forth above, good cause exists to allow Mr. Hayden's supplement. *See Hinkle v. Ford Motor Co.*, No. 3:11-24-DCR, 2012 WL 5878683, at \*3 (E.D. Ky. Nov. 21, 2012) (allowing supplemental deposition designations where there was no prejudice to opposing party).

Further, it is Mr. Hayden's understanding that the Scheduling Order and standing Trial Order required exchanging, but not filing, initial deposition designations by August 1, 2022 (Trial Order, ¶ 6, ("counsel proposing to use such deposition shall notify opposing counsel at least seven days before the Final Pretrial")), whereafter the parties would then exchange counter-designations and objections on August 29, 2022. It is Mr. Hayden's understanding that these designations, counter-designations, and objections would then be filed with the Court along with the relevant portions of the transcripts pursuant to this Court's Trial Order, ¶ 6 ("Any objections to portions of the deposition must be filed in writing with the Court"). Insofar as Take-Two has filed its initial deposition designations, Mr. Hayden seeks leave to file his Initial Deposition Designations and Supplemental Deposition Designations at this time to ensure he is in

compliance with this Court's Scheduling and Trial Order. Good cause exists, as Take-Two will not be prejudiced by such filing, it was served with Mr. Hayden's Initial Deposition Designations on August 1, 2022, and there is still over two months before the scheduled Final Pretrial Conference.

For the reasons set forth above, good cause exists to grant Mr. Hayden's motion.

Dated: August 16, 2022

Respectfully submitted,

By: */s/ Andrew Alexander*
John Cipolla (Ohio Bar No. 0043614)
Daniel McMullen (Ohio Bar No. 0034380)
Andrew Alexander (Ohio Bar No. 0091167)
Dustin Likens (Ohio Bar No. 0097891)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
aalexander@calfee.com
dlikens@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2022, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                             */s/ Andrew Alexander*
                                             One of the attorneys for Plaintiff