IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JAMES HAYDEN,** | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:17-cv-02635-CAB |
| | ) |
| v. | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| **2K GAMES, INC., et al.,** | ) |
| | ) |
| Defendants. | ) |

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY

In their opposition to Mr. Hayden's Motion for Leave to File Sur-Reply, Defendants, 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two"), try to distract from two erroneous and misleading representations they made in their supplemental summary judgment brief (Dkt. # 162) and attempt to make the issue about waiver. Mr. Hayden's proposed Sur-Reply simply seeks to correct and clarify these two misleading representations: (1) that Mr. Hayden does not dispute that his works were published, and (2) that his certificates of copyright registration are evidence of publication. Both incorrect representations are misleading and warrant an opportunity for Mr. Hayden to respond.

First, Mr. Hayden *does* dispute—in the record—that his works are published. Claiming otherwise while omitting Mr. Hayden's statement is pointedly misleading. In his Reply Brief in Support of Plaintiff's Motion for Partial Summary Judgment, Mr. Hayden specifically stated that he "does not concede that any of the Asserted Works has been 'published[.]'" (Dkt. # 139, fn. 5.) Take-Two's election to omit that fact while claiming that Mr. Hayden does not dispute publication makes its statement not merely wrong, but patently misleading. This is true whether Mr. Hayden expressed his position on publication in response to Take-Two's summary judgment

1

motion or in support of *his own* summary judgment motion. Take-Two's transparent attempt to make this about "waiver" is groundless and premature.[1]

Second, Take-Two citing Mr. Hayden's certificates of copyright registrations *in support* of its claim that Mr. Hayden does not dispute publication makes it even more misleading. This citation suggests that Mr. Hayden said something in his copyright applications that confirms publication. But *nothing* in Mr. Hayden's certificates of registration supports—in *any* way—Take-Two's claim, as explained in Mr. Hayden's Motion for Leave to File Sur-Reply and in his proposed Sur-Reply. (Dkt. # 176, p. 2, Ex. A, proposed Sur-Reply, p. 3.)

Further, Take-Two's Opposition (Dkt. # 177) is conspicuously silent on this erroneous and misleading citation (in apparent recognition that nothing can be said to justify it). Instead, Take-Two ignores what it cited to the Court and essentially argues that it does not matter because Mr. Hayden did not dispute publication *in his opposition to Take-Two's motion for summary judgment*.[2] (Dkt. # 177, p. 3.) Take-Two's silence about the misleading citation, however, speaks volumes and is alone enough to allow Mr. Hayden's proposed Sur-Reply, so he can clarify that misrepresentation.[3] *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 836 (S.D. Ohio 2019)

---

[1] None of the waiver cases Take-Two cites address the circumstances here, in which a party seeks to file a sur-reply in response to incorrect and misleading statements made in the opposing party's reply brief. Moreover, none of the cases Take-Two cites stand for the proposition that a party waives its right to respond to an argument unless it does so in its *next-filed* opposition brief. *Take-Two* raised the publication issue by making new, misleading, and demonstrably incorrect statements in its supplemental reply brief, which Mr. Hayden should be allowed to address.

[2] In what appears to be an attempt to distract from its erroneous citation, Take-Two offers alternative purported support from the *Compendium of U.S. Copyright Office Practices*, but this is also wrong. (Dkt. # 177, p. 3.) All the examples therein require offering copies to "a group," which is consistent with the language of the Copyright Act, requiring "distribution of copies . . . *to the public*." *See*, 17 U.S.C. § 101 (Definition of "Publication") and *Compendium of U.S. Copyright Office Practices* § 1906.1 (3d ed. 2021). Creating and inking a tattoo on one individual is clearly not the same as offering a statue to a "group of museums for the purpose of publicly displaying the work."

[3] Take-Two also suggests that publication is not relevant to his remedies, but this is incorrect and *assumes* that none of the infringements commenced after Mr. Hayden's copyrights were registered. Mr. Hayden also disputes this assumption. (*See*, *e.g.*, Dkt. # 109, p. 30.) Take-Two further suggests that publication is not relevant to the presumption of validity for his copyrights because unpublished works are not entitled to the presumption. This is incorrect, as it ignores the plain text of the Copyright Act (17 U.S.C. § 410(c)), ignores the case law from District

("Good cause for a sur-reply also exists where a party seeks to 'clarify misstatements' contained in the reply brief.") (citing *Guyton v. Exact Software N. Am.*, No. 2:14-cv-502, 2015 WL 9268447, at *4 (S.D. Ohio Dec. 21, 2015)).

For the reasons stated above and in Mr. Hayden's Motion for Leave (Dkt. # 176), Mr. Hayden respectfully asks this Court to grant his Motion for Leave to file his proposed Sur-Reply.

Dated: August 16, 2022

Respectfully submitted,

By: */s/ Andrew Alexander*
John Cipolla (Ohio Bar No. 0043614)
Daniel McMullen (Ohio Bar No. 0034380)
Andrew Alexander (Ohio Bar No. 0091167)
Dustin Likens (Ohio Bar No. 0097891)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
aalexander@calfee.com
dlikens@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

---

Courts in this Circuit (*see, e.g.*, *Libertas Technologies, L.L.C. v. Cherryhill Management, Inc.*, No. 1:10-cv-935, 2012 WL 6085264, at *7 (S.D. Ohio Dec. 6, 2012)), and relies solely on out-of-Circuit District Court cases, including cases that squarely *refute* Take-Two's position, (*see Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. Of Contemporary Dance, Inc.*, 224 F. Supp. 2d 567, 585 (S.D.N.Y. 2002) (finding "prima facie evidence of ownership of copyright in [at least five] unpublished works")).

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2022, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                              */s/ Andrew Alexander*
                                              One of the attorneys for Plaintiff