UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES HAYDEN,** | ) | CASE NO. 1:17CV2635 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **SHOW CAUSE ORDER** |
| | ) | |
| **2K GAMES, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

Upon review of the parties' trial briefs and related filings, the Court has identified significant issues which require clarification prior to the trial of this matter.

I. Defendants asserted the affirmative defense of Fraud on the Copyright Office in their Answer to the Fourth Amended Complaint (the operative Complaint) on September 3, 2019: "Plaintiff's claims are barred, in whole or in part, to the extent his claims are based on copyright registrations that are factually inaccurate, those inaccuracies were willful, and the Copyright Office relied on those inaccuracies." Defendants elaborated on that defense in their Amended Trial Brief, pointing to Plaintiff's knowing use of pre-existing original works such as the Sistine Chapel ceiling and the Venetian Resort playing card logo. Furthermore, in their proposed jury instructions, Defendants insert a footnote: "If the jury finds that the copyright registrations contain inaccuracies that Plaintiff knew to be inaccurate, Take-Two reserves the right to request a referral to the Copyright Office under § 411(b) to determine whether such accuracies would have resulted in a refusal of the registrations. If it would, Plaintiff has not satisfied 17 U.S.C. § 411(a)."

Congress amended 17 U.S.C. § 411 by adding subsection (b) to create a new procedure that requires courts to seek the advice of the Copyright Office on issues that may involve fraud on the Copyright Office. "In any case in which inaccurate information described under paragraph (1) is **alleged**, the court **shall request** the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." See 17 U.S.C. § 411(b)(2). (Emphasis added).

The plain language of § 411(b) is unequivocal that referral to the Register of Copyrights is automatic and mandatory. Moreover, a finding of invalidity of Plaintiff's copyrights would be dispositive of the litigation; and should not be left to a post-trial determination by the Register, as Defendants suggest. The Court is loathe to delay final disposition, waste judicial and juror resources and allow for an inappropriate advisory jury verdict.

Therefore, Defendants shall show cause on or before Friday, May 5, 2023 at 12:00 noon ET, why the Court should not make an immediate referral to the Register of Copyrights to answer whether inaccuracies in Plaintiff's applications for copyright, if known, would have caused the Copyright Office to refuse registration. Plaintiff is not prohibited from addressing the issue directed to Defendants.

II. The record in this case shows that Plaintiff applied for Supplemental Registrations for Scroll D.G. and Fire D.G. tattoos on NBA player Danny Green, carving out for registration only the enhancements, accents, shading and other design elements surrounding existing tattoos (presumably by another artist). The effective date for those Supplemental Registrations was July 30, 2019. The original Complaint in this action was filed on

December 18, 2017.

The policy of the Copyright Office as set forth in the Copyright Compendium dictates that Plaintiff-Applicant should notify the Copyright Office of the existence of pending litigation. A supplemental registration may be granted during litigation if the change is a spelling mistake, clerical error, or change to the title of the work. Material misstatements, that might result in rejection of a copyright application, "are those which go toward the registrability of the materials themselves, such as originality ... the nature of materials to be copyrighted ... and contested claims of authorship and ownership." *Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, No. 3:17cv42, 2019 WL 4647305, *7 (S.D. Ohio Western Division , September 24, 2019)(citing *Jedson Eng'g, Inc. v. Spirit Constr. Servs., Inc.*, 720 F.Supp.2d 904, 913-14 (S.D. Ohio 2010).

On or before Friday, May 5, 2023 at 12:00 noon ET, Plaintiff shall show cause why the matter of the Supplemental Registrations should not also be referred to the Register of Copyrights to answer whether the knowledge of pending litigation and the material changes bearing on authorship and originality would have resulted in a refusal of registration. Defendants are not prohibited from addressing the issue directed to Plaintiff.

**IT IS SO ORDERED.**

**DATE:  4/27/2023**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**