UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | CASE NO. 1:17CV2635 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| 2K GAMES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u> :

This matter comes before the Court upon the Show Cause Order (ECF DKT #217) and the parties' Briefs in Response (ECF DKT #224 & ECF DKT #225).

Plaintiff James Hayden filed his original Complaint on December 18, 2017. His Fourth Amended Complaint was filed on August 19, 2019, alleging copyright infringement by Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (ECF DKT #33). Defendants develop and market interactive video games such as the basketball simulation series "NBA 2K." Plaintiff is a tattoo artist who asserts that he obtained copyright registrations for six tattoos inked on Danny Green, LeBron James and Tristan Thompson. These three NBA players are depicted, along with those tattoos, as avatars in the NBA 2K

video game series. This Copyright Infringement lawsuit is set for a Jury Trial on June 14, 2023.

Defendants have asserted the Affirmative Defense of Fraud on the Copyright Office in their Answer to the Fourth Amended Complaint and have reasserted the defense in their Amended Trial Brief and Proposed Jury Instructions. Defendants allege that there are inaccuracies in four of Plaintiff's asserted tattoo registrations. Defendants allege that Plaintiff knowingly failed to disclose to the Copyright Office that he copied or incorporated pre-existing works and that, in any event, his designs are insufficiently original to merit copyright registration.

The relevant statute reads in pertinent part:

17 U.S.C. § 411 - Registration and civil infringement actions

(b)(1) A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless--

(A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and

(B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

(b)(2) In any case in which inaccurate information described under paragraph (1) is alleged, the court **shall** request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration. (Emphasis added).

Upon consideration of the allegations in the record, the Court finds that Defendants' challenges implicate the Copyright Office's registration practices; and therefore, the Court is duty-bound to refer questions to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2). The Court laments the impact this action will have on the scheduled proceedings and acknowledges the work put into this case by both sides. However, the Court finds fault with both Plaintiff and Defendants for the necessity of this last-minute decision; and will not shirk its statutory responsibility as laid out in the plain language of § 411(b)(2). Moreover, the Court will not disregard the expertise of the Copyright Office nor will the Court substitute its own judgment for that of the Register of Copyrights.

The following are the copyright registrations at issue:

• "**Lion**" (Reg. No. VAu 1-271-044), tattooed on LeBron James, completed in 2008 with the effective date of registration of September 6, 2016;

• "**Fire D.G.**" (Reg. No. VAu 1-287-552), tattooed on Danny Green, completed in 2012 with the effective date of registration of August 11, 2017; Supplementary Registration (Reg. No. VAu 1-365-279) including only the design, creation and placement of flames surrounding and accenting character image and text and the addition of shading, accenting and design aesthetics to flames and character image (effective date July 30, 2019);

• "**Scroll D.G.**" (Reg. No. VAu 1-287-545), tattooed on Danny Green, completed in 2012 with the effective date of registration of August 11, 2017; Supplementary Registration (Reg. No. VAu 1-365-277) including only design elements around the scroll, including the cloud designs, decorative spear head and character image around

the edge of the scroll, and the shading in and around all elements (effective date July 30, 2019);

• **Brother's Keeper T.T**." (Reg. No. VAu 1-292-453), tattooed on Tristan Thompson, completed in 2012 with the effective date of registration of August 11, 2017.

It is Ordered:

By May 18, 2023, the parties shall confer and submit agreed proposed questions for referral to the Register of Copyrights under § 411(b)(2). If the parties are unable to agree, then each side may provide specific questions to pose to the Register for the Court's consideration.

Further, the Jury Trial in this case is continued until further order of the Court, pending an answer from the Copyright Office.

**IT IS SO ORDERED.**

**DATE: May 11, 2023**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**