**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES HAYDEN, <br><br> Plaintiff, <br><br> v. <br><br> 2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC., <br><br> Defendants. | CASE NO. 1:17-cv-02635-CAB <br><br> JUDGE CHRISTOPHER A. BOYKO |

**[PROPOSED] REQUEST TO THE UNITED STATES REGISTER OF COPYRIGHTS PURSUANT TO 17 U.S.C. § 411(b)(2)**

Pursuant to 17 U.S.C. § 411(b), Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc. (together, "Take-Two") have alleged that inaccurate information is contained in the certificates of registration for the following works:

- **"Lion"** (Reg. No. VAu 1-271-044) with an effective date of registration of September 6, 2016 (the "Lion Tattoo");

- **"Brother's Keeper T.T."** (Reg. No. VAu 1-292-453) with an effective date of registration of August 11, 2017 (the "Brother's Keeper Tattoo");

- **"Fire D.G."** (Reg. No. VAu 1-287-552; Supp. Reg. No. VAu 1-365-279) with an effective date of registration of August 11, 2017, and an effective date of supplemental registration of July 30, 2019 (the "Fire Tattoo"); and

- **"Scroll D.G."** (Reg. No. VAu 1-287-545; Supp. Reg. No. VAu 1-365-277) with an effective date of registration of August 11, 2017, and an effective date of supplemental registration of July 30, 2019 (the "Scroll Tattoo").

1

This Court's orders concerning Take-Two's allegations, Dkts. 193, 217, 226, as well as the parties' submissions in that regard, Dkts. 224, 224-01–04, 225, 225-01–02, are attached as **Exhibits 1–5**.

Pursuant to 17 U.S.C. § 411(b)(2), the Court hereby requests the advice of the Register of Copyrights on the following questions:

**Mr. Hayden's Proposed Questions:**

1. Would the Register of Copyrights have refused registration for the Lion Tattoo if she knew that Mr. Hayden referenced a playing card with the Lion of Venice imagery on it as a source of inspiration for the Lion Tattoo? If so, would the Register have allowed amendment to correct the application to allow for registration?

2. Would the Register of Copyrights have refused registration for the Brother's Keeper Tattoo if she knew that Michelangelo's Sistine Chapel was one source of inspiration for the Brother's Keeper Tattoo? If so, would the Register have allowed amendment to correct the application to allow for registration?

3. Would the Register of Copyrights have refused registration for the Brother's Keeper Tattoo if she knew that the phrase "my brother's keeper" can be found in the Bible, among other places in the public domain? If so, would the Register have allowed amendment to correct the application to allow for registration?

4. Does the Register of Copyrights require litigation status to be included with an application for supplementary registration? If so, would the Register have refused the applications for supplementary registration to correct information in the Fire Tattoo and Scroll Tattoo copyrights if the Register knew that they were asserted

            in a pending litigation at the time the applications for supplementary registration were filed?

5. Would the Register of Copyrights have refused registration of the Fire Tattoo if she knew that the deposit copy included preexisting material? If so, would the Register have allowed amendment to correct the application to allow for registration?

6. Would the Register of Copyrights have refused registration of the Scroll Tattoo if she knew that the deposit copy included preexisting material? If so, would the Register have allowed amendment to correct the application to allow for registration?

**Take-Two's Proposed Questions:**

1. Had Plaintiff disclosed that the tattoo entitled "Lion" contained preexisting material from and/or was an unauthorized derivative of the logo of the Venetian Hotel, would the Register of Copyrights have refused to register "Lion"?

2. Had Plaintiff disclosed that the tattoo entitled "Brother's Keeper T.T." contained preexisting material from the Sistine Chapel and the Bible, would the Register of Copyrights have refused to register "Brother's Keeper T.T."?

3. Had Plaintiff disclosed that the tattoo entitled "Fire D.G." contained preexisting material from and/or was an unauthorized derivative of another author's work depicting a basketball player, would the Register of Copyrights have refused to register "Fire D.G."? Would she have refused to issue the supplemental registration for "Fire D.G." had the Register of Copyrights known of this litigation?

3

4

4.       Had Plaintiff disclosed that the tattoo entitled "Scroll D.G." contained preexisting material from and/or was an unauthorized derivative of another author's work depicting a scroll, would the Register of Copyrights have refused to register "Scroll D.G."? Would she have refused to issue the supplemental registration for "Scroll D.G." had the Register of Copyrights known of this litigation?

                                                                       Judge Christopher A. Boyko
                                                            UNITED STATES DISTRICT COURT