UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | CASE NO. 1:17CV2635 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| 2K GAMES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REQUEST TO REGISTER OF COPYRIGHTS PURSUANT TO 17 U.S.C. § 411(b)(2)

Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. have alleged that inaccurate information is contained in the certificates of registration for the following works:

• "**Lion**" (Reg. No. VAu 1-271-044), tattooed on LeBron James, completed in 2008 with the effective date of registration of September 6, 2016;

• "**Fire D.G.**" (Reg. No. VAu 1-287-552), tattooed on Danny Green, completed in 2012 with the effective date of registration of August 11, 2017; Supplementary Registration (Reg. No. VAu 1-365-279) with the effective date of July 30, 2019;

• "**Scroll D.G.**" (Reg. No. VAu 1-287-545), tattooed on Danny Green, completed in 2012 with the effective date of registration of August 11, 2017; Supplementary Registration (Reg. No. VAu 1-365-277) with the effective date of July 30, 2019;

• "**Brother's Keeper T.T**." (Reg. No. VAu 1-292-453), tattooed on Tristan

Thompson, completed in 2012 with the effective date of registration of August 11, 2017.

Pursuant to 17 U.S.C. § 411(b)(2), the Court requests the advice of the Register of Copyrights on the following questions:

1. Would the Register of Copyrights have refused to register the tattoo entitled "Lion" (Reg. No. VAu 1-271-044) if the Register of Copyrights had known that the application was based upon or incorporated preexisting material from the trademarked logo of the Venetian Resort (U.S. Trademark Reg. No. 3,429,884)?

 

Pre-existing Venetian Logo            Tattoo

2. Would the Register of Copyrights have refused to register the tattoo entitled "Brother's Keeper T.T." (Reg. No. VAu 1-292-453) if the Register of Copyrights had known that the work was based upon or incorporated pre-existing materials from the Sistine Chapel and the Bible?

 

Pre-existing Sistine Chapel Painting           Tattoo

3. Would the Register of Copyrights have refused to register the tattoo entitled "Fire D.G." (Reg. No. VAu 1-287-552) if the Register of Copyrights had known that the work was derivative of, or incorporated pre-existing material from another author who was not identified and which depicted a basketball player?

 

Pre-existing Tattoo      Tattoo

4. Would the Register of Copyrights have refused to register the tattoo entitled "Scroll D.G." (Reg. No. 1-287-545) if the Register of Copyrights had known that the work was derivative of, or incorporated pre-existing material from another author who was not identified and which depicted a scroll?

 

Pre-existing Tattoo    Tattoo

5. Would the Register of Copyrights have refused the applications for supplementary registration of "Fire D.G." (Supplemental Reg. No. VAu 1-365-279) and "Scroll D.G." (Supplemental Reg. No. VAu 1-365-277) if the Register of Copyrights had known that the **excluded** material was the work of another author? Would the **included** material described by the applicant as cloud-like designs, flames, shading, accenting, design aesthetics,

decorative spear head, etc. have been considered sufficiently original to warrant registration by the Copyright Office?

The Court respectfully requests a response from the Register of Copyrights 30 days after receipt of this 17 U.S.C. § 411(b)(2) Request.

**DATE: May 2, 2023.**

                                         **s/Christopher A. Boyko**
                                         **CHRISTOPHER A. BOYKO**
                                         **United States District Judge**