## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| JAMES HAYDEN, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 1:17-cv-02635-CAB |
| v. | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| 2K GAMES, INC., et al., | ) ) | |
| Defendants. | ) ) | |

### PLAINTIFF'S PROPOSED CASE MANAGEMENT SCHEDULE

Plaintiff, James Hayden, respectfully submits the following proposed case management schedule. Mr. Hayden met with counsel for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") on August 29, 2023, but the Parties were unable to agree on a schedule.

**I.    Mr. Hayden's Proposed Schedule**

- <u>September 13, 2023</u>: Mr. Hayden to file supplementary registration applications for Lion Tattoo and Brother's Keeper Tattoo, consistent with the suggestion of the Register of Copyrights (*see* Dkt. #231-1 ("Response")). Mr. Hayden asks this Court to advise the Copyright Office to review these applications promptly (*see* Response, p. 19).

- <u>October 13, 2023</u>: Proposed deadline for Parties to file the following amended pre-trial submissions:

  - Trial Briefs

  - Omnibus Motions in Limine

1

        o   Deposition Designations

- **November 13, 2023**: Proposed deadline for Parties to file Oppositions to Omnibus Motions in Limine.

- **January 8, 2024**: Trial start date.

## II.    Mr. Hayden's Justification for Proposed Schedule

Supplementary Registration Applications

On May 25, 2023, this Court referred several questions to the Register of Copyrights to seek its guidance as to whether the statutory safe harbor provision in the Copyright Act (17 U.S.C. § 411(b)) applied to the alleged inaccuracies in some of Mr. Hayden's certificates of copyright registration. (Dkt. #229.) In particular, the Court asked the Register whether certain inaccuracies would have caused the Register to refuse registration. (*Id.*) In its August 21, 2023 Response, the Register answered that it would *not* have refused registration had it known of the alleged inaccuracies. The Register found that if it had known that the Lion Tattoo and Brother's Keeper Tattoo were based upon or incorporated preexisting material, it (1) would have asked Mr. Hayden to disclose and exclude the preexisting material and identify the new material added to the designs (Response, pp. 12, 14) and (2) would have found both tattoo designs to be ***sufficiently creative to warrant registration*** (*id.* at pp. 13, 16). The Register also found that Mr. Hayden "appropriately utilized the supplementary registration procedures to amend the claim to copyright for [the Fire Tattoo and Scroll Tattoo]." (*Id.* at p. 2.) Accordingly, Mr. Hayden's certificates of registration are valid and "satisfy[y] the requirements of [17 U.S.C. § 411(a).]" *See* 17 U.S.C. § 411(b)(1). Moreover, because the safe-harbor provision of Section 411(b) "was intended to codify the fraud on the Copyright Office doctrine" (*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F. 4th 1054, 1066 (9th Cir. 2022)), the Register's Response conclusively

2

rebuts and defeats Take-Two's affirmative defense of fraud on the Copyright Office. Trial should proceed on the damages resulting from Take-Two's infringement and Take-Two's three defenses (fair use, *de minimis* use, and implied license) without further delay.

By September 13, 2023, Mr. Hayden intends to file supplementary registration applications for his Lion Tattoo and Brother's Keeper Tattoo, consistent with the Register of Copyrights' suggestion. (Response, p. 19 ("Mr. Hayden may likewise file supplementary registration applications to correct the omissions in the Lion and Brother's Keeper T.T. Registrations by excluding the preexisting designs from his claims to copyright.").) Mr. Hayden respectfully asks this Court to advise the Copyright Office to examine these applications promptly, as the Register has already confirmed that the designs warrant registration. (*Id.* at pp. 13, 16.) This is obviously the most logical and efficient next step following the Register's Response. *See Olem Shoe Corp. v. Washington Shoe Co.*, No. 09-23494-CIV, 2011 WL 6202282, at *3 (S.D. Fla. Dec. 1, 2011) (allowing supplementary registrations following Register's Response).

Take-Two disagrees with Mr. Hayden's proposed schedule, in part because, surprisingly, it reportedly intends to move for summary judgment based on the Register's Response. (Ex. A, Means 9-5-23 Email.) Take-Two has not explained its grounds or basis for doing so (*see id.*), and Mr. Hayden submits the Response does not support summary judgment for Take-Two on *any* issue. Mr. Hayden thus vigorously opposes Take-Two's effort to further delay trial in this case by attempting to reopen summary judgment briefing. As explained above, the Register of Copyrights has determined that the alleged inaccuracies would *not* have caused it to refuse registration. Indeed, the Register stated  affirmatively that the Lion and Brother's Keeper Tattoos *are* sufficiently creative to warrant registration: "Mr. Hayden's modifications to the Venetian

Resort logo, which include his structured interpretation of the lion's face and mane, variations to the wing and shield, and shading applied to the body and shield, to be sufficiently creative to warrant registration" and "the non-standard shapes and shading surrounding the phrase [I am My Brother's Keeper] constitute a sufficient amount of additional creative authorship to be registered as a derivative work." (Response, pp. 13, 16.) The Register's Response is unequivocal: it would not have refused registration; rather, "it would have sought the applicant's permission to amend the claims" and then *allowed* registration. (*Id.* at pp. 1–2, 13, 16.)

