IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, </br></br>  Plaintiff, </br></br> v. </br></br> 2K GAMES, INC., et al., </br></br>  Defendants. | CASE NO. 1:17-cv-02635-CAB </br></br> JUDGE CHRISTOPHER A. BOYKO |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANTS'
PROPOSED CASE MANAGEMENT SCHEDULE**

Plaintiff James Hayden respectfully moves for leave to file an Opposition to Defendants' Proposed Case Management Schedule. On September 6, 2023, Mr. Hayden filed his Proposed Case Management Schedule. (Dkt. #233.) In response on September 13, 2023, Defendants, 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two"), filed their Proposed Case Management Schedule. In that filing, Take-Two provided its purported grounds for (1) filing a second summary judgment motion, and (2) delaying trial until April 2024. This was the first time Mr. Hayden was able to review and assess Take-Two's positions on these issues and has not had an opportunity to address Take-Two's particular arguments to this Court.[1] Accordingly, Mr. Hayden respectfully requests leave to file an Opposition to raise the following matters, which Mr. Hayden believes are highly relevant for considering Take-Two's Proposed Case Management Schedule and support adopting Mr. Hayden's Proposed Case Management

---

[1] On September 5, counsel for Mr. Hayden asked Take-Two to explain its grounds for filing a new motion for summary judgment but Take-Two did not respond. (*See* Dkt. #234-2.)

1

Schedule. Mr. Hayden also respectfully requests a brief conference with the Court to discuss the forthcoming schedule.

*First*, Take-Two waived its opportunity to move for summary judgment on its purported pre-suit registration and fraud on the Copyright Office defenses.[2] Summary judgement briefs were due almost two years ago in October 2021. At that time Take-Two had possessed *for two years* all the facts it now asserts. Take-Two pled both defenses in its Answer in 2019 (Dkt. #35, ¶¶ 189, 190), knew of the pre-existing tattoos and supplementary registrations related to the Fire and Scroll copyrights by 2019, knew of the purported "pre-existing sources" for the Lion and Brother's Keeper tattoos by 2019, and had the 2019 deposition testimony from Mr. Hayden that it now claims is sufficient to establish its defenses as a matter of law (*see* Dkt. 234, Ex. A). Moreover, in opposition to Mr. Hayden's summary judgment motion, Take-Two already tried—unsuccessfully—to challenge Mr. Hayden's Lion and Brother's Keeper copyrights based on the alleged "pre-existing sources," making no mention of "fraud on the copyright office." (*See* Order, Dkt. #193, p. 7.) Take-Two thus could have—but did not—move for summary judgment on these alleged defenses. The Register's Response certainly should not warrant *another* bite at the summary judgment apple for Take-Two. The Court should reject Take-Two's attempt to again delay trial in this case.

In fact, given this Court's summary judgment Order and the Register's Response, Take-Two's attack on the validity of Mr. Hayden's copyrights is now extinguished and has already been ruled upon. This Court held that Mr. Hayden's copyrights are "original and entitled to protection" over Take-Two's allegations of copying.[3] (Order, Dkt. #193, pp. 5–9.) Now,

---

[2] Take-Two improperly claims that the alleged inaccurate information in Mr. Hayden's registrations gives rise to *two* different legal grounds to challenge the copyrights. This is wrong and, in any event, both challenges undoubtedly fail in view of the safe harbor provision of § 411(b) given the Register's Response.
[3] (Defs.' Opp'n to Mot. For Summ. J., Dkt. # 112, pp. 7–9.)

2

consistent with this Court's opinion, the Register of Copyrights has confirmed that Mr. Hayden's copyrights are "sufficiently creative to warrant registration." (Register Response, Dkt. #231, pp. 13, 16.) The validity of Mr. Hayden's copyrights has been settled twice. Take-Two should not be allowed to resuscitate this failed argument yet again.

*Second*, Take-Two's proposed summary judgment motion would also be futile because it cannot establish as a matter of law that Mr. Hayden provided an inaccuracy in his registrations "with knowledge that it was inaccurate[.]" 17 U.S.C. § 411(b)(1)(A). This is undeniably a disputed question of fact—the deposition testimony Take-Two quotes[4] falls well short of meeting the "heavy burden" (*see Tacori Enters. v. Rego Mfg.*, No. 05 Civ. 2241, 2008 WL 4426343, at *14 (N.D. Ohio Sep. 25, 2008)) of establishing the knowledge requirement as a matter of law. *See Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 142 S. Ct. 941, 947 (2022) ("'knowledge' means actual, subjective awareness of both the facts and the law"). This Court's holding that "intent is a fact question" (Dkt. #193, p. 17) assures that Take-Two's summary judgment motion as it relates to Mr. Hayden's state of mind would be futile.[5]

*Finally*, Take-Two appears available for trial on Mr. Hayden's proposed January 8, 2024 trial date. Take-Two's trial team is available before February 21, 2024, and Take-Two's experts are available before January 21, 2024. As set forth above, it would be inappropriate and unnecessary to further delay this trial—all the way into April 2024—to allow Take-Two to file a futile summary judgment motion.[6] *See ACLU of Kentucky v. McCreary County, Ky.*, 607 F.3d

---

[4] (Defs.' Proposed Schedule, Dkt. #234, p. 4.)
[5] Although intent is a fact issue, Mr. Hayden's position is that the validity of his registrations and copyrights has been squarely settled as a matter of law at this point through this Court's summary judgment Order finding the copyrights "original and entitled to protection" and the Register's Response confirming that ruling.
[6] Although Mr. Hayden represented that he intended to file his supplementary registration applications by September 13, 2024, given the dispute regarding the schedule, Mr. Hayden intends to wait for further guidance from this Court before filing.

439, 451 (6th Cir. 2010) (denying leave to file renewed summary judgment motion over a year after the deadline).

Dated: September 18, 2023

Respectfully submitted,

By: */s/ Andrew Alexander*
John Cipolla (Ohio Bar No. 0043614)
Daniel McMullen (Ohio Bar No. 0034380)
Todd R. Tucker (Ohio Bar No. 0065617)
Andrew Alexander (Ohio Bar No. 0091167)
Josh A. Friedman (Ohio Bar No. 0091049)
Dustin Likens (Ohio Bar No. 0097891)
Brandon E. Brown (Ohio Bar No. 0097013)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
ttucker@calfee.com
aalexander@calfee.com
jfriedman@calfee.com
dlikens@calfee.com
bbrown@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's System.

*/s/ Andrew Alexander*