**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES HAYDEN,<br><br>               Plaintiff,<br><br>v.<br><br>2K GAMES, INC. and TAKE-TWO<br>INTERACTIVE SOFTWARE, INC.,<br><br>               Defendants. | CASE NO. 1:17-cv-02635-CAB |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE
TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.        INTRODUCTION

Take-Two respectfully requests leave to move for partial summary judgment on two narrow grounds: (1) failure to satisfy 17 U.S.C. § 411(a)'s pre-suit registration requirement for the "Brother's Keeper Tattoo," "Lion Tattoo," "Fire Tattoo," and "Scroll Tattoo" (the "Four Tattoos"); and (2) fraud on the Copyright Office when applying to register the Four Tattoos. Here, the elements of these claims are met.  Plaintiff knew that the Four Tattoos contained material in the public domain or material that was owned by a third party, yet he did not exclude such material in his applications to register them pre-suit (allowing him to obtain broad rights in *whole* tattoos rather than the small portions he created).  And the Register of Copyrights stated in response to the Court's referral that it "would not have registered the tattoo designs if it had known that the designs included an 'appreciable amount' of public domain material or material owned by a third party that the applicant did not exclude in his application for registration."  Dkt. 231-1 (Resp. of the Rgstr. of Copyrights) at 1–2.  With these facts established, summary judgment is appropriate on both of the grounds on which Take-Two seeks to move.

There also is good cause to grant Take-Two's Motion.  *First*, Take-Two was diligent in bringing this Motion because the facts undergirding it could not have been fully known sooner. Both grounds for summary judgment turn on whether the Copyright Office would have refused to register the Four Tattoos had it known the inaccuracies in the pre-suit applications to register them.  When the Court referred this question to the Register of Copyrights, it recognized that the answer could be "dispositive" and "should not be left to a post-trial determination."  Dkt. 217 (Order to Show Cause) at 2.  Once the Register of Copyrights gave its answer, the Court ordered the Parties to submit case management schedules, and Take-Two diligently informed the Court of its intent to move on these issues therein.  *Second*,  resolving these issues now will streamline the issues left for trial.  Currently, there are six tattoos on three different NBA players in the

1

case.  If summary judgment is granted on the Four Tattoos, then only two tattoos on a single NBA player will remain, which will narrow the issues for both counsel and the jury.  Moreover, there is no prejudice to Plaintiff.  Briefing these narrow issues will not hinder Plaintiff's ability to prepare for trial or cause significant undue delay; the Parties still need to submit pre-trial submissions, the pre-trial conference has not yet been held, and a trial date is not on the calendar. As a result, good cause exists to grant the Motion.

## II.    ARGUMENT

The Sixth Circuit treats a motion for leave to file a dispositive motion after the deadline as a motion to modify the scheduling order under Fed. R. Civ. P. 16(b)(4).  *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).  "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see Davis v. Detroit Police & Fire Pension Sys.*, 2017 WL 11776329, at *2 (6th Cir. Apr. 6, 2017); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).  The primary focus of the inquiry is on the moving party's diligence, and good cause is satisfied where facts informing the party's motion could not have been known sooner.  *White v. Allstate Ins. Co.*, 2023 WL 423250, *4-5 (N.D. Ohio Jan. 26, 2023).  The Court also considers presence or absence of prejudice to the other party, *Davis*, 2017 WL 11776329, at *2, though neither delay nor rebriefing alone is sufficient to demonstrate prejudice.  *Neal v. Morales Real Est. Invs., Ltd.*, 2019 WL 13274257, at *2 (S.D. Ohio Apr. 2, 2019).  Here, all of these considerations favor permitting Take-Two to file its proposed motion.

### A.    Summary Judgment is Supported by the Undisputed Record.

Take-Two seeks leave to move for partial summary judgment on two grounds that are well supported by the undisputed record.  ***First***, under 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  Where a

2

certificate of registration is inaccurate, it can still satisfy this requirement **unless** (1) the inaccurate information was included with knowledge that it was inaccurate and (2) the inaccuracy of the information, if known, would have caused the Register of Copyright to refuse the registration.  17 U.S.C. § 411(b).  The Four Tattoos were registered before this lawsuit was filed but the record is now clear that those registrations were inaccurate, as they do not disclose that the Four Tattoos contain pre-existing material that Plaintiff does not own.  Plaintiff admittedly knew of the facts underlying the inaccuracy.  *See e.g.*, Dkt. 234-1 (Hayden Dep. Tr.) at 132:2-19.  And the Register of Copyrights found that the Copyright Office "would not have registered the tattoo designs if it had known that the designs included an 'appreciable amount' of public domain material or material owned by a third party that the applicant did not exclude in his application for registration."  Dkt. 231-1 at 2.[1]  *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881, 888 (2019).  Although the Copyright Office indicated its usual practice is to correspond with an applicant to correct an error, it does not change the fact that, uncorrected, the Copyright Office would have refused the registrations.  *See Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 2023 WL 2836794, at *4 (C.D. Cal. 2023) (summary judgment was proper on §411 grounds even where the Register of Copyrights stated she would have given the applicant the opportunity to correct the inaccuracy).  Thus, both elements of §411(b) are met and the Four Tattoos did not satisfy §411(a)'s pre-suit registration requirement.

