IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, | ) <br> ) <br> ) |
| Plaintiff, | ) CASE NO. 1:17-cv-02635-CAB <br> ) |
| v. | ) JUDGE CHRISTOPHER A. BOYKO <br> ) <br> ) |
| 2K GAMES, INC., et al., | ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO CONSOLIDATE CASES**

I.  **INTRODUCTION**

Take-Two[1] previously agreed under certain terms to consolidate any claims related to the NBA 2K21 game into this case. Plaintiff James Hayden agrees with this position and these terms. The cases should be consolidated, and Take-Two's new position is clearly suspect. In September of 2021, Take-Two agreed to stipulate to consolidate the NBA 2K21 claims into this case if no further discovery occurred except for updating financial information. On August 31, 2023, in anticipation of a forthcoming statute of limitation deadline, Mr. Hayden filed a new lawsuit accusing NBA 2K21 of infringing the same six Asserted Tattoos. *See Hayden v. 2K Games, et al.*, 1:23-cv-01721 (the "1721 Case"). Now in 2023, however, Take-Two makes a complete about-face and opposes consolidation even though Mr. Hayden agrees to Take-Two's very own terms.

Consolidating and trying the 1721 Case with the above-captioned case (the "2635 Case") would be simple and straightforward and promote the interests of judicial economy. The cases undeniably rest on common questions of both fact and law. Adding NBA 2K21 into the 2635 Case will not prejudice Take-Two in any way or delay the 2635 Case. Indeed, in September 2021, Take-Two agreed to *stipulate* to including NBA 2K21 in the 2635 Case, expressly *insisting* on no further discovery beyond updating Take-Two's financial productions (*see* Dkt. # 140-2, at PageID # 12834, Ilardi 9-21-21 email). But now Take-Two unabashedly *opposes* consolidation *without* additional discovery (*see* Dkt. # 234, p. 8). In any event, any additional discovery would be minimal (e.g., updated financials) and trial could proceed in April 2024. Take-Two has already produced financial information for NBA 2K21, and that information was

---

[1] "Take-Two" collectively refers to Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.

addressed in both Parties' damages expert reports.[2] Consolidating the 1721 Case and the 2635 Case would be the most efficient path to resolving the claims against NBA 2K21. Take-Two's claimed "prejudice" is fictional.

## II. LEGAL STANDARD

Consolidating the 1721 Case and the 2635 Case is a matter within the Court's discretion. *Eliason v. Genteck Building Products, Inc.*, Case Nos. 1:10-cv-2093, 1:11-cv-2232, 1:11-cv-2719, 1:12-cv-1109, 2012 WL 12929559, at *1 (N.D. Ohio Sep. 6, 2012) (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)). Under Federal Rule of Civil Procedure 42, the Court may "join for hearing or trial any or all matters at issue in the actions" or "consolidate the actions" if they "involve a common question of law or fact." Fed. R. Civ. P. 42. In determining whether to consolidate the actions, the Court shall consider "[w]hether the specific risks of prejudice and possible confusion are overborne by risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expenses to all concerned of the single-trial, multiple trial alternatives." *Id.* (internal quotation omitted). Each of these factors weigh heavily in favor of consolidation in this case.

## III. ARGUMENT

### A. The 1721 Case and the 2635 Case are based on identical questions of law and fact.

The 1721 Case and the 2635 Case are obviously based on the same questions of law and fact, manifestly satisfying the criteria of Rule 42. Mr. Hayden's Complaint in the 1721 Case is

---

[2] (*See*, *e.g.*, Expert Report of Michal Malkiewicz, Ex. A to Dkt. #108, pp. 30, 60–68; Rebuttal Expert Report of Michal Malkiewicz, Ex. C to Dkt. #108, pp. 17–28; Expert Report of James E. Malackowski, Ex. C to Dkt. #99, pp. 38, Schedules 4.0, 4.0.1.)

nearly identical to the Complaint in the 2635 Case. *See Plagens v. Deckard*, No. 1:20-CV-2744, 2021 WL 3284265, at *4 (N.D. Ohio Aug. 2, 2021) (consolidating cases where the complaints in the cases were "nearly identical"). The Asserted Tattoos are the same—the only factual difference is the accused NBA 2K21 game. And, to Mr. Hayden's knowledge (and all other evidence of record), Take-Two's infringements in NBA 2K21 are the same as in the Accused Games in the 2635 Case. The Asserted Tattoos are copied on digital avatars of LeBron James, Tristan Thompson, and Danny Green in each Accused Game in all cases. The legal issues are also the same—Mr. Hayden asserts the same cause of action: copyright infringement. And despite having multiple opportunities, including in its opposition to Mr. Hayden's earlier motion for leave to amend his complaint to add NBA 2K21 to the case (Dkt. # 142) and its Status Report (Dkt. # 234), Take-Two has never claimed that it has any different defenses with respect to NBA 2K21. Mr. Hayden's cause of action and Take-Two's defenses are the same in both cases.[3] It is obvious that the factual and legal issues in the 1721 Case and the 2635 Case arise from a "common core factual predicate and share common legal issues," weighing in favor of consolidation. *Eliason*, 2012 WL 12929559, at *1.

