**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:17-cv-02635-CAB |
| | ) | |
| v. | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| 2K GAMES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE
MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I.    INTRODUCTION

There is now no question that Mr. Hayden owns valid copyrights in his Asserted Tattoos. This Court held they are "original and entitled to protection" when it granted Mr. Hayden's motion for summary judgment (Order, Dkt. #193, p. 9), and now the Copyright Register confirmed that they are "sufficiently creative to warrant registration" (Reg. Resp., Dkt. #231-1, p. 13). To revisit this ruling now and find Mr. Hayden's Asserted Tattoos invalid invites legal error. *See Thurmond v. Wayne County Sheriff Dept.*, 564 Fed. Appx. 823, 830 (6th Cir. 2014) ("The notion that a district court can be made, via different procedural vehicles, to repeatedly revisit issues already decided, runs afoul of the 'law of the case' doctrine.").

## II.    ARGUMENT

Take-Two[1] must establish good cause to file a second summary judgment motion after the dispositive motion deadline. *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). Good cause does not exist if the movant was not diligent in seeking leave or if granting the motion would prejudice the opposing party. *Id.* Good cause manifestly does not exist here. Take-Two should have moved for summary judgment on its defenses two years ago when the validity of Mr. Hayden's copyrights was squarely before the Court. To allow Take-Two another bite at the apple after this Court already found his Asserted Tattoos valid and the Copyright Register affirmed the reasoning in that decision, would greatly prejudice Mr. Hayden.

### A.    *Take-Two waived—and at minimum was not diligent in seeking—summary judgment on its registration-related defenses.*

Take-Two waived its summary judgment opportunity. At minimum, its repackaged attack on Mr. Hayden's copyright registrations is not diligent. The validity of Mr. Hayden's copyrights was decided two years ago and is now law of the case. (*See* Dkt. #193, p. 9.)

---

[1] "Take-Two" refers collectively to Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.

Take-Two has known the facts underpinning its attack on Mr. Hayden's copyright registrations since 2019—*two years* before summary judgment briefs were due and the validity of the Asserted Tattoos was before the Court. Take-Two knew about (1) the earlier tattoos and supplementary registrations related to the Fire and Scroll Tattoos (Ex. A), (2) the purported "pre-existing sources" for the Lion and Brother's Keeper tattoos (*id.*), and (3) Mr. Hayden's deposition testimony that Take-Two now (incorrectly) claims establishes that Mr. Hayden knowingly included inaccuracies in his copyright applications (Dkt. #234, Ex. A).

In fact, Take-Two already tried to invalidate Mr. Hayden's copyrights using the *same facts* it now reasserts. Take-Two opposed Mr. Hayden's motion requesting summary judgment that he owned *valid copyrights*, arguing that the tattoos "are ***not original to him***, a fatal flaw in his copyright claim." (Dkt. #112, pp. 1–2, 7–9.) Take-Two even identified the Venetian Logo and the Sistine Chapel, arguing that Mr. Hayden "does not own valid copyrights therein" and that "Plaintiff failed to include any of these material facts in his copyright applications for these two tattoos." (*Id.* at 9.) The Parties briefed this issue, and this Court gave a well-reasoned opinion that Mr. Hayden's works are "original and entitled to protection." (Order, Dkt. #193, p. 9.) Moreover, as this Court recognized, Take-Two could have—but did not—make a fraud on the Copyright Office argument at that time: "there has been no suggestion of misfeasance or fraud on the Copyright Office." (*Id.* at p. 7.)

Take-Two now tries to repackage this *same attack* under two new titles: "fraud on the Copyright Office" and "failure to satisfy . . . pre-suit registration requirement." (Dkt. #237.) But the Court should not entertain such sandbagging—this is precisely why the law of the case doctrine exists. *See* 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478 (2d ed. 1987) ("Law-of-the-case rules have developed to maintain consistency and avoid

reconsideration of matters once decided during the course of a single continuing lawsuit."). This gamesmanship of asserting the same arguments under different names has been explicitly rejected by the Sixth Circuit and should be rejected here. *Thurmond*, 564 Fed. Appx. at 830 ("The notion that the district court can be made, via different procedural vehicles, to repeatedly revisit issues already decided, runs afoul of the 'law of the case' doctrine."). Take-Two has *not* shown good cause to file another summary judgment motion.

      B.   *Take-Two's partial summary judgment motion would be futile.*

           1.  <u>Mr. Hayden's copyright registrations fall within the § 411 safe harbor.</u>

The Register's Response affirms this Court's rationale finding Mr. Hayden's Asserted Tattoos "original and entitled to protection." The Register found that, despite the inaccuracies, Mr. Hayden's Asserted Tattoos are "sufficiently creative to warrant registration" and invited Mr. Hayden to correct the omissions with a supplementary application. (Dkt. #231-1, pp. 13–19.) These correctable errors are covered by the § 411 safe harbor. When the Copyright Office approves a request to correct an error (*e.g.,* through an application for supplementary registration), "it is clear that the mistake would not have caused the copyright office to refuse registration." *See Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017).[2]

Take-Two misconstrues the Register's Response and the § 411 safe harbor, suggesting that § 411(b)(1)(B) is triggered in all cases where the Register would have *corrected* the known error. (*See* Motion, Dkt. #237-1, p. 3.) But this interpretation would subsume every error imaginable and thus eviscerate the § 411 safe harbor. Take-Two's interpretation is also belied by

