# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, ) | |
| ) | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| v. ) | |
| ) | |
| 2K GAMES, INC. et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (1–15)**

Under the Federal Rules of Civil Procedure 26 and 33 and the Local Civil Rules for the United States District Court for the Northern District of Ohio, Plaintiff James Hayden ("Hayden") objects and responds to Defendants' (2K Games, Inc. and Take-Two Interactive Software, Inc.) (collectively ("Take-Two")) First Set of Interrogatories (Nos. 1–15) as follows:

**GENERAL STATEMENT**

Hayden's responses are made without in any way waiving or intending to waive but, on the contrary, intending to preserve and expressly preserving:

(1) the right to raise all questions or relevancy, materiality, privilege, and admissibility into evidence to any interrogatory or the answer thereto;

(2) the right to object on any grounds at any time to other interrogatories or other discovery involving the information provided; and

(3) the right to make further answers or to supplement or revise answers, as Hayden's investigation of the facts and the evidence pertinent to this action has not been completed.

Hayden's responses are each subject to his General Objections below. Further, each response contains specific objections to the applicable interrogatory request. From time to time, a

response may contain a specific objection that repeats a General Objection for emphasis or another reason. The omission of any General Objection from a specific response is not intended to be and should not be construed as a waiver or limitation on the applicability of the General Objections to that interrogatory. Likewise, a specific objection to any interrogatory is not intended to be and should not be construed as a waiver or limitation of any General Objection raised herein or at a later date.

These responses are made solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, proprietary, admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if such interrogatories were asked of, or statements contained herein were made by, a witness present and testifying at trial, all of which are expressly reserved and may be interposed at the time of trial.

Unless otherwise indicated, words and terms used in the following responses shall be construed in accordance with their normal meanings and connotations and shall in no way be interpreted as terms of art used under the applicable laws. Unless otherwise indicated, Hayden specifically disavows any such meaning or connotation that might be accorded such terms.

The following responses are based upon information and writings presently available to and located by Hayden and his attorneys. Hayden has not completed his investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. Accordingly, Hayden reserves the right to assert additional objections to these interrogatories, modify or amend his responses as appropriate, and/or supplement these responses as information becomes available.

discovery permitted under the Federal Rules of Civil Procedure, the local rules, and the orders of the Court.

5. Hayden objects to Take-Two's definitions, instructions, and interrogatories to the extent that they attempt to use discovery in this action for the purpose of obtaining information for other actions, including information that is barred from disclosure by the Court's Protective Order and/or barred from discovery in other actions under the Orders for those proceedings.

6. Hayden objects to Take-Two's definitions, instructions, and interrogatories to the extent that they inquire into information and/or events not relevant to the subject matter of the pending litigation, are vague, overbroad, burdensome, not reasonably calculated to lead to the discovery of admissible evidence, exceed the boundaries of discoverable information, and/or fail to identify the requested information with reasonable particularity. Hayden further objects to Take-Two's definitions, instructions, and interrogatories to the extent that they are designed to harass and impose needless expense on Hayden.

7. Hayden objects to Take-Two's definitions, instructions, and interrogatories to the extent that they seek information that is neither relevant to a party's claims or defenses nor proportional to the needs of this case.

8. Hayden objects to Take-Two's definitions, instructions, and interrogatories to the extent that they purport to require Hayden to produce or identify information that is not within Hayden's custody, possession, or control.

9. Hayden objects to Take-Two's definitions, instructions, and interrogatories to the extent that they seek information or documents that are already in Take-Two's possession, custody, and control or are publicly available.

10. Hayden objects to Take-Two's definitions, instructions, and interrogatories to the extent they require Hayden to invade the individual rights of his employees.

11. Hayden objects to the numbering of Take-Two's fifteenth interrogatory as "Interrogatory No. 14." Hayden will refer to Take-Two's fifteenth interrogatory as "Interrogatory No. 15" and count it as Take-Two's fifteenth interrogatory under the Federal Rules of Civil Procedure.

12. Hayden objects to the definition of "HAYDEN," "YOU," and "YOUR" as overbroad, vague, ambiguous, and unduly burdensome. Hayden further objects to Take-Two's definition of "HAYDEN," "YOU," and "YOUR" as overbroad to the extent it includes entities or persons who are not parties to this case, entities or persons over which Hayden has no control, including but not limited to former agents, employees, accountants, attorneys, and all other persons or entities acting or purporting to act on his behalf. Hayden will construe "you" and "your" to mean James Hayden.

13. Hayden objects to the definition of "ASSERTED WORKS" as overbroad and unduly burdensome to the extent it includes works no longer relevant to the case.

14. Hayden objects to the definition of "NBA PLAYERS" as overbroad and unduly burdensome to the extent it includes players no longer relevant to the case.

