**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMES HAYDEN,<br><br>      Plaintiff,<br><br>v.<br><br>2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>      Defendants. | CASE NO. 1:17-cv-02635-CAB |

**REPLY IN SUPPORT OF DEFENDANTS 2K GAMES, INC. AND TAKE-TWO
INTERACTIVE SOFTWARE, INC.'S MOTION FOR LEAVE
TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT**

I.      **INTRODUCTION**

As detailed in Take-Two's opening brief, Plaintiff cannot enforce his copyrights on the Four Tattoos.[1]  Plaintiff knowingly submitted inaccurate applications for these tattoos to the Copyright Office.  *See, e.g.*, Dkt. 234-1 at 132:2–19 (Hayden Dep. Tr.).  And the Register of Copyrights has now confirmed that the Copyright Office "***would not have registered the tattoo designs if it had known***" of the inaccuracies.  Dkt. 231-1 (Register's Response) at 1.  Obtaining registrations that he knew contained inaccuracies enabled Plaintiff to initiate suit over far broader rights than he, in fact, owned.  To limit this case to its proper scope, Take-Two seeks leave to move for partial summary judgment on two grounds made available by the Register's response:

- Plaintiff failed to satisfy the Copyright Act's ***pre-suit registration*** requirement under 17 U.S.C. § 411(a) as to the Four Tattoos; and

- Plaintiff committed ***fraud*** on the Copyright Office.

The record supports granting Take-Two partial summary judgment on either or both grounds, and Plaintiff's arguments otherwise are meritless.  ***First***, Plaintiff claims that the fact that the Copyright Office offers ways to correct inaccurate registrations means he should not be bound by his inaccuracies—even though he did not avail himself of those opportunities.  But that would void § 411's clear mandate; the statute cannot work how Plaintiff proposes.  ***Second***, Plaintiff claims a factual dispute as to his scienter precludes summary judgment, but this self-serving statement is belied by the record, as he at all times knew that he did not ink the full tattoos he was registering.  This is admitted.  Summary judgment is thus proper on both grounds.

Moreover, good cause exists to grant Take-Two's Motion, because the Motion is timely and poses no prejudice.  ***First***, Take-Two diligently announced that it intended to move on both

---

[1] Capitalized terms not defined herein were previously defined in Take-Two's opening brief.  Dkt. 237-1.

1

§ 411(a) and fraud grounds upon receiving the Register's guidance. Dkt. 234 (Defs.' Proposed Schedule) at 1–2. Plaintiff's arguments otherwise—which he bases on this Court's having decided the validity of his *copyrights*, rather than of his *registrations*—miss the mark. **Second**, Plaintiff tacitly concedes Take-Two's Motion poses no prejudice, because he fails to identify any prejudice. Rather, granting Take-Two's request would speed resolution of this case by narrowing the remaining issues, benefiting both parties. Take-Two therefore respectfully requests the Court grant its Motion and set a summary judgment briefing schedule.

## II. ARGUMENT

### A. The Undisputed Record Supports Granting Take-Two Partial Summary Judgment

As discussed in Take-Two's opening brief, the undisputed record supports both proposed grounds for summary judgment. Mot. 2–4. **First**, as to pre-suit registration, § 411 requires a claimant to register a copyright before filing suit to enforce it. *See Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 181 (2022). Inaccurate registrations do not meet this requirement if the inaccuracies were known to the claimant and would have caused the Register to refuse registration. 17 U.S.C. § 411(b). That is precisely what happened here. Plaintiff did not disclose that the Four Tattoos are comprised primarily of material that he did not create. Dkt. 234-1 (Hayden Dep. Tr.). And the Register has now clarified that the registrations would have been refused if Plaintiff had been honest. Dkt. 231-1 (Register's Resp.) at 1. **Second**, as to fraud on the Copyright Office, these same facts satisfy all three elements: Plaintiff's registrations contained inaccuracies, which he knew of, and which the Copyright Office relied on. *Tacori Enters. v. Rego Mfg.*, No. 1:05 Civ. 2241, 2008 WL 4426343, at *14 (N.D. Ohio Sept. 25, 2008) (listing elements; internal citation omitted). The Four Tattoos are thus doubly unenforceable.

