**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMES HAYDEN, <br><br> Plaintiff, <br><br> v. <br><br> 2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC., <br><br> Defendants. | CASE NO. 1:17-cv-02635-CAB |

**DEFENDANTS 2K GAMES, INC. AND TAKE-TWO
INTERACTIVE SOFTWARE, INC.'S OPPOSITION TO PLAINTIFF JAMES
HAYDEN'S MOTION TO CONSOLIDATE CASES**

Defendants Take-Two Interactive Software, Inc. and 2K Games, Inc. (collectively, "Take-Two") respectfully submit this opposition to Plaintiff James Hayden's ("Plaintiff") Motion to Consolidate Cases. Dkt. 238, 238-1 ("Mot.").

**PRELIMINARY STATEMENT**

Plaintiff's Motion is a transparent attempt to seek what this Court already has denied: adding *NBA 2K21* to this case at the eleventh hour. *NBA 2K21* was released over **three years ago**. Eighteen months later, without explaining his delay, Plaintiff moved to amend this case's operative complaint to add the game without allowing Take-Two to develop the record thereon. Dkt. 140 (Pl.'s Mot. Amend). The Court denied that motion, recognizing Take-Two's position that adding new allegations would impact its already-completed expert reports and dispositive motion briefing, and therefore finding that Plaintiff had acted "too late in the proceedings." Dkt. 147 (Ord. Mot. Amend) at 2. Now, after waiting *another* eighteen months, Plaintiff has filed a separate lawsuit alleging infringement of *NBA 2K21* (the "1721 Case"), and he seeks to consolidate the two cases. But, once again, proceeding to trial without affording Take-Two the chance to prepare its defense to brand-new allegations would violate fundamental due process. If it was too late for Plaintiff to amend eighteen months ago, surely it is too late to consolidate now. Plaintiff's tactically repackaged Motion should thus meet the same fate as his first.

Consolidation is a discretionary act, and Plaintiff's Motion does not warrant the Court's discretion for two reasons. ***First***, consolidation without allowing the Parties to take new discovery, submit new expert reports, and file new dispositive motion briefing on *NBA 2K21* would prejudice Take-Two by denying it a fair trial. Plaintiff alleges in the 1721 Complaint that *NBA 2K21* is ***"significantly different"*** from earlier *NBA 2K* games. Dkt. 1 (1721 Compl.) ¶ 119, No. 1:23 Civ. 1721 (N.D. Ohio). Taking Plaintiff at his word, the Parties' earlier efforts in this case are insufficient for defining the scope of, and allowing Take-Two to build its defenses to,

1

Plaintiff's new allegations. ***Second***, pushing trial off to allow the Parties to complete these efforts would *also* prejudice Take-Two by adding expense to and delaying resolution of this case after six years of litigation. Whereas Take-Two's pending motion for leave to file a summary judgment motion seeks to streamline trial in this case, Dkt. 237 (Defs.' Mot.), Plaintiff's Motion would expand it. Consolidation thus causes prejudice yet *disserves* judicial economy.

Granting Plaintiff's belated Motion would cause at least two types of prejudice to Take-Two: (a) the trial would occur without Take-Two having adequate opportunity to build the record with regard to *NBA 2K21*, or (b) the trial in this case will need to be delayed while the Parties re-enter discovery and dispositive motion briefing. This catch-22 is why courts routinely deny such motions to consolidate. The fairest course of resolution is to stay the new case and proceed to trial in the present case. Once this case is resolved, the parties can address the 1721 Case if necessary. Take-Two therefore respectfully requests the Court deny Plaintiff's Motion.[1]

## ARGUMENT

A court "may" consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). But consolidation is "not justified or required simply because the actions *include* a common question of fact or law." *Weir-Cove Moving & Storage Co. v. Fleet Owners Ins. Fund*, No. 1:18 Civ. 74, 2019 WL 266422, at *2 (N.D. Ohio Jan. 18, 2019) (emphasis in original; internal quotation omitted). Instead, Courts must also consider "the potential for new delays, expense, confusion or prejudice." *Id.* Because the prejudice of consolidation outweighs any benefit to it here, Take-Two respectfully requests that the Court deny Plaintiff's Motion.

