UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES HAYDEN,** | ) | CASE NO. 1:17CV2635 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| **2K GAMES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #237) of Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. for Leave to File a Motion for Summary Judgment on two issues:  (1) Failure to satisfy 17 U.S.C. § 411(a)'s pre-suit registration requirement, and (2) Fraud on the Copyright Office.  Plaintiff opposes the Motion and argues that:  (1) Defendants were not diligent in seeking summary judgment on their registration-related defenses; (2) The Copyright Office would allow supplementary registrations to correct inaccuracies; and (3) Defendants cannot establish that Plaintiff filed any inaccuracies with knowledge or with fraudulent intent.

Upon consideration of the Motion and the arguments in opposition, the Motion is

granted for the following reasons.

On September 20, 2022, the Court granted Plaintiff's Partial Motion for Summary Judgment in part and denied it in part. Also on the same date, the Court denied Defendants' Motion for Summary Judgment. Partial summary judgment orders are interlocutory, and may be revised in the district court's discretion until final judgment. *See* Fed. R. Civ. P. 54(b); *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 508 (2022); *see also Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 944–46 (6th Cir. 2004).

In the Opinion and Order entered on September 20, 2022, the Court found Plaintiff's tattoos presumptively valid. (ECF DKT #193). However, "[t]hat presumption is rebuttable; once the plaintiff introduces evidence that he registered the work "before or within five years after first publication," [] then the burden shifts to the alleged infringer to present evidence that the plaintiff's copyrights are invalid, *Hi–Tech Video Prods., Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir.1995)." *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 477 (6th Cir. 2015).

Defendants request that the Court consider judgment in their favor on new and different grounds, and in reaction to the recent advice from the Copyright Office. (ECF DKT #229, May 25, 2023).

The Court's view of additional briefing is further guided by the Copyright Register's Response: "The Register hereby responds that, based on the legal standards and examining practices set forth below, the Office would not have registered the tattoo designs if it had known that the designs included an "appreciable amount" of public domain material or

material owned by a third party that the applicant did not exclude in his application for registration." (ECF DKT #229 at pp. 1-2).

For these reasons, the Court grants Defendants' Motion (ECF DKT #237) for Leave to File a Motion for Partial Summary Judgment. In keeping with Defendants' proposed schedule, the dispositive motion shall be filed by October 31, 2023. Opposition and reply briefs shall be filed according to local rule.

**IT IS SO ORDERED.**

**DATE: October 11, 2023**

                                         **s/Christopher A. Boyko**
                                         **CHRISTOPHER A. BOYKO**
                                         **United States District Judge**