**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


JAMES HAYDEN,

      Plaintiff,

v.

2K GAMES, INC., et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

CASE NO. 1:17-cv-02635-CAB

JUDGE CHRISTOPHER A. BOYKO


**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO CONSOLIDATE CASES**

## I.    INTRODUCTION

Two years ago, Take-Two agreed to *stipulate* to adding NBA 2K21 to the instant case, *insisting* on no further discovery besides updating Take-Two's financial productions. (See Dkt. #140-2, at PageID # 12834, Ilardi 9-21-21 email). Now, Take-Two objects to doing so because it would *require* additional discovery. (See Defendants' Opposition to Plaintiff's Motion to Consolidate Cases, Dkt. #241.) And despite its vehement objection, Take-Two *still* has not explained what facts it would need to develop or what new grounds it would have for summary judgment if NBA 2K21 were added to the case. None exist. Take-Two's new position simply seeks to evade the significant additional damages that NBA 2K21's infringement would add to this case. That is the only fact that would change and *both Parties' damages experts have **already opined** on that information*—no new discovery is needed nor dispositive briefing warranted.

Take-Two's sole basis for claiming more fact discovery is needed is a single allegation from Mr. Hayden's Complaint in the 1721 Case about an issue for which the factual record is *already developed* and on which this Court has already addressed on summary judgment. Mr. Hayden's allegation that Take-Two relies upon solely and entirely is that NBA 2K21 "significantly different than Defendants' previously released games." This allegation relates to whether each game is a new or continued infringement for purposes of statutory damages and attorney's fees. The allegation relates to game features other than infringement of Mr. Hayden's tattoos, such as roster updates and game modes, as Take-Two's experts have acknowledged. Indeed, the Parties already took discovery and asserted positions on this issue, *including with respect to NBA 2K21*. Take-Two's own video game expert, Dr. Ian Bogost, argued in his report that "[a]lthough each successive version of *NBA 2K* [including NBA 2K21] has updates to the

title and visual and graphic improvements, they are the same basketball simulation game **and they use the Tattoos in the same way in each edition**[.]" (Dkt. #91-2, Bogost Report, ¶ 42, fn. 46 (emphasis added).) Take-Two misleadingly omitted this from its Opposition, along with the fact that its survey expert and its damages expert both also submitted reports addressing NBA 2K21, in order to justify its claim of prejudice from consolidating the cases. Take-Two's argument is refuted by the record; no more discovery is needed on NBA 2K21.

## II.    ARGUMENT

A. *The factual record for NBA 2K21 has already been developed – no discovery is needed and no new grounds for summary judgment exist.*

Take-Two's primary argument against consolidation—that it would not have an "adequate opportunity to build the record"—is wholly unsupported and demonstrably false. Take-Two has taken discovery on NBA 2K21, including expert discovery, and has not substantiated its claim that it needs *any* more discovery. Instead, Take-Two zeros in on a single allegation Mr. Hayden made in his 1721 Complaint, that "[t]he improvements and additions to NBA 2K21 make this game significantly different than Defendants' previously released games[.]" (1721 Case Complaint, ¶ 119.) Take-Two repeatedly quotes this allegation, claiming that it "should be permitted to explore" these differences, but this makes a mountain out of a mole hill.

As Take-Two knows, this allegation simply shows NBA 2K21 (like each of the earlier releases already in the case) is a new infringement for purposes of statutory damages. (*See* Dkt. #14-1, pp. 13–14.[1]) The Parties have briefed this issue extensively at the motion to dismiss and

---

[1] Take-Two already addressed the same substantive allegation from Mr. Hayden's complaint in this case (i.e., whether "improved graphics, new player animations, improved gameplay, new in-game commentary, and significant additions and improvements to game modes" make different releases discrete works) when it argued that Mr. Hayden was not entitled to statutory damages. (Dkt. 14-1, p. 14.)

summary judgment stages. (*See* Dkt. ##14, 15, 16, 95, 111.) Notably, Take-Two represented to this Court that the alleged differences "have nothing to do with the manner in which Take-Two allegedly infringed Plaintiffs' *tattoos*" and that "**Take-Two has used the tattoos in the same manner in each edition of *NBA 2K*: on the avatars of the athletes who bear them in real life.**" (*Id.* at pp. 15–16, emphasis added.) Take-Two's newly asserted need to "explore" these alleged differences is purely manufactured.

