UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | CASE NO. 1:17CV2635 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| 2K GAMES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #238) of Plaintiff James Hayden to Consolidate the case entitled *Hayden v. 2K Games, Inc.*, 1:23CV1721 (filed August 31, 2023) with the above-captioned case (filed December 18, 2017), both pending on this Court's docket. In addition, Plaintiff asks that any further fact discovery be limited to financial information for the accused game, NBA 2K21.

Plaintiff argues that both cases share common facts and law; and the 2023 Complaint "simply accuses one additional game, NBA 2K21, of infringing the same Asserted Tattoos." Plaintiff contends that no new discovery or summary judgment briefing is necessary.

Defendants, however, argue that consolidation without new discovery, new expert

reports and renewed dispositive motion briefing would deny them a fair trial. Defendants point to Plaintiff's 1:23CV1721 Complaint at ¶ 119: "The improvements and additions to NBA 2K21 make this game significantly different than Defendants' previously released games NBA 2K16, NBA 2K17, NBA 2K18, NBA 2K19 and NBA 2K20." Defendants contend that the trial in the above-captioned case would need to be delayed to allow for discovery and briefing; so, the "fairest course of resolution is to stay the new case and proceed to trial in the present case."

## ANALYSIS

The Court notes that the current operative Complaint in Case No. 1:17CV2635 is the Fourth Amended Complaint, filed August 19, 2019 (ECF DKT #33). Plaintiff alleges:

¶ 2. This case is about the unauthorized use of HAYDEN's registered tattoos in Defendants' highly successful video games, known as NBA 2K16, NBA 2K17, NBA 2K18, NBA 2K19, NBA 2K20, and NBA2K Mobile (herein the "Infringing Games") and Defendants' resulting ongoing willful violation of HAYDEN's rights.

Specifically:

¶ 63. The copyright in the Fire Design is registered, having the Registration Number VAu 1-287-552.

¶ 65. HAYDEN owns a valid and enforceable copyright in the Fire Design.

–and–

¶ 70. The copyright in the Scroll Design is registered, having the Registration Number VAu 1-287-545.

¶ 72. HAYDEN owns a valid and enforceable copyright in the Scroll Design.

The Complaint in Case No. 1:23CV1721 was filed on August 31, 2023. By comparison, Plaintiff alleges:

¶ 2. This case is about the unauthorized use of HAYDEN's registered tattoos in Defendants' highly successful video game, known as NBA 2K21 (herein the "Infringing Game") and Defendants' resulting ongoing willful violation of HAYDEN's rights.

Specifically:

¶ 64. The copyright in the Fire Design is registered, having the Registration Number VAu 1-287-552 and a Supplementary Registration Number Vau001365279 [*sic*].

¶ 67. HAYDEN owns a valid and enforceable copyright in the Fire Design.

–and–

¶ 72. The copyright in the Scroll Design is registered, having the Registration Number VAu 1-287-545 and a Supplementary Registration Number VAu 1-365-277.

¶ 75. HAYDEN owns a valid and enforceable copyright in the Scroll Design.

While Plaintiff asserts that the only relevant distinction between the above-captioned case and the 2023 case against Defendants is that he accuses one additional game, NBA 2K21, of infringing his Tattoos, the Court finds it significant that the Supplemental Copyright Registrations for the Fire and Scroll Tattoos are not part of the allegations in the above-captioned case.

Plaintiff brings his Motion to Consolidate more than 3 years after the release of the NBA 2K21 game and 17 months after the Court denied Plaintiff leave to file a Fifth Amended

Complaint to add the NBA 2K21 and NBA 2K22 games.

The Court further finds that Plaintiff's Motion is submitted inordinately late in the proceedings; the instant case is nearly 6 years old and is set for trial in the Spring of 2024; Plaintiff has possessed the information about the 2K21 game for some time; and Defendants persuasively insist that due process requires allowing them additional time to address each of Plaintiff's new allegations.  Moreover, at the close of his Reply Brief (ECF DKT #243), Plaintiff concedes that if consolidation is deemed inappropriate without additional litigation efforts on Defendants' part, then consolidation should be denied and the trial of the instant action should go forward.

Therefore, the Motion (ECF DKT #238) of Plaintiff James Hayden to Consolidate the case entitled *Hayden v. 2K Games, Inc.*, 1:23CV1721 (filed August 31, 2023) with the above-captioned case (filed December 18, 2017) is denied.

**IT IS SO ORDERED.**

**DATE: October 27, 2023**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**