# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, <br><br> Plaintiff, <br><br> v. <br><br> 2K GAMES, INC., et al., <br><br> Defendants. | CASE NO. 1:17-cv-02635-CAB <br><br> JUDGE CHRISTOPHER A. BOYKO |

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS 2K GAMES, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

Under the Federal Rules of Civil Procedure 36 and the Local Civil Rules for the United States District Court for the Northern District of Ohio, Plaintiff James Hayden ("Hayden") objects and responds to Defendants' (2K Games, Inc. and Take-Two Interactive Software, Inc.) (collectively ("Take-Two")) First Set of Requests for Admission (Nos. 1–241) as follows:

### GENERAL STATEMENT

Hayden's responses are made without in any way waiving or intending to waive but, on the contrary, intending to preserve and expressly preserving:

(1) the right to raise all questions or relevancy, materiality, privilege, and admissibility into evidence to any interrogatory or the answer thereto;

(2) the right to object on any grounds at any time to other requests or other discovery involving the information provided; and

Without waiving these objections or the General Objections set forth above and to the extent that Plaintiff understands this request, Plaintiff admits that LeBron James came to Plaintiff's tattoo shop and requested lion tattoo on his chest. Except as expressly admitted, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 78:**

Admit that LeBron James provided a TATTOOIST with the source of inspiration for the "Lion Design."

**RESPONSE:**

Without waiving the General Objections set forth above, Plaintiff admits that a playing card LeBron James showed Plaintiff was one source of inspiration for the Lion Design. Except as expressly admitted, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 79:**

Admit that "Shoulder Stars Design" was created by a TATTOOIST with contributions and guidance from LeBron James.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous in that the phrase "contributions and guidance" is not defined, and its meaning is not clear from the context.

Without waiving these objections or the General Objections set forth above and to the extent that Plaintiff understands this request, Plaintiff denies this request.

Without waiving these objections or the General Objections set forth above and to the extent that Plaintiff understands this request, Plaintiff admits that LeBron James came to Plaintiff's tattoo shop and requested lion tattoo on his chest. Except as expressly admitted, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 101:**

Admit that LeBron James instructed HAYDEN to include an image of a winged lion in "Lion Design."

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous in that the phrase "instructed" is not defined, and its meaning is not clear from the context. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case.

Without waiving these objections or the General Objections set forth above and to the extent that Plaintiff understands this request, Plaintiff admits that LeBron James showed Plaintiff a playing card that included an image of a winged lion that was a source of inspiration for the "Lion Design." Except as expressly admitted, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 102:**

Admit that LeBron James instructed HAYDEN to include an image of a shield in "Lion Design."

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous in that the phrase "instructed" is not defined, and its meaning is not clear from the context.  Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case.

Without waiving these objections or the General Objections set forth above and to the extent that Plaintiff understands this request, Plaintiff admits that LeBron James showed Plaintiff a playing card that included an image of a shield that was a source of inspiration for the "Lion Design."  Except as expressly admitted, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 103:**

Admit that LeBron James provided HAYDEN with an image on which the "Lion Design" is based.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous in that the phrase "on which the 'Lion Design' is based" is not defined, and its meaning is not clear from the context.  Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case.

Without waiving this objection or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff admits that a playing card LeBron James showed Plaintiff was one source of inspiration for the "Lion Design."  Except as expressly admitted, Plaintiff denies this request.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous in that the phrase "instructed" is not defined, and its meaning is not clear from the context. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 122:**

Admit that Danny Green instructed HAYDEN to include the words "I am My Brother's Keeper" in "Brother's Keeper Design."

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous in that the phrase "instructed" is not defined, and its meaning is not clear from the context. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 123:**

Admit that the phrase, "I am my brother's keeper" is based on the Bible verse Genesis 4:9.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous in that the phrase "based on" is not defined, and its meaning is not clear from the context.  Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case.

Without waiving these objections or the General Objections set forth above and to the extent Plaintiff understands this request, Plaintiff admits that the English Standard Version of the Bible verse Genesis 4:9 states "Then the LORD said to Cain, 'Where is your brother Abel?' 'I don't know,' he replied. 'Am I my brother's keeper?'".  Except as expressly admitted, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 124:**

Admit that the phrases "I am my brother's keeper" and "Am I my brother's keeper?" are common phrases.

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous in that the phrase "common" is not defined, and its meaning is not clear from the context.  Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case.

Without waiving these objections or the General Objections set forth above and to the extent that Plaintiff understands this request, Plaintiff admits that phrase "Am I my brother's keeper?" appears in the Bible.  Except as expressly admitted, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 125:**

Admit that HAYDEN did not author the phrase "I am my brother's keeper."

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous in that the phrase "author" is not defined, and its meaning is not clear from the context. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case.

Without waiving these objections or the General Objections set forth above and to the extent that Plaintiff understands this request, Plaintiff is without information or knowledge sufficient to admit or deny this request, and therefore denies the same.

**REQUEST FOR ADMISSION NO. 126:**

Admit that the hands in "Brother's Keeper Design" are copied from Michelangelo's "Sistine Chapel."

**RESPONSE:**

Plaintiff objects to this request as vague and ambiguous in that the phrase "copied" is not defined, and its meaning is not clear from the context. Plaintiff further objects to this request as seeking information that is not relevant to the claims and defenses at issue in this case.

Without waiving these objections or the General Objections set forth above and to the extent that Plaintiff understands this request, Plaintiff admits that Michelangelo's ceiling mural in the Sistine Chapel was a source of inspiration for the "Brother's Keeper Design." Except as expressly admitted, Plaintiff denies this request.

**REQUEST FOR ADMISSION NO. 127:**

Admit that HAYDEN followed Danny Green's instructions in inking "Brother's Keeper Design."

Dated: September 27, 2019

By: */s/ Andrew Alexander*
Daniel McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
Andrew Alexander (Ohio Bar No. 0091167)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail: dmcmullen@calfee.com
gyanchar@calfee.com
aalexander@calfee.com

*Of Counsel*

Kimberly A. Pinter (Ohio Bar No. 0084277)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail:kpinter@calfee.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2019, a copy of the foregoing was served via email to the following:

Dale M. Cendali (dale.cendali@kirkland.com)

David T. Movius (dmovius@mcdonaldhopkins.com)

Joshua L. Simmons (joshua.simmons@kirkland.com)

Matthew J. Cavanagh (mcavanagh@mcdonaldhopkins.com)

                                          /s/ *Andrew Alexander*
                                          One of the attorneys for Plaintiff