# EXHIBIT B

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HAYDEN, | ) | Case No. 1:17-cv-02635 |
| | ) | |
| Plaintiff, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| 2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF JAMES HAYDEN**

1. I, James Hayden, Plaintiff in this action, submit this Declaration in support of my Opposition to Defendants' (2K Games, Inc. and Take-Two Interactive Software, Inc.) Motion for Partial Summary Judgment.

2. I created and inked the tattoos at issue in Defendants' Motion for Partial Summary Judgment ("*Lion*," "*Fire*," "*Scroll*," and "*Brother's Keeper*," collectively, the "Tattoos").

3. I created and inked the "*Lion*" tattoo on LeBron James.

4. I created and inked the "*Fire*" and "*Scroll*" tattoos on Danny Green.

5. I created and inked the "*Brother's Keeper*" tattoo on Tristan Thompson.

6. On September 6, 2016, I applied to register the *Lion* tattoo with the Copyright Office.

7. On August 11, 2017, I applied to register the *Fire*, *Scroll*, and *Brother's Keeper* tattoos with the Copyright Office.

8. The Tattoos and the *Gloria* and *Stars* tattoos I created and inked on LeBron James are the only works I have ever applied to register with the Copyright Office.

9. On December 18, 2017, I filed this copyright infringement lawsuit, which is the first lawsuit I have ever filed.

10. I understand that Defendants claim that I knowingly included inaccuracies in my applications for copyright registration for the Tattoos. This is not true. I did not know anything in my applications for copyright registration was inaccurate when I filed them. I certainly did not intend to deceive the Copyright Office when I filed my applications for copyright registration. When I submitted my registration applications for the Tattoos, I did not believe there was anything to exclude as unclaimable.

11. I was the sole creator of each of the Tattoos. Although I had certain sources of inspiration for the subject matter, I alone created the Tattoos and understood when I filed the applications for their copyright registration, that the Tattoos were unique, original works that I had personally created and inked.

12. I've always considered the *Lion* tattoo to be entirely my creation. The *Lion* tattoo that I inked on LeBron James was much different than the playing card Mr. James showed me, and I did not believe the card needed to be excluded in the application since I had created a separate original work.

13. Similarly, I've always considered the *Brother's Keeper* tattoo to be entirely my creation, and I did not believe anything needed to be excluded as unclaimable. Although a portion of the *Brother's Keeper* tattoo was inspired by a small element on the ceiling of the Sistine Chapel, the work as a whole is much more than just the hand design. I created a separate

original work and did not think the hand design from the Sistine Chapel needed to be excluded in the application.

14. When I submitted my registration applications for the *Fire* and *Scroll* tattoos, I did not know that I needed to exclude the tattoos that Mr. Green already had on his shoulder and inner arm. I intended to register only the works and elements that I created and inked.

15. After filing this lawsuit, I decided to file supplementary registration applications for the *Fire* and *Scroll* tattoos to ensure that my intention to register only the works I created and inked was clear.

I, James Hayden, declare under penalty of perjury that the foregoing Declaration is true and correct.

Dated: November 30, 2023

_____
James Hayden

3