IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JAMES HAYDEN, | ) | |
| | ) | |
| | ) | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | **EX. C TO TRIAL BRIEF—PROPOSED** |
| 2K GAMES, INC., et al., | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Proposed Jury Instructions**

Where Plaintiff and Take-Two have agreed on instructions, those are labeled as "Agreed."

**[AGREED] Jury Instruction No. 1: General Instructions**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, then you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, then you must disregard that impression. You are the sole judges of the facts of this case.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Authority:
Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions Civil Companion Handbook* § 6:1 (2021-2022 ed.) (modified).

## Jury Instruction No. 2: Copyright Introduction

To help you understand the evidence in this case, I will explain some of the legal terms you have heard during the trial.

To start, James Hayden is the "Plaintiff," or the party making the claim to be decided in this trial. Take-Two and 2K Games are the "Defendants," or the parties opposing Mr. Hayden's claim.

Next, what is a "copyright"? A copyright is the name for the protection the law extends to an author of a work against the unauthorized use of that work by others. Examples of works protected by copyright include paintings, drawings, photographs and books.

The copyright owner has the right to exclude any other person from reproducing or copying the work covered by copyright, preparing derivative works based on that work, distributing copies of that work, and publicly performing or displaying that work, for the duration of the copyright. Anyone who reproduces or copies a copyrighted work or distributes copies of such work or prepares derivative works during the term of the copyright infringes the copyright, unless granted permission to do so by the copyright owner. A "derivative work" is a work that is based upon one or more preexisting works, including a revision, transformation, or adaption of that preexisting work.

In this case, I have already found that Plaintiff, James Hayden, owns valid copyrights to two visual works that he created as tattoos on the NBA player, LeBron James. The tattoos are entitled "Gloria" and "Shoulder Stars." I may refer to these as, simply, the "Tattoos." I have also already found that Defendants, 2K Games, Inc. and Take-Two Interactive Software, Inc., copied the Tattoos in producing their NBA 2K basketball video games and then distributed these for sale. The video games at issue are *NBA 2K16*, *NBA 2K17*, *NBA 2K18*, *NBA 2K19*, *NBA 2K20*, and *NBA 2K Mobile*. Sometimes I will refer to them as the "*NBA 2K* Games." Mr. Hayden is seeking damages from Defendants for copyright infringement.

Defendants deny that their copying of the Tattoos infringed the copyrights in the Tattoos due to four affirmative defenses. Defendants' affirmative defenses are *de minimis* use, fair use, implied license, and waiver. I will describe these affirmative defenses in more detail later on.

Plaintiff's Authority:
Dkt. 193 at pp. 9; *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991); *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 631 (6th Cir. 2020); 17 U.S.C. § 106; Kevin F. O'Malley et al., 3 Fed. Jury Prac. & Instr. § 104.01 (6th Ed.) (modified).

Plaintiff's Note:
This Court granted in part Plaintiff's Motion for Partial Summary Judgement, holding that (1) "Plaintiff's works are original and entitled to protection[,]" and (2) Defendants' use "constitutes factual copying." (Dkt. # 193, p. 9.) The Court further concluded that the remaining issues for the jury are "whether there is actionable copying in light of their defenses." (*Id.*) Accordingly, the issues for the jury trial should be limited to (1) whether Defendants can meet their burden in

establishing their defenses of *de minimis* use, implied license, and waiver, (2) deciding factual disputes regarding the fair use defense, and (3) deciding the amount of damages Plaintiff is entitled to.

## Jury Instruction No. 3: Burden of Proof

Plaintiff, James Hayden, asserts that the defendants, 2K Games, Inc. and Take-Two Interactive Software, Inc, have infringed his copyrights in the Tattoos he created by reproducing the Tattoos in their NBA 2K games and distributing and selling their games.

I have already found that Mr. Hayden owns valid copyrights in the Tattoos and that the Defendants have copied those copyrighted Tattoos in the NBA 2K games. What remains for you to decide is (1) whether any of the Defendants' affirmative defenses excuse their copying and (2) if not, how much money the Defendants owe Mr. Hayden. The defendants, 2K Games, Inc. and Take-Two Interactive Software, Inc., have the burden of establishing every essential element of their affirmative defenses of fair use, *de minimis* use and implied license by a preponderance of evidence. I will explain the elements of 2K Games, Inc.'s and Take-Two Interactive Software, Inc.'s affirmative defenses later, but if they fail to prove each such element by a preponderance of the evidence, then you must find for Mr. Hayden on that defense. Similarly, I will explain Mr. Hayden's specific burden in proving his damages in a later instruction, but for each essential element that he is required to prove related to his damages, he must establish that element by a preponderance of the evidence.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds. Preponderance simply means more likely true than not true.

