UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES HAYDEN,** | ) | CASE NO. 1:17CV2635 |
| | ) | |
| **Plaintiff,** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| **2K GAMES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

The Court is in receipt of the parties' trial documents which were timely filed on February 29, 2024. The parties' Trial Briefs include lists of potential witnesses.

Plaintiff lists witnesses, "portions of whose deposition transcripts may be submitted as evidence." (ECF DKT #267 at 23).

Defendants name at least three individuals who "may appear live;" three who will be "appearing live or by deposition designation;" and four whose depositions Defendants "intend to use as trial evidence." (ECF DKT ##39-41).

The parties are reminded of the requirements of Fed.R.Civ.P. 32(a)(4) for the use of depositions in lieu of live testimony when witnesses are unavailable. A party may use the

deposition of a witness for any purpose if the Court finds:

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

The Court is also cognizant of the policy statement in Local Rule 32.1: "The use at trial of videotape depositions in civil cases is encouraged."

However, as presently postured before the Court, it is unclear which specific witnesses will be appearing live at trial; what the justification is for offering certain witnesses by way of their deposition; and whether the depositions intended to be utilized are video, audio or stenographic. This is unacceptable, and runs afoul of the rules and trial preparation efficiency, and leaves the Court to speculate on the posture of the trial.

On or before March 8, 2024 at 2:00 p.m. ET, Plaintiff and Defendants shall both indicate which of their witnesses **will be**, **not may be**, appearing live and which of their witnesses they intend to offer by way of deposition. If by deposition, will the testimony be

offered by video, audio or stenographic recording and what justification is proposed to allow deposition testimony in lieu of personal appearance? Both Plaintiff and Defendants shall advise whether they have any objection to their opponent's use of deposition testimony.

Once the Court rules on the allowable format for testimony, the Court will require the filing of the full transcripts of any deposition testimony and additional outlines of designated objections and counter-objections, with citations to the full transcript at the assigned CM-ECF docket number and pages.

**IT IS SO ORDERED.**

**DATE: March 5, 2024**

                                            s/Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**