UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| 2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC., | |
| Defendants. | |

**TAKE-TWO'S RESPONSE CONCERNING
TRIAL WITNESSES AND DEPOSITION TESTIMONY**

Pursuant to the Court's March 5, 2024 Order (Dkt. 270), Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") respectfully submit this response to the Court's questions concerning whether particular witnesses' testimony will be presented live or by way of deposition. As 2K Games and Take-Two are defendants, they had listed certain witnesses in their Trial Brief as "may call" to preserve their ability to call those witnesses depending on the testimony that Plaintiff presented in his case-in-chief. Nevertheless, in light of the Court's Order and in the interest of streamlining the presentation of evidence at trial, Take-Two states that the following individuals will testify live: (1) Alfredo Brody, (2) Nina Jablonski, Ph.D.; (3) Ian Bogost, Ph.D.; (4) Deborah Jay, Ph.D.; and (5) James Malackowski.

Take-Two intends to play the videotaped deposition testimony of Plaintiff James Hayden and of third-party LeBron James. Federal Civil Rule 32(a)(3) permits Take-Two to use Mr. Hayden's videotaped deposition testimony, even if he is physically present at trial, because Mr. Hayden is a party to this case. *See* Fed. R. Civ. P. 32(a)(3) ("An adverse party may use for

1

any purpose the deposition of a party. . . ."). Federal Civil Rule 32(a)(4)(B) permits Take-Two to use third-party Mr. James' deposition testimony because Mr. James (who the undersigned counsel does not represent) lives in California more than 100 miles from the place of trial. *See id.* 32(a)(4)(B).[1]

In terms of Plaintiff's proposed depositions, Take-Two does not oppose Plaintiff's use of admissible deposition testimony from Anton Dawson, Michael Stauffer, Corie Zhang, Winnie Hsieh, Joel Friesch, Jeff Thomas, Jason Argent, or LeBron James at trial. Take-Two opposes Plaintiff's use of deposition testimony by Alfredo Brody because he will be appearing live at trial and he is not a party, nor was he deposed as a 30(b)(6) representative. Take-Two also notes that Plaintiff apparently intends to call seven Take-Two witnesses by deposition testimony in addition to Mr. Brody. Based on the testimony that Plaintiff has designated, doing so is likely to result in cumulative, duplicative testimony given the overlapping subject matter about which these witnesses testified and Mr. Brody's testimony.

Finally, Take-Two notes that Plaintiff did not video record the depositions of Take-Two's witnesses. As a result, Take-Two is concerned about how Plaintiff intends to read those transcripts

---

[1] Plaintiff represents that Bernardino Tovanche and Jon Hayden are within 100 miles of the courthouse. Thus, Take-Two will not call these witnesses by deposition designation.

As noted in Take-Two's Trial Brief, Dkt. 268 at 32 n.9, Take-Two reserves its right to introduce videotaped deposition testimony from Danny Green and Tristan Thompson should the Court deny its motion *in limine* No. 8 to exclude all evidence related solely to these two NBA players. Their testimony would be presented by playing for the jury designated excerpts of their videotaped deposition testimony. Federal Civil Rule 32(a)(4)(B) and (E) permit Take-Two to use Messrs. Green's and Thompson's deposition testimony in lieu of personal appearances because Take-Two understands that Mr. Green is more than 100 miles from the place of trial, and both players' live participation would unduly attract media attention to this trial. Such circumstances make it desirable in the interest of justice to permit videotaped deposition testimony in lieu of live testimony. *See* Fed. R. Civ. P. 32(a)(4)(B), (E).

to the jury and what safeguards will be put in place to ensure that they are not read in a prejudicial or biased manner. Thus, Take-Two suggests that, to the extent Plaintiff still intends to introduce such deposition testimony, that it be read without verbal inflection by a member or members of the Court's staff.

Dated: New York, NY
      March 8, 2024

/s/ *Dale M. Cendali*

Dale M. Cendali (admitted *pro hac vice)*
Joshua L. Simmons (admitted *pro hac vice*)
Christopher T. Ilardi (admitted *pro hac vice*)
Joshua C. Berlowitz (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com
josh.berlowitz@kirkland.com

Miranda D. Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 385-7500
miranda.means@kirkland.com

Yungmoon Chang (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4359
yungmoon.chang@kirkland.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*