UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| 2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC., | |
| Defendants. | |

**DEFENDANTS' BRIEF REGARDING STATUTORY DAMAGES**

Pursuant to the Court's March 8, 2024 Order, Dkt. 273, Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") respectfully submit this brief addressing the election of damages under 17 U.S.C. § 504 and related procedural issues. Take-Two notes that, less than 24 hours ago, Plaintiff's counsel informed Take-Two by phone that Plaintiff was electing actual damages instead of statutory damages. That makes sense because, as discussed below, Plaintiff waived the ability to seek statutory damages, which were unavailable to him as a matter of law anyway. Take-Two understands Plaintiff's decision to obviate the need for his proposed jury instruction and verdict form on this issue. *See* Dkt. 267-3 (Pl.'s Jury Instruct.) 20–21; Dkt. 267-4 (Pl.'s Verdict Form) 6–7. Despite this recent news, Take-Two sets forth the posture of the statutory damages issue below, particularly as the Court may still rule on its motion for summary judgment on Plaintiff's attorney's fees demand under 17 U.S.C. § 412.

## I. STATUTORY DAMAGES (AND ATTORNEY'S FEES) ARE UNAVAILABLE

Plaintiff James Hayden long ago waived statutory damages in this case. On October 25, 2021, Take-Two moved for summary judgment on the unavailability of statutory damages and attorney's fees. *See* Dkt. 95-1 (Defs.' Summ. J. Br.) 29. The basis of that motion was the plain text of the Copyright Act confirming that when a copyright owner registers his work *after* alleged infringement commences, he is barred from seeking statutory damages or attorney's fees. *Id.* at 29–30 (citing § 412). On September 20, 2022, the Court found Take-Two's motion was "moot" because Plaintiff already had elected his § 504 remedy: actual damages and disgorgement instead of statutory damages. *See* Dkt. 193 (Summ. J. Op.) 19. Plaintiff's consistent adherence to this election makes sense given that the maximum amount of statutory damages even theoretically available here would be orders of magnitude less than the profits he alleges somehow are related to two tattoos in a massive basketball video game. *See* Dkt. 267 (Pl.'s Trial Br.) 17–18 (providing

1

law for disgorgement only; arguing "relatively low" burden for disgorgement requires he prove only Take-Two's "gross revenue" of the "broader work").[1]

To this day, Plaintiff **never** moved for relief under Rule 60 from the Court's order as to his election.[2] As a result, Take-Two has relied on the unchallenged order and Plaintiff's election in its trial preparation, including with its pretrial filings. It is now the eve of trial, and 18 months since the order. Plaintiff should not be permitted to spring a last-minute switch on the Court and on Take-Two, nor to confuse the jury with unnecessary instructions and verdict questions.

If the Court were inclined to reverse course despite Plaintiff's waiver, Take-Two respectfully requests it then reconsider Take-Two's motion for summary judgment on statutory damages and attorney's fees, which would no longer be moot. *See* Summ. J. Op. 19. As explained in Take-Two's motion, § 412 bars a copyright owner's recovery of statutory damages or attorney's fees when a work is registered after alleged infringement commences. Defs.' Summ. J. Br. 29. Moreover, the Sixth Circuit has made clear that, where "***the first act in a series of acts*** constituting infringement occurs" prior to registration, § 412 bars such recovery for both the pre- and post-registration conduct, without "room for discretion." *Johnson v. Jones*, 149 F.3d 494, 505–06 (6th Cir. 1998) (emphasis added). Consistent with *Johnson*, courts routinely hold that "when the same defendant infringes on the same protected work in the same manner as it did prior to the work's

---

[1] At best, Plaintiff might hope to recover $300,000 in statutory damages ($150,000 per tattoo)—and only if the maximum possible amount is awarded for each tattoo. *See infra* 4 (one award per work); *see also* Dkt. 33 (4th Am. Compl.) ¶¶ 160–65 (alleging Take-Two has hundreds of millions of dollars in revenue from *NBA 2K*).

