**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **JAMES HAYDEN,** | ) | **CASE NO. 1:17CV2635** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **2K GAMES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |


**CHRISTOPHER A. BOYKO, J.**:

By this Order, the Court will narrow the issues for trial; define the posture of the case as the Court sees it; and rule on Plaintiff's and Defendants' Motions in Limine.  The parties shall read the entire Order carefully and shall adjust their jury instructions, exhibit lists, anticipated expert testimony and deposition designations accordingly.

(1).  Defendants propose to play the videotape deposition of Plaintiff James Hayden, although he is appearing in person, because that use is authorized pursuant to Fed.R.Civ.P. 32(a)(3).  "District courts throughout the Sixth Circuit have disallowed parties to introduce deposition evidence, except for impeachment purposes, when a witness is available to testify during trial. . . .  Such decisions are almost always supported by the legitimate concerns of

confusing the jury and compromising the trial's efficiency." *Gardner v. Liberty Ins. Corp.*, 2023 WL 7002781 at *3 (S.D. Ohio 10/23/23) (citations omitted). In its sole discretion and because the Court is persuaded by the reasoning in *Gardner, id.,* the Court rules that the Hayden videotape deposition may be used by Defendants for impeachment only since he will be testifying in person.

(2). Plaintiff raises an issue about presenting Alfredo Brody, a witness residing outside the 100-mile radius of the Court's subpoena power, in his case in chief. Plaintiff notes that Brody will be appearing live to give testimony in Defendants' case.

The Court urges the parties to come to an agreement about the utilization of this witness for testimony in both Plaintiff's and Defendants' cases.

(3). Plaintiff intends to offer stenographic transcript testimony of seven witnesses who are identified as Defendants' employees. Defendants, in turn, express concern about how the testimony will be read and that it should be done without inflection and bias.

The Court's staff will **not** be made available for this purpose. The party presenting the written deposition testimony shall provide an individual, who is not an attorney of record in this case, to read the answers to the deposition questions.

(4). Originality/Creativity of the registered tattoos has been identified as an open question in Defendants' Trial Brief. Upon re-visiting the Summary Judgment Opinion and Order, the Court holds that Defendants' argument regarding common elements and tropes was duly considered and rejected. In its Opinion, the Court considered Defendants' assertion that Plaintiff cannot claim ownership of common elements, common tropes or common geometric shapes like stars. The Court noted: "The Supreme Court has instructed that a work can be

-2-

original, even if it is not "novel."  The level of creativity required for originality is "extremely low" and "even a slight amount  will suffice."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.* , 499 U.S. 340 at 345.  "The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Id*.

Moreover, Defendants have not offered any new argument nor produced an expert in the areas of copyright and tattoo artwork by the Court's expert discovery deadline.  Therefore, Defendants are foreclosed from presenting this issue at trial.

(5).  Defendants also suggest that Authorship of the registered tattoos is an additional open question; and contend that LeBron James is in fact the author of the asserted copyrighted tattoos.  Plaintiff's application for registration identified Plaintiff himself as the author.  The registration was granted.  Validity of the copyright registration is presumed.  Defendants offer no evidence or facts to overcome the presumption.

 The Supreme Court has explained that, "the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection."  *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989).  Moreover, "[a] person's authorship of a work can be legally called into question only if it is challenged by another person who herself claims authorship of the work in question, or that person's heir(s) if she is deceased."  *Everly v. Everly*, 958 F.3d 442, 454 (6th Cir. 2020). That describes neither of the Defendants; and LeBron James has not made such a challenge. Therefore, Defendants are additionally foreclosed from raising this issue at trial.

**Plaintiff's Omnibus Motion in Limine (ECF DKT #265*SEALED*); Defendants'**
**Omnibus Motion in Limine (ECF DKT #263*SEALED*); Defendants' Motion in Limine**
**No. 11 to Exclude Testimony, Evidence or Argument Concerning PX-747 (ECF DKT**
**#271*SEALED*)**

## A.  STANDARD OF REVIEW

**Motions in Limine**

"Motions in Limine are generally used to ensure evenhanded and expeditious
management of trials by eliminating evidence that is clearly inadmissible for any purpose."
*Indiana Insurance Co. v. General Electric Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004)
(citing *Jonasson v. Lutheran Child and Family Serv.*, 115 F.3d 436, 440 (7th Cir.1997)).  A
"motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial
court reflecting its anticipatory treatment of the evidentiary issue . . . the trial court is certainly
at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'"
*State v. Grubb*, 28 Ohio St.3d 199, 201-202 (1986) (citing *State v. White*, 6 Ohio App.3d 1, 4
(1982)).  "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the
exercise of sound judicial discretion, to alter a previous in limine ruling."  *Luce v. United
States*, 469 U.S. 38, 41 (1984).

