IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN,<br><br>        Plaintiff,<br><br>v.<br><br>2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>        Defendants. | CASE NO. 1:17-cv-02635<br><br>JUDGE CHRISTOPHER A. BOYKO |

**JOINT STIPULATION RELATING TO TRIAL MANAGEMENT PROCEDURES**

Plaintiff James Hayden and Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two"), by and through their attorneys, hereby jointly stipulate as follows with regard to the following trial management procedures:

1.     **Opening Statements**.  The parties will exchange lists of trial exhibits and copies of demonstratives that they intend to show to the jury during opening statements by 7:00 p.m. the night before opening statements are given.  The parties will meet and confer at 9:00 p.m. the night before opening statements are to be given to try to resolve any objections.  Non-substantive edits, including corrections of typographical or similar errors, to demonstratives may be made prior to use.

2.     **Demonstratives and Exhibits**.  The parties will exchange demonstratives and lists of exhibits that they intend to use with live and by-designation witnesses that they are calling—but not witnesses they are questioning by cross or redirect examination—by 7:00 p.m. the night before their intended use.  The disclosure will identify the witness and each exhibit to be used with the witness.  The parties will meet-and-confer regarding objections to exhibits at

9:00 p.m. the night before their intended use.  Non-substantive edits, including corrections of typographical or similar errors, to demonstratives may be made prior to use.  Nothing prevents a party from using additional exhibits with a witness provided the parties use best efforts to disclose the exhibits in advance, nor prevents a party from objecting to an untimely disclosed exhibit as prejudicial.  Demonstratives created in the courtroom (e.g., drawings on whiteboards, lists written on easels, etc.) do not need to be disclosed.  Treatments of exhibits (e.g., enlargements or highlighting) do not need to be disclosed as demonstratives.  Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.  A party will notify the other side by 12:00 p.m. the day before that party anticipates resting its case.

        3.        **Deposition Designations**.  A party that seeks to play deposition testimony by audio or video will provide the opposing party with a copy of the actual audio or video to be played by 7:00 p.m. two nights before the intended testimony.  The opposing party shall provide any corrections to the audio or video (for example, removing excessive pauses or colloquy between counsel) by 7:00 p.m. one night before the intended testimony.  The audio or video file must include all designated testimony in chronological order, regardless of which party designated the testimony.  For any witness whose testimony was recorded by audio or video, the designating party must play the audio or video file, not perform a live reading.  The party calling the witness will be permitted to make a brief transition statement with the witness's name, title, employer, general factual topic(s) of testimony, and the exhibit(s) referenced in the testimony to be admitted at trial.  Proposed transition statements shall be provided by 7:00 p.m. two nights before the intended testimony. Plaintiff intends to perform live readings of certain deposition testimony, pursuant the Court's March 27, 2024 Order (Dkt. #306). Plaintiff will be permitted to make a brief transition statement with the witness's name, title, employer, general factual topic(s) of testimony,

3

and the exhibit(s) referenced in the testimony to be admitted at trial. Proposed transition statements shall be provided by 7:00 pm two nights before the intended testimony.

**IT IS SO STIPULATED.**

DATED: April 12, 2024

| | |
|---|---|
| */s/ Dale M. Cendali* | */s/ Andrew Alexander* |
| Dale M. Cendali (admitted *pro hac vice*) | John Cipolla (Ohio Bar No. 0043614) |
| Joshua L. Simmons (admitted *pro hac vice*) | Daniel McMullen (Ohio Bar No. 0034380) |
| Christopher T. Ilardi (admitted *pro hac vice*) | Todd R. Tucker (Ohio Bar No. 0065617) |
| Joshua C. Berlowitz (admitted *pro hac vice*) | Andrew Alexander (Ohio Bar No. 0091167) |
| KIRKLAND & ELLIS LLP | Josh A. Friedman (Ohio Bar No. 0091049) |
| 601 Lexington Avenue | Dustin Likens (Ohio Bar No. 0097891) |
| New York, New York 10022 | CALFEE, HALTER & GRISWOLD LLP |
| Telephone: (212) 446-4800 | The Calfee Building |
| dale.cendali@kirkland.com | 1405 East Sixth Street |
| joshua.simmons@kirkland.com | Cleveland, Ohio 44114-1607 |
| chris.ilardi@kirkland.com | Telephone: (216) 622-8200 |
| joshua.berlowitz@kirkland.com | Facsimile: (216) 241-0816 |
| | jcipolla@calfee.com |
| Miranda D. Means (admitted *pro hac vice*) | dmcmullen@calfee.com |
| KIRKLAND & ELLIS LLP | ttucker@calfee.com |
| 200 Clarendon Street | aalexander@calfee.com |
| Boston, Massachusetts 02116 | jfriedman@calfee.com |
| Telephone: (617) 385-7500 | dlikens@calfee.com |
| miranda.means@kirkland.com | |
| | |
| Yungmoon Chang (admitted *pro hac vice*) | *Of Counsel* |
| KIRKLAND & ELLIS LLP | |
| 2049 Century Park East, 37th Floor | Kimberly A. Pinter (Ohio Bar No. 0084277) |
| Los Angeles, CA 90067 | CALFEE, HALTER & GRISWOLD LLP |
| Telephone: (310) 552-4359 | The Calfee Building |
| yungmoon.chang@kirkland.com | 1405 East Sixth Street |
| | Cleveland, Ohio 44114-1607 |
| Matthew J. Cavanagh (OH 0079522) | Telephone: (216) 622-8200 |
| MCDONALD HOPKINS LLC | Facsimile: (216) 241-0816 |
| 600 Superior Avenue, East, Ste. 2100 | kpinter@calfee.com |
| Cleveland, Ohio 44114 | |
| Telephone: (216) 348-5400 | *Attorneys for Plaintiff James Hayden* |
| Fax: (216) 348-5474 | |
| mcavanagh@mcdonaldhopkins.com | |
| | |
| *Attorneys for Defendants 2K Games, Inc.* | |
| *and Take-Two Interactive Software, Inc.* | |