UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES HAYDEN, | CASE NO. 1:17-cv-02635-CAB |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| 2K GAMES, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC., | |
| Defendants. | |

**DEFENDANTS 2K GAMES, INC. AND TAKE-TWO INTERACTIVE SOFTWARE, INC.'S MOTION TO TAX COSTS**

In accordance with Fed. Civ. R. 54, 28 U.S.C. § 1920, and 35 U.S.C. § 284, Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc. (collectively, "Take-Two") move the Court to tax Take-Two's costs of $91,530.37 against Plaintiff James Hayden ("Plaintiff") and to award them to Take-Two as the prevailing party.

Under Federal Rule of Civil Procedure 54(d)(1), "costs . . . should be allowed to the prevailing party." *See Terves, LLC v. Yueyang Aerospace New Mats., Co.*, No. 19 Civ. 1611, 2022 WL 2304770, at *1 (N.D. Ohio June 27, 2022) ("This language creates a presumption in favor of awarding costs . . . ." (internal quotation omitted)). Expenses that may be taxed as costs are set forth in 28 U.S.C. § 1920. *Id.* Because judgment was awarded in Take-Two's favor, Take-Two is the prevailing party in this case. The Court therefore should award Take-Two the costs allowed under § 1920 that are detailed below, totaling $91,530.37.

A. **Deposition and Transcript Costs**

Take-Two moves the Court to award Take-Two its costs for producing transcripts and for costs related to videotaping depositions. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable as costs. 28 U.S.C. § 1920(2).

"Section 1920 authorizes 'taxing as costs the expenses of taking, transcribing and reproducing depositions' so long as the expenses are reasonably necessary for the litigation." *See Mann v. CSC Transp., Inc.*, No. 07 Civ. 3512, 2012 WL 12285296, at *3 (N.D. Ohio Mar. 2, 2012) (quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)). The list of recoverable deposition costs is expansive. A non-exhaustive list of recoverable deposition fees includes fees for "transcript copies, appearances, draft transcripts, processing, exhibits, and delivery" of transcripts and "videotaping fees," *Mann*, 2012 WL 12285296, at *3, as well as "charges for video services, rough disk, interactive realtime, video tapes, and the synchronization of the video and deposition transcripts," and "expedited delivery and/or rough and real-time transcripts," *Bendix Com. Vehicle, Sys., LLC v. Haldex Brake Prod. Corp.*, No. 09 Civ 176, 2011 WL 13193429, at *2 (N.D. Ohio Jan. 3, 2011); *see also BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005) ("costs beyond transcription are taxable"), *abrogated on other grounds by Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560 (2012). Whether these expenses were "reasonably necessary" is "determined as of the time of taking [the deposition], and the fact that a deposition is not actually used at trial is not controlling." *Sales*, 873, F.2d at 120; *see also Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 296 (6th Cir. 2015) (affirming award of transcript costs where transcripts were not used at trial).

Take-Two incurred costs in connection with the taking, transcribing, and videorecording of depositions of Plaintiff, of third-party witnesses Jonathan Hayden and Bernardino Tovanche, as well as the depositions of Plaintiff's three expert witnesses. All of these depositions were

necessary for Take-Two to understand the nature of Plaintiff's claims and the expert evidence Plaintiff intended to present in support of his claims. Indeed, Take-Two relied on this deposition testimony during summary judgment and *Daubert* briefing. Take-Two also used Plaintiff's deposition testimony to impeach him during trial, and relied on the deposition testimony of Plaintiff's experts to cross-examine them during trial. Declaration of Christopher Ilardi (Ilardi Decl.) ¶ 4.

Take-Two also incurred costs to obtain copes of the transcripts of depositions that Plaintiff noticed and conducted of eight Take-Two employees, three NBA players, and four Take-Two expert witnesses. It was necessary for Take-Two to obtain copies of these depositions in order to develop necessary evidence to defend the case, including *Daubert* motions, motions for summary judgment, and to prepare for trial generally. Ilardi Decl. ¶ 4.

Take-Two also seeks to recover costs incurred in connection with obtaining copies of video depositions of the NBA players, and in videotaping the depositions of Plaintiff's and third-party witnesses. "Section 1920 includes as a taxable expense the cost of videotaping a deposition." *Ibrahim v. Food Lion, Inc*, 149 F.3d 1183, 1183 (6th Cir. 1998). The Local Rules of this Court encourage the videotaping of depositions. *See* L. Civ. R. 32.1(a) ("The use at trial of video depositions in civil cases is encouraged."). It was necessary to secure a video for use in impeaching Plaintiff's testimony during trial and impeaching Plaintiff's experts during trial. At the time of the NBA player depositions, it was also necessary to obtain video footage to play during trial in lieu of live testimony. And Take-Two did play the video deposition of LeBron James during trial.