In sum, there is simply no legitimate basis for contesting the validity of these copyrights —the issue of validity is settled in Mr. Hayden's favor.

To the extent Take-Two argues that summary judgment briefing is appropriate in its proposed schedule, Mr. Hayden intends to file a response that addresses Take-Two's specific arguments.

Trial and Pre-trial Filings

Mr. Hayden has sought eagerly to try his case to a jury as quickly as possible. But since being set as early as June 20, 2022, trial has been vacated four times, albeit sometimes for unavoidable reasons. Most recently, trial was scheduled for June 14, 2023, but was vacated to allow the Copyright Office to provide guidance on Mr. Hayden's copyright registrations and the statutory safe harbor provision. In view of the Register's definitive Response, trial should be rescheduled as soon as possible without unnecessary delay.

Mr. Hayden's proposed trial start date of January 8, 2024, allows time for the Copyright Office to review and accept Mr. Hayden's supplementary registration applications (as the Register contemplated) and the Parties to resubmit their pretrial filings. Take-Two did not provide any counterproposal for a trial date, but claimed its earliest availability was not until

April 2024, seven months from now. (Ex. A, Means 9-5-23 Email.) Such further delay is clearly excessive.

<u>Mr. Hayden's Related Case Filed on August 31, 2023</u>

On August 31, 2023, Mr. Hayden filed a related case asserting the same six copyrighted tattoos that are asserted in the above-captioned case against Take-Two, accusing NBA 2K21 of copyright infringement (the "1721 Case"). Mr. Hayden previously sought leave to amend his complaint in the case presently at bar to accuse NBA 2K21 of infringement (Dkt. #140), which motion was denied (Dkt. #147). Mr. Hayden filed the 1721 Case to preserve his rights in light of the three-year limit on recovery for copyright infringement (NBA 2K21 was released on September 4, 2020).

For all the reasons set forth in his prior memorandum in support of his motion for leave to amend (Dkt. #140-1), Mr. Hayden believes that the most efficient path forward is to consolidate the 1721 Case with this case. Put simply, including NBA 2K21 as an accused product in this case would require virtually no additional work by the Parties or this Court. It would not require any additional fact or expert discovery (which were already undertaken) and it would not change Mr. Hayden's cause of action or Take-Two's asserted defenses. NBA 2K21 reproduces each of the asserted copyrights without Mr. Hayden's permission, and the nature of the infringement is the same as in the other Accused Games. Further, Take-Two has already produced financial information related to NBA 2K21 and both parties' damages experts have submitted expert reports that include NBA 2K21. Adding NBA 2K21 to the instant action would be no more than a clerical matter; trying it anew would needlessly replicate the litigation to date.

That said, Mr. Hayden sought consent from Take-Two to jointly move to consolidate without reopening discovery but Take-Two declined. (Ex. A, Means 9-5-23 Email.) Mr. Hayden

strongly desires to proceed to trial on the above-captioned case without any further delays. Accordingly, if this Court is not inclined to consolidate the 1721 Case with the above-captioned case without reopening discovery or any other further delays, Mr. Hayden has secured agreement from Take-Two to jointly move to stay the 1721 Case pending the outcome of the above-captioned case. (Ex. A, Alexander 9-5-23 Email.)

## III.    Conclusion

The Register of Copyrights' Response precludes Take-Two's attacks on the validity of Mr. Hayden's copyright registrations and Take-Two's affirmative defense of fraud on the copyright office. Trial should proceed without any further delay, only to determine whether Take-Two can establish any of its three affirmative defenses (fair use, *de minimis* use, and implied license) and the amount of damages that should be awarded to Mr. Hayden for Take-Two's infringement. The issue of whether Mr. Hayden owns valid copyrights is settled.

Mr. Hayden respectfully requests that the Court adopt his proposed schedule to timely resolve this case.

Dated: September 6, 2023

Respectfully submitted,

By: */s/ Andrew Alexander*
John Cipolla (Ohio Bar No. 0043614)
Daniel McMullen (Ohio Bar No. 0034380)
Todd R. Tucker (Ohio Bar No. 0065617)
Andrew Alexander (Ohio Bar No. 0091167)
Josh A. Friedman (Ohio Bar No. 0091049)
Dustin Likens (Ohio Bar No. 0097891)
Brandon E. Brown (Ohio Bar No. 0097013)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
ttucker@calfee.com
aalexander@calfee.com
jfriedman@calfee.com
dlikens@calfee.com
bbrown@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's System.

*/s/ Andrew Alexander*