---

[1]   Plaintiff's two supplementary registrations do not satisfy § 411(a), as they were submitted mid-lawsuit.  Plaintiff cannot skirt the ***pre-suit*** registration requirement by filing later supplemental registrations, as the Copyright Office treats the original and supplementary registrations separately.  Compendium § 1802.9(G).  Moreover, the supplementary registrations curtailed the scope of the works.  Plaintiff cannot knowingly register broad and inaccurate copyright registrations to get his foot in the door of a lawsuit and then seek supplementary registrations only when he is ***found out*** during discovery.  To hold otherwise would encourage the exact type of deceit that 17 U.S.C. § 411(b) is intended to prevent.

**Second**¸ in addition to the pre-suit registration requirement, a copyright owner cannot enforce copyrights when it commits fraud on the Copyright Office.  Fraud on the Copyright Office exists where (1) the copyright application is factually inaccurate; (2) the inaccuracies were willful or deliberate; and (3) the Copyright Office relied on those misrepresentations.  *See Tacori Enters. V. Rego Mfg.*, 2008 WL 4426343, at *14 (N.D. Ohio Sept. 25, 2008).[2]  Plaintiff sought to register works primarily composed of material that he did not create, knowingly concealing the nature of the works so that he could bring a lawsuit based on rights far broader than what he, in fact, owns.  The Register of Copyrights made clear that the Copyright Office relied on Plaintiff's misrepresentations in registering the Four Tattoos, explaining that the Copyright Office would have required more information before deciding whether to register what Plaintiff added to the pre-existing works, and that the Copyright Office would ***not*** have granted the full registrations that it issued based on the false applications.  As a result, Plaintiff should not be permitted to enforce his copyrights in the Four Tattoos.

**B.     There is Good Cause to Permit Take-Two to Bring this Motion.**

There also is good cause to permit Take-Two to bring this motion for partial summary judgment now.  **First**, Take-Two was diligent in bringing this Motion because the facts underpinning it could not have been known sooner.  *See Despres v. Moreno*, 2016 WL 6877100, *4 (N.D. Ohio Nov. 21, 2016) (granting plaintiff leave to amend complaint after defendant had filed a motion for summary judgment, and finding Rule 16(b)'s "good cause" standard was not satisfied because plaintiff "could not have properly alleged" its claim earlier).  Although Plaintiff's conduct, including his knowing inclusion of inaccuracies in his applications to register

---

[2]    Contrary to Plaintiff's argument in other submissions that 17 U.S.C. § 411(b) preempted the common law fraud on the Copyright Office defense, the Sixth Circuit has not made that ruling and fraud remains a defense in this Circuit.

the Four Tattoos, came to light during discovery, the materiality of these inaccuracies to the Copyright Office was only recently resolved by the Register of Copyrights' submission to this Court. Once the Register of Copyrights gave its answer, the Court ordered the Parties to submit case management schedules. Take-Two diligently informed the Court of the dispositive nature of the Register of Copyrights' guidance by including its intent to seek partial summary judgment in its proposed case management schedule. Dkt. 234 (Take-Two's Proposed Schedule). This is good cause to grant the Motion.

***Second***, the Court recognized the dispositive potential of the Register of Copyrights' answer when it first referred this matter thereto, reasoning that in the interest of judicial economy, this issue should not wait until post-trial. Dkt. 217 at 2. We agree. Take-Two's anticipated motion would dispose of four of the six tattoos in the case, leaving only two tattoos (the "Gloria Tattoo" and the "Stars Tattoo") on one NBA player (LeBron James). This would significantly streamline the issues for trial. Moreover, granting this Motion does not prejudice Plaintiff. The issues Take-Two seeks to brief are extremely narrow. Plaintiff will not be hindered in his preparation for trial or required to extend inordinate additional resources, nor will briefing these narrow issues cause significant delay in the resolution of this case. Trial is not yet scheduled and the Parties have not yet had the pre-trial conference and would need to re-submit pre-trial materials and motions in limine regardless of the outcome of this Motion. Take-Two has proposed an April 15, 2024 trial start date, which if acceptable would give the Parties time to brief these issues.

## III. CONCLUSION

As Take-Two's two defenses must be resolved during the course of this litigation and doing so before trial will streamline the proceedings, Take-Two respectfully requests permission to file a motion for partial summary judgment on them.

Dated:  September 26, 2023

/s/  Dale M .Cendali

Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Chris Ilardi (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com

Miranda D. Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 385-7500
miranda.means@kirkland.com

Yungmoon Chang (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4359
yungmoon.chang@kirkland.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and*
*Take-Two Interactive Software, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 26, 2023, a copy of the foregoing was filed electronically.  Notice of this filing was sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's System.

_/s/ Dale M. Cendali_
Dale M. Cendali