### B. Consolidating the 1721 Case and 2635 Case will not prejudice Take-Two or create jury confusion.

Similarly, the risk of prejudice to Take-Two and confusion for the jury are non-existent, which also heavily favors consolidation. In its Status Report, Take-Two argues it would be prejudiced based on a baldly unsubstantiated claim that it "would be deprived of its ability to prepare an adequate defense to Plaintiff's accusations of infringement with regard to *NBA 2K21*

---

[3] To the extent Take-Two claims it would need to file another summary judgment motion, this is unwarranted, as it would present the same questions that this Court has already resolved as to its asserted defenses. *See UPMC Presbyterian Shadyside v. Fleet Owners Insurance Fund*, Case No. 1:19CV158, 2019 WL 2513848, at *2 (N.D. Ohio June 18, 2019) (consolidating cases where "[e]ach case may be resolved by answering the same question").

3

if this other lawsuit were combined with the current one on Plaintiff's rapid timeline." (Dkt. #234, p. 9.) But Take-Two's claim is expressly refuted by its *own* prior representations. As explained *supra*, when Take-Two opposed Mr. Hayden's Motion to Amend (to add 2K21), it claimed no prejudice because it would be unable to develop any new factual or legal defenses with respect to NBA 2K21. (*See* Dkt. #142.) Indeed, its position was precisely the opposite: Take-Two argued it would be prejudiced because *Mr. Hayden* "would seek [] new discovery for NBA 2K21[.]" (Dkt. #142, p. 11.) Take-Two cannot have it both ways.

Mr. Hayden's request to consolidate the 1721 Case and 2635 Case is premised on ***not*** delaying the potential April 15, 2024 trial to reopen fact and expert discovery. Take-Two has already produced financial information for NBA 2K21. And that information was incorporated into both Parties' damages expert reports.[4] At most, the Parties' damages experts' reports may need to be supplemented only to *update* the information that was already provided and incorporated. This is truly a clerical exercise that can obviously be accommodated in the 6.5 months between now and Defendants' preferred trial date.

Take-Two's about-face on its discovery position should be dismissed in light of its previous agreement to *stipulate* to the inclusion NBA 2K21 in the 2635 case ***on the express condition that no new discovery would be allowed!*** On September 21, 2021, counsel for ***Take-Two*** emailed counsel for Mr. Hayden proposing to "stipulate to allow NBA 2K21 and NBA 2K22 into the case if Plaintiff will similarly stipulate that no additional discovery will be permitted on NBA 2K21 and NBA 2K22, with the sole exception that Take-Two will agree to supplement their financial document production to include relevant financial information for

---

[4] (*See*, *e.g.*, Expert Report of Michal Malkiewicz, Ex. A to Dkt. #108, pp. 30, 60–68; Rebuttal Expert Report of Michal Malkiewicz, Ex. C to Dkt. #108, pp. 17–28; Expert Report of James E. Malackowski, Ex. C to Dkt. #99, pp. 38, Schedules 4.0, 4.0.1.)

4

these two games."[5] (Dkt. #140-2, PageID # 12834, 9-21-21 Ilardi Email.) That is exactly what Plaintiff proposes now with respect to NBA 2K21. Nothing has changed that would require more discovery for Take-Two to "prepare an adequate defense." And given Take-Two's earliest availability for trial is April 15, 2024, its asserted concern about "Plaintiff's rapid timeline" is moot. In addition, because the issues of fact and law are the same in the 1721 Case and the 2635 Case, the jury would scarcely be confused. This also weighs in favor of consolidation.

Finally, the risks and burdens related to *not* consolidating the 1721 Case and the 2635 Case clearly favor consolidation. Whether or not the 1721 is stayed pending the resolution of the 2635 Case, the outcome of the 2635 Case at trial will not obviate the necessity of another trial related to NBA 2K21. If Mr. Hayden prevails on his copyright claims in the 2635 Case against NBA 2K16–NBA 2K20, the Parties would likely require another trial to determine the damages related to NBA 2K21. This would be an obvious waste of judicial—and litigants'—resources,[6] particularly given that the Parties have *already* conducted fact and expert discovery related to the damages for NBA 2K21 and are prepared to present their cases to the jury in April 2024.

## IV. CONCLUSION

Take-Two's oppositions to adding NBA 2K21 to this case have been tactical, contradictory and transparently based on whatever argument it can spin up at the moment in time, all to avoid accounting for its infringement. This Court should grant Mr. Hayden's Motion to Consolidate and proceed to trial in April 2024, only allowing limited supplemental discovery related to Take-Two's updated financials.

---

[5] Take-Two ultimately revoked this proposed stipulation because Mr. Hayden would not waive Take-Two's obligation to supplement its discovery responses under Federal Rule of Civil Procedure 26(e). Mr. Hayden eventually agreed to stipulate that Take-Two would only have to supplement its discovery with respect to financial information for NBA 2K21 and NBA 2K22, but Take-Two would not agree to withdraw its opposition to Mr. Hayden's Motion to Amend. (*See* Dkt. #145-1, PageID #13027–28, 4-7-22 Alexander email.)
[6] Take-Two's tactics in this case make clear its disregard for such consideration.

Dated: September 26, 2023 	Respectfully submitted,

By: */s/ Andrew Alexander*
John Cipolla (Ohio Bar No. 0043614)
Daniel McMullen (Ohio Bar No. 0034380)
Todd R. Tucker (Ohio Bar No. 0065617)
Andrew Alexander (Ohio Bar No. 0091167)
Josh A. Friedman (Ohio Bar No. 0091049)
Dustin Likens (Ohio Bar No. 0097891)
Brandon E. Brown (Ohio Bar No. 0097013)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
ttucker@calfee.com
aalexander@calfee.com
jfriedman@calfee.com
dlikens@calfee.com
bbrown@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

6

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                               */s/ Andrew Alexander*
                                               One of the attorneys for Plaintiff