---

[2] *See also Matrix Int'l Textile, Inc. v. Monopoly Textile, Inc.*, No. CV 16-0084, 2017 WL 5654794, at fn. 5 (C.D. Cal. May 12, 2017); *Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, LP*, No. CV H-14-1903, 2017 WL 3206896, at fn. 14 (S.D. Tex. July 26, 2017); *FenF, LLC v. Groupon, Inc.*, No. 19-12278, 2021 WL 8650619, at *8 (E.D. Mich. Mar. 29, 2021); *Universal Dyeing & Printing, Inc. v. Knitwork Prods. II, LLC*, No. 217CV05660ODWMRW, 2019 WL 2613448, at *7 (C.D. Cal. June 26, 2019).

the case it cites in support of its Motion. In *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, the court found the plaintiff's copyright registration invalid after the Register found:

> had the Office been aware that the 1461 Design had been previously published, the Office would have refused registration of that work using the unpublished collections option because the work was registered as unpublished when in fact it had been published.

No. LA CV16-00339, 2017 WL 3477746, at *2 (C.D. Cal. May 12, 2017). Unlike the case at bar, fixing this publication error via supplementary application was *not* an option for the *Gold Value* plaintiff: "The published work must be registered separately, and cannot be included in a supplemental registration to the registration for the unpublished collection." *Id.* at *3. Most notably, the *Gold Value* court implicitly held that allowing correction via a supplementary application is evidence that § 411(b)(1)(B) does *not* apply:

> That the Copyright Office would have refused registration to the 1461 Design is further evidenced by the fact that when Plaintiff filed to have the 1461 Design registered and disclosed its prior publication, the Copyright Office **did not issue a supplement** to the '509 Registration, but instead issued a separate, independent registration.

*Id.* at *6 (emphasis added). Here the Register *allowed* Mr. Hayden to file supplementary applications and confirmed his works are "sufficiently creative to warrant registration." (Dkt. #231-1, p. 19.). Mr. Hayden's correctable error does "not jeopardize the validity of the registration." *See Sierra-Pascual v. Pina Records, Inc.*, 660 F. Supp. 2d 196, 201 (D.P.R. 2009) ("inadvertent failures to list preexisting works . . . are encompassed by the rule excusing immaterial mistakes" (internal quotes omitted).) Take-Two's Motion should be denied as futile.

> 2. <u>Take-Two cannot establish Mr. Hayden filed any inaccuracies with knowledge or with fraudulent intent as a matter of law.</u>

Finally, even if Take-Two was able to challenge Mr. Hayden's Asserted Tattoos again, it *cannot* establish that there is *no* genuine factual dispute about Mr. Hayden's mental state when

he filed his applications. Mr. Hayden disputes the claim that he filed inaccuracies with knowledge or fraudulent intent. Take-Two's proposed summary judgment motion is thus futile.

Under § 411(b)(1), unless Take-Two can establish that Mr. Hayden "included [the inaccurate information] on the copyright registration with knowledge that it was inaccurate," his certificates of registration "satisf[y] the requirements of [section 411] and section 412, regardless of whether the certificate contains any inaccurate information[.]" 17 U.S.C. § 411(b)(1). "Lack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration" under § 411(b)(1)(A). *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 182 (2022). Indeed, to establish fraud on the Copyright Office, Take-Two must go even further and establish that no genuine factual dispute exists that Mr. Hayden included inaccuracies with "fraudulent intent." *Tacori Enterprises v. Rego Mfg.*, No. 1:05cv2241, 2008 WL 4426343, at *14 (N.D. Ohio Sep. 25, 2008).[3] The best Take-Two offers as to whether Mr. Hayden knowingly included inaccuracies in his applications (Take-Two does not present *any* evidence of fraudulent intent) is a vague reference to one page of Mr. Hayden's 2019 deposition testimony where he at best expresses confusion about what was contained in one of his applications. (*See* Dkt. #234-1.) This falls well short. Take-Two has not and cannot establish that this element is *undisputed*. As this Court has noted, "[i]ntent is a fact question." (Order, Dkt. #193, p. 17.) Take-Two's motion for summary judgment would be futile and its Motion should be denied.

## III.    CONCLUSION

For the reasons stated herein, Take-Two's Motion should be denied.

---

[3] The Supreme Court in *Unicolors* did not address the issue of whether "fraudulent intent" is required to establish a fraud on the Copyright Office defense, thus leaving the decision in *Tacori Ents. v. Rego Mfg.* good law. *See Unicolors*, 595 U.S. at 188.

Dated: October 3, 2023

Respectfully submitted,

By: */s/ Andrew Alexander*
John Cipolla (Ohio Bar No. 0043614)
Daniel McMullen (Ohio Bar No. 0034380)
Todd R. Tucker (Ohio Bar No. 0065617)
Andrew Alexander (Ohio Bar No. 0091167)
Josh A. Friedman (Ohio Bar No. 0091049)
Dustin Likens (Ohio Bar No. 0097891)
Brandon E. Brown (Ohio Bar No. 0097013)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
jcipolla@calfee.com
dmcmullen@calfee.com
ttucker@calfee.com
aalexander@calfee.com
jfriedman@calfee.com
dlikens@calfee.com
bbrown@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
kpinter@calfee.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's System.

/s/ Andrew Alexander