**INTERROGATORY NO. 1**

DESCRIBE the conception and creation of the ASSERTED WORKS, including without limitation (a) any works used or relied upon in the creation of the ASSERTED WORKS, (b) the

5

sources of inspiration for the ASSERTED WORKS, (c) the chronology of the ASSERTED WORKS' creation, (d) the reasons that the ASSERTED WORKS were created, and (e) the NBA PLAYERS' roles in creating the ASSERTED WORKS.

**RESPONSE:**

Hayden incorporates his General Statement and General Objections as if fully rewritten herein. Hayden also objects to this interrogatory because it is overbroad and unduly burdensome; for example, it requests information that is not relevant, including information about Hayden tattoos that are not relevant to the claims or defenses in this case. Hayden also objects to this interrogatory to the extent the vague and ambiguous terms and phrases "works used or relied upon," "sources of inspiration," "chronology of the ASSERTED WORKS' creation," and "the reasons" render this interrogatory not relevant to any claims or defenses in this case, overbroad and unduly burdensome, or not proportional to the needs of the case. Hayden also objects to this interrogatory for containing multiple subparts and objects to the extent any subpart exceeds the allowed number of interrogatories under Fed. R. Civ. P. 33(a)(1).

Subject to and without waiver of the foregoing objections and its General Objections, Hayden responds as follows:

***Gloria***

Hayden tattooed the Gloria tattoo, as described in paragraphs 45–51 in the Second Amended Complaint (ECF No. 12) ("Complaint"), on LeBron James's right shoulder at Hayden's tattoo shop, Focused Tattoos, on East 26th and St. Clair in Cleveland, Ohio. Several of Hayden's satisfied former customers had recommended him to Mr. James. Mr. James came to Hayden's tattoo shop and told Hayden that he wanted a better lion and his mother's name, Gloria, tattooed on his arm to cover up an old tattoo of a lion. Hayden then freehanded a draft of

the Gloria Tattoo on Mr. James's right shoulder. Mr. James was satisfied with the draft and told Hayden to tattoo it as it was freehanded, which Hayden did. Mr. James had no suggested revisions or comments regarding the tattoo. Mr. James's status as an elite NBA player was one source of inspiration for the Gloria tattoo. Hayden independently conceived of and created many expressive elements of the Gloria tattoo, for example, the size, shape, shading, arrangement, proportions, and placement of each element, including the lion's appearance and facial expression, to create a unique and expressive tattoo that would aesthetically complement the shape and size of Mr. James's arm and be visually appealing.

*Lion*

Hayden tattooed the Lion tattoo, as described in paragraphs 52–58 of the Complaint, on LeBron James's chest in 2008 at Hayden's tattoo shop, Focused Tattoos, on East 26th and St. Clair in Cleveland, Ohio. Mr. James came to Hayden's shop and requested a lion tattoo on his chest. Hayden drew a draft of the Lion tattoo on Mr. James's chest and Mr. James approved. A playing card that Mr. James showed Hayden was one source of inspiration for the Lion tattoo. Hayden independently conceived of and created many expressive elements of the Lion tattoo, for example, the size, shape, shading, arrangement, proportions, and placement of each element, including the lion's appearance and facial expression, that would aesthetically complement the shape and size of Mr. James's chest and be visually appealing. Mr. James was satisfied with the draft and told Hayden to tattoo it as it was drawn, which Hayden did. Mr. James had no suggested revisions or comments regarding the tattoo.

*Shoulder Stars*

Hayden tattooed the Shoulder Stars tattoo, as described in paragraphs 59–65 of the Complaint, on LeBron James's left shoulder in 2008 at Hayden's tattoo shop, Focused Tattoos,

on East 26th an St. Clair in Cleveland, Ohio. Mr. James came to Hayden's shop and told Hayden that he wanted something on top of his shoulder. Mr. James's status as the team leader of the Cleveland Cavaliers was one source of inspiration for the Shoulder Stars tattoo. Hayden independently conceived of and created many expressive elements of the Shoulder Stars tattoo, for example, the size, shape, shading, arrangement, sequence, number, proportions, and placement of each element to create a unique and expressive tattoo that would aesthetically complement the shape and size of Mr. James's shoulder, be in balance with Mr. James's tattoo on his right shoulder, and be visually appealing. Hayden first drew the Shoulder Stars tattoo on Mr. James's shoulder with a marker, and Mr. James approved with no suggested revisions. Hayden then tattooed the Shoulder Stars on Mr. James the same day.