Despite the clear law and undisputed facts, Plaintiff argues that summary judgment

briefing would be futile. As a preliminary matter, Plaintiff cites no authority to support denying a Rule 16(a) motion as futile. *But see Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (Rule 16(a) motion requires good cause, factoring in diligence and the risk of prejudice); *cf. Rapp v. Forest City Techs., Inc.*, No. 1:20 Civ. 2059, 2021 WL 4713394, at *3 (N.D. Ohio June 17, 2021) (futility *is* a factor for Rule 15(a) motions). And even were Plaintiff correct on the legal standard, neither law nor fact supports his bases for futility.

*First*, addressing only pre-suit registration, Plaintiff argues that his registrations could have been corrected either before the Copyright Office accepted them or through later supplementary registrations, and thus that they fall under § 411(b)'s "safe harbor" for certain inaccurate registrations. Opp. 3–4. But inaccuracies that "substantively alter the scope" of a registration, as these inaccuracies do, preclude application of the safe harbor where the registrant knew about them and did not fix them **before** initiating suit. *Oliver v. Meow Wolf, Inc.*, No. 20 Civ. 237, 2023 WL 4353541, at *10 (D.N.M. July 5, 2023).[2] Indeed, if the mere fact that Plaintiff *could* have corrected the inaccuracies before he filed suit rendered them immaterial under § 411(b), as Plaintiff contends, Opp. 4, the pre-suit registration requirement would be meaningless.[3] The very point here is that Plaintiff did not avail himself of any of these avenues

---

[2] The Copyright Office often allows applicants to amend their applications where it appears a work cannot be registered as represented, but a registrant still must seize this opportunity. *See Gold Value Int'l Texile, Inc. v. Sanctuary Clothing, LLC,* No. 16 Civ. 339, 2017 WL 3477746, at *2, 6 (C.D. Cal. May 12, 2017). Moreover, while supplementary registrations can be used to correct inaccuracies in approved registrations in certain circumstances, supplementary registrations are effective only as of when they are approved—not as of when the original registration was approved. *LADS Network Solutions, Inc. v. Agilis Sys., LLC*, No. 4:19 Civ. 11, 2022 WL 4534738, at *6 (E.D. Mo. Sept. 28, 2022). Accordingly, a registrant must obtain the corrective supplementary registration *before* filing suit; a supplementary registration cannot be used, mid-suit, to reach back in time and satisfy § 411. *See Rawls v. Paradise Artists, Inc.*, No. 3:18 Civ. 417, 2020 WL 1493610, at *5 (M.D. Tenn. Mar. 27, 2020) (collecting cases holding that post-filing registration does not cure earlier failure).

[3] Plaintiff's attempt to distinguish *Gold Value* falls flat. There, as here, the issue was not whether the work *could be* registered but whether it *had been* properly registered before the plaintiff filed suit. 2017 WL 3477746, at *1. Whatever Plaintiff may suggest the court "implicitly held," Opp. 4, it was explicit that where "there are no valid registrations presented in the operative complaint, there is no valid basis presented for a claim for infringement." *Gold Value*, 2017 WL 3477746, at *8. Further, Plaintiff's citation to *Sierra-Pascual v. Pina*

3

before he filed suit, and he thus did not satisfy § 411 for the Four Tattoos.

***Second***, Plaintiff is also wrong that there is a genuine factual dispute as to his scienter. Opp. 4–5. The scienter standards for Take-Two's grounds for partial summary judgment differ, but only slightly. Both are met here, where Plaintiff has confessed to knowledge that he submitted inaccurate applications. Section 411's safe harbor is precluded by knowingly included inaccuracies, even without fraudulent intent. *LADS Network*, 2022 WL 4534738, at *2. And while the affirmative defense of fraud on the Copyright Office requires a showing of willful or deliberate conduct, it is satisfied by acts committed knowingly. *Tacori Enters.*, 2008 WL 4426343, at *14. Plaintiff's self-serving statement that, six years ago, he was confused by the application, Opp. 5, should be given no weight when stacked against his undisputed conduct. *See Unicolors*, 595 U.S. at 187 ("[C]ourts need not automatically accept a copyright holder's claim that it was unaware.").[4] Because Plaintiff does not even seek to dispute the other elements of either of Take-Two's allegations—nor could he—partial summary judgment would be proper on both grounds.