A. **Adding *NBA 2K21* Without Reassessing the Parties' Prior Discovery and Dispositive Motion Briefing Would Prejudicially Expand this Case's Scope**

---

[1] As Plaintiff has not served the Complaint in the 1721 Case, Take-Two has not moved to stay that litigation. It, however, will do so if this Motion is denied and the 1721 Complaint is served.

Consolidating these cases without allowing the parties to develop the record and move for summary judgment on *NBA 2K21* would prejudice Take-Two. Courts routinely refuse to consolidate related cases differing in procedural posture. *E.g.*, *Does No. 1 v. Springboro Cmty. City Sch. Dist.*, Nos. 1:19 Civ. 785, 1:21 Civ. 623, 2022 WL 219368, at *2–3 (S.D. Ohio Jan. 25, 2022) (refusing to "tie a racehorse to a foal" by consolidating a case that had been pending for four years with a "nearly identical," newly filed complaint); *LSP Techs., Inc. v. Metal Imp. Co.*, No. 2:10 Civ. 526, 2010 WL 3447834, at *2–3 (S.D. Ohio Aug. 30, 2010) (refusing to consolidate cases involving the same patent but different accused devices given different procedural postures).[2] Plaintiff has not even served the 1721 Complaint, whereas the Parties have indicated that trial in this case can be scheduled as early as April 2024. Moreover, the 1721 Complaint asserts that *NBA 2K21* is ***"significantly different"*** from earlier games due to unspecified "improvements and additions." Dkt. 1 (Compl.) ¶ 119, No. 1:23 Civ. 1721 (N.D. Ohio) (emphasis added). Take-Two should be permitted to explore what such differences may be from Plaintiff's perspective and how they affect the Parties' already-completed discovery and dispositive motion briefing, file new expert reports, and move for summary judgment on the game if appropriate. Doing so cannot be completed before the Parties' proposed trial date, so Plaintiff's Motion should be denied.

Plaintiff's arguments otherwise are unavailing. ***First***, Plaintiff's contention that these cases involve "identical" legal and factual issues is belied by Plaintiff's own Complaint.[3]

---

[2] Plaintiff's contrary authority is inapposite. *See Eliason v. Gentek Building Prods., Inc.*, Nos. 1:10 Civ. 2093, 1:11 Civ. 2232, 1:11 Civ. 2719, and 1:12 Civ. 1109, 2012 WL 12929559, at *2 (N.D. Ohio Sept. 6, 2012) (oldest case "not significantly further advanced" than the others).

[3] Plaintiff's reliance on *Plagens v. Deckard* also is misplaced. There, the court consolidated proposed class actions alleging the *same* SEC violations, finding consolidation "particularly appropriate" in that context. Nos. 1:20 Civ. 2744, 1:21 Civ. 238, 2021 WL 3284265, at *4 (N.D. Ohio Aug. 2, 2021). Here, Plaintiff alleges that the accused games are "significantly different." Dkt. 1 (Compl.) ¶ 119, No. 1:23 Civ. 1721 (N.D. Ohio).

Mot. 2. Thus, contrary to Plaintiff's claim that incorporating *NBA 2K21* into this case would be a mere "clerical exercise," Mot. 4, Plaintiff's allegations require disclosure in fact discovery, address by Take-Two's experts, and potentially another round of summary judgment briefing. Plaintiff's proposal to limit the Parties' responsibility to updating financials, Mot. 5, would make any trial that includes *NBA 2K21* necessarily unfair. As this Court observed, "[I]t is not Plaintiff's place to determine how Defendants should prepare their case," especially when Plaintiff seeks to unilaterally enlarge the dispute's scope. Dkt. 147 (Ord. Mot. Amend) at 2.