Even more to the point, Take-Two already developed its factual record on this very issue *for NBA 2K21*. Indeed, Take-Two's video game expert, Ian Bogost, reviewed and analyzed NBA 2K21 and provided an opinion on this specific issue in his report. According to Dr. Bogost, "[a]lthough each successive version of *NBA 2K*[2] has updates to the title and visual and graphic improvements, they are the same basketball simulation game and they use the Tattoos in the same way in each edition, which is on the player who bears them in real life." (Dkt. #91-2, ¶ 49, fn. 46.)[3]

Similarly, Take-Two's survey expert, Dr. Deborah Jay, submitted an expert report concluding that "there is no link between the sales of the NBA 2K21 video game and the tattoos on LeBron James, Danny Green, or Tristan Thompson." (Dkt. #88-2, fn. 3.) Take-Two damages expert, James Malackowski, also submitted *two* reports providing opinions related to NBA 2K21. (Dkt. #98-1, Initial Report, p. 38, Schedules 4.0, 4.0.1; Dkt. #98-2, Rebuttal Report, pp. 12.) Take-Two also produced financial data and other documents related to NBA 2K21,

---

[2] Dr. Bogost expressly included NBA 2K21 in this assessment, stating that "my opinions apply with equal force to NBA 2K21." (Dkt. #91-1, fn. 1.)

[3] Take-Two, in fact, already moved for summary judgment that Mr. Hayden is not entitled to statutory damages relying on and citing Dr. Bogost's testimony. (Dkt. #95, p. 30.) This Court denied Take-Two's request, holding that its argument was moot. (Dkt. #193, p. 19.)

including texture file logs, license agreements, and art department emails. Both Parties have also had possession of the NBA 2K21 video game for years.

Put simply, Take-Two will not be prejudiced in any way if NBA 2K21 is added to this case. No further discovery is needed, as Take-Two itself expressly *insisted* two years ago when it was prepared to stipulate to its inclusion in the case. The Parties have already developed the factual record for NBA 2K21 and Take-Two has failed to identify a single new ground for summary judgment related to NBA 2K21 that has not already been addressed by this Court. The 1721 Case should be consolidated with this case and tried on April 15, 2024.

B. *Mr. Hayden is not asking to move the trial date.*

Take-Two's other purported prejudice—that trial may have to be delayed—is a non-issue. Mr. Hayden, in fact, would prefer to stay the 1721 Case and maintain the April 15, 2024 trial date for this case rather than consolidate the 1721 Case and delay trial, if the Court believed that additional discovery and a new summary judgment period for NBA 2K21 were warranted. They are not.  For all the reasons stated herein and in Mr. Hayden's opening brief (Dkt. #238), judicial economy unequivocally favors consolidating the 1721 Case with this case without any further discovery or summary judgment briefing. However, if the Court believes that the case cannot be consolidated without additional discovery and summary judgment briefing, then Mr. Hayden submits that the cases should not be consolidated now and this case should proceed to trial as soon as possible.

III.    **CONCLUSION**

For the reasons stated herein and Mr. Hayden's opening brief (Dkt. #238), Mr. Hayden's Motion should be granted. The 1721 Case can be efficiently consolidated with this case (thereby

simply adding NBA 2K21 to the games already in the case) without reopening discovery, submitting new dispositive briefing, delaying trial or in any way prejudicing Take-Two.

In 2021, Take-Two offered to stipulate to adding NBA 2K21 to the case on the premise that *no further discovery would be allowed*. Take-Two's about-face that it now needs more discovery is simply not credible.  Plaintiff's Motino to Consolidate should be granted.

Dated: October 17, 2023                    Respectfully submitted,

                                           By: */s/ Andrew Alexander*
                                           John Cipolla (Ohio Bar No. 0043614)
                                           Daniel McMullen (Ohio Bar No. 0034380)
                                           Todd R. Tucker (Ohio Bar No. 0065617)
                                           Andrew Alexander (Ohio Bar No. 0091167)
                                           Josh A. Friedman (Ohio Bar No. 0091049)
                                           Dustin Likens (Ohio Bar No. 0097891)
                                           Brandon E. Brown (Ohio Bar No. 0097013)
                                           CALFEE, HALTER & GRISWOLD LLP
                                           The Calfee Building
                                           1405 East Sixth Street
                                           Cleveland, Ohio 44114-1607
                                           Telephone: (216) 622-8200
                                           Facsimile: (216) 241-0816
                                           jcipolla@calfee.com
                                           dmcmullen@calfee.com
                                           ttucker@calfee.com
                                           aalexander@calfee.com
                                           jfriedman@calfee.com
                                           dlikens@calfee.com
                                           bbrown@calfee.com

                                           *Of Counsel*

                                           Kimberly A. Pinter (Ohio Bar No. 0084277)
                                           CALFEE, HALTER & GRISWOLD LLP
                                           The Calfee Building
                                           1405 East Sixth Street
                                           Cleveland, Ohio 44114-1607
                                           Telephone: (216) 622-8200
                                           Facsimile: (216) 241-0816
                                           kpinter@calfee.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2023, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's Electronic Filing System to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's System.

/s/ Andrew Alexander