For the Defendants' affirmative defense of waiver, they must prove each element by clear and unequivocal evidence, which is a higher standard than preponderance of the evidence that I will further explain later.

Authority:
Kevin F. O'Malley et al., 3 Fed. Jury Prac. & Instr. § 104.01 (6th Ed.) (modified); Dkt. # 193, pp. 9; *QSI-Fostoria D.C., LLC v. General Elec. Capital Business Asset Funding Corp.*, 389 Fed. Appx. 480, 487 (6th Cir. 2010); *Design Basics, LLC v. Chelsea Lumber Co.*, 977 F. Supp. 2d 714, 736 (E.D. Mich. 2013).

**[AGREED] Jury Instruction No. 4: Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Certain things are not to be considered as evidence. These are:

- Any testimony or exhibits I may have stricken from the record and told you to disregard. Such testimony or exhibits are not evidence and may not be considered.
- Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.
- Questions and objections or comments by lawyers. Attorneys have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or my ruling on it except, as explained just now, you may not consider evidence I strike.
- The lawyers' opening statements and closing arguments are not evidence. Their purpose is to discuss the issues and the evidence and assist you in interpreting them.

Authority:
Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions Civil Companion Handbook* § 6:1 (2021-2022 ed.).

**[AGREED] Jury Instruction No. 5: Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that single witness.

Authority:
Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions Civil Companion Handbook* § 6:1 (2021-2022 ed.).

**[AGREED] Jury Instruction No. 6: Expert Witnesses**

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Authority:
Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions Civil Companion Handbook* § 6:1 (2021-2022 ed.).

**[AGREED] Jury Instruction No. 7: Deposition Testimony**

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, then that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers were read to you or shown to you by video.

This deposition testimony is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

Authority:
Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions Civil Companion Handbook* § 6:1 (2021-2022 ed.).

**[AGREED] Jury Instruction No. 8: Demonstrative Evidence**

Certain exhibits shown to you during the trial were illustrations. We call these types of exhibits "demonstrative exhibits" or "demonstratives." Demonstrative exhibits are a party's description, picture, or model to describe something involved in this trial. If your recollection of the evidence differs from the demonstratives, you should rely on your recollection. Demonstrative exhibits themselves are not evidence, but a witness's testimony concerning a demonstrative exhibit is evidence.

Authority:
Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions Civil Companion Handbook* § 6:1 (2021-2022 ed.)

### Jury Instruction No. 9: Affirmative Defenses

I have already determined that Mr. Hayden owns valid copyrights in his Tattoos and that Defendants copied the Tattoos. Therefore, Defendants have infringed Mr. Hayden's copyrights unless you find that Defendants have proven one of their affirmative defenses.

Defendants have asserted four affirmative defenses to this Court's finding of copyright infringement:

1. Fair Use;
2. Implied License;
3. De Minimis Use; and
4. Waiver

It is Defendants' burden to prove these defenses by a preponderance of the evidence. For the defenses of implied license, *de minimis* use, and waiver, you are to determine if Defendants have proved each defense by a preponderance of the evidence. For the defense of waiver, you are to determine if Defendants have proved each element by clear and unequivocal evidence, which is a higher standard than preponderance of the evidence.  If you find that Defendants have proved all the elements of one or more of those affirmative defenses, your verdict should be for Defendants. If you find that Defendants did not prove all the elements of one or more of those affirmative defenses, your verdict should be for Plaintiff. For Defendants' defense of fair use, you are to make certain factual findings to be explained later, which I will then consider in determining whether Defendants have proven fair use.

Plaintiff's Note:
Plaintiff's instruction considers this Court's decision communicated at the March 30, 2023 Status Conference that the jury will make findings as to certain disputed facts relevant to the ultimate decision on fair use.

**Jury Instruction No. 10: The Defense of Fair Use**

Under certain circumstances, the doctrine of fair use permits a person to use copyrighted material without the permission of the copyright owner. The purpose of the fair use doctrine is to permit limited copying from copyrighted works in specific circumstances that authors reasonably expect and that allow productive use of the work without unfairly undermining the protection afforded by copyright law. According to the Copyright Act, fair use can include uses such as criticism, commentary, news reporting, teaching, scholarship, or research. To determine whether Defendants' use qualifies as "fair use," there are four specific factors to be considered:

1. The purpose and character of the Defendants' use including whether such use is of a commercial nature or is for nonprofit educational purposes;

2. The nature of Plaintiff's work;

3. The amount and substantiality of the portion used by Defendants in relation to Plaintiff's work as a whole; and

4. The effect of Defendants' use on the potential market for or value of Plaintiff's work.

Whether a use is considered "fair" is a mixed question of law and fact. I have already made certain findings related to fair use and I will determine the ultimate legal question of whether Defendants' use is "fair." You must make findings of fact related to the following questions that I will consider in determining the ultimate question:

1. In connection with the purpose and character of the Defendants' use, I have found that Defendants' copying of the copyrighted Tattoos was undisputedly commercial in purpose.  Apart from their commercial purpose, was the Defendants' copying of the copyrighted Tattoos "transformative"?