[2] Nor can he do so now by claiming (wrongly) that the Court made a "mistake." Rule 60(b) motions must be filed "within a reasonable time," which is strictly limited to one year where the ground for the motion is mistake. *See In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) ("Regardless of circumstances, no court can consider a [Rule 60(b)(1)] motion . . . a year after judgment."); *see also United States v. Williams*, 56 F.4th 366, 370 (4th Cir. 2023) ("[T]he one-year limit is an ***outer*** limit." (emphasis in original)). Mistakes subject to this limit include any "substantive mistake of law or fact in the . . . order." *Sanford v. Russell*, No. 17 Civ. 13062, 2022 WL 286549, at *2 (E.D. Mich. Jan. 31, 2022). If Plaintiff disagreed with the Court's finding as to his election, he was required to move promptly for reconsideration under Rule 60(b). He did not do so, and the reasonable time to submit such a motion has long since lapsed.

registration, the post-registration infringement constitutes the continuation of a series of ongoing infringements" and therefore renders unavailable statutory damages and attorney's fees under § 412. *Solid Oak Sketches, LLC v. 2K Games, Inc.*, No. 16 Civ. 724, 2016 WL 4126543, at *3 (S.D.N.Y. Aug. 2, 2016) ("The pre- and post-registration versions of the 2K series are the same basketball simulation video game."); *see also* Defs.' Summ. J. Br. 29–30 & n.21 (collecting cases finding statutory damages unavailable on Rule 12 and Rule 56 motions).

Summary judgment is proper here because there is no genuine dispute of material fact for the jury to decide, nor has there ever been. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The parties ***agree*** Plaintiff registered his purported copyrights in 2016, but the first *NBA 2K* game at issue was released in 2015. *See* Dkt. 262 (Joint Stip.) ¶¶ 4, 6. Moreover, LeBron James appeared in *NBA 2K* with his tattoos long before that. *See* Dkt. 268 (Defs.' Trial Br.) 4 (NBA players included in *NBA 2K* with their tattoos since 2001); Dkt. 221-2 (James Tr.) 73:20–23. And the Court has found that the *NBA 2K* games all use the Asserted Tattoos as part of depicting a "realistic avatar[]" of Mr. James bearing his "physical features and likeness." Summ. J. Op. 3. Because all the games in the *NBA 2K* series that are at issue use the Asserted Tattoos in this same manner, ***any alleged infringement commenced before registration***, and Plaintiff is not entitled to pursue statutory damages or attorney's fees.³ There simply is nothing left for the jury to determine, and the Court should grant Take-Two's summary judgment motion.

---

³ Whether other elements in the games are different is irrelevant; it is undisputed that nothing about Take-Two's manner of using the Asserted Tattoos differs between these games. *See* Dkt. 135 (Defs.' Rpl. Summ. J. Br.) 20. Plaintiff apparently agrees. His operative Complaint refers to Take-Two's alleged "past and ***continuing*** infringement." 4th Am. Comp. ¶¶ 176, 182 (emphasis added). His trial brief repeatedly refers collectively to "*NBA 2K*," the "*NBA 2K* video games," and the "Accused Games," and to Take-Two's "use" (***not*** "uses") of the Asserted Tattoos, without ***ever*** explaining how any of the six games at issue differs from the rest in its manner of using the Asserted Tattoos. *See* Pl.'s Trial Brief 1, 4, 5, 6, 8, 13, 17, 18, 19. Even his jury instructions refer to the "*NBA 2K* Games" and "Defendants' use" (***not*** "uses") of the Asserted Tattoos. *See* Pl.'s Jury Instruct. 3, 5, 12, 14, 15, 17. Where there is one use at issue, and it has been continuing since before registration, § 412 bars recovery of statutory damages and attorney's fees.

Accordingly, either Plaintiff has waived these remedies or Take-Two should be granted summary judgment on them. By finding waiver or granting Take-Two's motion, the Court will further streamline the trial scheduled for next month by obviating the need for jury instructions regarding statutory damages or a verdict form addressing them.