The Sixth Circuit has instructed that the "better practice" is to address questions
regarding the admissibility of broad categories of evidence "as they arise."  *Sperberg v.
Goodyear Tire & Rubber Co.*, 519 R.2d 708, 712 (6th Cir. 1975).  "[A] court is almost always
better situated during the actual trial to assess the value and utility of evidence."  *Owner-
Operator Independent Drivers Ass'n v. Comerica Bank*, No. 05-CV-0056, 2011 WL 4625359,

at *1 (S.D.Ohio Oct.3, 2011).  It is noteworthy that denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial.  *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004).

Fed.R.Evid. 401 defines relevant evidence as evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Moreover, Fed.R.Evid. 402 provides that evidence that "is not relevant is not admissible."

## B. PLAINTIFF'S OMNIBUS MOTION IN LIMINE

### I. Motion to Exclude Evidence, Testimony or Argument Concerning the Brother's Keeper, Lion, Fire and Scroll Tattoos

**Held**:  The Court GRANTS Plaintiff's Motion to Exclude the four dismissed tattoos and any testimony, evidence or argument regarding insufficient registration of those tattoos as irrelevant.  However, the Court will allow Defendants to inquire if Plaintiff tattooed any other NBA players (no names will be used) and if any permission was needed to depict or display their likenesses in any genre.

### II. Motion to Exclude Evidence, Testimony or Argument Concerning Third-Party Player Declarations and Inadmissible Deposition Testimony

**Held**:  Plaintiff's Motion is GRANTED IN PART.  The Declaration of LeBron James is excluded as hearsay and because Plaintiff had no opportunity for cross-examination.  LeBron James's deposition testimony (including questions about the declaration) is expected to be offered at trial.  The request for exclusion of the depositions and declarations of Danny Green and Tristan Thompson is MOOT because Defendants have stated that they do not

intend to use them.  LeBron James's deposition testimony is relevant for his personal experience with tattoos; for his own understanding of what has been customary when he receives tattoos; and his understanding of Plaintiff's intent for the display of the Gloria and Shoulder Stars Tattoos.  The Court will deal with any objections to the deposition testimony when the deposition transcripts and objections are filed in final form.

### III. Motion to Exclude Evidence, Testimony or Argument Concerning Third-Party Declarations From Other Litigations

**Held**:  The Court GRANTS Plaintiff's Motion to Exclude third-party testimony from other litigation.  Plaintiff was not a party to those proceedings and did not have the opportunity to cross-examine those witnesses (Thomas Ray Cornett, DeShawn Morris, Justin White and Gary Glatstein).  The Court finds that Defendants could have, with reasonable efforts, obtained the testimony of one or more of these other tattoo artists for use in this litigation.  Finally, only evidence of  Plaintiff's intent as to an implied license to use/copy the Gloria and Shoulder Stars Tattoos is relevant to this action.

### IV. Motion to Exclude Evidence, Testimony or Argument Concerning Hayden's Own Tattoos

**Held**:  Plaintiff's Motion to Exclude evidence, testimony or argument about his own tattoos is DENIED.  An inquiry about Plaintiff's personal tattoos is relevant.  If Plaintiff can put his subjective intent at issue, then Defendants are permitted to examine him on that intent and the meaning that tattoos hold for him.

### V. Motion to Exclude Evidence, Testimony or Argument Concerning Advice of Counsel

**Held**:  Plaintiff's Motion to Exclude evidence, testimony or argument about

Defendants' defense of Advice of Counsel to a Willful Infringement Claim is MOOT. Defendants have stated that they are not pursuing an Advice of Counsel defense and Plaintiff has affirmed that he will not be seeking statutory damages which can involve a willfulness finding by the Court. 17 U.S.C. § 504(c)(2).

## C. DEFENDANTS' OMNIBUS MOTION IN LIMINE

**Defendants' Motion in Limine No. 1 to Exclude Testimony, Evidence or Argument Implying Take-Two Withheld Telemetry Data**

**Held**: GRANTED. Plaintiff may not offer Testimony, Evidence or Argument that Defendants withheld telemetry data. The Magistrate Judge denied Plaintiff's Request for Production due to Plaintiff's failure to timely request it, Defendants' representation that they do not track data at the player level and that such discovery would be unduly burdensome. Thus, the evidence was not wrongfully withheld but was not produced pursuant to a Court Order.