Finally, Take-Two seeks to recover costs incurred in connection with obtaining daily trial transcripts during trial. "[A] transcript is 'necessarily obtained for use in the case' as required

3

by § 1920(2) if it is shown that it was 'necessary to counsel's effective performance or the court's handling of the case.'" *N. Techs. Int'l Corp. v. Cortec Corp.*, No. 17 Civ. 864, 2017 WL 5371626, at *7 (N.D. Ohio Nov. 14, 2017) (quoting *Cooley v. Lincoln Elec. Co.*, 776 F. Supp. 2d 511, 576 (N.D. Ohio 2011)). Here, daily transcripts were necessary for Take-Two's preparation for and argumentation of its motion for judgment as a matter of law as well as preparing, showing, and citing to the daily trial transcripts during its closing argument. Analysis and display of the transcript was necessary to show that Take-Two should prevail on its defenses, including its implied license defense, which it argued to the jury during closing arguments and on which it ultimately prevailed.

Take-Two incurred $67,479.61 in fees for obtaining printed or electronically recorded transcripts necessarily obtained for use in the case. Ilardi Decl. ¶¶ 4–6. Because these transcript expenses were reasonably necessary for Take-Two's successful defense, the Court should award $67,479.61 to Take-Two pursuant to 28 U.S.C. § 1920(2).

### B. Copying Costs

Take-Two moves the Court to award Take-Two its costs for making copies for discovery and trial. "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable as costs. 28 U.S.C. § 1920(4); *see also BDT Prods.*, 405 F.3d at 420 (affirming award of copying costs). The Sixth Circuit has interpreted § 1920(4) to include "the production of imitations in a medium or format different than the original." *Colosi*, 781 F.3d at 296; *see also id.* at 297 (rejecting "overly restrictive" construction of § 1920(4)). This includes the costs of copying exhibits, such as for trial, even if such exhibits were not ultimately used, so long as the expenses were reasonable and necessary at the time they were incurred. *See Barnes v. Lantech.com, LLC*, No. 18 Civ. 507, 2021 WL 5456990, at *2 (W.D. Ky. Nov. 22, 2021); *Doe v. Carpenter*, No. 18 Civ. 648, 2021

4

WL 5334400, at *5 (W.D. Mich. Sept. 21, 2021) ("Even if Defendant did not use all of the exhibits and photographs for trial, the Court finds no reason to conclude that the number of copies made was not reasonable and necessary at the time the expense was incurred.").

Take-Two's copying expenses are recoverable because they were reasonable and necessary at the time they were incurred. Take-Two seeks only one quarter of the $10,063.04 in costs for printing copies of exhibits shown on the invoice at Exhibit C, page 1. Ilardi Decl. ¶ 7. Take-Two printed four copies of its exhibits used during trial, one of which was provided to the Court, and Take-Two seeks to recover only the cost for the binders of exhibits provided to the Court. *Id.* In addition, Take-Two seeks its costs for printing copies of exhibits for the jury, and it has subtracted costs for binders, custom tabs, CDs, and DVDs, from the copies of exhibits that it printed for the jury. *See* Exhibit C at pp. 2–3; Ilardi Decl. ¶ 7.

All of Take-Two's claimed copying expenses were reasonably and necessarily incurred as part of Take-Two's defense at the time the expenses were incurred. *See* Ilardi Decl. ¶ 7. Take-Two incurred $20,401.76 in fees for making copies of materials where the copies were necessarily obtained for use in the case and were reasonable. *Id.* ¶¶ 7–9. Because these copies were necessarily obtained for Take-Two's successful defense, the Court should award $20,401.76 to Take-Two pursuant to 28 U.S.C. § 1920(4).

C. **Subpoena Fees**

Take-Two moves the Court to award Take-Two its costs for serving subpoenas on third parties. "There is no question that . . . service and subpoena fees . . . are taxable." *Jammal v. Am. Fam. Ins. Grp.*, No. 13 Civ. 437, 2020 WL 1332202, at *3 (N.D. Ohio Mar. 23, 2020); *see also Phillips N. Am. LLC v. Otton*, No. 19 Civ. 1253, 2021 WL 4711951, at *2 (N.D. Ohio Aug. 20, 2021) (awarding taxable costs for service of subpoenas on deposed witnesses); *LFP IP, LLC*

5

*v. Hustler Cincinnati, Inc.*, No. 09 Civ. 913, 2016 WL 7015764, at *1 (S.D. Ohio Nov. 30, 2016) (same).