*Fire*

Hayden tattooed the Fire tattoo, as described in paragraphs 66–72 of the Complaint, on Danny Green's left shoulder in 2012 at Hayden's tattoo shop, Focused Tattoos, on Coventry Road in Cleveland, Ohio. Mr. Green wanted an additional tattoo on his left shoulder. Hayden came up with the idea to add flames to Mr. Green's shoulder, which was already tattooed with the player and words "I hold my own" shown in ¶ 66 of the Complaint.  After Hayden described the concept to Mr. Green, Hayden free-handed the flames with the tattoo gun directly onto Mr. Green's shoulder. Mr. Green's reputation as an elite NBA shooter was one source of inspiration for the Fire tattoo. Hayden independently conceived of and created many expressive elements of the Fire tattoo, for example, the size, shape, shading, arrangement, proportions, and placement of each element that would aesthetically complement the shape and contour of Mr. Green's shoulder and be visually appealing. Mr. Green did not have any revisions after the Fire tattoo was done.

*Scroll*

Hayden tattooed the Scroll tattoo, as described in paragraphs 73–79 of the Complaint, on Danny Green's right inner bicep in 2012 at Hayden's tattoo shop, Focused Tattoos, on Coventry Road in Cleveland, Ohio. Mr. Green wanted to add an additional tattoo to the scroll and wording, which was already tattooed on his right inner bicep. Hayden independently conceived of and created many expressive elements of the Scroll tattoo, for example, the size, shape, shading, arrangement, proportions, and placement of each element, including the cloud-like designs, to create a unique and expressive tattoo that would aesthetically complement the shape and contour of Mr. Green's arm and be visually appealing. Mr. Green did not have any revisions after the Fire tattoo was done.

*Brother's Keeper*

Hayden tattooed the Brother's Keeper tattoo, as described in paragraphs 80–86 of the Complaint, on Tristan Thompson's chest in 2012 at Hayden's tattoo shop, Focused Tattoos, on Coventry Road in Cleveland, Ohio. Mr. Thompson came to the shop and requested a tattoo on his chest. Mr. Thompson's role as a good teammate to the other members of his basketball team and Michelangelo's ceiling mural in the Sistine Chapel were among the sources of inspiration for the Brother's Keeper tattoo. Hayden independently conceived of many expressive elements of the Brother's Keeper tattoo, for example, the size, shape, shading, arrangement, proportions, and placement of each element to create a unique and expressive tattoo that would aesthetically complement Mr. Thompson's chest and be visually appealing. Hayden freehanded a draft of the Brother's Keeper tattoo onto Mr. Thompson's chest in marker. Mr. Thompson had no revisions and after Mr. Thompson approved, Hayden tattooed the Brother's Keeper tattoo onto Mr.

Thompson. Mr. Thompson did not have any revisions after the Brother's Keeper tattoo was done.

Hayden's investigation is on-going, and he will supplement his response to this interrogatory with further information and documents as they become available.

**INTERROGATORY NO. 2**

IDENTIFY all PERSONS with knowledge of the creation of the ASSERTED WORKS including without limitation any pre-existing materials used to create them.

**RESPONSE:**

Hayden incorporates his General Statement and General Objections as if fully rewritten herein. Hayden also objects to this interrogatory because it is overbroad and unduly burdensome; for example, it requests information not relevant to the claims or defenses in this case, including about Hayden tattoos that are not relevant to the claims or defenses in this case. Hayden also objects to this interrogatory to the extent the vague and ambiguous terms and phrases "with knowledge," "creation of," and "pre-existing materials used to create them" render this interrogatory overbroad, unduly burdensome, not relevant to any claims or defenses in this case, or not proportional to the needs of the case. Hayden also objects to this interrogatory because it requests information not in Mr. Hayden's possession, including the knowledge of other persons.

Subject to and without waiver of the foregoing objections and its General Objections, Hayden responds as follows:

- *Gloria*: James Hayden has knowledge of the creation the Gloria tattoo. Other people present during the tattoo session include LeBron James, Bruno (LeBron James's bodyguard), Jon Hayden (tattoo artist at Focused Tattoos), Bernardino Tavanche (tattoo artist at Focused Tattoos).

Dated: June 14, 2019

For Answers:

By: /s/ J. Hayden
James Hayden

For Objections:

By: /s/ Andrew Alexander
Daniel McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:   dmcmullen@calfee.com
              gyanchar@calfee.com
              aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio  44114-1607
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
E-mail:kpinter@calfee.com

28

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, a copy of the foregoing was served via email to the following:

Dale M. Cendali (dale.cendali@kirkland.com)

David T. Movius (dmovius@mcdonaldhopkins.com)

Joshua L. Simmons (joshua.simmons@kirkland.com)

Matthew J. Cavanagh (mcavanagh@mcdonaldhopkins.com)


    /s/ *Andrew Alexander*
One of the attorneys for Plaintiff