### B. Granting Take-Two's Diligent Motion Would Not Prejudice Plaintiff.

Good cause exists to grant Take-Two's Motion, because Take-Two acted diligently, and there is no risk of prejudice. Take-Two announced that this Motion was forthcoming during the parties' court-ordered conferral after the Response of the Register first came down. Take-Two also specifically raised the issue in its proposed case management schedule, which it filed timely

---

*Records, Inc.*, 660 F. Supp. 2d 196, 201–02 (D.P.R. 2009), in which the registrant's errors were immaterial, is inapposite where, as here, Plaintiff's inaccuracies were material. *See Oliver*, 2023 WL 4353541, at *10.

[4] Indeed, Plaintiff has never before asserted he did not understand the application. He even had a lawyer help him fill out the form, which plainly asked him to disclose "material [] not owned by this claimant." *See* Dkt. 101-49 (Pl.'s Copyright Applications) at 2–3, 5. His observation that lack of knowledge for § 411(b) can be as to either fact or law is therefore irrelevant. *See* Opp. 5 (citing *Unicolors*, 595 U.S. at 182).

4

pursuant to the Court's order. Dkt. 234 (Defs.' Proposed Schedule) at 1–2; *see Rapp*, 2021 WL 4713394, at *3. Moreover, no prejudice will result from streamlining the issues for trial where the Parties' earliest possible trial date accommodates briefing these narrow issues. Dkt. 234 (Defs.' Proposed Schedule) at 8. Summary judgment on the Four Tattoos would leave just two tattoos on a single NBA player in the case. This would *ease* the Parties' burdens.

Once again, Plaintiff's counterarguments lack merit. ***First***, Plaintiff responds that Take-Two was not diligent either because the Court decided these issues already or because Take-Two "waived" them. Opp. 1–2. Neither contention makes sense. The Court has never ruled on the validity of Plaintiff's *registrations*, only that of his copyrights. Dkt. 193 (Order) at 7. There is thus no "law of the case" to apply to either Plaintiff's requirement or Take-Two's defense.[5] The *entire purpose* of the Court's referral to the Copyright Office was to decide these issues, which Take-Two had repeatedly raised. Dkt. 217 (Order) at 1 (noting Take-Two repeatedly raised both issues). ***Second***, despite his generic claim of "great[] prejudice," Opp. 1, Plaintiff fails to carry his burden of specifying any form of prejudice. *See Prewitt v. Hamline Univ.*, 764 F. App'x 524, 530 (6th Cir. 2019). Indeed, it would be odd for Plaintiff to identify prejudice from being forced to reckon with his own concealment. He thus concedes the Motion is not prejudicial.

Plaintiff cannot refute that good cause exists to grant Take-Two's Motion. Accordingly, Take-Two respectfully requests this Court grant it, for the benefit of all involved in this case.

### III. CONCLUSION

For the foregoing reasons, Take-Two respectfully requests the Court grant its Motion.

---

[5] In any case, per Plaintiff's own supporting authority, the "law of the case" doctrine applies only to "issues already decided" *by an appellate court* when they arise in later stages of a case, such as on remand. *Thurmond v. Wayne Cnty. Sherriff Dep't*, 564 F. App'x 823, 830 (6th Cir. 2014) (citing *Bowles v. Russell*, 432 F.3d 668, 676–77 (6th Cir. 2005)). It does not apply here, where no appeal has yet been taken.

Dated:  October 10, 2023

/s/ Dale M. Cendali
Dale M. Cendali (admitted *pro hac vice*)
Joshua L. Simmons (admitted *pro hac vice*)
Chris Ilardi (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com

Miranda D. Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 385-7500
miranda.means@kirkland.com

Yungmoon Chang (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4359
yungmoon.chang@kirkland.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's System.

*/s/ Dale M. Cendali*
Dale M. Cendali