***Second***, contrary to Plaintiff's claims that Take-Two's prior offer to compromise with Plaintiff on this issue requires consolidation now, Mot. 3–4, it shows otherwise. Plaintiff first proposed adding *NBA 2K21* right before dispositive motions were due. Take-Two made clear then that amending the complaint would "potentially expand the scope of discovery." Dkt. 140-2. Fearful of delay or reopening discovery at a pivotal juncture, however, Take-Two proposed that the Parties stipulate to adding *NBA 2K21* but not reopen discovery. Plaintiff rejected that proposal. Then, ***after*** the Parties filed dispositive motions, Plaintiff moved to amend the Complaint anyway. Dkt. 140 (Pl.'s Mot. Amend). Take-Two responded that adding a claim against *NBA 2K21* at that point would require redoing expert reports and the Parties' just-filed briefings. Dkt. 142 (Defs.' Opp. Mot. Amend) at 3. Plaintiff then admitted that he would seek to use the Parties' obligations under Rule 26(e) to effectively reopen fact discovery. *See* Dkt. 145 (Pl.'s Rpl. Mot. Amend) at 4. What was true then is true now: adding *NBA 2K21* to this case will require additional labor and delay the trial. Consolidation is thus prejudicial to Take-Two.

**B.  Delaying Disposition of this Case to Allow for Additional Discovery and Dispositive Motion Briefing Would Also Prejudice Take-Two**

When the Court denied Plaintiff's motion to amend, it found that it would be prejudicial to allow Plaintiff to dictate Take-Two's defense preparations. Dkt. 147 (Ord. Mot. Amend). The

4

same logic applies to Plaintiff's latest belated motion. Plaintiff has not even served the 1721 Complaint, so the Parties have not begun to address the new allegations. But like any defendant, Take-Two has a right to a fair trial on each accusation leveled against it. That means **new fact discovery**, **new expert reports**, and **new dispositive motion briefing**. There is not enough time to treat Plaintiff's new case as a new case *and* prepare for trial by April 2024. If the cases were consolidated, due process would necessitate postponing trial to allow Take-Two to address the new Complaint. Consolidation would thus force the Parties from the brink of trial to effectively starting from scratch after *six years* of litigation. The prejudice in doing so is clear. *See LSP Techs.*, 2010 WL 3447834, at *3 (prejudice takes the form of "continuing legal expenses and prolonged uncertainty" where consolidation would require delaying a further-advanced case).

But whereas the prejudicial expense, uncertainty, and delay in granting Plaintiff's Motion are great, the potential gains to judicial economy from delaying trial are negligible. Whatever efficiency benefits consolidation might bring, having a common judicial officer preside over both cases can achieve much of the same results *without* slowing down this case. *See Weir-Cove Moving & Storage*, 2019 WL 266422, at *2. And, in fact, the cases already have a common presiding judicial officer. *See* Dkt. 5 (Transfer Ord.), No. 1:23 Civ. 1721 (N.D. Ohio). Further, this case can inform, and speed disposition of, the 1721 Case, too. Meanwhile, Plaintiff offers no explanation for why he waited so long to file the 1721 Complaint and bring this Motion, and to thereby make the prejudice of consolidation inevitable.

Plaintiff seeks to gain by circumvention what the Court denied outright eighteen months ago: adding *NBA 2K21* to this case. But the prejudice in Plaintiff's proposal remains as clear now as it was then, and therefore the Court should deny Plaintiff's attempt at a do-over.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied.

5

Dated:  October 10, 2023

/s/ Dale M. Cendali

Dale M. Cendali (admitted *pro hac vice)*
Joshua L. Simmons (admitted *pro hac vice*)
Chris Ilardi (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com

Miranda D. Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 385-7500
miranda.means@kirkland.com

Yungmoon Chang (admitted *pro hac vice*)
Kirkland & Ellis LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4359
yungmoon.chang@kirkland.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 10, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's System.

>  */s/ Dale M. Cendali*
>  Dale M. Cendali