2. If Defendants' copying was transformative, considering the purpose and character of Defendants' copying, was such transformation sufficient to outweigh Defendants' commercial purpose?

3. In connection with the nature of Plaintiff's work, I have found that Plaintiff's Tattoos are expressive and creative, so you need not make a finding on that factor.

4. In connection with the amount and substantiality of the portion used in relation to Plaintiff's work as a whole, I have found that Defendants copied the Tattoos in their entirety, so you need not make a finding on that factor.

5. Is there an existing or potential market for licensing the right to use the Tattoos in media?

6. If so, has the Defendants' unauthorized copying harmed the existing or potential market for licensing the right to use the Tattoos in media?

<u>Plaintiff's Authority</u>: 17 U.S.C. § 107; *Princeton University Press v. Michigan Document Services, Inc.*, 99 F.3d 1381, 1390 fn. 5 (6th Cir. 1996); Alan N. Harris et al., Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (1st ed. 2008) (modified); Dkt. # 193, pp. 13–14.

<u>Plaintiff's Note</u>:

Plaintiff's instruction considers this Court's decision communicated at the March 30, 2023 Status Conference that the jury will make findings as to certain disputed facts relevant to the ultimate decision on fair use. Plaintiff's proposed factual disputes track this Court's summary judgment opinion. (Dkt. # 193, pp. 10–15.) Plaintiff incorporates its reasoning set forth in its Trial Brief regarding which factual disputes remain in light of the binding case law regarding the fair use defense and this Court's findings. In addition, Plaintiff believes it is important and helpful for the jury to know the statutory language codifying the fair use doctrine, which includes exemplary fair uses, including criticism, commentary, news reporting, teaching, scholarship, or research.

## Jury Instruction No. 11: The Purpose and Character of the Use

In considering the purpose and character of their use, you must determine how Defendants used the copyrighted works. In doing so, two factors must be considered: (1) whether the accused work is "transformative" and (2) whether the use of the copyrighted works is for commercial or nonprofit educational purposes. I have already ruled that Defendants' use of the Tattoos in the *NBA 2K* Games is commercial in nature. It is your task to determine whether Defendants' copying of the Tattoos was "transformative" and, if so, whether such transformative use is sufficient to outweigh the commercial purpose.

In determining whether Defendants' copying is transformative, you must consider whether Defendants' copying merely supersedes the objects of the copyrighted works or instead transforms the copyrighted works with a further purpose or different character, altering the copyrighted works with new expression, meaning, or message. You may also consider whether the Defendants could have achieved their further purpose without copying the Tattoos. Where a copyrighted work is merely retransmitted in a different medium or where the resulting use of the copyrighted work is the same as the original use, the new work is not "transformative."

Plaintiff's Authority: 17 U.S.C. § 107; Dkt. 193 at 12-13; *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994); *Balsley v. LFP, Inc.*, 691 F.3d 747, 759 (6th Cir. 2012); *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 547–48 (2023).

Plaintiff's Note:
This instruction relates to Plaintiff's Interrogatory No. 1 and 2. Plaintiff's instruction regarding the "purpose and character of the use" and whether a work is "transformative" tracks the language from binding case law from the Supreme Court and the Sixth Circuit and the remaining disputed factual issues this Court identified in its summary judgment order (Dkt. #193).

**Jury Instruction No. 12: The Effect of the Use Upon the Potential Market for or Value of the Copyrighted Work**

In considering the effect of the Defendants' use on the potential market for or value of the copyrighted works, you should consider whether Defendant's use has reduced the potential demand for Plaintiff's work or lessened the value of the Plaintiff's work. Where the Plaintiff clearly has an interest in licensing use of his works, meaning entering into a contract granting another party permission to use the works in exchange for money or other valuable consideration—and especially where the Plaintiff has actually succeeded in doing so—it is appropriate that potential licensing revenues for copying be considered. You also should consider whether widespread conduct like Defendants' would have a substantially negative effect on the potential market for licensing use of the Tattoos.