## II. STATUTORY DAMAGES, IF AVAILABLE, WOULD BE A JURY QUESTION

The Court therefore does not need to decide which determinations as to statutory damages are for the jury on evidence adduced at trial and which are for the Court on evidence and arguments outside the presence of the jury for two reasons. ***First***, as briefed above, Plaintiff waived any right to elect statutory damages. ***Second***, as discussed thoroughly above and in Take-Two's summary judgment brief, there are no ***genuine*** disputes of material fact on this issue. Regardless of whether statutory damages presents factual questions, there is no need for a jury's assistance where, as here, the parties do not genuinely dispute the material facts.

Were either of these reasons for precluding statutory damages not the case, then and only then would the issue present as to what would be for the judge and what for the jury. In that situation, statutory damages should go to the jury.[4] *Feltner v. Columbia Pictures Television Co.*, 523 U.S. 340, 355 (1998) (Seventh Amendment right to a jury on statutory damages). Except where, as here, he has waived his right to do so, *see supra* 1, a plaintiff may elect statutory damages at any time before final judgment, and may present both actual and statutory damages to the jury. *See Premier Dealer Servs., Inc. v. Allegiance Admins., LLC*, No. 18 Civ. 735, 2022 WL 1604739, at *2–3 (S.D. Ohio May 20, 2022). Statutory damages awards are a limited remedy: a plaintiff

---

[4] By contrast, attorney's fees under 17 U.S.C. § 505 are decided by the Court in its discretion after trial. *See GMA Accessories, Inc. v. Olivia Miller, Inc.*, 139 F. App'x 301, 304 (2d Cir. 2005) (reviewing for abuse of discretion). But because Plaintiff registered his purported copyrights after Take-Two's alleged infringement commenced, *see supra* 2–3, § 412 bars him from seeking attorney's fees. Thus, just as determining whether questions as to statutory damages may be for the Court or the jury is a non-issue in this case, whether Plaintiff may seek attorney's fees also can be resolved without even an advisory jury verdict. He cannot.

- 4 -

may collect only "*an* award of statutory damages for *all infringements* involved in the action, with respect to *any one work* for which any one infringer is liable." § 504(c)(1) (emphasis added); *see also Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143–44 (5th Cir. 1992) (number of statutory damages awards "depends on the number of *works* that are infringed . . . , regardless of the number of *infringements*" (emphasis in original)). The jury should determine the amount of statutory damages as well as subsidiary issues of commencement of infringement, innocent infringement, and willfulness, assuming there exists a genuine dispute as to any of these issues. *See Broad. Music, Inc. v. The Hill, LLC*, No. 16 Civ. 230, 2017 WL 10398725, at *8 (E.D. Tenn. July 17, 2017) (innocent infringement is a jury question); *GMA*, 139 F. App'x at 303 (willfulness is a "factual determination"); *see also supra* 2–4 (no genuine dispute). Finders of fact have "wide discretion to award damages in [the] statutory range," considering factors such as "the defendant's blameworthiness, the profits gained and expenses saved by the defendant due to the infringement, and the plaintiff's lost revenues." *Broad. Music*, 2017 WL 10398725, at *7.

As applied here, if Plaintiff may still elect statutory damages, Take-Two respectfully demands a jury determination of the appropriate awards for each of the two Asserted Tattoos that Take-Two allegedly infringed, as well as of the subsidiary issues of fact relevant to the jury's statutory damages awards. In view of Plaintiff's failure to timely file a Rule 60 motion after the Court's September 2022 finding as to Plaintiff's election, Take-Two did not submit verdict questions or jury instructions related to this issue. Should the Court permit Plaintiff to seek statutory damages in this trial, Take-Two submits the attached proposed jury instruction, which it respectfully suggests should appear between its previously submitted instructions No. 26 (Take-Two's Profits) and No. 27 (Duty to Deliberate), as well as a proposed alternative jury verdict form. *See* Exs. A, B.

Dated: New York, NY
      March 14, 2024

/s/ *Dale M. Cendali*
_____
Dale M. Cendali (admitted *pro hac vice)*
Joshua L. Simmons (admitted *pro hac vice*)
Christopher T. Ilardi (admitted *pro hac vice*)
Joshua C. Berlowitz (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
chris.ilardi@kirkland.com
josh.berlowitz@kirkland.com

Miranda D. Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 385-7500
miranda.means@kirkland.com

Yungmoon Chang (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4359
yungmoon.chang@kirkland.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*