**Defendants' Motion in Limine No. 2 to Exclude Testimony, Evidence or Argument concerning Plaintiff's Projects and Agreements**

**Held**: GRANTED IN PART. Because the fourth factor of the fair use defense to copyright infringement focuses on "the effect of the copying upon the "market for or value of the copyrighted work," *Google LLC v. Oracle Am., Inc.* 141 S. Ct. 1183, 1206 (2021), Plaintiff may not offer any testimony, evidence or argument concerning projects or agreements that did not involve the Shoulder Stars and Gloria tattoos on Lebron James (the Asserted Copyrights). However, evidence of agreements concerning the use of the Asserted Copyrights are relevant to the issue of a potential market for licensing of tattoos in video

games.  See *Red Label Music Publishing, Inc. v. Chila Productions,* 388 F. Supp.3d 975, 987 (N.D. Ill. 2019)( "the market in fair use cases means the potential market for not only the original work, but also for derivative uses and licensing rights.").  Therefore, evidence of a signed licensing agreement for the Asserted Copyrights is relevant to the fair use factors. Plaintiff may also provide testimony, evidence and argument for those unsigned agreements so long as Plaintiff testifies he was paid for the unsigned project or agreement concerning the Asserted Copyrights.

**Defendants' Motion in Limine No. 3 to Exclude Testimony, Evidence or Argument Concerning the Purpose and Scope of Projects and Agreements**

Held:  DENIED subject to revisiting based on the testimony at trial should Plaintiff assert attorney-client privilege on the purpose and scope of the projects and agreements at issue.

**Defendants' Motion in Limine No. 4 to Exclude Testimony, Evidence or Argument Concerning Defendants' Licensing of Other Works**

Held:  DENIED.  Evidence of Defendants' licensing of other works is relevant to fair use.

**Defendants' Motion in Limine No. 5 to Exclude Testimony, Evidence and Argument Regarding Other Video Game Companies' Agreements**

Held:  GRANTED.  Plaintiff's expert may not offer opinions on any issues outside the scope of his expert report.  Moreover, these opinions are based on speculation, were never produced in discovery and concern matters outside his personal observation.

-8-

**Defendants' Motion in Limine No. 6 to Exclude Testimony,  Evidence and Argument concerning  Plaintiff's Opinions on the Tattoo Industry**

      **Held:**  DENIED IN PART subject to revisiting based on testimony at trial.   Plaintiff may testify to his personal experiences as a tattoo artist.  He may not testify on matters concerning the broader "art world" absent some foundation showing experience in other artistic arenas.  Plaintiff may not testify that Defendants "have utter disconnect with, and perhaps contempt for, the art world," as this is highly prejudicial and irrelevant to the issues for trial.

**Defendants' Motion in Limine No. 7 to Exclude Testimony, Evidence and Argument of Actual Damages**

      **Held**:  GRANTED.  Plaintiff may not offer such evidence at trial in support of a damages calculation as he failed to provide such information in his initial disclosures and in discovery.  Under FRCP 37 (c) (1) " Failure to Disclose or Supplement.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Moreover, Plaintiff has expressly stated he will not ask the jury to determine actual damages.

**Defendants Motion in Limine No. 8 to Exclude Testimony, Evidence or Argument Concerning the Four Tattoos Dismissed from this Case.**

      **Held**:  GRANTED.  Both parties agree the four tattoos are not relevant to the remaining claims.

**Defendants' Motion in Limine No. 9 to Exclude Testimony, Evidence or Argument about Plaintiff's Undisclosed Communications with Mr. James**

  **Held**:  DENIED for vagueness subject to revisiting at trial.  Any undisclosed communications between Plaintiff and Lebron James would be prohibited from being introduced at trial; but Defendants fail to point to any such communications with sufficient particularity for the Court to assess.  Plaintiff maintains he has provided all communications between himself and Lebron James and discussed them in his deposition.

**Defendants' Motion in Limine No. 10 to Exclude Testimony, Evidence or Argument Concerning Defendants' Revenue from Virtual Currency**

  **Held**:  DENIED.  Under 17 U.S.C. § 504(b), "the copyright owner is required to present proof only of the infringer's gross revenues."  It is then Defendants' burden to "prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." *Id.*  Because the virtual currency (VC) is a component of Defendants' gross revenues it is relevant to damages.  Thus, it is a matter to be proven at trial whether the VC transactions are attributable to the copyrighted works or not.

**Defendants' Motion in Limine No. 11 to Exclude Testimony, Evidence or Argument Concerning PX-747**

  **Held**: Defendants' Motion to Exclude testimony, evidence or argument concerning PX-747 is GRANTED as irrelevant and as more prejudicial than probative.  The Exhibit was produced too close to the start of trial to allow for discovery.  Plaintiff merely speculates that defense counsel already knew about these email communications.  The emails discuss a possible license to use one of Plaintiff's tattoo artworks which is neither of the copyrighted

works at issue in this case.  None of the individuals on the email chain is a participant in this case who could authenticate these documents.  Admission of PX-747 could inappropriately influence the jury to award damages because a third-party attorney asked permission to license the use of an unrelated unregistered tattoo.

**IT IS SO ORDERED.**

**DATE: March 27, 2024**

   s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**