Take-Two's subpoena fees for subpoenas that it served on Jonathan Hayden, Bernardino Tovanche, Focused Studio Tattoos & Piercing, and James N. Hayden Enterprises, Inc., are recoverable because they were reasonably necessary as of the time the subpoenas were served. These fees were necessarily and reasonably incurred as part of Take-Two's ultimately successful defense.  *See* Ilardi Decl. ¶¶ 10–11.  These fees were necessary because at the time Take-Two incurred these fees, Take-Two understood that the entities and witnesses may have had documents and information relevant to the case, and the related depositions that it took might all be played at trial, used to impeach the witness at trial, or used to support dispositive motions. *See* Ilardi Decl. ¶¶ 4, 10.  Indeed, Plaintiff identified Jonathan Hayden and Bernardino Tovanche as witnesses with whom he had communicated with concerning this litigation in his January 28, 2020 supplemental response to Take-Two's Interrogatory No. 12.

Take-Two incurred $1,660 in fees for the subpoenas.  Ilardi Decl. ¶¶ 11–12.  Because these fees were reasonably necessary for Take-Two's successful defense, the Court should award $1,660 to Take-Two pursuant to 28 U.S.C. § 1920.

D. **Government Office Fees**

Take-Two moves the Court to award Take-Two its costs for obtaining official records from the United States Copyright Office and United States Patent & Trademark Office.  "The costs incurred for obtaining copies of Registrations and Assignments" of intellectual properties are taxable under § 1920 where the validity of such registrations is at issue in the litigation.  *LFP IP*, 2016 WL 7015764, at *4; *cf. Am. Seating Co. v. Kustom Seating Unlimited, Inc.*, 2011 WL13202153, at *3 (W.D. Mich. Mar. 24, 2011) (allowing taxation of costs for obtaining certified copies of patents even though "patents are readily available online").

Take-Two's government office fees for certified copies of copyright registration deposit copies for Plaintiff's Asserted Copyrights and for the trademark registration for the Venetian Hotel's logo are recoverable because they were reasonably necessary to Take-Two's defense. Take-Two relied on these certified copies throughout the litigation, including as part of Take-Two's granted motion for partial summary judgment, which successfully argued that one of Plaintiff's copyright applications failed to disclose that it incorporated the trademarked logo that Take-Two had received a certified copy of, which was plainly apparent in the deposit copy Plaintiff submitted. *See* Dkt. 251 (Summ. J. Op.) at 11. These fees were necessarily and reasonably incurred as part of Take-Two's ultimately successful defense, part of which centered on the validity of Plaintiff's asserted copyrights. *See* Ilardi Decl. ¶ 13; Dkt. 251 (Summ. J. Op.) at 1.

Take-Two incurred $1,989 in fees for certified copies of government office records. Ilardi Decl. ¶¶ 14–15. Because these fees were reasonably necessary for Take-Two's successful defense, the Court should award $1,989 to Take-Two pursuant to 28 U.S.C. § 1920.

## Conclusion

For the foregoing reasons, Take-Two respectfully requests that the Court tax costs in Take-Two's favor in a total amount of $91,530.37.

Dated: New York, NY
      May 10, 2024                        */s/ Dale M. Cendali*

                                             Dale M. Cendali (admitted *pro hac vice*)
                                             Joshua L. Simmons (admitted *pro hac vice*)
                                             Christopher T. Ilardi (admitted *pro hac vice*)
                                             Joshua C. Berlowitz (admitted *pro hac vice*)
                                             KIRKLAND & ELLIS LLP
                                             601 Lexington Avenue
                                             New York, New York 10022
                                             Telephone: (212) 446-4800
                                             dale.cendali@kirkland.com

joshua.simmons@kirkland.com
chris.ilardi@kirkland.com
josh.berlowitz@kirkland.com

Miranda D. Means (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, Massachusetts 02116
Telephone: (617) 385-7500
miranda.means@kirkland.com

Yungmoon Chang (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4359
yungmoon.chang@kirkland.com

Julien Jean-George Crockett (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
julien.crockett@kirkland.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
Telephone: 216.348.5400
Fax: 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendants 2K Games, Inc. and Take-Two Interactive Software, Inc.*