Plaintiff's Authority: *Balsley v. LFP, Inc.*, 691 F.3d 747, 760 (6th Cir. 2012); *Princeton University Press v. Michigan Document Services, Inc.*, 99 F.3d 1381, 1388 (6th Cir. 1996).

Plaintiff's Note:
This instruction relates to Plaintiff's Interrogatory Nos. 3 and 4. Plaintiff's proposed instruction is proper and necessary because it accurately describes the law with respect to how Plaintiff's licensing revenue affects the analysis of this factor. This licensing language is directly from controlling Sixth Circuit precent. *Princeton University Press v. Michigan Document Services, Inc.*, 99 F.3d 1381, 1388 (6th Cir. 1996).

Plaintiff does not believe that instructions related to the "nature of the work" or "amount and substantiality" are necessary given that this Court held that "Plaintiff's work is, without question, expressive and creative rather than factual and informational" and that "[t]he Tattoos are used in their entirety[.]" (Dkt. # 193, pp. 13–14.) For the reasons set forth in Plaintiff's Trial Brief, these findings are determinative in weighing against fair use.

### Jury Instruction No. 13: Implied License

Defendants assert that Plaintiff gave Defendants an implied license to use the copyrighted works as they did. The burden is on Defendants to prove the existence of such a license by a preponderance of the evidence.

A copyright holder may convey a non-exclusive implied copyright license for a particular use. Implied licenses are only found in narrow circumstances. The key to finding an implied license is in the intent of the copyright holder.

In order to find that an implied license was granted by Mr. Hayden to Defendants, you must find that Mr. Hayden intended to grant a license to LeBron James that included the right for him to sublicense the right to use Mr. Hayden's copyrights in the Tattoos to third-party video game makers for their reproduction, adaptation, and distribution in video games.

Plaintiff's Authority:

*Johnson v. Jones*, 149 F.3d 494, 500 (6th Cir. 1998); *FenF, LLC v. Healio Health Inc.*, Case No. 5:08CV404, 2009 WL 10688713, at *4 (N.D. Ohio Sep. 4, 2009); *Murphy v. Lazarev*, 589 Fed. Appx. 757, 765 (6th Cir. 2014); *Crispin v. Christian Audigier, Inc.*, 839 F. Supp. 2d 1086, 1093 (C.D. Cal 2011); Alan N. Harris et al., Model Jury Instructions: Copyright, Trademark and Trade Dress Litigation (1st ed. 2008) (modified).

Plaintiff's Note:

Plaintiff's proposed instruction is simple, impartial, and accurately describes the implied license law in this Circuit. It is necessary to inform the jury that an implied license must be tied to the "particular purpose" at issue. *See Johnson v. Jones*, 149 F.3d 494, 500 (6th Cir. 1998) ("Courts have held that the existence of an implied license to use the copyright for a particular purpose precludes a finding of infringement").

**Jury Instruction No. 14: *De Minimis* Use Defense**

Defendants assert that their use of the copyrighted works does not constitute copyright infringement because their use is *de minimis*. To establish that Defendants' use of the copyrighted works is *de minimis* and thus not actionable, the Defendants must prove by a preponderance of the evidence that their copying is so trivial that it cannot be found to be substantially similar to the copyrighted works. In determining whether Defendants' use is *de minimis*, you may look to the amount of the copyrighted work that was copied as well as the observability of the copyrighted work in the allegedly infringing work. I have already found that Defendants copied the Tattoos in their entirety and a finding that the Defendants copied the copyrighted works wholesale weighs against a finding of *de minimis* use.

Plaintiff's Authority: *Gordon v. Nextel Communications and Mullen Advertising, Inc.*, 345 F.3d 922, 924 (6th Cir. 2003); *Bell v. Wilmott Storage Services, LLC*, 12 F.4th 1065, 1079 (9th Cir. 2021).

Plaintiff's Note:
Plaintiff's proposed language accurately states the law in this Circuit and importantly ties the test to substantial similarity.

**Jury Instruction No. 15: Waiver**

Defendants assert that Plaintiff waived enforcing his copyrights. To establish that Plaintiff waived enforcing his copyrights, Defendants must prove with clear and unequivocal evidence that Plaintiff voluntarily and intentionally relinquished his copyright rights, through a clear, unequivocal and decisive act, with full knowledge of all the facts. Mere silence will not amount to waiver.

<u>Plaintiff's Authority</u>: *QSI-Fostoria D.C., LLC v. General Elec. Capital Business Asset Funding Corp.*, 389 Fed. Appx. 480, 487 (6th Cir. 2010); *Design Basics, LLC v. Chelsea Lumber Co.*, 977 F. Supp. 2d 714, 736 (E.D. Mich. 2013); *White Co. v. Canton Transp. Co.* 131 Ohio St. 190, 199 (Ohio Sup. Ct. 1936); *Iron Horse Bar and Grill, LLC v. GGJ Triune, PLL*, No. OT-23-002, 2024 WL 302441, at *6 (6th Dist. Jan. 26, 2024).

<u>Plaintiff's Note</u>:
Plaintiff's instruction importantly includes the proper standard of proof ("clear and unequivocal evidence" – i.e., *no*t merely a preponderance) and closely tracks the language from controlling Sixth Circuit case law. Plaintiff's instruction also accurately recites the law that "mere silence will not amount to waiver." *QSI-Fostoria D.C., LLC v. General Elec. Capital Business Asset Funding Corp.*, 389 Fed. Appx. 480, 487 (6th Cir. 2010).

## Jury Instruction No. 16: Damages

If you find that Defendants failed to prove any of their affirmative defenses, then Plaintiff is entitled to recover damages in the form of any profits of the Defendants that are attributable to their infringement. A copyright infringer's profits are awarded to prevent the infringer from unfairly benefitting from a wrongful act. Defendants' profits are determined by deducting applicable expenses from Defendants' gross revenue for the infringing games. Gross revenue means all of the money Defendants received from the use or sale of their games containing copies of Plaintiff's copyrighted works. Expenses are all operating and production costs incurred by Defendants in producing their gross revenue.

Plaintiff has the burden of proving gross revenue by a preponderance of the evidence. Defendants have the burden of proving their expenses and the portion of the profits attributable to factors other than the copyrighted work by a preponderance of the evidence.

Unless Defendants have proven by a preponderance of the evidence what portion of their profits from the use or sale of their games containing or using copies of the copyrighted Tattoos is attributable to factors other than use of the copyrighted Tattoos, the total profit is attributable to their infringement.

Plaintiff's Authority: 17 U.S.C. § 504(b); *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 634 (6th Cir. 2020); *Balsley v. LFP, Inc.*, 691 F.3d 747, 769 (6th Cir. 2012); *Cotter v. Christus Gardens, Inc.*, 238 F.3d 420, 2000 WL 1871698, at *2 (6th Cir. 2000); Jury Instructions from *Balsley v. LFP, Inc.*, 1:08-cv-00491-SO (6th Cir. 2012).

Plaintiff's Note:
Plaintiff's instructions accurately describe the controlling law in this Circuit, including the relative burdens of the parties. To the extent Defendants propose an instruction that mischaracterizes Plaintiff's burden as requiring Plaintiff to prove profits *caused by* or *due to* Plaintiff's Tattoos, that is clear legal error and contradicted by controlling law in this Circuit.

**Jury Instruction No. 17: Willfulness**

Plaintiff alleges that Defendants have willfully infringed his copyrights. To prove willful infringement, Plaintiffs must establish that Defendants knew its conduct constituted copyright infringement.

<u>Plaintiff's Authority</u>: 17 U.S.C. § 504(b); *Kohus v. Graco Children's Products Inc.*, 13 F. Supp. 3d 829, 838 (S.D. Ohio 2014); *Coach, Inc. v. Chouman's Ass'n, Inc.*, No. 11-cv-15666, 2012 WL 6705412, at *4 (E.D. Mich. Dec. 26, 2012).

**Jury Instruction No. 18: Commencement of Infringement**

The parties dispute whether each annual release of the Accused Games constitutes a distinct act of infringement or a series of acts constituting infringement. This is a factual finding for you to make. In making this determination, you should consider factors such as whether the Accused Games are distinct products and the time that passed between the release of each Accused Game.

<u>Plaintiff's Authority</u>: *Cotter v. Christus Gardens, Inc.*, 238 F. 3d 420, at *8 (6th Cir. 2000).

<u>Plaintiff's Note</u>: This relates to Plaintiff's Interrogatory No. 6. Whether Defendants' accused infringing activity commenced before or after Plaintiff's copyrights were registered (i.e., whether each annual release of *NBA 2K* constitutes a separate and distinct act of infringement) is relevant to whether Plaintiff may recover statutory damages and attorneys' fees. 17 U.S.C. § 412; *see also* March 21, 2019 Order, p. 11 (Dkt. #17).

### [AGREED] Jury Instruction No. 19: Duty to Deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times that you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, then rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, then the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Authority:
Kevin F. O'Malley et al., *Fed. Jury Prac. & Instructions Civil Companion Handbook* § 6:1 (2021-2022 ed.).